IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.: 21-1317-VAC-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] AMENDED SCHEDULING ORDER[1]**

This **10th** day of **June**, 2022, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on June 2, 2022, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 2, 2023**.

2. **Discovery.**[2] All fact discovery in this case shall be initiated so that it will be completed on or before **July 20, 2023**. All expert discovery in this case shall be initiated so that it will be completed on or before **November 16, 2023**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

---

[1] This [Proposed] Amended Scheduling Order has been amended to reflect rulings at the June 2, 2022 Teleconference on paragraphs 2(g), 2(h), 7, and 8 of the [Proposed] Scheduling Order (D.I. 37), and the parties' joint revision of paragraph 2(k).

[2] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

1

a.   Rule 26(a)(l) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **May 24, 2022**.

b.   Opinions of Counsel.  The parties shall disclose opinions of counsel by **September 15, 2022**.

c.   E-Discovery Default Standard.  If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.  The parties are negotiating the terms of an ESI order and will jointly file a proposed order no later than **June 7, 2022**.  The parties will provide initial disclosures of custodians and ESI issues according to paragraph 3 of the District's Default Standard for Discovery of Electronic Documents by **June 7, 2022**.

d.   Document Production.   Document production shall be substantially completed on or before **March 9, 2023**.

e.   Interrogatories.

i.   A maximum of **25** interrogatories may be served by each side.

f.   Contention Interrogatories.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the substantial completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

g.      <u>Requests for Admission</u>.  A maximum of **50** requests for admission shall be served by each party to any other party.

h.      <u>Depositions</u>.

i.      <u>Timing</u>.  In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the substantial completion of document production.

ii.     <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a maximum of **90** hours for taking party depositions on case merits issues.  Depositions of individuals are limited to 7 hours on the record.  The parties agree to meet and confer regarding whether extending 30(b)(6) depositions beyond 7 hours on the record is necessary once individuals are designated.

Each deposition taken by one party of another party shall count for a minimum of 3 hours against that party's hours maximum.

iii.    <u>Location of Depositions</u>.   Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

3

i.   <u>Disclosure of Expert Testimony</u>.

    i.   For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 10, 2023**.

    ii.   The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 12, 2023**.

    iii.   Reply expert reports from the party with the initial burden of proof are due on or before **October 10, 2023**.

    iv.   No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

j.   <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

k.   <u>Fact Witnesses to be Called at Trial</u>.

    i.   Within fourteen (14) days following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact

4

testimony), who has previously been disclosed during discovery and that it intends to call at trial.

ii.    Within fourteen (14) days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

iii.   The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

iv.    Nothing in this subsection 2(k) prevents any party from establishing good cause to take the deposition of any fact witness whose deposition did not occur during the fact discovery period or under subsection 2(k).

l.    Discovery Matters and Disputes Relating to Protective Orders.

i.     Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[3] the moving party (i.e., the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be

---

[3] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

5

found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

ii.    The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested. The parties shall file any exhibits associated with their respective letter submissions as separate, individual attachments within the docket entry for the letter.

iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12-point font, outlining that party's reason for its opposition.

iv.    Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

v.   Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

vi.   Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

3.   **Application to Court for Protective Order.**   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(j) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings.   By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

4.   **Papers Filed Under Seal.**   When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.    **Courtesy Copies.**  The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.

6.    **ADR Process.**  This matter will be discussed during the Rule 16 scheduling conference.

7.    **Interim Status Report.**  On **January 12, 2023**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    **Status Conference.**  On **January 18, 2023**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **10:00 am**. Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    **Disclosures.**  Absent agreement among the parties, and approval of the Court:

a.    By **June 7, 2022**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

b.      By **July 7, 2022**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s)

c.      By **August 2, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d.      By **September 1, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

e.      By **May 18, 2023** or 30 days after issuance of the claim construction order, whichever is earlier, Plaintiff shall provide final infringement contentions.

f.      By **June 8, 2023** or 60 days after issuance of the claim construction order, whichever is earlier, Defendant shall provide final invalidity contentions.

10.      **Claim Construction Issue Identification.**  On **September 15, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **September 29, 2022**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.   **Claim Construction Briefing**.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **October 20, 2022**.  The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **November 17, 2022**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **December 6, 2022**.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **December 20, 2022**.  No later than **December 29, 2022**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.   Agreed-upon Constructions

II.   Disputed Constructions

    A.  [TERM 1]

        1.  Plaintiff's Opening Position

        2.  Defendant's Answering Position

        3.  Plaintiff's Reply Position

        4.  Defendant's Sur-Reply Position

    B.  [TERM 2]

        1.  Plaintiff's Opening Position

        2.  Defendant's Answering Position

        3.  Plaintiff's Reply Position

        4.  Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10

12.     Beginning at ____.m. on ___TBD___ [a date the week of February 27], 2023,
the Court will hear argument on claim construction.  The parties shall notify the Court, by joint
letter submission, no later than the date on which their answering claim construction briefs are
due:  (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time
they are requesting be allocated to them for the hearing.

13.     The court shall issue its decision on claim construction on ___TBD___, 2023.

14.     **Case Dispositive Motions.**  All case dispositive motions, an opening brief, and
affidavits, if any, in support of the motion shall be served and filed on or before **December 14,
2023**.  Briefing will be presented pursuant to the Court's Local Rules, except as modified during
the scheduling conference.  If the matter is scheduled for a bench trial, no case dispositive motions
shall be filed without prior authorization of the Court.  No case-dispositive motion under Rule 56
may be filed more than ten (10) days before the above date without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit
proffered in support of a party's argument. If the exhibit is a deposition, both the page and line
numbers must be specified.[4]

15.     **Applications by Motion.**  Except as otherwise specified herein, any application to
the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should
contain the statement required by Local Rule 7.1.1.

16.     **Pretrial Conference.** On **February** ___TBD___ / **March** _____ [a date two weeks
**before the Trial], 2024**, the Court will hold a pretrial conference in Court with counsel beginning
at _TBD_ .m.  Unless otherwise ordered by the Court, the parties should assume that filing the

_____

[4] For example, a reference to an exhibit that refers to the entire document will not be
accepted and is not consistent with this provision.

pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order, which accompanies this Scheduling Order on or before **February _____ / March _____ [a date 7 days before the Pretrial Conference], 2024**. Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17.     The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a Table of Contents.

18.     **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. **Jury Instructions, Voir Dire, and Special Verdict Forms.**  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **four (4) days before the final pretrial conference**.  That submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which shall be submitted to Rebecca_Polito@ded.uscourts.gov.

20. **Trial.**  This matter is scheduled for a ____ day _____ [bench/jury] trial beginning at 9:30 a.m. on ~~March~~ ____ TBD , ~~2024,~~ with the subsequent trial days beginning at 9:00 a.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES MAGISTRATE JUDGE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp
_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
David Murdter
Deepa Kannappan
Emily M. Ross
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

*Attorneys for Sight Sciences, Inc.*

SHAW KELLER LLP

/s/ Andrew E. Russell
_____

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

KIRKLAND & ELLIS LLP
Gregg LoCascio
Justin Bova
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 389-5000

Kat Li
401 Congress Avenue
Austin, TX  78701
(512) 678-9100

Ryan Kane
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

*Attorneys for Ivantis, Inc.*

14

# EXHIBIT A

## EXHIBIT A
## PROPOSED CASE SCHEDULE

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) initial disclosures | 5/24/2022 |
| Case management conference | 6/2/2022 |
| Plaintiff to identify Accused Products and Asserted Patents, and produce file histories | 6/7/2022 |
| Both parties' initial disclosures of custodians and ESI issues under paragraph 3 of the Default Standard for Discovery | 6/7/2022 |
| Defendants to produce core technical docs related to Accused Products | 7/7/2022 |
| Plaintiff to produce initial infringement contentions | 8/2/2022 |
| Defendants to produce initial invalidity contentions | 9/1/2022 |
| Exchange claim construction terms and proposed constructions | 9/15/2022 |
| Disclose opinions of counsel | 9/15/2022 |
| Submit Joint Claim Construction Chart | 9/29/2022 |
| Plaintiff to serve (but not file) opening claim construction brief | 10/20/2022 |
| Defendants to serve (but not file) answering claim construction brief | 11/17/2022 |
| Plaintiff to serve (but not file) reply claim construction brief | 12/6/2022 |
| Defendants to serve (but not file) sur-reply claim construction brief | 12/20/2022 |
| File Joint Claim Construction Brief | 12/29/2022 |
| Submit interim status report | 1/12/2023 |
| Status Conference | 1/18/2023 at 10:00 a.m. |
| *Markman* hearing   TBD | [~Week of February 27, 2023] |
| Last day for joinder of other parties and amendment of pleadings | 3/2/2023 |
| Deadline for substantial completion of document production | 3/9/2023 |
| Plaintiff to provide final infringement contentions | 5/18/2023 or 30 days after *Markman* order, whichever is earlier |

1

| Event | Proposed Date |
|---|---|
| Defendants to provide final invalidity contentions | 6/8/2023 or 60 days after *Markman* order, whichever is earlier |
| Close of fact discovery | 7/20/2023 |
| Initial FRCP 26(a)(2) disclosure of expert testimony | 8/10/2023 |
| Last day for supplemental disclosure of expert testimony to contradict or rebut evidence on the same matter identified by another party | 9/12/2023 |
| Reply expert reports from the party with the initial burden of proof | 10/10/2023 |
| Close of expert discovery | 11/16/2023 |
| File case dispositive and *Daubert* motions | 12/14/2023 |
| File joint proposed final pretrial order | Seven days prior to pretrial conference |
| File Jury Instructions, Voir Dire, and Verdict Forms | Four days prior to pretrial conference |
| Pretrial conference | 2 weeks prior to start of trial |
| Trial | TBD [March 2024] |

2