

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Melanie K. Sharp**
P 302.571.6681
F 302.576.3333
msharp@ycst.com

August 11, 2022

**BY E-FILE AND HAND DELIVERY**
The Honorable Sherry R. Fallon
United States District Court of Delaware
844 North King Street
Wilmington, DE  19801

Re: *Sight Sciences, Inc. v. Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc.*
C.A. No.:  21-1317-VAC-SRF

Dear Judge Fallon:

Sight Sciences submits this letter regarding a dispute in the parties' proposed protective order, attached as **Exhibit 1** (*see* Section 6.3).  At issue is the scope of in-house counsel access to "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive and commercial harm, including but not limited to core technical documents describing the functionality of products accused of infringing patents asserted in this Action, financial information, and business plans past, present, or future."  The parties agree that in-house counsel designated under the proposed protective order can access "Confidential" material.  Sight Sciences opposes Defendants' demand that an Alcon in-house attorney (Jeffrey Prokop) should be allowed to access Sight Sciences' "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) information.  Sight Sciences respectfully moves for entry of a protective order that does not allow any in-house counsel access to HC-AEO information.  Sight Sciences' proposed protective order is attached as **Exhibit 2**.

**Background**

Sight Sciences and Defendant Ivantis and its recent acquirer, Alcon, are direct competitors in the market for minimally invasive glaucoma surgery ("MIGS") devices.  Sight Sciences sells the OMNI Surgical System and Defendants sell the Hydrus Microstent (accused product in this action).  Both devices treat glaucoma.  Although the parties compete in the same market, they differ vastly in size.  Sight Sciences is a newly public, growth-stage medical device company with fewer than 250 employees.[1]  With its sole office located in Menlo Park, California, Sight Sciences derives substantially all of its revenues from the OMNI Surgical System.[2]  In contrast, Alcon,

---

[1] Sight Sciences 2021 Annual Report at 31 (https://investors.sightsciences.com/financial-information/annual-reports.)
[2] *Id.* at 129.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600     F   302.571.1253    YoungConaway.com

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Sherry R. Fallon
August 11, 2022
Page 2

which acquired Ivantis in 2022, is a multinational corporation doing business in 60 countries, with approximately 25,000 employees.[3]  Alcon has numerous product lines and billions in sales.[4]

## Legal Standard

In assessing whether disclosing confidential information to in-house counsel would present an unacceptable risk of inadvertent disclosure of confidential information, this Court has observed that the "risk of inadvertent disclosure cannot be overcome by the mere contention that access to confidential information is necessary for case management." *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, C.A. No. 16-403-LPS-CJB, 2017 WL 4138961, at *9 (D. Del. Sept. 8, 2017) (citing *R.R. Donnelley & Sons Co. v. Quark, Inc.*, C.A. No. 06-032-JJF, 2007 WL 61885, at *1 (D. Del. Jan. 4, 2007)). "Instead, the focus should be on whether 'in-house counsel's lack of access would impede a party's ability to litigate through outside counsel[.]'" *Id.* (quoting *R.R. Donnelley*, 2007 WL 61885, at *1).  Where parties are represented by capable outside counsel, "courts have little trouble balancing the harms in protective order disputes, often readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information."[5] *Blackbird Tech LLC v. Serv. Lighting & Elec. Supplies, Inc.*, C.A. No. 15-53-RGA, 2016 WL 2904592, at *5 (D. Del. May 18, 2016).

## Disclosure of Sight Sciences' HC-AEO Information to Alcon In-House Counsel is Prejudicial

Sight Sciences expects to produce extremely sensitive business information in this litigation, including core technical documents, financial information, and business plans.  The parties agree that unauthorized disclosure of HC-AEO material "would create a substantial risk of serious competitive and commercial harm."  Should Sight Sciences' HC-AEO information be misused or fall into the wrong hands, whether inadvertently or not, it would place Sight Sciences at a significant competitive disadvantage.  Even isolated breaches of the protective order could severely harm Sight Sciences' business, because nearly all of its revenues are derived from the OMNI Surgical System—a product that competes with the accused Hydrus Microstent—that will be a subject of discovery in this suit.

---

[3] *About Alcon*, Alcon, https://www.alcon.com/about-us#business-focus; *see also* Alcon 2021 Annual Report at 134 (https://s1.q4cdn.com/963204942/files/doc_financials/2021/ar/Alcon-2021-Annual-Report.pdf.)
[4] Alcon 2021 Annual Report at x-xi, *supra*.
[5] Sight Sciences anticipates that Defendants will rely heavily on one judge's practice.  Other judges have disagreed.  *See, e.g.*, *PhishMe, Inc.*, 2017 WL 4138961, at *9; *T-Jat Sys. 2006 LTD. v. Expedia, Inc. (DE)*, C.A. No. 16-581-RGA, D.I. 87, Order at 2 (D. Del. Oct. 19, 2018) ("T-Jat cites to three cases, all by the same judge, that say essentially the same thing.  That is, it was the practice of the judge to give at least one person 'from the company' access to all the documents.  It may be that all three cases reached the right result, but I think T-Jat attempts to make the judge's practice into a legal rule.  I do not think the case law supports such a finding.") (citations omitted) (attached as **Exhibit 3**).

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Sherry R. Fallon
August 11, 2022
Page 3

Defendants have requested access to HC-AEO information for Mr. Prokop, the Executive Director of U.S. & IP Litigation at Alcon. Mr. Prokop is responsible for overseeing this litigation and managing outside counsel. In addition, he is likely involved in negotiating the terms of licensing agreements as part of settling lawsuits, which is an activity that courts have deemed to be competitive decisionmaking when performed by in-house counsel. *Blackbird Tech LLC*, 2016 WL 2904592, at *4; *PhishMe*, 2017 WL 4138961, at *6 & n.10.

### 1) <u>Defendants cannot show that their ability to defend this suit will be prejudiced unless Mr. Prokop can access Sight Sciences' HC-AEO information</u>

In contrast to the risk of prejudice faced by Sight Sciences from disclosure of its highly confidential information to Alcon in-house counsel, Defendants face no real harm if Mr. Prokop cannot access Sight's HC-AEO information. In determining whether to allow in-house counsel access to AEO information, "the focus should be on whether 'in-house counsel's lack of access would impede a party's ability to litigate through outside counsel[.]'" *PhishMe, Inc.*, 2017 WL 4138961, at *9. Defendants face no such impediment. They are represented by competent outside counsel from Kirkland & Ellis LLP and Shaw Keller LLP—two firms with extensive intellectual property litigation experience.[6] "[W]here parties are represented from the outset by capable outside counsel," there is little trouble in "readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information." *PhishMe*, 2017 WL 4138961, at *9 (quoting *Blackbird Tech LCC*, 2016 WL 2904592, at *5 (collecting cases)); *see also R.R. Donnelley & Sons*, 2007 WL 61885, at *2 (denying AEO access to a party's employee where the request was based only on enabling him to manage outside counsel and advise the party).

Defendants have not during meet and confer identified any reason why they would be prejudiced if only their outside counsel access HC-AEO information produced in this case.[7] Nor have Defendants demonstrated that Mr. Prokop possesses unique knowledge or expertise that makes him indispensable to the litigation. Mr. Prokop does not have a technical background and appears to have limited patent litigation experience.[8] Accordingly, Mr. Prokop's lack of access to Sight Sciences' HC-AEO technical information would not impede Defendants' ability to litigate this case—especially because Kirkland and Shaw Keller are outside counsel. "Requiring a party to rely on its competent outside counsel does not create an 'undue and unnecessary burden.'" *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (quoting *A. Hirsh, Inc. v. United States*, 657 F. Supp. 1297, 1305 (Ct. Int'l. Trade 1987)).

---

[6] *See* www.kirkland.com and www.shawkeller.com.

[7] To the extent management or in-house counsel of a Receiving Party seeks access to select HC-AEO information to inform key strategic decisions, Section 6.3 of the protective order allows the Designating Party to grant access if it deems the request to be persuasive.

[8] *See* **Exhibit 4** (law.lexmachina.com/attorney/1875794); **Exhibit 5** (LinkedIn profile).

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Sherry R. Fallon
August 11, 2022
Page 4

### 2) Defendants' proposal imposes lopsided risk on Sight Sciences

Permitting in-house counsel access to HC-AEO material would create a significant, asymmetric risk between the parties. Sight Sciences is a growth-stage medical device company. Virtually all of its revenue is derived from the OMNI Surgical System.[9] In contrast, Ivantis was acquired by Alcon, which operates in 60 countries and calls itself "the largest eye care device company in the world, with complementary businesses in Surgical and Vision Care."[10] Given the differing size and diversification of the parties' businesses, the risk of competitive harm from inadvertent or intentional misuse of HC-AEO information disproportionately falls on Sight Sciences.

### 3) Defendants' proposal is unbalanced because Sight has no one to designate

Further, Defendants' proposal would create unequal in-house access to HC-AEO information. Sight Sciences is a small company with a small legal department. Jeremy Hayden, Sight's Chief Legal Officer, is responsible for this litigation. Mr. Hayden is a competitive decisionmaker who would not qualify for access to HC-AEO information even under Defendants' proposal.[11] Sight Sciences' only other in-house attorney—Aimee Costa—is a transactional attorney who possesses no litigation experience or technical background. Defendants' proposal is not equitable because it would provide a one-sided benefit to Defendants—uniquely putting Sight Sciences' confidential information at increased risk of disclosure (inadvertent or otherwise) to Alcon's competitive decisionmakers. Defendants' one-sided request is unnecessary and unfair to Sight Sciences.

Sight Sciences respectfully requests that the Court adopt its proposed protective order and deny Defendants' proposal to grant designated in-house counsel access to HC-AEO material.

Respectfully,

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)

MKS:mg

cc: All Counsel of Record (by e-mail)

29650118.1

---

[9] *See Sight Sciences Reports First Quarter 2022 Financial Results*, Sight Sciences (May 10, 2022), https://investors.sightsciences.com/news-releases/news-release-details/sight-sciences-reports-first-quarter-2022-financial-results (OMNI contributed $13.9M of $14.9M in revenue).

[10] *About Alcon*, Alcon, https://www.alcon.com/about-us#business-focus.

[11] *Sight Sciences Strengthens Its Leadership Team with Chief Operating Officer and General Counsel Hires*, Sight Sciences (June 25, 2020), https://www.sightsciences.com/us/sight-sciences-strengthens-its-leadership-team-with-chief-operating-officer-and-general-counsel-hires/.