# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IVANTIS, INC., ALCON RESEARCH LLC, )<br>ALCON VISION, LLC, and ALCON INC., )<br>)<br>)<br>Defendants. ) | C.A. No. 21-1317-VAC-SRF |

## DECLARATION OF JEFFREY M. PROKOP

I, Jeffrey M. Prokop, declare as follows:

1. I am Executive Director, U.S. and IP Litigation at Alcon Vision, LLC ("Alcon"). I submit this declaration in support of Defendants' letter seeking entry of a protective order.

2. I graduated from Georgetown University Law Center in 2005. Thereafter, from 2005 through early May 2018 I was an associate and then partner in the litigation department of Orrick, Herrington, & Sutcliffe LLP ("Orrick"), where I worked on a wide variety of litigation and arbitration matters, including those involving intellectual property-related claims and defenses. I joined Alcon's legal department in June 2018 as Director, Senior Legal Counsel, Litigation & Government Investigations. I was promoted to Executive Director, U.S. and IP Litigation, in June 2021. Based on my experience as a litigator at Orrick and at Alcon, I am very familiar with the purpose and importance of protective orders. I am also well aware of the steps that are required to maintain the confidentiality of information subject to a protective order.

3. In my current role, my principal responsibility is the day-to-day management of all of Alcon's material litigation matters, including the above-captioned proceeding and all other

significant intellectual property litigation. I speak with our outside counsel regarding this matter on a near-daily basis and am closely involved in every aspect of Defendants' defense against Sight Sciences' claims. I review every filing submitted to the Court, and nearly all written discovery served on Sight Sciences and on third parties, or served on Defendants by Sight Sciences. Additionally, I intend to work closely with our lawyers at Kirkland & Ellis LLP in preparing for depositions and hearings, and will attend numerous depositions and hearings, as is my usual practice. While I am responsible for intellectual property litigation, I am not involved in patent prosecution, which is handled by a team in the Alcon legal department that has no overlap in personnel with the team responsible for handling litigation. Rather, my responsibilities are limited to supervising and managing actual or potential litigation against Alcon and its subsidiaries (including Ivantis) and, to a lesser extent, managing government and/or internal investigation matters. I have no involvement in IP licensing outside the context of the litigation I manage.

       4.      I do not directly report to Alcon's General Counsel or its CEO, but to Christopher Cook, Alcon's Global Head of Litigation and Government Investigations. Mr. Cook is not involved in patent prosecution. I am responsible for providing regular updates on this matter to Mr. Cook. My interactions with Mr. Cook concerning Defendants' pending litigation matters often involve discussion of the claims and defenses in those matters.

       5.      For me to fulfill my duties to Defendants, including meaningfully participating in the conduct and management of this matter and providing strategic guidance to our outside counsel, it is important that I have access to documents and information that are relevant to Sight Sciences' claims against Defendants. Under the circumstances of this case, I believe that includes Sight Sciences' financial and technical information, which are at the heart of Sight Sciences' liability and damages theories. This information is pertinent to, for example, Sight Sciences' claim

that Defendants are infringing the patents-at-issue and that Sight Sciences is entitled to lost profits. Without access to documents or information that directly or indirectly reflect, for example, Sight Sciences' costs, revenue, and pricing data, and if I were instead limited to very high level discussions with outside counsel, it will be extremely difficult for me to: (i) have visibility into and fully understand the basis for the parties' legal positions as it relates to the significant damages and liability issues in the case; (ii) meaningfully participate in the development of Defendants' legal strategy as it relates to those issues; (iii) effectively manage outside counsel; (iv) work with and manage our expert witnesses, especially with respect to damages, (v) evaluate settlement proposals, if any; and (vi) fulfill my reporting obligations to Mr. Cook.

6. Furthermore, if my access to Sight Sciences' information marked "Highly Confidential – Attorneys' Eyes Only" was restricted, I believe it would not be feasible for me to attend certain depositions and hearings, as is Alcon's usual practice.

7. As described above, I have nearly 18 years of experience with complex litigation involving protective orders. As a lawyer in private practice and as in-house counsel at Alcon, I have scrupulously observed the requirements of protective orders. I will do the same in this proceeding, including requesting copies of highly confidential material only when I believe it is necessary to fulfill my duties. Further, I will not store confidential electronic material on a shared network drive or in a location that non-authorized persons could access. I will keep any hard copies of confidential material in properly marked opaque files and will delete or securely shred any such material as soon as it is no longer needed.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this August 11, 2022.

*/s/     Jeffrey M. Prokop*
Jeffrey M. Prokop

3