IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., ) | |
| ) | C. A. No.: 21-1317-GBW-SRF |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| IVANTIS, INC., ALCON RESEARCH, LLC, ) | |
| ALCON VISION, LLC, and ALCON INC., ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED SCHEDULING ORDER**

On this 25th day of October, 2022, the Court having conducted [vacated] an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on June 2, 2022, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration; and in accordance with the Stipulation Regarding Alcon Entities as Parties (D.I. 58) and the oral order entered on October 6, 2022 in response to the Joint Letter regarding Request of Markman Hearing and Trial Dates (D.I. 82), the Court hereby enters this Second Amended Scheduling Order, which supersedes the Scheduling Order entered on June 10, 2022 (D.I. 47) and the Amended Scheduling Order entered on August 5, 2022 (D.I. 65).

IT IS ORDERED that:

1. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 2, 2023**.

1

2. **Discovery.**[1] All fact discovery in this case shall be initiated so that it will be completed on or before **June 29, 2023**. All expert discovery in this case shall be initiated so that it will be completed on or before **September 28, 2023**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **May 24, 2022**.

    b. <u>Opinions of Counsel</u>. The parties shall disclose opinions of counsel by **September 15, 2022**.

    c. <u>E-Discovery Default Standard</u>. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference. The parties are negotiating the terms of an ESI order and will jointly file a proposed order no later than **June 7, 2022**. The parties will provide initial disclosures of custodians and ESI issues according to paragraph 3 of the District's Default Standard for Discovery of Electronic Documents by **June 7, 2022**.

    d. <u>Document Production</u>. Document production shall be substantially completed on or before **March 9, 2023**.

    e. <u>Interrogatories</u>.

        i. A maximum of 25 interrogatories may be served by each side.

---

[1] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

  f. <u>Contention Interrogatories</u>. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the substantial completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

  g. <u>Requests for Admission</u>. A maximum of **50** requests for admission shall be served by each party to any other party.

  h. <u>Depositions</u>.

    i. <u>Timing</u>. In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the substantial completion of document production.

    ii. <u>Limitation on Hours for Deposition Discovery</u>.

    Each side is limited to a maximum of **90** hours for taking party depositions on case merits issues. Depositions of individuals are limited to 7 hours on the record. The parties agree to meet and confer regarding whether extending 30(b)(6) depositions beyond 7 hours on the record is necessary once individuals are designated.

    Each deposition taken by one party of another party shall count for a minimum of 3 hours against that party's hours maximum.

    iii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this

district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    i.    Disclosure of Expert Testimony.

        i.    For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 13, 2023**.

        ii.    The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 17, 2023**.

        iii.    Reply expert reports from the party with the initial burden of proof are due on or before **September 7, 2023**.

        iv.    No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    j.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion

no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    k.    <u>Fact Witnesses to be Called at Trial</u>.

        i.    Within fourteen (14) days following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.

        ii.    Within fourteen (14) days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

        iii.    The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition

- shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

        iv.    Nothing in this subsection 2(k) prevents any party from establishing good cause to take the deposition of any fact witness whose deposition did not occur during the fact discovery period or under subsection 2(k).

l.   Discovery Matters and Disputes Relating to Protective Orders.

    i.   Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[2] the moving party (i.e., the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

    ii.  The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested. The parties shall file any exhibits associated with their respective letter submissions as separate, individual attachments within the docket entry for the letter.

---

[2] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

  iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12-point font, outlining that party's reason for its opposition.

  iv. Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

  v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

  vi. Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

3. **<u>Application to Court for Protective Order.</u>** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(j) above.

 Any proposed protective order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or

87

party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

4. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of filings (*i.e.*, briefs, appendices, exhibits, declarations, affidavits, etc.). Courtesy copies of appendices and exhibits should also include hard tabs. This provision also applies to papers filed under seal.

6. **ADR Process.** This matter will not be referred to a Magistrate Judge pursuant to Standing Order No. 2022-2.

7. **Interim Status Report.** On **January 12, 2023**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference.** On **January 18, 2023**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **10:00 am**. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall

notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. **Disclosures.** Absent agreement among the parties, and approval of the Court:

a. By **June 7, 2022**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. By **July 7, 2022**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s)

c. By **August 2, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. By **September 1, 2022**, Defendants shall produce their initial invalidity contentions for each asserted claim of the '482, '443, '742, and '361 patents, as well as the known related invalidating references. By **September 22, 2022**, Defendants shall produce their initial invalidity contentions for each asserted claim of the '328 patent, as well as the known related invalidating references.

e. By **May 18, 2023** or 30 days after issuance of the claim construction order, whichever is later, Plaintiff shall provide final infringement contentions.

f. By **June 8, 2023** or 60 days after issuance of the claim construction order, whichever is later, Defendants shall provide final invalidity contentions.

10. **Claim Construction Issue Identification.** On **October 6, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **October 20, 2022**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. **Claim Construction Briefing.** The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **November 10, 2022**. The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **December 8, 2022**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **December 29, 2022**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **January 12, 2023**. No later than **January 19, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendants' Answering Position

        3. Plaintiff's Reply Position

        4. Defendants' Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

        2. Defendants' Answering Position

        3. Plaintiff's Reply Position

        4. Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    12. Beginning at **10:00 a.m. on February 7, 2023**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than 7 days after Defendants' Answering Position is served: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

    13. The court shall issue its decision on claim construction on **March 7, 2023**.

    14. **<u>Case Dispositive Motions.</u>**

        a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 12, 2023**. Opposition briefs for case dispositive and *Daubert* motions shall be served and filed on or before **November 2, 2023**. Reply briefs for case dispositive and *Daubert* motions shall be served and filed on or before **November 16, 2023**. Briefing will be presented pursuant to the Court's Local Rules. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

b.  <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.  Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

c.  <u>Page limits combined with *Daubert* motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages

for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[3]

15. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. **Pretrial Conference.** On **March 29, 2024**, the Court will hold a pretrial conference in Court with counsel beginning at **10:00 a.m.**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil cases not later than **March 21, 2024**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

---

[3] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

17. **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms by **March 19, 2024.** That submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which shall be submitted to gbw_civil@ded.uscourts.gov.

19. **Trial.** This matter is scheduled for a 5-day jury trial beginning at **9:30 a.m.** on **April 8, 2024,** with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted

to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20. **Judgment on Verdict and Post-Trial Status Report.** Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21. **Post-Trial Motions.** Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
Sherry R. Fallon, U.S. Magistrate Judge

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | SHAW KELLER LLP |
|---|---|
| /s/ *Melanie K. Sharp* | /s/ *Andrew E. Russell* |
| Melanie K. Sharp (No. 2501) | John W. Shaw (No. 3362) |
| James L. Higgins (No. 5021) | Andrew E. Russell (No. 5382) |
| Taylor E. Hallowell (No. 6815) | Nathan R. Hoeschen (No. 6232) |
| 1000 North King Street | I.M. Pei Building |
| Wilmington, DE 19801 | 1105 North Market Street, 12th Floor |
| (302) 571-6600 | Wilmington, DE 19801 |
| msharp@ycst.com | (302) 298-0700 |
| jhiggins@ycst.com | jshaw@shawkeller.com |
| thallowell@ycst.com | arussell@shawkeller.com |
|  | nhoeschen@shawkeller.com |
| COOLEY LLP | KIRKLAND & ELLIS LLP |
| Michelle S. Rhyu | Gregg LoCascio |
| David Murdter | Justin Bova |
| Deepa Kannappan | 1301 Pennsylvania Avenue, N.W. |
| Emily M. Ross | Washington, DC 20004 |
| Benjamin S. Lin | (202) 389-5000 |
| Priyamvada Arora |  |
| 3175 Hanover Street | Kat Li |
| Palo Alto, CA 94304-1130 | Austin C. Teng |
| (650) 843-5000 | 401 Congress Avenue |
|  | Austin, TX 78701 |
| Orion Armon | (512) 678-9100 |
| 1144 15th Street, Suite 2300 |  |
| Denver, CO 80202-2686 | Ryan Kane |
| (720) 566-4000 | 601 Lexington Avenue |
|  | New York, NY 10022 |
| *Attorneys for Sight Sciences, Inc.* | (212) 446-4800 |
|  |  |
|  | *Attorneys for Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc.* |

Dated: October 21, 2022

## SECOND AMENDED CASE SCHEDULE

| Event | Parties' Jointly Proposed Dates Contingent Upon An April 2024 Trial Setting |
|---|---|
| Rule 26(a)(1) initial disclosures | 5/24/2022 |
| Case management conference | 6/2/2022 |
| Plaintiff to identify Accused Products and Asserted Patents, and produce file histories | 6/7/2022 |
| Both parties' initial disclosures of custodians and ESI issues under paragraph 3 of the Default Standard for Discovery | 6/7/2022 |
| Defendants to produce core technical docs related to Accused Products | 7/7/2022 |
| Plaintiff to produce initial infringement contentions | 8/2/2022 |
| Defendants to produce initial invalidity contentions for '482, '443, '742, and '361 patents | 9/1/2022 |
| Disclose opinions of counsel | 9/15/2022 |
| Defendants to produce initial invalidity contentions for '328 patent | 9/22/2022 |
| Exchange claim construction terms and proposed constructions | 10/6/2022 |
| Submit Joint Claim Construction Chart | 10/20/2022 |
| Plaintiff to serve (but not file) opening claim construction brief | 11/10/2022 |
| Defendants to serve (but not file) answering claim construction brief | 12/8/2022 |
| Parties to notify the Court (i) whether they request leave to present testimony at the *Markman* hearing; and (ii) the amount of time they are requesting be allocated to them for the *Markman* hearing | 12/15/2022 (Defendants' Answering Position + 7 days) |
| Plaintiff to serve (but not file) reply claim construction brief | 12/29/2022 |
| Defendants to serve (but not file) sur-reply claim construction brief | 1/12/2023 |

| Event | Parties' Jointly Proposed Dates Contingent Upon An April 2024 Trial Setting |
|---|---|
| Submit interim status report | 1/12/2023 |
| Status conference | 1/18/2023 @ 10:00 am |
| File Joint Claim Construction Brief | 1/19/2023 |
| *Markman* hearing | 2/7/2023 @ 10:00 am |
| Last day for joinder of other parties and amendment of pleadings | 3/2/2023 |
| Deadline for substantial completion of document production | 3/9/2023 |
| Plaintiff to provide final infringement contentions | 5/18/2023 or 30 days after *Markman* order, whichever is later |
| Defendants to provide final invalidity contentions | 6/8/2023 or 60 days after *Markman* order, whichever is later |
| Close of fact discovery | 6/29/2023 |
| Initial FRCP 26(a)(2) disclosure of expert testimony | 7/13/2023 |
| Last day for supplemental disclosure of expert testimony to contradict or rebut evidence on the same matter identified by another party | 8/17/2023 |
| Reply expert reports from the party with the initial burden of proof | 9/7/2023 |
| Close of expert discovery | 9/28/2023 |
| File case dispositive and *Daubert* motions | 10/12/2023 |
| Opposition briefs for case dispositive and *Daubert* motions | 11/2/2023 |
| Reply briefs for case dispositive and *Daubert* motions | 11/16/2023 |
| File Jury Instructions, Voir Dire, and Verdict Forms | March 19, 2024 |
| File joint proposed final pretrial order | March 21, 2024 |
| Pretrial conference | March 29, 2024 @ 10:00 am |
| Trial | April 8, 2024 (Five days) |