# Exhibit 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

## ATTACHMENT A

## DEFINITIONS

1.       "You" and "Your" means Delphi Ventures and its partners (including but not limited to Doug Roeder), associates, counsel, consultants, officers, representatives, and any other current or former employees.

2.       "Sight" refers to Paul Badawi, David Badawi, Sight Sciences, Inc. and its officers, directors, current and former employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, agents, and any other persons or entities acting on behalf of any of the foregoing, and their affiliates, parents, subsidiaries, divisions, joint ventures, licensees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Sight.

3.       "Ivantis" refers to Ivantis, Inc. and/or its board members, officers, directors, current and former employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, agents, and any other persons or entities acting on behalf of any of the foregoing, and their affiliates, parents, subsidiaries, divisions, joint ventures, licensees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Ivantis, Inc.

4.       "Defendants" refers collectively to the entities accused of infringement in this lawsuit, including Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, Alcon, Inc., and/or their board members, officers, directors, current and former employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, agents, and any other persons or entities acting on behalf of any of the foregoing, and their affiliates, parents, subsidiaries, divisions, joint ventures, licensees, assigns, predecessors and successors in interest,

and any other legal entities, whether foreign or domestic, that are owned or controlled by Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and/or Alcon, Inc.

5.      "Relevant Time Period" refers to December 27, 2007, to present.

6.      "Patents-in-Suit" means U.S. Patent Nos. 8,287,482; 9,370,443; 9,486,361; 10,314,742; and 11,389,328 and any other patents Sight is permitted to assert in the above-captioned case.

7.      The "'523 Application" refers to U.S. Patent Appl. No. 11/475,523 (issued as Pat. No. 7,909,789 on Mar. 22, 2011), to which the Patents-in-Suit claim priority.

8.      The "'068 Publication" refers to U.S. Publ. No. 2007/0298068, dated Dec. 27, 2007, which is the patent publication corresponding to the '523 Application.

9.      "Hydrus Microstent" means all versions of the Hydrus Microstent, including models on the market and past, present, or future prototypes.

10.      "Document" for purposes of these Requests, is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence, including electronically stored information, data, communications, and any other information stored magnetically, optically or electronically.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each nonidentical document is a separate document.

11.      "Communication(s)" means any exchange or transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, electronic, or in any other form.

12.     "Any" shall be understood to include and encompass "all" and/or "each" and vice versa, as necessary to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural, and use of the plural form includes the singular form.

14.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

15.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a Request any information that might otherwise be construed to be outside its scope.

16.     "Concerning" something means relating to, referring to, describing, referencing, evidencing, or constituting.  "Referring to" means reflecting, referring to, revealing, indicating, discussing, mentioning, or evidencing in any way.  "Relating to" means mentioning, describing, concerning, referring to, pertaining to, being connected with, reflecting, evidencing, or constituting a stated subject matter.

## INSTRUCTIONS

1.     You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

2.     You are to produce documents from any single file in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents

are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound, stapled, or segregated in the same manner as the original.

3.      If any of the documents requested herein are no longer in your possession, custody, or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

4.      If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

5.      If production of any document listed and described in the Document Requests below is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list. For any document or information withheld on the grounds that it is privileged or otherwise claimed to be excludable from discovery, identify the information or document, describe its subject matter and date, identify all authors and all recipients (including copied and blind copied recipients), and specify the basis for the claimed privilege or other grounds of exclusion.

6.      If any of the documents, communications, or things are considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as those terms are defined in the Protective Order (Attachment B), such documents, communications or things should be produced subject to the terms and provisions of the Protective Order entered by this Court.

7.      If any Request is unclear, please promptly contact the undersigned counsel.

8.     Each Request shall be construed independently, and no Request shall limit the scope of any other Request.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents and communications from the Relevant Time Period, including but not limited to the years 2008-2009, relating to any attempt(s) by Defendants (including but not limited to attempts by Doug Roeder acting as Ivantis's agent) to purchase any patents or patent applications owned by or assigned to Sight.

**REQUEST NO. 2:**

All documents and communications from the Relevant Time Period, including but not limited to the years 2008-2009, concerning the Patents-in-Suit, the '523 Application, and/or the '068 Publication, including but not limited to Your internal and external communications relating to Ivantis's attempts to purchase rights to the inventions disclosed in the '523 Application.

**REQUEST NO. 3:**

All documents and communications from the Relevant Time Period, including but not limited to the years 2008-2009, concerning any discussions between You and Sight, including but not limited to the meeting between Doug Roeder and Paul Badawi that took place in January 2009, regarding any patents or patent applications owned by or assigned to Sight.

# **Attachment B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,                    )
                                         )          C. A. No.: 21-1317-VAC-SRF
            Plaintiff,                   )
                                         )          **JURY TRIAL DEMANDED**
        v.                               )
                                         )
IVANTIS, INC.,                           )
                                         )
            Defendant.                   )

## PROPOSED PROTECTIVE ORDER

WHEREAS, Plaintiff Sight Sciences, Inc. and Defendant Ivantis, Inc. ("Parties" to the above-captioned "Actions," individually referred to herein as "Action") believe it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, strategic decision-making information, and marketing and sales information ("Protected Material");

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting these Actions may be warranted.

-1-

Accordingly, the Parties hereby agree to this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, communications, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive and commercial harm,

including but not limited to core technical documents describing the functionality of products accused of infringing patents asserted in this Action, financial information, and business plans past, present, or future.

      2.8    <u>In-House Counsel</u>: attorneys, as well as their support staff, who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

      2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

      2.10    <u>Outside Counsel of Record</u>: attorneys, as well as their employees, who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

      2.11    <u>Party</u>: any party to this Action, including all of its officers, directors, or employees.

      2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

      The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information. Such information is explicitly included in the definition of "Protected Material" set forth in Section 2.14 above.

4.    <u>DESIGNATING PROTECTED MATERIAL</u>

     4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

     4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the time that the material is disclosed or produced.

     Designation in conformity with this Order requires:

         (a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic documents), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page.

         (b)    for testimony given in deposition or other pretrial or trial proceedings that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 days

-4-

of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any transcript that was not designated on the record pursuant to the requirements this subparagraph shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Unless the Court otherwise determines, the use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

During the deposition or trial testimony of any fact witness, such witness may only be shown, testify concerning, or be examined concerning Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if: (1) the witness is a current employee, corporate representative, or 30(b)(6) designee of the Producing Party; (2) the witness authored said Discovery Material or the witness received the said Discovery Material in the ordinary course of business and outside the context of this Action; or (3) the witness is a former director, officer, agent and/or employee of a Producing Party and the examining Party reasonably believes the witness had access to the Discovery Material in the course of his or her employment and outside the context of this Action.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and each following page of the transcript shall be marked with legend indicating whether the transcript is "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Designating Party shall inform the court reporter of these requirements.

      (c)    <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      (d)    <u>for information revealed by the inspection of things and premises,</u> that the Producing Party permitting inspection specifically identifies in writing which of the Discovery Material that will be or that was disclosed by inspection is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    4.3    <u>Redaction of Protected Material</u>.  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is (a) subject to the attorney-client privilege, to work-product immunity, or any other applicable privilege or immunity, or (b) protected data, including (i) individually identifiable health information, (ii) individually identifiable contact information such as personal cell phones or home addresses, or (iii) information from any jurisdiction outside the United States that pertains to a specific individual that can be linked to that individual and that reveals race, ethnic origin, sexual orientation, political opinions, religious or philosophical beliefs, trade union or political party membership or that concerns an individual's health.  For the avoidance of doubt, documents and things produced or made available for inspection may not be redacted for relevance.  Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged" or "Redacted - Protected Data" as appropriate.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

    4.4    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    4.5    <u>Documents Produced Prior to Entry of Order.</u>  Any document produced before issuance of this Order pursuant to Local Rule 26.2 shall receive the same treatment as if it had been designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order unless and until such document is re-designated to have a different classification under this Order.

5.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    5.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging including identification of the Protected Material it is challenging (by production number, if possible) and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  After the Challenging Party has provided written notice of its challenge(s), the Parties shall attempt to resolve each challenge in good faith by conferring directly in voice to voice dialogue within 14 days of the date of service of the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

For the purposes of this subparagraph a timely manner is within 14 days of the date of service of notice.

5.3    Judicial Intervention.    If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within 7 days from the meet and confer, including submission of a joint letter.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party and such challenges shall be made subject to the provision of Federal Rule of Civil Procedure relating to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with these Actions only for prosecuting, defending, or attempting to settle this Action and associated appeals.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at locations and in secure manners that ensure that access is limited to the persons authorized under this Order.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

-8-

(b)    up to three (3) current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[1]

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff,

(f)    professional jury or trial consultants who have signed a confidentiality agreement, and/or Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (employees of a Producing Party shall be deemed to have possessed or knew of the Producing Party's confidential information); and

(h)    any mediator who is assigned to this matter, and his or her staff.

6.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following categories of individuals, provided that any individual to whom the information or item is disclosed complies with the Prosecution Bar set forth in Section 7 below:

(a)    up to one (1) specifically-identified In-House Counsel of the Receiving Party who is responsible for overseeing litigation for the Receiving Party, including the Action,

---

[1] If a current officer, director, or employee ceases to be employed by a Receiving Party, a replacement may be designated without counting against the maximum number of officers, directors, and employees.

but is not involved in competitive decision-making for the Receiving Party, provided that any In-House Counsel identified under this paragraph must be disclosed in advance to the Producing Party and must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[2]

      (b)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (c)     experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

      (d)     the Court and its personnel;

      (e)     court reporters and their staff,

      (f)     professional jury or trial consultants who have signed a confidentiality agreement, and/or Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      (g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (employees of a Producing Party shall be deemed to have possessed or knew of the Producing Party's confidential information); and

      (h)     any mediator who is assigned to this matter, and his or her staff.

    6.4    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

      (a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

---

[2] If a specifically identified In-House Counsel ceases to be employed by a Receiving Party, a replacement may be designated without counting against the maximum number of In-House Counsel.

information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 4, must first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies any current consulting relationships in the Expert's area of expertise, including consulting relationships in connection with actual litigation, as well as past such relationships during the preceding five years, and (5) identifies (by name and number of the case, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. With regard to the information sought through part (4) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer (through direct voice to voice dialogue) with the Designating Party to try to resolve the matter by agreement within 5 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within 5 days from the meet and confer, including submission of a joint letter.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the Prosecution of patents or patent applications relating to (i) the subject matter of the patents-in-suit (*e.g.*, devices disposed within Schlemm's canal), (ii) viscodelivery, canaloplasty, or trabeculotomy products or procedures, or (iii) the subject matter of any other device, drug, or drug-device combination product or project of a Producing Party (but only to the extent that highly confidential technical information regarding those efforts is produced during this lawsuit) during the pendency of this Action and for two years after its conclusion, including any appeals.   For purposes of this paragraph, "Prosecution" means directly or indirectly drafting, amending, or advising on the scope of patent claims anywhere in the world. The terms of this provision do not apply to review procedures before the Patent Trial and Appeal Board.   To be clear, individuals who receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material (including outside counsel for a Receiving Party) may prepare, prosecute, supervise, or assist in the preparation, prosecution, or defense of any *inter partes* review or other post grant review proceeding before the Patent Office related to the patents-in-suit without any limitation, including claim amendments proposed to the PTAB.   The bar shall only apply to individuals who receive and review the designated information set forth above and shall not be imputed to that individual's firm or to any other person.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL." "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

  8.2 The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

   (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," insofar as Non-Parties agree to be bound by this Order. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c) If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in this agreement shall prevent the Party whose Protected Material was improperly disclosed from seeking other remedies from the disclosing party, including damages or injunctive relief.

11.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, and the production of such information shall not operate as a waiver and is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Parties will not conduct an inquiry under FRE 502(b) to determine whether information was produced inadvertently. Instead, the Parties will determine inadvertence solely based on the good faith representation of the Producing Party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Fed. R. Civ. P. 26(b)(5)(B) governs the proper procedure for the notification and return of Privileged Information when identified by the Producing Party. If a Receiving Party identifies what appears on its face to be Privileged Information, the Receiving Party is under a good-faith obligation to notify that Producing Party. Such notification shall not waive the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the information.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

-15-

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Any Protected Material that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

12.4    Privilege Logs. No Party is required to identify on its respective privilege log any document or communication involving Outside Counsel of Record or any document or communication dated after the filing of the Complaint. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents, or as otherwise ordered by the Court. The Parties shall supplement their respective privilege logs if additional privileged documents are withheld after the agreed-upon exchange.

13.    FINAL DISPOSITION

13.1    Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable. Even after Final Disposition of these Actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

13.2    Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 13.1.

14.     NO WAIVER.

Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

15.     OTHER PROCEEDINGS.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.     JURISDICTION.

-17-

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After termination of this Action, the provisions of this Order shall continue to be binding until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation.

IT IS SO ORDERED, this  16th  day of  August  20 22

United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,         )

         Plaintiff,         )

         v.          )

IVANTIS, INC.,         )

         Defendant.         )

C. A. No.: 21-1317-VAC-SRF

**JURY TRIAL DEMANDED**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware in the above-captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____