IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC., )
)
    Plaintiff, )
)
v. ) Civil Action No. 21-1317-GBW-SRF
)
IVANTIS, INC., ALCON RESEARCH )
LLC, ALCON VISION, LLC, & ALCON )
INC., )
)
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this **12th** day of **June, 2023**, the court having considered plaintiff Sight Sciences, Inc.'s ("Plaintiff") motion to compel the production of unredacted materials from *Glaukos Corp. v. Ivantis, Inc.*, C.A. No. 8:18-620-JVS-JDE (C.D. Cal.) (the "*Glaukos* litigation") and *In re Ivantis, Inc.*, C.A. No. 20-147 (Fed. Cir.), which involved the same accused product but different patents-in-suit, (D.I. 189), and having considered the responsive submission of defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Defendants"), (D.I. 191), IT IS ORDERED that Plaintiff's motion to compel is GRANTED-IN-PART as follows:

| LITIGATION MATERIALS | RFP NO. | DISPOSITION |
|---|---|---|
| Deposition transcript of Reay Brown, co-inventor of the *Glaukos* patents-in-suit | RFP 93 | GRANTED-IN-PART (redacted version) |
| Deposition transcript of Mary Lynch, co-inventor of the *Glaukos* patents-in-suit | RFP 93 | GRANTED-IN-PART (redacted version) |
| Kenneth Galt (Ivantis VP R&D): 9/13/2019 deposition transcript | RFP 85 | GRANTED-IN-PART (redacted version) |
| Andrew Iwach (Invalidity Expert): 2/12/2020 deposition transcript | RFP 85 | GRANTED-IN-PART (redacted version) |

| | | |
|---|---|---|
| Mohan Rao (Damages Expert): 2/6/2020 deposition transcript | RFP 85 | GRANTED-IN-PART (redacted version) |
| Douglas Rhee (Medical Expert): expert report; deposition transcript | RFPs 85, 86 | GRANTED-IN-PART (redacted version) |
| Angelo Tanna (Medical Expert): 2/7/2020 deposition transcript | RFP 85 | GRANTED-IN-PART (redacted version) |
| Harold Walbrink (Technical Expert): expert report; 1/24/2020 deposition transcript | RFPs 85, 86 | GRANTED-IN-PART (redacted version) |
| Ivantis' response to interrogatories or RFAs propounded by Glaukos relating to non-infringement, invalidity, and invention of the Hydrus | RFP 165 | DENIED |
| Unredacted briefs and appendices filed in *In re Ivantis, Inc.*, C.A. No. 20-147 (Fed. Cir.) | RFP 168 | DENIED |

1. **Background.** Plaintiff seeks the production of unredacted deposition transcripts, expert reports, interrogatory responses, and responses to requests for admission from the *Glaukos* litigation, as well as unredacted copies of the briefing from the appeal to the Federal Circuit in *In re Ivantis, Inc.*, C.A. No. 20-147 (Fed. Cir.). (D.I. 189) According to Plaintiff, this production is warranted because the *Glaukos* litigation involved the same accused Hydrus Microstent at issue in this case, and the patents asserted in the *Glaukos* litigation are related to prior art relied upon by Defendants in this case. (*Id.* at 1) Plaintiff argues that any confidential information of non-party Glaukos is adequately protected by the terms of the Protective Order in this case. (*Id.* at 3)

2. Defendants respond that the requested discovery is overbroad and of limited relevance to this case, and it contains confidential business information of non-party Glaukos. (D.I. 191 at 1-2) According to Defendants, permitting the requested production would put the burden on Glaukos to review each document for confidential business information and move for a protective order on any information it does not wish to disclose. (*Id.* at 2-3)

3. As set forth in the chart above and the analysis below, the court grants-in-part Plaintiff's request for the production of the identified deposition transcripts and expert reports and orders those documents to be produced in redacted form. Redactions should be limited to Glaukos' confidential business information. This ruling is without prejudice to Plaintiff to challenge certain redactions so long as the request to unredact is targeted and focused. The court will not entertain general requests for the removal of all redactions. Plaintiff's motion to compel the production of discovery responses from the *Glaukos* litigation and unredacted briefing from the appeal in *In re Ivantis, Inc.* is denied for the reasons set forth below.

4. **RFP 93 – Deposition testimony of prior art inventors / authors.** Plaintiff's motion to compel the production of transcripts and any errata from the depositions of Reay Brown and Mary Lynch from the *Glaukos* litigation in response to Request for Production No. 93 is GRANTED-IN-PART. Brown and Lynch are co-inventors of patents that were asserted in the *Glaukos* litigation, and they are also co-inventors on three out of thirty-three prior art references asserted in this matter. (D.I. 189 at 3 n.3; Ex. 10) The identity of the accused product and the three overlapping prior art references are sufficient to satisfy the relevance threshold, and Defendants have made no showing of burden. Consequently, Defendants shall produce redacted versions of these transcripts on or before **June 16, 2023.**

5. **RFP 85 – Deposition testimony.** Plaintiff's motion to compel the production of transcripts and any errata of depositions of Kenneth Galt (deceased), Andrew Iwach, Mohan Rao, Douglas Rhee, Angelo Tanna, and Harold Walbrink from the *Glaukos* litigation in response to Request for Production No. 85 is GRANTED-IN-PART. These witnesses were produced by Defendants in the *Glaukos* litigation, and Defendants have not suggested they lack possession of the transcripts. In accordance with Defendants' proposal, Defendants shall produce redacted

3

versions of transcripts responsive to Request for Production No. 85 on or before **June 16, 2023**. (D.I. 191 at 3; Ex. 1 at 9)

    **6. RFP 86 – Expert reports.** Plaintiff's motion to compel the production of the expert reports of Douglas Rhee and Harold Walbrink from the *Glaukos* litigation in response to Request for Production No. 86 is GRANTED-IN-PART per Defendants' agreement to produce redacted versions of the expert reports in December of 2022. (D.I. 191, Ex. 1 at 9) The reasoning and deadlines imposed at ¶ 5, *supra*, apply equally to this issue.

    **7. RFP 165 – Ivantis' responses to interrogatories and RFAs in *Glaukos*.** Plaintiff's motion to compel the production of Defendants' responses to interrogatories or requests for admission propounded by Glaukos relating to non-infringement, invalidity, and invention of the accused Hydrus Microstent in response to Request for Production No. 165 is DENIED. Plaintiff has made no argument as to why interrogatories and requests for admission propounded by Plaintiff in the instant case are inadequate to satisfy its discovery needs. Granting this request would only circumvent the discovery limits for interrogatories and requests for admission imposed under the scheduling order in this case. (D.I. 93 at ¶¶ 2(e)(i), 2(g))

    **8. RFP 168 – Unredacted briefs and exhibits filed in *In re Ivantis, Inc.*** Plaintiff's motion to compel the production of unredacted copies of all briefs and appendices filed in *In re Ivantis*, C.A. No. 20-147 (Fed. Cir.) in response to Request for Production No. 168 is DENIED. Redacted versions of the briefing are publicly available, and Plaintiff has not explained why the redacted portions of the briefing are necessary to pursue an inquiry regarding whether spoliation affected this matter. Plaintiff points to six enumerated pieces of evidence already in its possession that demonstrate its ability to develop its position on the contested issue. (D.I. 189 at 4; Ex. 9 at 13:18-21, 87:1-13; Ex. 11 at *4; Ex. 13 at 5; Ex. 14 at 43-44; Ex. 15 at 23; Ex. 16 at

¶¶ 3-5; Ex. 17) On this record, Plaintiff has not shown that disclosure of the redacted material is necessary to pursue its spoliation theory.

      **9. Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to compel the production of litigation documents is GRANTED-IN-PART. (D.I. 189) Defendants shall produce redacted versions of the specified deposition transcripts and expert reports on or before **June 16, 2023.** Subsequent requests to remove any redactions from those documents must be limited, specific, and targeted. Plaintiff's motion to compel is DENIED with respect to the production of discovery responses from the *Glaukos* litigation and unredacted briefing from the Federal Circuit appeal in *In re Ivantis, Inc.* On or before **June 13, 2023**, Plaintiff shall produce a copy of this Memorandum Order to Glaukos. (D.I. 189, Ex. 8 at 1)

      **10.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **June 20, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**11.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to three (3) pages each.

**12.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge