Case 1:21-cv-01317-GBW-SRF   Document 212   Filed 06/20/23   Page 1 of 18 PageID #: 7237

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
| | ) **Redacted - Public Version** |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1317-GBW-SRF |
| | ) |
| IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, and ALCON INC., | ) ▉ |
| | ) |
| Defendants. | ) |

### LETTER TO THE HONORABLE JUDGE SHERRY R. FALLON
### FROM ANDREW E. RUSSELL

OF COUNSEL:
Gregg LoCascio
Justin Bova
Steven Dirks
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Kat Li
Jeanne M. Heffernan
Austin C. Teng
Ryan J. Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Ryan Kane
Nathaniel DeLucia
Laura Zhu
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: June 7, 2023

Dear Judge Fallon:

Defendants submit this letter in opposition to Sight Sciences, Inc.'s ("Sight") June 6 letter. Plaintiff seeks to clone the discovery of *Glaukos Corp. v. Ivantis, Inc.*, No. 8:18-cv-00620 (C.D. Cal.) ("Glaukos Litigation") rather than make requests tailored to ***this case***. Plaintiff's overbroad requests seek confidential materials governed by the Glaukos Litigation's protective order ("Glaukos Protective Order") that have no established relevance or proportionality to the needs of this case and would be unduly burdensome on a third party to redact. Notably, in the hope of avoiding court intervention, Ivantis has already voluntarily produced redacted copies of deposition transcripts and expert reports; but Sight with its singular focus on rooting around for any breadcrumb to support its pet spoliation project, expanded its request to cover dozens more materials. Enough is enough.

I. **Sight's overbroad and irrelevant requests seek to clone the discovery from the Glaukos Litigation to enlarge the scope of discovery in this case.**

Sight seeks several categories of materials produced in the Glaukos Litigation, including: 1) deposition testimony and expert reports; 2) Ivantis's Responses to Glaukos's Interrogatories and RFAs relating to "non-infringement, invalidity, and invention of the Hydrus"; and 3) unredacted briefing in the Glaukos Litigation. D.I. 189 at 2–4. Sight seeks these materials not from any particularized need or substantiated allegation but as part of a "fishing expedition" in hopes that it "might uncover evidence showing that [Sight] has a legitimate claim" of spoliation or other inequitable conduct. *MacDermid Printing Sols., L.L.C. v. E.I. du Pont de Nemours & Co.*, No. CIVA07-4325(MLC), 2008 WL 323764 at *1 (D.N.J. Feb. 5, 2008).

Discovery requires, first and foremost, that the materials be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, cloned discovery, through which parties request "all documents produced or received during other litigation," is irrelevant when the requests fail to connect the material from the prior litigation to a claim or defense at issue here. *Midwest Gas Services, Inc. v. Indiana Gas Co.*, No. IP99-0690, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000); *see also Pacific Wine Distributors, Inc. v. Vitol, Inc.*, No. 20-cv-03131, 2022 WL 1489474, at *1 (N.D. Cal. May 11, 2022) (denying motion to compel where movant "[did] not even attempt to show how *all* of" the requested material was relevant).

Here, Sight has failed to make "a specified showing" that its discovery requests have "a direct bearing on the claims and defenses asserted in the instant litigation." *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375 (D. Del. 2009). The Glaukos Litigation involved *different* parties concerning the infringement of *different* claims of *different* patents, and Sight has not demonstrated how its requests for the Glaukos Litigation materials are at all relevant to the instant litigation. *See Eisai Inc. v. Sanofi-Aventis U.S.*, LLC, No. CIV.A. 08-4168 MLC, 2012 WL 628320 at *3 (D.N.J. Feb. 27, 2012) (finding a request for testimony in a prior litigation involving "different parties, different contractual structures, a different [product], and related [to a different issue]" to be "irrelevant and unlikely to lead to the discovery of admissible evidence."). That "this litigation and *Glaukos* involve the same accused product" is not sufficient to show how the requested Glaukos Litigation materials involving different patents and claims owned by a different party are relevant *here*, and the cases on which Sight relies do

1

not show otherwise.[1] *See id*. at 382 (finding that even "[t]he mere fact that both the [prior litigation] and the instant litigation involve similar patents is not itself sufficient for a finding of relevancy pursuant to Rule 26.").

Rather than articulate what Sight is searching for and why, Sight hopes to prove relevance retroactively by casting a wide net. *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, No. 88-cv-9752, 1991 WL 183842 (E.D. Pa. Sept. 16, 1991) ("[Party's] request may properly be characterized as a fishing expedition based on an unsupported and nebulous allegation of bias and motive.") But Sight "must do [its] own work and request the information [it] seek[s] directly" from the Defendants in this case. *Midwest Gas Services*, 2000 WL 760700, at *1. In addition, Sight should not be allowed to avoid the discovery limits in this case by seeking production of discovery from another.

## II.  The burden of Sight's requests outweighs any potential benefit

Discovery is limited by "whether the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1). Here, the heavy burden and expense on Ivantis of producing the requested prior litigation materials due to the overbroad requests and the protected confidential third-party business information contained within would outweigh any tenuous benefit to Sight.

Indeed, a majority of the requested materials from the Glaukos Litigation contain confidential business information and are designated as "Protected Material" by the Glaukos Protective Order. Many of these protected materials were cross designated by Glaukos and Ivantis. Under the Glaukos Protective Order, a court order compelling Glaukos' protected confidential information would require Glaukos, a third party whom Sight did ***not*** subpoena, to review each document Sight requested from Ivantis for confidential business information and move for a new protective order should it not want such information disclosed. *See* Glaukos Protective Order §

---

[1] Sight's cited cases turn upon other distinguishing factors, not whether the same accused product was at issue in both litigations. *See* Defendant's Letter Brief, *Rex Medical, L.P. v. Intuitive Surgical, Inc.*, C.A. No. 19-00005-MN-SRF, D.I. 110 at 2–3 (D. Del. Oct. 1, 2021) (explaining that defendant previously "agree[d] to produce any discovery responses and transcripts . . . from the prior [litigation]"); Discovery Order, *Sonos Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-RGA, D.I. 288 at 2 (D. Del. June 2, 2017) (finding "no extra burden" because defendant agreed to produce prior litigation materials in parallel litigation before the same court); Special Master Order #11, *TQ Delta, LLC v. Dish Network Corp.*, C.A. No. 15-614-RGA, D.I. 393 at 5–6 (D. Del. Feb. 1, 2022) (determining relevance of prior litigation materials concerning "patents from the same family"); Defendant's Letter Brief, *Personal Audio LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, D.I. 364 at 1 (D. Del. Feb. 26, 2019) (finding prior litigation materials relevant because the disputes "involve[d] the same patents"); Oral Order, *Int'l Bus. Machs. Corp. v. Expedia, Inc.*, C.A. No. 17-1875-LPS-CJB, D.I. 193 (D. Del. Aug. 21, 2019) (granting motion to compel because the prior disputes "each involved four of the five patents that are in-suit here"); Oral Order, *Natera, Inc. v. ArcherDX, Inc.*, C.A. No. 20-125-LPS, D.I. 167 (D. Del. Apr. 1, 2021) (granting motion to compel because "[plaintiff's] attorneys already have possession of the documents by virtue of being counsel in the related case").

10. Sight and Ivantis are Glaukos' competitors in the overall MIGS market, and it is understandable that Glaukos has expressed reticence in having its information disclosed and in participating in such a way in a matter that it has no involvement in. *See* D.I. 189, Ex. 8, at 1. Further disagreement over the production of any Glaukos confidential business material would likely result in additional disputes and motion practice under the Glaukos Protective Order, further draining the time and resources of the Parties, a third party, and this Court. *See Glaukos Corp. v. Ivantis, Inc.*, No. 8:18-cv-00620, D.I. 36 (C.D. Cal. Aug. 3, 2018) ("Glaukos Protective Order") § 10.

Thus, any potential unspecified benefit to Sight is outweighed by the burden and expense of producing the requested Glaukos Litigation materials—particularly as Sight has not articulated why these materials are relevant to the claims in this litigation with different patents nor why the information could not be acquired through Sight's own depositions and written discovery requests **in this case**. *See Novanta Corp., v. Iradion Laser, Inc.*, No. CV 15-1033-SLR-SRF, 2016 WL 4987110 (D. Del. Sept. 16, 2016) ("No record has been made for the court as to whether [requested prior litigation information] is lacking in [Defendant's] document production. Plaintiffs' request is not narrowly tailored to identify a subset of the documents from prior litigation that would advance discovery on the different Accused Products in the pending suit."). The materials requested by Sight are irrelevant, overbroad, and unduly burdensome.

### A. Ivantis's responses to interrogatories and RFAs in the Glaukos Litigation

Sight has failed to show how *all of* Ivantis' responses to interrogatories and RFAs propounded by a non-party in a different case relate to the claims or defenses of *this case*. Nor has Sight shown—to the extent Sight's requests seek any relevant information—that such information could not be obtained through Sight's discovery requests in this case. *Wyeth v. Impax Lab'ys*, 248 F.R.D. 169, 170 (D. Del. 2006) ("[Defendant] has not shown that the documents requested from the [prior litigation], beyond what [Plaintiff] has already produced or offered to produce, are critical to resolving the issues before the Court."). The Court has entered discovery limits in this case that the parties negotiated (D.I. 93 ¶2), and Sight's one-sided demand is nothing more than an attempt to skirt those agreed-on limits only in its favor. Sight is seeking to expand the Court's discovery limits in this case by piggy-backing off prior discovery.

### B. Unredacted deposition transcripts and expert reports from the Glaukos Litigation

Similarly, Sight has failed to show how the requested unredacted deposition transcripts and expert reports are relevant to the asserted claims and defenses of *this case*. *United States v. Abbott Lab'ys*, No. 09-CV-4264, 2016 WL 4247429 at *5 (E.D. Pa. Aug. 11, 2016) ("[S]imilarity in the subject matter of two cases is not enough to demonstrate the relevance of deposition testimony in another matter.") (*citing* Inventio, 662 F. Supp., 383).

Ivantis has already agreed to produce redacted copies of limited responsive transcripts and expert reports related to invalidity, infringement, and damages in the Glaukos Litigation. Ex. 1, December 20, 2022 Response Letter from K. Li to O. Armon. Sight is able to depose the relevant witnesses regarding the issues and any potential relevant information present in *this* case. Sight has not shown why deposing these witnesses is insufficient. *Multiple Energy Technologies, LLC*

*v. Under Armour*, No. 20-664, 2023 WL 2529187 (W.D. Penn. Feb. 21, 2023) (denying motion to compel because movant "already has discovered information on the topics covered" in deposition transcripts from prior litigation).

### A.    Unredacted briefs and appendices filed in *In re Ivantis*, C.A. No. 20-147

Sight does not credibly allege spoliation and has not articulated any reason why *unredacted* copies of the requested *Glaukos* briefing are necessary to support Sight's claims or defenses in *this case*. Sight has access to the publicly available briefing of the *Glaukos* appeal and has not explained why the redacted portions of the *Glaukos* briefing would shed light on the "question of whether spoliation affected [the Sight] matter." D.I. 0189 at 4.

Routine destruction of documents does not give rise to a finding of spoliation absent a duty to preserve. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1319–20 (Fed. Cir. 2011). And there is no evidence in this case that Ivantis had a reason to expect litigation from Sight before Sight sued Ivantis without warning in 2021. Sight does not sell a microstent, and Ivantis and Sight do not directly compete. Prior to filing suit, Sight never sent a demand letter or otherwise notified Ivantis of its infringement concerns.

The Badawi patent application, the issued patent of which is not asserted here, does not support Sight's relevance claim. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (knowledge of a patent application is insufficient). Similarly, Sight provides no authority that conducting evaluations of the IP landscape or performing freedom to operate analyses, without more, gives rise to a reasonable expectation of litigation. *See Dorman Prod., Inc. v. PACCAR, Inc.*, No. CV 13-6383, 2015 WL 12826477, at *3 (E.D. Pa. Nov. 5, 2015) (finding a vague policy about acquiring patents did not give rise to objectively foreseeable likelihood of litigation). While Sight insinuates that Ivantis hired Arnold & Porter litigators in 2013 because of Sight (D.I. 1089, at 4), the document Sight points to states the lawyers were retained to perform "an analysis of certain patents owned by the Glaukos Corporation" and that these same lawyers represented Ivantis in the *Glaukos* case. *See* D.I. 189, Ex. 15 at 23. Thus, Sight has not shown that Ivantis would have reasonably anticipated litigation with Sight before 2021, let alone that the requested discovery is proportionate to the needs of *this case*. *Twin Spans Business Park, LLC v. Cincinnati Insurance*, No. 1:19-CV-476-SRF, D.I. 62 (D. Del. Mar. 2, 2021) ("[P]laintiffs request is no more than a fishing expedition, based upon a vague hope of establishing a pattern of bad faith." (citation omitted)).

Sight's request for *Glaukos* Litigation materials is irrelevant, and the availability of redacted copies and other means of obtaining any allegedly relevant information emphasizes the overbreadth and undue burden of Sight's request. *Novanta Corp.*, 2016 WL 4987110 at *5 (finding request for documents in connection with a prior patent litigation "overbroad when considering 'the importance of the discovery in resolving the issues.'"). Sight's motion to compel these materials should be denied.

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc: Clerk of Court (by CM/ECF & Hand Delivery)
All Counsel of Record (by CM/ECF & Email)

# Exhibit 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Kat Li
To Call Writer Directly:
+1 512 678 9167
kat.li@kirkland.com

401 Congress Avenue
Austin, TX 78701
United States

+1 512 678 9100

www.kirkland.com

Facsimile:
+1 512 678 9101

December 20, 2022

**Via Email**

Orion Armon
Cooley LLP
1144 15th Street Suite 2300
Denver, CO 80202-2686

**CONFIDENTIAL**

Re: *Sight Sciences, Inc. v. Ivantis, Inc.*, C.A. No. 21:1317-GBW-SRF

Dear Orion:

I write in response to your November 28, 2022, letter regarding Defendants' Second Supplemental Objections and Reponses to Plaintiff's First Set of Requests for Production ("RFP") of Documents and Things (Nos. 1-88) ("Letter"), Sight's email on December 18, 2022 narrowing certain RFPs, and following the parties' meet and confer on December 8, 2022.

## I.      RESPONSES TO NOVEMBER 28, 2022 LETTER

### A.      RFP No. 3

Sight states: *Defendants agreed to produce only documents regarding Defendants' first* ***awareness*** **of the Asserted Patents**. *Defendants have improperly withheld responsive documents related to 'documents and communications concerning the Patents-in-Suit and the patent application to which the Patents-in-Suit claim priority (11/475,523), which was published as U.S. Publ. No. 2007/0298068.'* Letter at 2 (emphasis added).

Defendants are not withholding responsive documents. Defendants already agreed to produce documents regarding their awareness of the Patents-in-Suit ***and U.S. Patent App. No. 11/475,523***. Defendants' Second Supplemental Response to Sight Sciences' First Set of RFPs (Nos. 1-88) at 7. Further, Defendants have searched for relevant, non-privileged, and responsive documents, including by using at least the following search terms:

- "1:21-cv-01317" OR 01317 OR ((Sight Sciences OR Site Sciences OR Sight Science OR Site Science) W/5 (lawsuit OR litigation OR suit OR case OR sued))

## KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 2

**CONFIDENTIAL**

- (10314742 OR (742 w/3 patent) OR 8287482 OR (482 w/3 patent) OR 9370443 OR (443 w/3 patent) OR 9486361 OR (361 w/3 patent) OR 11389328 OR (328 w/3 patent) OR 7909789 or (789 w/3 patent))

- (10314742 OR (742 w/3 patent) OR 8287482 OR (482 w/3 patent) OR 9370443 OR (443 w/3 patent) OR 9486361 OR (361 w/3 patent) OR 11389328 OR (328 w/3 patent) OR 7909789 or (789 w/3 patent)) W/10 (purchase OR buy OR sell OR sale OR acquire OR license)

- (10314742 OR (742 w/3 patent) OR 8287482 OR (482 w/3 patent) OR 9370443 OR (443 w/3 patent) OR 9486361 OR (361 w/3 patent) OR 11389328 OR (328 w/3 patent) OR 7909789 or (789 w/3 patent)) W/10 valuation

- (11475523 OR (523 w/3 (application or appn or app))) w/10 (purchase OR buy OR sell OR sale OR acquire OR license)

- (Badawi OR (Sight Sciences OR Site Sciences OR Sight Science OR Site Science)) w/5 (patent or application or portfolio)

Defendants' have performed a reasonable search and have produced or will produce relevant, non-privileged, and responsive documents to this request.

**B.  RFP No. 11**

Sight states: *Please confirm that Defendants' production will include documents sufficient to show Defendants' organizational structure and departmental management for research, development, testing, manufacture, production, marketing, sale, distribution, and/or regulatory approval of the combination of the Hydrus product with any other procedure or product*. Letter at 2.

Defendants have produced personnel organizational charts sufficient to show departmental management for the Hydrus Microstent. *See, e.g.*, Ivantis_SS_00057805. Defendants will not produce documents concerning "the combination of the Hydrus product with any other procedure or product" to the extent this request seeks documents regarding procedures or products that are not accused of infringement in this case or documents regarding any plans to develop or market products in the future. *See* Section G below.

**C.  RFP No. 15**

RFP 15 seeks "[d]ocuments sufficient to show the corporate relationship between Ivantis and Alcon, including the specific Alcon entity or subsidiary that purchased Ivantis and the specific Alcon entity or subsidiary under which Ivantis operates." Sight states: *Please confirm whether*

## KIRKLAND & ELLIS LLP

Orion Armon
December 20, 2022
Page 3

**CONFIDENTIAL**

*Defendants contend that the 'Option Agreement and Plan of Merger By and Among Alcon Research, Ltd., Ithaca Merger Sub, Inc., and Ivantis, Inc. that was submitted to the SEC' is sufficient to show the corporate relationship between Ivantis and Alcon.* Letter at 2.

The Option Agreement and Plan of Merger shows the corporate relationship between Ivantis Inc. and the Alcon Defendants.

### D. RFP No. 16

RFP 16 seeks "[d]ocuments sufficient to show each Alcon corporate entity that is involved in the manufacture, use, sale, or offer for sale of the Hydrus in this country, as well as the importation of Hydrus products into, or exportation of Hydrus products out of, this country." Sight states: *Please confirm that no Alcon entities other than the named Alcon Defendants were ever involved in the manufacture, use, sale, or offer for sale of the Hydrus in this country, as well as the importation of the Hydrus Microstent into, or exportation of the Hydrus Microstent out of, this country.* Letter at 2.

Defendants have produced or will produce relevant, non-privileged, and responsive documents sufficient to show which Alcon Defendants are "involved in the manufacture, use, sale, offer for sale, of the Hydrus in this country, as well as the importation of Hydrus products into, or exportation of Hydrus products out of, this country," within Defendants' possession, custody, or control, to the extent such documents exist and can be located with a reasonable search, and are not withholding documents responsive to this request solely on the basis that an Alcon corporate entity is not a named defendant.

### E. RFP No. 32

RFP 32 seeks "[a]ll documents, in native format, measuring, predicting, calculating, estimating, and evaluating the Hydrus product's surface area that contacts Schlemm's canal after insertion, including any calculations generated by software programs." Sight states: *Defendants' response is limited to only the surface area of Hydrus. . . . Defendants have improperly withheld all documents measuring, predicting, calculating, estimating, and evaluating contact with Schlemm's canal.* Letter at 2.

Sight has taken the position that actual surface area contact between a support and Schlemm's canal is not the appropriate metric for the Asserted Patents. *See* Sight's Opening Claim Construction Brief 10-12. Sight's expert opined that "the Asserted Patents, in referring to the surface area of the canal, is not referring to a surface area measurement of an *actual* Schlemm's canal from an *actual* human eye." Downs Decl. ¶ 28. Sight's request for materials regarding any measurements, calculations, or evaluations of contact with Schlemm's canal are therefore not proportional to the needs or the case.

**KIRKLAND & ELLIS LLP**

Orion Armon  
December 20, 2022  
Page 4

CONFIDENTIAL

    Nevertheless, Defendants have produced technical documents for the Hydrus Microstent that show its shape, dimensions, and other characteristics. Defendants have also searched for documents using the following search term: "(Schlemm or Schlemm's) w/5 (surface or area or volume or diameter or radius or circumference or "cross-section" or cross section or "cross-sectional" or cross sectional)."  Thus, Defendants have searched for documents concerning the surface area of Hydrus *or* Schlemm's Canal and have produced or will produce relevant, non-privileged documents responsive to Sight's request.

    **F.**    **RFP No. 33**

    RFP No. 33 seeks "[a]ll documents and correspondence with the authors of publications concerning the Hydrus product, including but not limited to [9 listed publications]."

    Defendants have produced or will produce Hydrus journal articles in their possession, including the nine listed publications. Sight's request for "all documents and correspondence with the authors of publications concerning the Hydrus product" is unduly burdensome and disproportionate to the needs of the case. First, Sight's request is not limited to the authors of the 9 listed publications. Second, on the meet and confer between the parties, Sight did not explain how the requested documents and correspondence with the authors would be relevant or proportional to the needs of the case. Third, the number of authors of all "publications concerning the Hydrus product" is likely to be in the dozens if not hundreds. For example, Defendants have already identified several "publications concerning the Hydrus product," each of which has multiple authors. *See* Defendant's October 17, 2022, Supplemental Response to Sight's Interrogatory No. 4. Fourth, Defendants do not have a practical method to determine all authors who may have published something concerning the Hydrus product, including on the Internet. Further, to the extent such information is available, it is equally accessible to both parties. Sight requested during the meet and confer that Defendants investigate whether they maintain a list of authors that Ivantis sponsored to write about Hydrus. Defendants are not presently aware of such a list; however, even if such a list existed, it would not resolve the overly broad and burdensome nature of this request. Defendants will not produce additional documents in response to RFP 33.

    **G.**    **Future plans to market a Hydrus product with viscodilation (RFP Nos. 36, 47, 48, 50, 51, 52)**

    In its December 18, 2022 email, Sight appears to have revised these requests to use of viscodilation with the Hydrus product that will be commercially launched prior to April 12, 2024.

    Sight's Second Amended Complaint ("SAC") alleges only that "Ivantis and its agents recently began promoting the Hydrus® Microstent for use in combination with certain viscoelastic delivery cannulas." SAC ¶ 74. Sight's SAC is not based on, for example, any "plans to market the Hydrus product with viscodilation" (RFP 36) or "development of a viscoelastic device for use with

## KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 5

CONFIDENTIAL

the Hydrus product," (RFP 47). Sight's request for materials regarding any future plans or development of other unaccused products are disproportionate to the needs of this case and irrelevant. *See, e.g., Ethicon LLC v. Intuitive Surgical, Inc.*, 2018 WL 1392341, at *2 (D. Del. Feb. 12, 2018) (denying discovery regarding unaccused products because "discovery is limited to that which is 'relevant to any party's claim . . . .'"). Sight has not provided any explanation or bases for the relevance of these requests or how these requests are proportional to the needs of the case. Defendants will not produce documents in response to RFP Nos. 36, 47, 48, 50, 51, 52.

### H.  RFP No. 40

In its December 18, 2022 email, Sight revised RFP 40 to "All of Your Board of Directors materials relating to the Hydrus market or competition, that mention Sight Sciences, Westwood Vision, Paul or David Badawi, Trab360, Visco360, Helix, OMNI, or intellectual property associated with any of the foregoing."

Defendants are continuing to evaluate the revised request received two days ago.

### I.  RFP No. 53

In its December 18, 2022 email, Sight revised RFP 53 to "All documents related to Your internal evaluations of any proposed collaboration between You and Sight regarding use of the Hydrus implant in combination with Sight's OMNI Surgical System, including but not limited to sharing of customer contacts."

Defendants have searched for relevant, non-privileged, and responsive documents, including by using at least the following search terms: Hydrus W/10 (viscodilation OR visco* or OVD or hyaluronate or hyaluronic or HEALON or provisc) w/10 (Schlemm or Schlemm's). Defendants' have performed a reasonable search and have produced or will produce relevant, non-privileged, and responsive documents to this request.

### J.  RFP No. 54

RFP 54 seeks "[a]ll documents related to Alcon's purchase of Ivantis. This request includes the executed documents that effectuated Alcon's acquisition of Ivantis, including all exhibits and schedules."

On the parties' meet and confer, Sight suggested that RFP 54 is relevant to damages and seeks due diligence materials from Alcon's purchase of Ivantis, including any valuations of Sight's claims against Ivantis. Defendants responded that it was unclear how Sight intended to use a valuation of Ivantis as a company to value Sight's patents, which were not a part of the transaction.

# KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 6

**CONFIDENTIAL**

And to the extent Sight is requesting any legal analysis that Alcon may have conducted regarding Sight, Defendants will not produce any privileged documents that may be responsive this request.

Notwithstanding the lack of relevance of the requested merger agreement, Defendants have produced the Option Agreement and Plan of Merger By and Among Alcon Research, Ltd., Ithaca Merger Sub, Inc., and Ivantis, Inc. that was submitted to the SEC. To the extent Sight still seeks "*[a]ll* documents *related to* Alcon's purchase of Ivantis" (emphases added), Defendants maintain their objections regarding the full scope of this request, which is overbroad and unduly burdensome and calls for information not relevant to any of the claims or defenses in this litigation.

### K. RFP No. 55

RFP 55 seeks "[a]ll purchase price allocation analyses prepared by or for You relating to allocation of the price of purchasing Ivantis."

Defendants have produced Alcon's 2021 Annual Report, which discusses the purchase price allocation for Ivantis. On the parties' meet and confer, Sight suggested that a purchase price allocation analysis for the Ivantis acquisition might be relevant if it included any valuation of Sight's claims against Ivantis. Defendants are continuing to investigate this request and Sight's proffered justification.

### L. RFP No. 56

In its December 18, 2022 email, Sight revised RFP 53 to "Materials related to Hydrus business plans, market projections, or valuations that were placed in any data room for inspection by Alcon prior to November 9, 2018, or materials related to Sight Sciences or its claims of patent infringement against Ivantis that were placed in any data room for inspection by Alcon prior to November 5, 2021."

Defendants are continuing to evaluate the revised request received two days ago.

### M. RFP Nos. 58

In its December 18, 2022 email, Sight revised RFP 58 to "[d]ocuments and things sufficient to show value or consideration paid by You for any in-licensed patent rights used in the Hydrus product, including but not limited to any litigation settlements."

Defendants will produce the settlement agreement in *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE (the "Glaukos litigation") after complying with any third-party notice provisions. Based on Defendants' investigation to date, no other documents responsive to this request have been located.

# KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 7

**CONFIDENTIAL**

### N. RFP No. 61

Sight states: "*Defendants' response limits production to Ivantis's profits (or losses) on the Hydrus® Microstent sales after September 16, 2021. RFP 61 seeks this information from the date Ivantis began selling the Hydrus® Microstent.*" Letter at 3.

The "September 16, **2021**" limitation in Defendants' response to RFP 61 was intended to be "September 16, **2015**," in accordance with Delaware's presumptive 6-year limit on discovery preceding the filing of the lawsuit. Accordingly, Defendants confirm that they are not withholding documents sufficient to show Ivantis's profits (or losses) on the Hydrus® Microstent sales based on the 2021 date.

### O. RFP No. 69

RFP 69 seeks "[a]ll documents relating to analyses of strategies for maintaining or increasing reimbursement that physicians receive for implanting the Hydrus product that involve references to any of the following Current Procedural Terminology (CPT) Codes: 66991, 66989; 0191T; or 66174."

On the parties' meet and confer, Defendants asked for clarification regarding how this request relates to Sight's claims in the case and what "analyses of strategies" meant. Sight explained that RFP 69 is relevant to evaluating the current and forward-looking profitability of Hydrus. Sight also suggested that the referenced CPT codes might be discussed in documents instructing or encouraging physicians to perform viscoelastic-based canaloplasty, which Sight alleged would be relevant to its infringement claims for the '328 and '361 Patents. Defendants have searched for relevant, non-privileged, and responsive documents, including by using at least the following search terms: Hydrus W/10 (viscodilation OR visco* or OVD or hyaluronate or hyaluronic or HEALON or provisc) w/10 (Schlemm or Schlemm's). Defendants' have performed a reasonable search and have produced or will produce relevant, non-privileged, and responsive documents to this request.

### P. RFP Nos. 70 and 71

RFP 70 seeks "[a]ll distribution agreements relating to Hydrus between You and any third-party distributor of medical products," and RFP 71 seeks "[a]ll supply, sales, or purchase agreements between You and any third-party healthcare provider."

As explained during the parties' meet and confer, the current scope of RFPs 70 and 71 are overbroad and burdensome, thus Defendants asked Sight to explain their relevance. Sight stated that the requests are relevant to evaluating Hydrus's profit margins and revenue, and could be

# KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 8

**CONFIDENTIAL**

relevant to establishing Defendants' extraterritorial sales, if any. Sight said that a sampling of requested agreements would be sufficient to satisfy these requests.

While the full scope of these requests is overly broad and disproportionate to the needs of the case, Defendants will produce a sample of distribution, supply, sales, or purchase agreements relating to Hydrus between Defendants and third-parties within Defendants' possession, custody, or control, to the extent such documents exist and can be located with a reasonable search.

    **Q.**    **RFP No. 73**

RFP 73 seeks "[d]ocuments sufficient to show Your document retention and destruction policies, programs, or practices."

On the parties' meet and confer, Sight explained that RFP 73 would be relevant to its willful infringement claims in the event that Defendants have not retained documents that Sight believes would have established Ivantis's knowledge of the patents-in-suit. In light of the hypothetical nature of the request, Defendants stated that RFP 73 is not relevant to any existing claims in the case.

Defendants maintain their objections to RFP 73 because document retention and destruction policies are not relevant to a claim or defense. *See, e.g., India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 192 (E.D. Wis. 2006) (denying plaintiff's motion to compel production of a document retention policy on the ground that it is not relevant to a claim or defense); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363-64 (N.D. Tex. 2013) (denying request for 30(b)(6) deposition on similar topics as irrelevant and overbroad); and *Cunningham v. Std. Fire Ins. Co.*, No. 07-cv-02538, 2008 WL 2668301, at *5 (D. Colo. July 1, 2008) (granting motion for protective order preventing the deposition of a witness on the storage and preservation of backup e-mails as not relevant to the claims).

    **R.**    **RFP No. 84**

RFP 84 seeks "[a]ll documents produced by Ivantis in the *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE litigation in the United States District Court for the Central District of California."

Defendants will conduct a reasonable search of the non-email documents produced by Ivantis in the *Glaukos* litigation for responsive, non-privileged documents that hit on Defendants' previously-disclosed search terms. Defendants intend to follow the District of Delaware's Default Standard for Discovery for any email maintained by custodians identified in accordance with paragraph 3(a). *See* § II below.

# KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 9

CONFIDENTIAL

### S.    RFP No. 85

In its December 18, 2022 email, Sight revised RFP 85 to "[a]ll deposition testimony by any Ivantis fact or expert witness in the *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE litigation in the United States District Court for the Central District of California, relating to damages, infringement by the Hydrus product, or invalidity of U.S. Patent Nos. 6,626,858 or 9,827,143."

In light of Sight's revision, Defendants will produce deposition transcripts of Ivantis's fact and expert witnesses in the *Glaukos* litigation relating to damages, infringement by the Hydrus product, or invalidity of U.S. Patent Nos. 6,626,858 or 9,827,143, to the extent such documents are in Defendants' possession, and will include any appropriate redactions.

### T.    RFP No. 86

In its December 18, 2022 email, Sight revised RFP 86 to "[a]ll expert reports served by Ivantis's experts in the Glaukos Corporation v. Ivantis, Inc., 8:18-cv-00620-JVS-JDE litigation in the United States District Court for the Central District of California, relating to damages, infringement by the Hydrus product, or invalidity of U.S. Patent Nos. 6,626,858 or 9,827,143."

In light of Sight's revision, Defendants will produce expert reports served by Ivantis' experts in the *Glaukos* litigation relating to damages, infringement by the Hydrus product, or invalidity of U.S. Patent Nos. 6,626,858 or 9,827,143, to the extent such documents are in Defendants' possession, and will include any appropriate redactions.

### U.    RFP No. 88

RFP No. 88 seeks "[a]ll documents prepared for, sent to, or presented to Alcon's Board of Directors relating to the *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE litigation in the United States District Court for the Central District of California."

Sight stated during the parties' meet and confer that this request seeks documents that show whether Alcon played any role in the *Glaukos* litigation settlement, including any discussion of settlement terms or evaluation of Glaukos' damages claims. Defendants are still evaluating Sight's request.

## II.    SEARCH TERMS

During the parties' meet and confer, Sight inquired whether Defendants would count proposed revised search terms against the limits specified in the District of Delaware's Default Standard for Discovery. Defendants' Volume 5 Production was served on November 21, 2022, and it comprised documents that were the result of applying a comprehensive listing of search

## KIRKLAND & ELLIS LLP

Orion Armon  
December 20, 2022  
Page 10

**CONFIDENTIAL**

terms across non-custodial and custodial databases. Defendants' Volume 6 Production served on December 19, 2022, likewise comprised documents that were the result of applying the same search terms across non-custodial and custodial databases. Consistent with ¶ 5(b) of the Default Standard for Discovery, Defendants have disclosed the search terms to Sight that were applied across data sources and custodians' ESI. Defendants do not plan to revise terms or rerun revised terms, except for additional terms that Sight may request be used in connection with the electronic search consistent with ¶ 5(b). Defendants are available to meet and confer regarding search terms and appropriate limits in January after the holidays.

Sincerely,

Kat Li