IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
|   Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-1317-GBW-SRF |
| IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, & ALCON INC., | ) ) ) ) ) |
|   Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this **3rd** day of **July, 2023**, the court having considered the parties' discovery dispute letter submissions, (D.I. 222; D.I. 223; D.I. 225; D.I. 226), IT IS ORDERED that:

1. **Plaintiff Sight Sciences, Inc.'s motion to compel the production of clawed back documents is DENIED.** Plaintiff moves to compel the production of three categories of documents which were clawed back by Defendants based on their assertion of the attorney-client privilege: (1) documents regarding Ivantis' freedom to operate ("FTO") analyses; (2) documents for which privilege was allegedly waived by Cari Stone's testimony; and (3) other clawbacks. (D.I. 222 at 1-3) The court addresses each subcategory of clawed back documents in turn.

2. *FTO analyses.* Plaintiff maintains that Defendants should be compelled to produce three clawed back documents regarding FTO analyses because the contents of those documents reveal only factual information instead of legal advice. (D.I. 222 at 2; Exs. 2-4) In response, Defendants argue that the documents should remain privileged regardless of whether they contain factual information because they were communicated to an attorney for purposes of obtaining legal advice. (D.I. 225 at 1)

3. Plaintiff's motion to compel the production of the FTO documents is DENIED. A review of the documents confirm that they do not disclose legal advice, and Defendants do not meaningfully challenge this point. (D.I. 222, Exs. 2-4) Nonetheless, "[a]ttorney-client privilege applies to communications involving technical information when they are made for the purpose of providing or obtaining legal advice." *First Quality Tissue, LLC v. Irving Consumer Prods. Ltd.*, C.A. No. 19-428-RGA, 2022 WL 971581, at *1 (D. Del. Mar. 31, 2022). In *First Quality Tissue*, the court held that technical factual data generated by an expert consultant was subject to the attorney-client privilege because the data was generated at the direction of counsel and communicated to counsel for the exclusive purpose of aiding counsel in providing FTO and patent prosecution legal opinions. *Id.* at *1-2. Similarly, Defendants have established in the instant case that the challenged documents came from the "FTO Opinion Patent Database" and were communicated for purposes of obtaining legal advice, including which particular patents were selected for analysis. (D.I. 225 at 1) Therefore, the privilege should apply.

4. Plaintiff argues that even if the FTO documents are deemed privileged, the court should find that Defendants waived the privilege based on the testimony of Ivantis' CEO, Dave Van Meter, who testified that Ken Galt gave overviews of the FTO analyses on Plaintiff's patents to third-party investors. (D.I. 222 at 2) But Defendants respond that the general overview of the FTO analyses provided by Mr. Van Meter is not sufficient to waive the privilege. (D.I. 225 at 1)

5. As the party seeking to obtain privileged information, Plaintiff bears the burden of proving that Defendants waived the privilege. *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010). Here, Mr. Van Meter's testimony is not sufficient to satisfy Plaintiff's burden on waiver of the privilege. "Generally, disclosure of the

substance of a privileged communication will result in waiver, whereas disclosure of the mere fact that such communication took place will not." *Id.* at 470. Mr. Van Meter testified that investors "ask us for an overview of the patent landscape, and that's where Ken [Galt] gives them overview of our freedom to operate. And it includes – it includes other things. You know, it will include, you know, Sight Sciences. . . . It can include other technologies." (D.I. 189, Ex. 9 at 87:1-13) This testimony about Mr. Galt's meetings with investors does not support a finding that Mr. Galt disclosed the substance of the FTO analyses and thus, Plaintiff has not met its burden to establish a waiver of the attorney-client privilege. Because Plaintiff has not satisfied its burden on waiver, Plaintiff's motion to compel the production of the FTO documents is denied.

6. *Cari Stone's testimony.* Plaintiff moves to compel the production of five documents which were attached as exhibits and/or discussed during the June 1 deposition of Alcon executive Cari Stone. (D.I. 222 at 2; Exs. 5-9) Plaintiff argues that the documents contain only non-privileged factual information, and Defendants waived any privilege over at least four of the documents by allowing Ms. Stone to testify about the documents. (*Id.*) Defendants respond that they no longer seek to claw back three of the five documents. (D.I. 225 at 2) As to the remaining two documents, Defendants explain that the parties specifically agreed questioning on one of the documents would not constitute a waiver, and the other document was clawed back by counsel during the deposition. (*Id.*)

7. Plaintiff's motion to compel the production of the five documents Bates numbered IVANTIS_SS_00206226, -00331502, -00208219, -00208990, and -00321530 is DENIED. The motion is moot with respect to IVANTIS_SS_00208219, -00208990, and -00321530 based on Defendants' representation that they no longer seek to claw back those documents.

8. The motion is denied with respect to IVANTIS_SS_00206226 based on Plaintiff's counsel's agreement during the deposition of Ms. Stone that, "[a]s to this document only, and nothing else in the case, I'll stipulate that allowing Ms. Stone to answer my questions with respect to this exhibit, or to follow your instructions, wouldn't be any basis for a waiver of your privilege rights if you have any." (D.I. 225, Ex. 1 at 59:13-18)  The deposition transcript confirms that questioning on the document proceeded on this condition while the claw back issue was pending to avoid the need to reopen the deposition of Ms. Stone.  (*Id.* at 58:14-59:20)

9. Finally, the motion is denied with respect to IVANTIS_SS_00331502 based on Defendants' counsel's claw back of the document during Ms. Stone's deposition: "[J]ust to recap some of the discussion earlier today, during questioning, counsel for plaintiffs introduced a number of exhibits . . . that appear to have been inadvertently produced with information concerning or containing confidential attorney/client privileged information.  We instruct that these exhibits should be clawed back, and defense will review the transcript and the exhibit[.]" (D.I. 225, Ex. 1 at 119:4-13)  In accordance with the terms of the parties' Protective Order, the production of privileged information "shall not operate as a waiver and is not a waiver of the privilege or protection from discovery," and "[t]he Parties will not conduct an inquiry under FRE 502(b) to determine whether the information was produced inadvertently." (D.I. 69 at 15)

10. ***Other documents.***  Plaintiff also seeks the production of an additional 28 documents which were clawed back by Defendants in June.  (D.I. 222 at 3)  According to Plaintiff, Defendants have been unable to identify any attorney associated with these documents.  (*Id.*)  Defendants explain that some of these documents were sent at the behest of counsel and reflect the substance of attorney-client communications.  (D.I. 225 at 3)  Others contain references to

Alcon's privileged litigation hold process or involve sharing legal advice with Defendants' consultants. (*Id.*)

11. Plaintiff's motion to compel the production of these 28 clawed back documents is DENIED. The motion is moot with respect to the two "Ivantis Integration" presentations based on Defendants' representation that it withdraws the claw-back of these two documents. (D.I. 225 at 3; D.I. 222, Ex. 15)

12. The motion is denied with respect to communications that do not include an attorney because the record supports Defendants' position that these communications reflect the substance of attorney-client communications between employees and/or independent consultants. (D.I. 222, Ex. 13); *see Shire Dev. Inc. v. Cadila Healthcare Ltd.*, C.A. No. 10-581-KAJ, 2012 WL 5247315, at *3 (D. Del. June 15, 2012) ("[A] document does not even need to be addressed to or from an attorney to be privileged—privileged communications may be shared by non-attorney employees[.]"); *In re Flonase Antitrust Litig.*, 879 F. Supp. 2d 454, 459-60 (E.D. Pa. 2012) (explaining that an independent consultant is the functional equivalent of an employee for purposes of the attorney-client privilege).

13. Finally, the motion is denied with respect to the "Ivantis Integration IT Playbook" presentations. The example attached by Plaintiff includes a reference to the "Legal Hold," and Defendants confirm that other iterations of this same document include more extensive discussion of the litigation hold process. (D.I. 222, Ex. 14 at IVANTIS_SS_00223455; D.I. 225 at 3) Defendants further explain that the third parties to which these presentations were sent were consultants. (D.I. 225 at 3) For the reasons previously discussed at ¶ 12, *supra*, disclosure of a privileged communication to a consultant does not automatically waive the privilege. *See In re Flonase*, 879 F. Supp. 2d at 459-60.

**14. Plaintiff's motion to compel a 30(b)(6) deposition on Topics 5/6, 71/69, and 72/70 is GRANTED-IN-PART.** Plaintiff moves to compel a 30(b)(6) deposition on Topics 5/6 relating to Defendants' document retention practices, arguing that this information is relevant to issues of spoliation and willfulness. (D.I. 222 at 3-4; Ex. 16 at 8; Ex. 17 at 8) Defendants respond that the finding of spoliation against Ivantis in the *Glaukos* litigation does not support a credible allegation of spoliation in this litigation, which involves different patents-in-suit. (D.I. 225 at 3-4) Defendants also maintain that Plaintiff failed to present evidence supporting a finding of willfulness. (*Id.* at 4)

15. Plaintiff's motion to compel a 30(b)(6) deposition on Topics 5/6 relating to Defendants' document retention practices is DENIED. Discovery regarding document preservation efforts in anticipation of litigation is barred under ¶ 1(d)(iii) of the court's Default Standard for Discovery of ESI and Rule 26(b)(3)(A) and (B). Plaintiff relies on events that transpired in the *Glaukos* litigation to suggest spoliation also occurred in this case. (D.I. 222 at 4) But the circumstances in *Glaukos* are distinguishable, and Plaintiff has not established a basis in this litigation to support allegations of spoliation. *See Glaukos Corp. v. Ivantis, Inc.*, 2020 WL 10501850, at *4-5 (C.D. Cal. June 17, 2020). Instead, deposition testimony suggests that Plaintiff did not contemplate pursuing infringement litigation against Ivantis in 2018. (D.I. 225, Ex. 7 at 59:1-60:2)

16. Plaintiff also moves to compel a 30(b)(6) deposition on Topics 71/69 and 72/70, regarding whether and when Defendants performed freedom-to-operate ("FTO") analyses regarding the patents-in-suit with respect to the Accused Products. (D.I. 222 at 4) Defendants respond that the question of whether a FTO analysis was done "regarding the Asserted Patents"

implicates privileged information regarding whether an analysis was requested in relation to a particular patent.  (D.I. 225 at 4)

  17. Plaintiff's motion to compel a 30(b)(6) deposition on Topics 71/69 and 72/20 is GRANTED in accordance with Plaintiff's narrowed proposal to limit the topics "to whether and when any FTO analyses regarding the Asserted Patents with respect to the Accused Products occurred."  (D.I. 222 at 4)  Defendants shall produce a 30(b)(6) witness(es) to testify on the narrowed Topics 71/69 and 72/20 at a date and time to be agreed upon by the parties, but no later than July 14, 2023.  The parties shall work cooperatively, with an aim toward avoiding the need for further court intervention, to establish a reasonable duration for this deposition, which is limited in scope and should not require a full seven hours to complete.  *See* ¶ 37, *infra*.  Defendants, as the party asserting the privilege, bear the burden of establishing that privilege.  *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 642 (D. Del. 2016) ("The burden of demonstrating the applicability of the attorney-client privilege rests on the party asserting the privilege.").  However, Defendants cite no case authority to support their position that the timing and existence of an FTO analysis on particular patents is privileged.  Case law from this district suggests that, while the FTO analysis itself may be privileged, the existence and timing of such an analysis is not.  *See, e.g.*, *Intuitive Surgical, Inc. v. Auris Health, Inc.*, 549 F. Supp. 3d 362, 378 n.13 (D. Del. 2021).

  **18. Plaintiff's motion for a protective order against late discovery is GRANTED.**  Plaintiff moves for a protective order against the 30(b)(1) notices of deposition served on Sabrina Katz and Sarah Sloan Marcus, arguing that the testimony sought is likely to be cumulative of testimony obtained from other salespeople and that Defendants did not timely notice the depositions after receiving a document production disclosing the roles of Ms. Katz and Ms.

Marcus.  (D.I. 222 at 5)  Defendants do not refute Plaintiff's position that documents mentioning Ms. Katz and Ms. Marcus were produced on February 23, 2023.  Defendants respond that the testimony is not likely to be cumulative because Ms. Katz and Ms. Marcus "are more likely to have first-hand information" about Plaintiff's pleaded assertion that Andy Rivero actively promotes the Hydrus® Microstent for use in combination with certain viscoelastic delivery cannulas.  (D.I. 225 at 5; D.I. 59 at ¶ 74)

19. Plaintiff's motion for a protective order barring the Rule 30(b)(1) depositions of Sabrina Katz and Sarah Sloan Marcus is GRANTED.  The testimony of these two salespeople is likely to be cumulative of testimony from their manager, Chris Phelps, who was deposed on June 15, 2023.  (D.I. 225, Ex. 13)  Defendants' position that Ms. Katz and Ms. Sloan Marcus "are more likely to have first-hand information" is not supported by documents produced in discovery which show that Ms. Sloan did not directly witness Ivantis agents promoting the Hydrus® Microstent for use in combination with certain cannulas.  (*Id.*, Ex. 11 at SGHT0044914)  Instead, Ms. Sloan Marcus heard about Ivantis promotions secondhand from employees of a doctor's office and Ivantis representatives.  (*Id.*)  These documents further show that Ms. Sloan Marcus shared the information she learned with her manager, Chris Phelps.  (*Id.* at SGHT0044913)  Consequently, Mr. Phelps' deposition testimony is sufficient to address the alleged promotion of the Hydrus® Microstent for use in combination with certain cannulas.

20. Defendants argue that the depositions of Ms. Katz and Ms. Sloan Marcus are unlikely to disrupt the case schedule.  (D.I. 225 at 5)  This argument is largely based on Defendants' incorrect assumption that their motion to amend the case schedule will be granted.  (*Id.*; *see also* ¶¶ 36-37, *infra*)  At this stage, it is unlikely that the depositions of Ms. Katz and Ms. Sloan Marcus could be taken within the timeframe set for the seven other out-of-time fact

depositions.  Defendants had four months between the time documents were produced disclosing Ms. Katz and Ms. Sloan Marcus and the close of fact discovery, yet they waited until two weeks before the fact discovery cutoff to notice the depositions.  Defendants' decision not to prioritize these 30(b)(1) depositions and the likelihood that proceeding with the depositions will disrupt the case schedule further support the court's decision to grant Plaintiff's request for a protective order.

21. Plaintiff also moves for a protective order regarding Defendants' second 30(b)(6) notice, outlining four reasons why the second notice is allegedly improper.  (D.I. 222 at 5)  The court's analysis focuses on two of these reasons, which are interrelated: (1) Defendants did not obtain leave of court in accordance with Rule 30(a)(2)(A)(ii); and (2) the topics in the second 30(b)(6) notice substantially overlap with those in the first 30(b)(6) notice.  (*Id.*)

22. Plaintiff's motion for a protective order regarding Defendants' second notice of 30(b)(6) deposition is GRANTED.  Rule 30(a)(2)(A)(ii) provides that a party must obtain leave of court to notice a deposition when the deponent has already been deposed in the case.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Within the Third Circuit, the leave requirement of Rule 30(a)(2)(A)(ii) extends to 30(b)(6) depositions.  *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234-35 (E.D. Pa. Nov. 25, 2008) ("The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations.").  There is no dispute that Defendants did not seek leave of court before serving the second notice of 30(b)(6) deposition.  (D.I. 222, Ex. 21)  Consequently, the notice of deposition was improper.  *See State Farm*, 254 F.R.D. at 235.

23. Citing cases, Defendants argue that leave of court is not required when the topics in a second notice of 30(b)(6) deposition do not overlap.  (D.I. 225 at 5) (citing *Cedars-Sinai Med.*

*Ctr. v. Quest Diagnostics Inc.*, 2019 WL 12520126 (C.D. Cal. Apr. 1, 2019); *Mobile Telecommc'ns Techs., LLC v. Blackberry Corp.*, 2015 WL 12698062 (N.D. Tex. July 15, 2015)). But Defendants' failure to seek leave is fatal to its second notice of 30(b)(6) deposition even under these cases because a comparison of the first and second notices confirms that the topics largely overlap. (D.I. 222, Exs. 21-22) For example, both notices share topics addressing the conception and reduction to practice of the patents-in-suit (*compare* D.I. 222, Ex. 22 at Topic 1 *with* Ex. 21 at Topic 57), the development of the Helix Microstent (*compare id.*, Ex. 22 at Topic 46 *with* Ex. 21 at Topic 66), Plaintiff's knowledge and awareness of the Hydrus (*compare id.*, Ex. 22 at Topic 16 *with* Ex. 21 at Topic 59), and Plaintiff's pre-suit communications with Defendants regarding Plaintiff's patent rights (*compare id.*, Ex. 22 at Topic 44 *with* Ex. 21 at Topic 63).

**24. Plaintiff's motion to supplement its opening expert report regarding damages is GRANTED.** Plaintiff moves to supplement its opening expert report on damages by July 17, 2023 to account for any relevant testimony provided by Michael Chodzko on July 13, 2023. (D.I. 222, Ex. A at ¶ 8) Although the fact discovery deadline expired on June 29, 2023, the parties have agreed to take seven depositions after that date. (D.I. 93 at ¶ 2; D.I. 222 at 5) As a result, the deposition of Michael Chodzko is scheduled to go forward on the same day that Plaintiff's opening expert report on damages is due. (D.I. 93 at ¶ 2.i.i; D.I. 222 at 5) Plaintiff's proposal to supplement a single opening expert report four days after the deadline avoids extensive and disruptive modifications to the scheduling order and does not unduly prejudice the preparation of a rebuttal report by Defendants' expert. In contrast, Defendants' competing proposal would adjust all expert discovery deadlines and compress the briefing schedule on case dispositive motions. (D.I. 223, Ex. 1)

25. Defendants maintain that more extensive modifications to the scheduling order are necessary because Mark Papini's deposition testimony is also "likely" relevant to opening expert reports, but the deposition will not go forward until July 20, 2023. (D.I. 223 at 4) The "likely" relevance of the testimony to opening expert reports is insufficient to meet the good cause standard required for modifications to the scheduling order under Rule 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

26. Here, Defendants have not shown the necessary diligence in pursuing Mr. Papini's deposition to justify wholesale modifications to the expert discovery deadlines to incorporate his anticipated testimony into opening expert reports. Mr. Papini's deposition was originally scheduled to go forward on June 21, 2023, more than a week before the fact discovery deadline. (D.I. 226, Ex. 7 at 2) Defendants subsequently declined to go forward with the deposition on that date without providing a reason. (*Id.*, Ex. 8) On June 11, Plaintiff had cautioned that July dates would be offered "subject to the understanding that no other case deadlines would move as a result of the accommodation." (*Id.*, Ex. 8 at 2) Nonetheless, Defendants sought dates for Mr. Papini's deposition during the week of July 17, well after the close of fact discovery. (*Id.*, Ex. 9)

27. Defendants argue that additional modifications to the scheduling order are also necessary to accommodate the timely noticed 30(b)(1) depositions of Sabrina Katz and Sloan Marcus and a second 30(b)(6) deposition of Plaintiff. (D.I. 223 at 4) For the reasons set forth at ¶¶ 18-23, *supra*, the 30(b)(1) depositions and second 30(b)(6) deposition will not proceed.

**28. Defendants' motion to compel four additional hours to depose 30(b)(6) witness Paul Badawi is DENIED.** On June 23 and continuing into June 26, 2023, Defendants

conducted a ten-hour deposition of Paul Badawi, Plaintiff's CEO, co-founder, and a named inventor on all the patents-in-suit, in his personal capacity and as a representative of Plaintiff under Rule 30(b)(6). (D.I. 223, Exs. 6-8, 10) Defendants now request an additional four hours to depose Mr. Badawi. (*Id.* at 1) In support of the request, Defendants describe the broad subject matter on which Mr. Badawi was designated and the importance of his testimony to the case. (*Id.* at 1-3) Defendants also suggest that Mr. Badawi was uncooperative and wasteful of time on certain lines of questioning. (*Id.* at 2)

29. Plaintiff responds that Mr. Badawi has already been deposed for three additional hours, and Defendants declined Plaintiff's offer of a fourth additional hour. (D.I. 226 at 1) Plaintiff argues that four additional deposition hours is excessive and Defendants have failed to provide adequate justification for the requested amount of time. (*Id.* at 1-2)

30. Rule 30(d)(1) provides that a deposition is limited to one day of seven (7) hours, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). The Rule further states that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* An award of additional time under Rule 30(d)(1) is limited by Rule 26(b)(2)(C), which restricts discovery that is unreasonably cumulative or duplicative or if the party seeking the discovery had ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(C).

31. In determining whether there is good cause to extend the time for a deposition, courts consider six factors: (1) whether an interpreter is needed; (2) whether the examination covers events occurring over a long period of time; (3) whether the witness will be questioned about numerous or lengthy documents; (4) whether documents have been requested but not

produced; (5) whether the time to examine the witness is divided between multiple parties; and (6) whether the witness is an expert. *See Servis One, Inc. v. OKS Grp., LLC*, 2022 WL 1399087, at *2 (E.D. Pa. May 4, 2022) (discussing Advisory Committee notes from the 2000 Amendment accompanying Rule 30(d)). Here, Defendants' argument focuses on the second factor due to Mr. Badawi's 17 years of involvement with Plaintiff and the patents-in-suit. (D.I. 223 at 2) Defendants also appear to touch on the fourth factor, alleging that Mr. Badawi brough several documents to his deposition which had not been produced. (*Id.* at 3) Defendants have not shown how the remaining four factors are relevant in this case.

32. Because Defendants have not shown good cause to extend the time for Mr. Badawi's deposition beyond the ten hours of testimony already taken, Defendant's motion to compel a supplemental deposition of Mr. Badawi is DENIED. Defendants generally describe Mr. Badawi's extensive role and unique knowledge without identifying a single specific deposition topic on which additional testimony is needed. This is insufficient to satisfy the good cause standard articulated in the Advisory Committee notes to Rule 30(d). *Cf. Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, 2022 WL 605439, at *6 (E.D. Pa. Feb. 28, 2022) (granting additional time to depose a witness where the movants identified "specific areas of inquiry for which they claim additional information is required."). Although the court "must allow additional time" under Rule 26(b) "if needed to fairly examine the deponent," Defendants already received additional time in this instance, deposing Mr. Badawi for ten hours over the course of two days. Fed. R. Civ. P. 30(d)(1). Defendants also fail to explain why a total of seven extra hours is necessary when they previously sought a total extension of 5.5 hours beyond the default limit of Rule 30(d)(1). (D.I. 223, Ex. 10 at 3)

33. Defendants acknowledge that they declined Plaintiff's offer of an additional hour of testimony on top of the ten hours already taken. (D.I. 223 at 1 n.2) Their only explanation for doing so is that "[t]his offer was made without notice, and, in any event, that limited amount of additional time would not have been sufficient." (*Id.*) Presumably, counsel would be prepared to pursue an additional hour of testimony if a pressing and specific need for the additional time existed, regardless of how much notice was provided. And Defendants' position that an hour would not be sufficient ignores the adage that a bird in the hand is worth two in the bush. Nothing prevented Defendants from accepting the additional hour of testimony that was offered and later pursuing the relief requested herein.

34. Defendants' argument regarding the additional unproduced documents Mr. Badawi brought to his deposition is similarly unpersuasive. (D.I. 223 at 3) The record shows that there were only four additional documents produced by Mr. Badawi at his deposition. (D.I. 226 at 2; Ex. 3 at 10:5-22) Defendants have not shown why four additional hours of testimony are needed to address four documents which were already raised and attached as exhibits to the prior deposition transcripts.

35. Defendants also suggest that additional time is needed because Mr. Badawi was uncooperative during his deposition, providing nonresponsive, narrative answers. (D.I. 223 at 2) Defendants cite examples emphasizing the length of Mr. Badawi's responses, although only one of the cited responses exceeded a single page in length. (*Id.*) These examples show that Mr. Badawi's responses were, at most, "close to, and not over, the nebulous line separating precision from unresponsiveness." *Arista Records LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008). Defendants do not explain why the additional three hours of deposition testimony already taken was insufficient to compensate for any delays in Mr.

Badawi's testimony.  Nor do Defendants allege that there were excessive objections during Mr. Badawi's testimony or that Mr. Badawi was unprepared to testify on the designated topics.  For these reasons, Defendants' motion to compel additional testimony from Mr. Badawi is DENIED.

**36. Defendants' motion to amend the case schedule is DENIED.**  Defendant seeks leave to amend the expert discovery deadlines and certain deadlines pertaining to briefing on case dispositive motions.  (D.I. 223, Ex. A)   For the reasons set forth at ¶ 24, *supra*, the scheduling order amendment proposed by Plaintiff is less likely to disrupt the balance of the case schedule.  Moreover, a request for wholesale changes to the expert discovery deadlines is not properly brought as a discovery dispute.  *See TaKaDu Ltd. v. Innovyze LLC*, C.A. No. 21-291-RGA-SRF, D.I. 143 (D. Del. June 12, 2023); *TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, C.A. No. 21-1126-GBW-SRF, D.I. 281 (D. Del. Apr. 18, 2023).

37. Defendants forecast a litany of discovery disputes on the horizon to further support their request for modifications to the scheduling order.  (D.I. 223 at 4)  But the parties are aware that "[d]iscovery in federal courts is a self-managed process," *United States v. Marder*, 183 F. Supp. 3d 1231, 1236 (S.D. Fla. 2016), and "[t]he Federal Rules of Civil Procedure are premised on the notion that 'reasonable lawyers can cooperate to manage discovery without the need for judicial intervention,'" *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 556 (D. Colo. 2014) (quoting Fed. R. Civ. P. 26(b)(1), Advisory Committee notes, 2000 Amendment).  The disputes described by Defendants are not ripe, and it would be speculative at this stage to substantially modify the scheduling order based on a presumption that the parties will not fulfill their obligations to timely resolve the disputes without involvement by the court.

**38. Conclusion.**  For the foregoing reasons, IT IS ORDERED that:

    a. Plaintiff's motion to compel the production of clawed back documents is DENIED.  Pursuant to Defendants' representations in their responsive letter submission, Defendants shall produce IVANTIS_SS_00208219, -00208990, -00321530, and the two "Ivantis Integration" presentations, one of which ends in -00331837.

    b. Plaintiff's motion to compel a 30(b)(6) deposition on Topics 5/6 is DENIED.

    c. Plaintiff's motion to compel a 30(b)(6) deposition on narrowed Topics 71/69 and 72/70 is GRANTED.  On or before **July 14, 2023**, Defendants shall produce a knowledgeable 30(b)(6) witness to testify regarding whether and when any FTO analyses regarding the patents-in-suit occurred.

    d. Plaintiff's motion for a protective order against the 30(b)(1) depositions of Sabrina Katz and Sarah Sloan Marcus is GRANTED.

    e. Plaintiff's motion for a protective order against a second 30(b)(6) notice of deposition is GRANTED.

    f. Plaintiff's motion to supplement its opening expert report on damages on or before **July 17, 2023** is GRANTED.

    g. Defendants' motion to compel four additional hours of testimony from 30(b)(6) witness Paul Badawi is DENIED.

    h. Defendants' motion to amend the case schedule is DENIED.

39. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 10,**

**2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

40. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to three (3) pages each.

41. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge