IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., ) | |
| ) | C. A. No.:  21-1317-GBW-SRF |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, ) | |
| ALCON VISION, LLC AND ALCON INC., ) | |
| ) | |
| Defendants. ) | |

**CONCISE STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF SIGHT SCIENCES, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 4 CONCERNING OBVIOUSNESS-TYPE DOUBLE PATENTING**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800

*Attorneys for Sight Sciences, Inc.*

Dated:  November 2, 2023

Defendants' Motion for Summary Judgment of Invalidity for Obviousness-Type Double Patenting ("ODP") (D.I. 296, 297) pertains to a new, untimely, and forfeited defense as to which Defendants have deprived Sight of fact and expert discovery, and which is subject to a motion to strike (D.I. 306, 307, 324).

1. Defendants forfeited their defense that U.S. Patent Nos. 9,486,361 ("'361 patent") and 9,370,443 ("'443 patent") are invalid for obviousness-type double patenting ("ODP") over U.S. Patent Nos. 10,314,742 ("'742 patent") and/or 11,389,328 ("'328 patent").

2. Defendants did not plead an ODP defense in their Answer. (D.I. 77.) Neither Defendants' previous invalidity contentions, nor their interrogatory responses relating to invalidity, assert an ODP defense. (*See generally* Ex. 103 (6/29/2023 Second Suppl. Cont.); (Ex. 104 (6/29/2023 Second Suppl. Resps. to Interrogs.) at 35-39 (No. 13).)

3. On October 2, 2023, Defendants wrote Sight, asserting for the first time that the '361 patent and the '443 patent are invalid for obviousness-type double patenting ("ODP") and demanding that Sight file terminal disclaimers for these patents against the '742 patent and the '328 patent. (Ex. 105 (10/2/2023 DeLucia Ltr.).) On October 12, 2023, Defendants served their Third Supplemental Invalidity Contentions asserting that the '361 and '443 patents are invalid for ODP. (Ex. 106 (10/12/2023 Third Suppl. Cont.) at 90-98.)

4. The deadline for amending pleadings was March 2, 2023. (D.I. 93 at 1.) Fact discovery closed on June 29, 2023, and expert discovery closed on September 28, 2023. (*Id.* at 2.)

5. In 2014, a Federal Circuit case discussed the defense of ODP as applied to patents with patent term adjustments ("PTA"). *AbbVie Inc. v. Mathilda & Terence Kennedy Inst. Of Rheumatology Tr.*, 764 F.3d 1366, 1373, 1381 (Fed. Cir. 2014). No later than May 16, 2022, the *In re Cellect* opening appellate brief was filed, highlighting the issue of ODP as applied to patents

with PTA. (D.I. 307 at Ex. 9 (*In re Cellect*, No. 22-1293, D.I. 22 (Fed. Cir. May 16, 2022)).) The unsettled law in this area and the PTAB case underlying the *In re Cellect* decision were widely discussed. (Ex. 133 (Elsby article) (widely distributed by April 29, 2022).)

6. Sight had no opportunity to develop the factual record or obtain expert discovery regarding whether the asserted claims of the '361 and '443 patents are patentably distinct from the claims of the '328 and/or '742 patents.

7. Defendants have failed to prove that there is no patentable distinction between claims 3 and 5 of the '361 patent and the corresponding claims of the '328 patent listed in the Appendix X, as illustrated by the plain language of the claims (Appendix X at 1 (emphasis added)):

| '361 Patent | '328 Patent |
|---|---|
| 3. The method of claim 1, wherein **the high viscosity fluid is sodium hyaluronate**. | 4. The method of claim 1, further comprising dilating Schlemm's canal prior to inserting the support.<br>5. The method of claim 4, wherein Schlemm's canal is dilated by injecting fluid into the canal. |
| 5. The method of claim 1, wherein **the support contacts the interior wall of the canal at least at three points**. | 21. The method of claim 1, wherein when the support is inserted within a cylindrical section of the lumen of Schlemm's canal having an internal wall surface area C, the support contacts less than 30% of the surface area of C. |

8. Defendants have failed to prove that there is no patentable distinction between claims 42, 43, 54, 55, 58, 59, 70, and 71 of the '443 patent and the corresponding claims of the '742 patent listed in the Appendix X, as illustrated by the plain language of the claims (Appendix X at 5-7 (emphasis added)):

| '443 Patent | '742 Patent |
|---|---|
| 42. The device of claim 1 wherein **the support is configured to contact a wall of Schlemm's canal at least at two points**. | 2. The method of claim 1, wherein the support has at least one fenestration.<br>12. The method of claim 1, wherein at least a portion of the support is porous.<br>13. The method of claim 1, wherein when the |

2

| | |
|---|---|
| | support is disposed within a cylindrical section of the lumen of Schlemm's canal having an internal wall surface area C, the support contacts less than 30% of C. |
| 43. The device of claim 42 wherein **the support is configured to contact a wall of Schlemm's canal at least at three points**. | 2. The method of claim 1, wherein the support has at least one fenestration.<br>12. The method of claim 1, wherein at least a portion of the support is porous.<br>13. The method of claim 1, wherein when the support is disposed within a cylindrical section of the lumen of Schlemm's canal having an internal wall surface area C, the support contacts less than 30% of C. |
| 54. The device of claim 1 wherein **the support has a cross-sectional diameter of about 50 microns to about 500 microns**. | 1. A method for treating an eye condition, comprising: implanting a support within Schlemm's canal, wherein the support comprises an arcuate member, wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal such that at least a portion of the arcuate member extends out of Schlemm's canal.<br>16. The method of claim 1, wherein the support is rigid. |
| 55. The device of claim 1 wherein **the support has a cross-sectional diameter of about 190 microns to about 370 microns**. | 1. A method for treating an eye condition, comprising: implanting a support within Schlemm's canal, wherein the support comprises an arcuate member, wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal such that at least a portion of the arcuate member extends out of Schlemm's canal.<br>16. The method of claim 1, wherein the support is rigid. |
| 58. **A kit for reducing intraocular pressure in an eye** having a Schlemm's canal and a trabecular meshwork comprising:<br>a support implantable circumferentially within Schlemm's canal and configured to maintain the patency of at least a portion thereof, wherein the support comprises an arcuate member, wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal so that at least a | 1. A method for treating an eye condition, comprising: implanting a support within Schlemm's canal, wherein the support comprises an arcuate member, wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal such that at least a portion of the arcuate member extends out of Schlemm's canal.<br>13. The method of claim 1, wherein when the support is disposed within a cylindrical section |

3

| | |
|---|---|
| portion of the arcuate member is configured to extend out of Schlemm's canal and into the trabecular meshwork and wherein the support does not substantially interfere with transmural flow across Schlemm's canal, and wherein when the support is disposed within a cylindrical section of the lumen of the canal having an internal wall surface area C, the support contacts less than 30% of C; and an introducer for delivering the support. | of the lumen of Schlemm's canal having an internal wall surface area C, the support contacts less than 30% of C.<br>17.  The method of claim 1, wherein the support does not substantially interfere with longitudinal flow along Schlemm's canal.<br>18.  The method of claim 1, wherein the support does not substantially interfere with transmural flow into and out of Schlemm's canal.<br>19. The method of claim 1, further comprising preloading the support into an introducer and delivering the support from the introducer into Schlemm's canal. |
| 59.  **The kit** of claim 58 further comprising instructions on using the kit. | 1.  A method for treating an eye condition, comprising: implanting a support within Schlemm's canal, wherein the support comprises an arcuate member, wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal such that at least a portion of the arcuate member extends out of Schlemm's canal. |
| 70.  **The kit** of claim 58 wherein the support is preloaded into the introducer. | 19. The method of claim 1, further comprising preloading the support into an introducer and delivering the support from the introducer into Schlemm's canal. |
| 71.  **The kit** of claim 58 wherein the introducer comprises a pusher. | 20.  The method of claim 19, wherein the support is delivered from the introducer using a pusher. |

9. During prosecution of the '328 patent, the Examiner did not evaluate the obviousness of any claims of the '361 and/or '443 patents. (Defs' Ex. 8, ¶¶3-6.)

10. During prosecution of the '742 patent, the Examiner did not evaluate the obviousness of any claims of the '361 and/or '443 patents. (Defs' Ex. 6, ¶¶6-7.)

11. During *inter partes* review of the '443 patent, Sight only charted one exemplary claim of the '443 patent against two claims of the '742 patent. (*See* Defs' Ex. 63 at 19-20.)

12. During *inter partes* review of the '361 patent, Sight only charted one exemplary claim of the '361 patent against four claims of the '328 patent. (Defs' Ex. 64 at 22-23.)

4

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO 80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated: November 2, 2023          *Attorneys for Sight Sciences, Inc.*

30935775.1

5