IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., ) | |
| ) | C. A. No.: 21-1317-GBW-SRF |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, ) | |
| ALCON VISION, LLC AND ALCON INC., ) | |
| ) | |
| Defendants. ) | |

**SIGHT SCIENCES, INC.'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 1 OF INVALIDITY FOR LACK OF ENABLEMENT (D.I. 300)**

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | COOLEY LLP |
| Melanie K. Sharp (No. 2501) | Michelle S. Rhyu |
| James L. Higgins (No. 5021) | Jeffrey Karr |
| Taylor E. Hallowell (No. 6815) | Lauren Strosnick |
| 1000 North King Street | Alissa Wood |
| Wilmington, DE 19801 | Juan Pablo González |
| (302) 571-6600 | Angela R. Madrigal |
| msharp@ycst.com | 3175 Hanover Street |
| jhiggins@ycst.com | Palo Alto, CA 94304-1130 |
| thallowell@ycst.com | (650) 843-5000 |
| | |
| | Orion Armon |
| | 1144 15th Street, Suite 2300 |
| | Denver, CO 80202-2686 |
| | (720) 566-4000 |
| | |
| | Dustin M. Knight |
| | Joseph Van Tassel |
| | Reston Town Center |
| | 11951 Freedom Drive, 14th Floor |
| | Reston, VA 20190-5656 |
| | (703) 456-8000 |
| | |
| | Bonnie Fletcher Price |
| *Attorneys for Sight Sciences, Inc.* | 1299 Pennsylvania Avenue, NW, Suite 700 |
| | Washington, DC 20004-2400 |
| Dated: November 2, 2023 | (202) 842-7800 |

1. **Not disputed**.

2. **Not disputed**.

3. **Not disputed**.

4. **Not disputed**.

5. **Not disputed**.

6. **Not disputed**.

7. **Disputed**. A person of ordinary skill in the art would have understood that determining whether or not a particular support achieves the so-called "Block Limitation"[1] depends on the design of the support and that there are many supports where no modeling or testing would be required to make such a determination. Modeling and/or testing in cadaver eye studies and/or clinical studies thus is not always required to make such a determination. (Ex. 93 (Downs 9/28 Tr.) 37:11-21, 85:16-87:19, 95:6-16, 130:14-132:4; *see also* Ex. 90 (Downs Reb.) ¶¶1083-1091.) Defendants and their experts have asserted that a POSA would have recognized—without any experimentation or modeling at all—that certain devices would facilitate and not substantially interfere with flow, based solely on the presence of structural attributes that they assert would minimize contact of the support with the walls of Schlemm's canal. (Ex. 87 ('443 IPR Pet.) 30 ("A POSITA would have recognized that these various forms and configurations were designed to facilitate, rather than substantially interfere with, transmural flow across Schlemm's canal."), 39-41 ("Thus, Bergheim discloses devices with very large holes relative to the size of the device in addition to the troughs that all would reduce the surface area contact with the wall and improve aqueous flow."), 50; Ex. 88 ('443 IPR Reynard Decl.) ¶¶69-71 ("These features and shapes would minimize contact of the support with the walls of Schlemm's canal. Thus, [this] support would not

---

[1] Sight would prefer "Flow Limitation" but will use Defendants' term to avoid confusion.

'substantially interfere with transmural flow' or 'significantly block . . . fluid outflow from the trabecular meshwork.'"), 92-93; Ex. 89 (Tanna Op.) ¶¶141, 150, 153-154, 157, 239, 443.) Further, the testimony cited by Defendants from sight's expert Dr. Downs does not support the Defendants' statement, as Dr. Downs was discussing a process for determining an *optimal* design or one that *maximized flow*, as opposed to a process applicable to every device to determine whether it would satisfy the Block Limitation. (Ex. 93 (Downs 9/28 Tr.) 88:15-19 ("to further winnow that set of possible design choices and then . . . at the end, take the most optimized or promising of those candidates and then do a perfusion study"), 100:1-7 ("So what those steps tell you is basically with increasing likelihood which of the device candidates are . . . most likely to allow the maximum outflow from the eye.").)

8. **Not disputed**.

9. **Not disputed**.

10. **Not disputed**.

11. **Not disputed**.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated:  November 2, 2023            *Attorneys for Sight Sciences, Inc.*

30935829.1