IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,

        Plaintiff,

        v.

IVANTIS, INC., ALCON RESEARCH LLC,
ALCON VISION, LLC AND ALCON INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

C. A. No.: 21-1317-GBW-SRF

**JURY TRIAL DEMANDED**

█████████████████████

**Redacted - Public Version Filed on:**
**November  22, 2023**

**SIGHT'S RESPONSES TO ALCON'S ADDITIONAL CONCISE
STATEMENTS OF FACTS IN SUPPORT OF ALCON'S ANSWERING
BRIEF TO SIGHT'S MOTIONS FOR SUMMARY JUDGMENT NO. 2 AND NO. 3**

Pursuant to Paragraph 14(b) of the Scheduling Order (D.I. 93), Plaintiff Sight Sciences,

Inc. submits its Responses to Alcon's Additional Concise Statements of Facts in Support of

Alcon's Answering Brief to Sight's Motions for Summary Judgment No. 2 and No. 3 ("RASOFs"):

       1.       Sight's Response to Alcon's Additional Concise Statement of Facts in Support of

Alcon's Answering Brief to Sight's Motion for Summary Judgment No. 2 ("RASOF2," Ex. 1).

       2.       Sight's Response to Alcon's Additional Concise Statement of Facts in Support of

Alcon's Answering Brief to Sight's Motion for Summary Judgement No. 3 ("RASOF3," Ex. 2).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated: November 16, 2023      *Attorneys for Sight Sciences, Inc.*

2

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-GBW-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **FILD UNDER SEAL** |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | **HIGHLY CONFIDENTIAL** |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SIGHT'S RESPONSE TO ALCON'S
ADDITIONAL CONCISE STATEMENT OF FACTS IN SUPPORT OF ALCON'S
ANSWERING BRIEF TO SIGHT'S MOTION FOR SUMMARY JUDGMENT NO. 2**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

*Attorneys for Sight Sciences, Inc.*

Dated:  November 16, 2023

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800

1. **Disputed in part.**  Sight does not dispute that the Hydrus includes a proximal inlet that bypasses the trabecular meshwork, in addition to having "3 large windows that face the trabecular meshwork to allow aqueous to easily pass through the trabecular meshwork into Schlemm's canal." (Ex. 22 (IVANTIS_SS_00006997) at 7001.)  Sight disputes any assertion expressed or implied by Defendants or their experts that the presence of the Hydrus's inlet bypass prevents or blocks all flow from the trabecular meshwork into Schlemm's canal through any of the Hydrus's windows in an implanted device.  Defendants and their experts have failed to support any such express or implied assertions with analysis or evidence. (*See, e.g.*, Ex. 135 (Iwach Tr.) 82:8-19 ("Q. You've not conducted any perfusion studies with the Hydrus Microstent, correct?  A. No, no, I have not. . . .  Q. Right.  No benchtop testing of any sort with the Hydrus Microstent?  A. No, I have not.  Q. Right.  No mathematical modeling of the Hydrus Microstent?  A. No, I have not done that.").)  Moreover, any such express or implied assertions are inconsistent with Defendants' representations to the FDA and doctors that the Hydrus permits fluid flow through the trabecular meshwork and into Schlemm's canal through the Hydrus's windows.  (*See, e.g.*, Ex. 22 (IVANTIS_SS_00006997) at 7001; Ex. 23 (IVANTIS_SS_00276222) at 276226 ("



"); Ex. 24 (IVANTIS_SS_00074707) at 74723 ("

"); Ex. 25 (IVANTIS_SS_00023750) at 23768.)  Defendants' expert, Dr. Tanna, previously admitted that some flow of aqueous occurs through Hydrus' windows. (*See* Ex. 34 (Tanna *Glaukos* Rpt.) ¶144

(IVANTIS_SS_00172874) at 172932-33 ("While some aqueous may enter Schlemm's canal through the windows of Hydrus . . .").)

2. **Disputed in part.** Defendants' statement that "[w]hen bypass devices are implanted at least partially within Schlemm's canal, the pressure between the anterior chamber and the lumen of Schlemm's canal is equalized" is incorrect because it lacks necessary qualifications and context. Sight agrees that the pressure between the anterior chamber and the lumen of Schlemm's canal equalizes in the region near the bypass when a device with a bypass is implanted at least partially within Schlemm's canal. But whether this statement is true for the entire portion of Schlemm's canal supported by a device inserted at least partially into the canal depends on the design and dimensions of the device. Sight's expert, Dr. Downs, analyzed the fluid mechanics of the Hydrus, which showed that due to the Hydrus's design and dimensions (*i.e.*, having wider window regions separated by narrower spine regions that are spaced apart from the inlet bypass), the pressure between the anterior chamber and the lumen of Schlemm's canal would **not** be equalized in the portions of Schlemm's canal supported by the Hydrus's windows, with the pressure differential most pronounced at Hydrus's most distal window. (*See* Ex. 90 (Downs Reb.) ¶¶168 & n.174, 169-171, 173; Ex. 57 (Downs Reply) ¶54.) Dr. Downs's analysis is consistent with Defendants' representations to the FDA and doctors, as well as Defendants' expert's previous admission, that there is at least some amount of flow through the trabecular meshwork into Schlemm's canal through the windows of the Hydrus. (*See, e.g.*, Ex. 22 (IVANTIS_SS_00006997) at 7001; Ex. 23 (IVANTIS_SS_00276222) at 276226 (" ██████████████████████████████ ██████████████████████████████████████████████████ Ex. 24 (IVANTIS_SS_00074707) at 74723 (" ██████████████████████████ ████████████████████████████████████████████

2

███████████████████████████████████████████████

███████████████████████████████████████████████

████████ "); Ex. 25 (IVANTIS_SS_00023750) at 23768); Ex. 34 (Tanna *Glaukos* Rpt.) ¶144

(IVANTIS_SS_00172874) at 172932-33 ("While some aqueous may enter Schlemm's canal

through the windows of Hydrus . . . .").)  None of Defendants' experts performed any fluid flow

or fluid mechanics analysis to rebut Dr. Downs's analysis or showed that the pressure between the

anterior chamber and the lumen of Schlemm's canal equalizes for the entirety of the lumen of

Schlemm's canal supported by an implanted Hydrus device, particularly the most distal portions

furthest away from the Hydrus inlet.  (*See, e.g.*, Ex. 135 (Iwach Tr.) 82:8-19.)

   3. **Disputed in part.**  Defendants' statement that "[t]here is no flow across the trabecular

meshwork if there is no pressure gradient between the anterior chamber and the lumen of

Schlemm's canal" is incorrect because it lacks necessary qualifications and context.  Sight agrees

that in region(s) of Schlemm's canal where there is no pressure gradient between the anterior

chamber and those region(s) of the canal, there would be no flow across the trabecular meshwork

abutting those region(s).  Sight disagrees with any suggestion, expressed or implied, by Defendants

that there is always a single, uniform pressure gradient between the anterior chamber and the

entirety of the lumen of Schlemm's canal.  Put another way, Sight disagrees that if there is no

pressure gradient between the anterior chamber and one portion of the lumen of Schlemm's canal,

that there is no pressure gradient between the anterior chamber and other portion(s) of the lumen

of Schlemm's canal.  For example, Sight's expert Dr. Downs performed an analysis of the fluid

mechanics of the Hydrus, which showed that while there is no pressure gradient between the

anterior chamber and the portion of Schlemm's canal nearby the Hydrus inlet, there **is** a pressure

gradient between the anterior chamber and Schlemm's canal in the regions supported by the

Hydrus's windows, with the largest pressure gradient occurring at the most distal window furthest from the inlet.  (*See* Ex. 90 (Downs Reb.) ¶¶168 & n.174, 169-171 ("These flow restrictions would lower the pressure in Schlemm's canal ($P_{SC}$) below the pressure in the eye ($P_O$), with the canal lumen adjacent to the third window farthest from the snorkel inlet having the lowest canal pressure. The pressure difference between the anterior chamber of the eye ($P_O$) and the lumen of Schlemm's canal ($P_{SC}$) drives the transmural flow through the trabecular meshwork, so when these pressures are not equal, as would be the case with the Hydrus, transmural pressure and flow are nonzero."), 173; Ex. 57 (Downs Reply) ¶54.)   The existence of a pressure gradient between the anterior chamber and the portions of Schlemm's canal supported by the Hydrus's windows is also necessarily shown by Defendants' representations to the FDA and doctors, as well as Defendants' expert's previous admission, that there is at least some amount of flow through the trabecular meshwork into Schlemm's canal through the windows of the Hydrus.  (*See, e.g.*, Ex. 22 (IVANTIS_SS_00006997) at 7001; Ex. 23 (IVANTIS_SS_00276222) at 276226; Ex. 24 (IVANTIS_SS_00074707) at 74723 ("███████████████████████████ ███████████████"); Ex. 25 (IVANTIS_SS_00023750) at 23768; Ex. 34 (Tanna *Glaukos* Rpt.) ¶144 (IVANTIS_SS_00172874) at 172932-33.)   Neither Defendants nor their experts provided evidence or analysis of the fluid mechanics of the Hydrus that shows that the presence of the Hydrus inlet results in a zero pressure gradient between the anterior chamber and the portions of Schlemm's canal supported by the three Hydrus windows. (*See, e.g.*, Ex. 135 (Iwach Tr.) 82:8-19.)

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated: November 16, 2023          *Attorneys for Sight Sciences, Inc.*

30980949.1

5

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-GBW-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SIGHT'S RESPONSE TO ALCON'S ADDITIONAL
CONCISE STATEMENT OF FACTS IN SUPPORT OF ALCON'S
ANSWERING BRIEF TO SIGHT'S MOTION FOR SUMMARY JUDGMENT NO. 3**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com


*Attorneys for Sight Sciences, Inc.*

Dated:  November 16, 2023

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800

1. **Undisputed but immaterial.** Sight disclosed in its expert reports its assertion that iStent does not constitute prior art. (Ex. 137 (Downs Reb.) ¶¶95-97.) This was Sight's first opportunity to provide such assertions, since prior to serving Dr. Tanna's Opening Expert Report (Ex. 136 (Tanna Op.) ¶¶92, 151, 411, 412, 416, 417, 423, 425, 430, 433, 441, 450, 460, 465, 482.) Defendants had not articulated their basis for asserting that the iStent was prior art.

2. **Undisputed but immaterial**. While Dr. Parrish testified that his recent search of the modern clinicaltrials.gov website shows that clinical trials for iStent started prior to June 6, 2006, the recent search result says nothing about the public use or availability of iStent as of June 6, 2006. (Ex. 55 (Parrish Reb.) ¶60.) Dr. Parrish's cited testimony also says nothing about any features of iStent that were disclosed on the clinicaltrials.gov website.

3. **Undisputed but immaterial**. While Dr. Parrish testified that surgeons involved in clinical trials of iStent were provided instructions on how to use the device, he further testified that such information was not made available to persons of ordinary skill in the art prior to June 6, 2006. (Ex. 138 (Parrish Tr.) at 161:22-162:6 ("So a person of ordinary skill in the art would not have access to the training which would permit them to use Lynch vis-à-vis the type of technique used to implant the iStent, because they did not have access either to the device or the training that would have permitted them to implant that device.").)

4. **Undisputed but immaterial.** Paul Badawi's general awareness of the fact that iStent was in clinical trials does not establish any details about what was publicly known about the iStent device or the clinical trials.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated:  November 16, 2023          *Attorneys for Sight Sciences, Inc.*

30980980.1

2

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on November 16, 2023, I caused to be electronically filed a true and correct copy of Sight's Responses to Alcon's Additional Concise Statements of Facts in Support of Alcon's Answering Brief to Sight's Motions for Summary Judgment No. 2 and No. 3 with the Clerk of the Court using CM/ECF, which will send notification to the following counsel of record:

John W. Shaw
Karen E. Keller
Andrew E. Russell
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

I further certify that on November 16, 2023, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL:**

Gregg LoCascio
Sean M. McEldowney
W. Todd Baker
Justin Bova
Steven Dirks
Socrates L. Boutsikaris
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
gregg.locascio@kirkland.com
sean.mceldowney@kirkland.com
justin.bova@kirkland.com
steven.dirks@kirkland.com
socrates.boutsikaris@kirkland.com

Jeanne M. Heffernan
Kat Li
Austin C. Teng
Ryan J. Melde
Lydia B. Cash
Kirkland & Ellis LLP
401 Congress Avenue
Austin, TX  78701
jheffernan@kirkland.com
kat.li@kirkland.com
austin.teng@kirkland.com
ryan.melde@kirkland.com
lydia.cash@kirkland.com

Ryan Kane
Nathaniel DeLucia
Laura Zhu
Emily C. Sheffield
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
ryan.kane@kirkland.com
nathaniel.delucia@kirkland.com
laura.zhu@kirkland.com
emily.sheffield@kirkland.com

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
brian.verbus@kirkland.com
jake.rambeau@kirkland.com

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
noah.frank@kirkland.com

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)

30976777.1

2