IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C.A. No.: 21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH, LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

# **VERDICT FORM**

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Sight Sciences" refers to Plaintiff Sight Sciences, Inc.;

2. Ivantis and Alcon refers to Defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc.

**QUESTION 1:**

Did Sight Sciences prove by a preponderance of the evidence that Ivantis and Alcon directly infringed any of the following Asserted Claims?

"Yes" is a finding for **Sight Sciences.**

"No" is a finding for **Ivantis and Alcon.**

| CLAIM | YES | NO |
|---|---|---|
| '482 claim 11 | | |
| '482 claim 36 | | |
| '482 claim 42 | | |
| '443 claim 8 | | |
| '443 claim 24 | | |
| '443 claim 58 | | |

**QUESTION 2:**

Did Sight Sciences prove by a preponderance of the evidence that Ivantis and Alcon induced infringement of any of the following Asserted Claims?

"Yes" is a finding for **Sight Sciences.**

"No" is a finding for **Ivantis and Alcon.**

| CLAIM | YES | NO |
|---|---|---|
| '361 claim 3 | | |
| '742 claim 1 | | |
| '328 claim 14 | | |
| '328 claim 18 | | |

3

If you Answered "Yes" for **any** of the claims in Questions 1 or 2, THEN answer Question 3. Otherwise, do not answer Question 3, and instead please proceed to the next page of this Verdict form containing Question 4.

**QUESTION 3:**

Did Sight Sciences prove by a preponderance of the evidence that Ivantis and Alcon's infringement of any of the claims of the Asserted Patents was willful?

    "Yes" is a finding for **Sight Sciences.**

    "No" is a finding for **Ivantis and Alcon.**

**Yes: _____**　　　　**No: _____**

**QUESTION 4:**

Did Ivantis and Alcon prove by clear and convincing evidence that any of the following Asserted Claims are invalid as anticipated by prior art?

"Yes" is a finding for **Ivantis and Alcon.**

"No" is a finding for **Sight Sciences.**

| CLAIM | YES | NO |
|---|---|---|
| '443 claim 8 | | |
| '742 claim 1 | | |

**QUESTION 5:**

Did Ivantis and Alcon prove by clear and convincing evidence that any of the following Asserted Claims are invalid as obvious in view of the prior art?

"Yes" is a finding for **Ivantis and Alcon.**

"No" is a finding for **Sight Sciences.**

| CLAIM | YES | NO |
|---|---|---|
| '482 claim 11 | | |
| '482 claim 36 | | |
| '482 claim 42 | | |
| '443 claim 8 | | |
| '443 claim 24 | | |
| '443 claim 58 | | |
| '361 claim 3 | | |
| '742 claim 1 | | |
| '328 claim 14 | | |
| '328 claim 18 | | |

**QUESTION 6:**

Did Ivantis and Alcon prove by clear and convincing evidence that any of the following Asserted Claims are invalid for lack of enablement?

"Yes" is a finding for **Ivantis and Alcon.**

"No" is a finding for **Sight Sciences.**

| CLAIM | YES | NO |
|---|---|---|
| '482 claim 11 | | |
| '482 claim 36 | | |
| '482 claim 42 | | |
| '443 claim 8 | | |
| '443 claim 24 | | |
| '443 claim 58 | | |

**QUESTION 7:**

Did Ivantis and Alcon prove by clear and convincing evidence that any of the following Asserted Claims are invalid for lack of adequate written description?

"Yes" is a finding for **Ivantis and Alcon.**

"No" is a finding for **Sight Sciences.**

| CLAIM | YES | NO |
|---|---|---|
| '482 claim 11 | | |
| '482 claim 36 | | |
| '482 claim 42 | | |
| '443 claim 8 | | |
| '443 claim 24 | | |
| '443 claim 58 | | |

If you:

    A. Answered "Yes" for **any** of the claims in Questions 1 or 2,

           **AND**

    B. Answered "No" for any of those **same claims** in Questions 4, 5, 6, and 7,

THEN answer Questions 8, 9, and 10.


Otherwise, do not answer Questions 8, 9, and 10 and instead please proceed to the final page of this Verdict Form and sign and date that page.

**QUESTION 8:**

What amount of damages has Sight Sciences proven, by a preponderance of the evidence, that it is entitled to for lost profits, if any, as a result of Ivantis and Alcon's infringement of the Asserted Patents between the launch of the Accused Product in August 2018 and the present?

    Lost Profit Damages: $ _____

**QUESTION 9:**

What amount of damages, that you did not already take into account in determining lost profits in Question 8, has Sight Sciences proven, by a preponderance of the evidence, that it is entitled to as a reasonable royalty for Ivantis and Alcon's infringement of the Asserted Patents between the launch of the Accused Product in August 2018 and the present?

    Reasonable Royalty Damages: $ _____

**[Sight Science's Proposal: QUESTION 10:**

If your basis for awarding reasonable royalty damages was a royalty per unit of Accused Product, (e.g., dollars per unit), identify the per-unit royalty below. If your basis for awarding reasonable royalty damages was not a royalty per unit, do not answer this question (leave it blank).

      Royalty per Accused Product: $_____][1]

---

[1] **Ivantis and Alcon's Position**: The jury need not accept either side's damages proposals, including their proposed reasonable royalty structures, and may come up with their own. This question puts too heavy an emphasis on a per-unit royalty rate, which the jury may not even award, and assumes the jury will award a per-unit rate that is at least multiple dollars per unit. Moreover, to the extent Sight intends to use this question to set an ongoing royalty rate, the issue of future royalties is a question for the judge, not the jury. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 2016 WL 11726241, at *1 (Fed. Cir. Oct. 14, 2016); *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315-16 (Fed. Cir. 2007) (holding a party was not entitled to a jury trial to determine the amount of the ongoing royalty rate); *see also Allergan Sales, LLC v. UCB, Inc.*, 2016 WL 8222619, at *2 (E.D. Tex. Nov. 7, 2016) ("Any opinion on a future royalty that may accrue from infringement that has not yet occurred … is properly excludable under Rule 702(a) as being contrary to law or as not helpful to the trier of fact to determine "a fact in issue."); *Arconic Corp. v. Novelis Inc.*, No. CV 17-1434, 2022 WL 17082378 (W.D. Pa. Nov. 18, 2022) (similar). Further, as is clear from the cases cited by Sight Sciences, a separate question inquiring about potential royalty per unit is not needed to determine an ongoing royalty rate should the Court reach that decision, as the Court is fully capable of calculating an ongoing royalty rate itself from the jury's total reasonable royalty damages award. *See EMC Corp. v. Zerto, Inc.*, No. 12-956-GMS, 2017 WL 3434212, at *3 (D. Del. Aug. 10, 2017) (calculating royalty rates based on the jury's total award of $585,783.00); *EMC Corp. v. Zerto, Inc.*, No. 12-956-GMS, D.I. 212 (D. Del. May 11, 2015).

**Sight Sciences' Position:** Sight Sciences' question is phrased to account for the possibility that the jury may not accept either side's damages proposal by specifying that this question should be answered if the "basis for awarding reasonable royalty damages was a royalty per unit of Accused Product." Moreover, it is well established (and Defendants do not dispute) that it is proper to include a question for the jury to identify any per unit rate relied upon to determine a reasonable royalty award, *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (discussing verdict form that inquired as to rate, if any, applied by the jury to determine reasonable royalty award); *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 907, 914 (Fed. Cir. 2022) (discussing rate per unit awarded by jury, and affirming that the district court properly excluded a lump-sum instruction); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1208 (Fed. Cir. 2010) ("The jury awarded Finjan $9.18 million, consisting of a 16% royalty on $49,000,000 of Webwasher software sales, an 8% royalty on $3,250,000 of Webwasher appliance sales, and an 8% royalty on $13,500,000 of Cyberguard TSP appliance sales. Joint Special Verdict Form 10.") and that this number may be considered by the Court to determine future royalties in the event that the Court exercises its discretion to deny Sight Sciences' request for injunctive relief, *e.g.*,

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. Each juror should then sign the verdict form in the spaces below. The foreperson should date the form and notify the Court Security Officer that you have reached a unanimous verdict.

The foreperson should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

_____  _____
Jury Foreperson                                         Juror

_____  _____
Juror                                                            Juror

_____  _____
Juror                                                            Juror

_____  _____
Juror                                                            Juror

Dated: _____

31442266.1

---

*Purewick Corp. v. Sage Products, LLC*, 666 F. Supp. 3d 419, 449 (D. Del. 2023) ("Generally, the jury's damages award is a starting point for evaluating ongoing royalties." (quoting *Apple, Inc. v. Samsung Electronics,* Co., No. 12-00630-LHK, 2014 WL 6687122, at *14 (N.D. Cal. Nov. 25, 2014)); *ArcherDX, LLC v. Qiagen Sciences, LLC*, No. 18-1019-MN, 2022 WL 4597877, at *15 (D. Del. Sept. 30, 2022) (same); *EMC Corp. v. Zerto, Inc.*, No. 12-956-GMS, 2017 WL 3434212, at *3 (D. Del. Aug. 10, 2017) (relying on royalty rates determined by jury as a starting point to determine ongoing royalty rate).