## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SIGHT SCIENCES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>IVANTIS, INC., ALCON RESEARCH LLC,<br>ALCON VISION, LLC, and ALCON INC.,<br><br>    Defendants. | C.A. No. 21-1317-JLH-SRF |

## <u>ORDER AFTER PRETRIAL CONFERENCE</u>

Now, this 2nd day of April, 2024, upon consideration of the Proposed Joint Pretrial Order (D.I. 403) and for the reasons extensively discussed at the Pretrial Conference held on March 22, 2024, **IT IS HEREBY ORDERED** that:

1. The Proposed Joint Pretrial Order (D.I. 403) will be ADOPTED as modified by this order and any discussions at the March 22, 2024 Pretrial Conference, which the parties are expected to incorporate into a revised pretrial order that must be filed on or before April 8, 2024. The parties should consult the transcript of the Pretrial Conference for a full understanding of the Court's rulings.

2. A jury trial will begin with jury selection and preliminary jury instructions by a Magistrate Judge on April 19, 2024.  Opening statements will begin on April 22, 2024, at 9:00 a.m.  Each party should be prepared to present its case until at least 4:30 p.m. of each trial day.

3. The trial is timed.  Each side is allowed 11.5 hours for its opening statement, its direct and cross examination of witnesses, and its closing argument.  Time during the trial day that does not neatly fit into one of those categories will be attributed to one side or the other as the

Court thinks most appropriate.  Each side must reserve 1 hour (of its 11.5 hours) for its closing argument.

4.      Trial counsel must be present and ready to proceed at 8:30 a.m. on April 19, 2024, and on each and every day thereafter of trial.  Counsel should understand that there may be long lines to enter the courthouse (particularly when the jury is being selected) and should plan accordingly.  There will be up to an hour for lunch and a fifteen-minute break in both the morning and the afternoon.

5.      Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m., at the lunch break, at the end of the day, or at such other time that the Court determines.  As explained at the Pretrial Conference, issues related to deposition designations must be brought to the attention of the Court's Courtroom Deputy by 6:00 p.m. the night before the witness is to be called.  The parties shall provide the Court with the following: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.  Other issues, including objections to anticipated exhibits or demonstratives, must be brought to the Court's attention by 7:00 a.m. on the day on which the evidence/demonstrative objected to will be presented.

6.      As explained at the Pretrial Conference, the parties must provide the Court on or before noon on Friday, April 19, with electronic versions of all trial exhibits on the exhibit list in a single folder.  The trial exhibits should be named with their exhibit numbers (i.e., JTX, PTX, or DTX) and organized in ascending numerical order.  Additionally, if a party utilizes a witness

binder for direct or cross-examination, the party shall provide to the Court two additional copies of the binder.

7.      On or before April 19, 2024, the parties must file a letter attaching a list of witness names and a glossary of technical terms for the court reporter.

8.      The Court expects to hold a charge conference after the close of testimony on April 23, 24, or 25, 2024.  Unless otherwise ordered, Plaintiff is responsible for the preparation and revising of the jury instructions and verdict form that will be given to the jury.  The Court expects to give the bulk of the jury instructions before the closing arguments are made.

9.      The pending motions for summary judgment, motions *in limine* ("MILs"), and *Daubert* motions were discussed at the pretrial conference.  Most were resolved.  Plaintiff's motions for partial summary judgment of infringement and partial summary judgment regarding certain prior art (D.I. 289) were DENIED.  Defendants' motions for summary judgment (D.I. 296) on the issues of enablement, written description, indefiniteness, and obviousness-type double patenting were DENIED.  The parties were directed to meet and confer and thereafter inform the Court how they propose to proceed with the obviousness-type double patenting defense.  Plaintiff's first *Daubert* motion (D.I. 289) seeking to exclude Dr. Iwach's "transition zone is straight" opinion was DENIED.  Plaintiff's second *Daubert* motion (*id*.) seeking to exclude Dr. Joseph Izatt's "30% of C" opinion as to certain prior art references and Dr. Tanna's opinions relying thereon was DENIED.  Defendants' first *Daubert* motion (D.I. 293) seeking to exclude Mr. Jarosz's opinions relying on a questionnaire was resolved by the parties prior to the Pretrial Conference.  Defendants' second *Daubert* motion (*id*.) seeking to exclude Mr. Jarosz's lost profits opinion because it relies on unreliable incremental cost data was DENIED.  Defendants' third *Daubert* motion (*id*.) seeking to exclude Mr. Jarosz's price premium analysis was DENIED.  Defendants' fifth *Daubert* motion

(*id.*) seeking to exclude Mr. Jarosz's and Dr. Downs's opinions relying on the *Glaukos* settlement agreement was DENIED. Defendants' seventh *Daubert* motion (*id.*) seeking to exclude Dr. Downs's testimony relating to certain claim limitations was DENIED. To the extent a party contends that there is an underlying claim construction dispute that needs to be resolved by the Court—if such dispute has not already been resolved, waived, or forfeited—it must be expressly raised with the Court so that the jury may be instructed appropriately. Defendants' eighth *Daubert* motion (*id.*) seeking to exclude Dr. Downs's strain analysis was DENIED. Plaintiff's first MIL (D.I. 403, Ex. 13A) seeking to exclude evidence and argument regarding Defendants' own patents and applications related to the accused Hydrus product was DENIED. If requested at the appropriate time and depending on how the evidence is presented, the Court will consider providing the jury with a curative instruction. Plaintiff's second MIL (*id.*, Ex. 13B) seeking to exclude evidence that Plaintiff intentionally drafted patent claims to cover the Hydrus product was DENIED. If requested at the appropriate time and depending on how the evidence is presented, the Court will consider providing the jury with a curative instruction. Plaintiff's third MIL (*id.*, Ex. 13C) seeking to exclude evidence and argument regarding a withdrawn Medicare Administrative Contractor coverage determination for Plaintiff's OMNI product was GRANTED. Defendants' first MIL (*id.*, Ex. 14A) seeking to exclude evidence and argument regarding Defendants' IPR Petitions was GRANTED; in light of that ruling, the parties are to meet and confer regarding Plaintiff's fourth *Daubert* motion (D.I. 289) seeking to exclude the expert testimony of Mr. Kunin and Defendants' sixth *Daubert* motion (D.I. 293) seeking to exclude certain opinions of Dr. Downs that Defendants allege are outside his expertise. Defendants' second MIL (D.I. 403, Ex. 14B) seeking to preclude Plaintiff from referencing Defendants' lack of an opinion of counsel

or freedom-to-operate opinion was GRANTED.  Defendants' third MIL (*id*., Ex. 14C) seeking to exclude evidence and argument regarding the escrow indemnity fund was GRANTED.

10.     The Court reserved judgment on Plaintiff's third *Daubert* motion (D.I. 289), seeking to exclude opinions of Dr. Becker, Dr. Iwach, and Mr. Meyer regarding non-infringing alternatives, and Defendants' fourth *Daubert* motion (D.I. 293), seeking to exclude Dr. Downs's and Mr. Jarosz's respective apportionment analyses.  The Court will resolve those motions in due course.

11.     The parties agreed to provide lunch for the jurors.  The parties should coordinate with the Courtroom Deputy regarding logistics for lunch.  Any other trial logistics should also be coordinated through the Courtroom Deputy.

12.     On or before April 12, 2024, the parties—including the decisionmakers for each side—must make a good faith attempt to resolve the case through settlement.

Date:   April 2, 2024

_____
The Honorable Jennifer L. Hall
United States District Judge