## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,

      Plaintiff,

      v.

IVANTIS, INC., ALCON RESEARCH, LLC,
ALCON VISION, LLC AND ALCON INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

C. A. No.:  21-1317-JLH-SRF

**JURY TRIAL DEMANDED**

~~FILED UNDER SEAL~~

### REVISED ~~PROPOSED~~ JOINT PRETRIAL ORDER[1]

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
Stephanie N. Vangellow (No. 7277)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com
svangellow@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

SHAW KELLER LLP
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

KIRKLAND & ELLIS LLP
Gregg LoCascio
Steven Dirks
Socrates L. Boutsikaris
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
401 Congress Avenue
Austin, TX  78701
(512) 678-9100

---

[1] The parties have revised the Proposed Joint Pretrial Order as ordered by the Honorable Judge Hall and to further narrow the case. *See* D.I. 430.

Orion Armon
Eamonn Gardner
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 842-7800

*Attorneys for Sight Sciences, Inc.*

Dated: April 8, 2024

Emily C. Sheffield
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Ivantis, Inc., Alcon Research LLC,
Alcon Vision, LLC and Alcon Inc.*

# TABLE OF CONTENTS

**Page**

I.  NATURE OF THE CASE AND PLEADINGS .................................................. 1
    A.  The Parties .............................................................................. 1
    B.  Pleadings ................................................................................ 2
    C.  The Asserted Claims ............................................................... 3
    D.  Claim Construction Order ....................................................... 3
    E.  Supplemental Expert Reports ................................................. 4

II.  JURISDICTION ........................................................................................ 4

III.  JOINT STATEMENT OF UNCONTESTED FACTS ...................................... 5

IV.  PARTIES' STATEMENTS OF CONTESTED FACTS TO BE LITIGATED ...... 5

V.  PARTIES' STATEMENTS OF ISSUES OF LAW TO BE LITIGATED ........... 5

VI.  EXHIBITS ............................................................................................... 6
    A.  Demonstrative Exhibits ........................................................... 9
    B.  Trial Exhibits ........................................................................ 11

VII.  WITNESSES ........................................................................................... 12
    A.  Witness Lists ......................................................................... 12
    B.  Testimony by Deposition ....................................................... 14

VIII.  BRIEF STATEMENTS OF INTENDED PROOFS ....................................... 16
    A.  Sight's Statement of Intended Proof ...................................... 16
    B.  Defendants' Statement of Intended Proof .............................. 18

IX.  DESIRED AMENDMENTS TO THE PLEADINGS ...................................... 18

X.  CERTIFICATIONS OF SETTLEMENT DISCUSSIONS .............................. 18

XI.  MOTIONS *IN LIMINE* ............................................................................. 19

XII.  OTHER MATTERS .................................................................................. 19
    A.  Length of Trial ...................................................................... 19
    B.  Voir Dire, Jury Instructions, and Verdict Form ...................... 20
    C.  Jurors and Jury Procedures ................................................... 20
    D.  Objections to Expert Testimony ............................................. 21
    E.  Set-Up of Electronic and Computer Equipment ..................... 21
    F.  Handling of Confidential Information at Trial ......................... 21
    G.  Sequestration of Witnesses .................................................... 22

H.    Judgment as a Matter of Law .............................................................. 22

I.     Other Stipulations ............................................................................... 23

J.     Post-Trial Status Report and Motions ................................................. 24

K.    Order to Control Course of Action ...................................................... 24

L.     Dispute Resolution Procedures ........................................................... 24

M.    Obviousness-Type Double Patenting ................................................... 25

### List of Exhibits to the Proposed Joint Pretrial Order 

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Joint Statement of Uncontested Facts |
| Exhibit 2 | Plaintiff's Statement of Contested Facts to be Litigated |
| Exhibit 3 | Defendants' Statement of Contested Facts to be Litigated |
| Exhibit 4 | Plaintiff's Statement of Issues of Law to be Litigated |
| Exhibit 5 | Defendants' Statement of Issues of Law to be Litigated |
| Exhibit 6 | Joint Trial Exhibit List (JTX) |
| Exhibit 7 | Plaintiff's Trial Exhibit List (PTX) (including Defendants' objections) |
| Exhibit 8 | Defendants' Trial Exhibit List (DTX) (including Plaintiff's objections) |
| Exhibit 9 | Plaintiff's Witness List (including Defendants' objections) |
| Exhibit 10 | Defendants' Witness List (including Plaintiff's objections) |
| Exhibit 11 | Plaintiff's Deposition Designations (including Defendants' objections and counter-designations and Plaintiff's objections to counter-designations and counter-counter-designations) |
| Exhibit 12 | Defendants' Deposition Designations (including Plaintiff's objections and counter-designations and Defendants' objections to counter-designations and counter-counter-designations) |
| Exhibit 13A | Plaintiff's Motion *in Limine* No. 1 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 13B | Plaintiff's Motion *in Limine* No. 2 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 13C | Plaintiff's Motion *in Limine* No. 3 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 14A | Defendants' Motion *in Limine* No. 1 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 14B | Defendants' Motion *in Limine* No. 2 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 14C | Defendants' Motion *in Limine* No. 3 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 15 | Transcript from March 22, 2024 Final Pretrial Conference |

\* See D.I. 435.

## I.   NATURE OF THE CASE AND PLEADINGS

1.     This is an action for patent infringement wherein Plaintiff Sight Sciences, Inc. ("Sight") alleged that Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Defendants") infringe U.S. Patent Nos. 8,287,482 (the "'482 Patent"); 9,370,443 (the "'443 Patent"); 9,486,361 (the "'361 Patent"); 10,314,742 (the "'742 Patent"); and 11,389,328 (the "'328 Patent") (collectively, the "Asserted Patents"). Sight has reduced asserted patents and claims, and as a result of those reductions, no longer asserts the '361 or '742 Patents in this lawsuit.

2.     The technology-at-issue involves devices and methods for use in minimally invasive glaucoma surgery ("MIGS"). The products accused of infringement are Defendants' Hydrus® Microstent (the "Hydrus") and the accompanying Hydrus Microstent Delivery System and Instructions for Use (collectively, "the Accused Products").

3.     The final pretrial conference occurred on March 22, 2024. The transcript of that conference is attached hereto as **Exhibit 15**. A five-day trial is scheduled to begin on April 22, 2024, with jury selection by Magistrate Judge Sherry R. Fallon occurring on April 19, 2024. *See* D.I. 430.

### A.     The Parties

4.     Sight Sciences, Inc. Plaintiff Sight is a corporation organized under the laws of Delaware with its corporate headquarters at 4040 Campbell Ave., Suite 100, Menlo Park, CA 94025.

5.     Ivantis, Inc. Defendant Ivantis, Inc. ("Ivantis") is a corporation organized under the laws of Delaware with its corporate headquarters at 201 Technology Dr., Irvine, CA 92618. Ivantis is a wholly owned subsidiary of Alcon Research, LLC.

6.     The Alcon Entities. Defendants Alcon Research, LLC, Alcon Vision, LLC, and

*All exhibits are found at A.I. 435.

Alcon Inc. are referred to collectively herein as "the Alcon Entities." Defendant Alcon Research, LLC ("Alcon Research") is a limited liability company organized under the laws of Delaware with its principal place of business at 6201 South Freeway, Fort Worth, TX 76134. Alcon Research is an indirect, wholly owned subsidiary of Alcon Inc. Defendant Alcon Vision, LLC ("Alcon Vision") is a limited liability company organized under the laws of Delaware with its principal place of business 6201 South Freeway, Fort Worth, TX 76134. Alcon Vision is an indirect, wholly owned subsidiary of Alcon Inc. Defendant Alcon Inc. is a corporation organized under the laws of Switzerland with its principal office at Rue Louis-d'Affry 6, 1701 Fribourg, Switzerland. Alcon Inc. is also registered under the corporate name Alcon SA.

### B.   Pleadings

7.      On September 16, 2021, Sight filed a complaint for patent infringement against Ivantis alleging infringement of the '482 Patent, the '443 Patent, the '361 Patent, and the '742 Patent. (D.I. 1.)

8.      On November 24, 2021, Ivantis filed a motion to dismiss for failure to state a claim. (D.I. 13.) On December 15, 2021, Sight filed a First Amended Complaint, including additional factual allegations regarding direct and willful infringement. (D.I. 19.) Ivantis then withdrew its motion to dismiss on December 22, 2021 (D.I. 21) and filed an answer and counterclaims on January 24, 2022 (D.I. 22). On February 18, 2022, Sight filed an answer to Ivantis's counterclaims. (D.I. 26.)

9.      On August 1, 2022, Sight filed a Second Amended Complaint ("SAC") adding allegations regarding infringement of the newly issued '328 patent, and adding the Alcon Entities as defendants. (D.I. 59.) On September 15, 2022, Defendants filed their answer to the SAC and counterclaims for declaratory judgment of noninfringement and invalidity of the Asserted Patents. (D.I. 77.) On October 6, 2022, Sight filed its answer to Defendants' counterclaims, denying every

2

allegation. (D.I. 83.)

10.     The operative pleadings in this case are D.I. 59, D.I. 77, and D.I. 83.

**C.     The Asserted Claims**

11.     Sight currently alleges that Defendants infringe the following claims of the

Asserted Patents (collectively, "Asserted Claims")[2]:

| Patent | Asserted Claims |
|---|---|
| '482 Patent | 11 |
| '443 Patent | 8, 24, 58 |
| '328 Patent | 18 |

**D.     Claim Construction Order**

12.     Magistrate Judge Sherry Fallon held a *Markman* hearing on February 9, 2023 and

issued a Report and Recommendation regarding claim construction on March 9, 2023 (D.I. 134),

which was adopted by Judge Gregory Williams on August 17, 2023. (D.I. 273). On September

19, 2023, Judge Williams entered a Claim Construction Order (D.I. 287) construing the below

terms in the Asserted Patents as follows:

| Term | Court's Construction |
|---|---|
| "support"<br><br>('482 patent, claims 1; '443 patent, claims 1, 58; '328 patent, claim 1)[3] | Plain and ordinary meaning, i.e., "a structure that props something open" or "a prop" |
| "arcuate member"<br><br>('443 patent, claims 1, 58; '328 patent, claim 1) | "a structure having one or more curved portions" |
| "fluid may traverse the canal without substantial interference from the support" / "support does not substantially interfere | "the support does not significantly block either fluid outflow from the trabecular meshwork or fluid outflow to the collector channels" |

---

[2] Sight has narrowed the number of asserted patents to three patents, and the number of asserted claims to five claims.

[3] The listing of claims in this chart includes the Asserted Claims as well as the independent claims from which the Asserted Claims depend.

| | |
|---|---|
| with the [longitudinal / transmural] flow" / "does not significantly block fluid outflow"<br><br>('482 patent, claims 1; '443 patent, claims 1, 58;) | |
| "wherein when the support is [disposed / inserted] within a cylindrical section of the lumen of the canal having an internal wall surface area C, the support contacts less than 30% of [the surface area of] C"<br><br>('482 patent, claim 1; '443 patent, claims 1, 58) | "wherein when the support is disposed within a section of Schlemm's canal, the internal wall surface area C of that section is estimated by viewing the inside of Schlemm's canal as a slightly arcuate cylinder having length L, extending circumferentially from a first end $X_1$ to a second end $X_2$ of the support, and inside radius $R_i$, and the support contacts less than 30% of [the surface area of] C." |
| "wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal [such that at least a portion of the arcuate member extends out of Schlemm's canal]"<br><br>('443 patent, claims 1, 58; '328 patent, claim 1) | Plain and ordinary meaning, i.e., at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal (which persons of ordinary skill in the art knew or could measure) [such that at least a portion of the arcuate member extends out of Schlemm's canal]. |
| "discontinuous along a perimeter of the lumen of the canal"<br><br>('482 patent, claim 1) | Plain and ordinary meaning, i.e., that contact between the support and a wall of the canal is "interrupted by a non-contact point along a perimeter of the lumen of the canal." |

**E.    Supplemental Expert Reports**

13.    Fact discovery closed on June 29, 2023, and expert discovery closed on September 28, 2023.  (D.I. 93, ¶ 2.)  On February 6, 2024, Defendants served a Supplemental Expert Report of Dr. Angelo Tanna on the Invalidity of the Asserted Patents; in response, on March 4, 2024, Sight served a Supplemental Expert Report of Dr. J. Crawford Downs on Invalidity of the Asserted Patents.  Pursuant to the parties' stipulations, D.I. 374 & 425, the parties' respective damages experts served supplemental reports updating their respective damages calculations through trial.

**II.    JURISDICTION**

14.    This Court has federal question jurisdiction over this action because it arises under

the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  No party contests subject matter jurisdiction for this action, which is based on 28 U.S.C. §§ 1331, 1338(a).  No party contests personal jurisdiction in this action.

15.     No party contests venue for purposes of this action in this Court.

**III.     JOINT STATEMENT OF UNCONTESTED FACTS**

16.     The parties' joint statement of facts that are admitted and require no proof is attached as **Exhibit 1**.

**IV.     PARTIES' STATEMENTS OF CONTESTED FACTS TO BE LITIGATED**

17.     Sight's statement of issues of fact that remain to be litigated is attached as **Exhibit 2**.

18.     Defendants' statement of issues of fact that remain to be litigated is attached as **Exhibit 3**.

19.     If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be so considered as an issue of law.

20.     The parties reserve the right to modify or supplement their respective statements of contested facts that remain to be litigated to the extent necessary to reflect agreements between the parties or the Court's rulings on any motions or subsequent orders of the Court.

**V.     PARTIES' STATEMENTS OF ISSUES OF LAW TO BE LITIGATED**

21.     Sight's statement of issues of law that remain to be litigated is attached as **Exhibit 4**.

22.     Defendants' statement of issues of law that remain to be litigated is attached as **Exhibit 5**.

23.     If any statement in a party's statement of issues of law that remain to be litigated

should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

24.     The parties reserve the right to modify or supplement their respective statements of issues of law that remain to be litigated to the extent necessary to reflect agreements between the parties or the Court's rulings on any motions or subsequent orders of the Court.

## VI.     EXHIBITS

25.     The parties propose a joint trial exhibit list attached as **Exhibit 6**.  The parties' joint trial exhibits will be identified by JTX numbers, starting with JTX0001.

26.     Sight's trial exhibit list, including Defendants' objections to Sight's exhibits, is attached as **Exhibit 7**.  Sight's trial exhibits will be identified with PTX numbers, starting with PTX0001.

27.     Defendants' trial exhibit list, including Sight's objections to Defendants' exhibits, is attached as **Exhibit 8**.  Defendants' trial exhibits will be identified with DTX numbers, starting with DTX0001.

28.     Except for exhibits to be used solely for purposes of impeachment, the items listed in Exhibits 6, 7, and 8 comprise the exhibits that may be introduced at trial.  All documents, whether offered during direct or cross-examination, must be included on a trial exhibit list to be admitted into evidence and any document not listed in Exhibits 6, 7, and 8 will not be admitted into evidence at trial, absent good cause shown.  The parties must submit electronic copies of all trial exhibits to the Court no later than Noon Eastern Time on the Friday before trial begins.

29.     Sight and Defendants each reserve the right to offer exhibits set forth on the other's exhibit list, even if not set forth on their own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party.  All objections to such exhibits are preserved.  A party shall not remove a document once it has been added to the party's

exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

30.     While the parties have attempted in good faith to provide complete exhibit lists, the parties agree that supplementation of exhibit lists shall be permitted until Monday, April 15 at 11:59 p.m., and thereafter only for good cause and with the Court's approval.

31.     Exhibits that are offered into evidence at trial and have no objections shall be received in evidence by operation of this Order, without any need for further foundation testimony, provided they are used with a witness whether appearing live or by deposition.  Should a party inadvertently fail to formally move an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits may be moved into evidence, subject to objection, promptly thereafter.

32.     Exhibits may not be published, displayed or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.  Any exhibit, once admitted, may be used equally by each party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. Admissions by a party from any interrogatory responses, other discovery responses, or answers to pleadings may also be read into the record at trial, provided the party seeking to read such interrogatory responses, discovery responses, or answers to pleadings provides notice of the particular portions of such it intends to read into the record by 6:30 pm one day prior.  Any objections will be made by 8:00 pm that evening and the parties shall meet and confer at 9:00 pm. If any objections are still outstanding, the parties will raise them to the Court prior to reading such documents into the record in the manner set forth in Section XII.L.

33.     Any documents, deposition transcripts, or other items not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment, if otherwise competent for such purposes.

34.     The parties stipulate to the authenticity of the documents listed in the attached exhibit lists unless such objections are specifically and expressly preserved therein.  The parties further agree that they will not dispute the authenticity of any document that was produced by the parties during discovery, which on its face appears to have been authored or received by an employee, officer, or agent of the producing party in the ordinary course of business, and that such documents shall be deemed *prima facie* authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe that the document is not authentic.  For the avoidance of doubt, no party will object on the basis of authenticity to documents authored and maintained in the ordinary course of business and produced by either party.

35.     The parties reserve the right to object to the introduction into evidence of the documents and files referenced in the preceding paragraph (in whole or in part) on all other grounds, including the admissibility of these documents for reasons other than challenging their authenticity.

36.     The parties agree that any description or date for a document reflected on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the content or date of the listed document or any other listed documents.

37.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof.  Electronic versions of document exhibits in their native format, such as

spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will timely exchange replacement versions and/or native versions of exhibits prior to use in trial.

38.     In order to reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a party may substitute one exhibit for the other, provided the party provides notice of such substitution by 6:30 pm the day prior to its use. In addition, the parties shall promptly meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

39.     None of the foregoing stipulations abrogates the requirement that the party offering an exhibit into evidence must satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedures, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation. The parties shall meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

40.     The parties shall meet and confer on the agreed-upon pretrial schedule regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

A.     **Demonstrative Exhibits**

41.     The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits. Each demonstrative exhibit shall identify by exhibit number and/or Bates number all trial exhibits that form the basis of the demonstrative exhibit. Demonstratives shall be submitted to the Court at the end of trial and included in the record for appeal. Sight's demonstrative exhibits will be identified with PDX numbers, starting with PDX0001. Defendants' demonstrative exhibits will be identified with DDX numbers, starting with

9

DDX0001.

42.     For videos or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation.  For irregularly sized physical exhibits, the party seeking to use a physical exhibit demonstrative will serve a color representation as a PDF 8.5" x 11" copy of the physical exhibit.  Each party will exchange full color PDF files of demonstrative trial exhibits by e-mail in accordance with the schedules set out below.

43.     **Demonstratives for Opening Statements**:  The parties will exchange demonstratives and a list of exhibits to be used in opening statements by 5:00 p.m. two days before opening statements.  The parties will provide any objections to such demonstratives by 12:00 p.m. the day before opening statements.  The parties shall meet and confer to resolve any objections for opening statements at 3:00 p.m. the day before opening statements.

44.     **Demonstratives for Direct Examinations**:  A party will provide demonstrative exhibits to be used in connection with direct examination of a witness by 6:30 p.m. the day before their intended use, and objections will be provided no later than 8:00 p.m. the day before their intended use.  The parties shall meet and confer to resolve any objections to the demonstratives for direct examination at 9:00 p.m. the day before their intended use.

45.     **Demonstratives for Closing Statements**:  A party will provide demonstratives to be used in closing statements, including any demonstratives Plaintiff intends to use in rebuttal, by

*[handwritten: 11:30 p.m.]*

~~[Sight's Proposal: 10:00 p.m.]~~[4] ~~[Alcon and Ivantis's Proposal: 11:59 p.m.]~~[5] the day before closing statements.  However, the parties do not need to exchange any non-argumentative slides that display and cite to an admitted exhibit or trial testimony, nor do the parties need to exchange any demonstratives that were used in any prior examinations or opening statements. Demonstratives for closing statements are not subject to the dispute resolution procedures outlined in § XII.L, *infra*.  Objections will be provided by *[handwritten: 12:30 a.m.]* ~~[Sight's Proposal: 10:45 p.m.] [Alcon and Ivantis's Proposals: 1:00 a.m. the day of closing statements.]~~ The parties will meet and confer to resolve any objections to closing statements at *[handwritten: 1:00 a.m.]* ~~[Sight's Proposal: 11:15 p.m.] [Alcon and Ivantis's Proposal: 1:00 a.m.]~~  If there are any outstanding objections after the parties meet and confer, *[handwritten: both sides]* ~~the objecting party~~ will provide their position *[handwritten: (s)]* promptly at the end of the meet-and-confer, ~~and in no event later than [Sight's Proposal: 11:45 p.m.] [Alcon and Ivantis's Proposal: 2:30 a.m.], and the responding party shall provide its responsive positions by [Sight's Proposal: 12:30 a.m.] [Alcon and Ivantis's Proposal: 3:00 a.m.]~~.  By 7:00 a.m., Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any unresolved

[4] **Sight's Position:**  Sight's proposal promotes efficient identification and resolution of disputes regarding demonstratives for closing statements.  Alcon and Ivantis should have sufficient time to revise their demonstratives in light of Mr. Jarosz's testimony, as he will be testifying in the morning on Thursday.  Defendants will not be prejudiced, as the parties will be impacted equally by the schedule; for example, Sight will need to make any edits to its closing demonstratives in light of testimony later in the day on Thursday from Alcon and Ivantis's experts, Mr. Meyer and Ms. Becker.

[5] **Alcon and Ivantis's Position:** Sight Sciences' proposed exchange schedule is unworkable.  It will be hard enough for the parties to exchange demonstratives less than 7.5 hours after the end of the court day, and Sight's proposal requires exchanging demonstratives in less than 5.5 hours, and likely even shorter depending on when Court adjourns and counsel returns to their offices.  Given that any disputes will not be resolved until the morning, and remaining disputes are to be submitted to the Court by 7:00 a.m., there is no need for an arbitrarily early deadline on the last night of trial.  Moreover, Sight's damages expert, Mr. Jarosz, is not available until Thursday, meaning that Sight will not present its damages case until then, leaving Alcon and Ivantis with only a few hours to make any edits to closing demonstratives in light of that testimony, prejudicing Alcon and Ivantis's trial presentation.

objections.  The parties shall attach to the email a joint pleading identifying the disputes and digital copies of all relevant demonstratives, exhibits, or other evidence with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.  The parties shall provide the Court with two (2) courtesy copies of the submission.

46.    **Demonstratives Created During Testimony or for Cross-Examination**: The provisions in this and the three preceding paragraphs do not apply to demonstratives created during testimony at trial or to demonstratives to be used for cross examination.  Such demonstratives need not be provided to the other side in advance of their use.  In addition, highlighting, ballooning, arrowing, call-outs, excerpting, etc., of exhibits or parts of exhibits or testimony used with a witness are not required to be provided to the other side in advance of their use.  For the avoidance of doubt, any addition, highlighting, ballooning, arrowing, call-outs, excerpting, etc. of exhibits used in opening statements must be disclosed to the other party.

**B.     Trial Exhibits**

47.    Each party will provide by e-mail to opposing counsel a list of all exhibits (by exhibit number) a party intends to use in direct examination of non-adverse witnesses, along with the name of the witness with which exhibits are intended to be used, by 6:30 p.m. two (2) calendar days before they will be used at trial.

48.    The party receiving identification of exhibits intended for use in direct examination of witnesses shall inform the party identifying the exhibits of any objections by 8:00 p.m. two (2) calendar day(s) before their intended use.

49.    The parties shall meet and confer by 9:00 p.m. two (2) calendar day(s) before the exhibits will be used at trial to resolve any objections.

50.    Any unresolved objections shall be brought to the Court's attention, in the manner set forth in Section XII.L, for resolution no later than the start of the trial day on which the exhibit

12

is intended to be used.

51.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination shall provide the other party with two (2) copies of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and shall provide all required copies to the Court.  The parties agree that this provision does not require advance disclosure of exhibits to be used to impeach or on cross-examination of any witness.  However, prior to the start of the cross-examination of any witness, the parties agree to provide the other with two (2) copies of witness binders that contain all of the exhibits expected to be used on cross-examination of that witness on that day and will provide all required copies to the Court.

52.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed Form AO 187 Exhibit and Witness List for each party.  Plaintiff shall provide a completed Form AO 187 Exhibit and Witness List for all joint exhibits.

53.     At the conclusion of trial, the parties will jointly provide the Court with a binder and electronic set of the admitted exhibits.

## VII.   WITNESSES

### A.     Witness Lists

54.     The parties have prepared lists of witnesses expected to be called at trial, either live or by deposition.  Sight's list of witnesses that it may call at trial, together with Defendants' objections, is attached as **Exhibit 9**. Defendants' list of witnesses that it may call at trial, together with Sight's objections, is attached as **Exhibit 10**.

55.     The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify, and does not mean that the listing party has the power to compel the live testimony of that witness.

13

56.     The parties reserve the right to recall expert witnesses in their respective rebuttal cases to rebut testimony or evidence offered after the witnesses' initial testimony.

57.     The parties' witness lists represent the parties' good-faith understanding and expectation about which witnesses are expected to be called live in-person, or by deposition, at trial.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition, provided the deposition designations for that witness have been previously disclosed, and to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

58.     Each party will, with its best good faith understanding, identify by e-mail to the opposing party the witnesses it intends to call, including rebuttal witnesses, the non-argumentative transition statement to introduce the witness, the order in which witnesses will be called, and whether those witnesses will be called live or by deposition, by 6:30 p.m. three (3) calendar days before such witnesses will be called to testify.  The parties reserve the right to revise, in good faith, their witness identifications, including witness order, as long as any witness who testifies has been disclosed per the schedule above.

59.     The other party will identify any objections to such witnesses via e-mail by 8:00 p.m. the following day, and the parties shall meet and confer to resolve any objections by 9:00 p.m. that same evening.  If good-faith efforts to resolve any objections fail, the party objecting may bring its objections to the Court's attention prior to the witness being called to the witness stand in the manner set forth in Section XII.L.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.

60.     The parties agree that each non-expert fact witness will be called to testify only

once, except in the case of rebuttal testimony. Thus, if both parties intend to elicit affirmative testimony from a witness, that witness will be called during the case-in-chief of the party with whom that witness is affiliated, and cross-examination shall be permitted to exceed the scope of direct to elicit adverse testimony from the witness. If a party intends to call an adverse witness to testify live, the party intending to call the adverse witness must notify the opposing party by no later than fourteen (14) days before the witness is intended to testify in Court.

61.     During adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced but is prohibited from discussing with the witness his or her testimony during or after cross-examination.

**B.     Testimony by Deposition**

62.     Sight's list of deposition designations, Defendants' objections and counter-designations, and Sight's objections to the counter-designations and counter-counter-designations are attached hereto as **Exhibit 11**.

63.     Defendants' list of deposition designations, Sight's objections and counter-designations, and Defendants' objections to the counter-designations and counter-counter designations are attached hereto as **Exhibit 12**.

64.     If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

65.     The parties agree that objections and statements by counsel will not be introduced except where necessary to understand the answer to the question. The parties agree that, subject to resolution of any objections, exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury at the same time that the excerpt is played or read.

66.     Where both parties have designated testimony for a particular witness, either affirmatively or via counter-designation, all designated deposition testimony for that witness will be read or played by video in chronological order.  Regardless of whether deposition testimony is read or played by video, the time for each party's designated portions will be charged to the designating party.  The parties shall provide the Court with a proposed allocation of time to be assessed to each side for any deposition testimony read or played by video.

67.     When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter designations that will be read or played.

68.     The parties agree that the party offering a witness may make a brief, non-argumentative transition statement, agreed to by the parties, before any witness is called.

69.     Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered, *i.e.*, transcript page and line numbers of exchanged designations, and the transition statement to introduce the witness, by 6:30 p.m. at least three (3) calendar days prior to the testimony being offered into the record, except that the deposition testimony to be offered on Monday, April 22, will be identified by 6:30 p.m. at least five (5) calendar days in advance (*i.e.*, by Wednesday, April 17).

70.     For deposition testimony to be offered on Monday, April 22, the party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. four (4) calendar days prior to the testimony being offered into the record (i.e., by Thursday, April 18), and by 8:00 p.m. that same day, the introducing party will identify any objections to the other party's counter-designated testimony and any counter-counter-designations.

The parties shall meet and confer to resolve any objections to designated testimony by 9:00 p.m. (i.e., four calendar days before the testimony is to be played).  Any objections that cannot be resolved shall be submitted to the Court by 11:59 p.m. four (4) calendar days before the day of the anticipated use (i.e., Thursday, April 18) in the manner set forth in Section XII.L.

71.     For deposition testimony to be offered on Tuesday, April 23 or later, the party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. two (2) calendar days prior to the testimony being offered into the record, and by 8:00 p.m. that same day, the introducing party will identify any objections to the other party's counter-designated testimony and any counter-counter-designations.  The parties shall meet and confer to resolve any objections to designated testimony by 9:00 p.m. (i.e., two calendar days before the testimony is to be played).  Any objections that cannot be resolved shall be submitted to the Court by 11:59 p.m. two (2) calendar days before the day of the anticipated use in the manner set forth in Section XII.L.

72.     The party introducing the deposition testimony shall thereafter prepare the video, clip report, and time allocation and provide it to the other party no later than 6:30 p.m. the calendar day before the testimony is to be played.  The opposing party shall review and notify the introducing party of any issues with the video by 8:00 p.m. the calendar day before the testimony is played and the parties shall meet and confer at 9:00 p.m. that night regarding any unresolved issues.  Any objections that cannot be resolved shall be raised with the Court before trial resumes on the day of the anticipated use in the manner set forth in Section XII.L.  The party introducing the deposition testimony shall provide three copies (two for the Court and one for the court reporter) of the full deposition transcript with portions being played highlighted.

73.     The above procedures regarding deposition designations do not apply to portions

of deposition transcripts and/or video of a witness used for impeachment or cross-examination of that witness.  Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.   BRIEF STATEMENTS OF INTENDED PROOFS

### A.      Sight's Statement of Intended Proof

74.     Sight intends to prove by a preponderance of the evidence that Defendants directly infringe the Asserted Claims of the Asserted Patents by making, using, offering to sell, and/or selling with the United States, or importing into the United States the Accused Products.

75.     Sight intends to prove by a preponderance of the evidence that Defendants indirectly infringe the Asserted Claims of the Asserted Patents by actively inducing infringement of these claims by knowingly encouraging others, including but not limited to end users of the Accused Products, to directly infringe these claims with knowledge that such conduct constitutes infringement.

76.     Sight intends to prove that Ivantis's infringement of the Asserted Claims of the Asserted Patents was willful since at least August 9, 2018 for the '482 Patent and the '443 Patent, and July 19, 2022 for the '328 Patent.  Sight further intends to prove that the Alcon Entities' infringement of the Asserted Claims of the Asserted Patents was willful since at least the date of the Alcon Entities' acquisition of Ivantis on January 7, 2022 for the '482 and '443 patents, and since at least July 19, 2022 for the '328 Patent.

77.     Sight intends to prove that Defendants' infringement of the Asserted Patents has caused and will continue to cause Sight irreparable harm, including but not limited to a loss of market share, goodwill, and profits, unless and until Defendants' infringing activities are enjoined.

78.     Sight intends to prove that damages in the form of a reasonable royalty and lost

profits should be awarded for Defendants' past infringement of the Asserted Patents, and that treble damages should be awarded for Defendants' willful infringement of the Asserted Patents.

79. In the event that the Court partially or fully denies Sight's request for entry of a permanent injunction, Sight reserves the right to request that the Court should in the alternative order Defendants to pay ongoing royalties for future infringement.

80. Sight intends to prove that it should be awarded costs and reasonable attorneys' fees under at least 35 U.S.C. § 285, as well as pre- and post-judgment interest.

**B.    Defendants' Statement of Intended Proof**

81. Sight has not established and cannot prove at trial that Alcon directly infringes the asserted claims of the Asserted Patents.

82. Sight has not established and cannot prove at trial that Alcon induced and/or continues to induce third parties to directly infringe the Asserted Patents.

83. Sight has not established and cannot prove at trial that Alcon willfully infringed the Asserted Patents.

84. Sight has not established and cannot prove at trial that it is entitled to damages, pre-judgment interest, post-judgment interest, an ongoing royalty, supplemental damages, attorneys' fees, or any other form of monetary relief.

85. Sight has not established and cannot prove at trial that it has suffered irreparable harm and is entitled to permanent injunctive relief.

86. Defendants intend to prove that the asserted claims of the Asserted Patents are invalid under §§ 102, 103, and/or 112.

87. Defendants intend to prove that the asserted claims of the Asserted Patents are not entitled to the priority date Sight claims.

88. Sight has not established and cannot prove at trial that it is entitled to any other

form of relief on any of its claims or defenses.

## IX.   DESIRED AMENDMENTS TO THE PLEADINGS

89.     Sight and Defendants presently have no amendment to the pleadings to conform the pleadings to the claims and defenses presented at trial.

## X.   CERTIFICATIONS OF SETTLEMENT DISCUSSIONS

90.     Pursuant to the Court's Order, D.I. 430, the parties certify that the decision-makers for each party will make a good faith attempt to resolve the case through settlement by April 12, 2024.

## XI.   MOTIONS *IN LIMINE*

91.     Pursuant to the Scheduling Order, motions *in limine* filed by the parties, including opening briefs, oppositions, and replies, were filed with the Court with the prior version of this Order.  D.I. 93 ¶ 17.  The rulings on all motions *in limine* are contained in the March 22, 2024 transcript of the Final Pretrial Conference (attached hereto as **Exhibit 15**) at pages 70-75, 102-111.  *See also* D.I. 430 ¶ 9.

92.     Sight's Motion *in Limine* No. 1, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13A**.  Sight's Motion *in Limine* No. 2, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13B**.  Sight's Motion *in Limine* No. 3, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13C**.

93.     Defendants' Motion *in Limine* No. 1, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14A**.  Defendants' Motion *in Limine* No. 2, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14B**.  Defendants' Motion *in Limine* No. 3, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14C**.

## XII.   OTHER MATTERS

### A.   Length of Trial

94.     This case is currently scheduled for a five-day jury trial beginning at 9:00 a.m. on April 22, 2024, with the subsequent trial days beginning at 9:00 a.m. and with the jury excused each day at 4:30 p.m.  Jury selection will be on April 19, 2024 beginning at 9:00 a.m.

95.     The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, closing argument, direct and redirect examination of witnesses it calls, and cross-examination of witnesses called by the opposing party.  Time dedicated to arguing objections to trial or demonstrative exhibits will be charged against the parties at the Court's discretion.

96.     Each side shall be allotted 11.5 hours for opening statements, closing arguments, and all direct, cross and rebuttal examinations.  Each side must reserve at least 1 hour of its time for its closing argument, inclusive of any rebuttal by plaintiff.  Closing argument shall proceed as follows: Sight's closing argument, followed by Defendants' closing argument, and concluding with Sight's rebuttal argument.

97.     The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allocated trial time, the Court will terminate that party's trial presentation, except for good cause shown.

### B.   Voir Dire, Jury Instructions, and Verdict Form

98.     The parties are separately submitting to the Court joint proposed voir dire, preliminary and final jury instructions, and a verdict form by March 18, 2024.  (D.I. 93, ¶ 18; D.I. 394.)

### C.   Jurors and Jury Procedures

99.     There shall be eight (8) jurors.  The Court will conduct jury selection through the

"struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges to strike for cause or excuse for undue hardship until a venire of fourteen (14) jurors is selected.  The parties will then have three peremptory strikes each which will be used alternating Plaintiff then Defendants, until the final jury of eight (8) jurors is selected.  The parties need not strike jurors in numerical order.

100.    Plaintiff will provide the Court forty (40) copies of voir dire and forty (40) generic pens for the jury on the Friday before opening statements.

101.    On the first day of trial, each member of the jury will be provided a binder (prepared by the parties) containing the Asserted Patents, a chart listing the Court's claim constructions, any agreed-upon glossary of terms, and a notepad/pen for notes.  The parties will provide witness pages for the jurors to insert in the notebooks at the start of each day when witnesses will be called.  The witness page will be an otherwise blank (or lined) page with the name and agreed-upon photograph of the witness.  The parties will also provide the Court two copies of notebooks given to the jurors.

102.    The parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads into the deliberation room.  The parties propose that the jurors be instructed not to share the binders and notepads with each other.  The parties further propose that the jurors' binders and notepads be destroyed without review after the jury's discharge.

### D.    Objections to Expert Testimony

103.    The parties request that the Court should rule at trial on any objections to expert testimony as outside the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections.  The time taken from trial presentation shall be charged to the party that loses the objection.

22

### E.      Set-Up of Electronic and Computer Equipment

104.      The parties request that the Court grant them access to the Courtroom the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.

### F.      Handling of Confidential Information at Trial

105.      The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests by 8:30 a.m. the day of anticipated sealing that a particularly sensitive portion be sealed.  If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial.  Each party must notify the opposing party of the identity of this corporate representative 6:30 p.m. three (3) days before trial.

106.      Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial.  Within two weeks of the last day of trial, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval.  Counsel for the parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal.  Within two weeks of the last day of trial, the parties shall also make any corrections to the trial transcript.

### G.      Sequestration of Witnesses

107.      Pursuant to Fed. R. Evid. 615, fact witnesses will be excluded from the courtroom during trial (after opening statements) so that they cannot hear the other witnesses' testimony. Excluded witnesses will be prohibited from learning about, obtaining, or being provided with trial

testimony.  For the avoidance of doubt, other than experts (including Dr. John Galanis), no fact witness other than each party's respective corporate representative shall be allowed to be present at trial before they testify, including prior to any of their rebuttal testimony.  In accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.  Expert witnesses will not be excluded for either fact or expert testimony.

### H.   Judgment as a Matter of Law

108.   If the jury is present at the time a party moves for judgment as a matter of law ("JMOL") pursuant to Fed. R. Civ. P. 50, the moving party shall state only that it moves for judgment as a matter of law pursuant to Rule 50.  The moving party shall argue its motion orally out of the presence of the jurors at the earliest opportunity allowed by the Court.  The Court will determine, based on the motions, whether to entertain further argument or to require written submissions.

### I.   Other Stipulations

109.   The parties agree that written responses to interrogatories and requests for admission may be used at trial consistent with the Federal Rules of Civil Procedure and Federal Rule of Evidence even if such responses have not been verified by the responding party.

110.   The parties stipulate that the Federal Judicial Center's video entitled "The Patent Process: An Overview for Jurors" will be played as part of the Court's preliminary jury instructions after the jury has been seated.  *See* https://www.fjc.gov/publications/patent-process-overview-jurors.  The parties will provide the seated jurors with copies of the sample patent referenced in the Federal Judicial Center's patent video.  Time to play the video will not be charged to any party.

111.   On or before April 19, 2024, the parties must file a letter attaching a list of witness names and a glossary of technical terms for the court reporter.

112.     Trial counsel are to be present and ready to proceed no later than 8:30 a.m. ET every trial day.  Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m. ET, at the lunch break, at the end of the day, or at such other time that the Court determines.

113.     All notices, disclosures, and exchanges required by this pretrial order must be sent to the full outside counsel trial team of the respective parties.

114.     The parties agree they will not refer to or quote from orders of the Court (other than the Court's list of claim constructions) during trial without first approaching the Court for leave.

### J.       Post-Trial Status Report and Motions

115.     Pursuant to the Scheduling Order, within seven (7) days after the jury returns a verdict in any portion of the trial, the parties shall jointly submit a form of order to enter judgment on the verdict, and at the same time, will submit a joint status report indicating how the case should proceed and listing any post-trial motions each party intends to file.  (D.I. 93, ¶ 20; *see also id.* ¶ 21.)  The parties will coordinate with the Court to propose a post-trial briefing schedule.

### K.       Order to Control Course of Action

116.     This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

117.     The parties reserve the right to seek leave to supplement or amend this Final Pretrial Order based on subsequent events or by agreement.

### L.       Dispute Resolution Procedures

118.     If, after meeting and conferring, the parties are unable to resolve their objections to demonstratives, witnesses, or other evidence, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m.  The responding party shall provide its responsive position by 11:30 p.m.  By 12:00 a.m. (midnight)

Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to demonstratives, witnesses, or other evidence (with the exception of deposition designations and any demonstratives to be used in closing statements, *see supra* ¶¶ 45, 69-71) to be presented that trial day.  The parties shall attach to the email a joint pleading identifying the disputes and digital copies of all relevant demonstratives, exhibits, or other evidence with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences. By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the submission.  The parties shall leave the courtesy copies on the lectern in the courtroom.

119.    If, after meeting and conferring, the parties are unable to resolve their objections to deposition designations to be offered on Monday, April 22, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m. four (4) calendar days before the deposition testimony is to be presented at trial (i.e., by Thursday, April 18).  On the same day, the responding party shall provide its responsive position by 11:30 p.m., and Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to deposition designations by 11:59 p.m.  The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.  By 8:15 a.m. three (3) calendar days before the testimony is to be presented (i.e., by Friday, April 19), the parties shall provide the Court with two (2) courtesy copies of the objections and relevant deposition designations.  The parties shall leave the courtesy copies on the lectern in the courtroom.

120.    If, after meeting and conferring, the parties are unable to resolve their objections to

deposition designations to be offered on Tuesday, April 23 or later, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m. two (2) calendar days before the deposition testimony is to be presented at trial. On the same day, the responding party shall provide its responsive position by 11:30 p.m., and Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to deposition designations by 11:59 p.m. The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted. The parties shall state their position on each dispute in one to two sentences. By 8:15 a.m. the day before the testimony is to be presented, the parties shall provide the Court with two (2) courtesy copies of the objections and relevant deposition designations. The parties shall leave the courtesy copies on the lectern in the courtroom.

121. Parties' objections to demonstratives, exhibits, witnesses, and deposition designations shall be addressed from 8:30 a.m. to 9:00 a.m., after 4:30 p.m., or during the morning, lunch, or afternoon breaks.

## M.    Obviousness-Type Double Patenting

122. During the March 22, 2024 Pretrial Conference, the Court denied Defendants' motion for summary judgment on the issue of obviousness-type double patenting. (D.I. 430 ¶ 9.) The Court ordered that "[t]he parties were directed to meet and confer and thereafter inform the Court how they propose to proceed with the obviousness-type double patenting defense" (D.I. 430 ¶ 9), and the parties are currently doing so.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

Dated: April 11, 2024

_____
United States District Judge

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ James L. Higgins
_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
Stephanie N. Vangellow (No. 7277)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com
svangellow@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Orion Armon
Eamonn Gardner
1144 15th Street, Suite 2300
Denver, CO 80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

SHAW KELLER LLP

/s/ Andrew E. Russell
_____

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

KIRKLAND & ELLIS LLP
Gregg LoCascio
Steven Dirks
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Emily C. Sheffield
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

28

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 842-7800

*Attorneys for Sight Sciences, Inc.*

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Ivantis, Inc., Alcon Research, LLC,*
*Alcon Vision, LLC and Alcon Inc.*

Dated:  April 8, 2024

31527059.1