IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | ██████████████ |
| IVANTIS, INC., ALCON RESEARCH, LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | Redacted – Public Version Filed on: |
| | ) | **April 15, 2024** |
| Defendants. | ) | |

## REVISED PROPOSED JOINT PRETRIAL ORDER[1]

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
Stephanie N. Vangellow (No. 7277)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com
svangellow@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

SHAW KELLER LLP
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

KIRKLAND & ELLIS LLP
Gregg LoCascio
Steven Dirks
Socrates L. Boutsikaris
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
401 Congress Avenue
Austin, TX  78701
(512) 678-9100

---

[1] The parties have revised the Proposed Joint Pretrial Order as ordered by the Honorable Judge Hall and to further narrow the case.  *See* D.I. 430.

Orion Armon
Eamonn Gardner
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 842-7800

*Attorneys for Sight Sciences, Inc.*

Emily C. Sheffield
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc.*

Dated: April 8, 2024

# TABLE OF CONTENTS

**Page**

I.      NATURE OF THE CASE AND PLEADINGS ............................................................. 1

    A.      The Parties ................................................................................................... 1

    B.      Pleadings ..................................................................................................... 2

    C.      The Asserted Claims ................................................................................... 3

    D.      Claim Construction Order ........................................................................... 3

    E.      Supplemental Expert Reports ..................................................................... 4

II.     JURISDICTION ....................................................................................................... 4

III.    JOINT STATEMENT OF UNCONTESTED FACTS ........................................... 5

IV.     PARTIES' STATEMENTS OF CONTESTED FACTS TO BE LITIGATED ................ 5

V.      PARTIES' STATEMENTS OF ISSUES OF LAW TO BE LITIGATED ...................... 5

VI.     EXHIBITS .............................................................................................................. 6

    A.      Demonstrative Exhibits ............................................................................... 9

    B.      Trial Exhibits ............................................................................................ 11

VII.    WITNESSES .......................................................................................................... 12

    A.      Witness Lists ............................................................................................. 12

    B.      Testimony by Deposition .......................................................................... 14

VIII.   BRIEF STATEMENTS OF INTENDED PROOFS ............................................. 16

    A.      Sight's Statement of Intended Proof ......................................................... 16

    B.      Defendants' Statement of Intended Proof ................................................. 18

IX.     DESIRED AMENDMENTS TO THE PLEADINGS ........................................... 18

X.      CERTIFICATIONS OF SETTLEMENT DISCUSSIONS .................................... 18

XI.     MOTIONS *IN LIMINE* ....................................................................................... 19

XII.    OTHER MATTERS ............................................................................................... 19

    A.      Length of Trial .......................................................................................... 19

    B.      Voir Dire, Jury Instructions, and Verdict Form ....................................... 20

    C.      Jurors and Jury Procedures ....................................................................... 20

    D.      Objections to Expert Testimony ............................................................... 21

    E.      Set-Up of Electronic and Computer Equipment ...................................... 21

    F.      Handling of Confidential Information at Trial .......................................... 21

    G.      Sequestration of Witnesses ....................................................................... 22

H.    Judgment as a Matter of Law ................................................................ 22

I.    Other Stipulations ................................................................................ 23

J.    Post-Trial Status Report and Motions .................................................. 24

K.    Order to Control Course of Action ....................................................... 24

L.    Dispute Resolution Procedures ............................................................ 24

M.    Obviousness-Type Double Patenting ................................................... 25

**List of Exhibits to the Proposed Joint Pretrial Order**

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Joint Statement of Uncontested Facts |
| Exhibit 2 | Plaintiff's Statement of Contested Facts to be Litigated |
| Exhibit 3 | Defendants' Statement of Contested Facts to be Litigated |
| Exhibit 4 | Plaintiff's Statement of Issues of Law to be Litigated |
| Exhibit 5 | Defendants' Statement of Issues of Law to be Litigated |
| Exhibit 6 | Joint Trial Exhibit List (JTX) |
| Exhibit 7 | Plaintiff's Trial Exhibit List (PTX) (including Defendants' objections) |
| Exhibit 8 | Defendants' Trial Exhibit List (DTX) (including Plaintiff's objections) |
| Exhibit 9 | Plaintiff's Witness List (including Defendants' objections) |
| Exhibit 10 | Defendants' Witness List (including Plaintiff's objections) |
| Exhibit 11 | Plaintiff's Deposition Designations (including Defendants' objections and counter-designations and Plaintiff's objections to counter-designations and counter-counter-designations) |
| Exhibit 12 | Defendants' Deposition Designations (including Plaintiff's objections and counter-designations and Defendants' objections to counter-designations and counter-counter-designations) |
| Exhibit 13A | Plaintiff's Motion *in Limine* No. 1 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 13B | Plaintiff's Motion *in Limine* No. 2 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 13C | Plaintiff's Motion *in Limine* No. 3 (including Defendants' opposition and Plaintiff's reply) |
| Exhibit 14A | Defendants' Motion *in Limine* No. 1 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 14B | Defendants' Motion *in Limine* No. 2 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 14C | Defendants' Motion *in Limine* No. 3 (including Plaintiff's opposition and Defendants' reply) |
| Exhibit 15 | Transcript from March 22, 2024 Final Pretrial Conference |

## I.      NATURE OF THE CASE AND PLEADINGS

1.      This is an action for patent infringement wherein Plaintiff Sight Sciences, Inc.

("Sight") alleged that Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and

Alcon Inc. (collectively, "Defendants") infringe U.S. Patent Nos. 8,287,482 (the "'482 Patent");

9,370,443 (the "'443 Patent"); 9,486,361 (the "'361 Patent"); 10,314,742 (the "'742 Patent"); and

11,389,328 (the "'328 Patent") (collectively, the "Asserted Patents").  Sight has reduced asserted

patents and claims, and as a result of those reductions, no longer asserts the '361 or '742 Patents

in this lawsuit.

2.      The technology-at-issue involves devices and methods for use in minimally

invasive glaucoma surgery ("MIGS").  The products accused of infringement are Defendants'

Hydrus® Microstent (the "Hydrus") and the accompanying Hydrus Microstent Delivery System

and Instructions for Use (collectively, "the Accused Products").

3.      The final pretrial conference occurred on March 22, 2024.  The transcript of that

conference is attached hereto as **Exhibit 15**.  A five-day trial is scheduled to begin on April 22,

2024, with jury selection by Magistrate Judge Sherry R. Fallon occurring on April 19, 2024.  *See*

D.I. 430.

### A.      The Parties

4.      Sight Sciences, Inc.  Plaintiff Sight is a corporation organized under the laws of

Delaware with its corporate headquarters at 4040 Campbell Ave., Suite 100, Menlo Park, CA

94025.

5.      Ivantis, Inc.  Defendant Ivantis, Inc. ("Ivantis") is a corporation organized under

the laws of Delaware with its corporate headquarters at 201 Technology Dr., Irvine, CA 92618.

Ivantis is a wholly owned subsidiary of Alcon Research, LLC.

6.      The Alcon Entities.  Defendants Alcon Research, LLC, Alcon Vision, LLC, and

Alcon Inc. are referred to collectively herein as "the Alcon Entities."  Defendant Alcon Research, LLC ("Alcon Research") is a limited liability company organized under the laws of Delaware with its principal place of business at 6201 South Freeway, Fort Worth, TX 76134.  Alcon Research is an indirect, wholly owned subsidiary of Alcon Inc.  Defendant Alcon Vision, LLC ("Alcon Vision") is a limited liability company organized under the laws of Delaware with its principal place of business 6201 South Freeway, Fort Worth, TX 76134.  Alcon Vision is an indirect, wholly owned subsidiary of Alcon Inc.  Defendant Alcon Inc. is a corporation organized under the laws of Switzerland with its principal office at Rue Louis-d'Affry 6, 1701 Fribourg, Switzerland.  Alcon Inc. is also registered under the corporate name Alcon SA.

**B.    Pleadings**

7.      On September 16, 2021, Sight filed a complaint for patent infringement against Ivantis alleging infringement of the '482 Patent, the '443 Patent, the '361 Patent, and the '742 Patent.  (D.I. 1.)

8.      On November 24, 2021, Ivantis filed a motion to dismiss for failure to state a claim. (D.I. 13.)  On December 15, 2021, Sight filed a First Amended Complaint, including additional factual allegations regarding direct and willful infringement.  (D.I. 19.)  Ivantis then withdrew its motion to dismiss on December 22, 2021 (D.I. 21) and filed an answer and counterclaims on January 24, 2022 (D.I. 22).  On February 18, 2022, Sight filed an answer to Ivantis's counterclaims. (D.I. 26.)

9.      On August 1, 2022, Sight filed a Second Amended Complaint ("SAC") adding allegations regarding infringement of the newly issued '328 patent, and adding the Alcon Entities as defendants.  (D.I. 59.)  On September 15, 2022, Defendants filed their answer to the SAC and counterclaims for declaratory judgment of noninfringement and invalidity of the Asserted Patents. (D.I. 77.)  On October 6, 2022, Sight filed its answer to Defendants' counterclaims, denying every

allegation.  (D.I. 83.)

10.     The operative pleadings in this case are D.I. 59, D.I. 77, and D.I. 83.

**C.      The Asserted Claims**

11.     Sight currently alleges that Defendants infringe the following claims of the Asserted Patents (collectively, "Asserted Claims")[2]:

| Patent | Asserted Claims |
|---|---|
| '482 Patent | 11 |
| '443 Patent | 8, 24, 58 |
| '328 Patent | 18 |

**D.      Claim Construction Order**

12.     Magistrate Judge Sherry Fallon held a *Markman* hearing on February 9, 2023 and issued a Report and Recommendation regarding claim construction on March 9, 2023 (D.I. 134), which was adopted by Judge Gregory Williams on August 17, 2023. (D.I. 273).  On September 19, 2023, Judge Williams entered a Claim Construction Order (D.I. 287) construing the below terms in the Asserted Patents as follows:

| Term | Court's Construction |
|---|---|
| "support"<br><br>('482 patent, claims 1; '443 patent, claims 1, 58; '328 patent, claim 1)[3] | Plain and ordinary meaning, i.e., "a structure that props something open" or "a prop" |
| "arcuate member"<br><br>('443 patent, claims 1, 58; '328 patent, claim 1) | "a structure having one or more curved portions" |
| "fluid may traverse the canal without substantial interference from the support" / "support does not substantially interfere | "the support does not significantly block either fluid outflow from the trabecular meshwork or fluid outflow to the collector channels" |

---

[2] Sight has narrowed the number of asserted patents to three patents, and the number of asserted claims to five claims.

[3] The listing of claims in this chart includes the Asserted Claims as well as the independent claims from which the Asserted Claims depend.

| | |
|---|---|
| with the [longitudinal / transmural] flow" / "does not significantly block fluid outflow"<br><br>('482 patent, claims 1; '443 patent, claims 1, 58;) | |
| "wherein when the support is [disposed / inserted] within a cylindrical section of the lumen of the canal having an internal wall surface area C, the support contacts less than 30% of [the surface area of] C"<br><br>('482 patent, claim 1; '443 patent, claims 1, 58) | "wherein when the support is disposed within a section of Schlemm's canal, the internal wall surface area C of that section is estimated by viewing the inside of Schlemm's canal as a slightly arcuate cylinder having length L, extending circumferentially from a first end $X_1$ to a second end $X_2$ of the support, and inside radius $R_i$, and the support contacts less than 30% of [the surface area of] C." |
| "wherein at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal [such that at least a portion of the arcuate member extends out of Schlemm's canal]"<br><br>('443 patent, claims 1, 58; '328 patent, claim 1) | Plain and ordinary meaning, i.e., at least a portion of the arcuate member has a radius of curvature smaller than the radius of curvature of Schlemm's canal (which persons of ordinary skill in the art knew or could measure) [such that at least a portion of the arcuate member extends out of Schlemm's canal]. |
| "discontinuous along a perimeter of the lumen of the canal"<br><br>('482 patent, claim 1) | Plain and ordinary meaning, i.e., that contact between the support and a wall of the canal is "interrupted by a non-contact point along a perimeter of the lumen of the canal." |

### E.    Supplemental Expert Reports

13.    Fact discovery closed on June 29, 2023, and expert discovery closed on September 28, 2023.  (D.I. 93, ¶ 2.)  On February 6, 2024, Defendants served a Supplemental Expert Report of Dr. Angelo Tanna on the Invalidity of the Asserted Patents; in response, on March 4, 2024, Sight served a Supplemental Expert Report of Dr. J. Crawford Downs on Invalidity of the Asserted Patents.  Pursuant to the parties' stipulations, D.I. 374 & 425, the parties' respective damages experts served supplemental reports updating their respective damages calculations through trial.

## II.    JURISDICTION

14.    This Court has federal question jurisdiction over this action because it arises under

the patent laws of the United States, 35 U.S.C. § 1 *et seq*. No party contests subject matter jurisdiction for this action, which is based on 28 U.S.C. §§ 1331, 1338(a). No party contests personal jurisdiction in this action.

15. No party contests venue for purposes of this action in this Court.

## III.   JOINT STATEMENT OF UNCONTESTED FACTS

16. The parties' joint statement of facts that are admitted and require no proof is attached as **Exhibit 1**.

## IV.   PARTIES' STATEMENTS OF CONTESTED FACTS TO BE LITIGATED

17. Sight's statement of issues of fact that remain to be litigated is attached as **Exhibit 2**.

18. Defendants' statement of issues of fact that remain to be litigated is attached as **Exhibit 3**.

19. If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be so considered as an issue of law.

20. The parties reserve the right to modify or supplement their respective statements of contested facts that remain to be litigated to the extent necessary to reflect agreements between the parties or the Court's rulings on any motions or subsequent orders of the Court.

## V.   PARTIES' STATEMENTS OF ISSUES OF LAW TO BE LITIGATED

21. Sight's statement of issues of law that remain to be litigated is attached as **Exhibit 4**.

22. Defendants' statement of issues of law that remain to be litigated is attached as **Exhibit 5**.

23. If any statement in a party's statement of issues of law that remain to be litigated

should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

24.     The parties reserve the right to modify or supplement their respective statements of issues of law that remain to be litigated to the extent necessary to reflect agreements between the parties or the Court's rulings on any motions or subsequent orders of the Court.

## VI.     EXHIBITS

25.     The parties propose a joint trial exhibit list attached as **Exhibit 6**.  The parties' joint trial exhibits will be identified by JTX numbers, starting with JTX0001.

26.     Sight's trial exhibit list, including Defendants' objections to Sight's exhibits, is attached as **Exhibit 7**.  Sight's trial exhibits will be identified with PTX numbers, starting with PTX0001.

27.     Defendants' trial exhibit list, including Sight's objections to Defendants' exhibits, is attached as **Exhibit 8**.  Defendants' trial exhibits will be identified with DTX numbers, starting with DTX0001.

28.     Except for exhibits to be used solely for purposes of impeachment, the items listed in Exhibits 6, 7, and 8 comprise the exhibits that may be introduced at trial.  All documents, whether offered during direct or cross-examination, must be included on a trial exhibit list to be admitted into evidence and any document not listed in Exhibits 6, 7, and 8 will not be admitted into evidence at trial, absent good cause shown.  The parties must submit electronic copies of all trial exhibits to the Court no later than Noon Eastern Time on the Friday before trial begins.

29.     Sight and Defendants each reserve the right to offer exhibits set forth on the other's exhibit list, even if not set forth on their own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party.  All objections to such exhibits are preserved.  A party shall not remove a document once it has been added to the party's

exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

30.     While the parties have attempted in good faith to provide complete exhibit lists, the parties agree that supplementation of exhibit lists shall be permitted until Monday, April 15 at 11:59 p.m., and thereafter only for good cause and with the Court's approval.

31.     Exhibits that are offered into evidence at trial and have no objections shall be received in evidence by operation of this Order, without any need for further foundation testimony, provided they are used with a witness whether appearing live or by deposition.  Should a party inadvertently fail to formally move an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits may be moved into evidence, subject to objection, promptly thereafter.

32.     Exhibits may not be published, displayed or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.  Any exhibit, once admitted, may be used equally by each party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. Admissions by a party from any interrogatory responses, other discovery responses, or answers to pleadings may also be read into the record at trial, provided the party seeking to read such interrogatory responses, discovery responses, or answers to pleadings provides notice of the particular portions of such it intends to read into the record by 6:30 pm one day prior.  Any objections will be made by 8:00 pm that evening and the parties shall meet and confer at 9:00 pm. If any objections are still outstanding, the parties will raise them to the Court prior to reading such documents into the record in the manner set forth in Section XII.L.

33.     Any documents, deposition transcripts, or other items not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment, if otherwise competent for such purposes.

34.     The parties stipulate to the authenticity of the documents listed in the attached exhibit lists unless such objections are specifically and expressly preserved therein.  The parties further agree that they will not dispute the authenticity of any document that was produced by the parties during discovery, which on its face appears to have been authored or received by an employee, officer, or agent of the producing party in the ordinary course of business, and that such documents shall be deemed *prima facie* authentic, subject to the right of the party against whom such document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe that the document is not authentic.  For the avoidance of doubt, no party will object on the basis of authenticity to documents authored and maintained in the ordinary course of business and produced by either party.

35.     The parties reserve the right to object to the introduction into evidence of the documents and files referenced in the preceding paragraph (in whole or in part) on all other grounds, including the admissibility of these documents for reasons other than challenging their authenticity.

36.     The parties agree that any description or date for a document reflected on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the content or date of the listed document or any other listed documents.

37.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof.  Electronic versions of document exhibits in their native format, such as

spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will timely exchange replacement versions and/or native versions of exhibits prior to use in trial.

38.     In order to reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a party may substitute one exhibit for the other, provided the party provides notice of such substitution by 6:30 pm the day prior to its use. In addition, the parties shall promptly meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

39.     None of the foregoing stipulations abrogates the requirement that the party offering an exhibit into evidence must satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedures, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation. The parties shall meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

40.     The parties shall meet and confer on the agreed-upon pretrial schedule regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

### A.     Demonstrative Exhibits

41.     The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits. Each demonstrative exhibit shall identify by exhibit number and/or Bates number all trial exhibits that form the basis of the demonstrative exhibit. Demonstratives shall be submitted to the Court at the end of trial and included in the record for appeal. Sight's demonstrative exhibits will be identified with PDX numbers, starting with PDX0001. Defendants' demonstrative exhibits will be identified with DDX numbers, starting with

DDX0001.

42.     For videos or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation.  For irregularly sized physical exhibits, the party seeking to use a physical exhibit demonstrative will serve a color representation as a PDF 8.5" x 11" copy of the physical exhibit.  Each party will exchange full color PDF files of demonstrative trial exhibits by e-mail in accordance with the schedules set out below.

43.     **Demonstratives for Opening Statements:** The parties will exchange demonstratives and a list of exhibits to be used in opening statements by 5:00 p.m. two days before opening statements.  The parties will provide any objections to such demonstratives by 12:00 p.m. the day before opening statements.  The parties shall meet and confer to resolve any objections for opening statements at 3:00 p.m. the day before opening statements.

44.     **Demonstratives for Direct Examinations:** A party will provide demonstrative exhibits to be used in connection with direct examination of a witness by 6:30 p.m. the day before their intended use, and objections will be provided no later than 8:00 p.m. the day before their intended use.  The parties shall meet and confer to resolve any objections to the demonstratives for direct examination at 9:00 p.m. the day before their intended use.

45.     **Demonstratives for Closing Statements:** A party will provide demonstratives to be used in closing statements, including any demonstratives Plaintiff intends to use in rebuttal, by

[**Sight's Proposal:** 10:00 p.m.][4] [**Alcon and Ivantis's Proposal:** 11:59 p.m.][5] the day before closing statements.  However, the parties do not need to exchange any non-argumentative slides that display and cite to an admitted exhibit or trial testimony, nor do the parties need to exchange any demonstratives that were used in any prior examinations or opening statements. Demonstratives for closing statements are not subject to the dispute resolution procedures outlined in § XII.L, *infra*.  Objections will be provided by [**Sight's Proposal:** 10:45 p.m.] [**Alcon and Ivantis's Proposal:** 1:00 a.m. the day of closing statements.] The parties will meet and confer to resolve any objections to closing statements at [**Sight's Proposal:** 11:15 p.m.] [**Alcon and Ivantis's Proposal:** 1:30 a.m.].  If there are any outstanding objections after the parties meet and confer, the objecting party will provide their position promptly at the end of the meet-and-confer, and in no event later than [**Sight's Proposal:** 11:45 p.m.] [**Alcon and Ivantis's Proposal:** 2:30 a.m.], and the responding party shall provide its responsive positions by [**Sight's Proposal:** 12:30 a.m.] [**Alcon and Ivantis's Proposal:** 3:00 a.m.].  By 7:00 a.m., Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any unresolved

---

[4] **Sight's Position:**  Sight's proposal promotes efficient identification and resolution of disputes regarding demonstratives for closing statements.  Alcon and Ivantis should have sufficient time to revise their demonstratives in light of Mr. Jarosz's testimony, as he will be testifying in the morning on Thursday.  Defendants will not be prejudiced, as the parties will be impacted equally by the schedule; for example, Sight will need to make any edits to its closing demonstratives in light of testimony later in the day on Thursday from Alcon and Ivantis's experts, Mr. Meyer and Ms. Becker.

[5] **Alcon and Ivantis's Position:** Sight Sciences' proposed exchange schedule is unworkable.  It will be hard enough for the parties to exchange demonstratives less than 7.5 hours after the end of the court day, and Sight's proposal requires exchanging demonstratives in less than 5.5 hours, and likely even shorter depending on when Court adjourns and counsel returns to their offices. Given that any disputes will not be resolved until the morning, and remaining disputes are to be submitted to the Court by 7:00 a.m., there is no need for an arbitrarily early deadline on the last night of trial. Moreover, Sight's damages expert, Mr. Jarosz, is not available until Thursday, meaning that Sight will not present its damages case until then, leaving Alcon and Ivantis with only a few hours to make any edits to closing demonstratives in light of that testimony, prejudicing Alcon and Ivantis's trial presentation.

objections.  The parties shall attach to the email a joint pleading identifying the disputes and digital copies of all relevant demonstratives, exhibits, or other evidence with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.  The parties shall provide the Court with two (2) courtesy copies of the submission.

46.    **Demonstratives Created During Testimony or for Cross-Examination:** The provisions in this and the three preceding paragraphs do not apply to demonstratives created during testimony at trial or to demonstratives to be used for cross examination.  Such demonstratives need not be provided to the other side in advance of their use.  In addition, highlighting, ballooning, arrowing, call-outs, excerpting, etc., of exhibits or parts of exhibits or testimony used with a witness are not required to be provided to the other side in advance of their use.  For the avoidance of doubt, any addition, highlighting, ballooning, arrowing, call-outs, excerpting, etc. of exhibits used in opening statements must be disclosed to the other party.

**B.    Trial Exhibits**

47.    Each party will provide by e-mail to opposing counsel a list of all exhibits (by exhibit number) a party intends to use in direct examination of non-adverse witnesses, along with the name of the witness with which exhibits are intended to be used, by 6:30 p.m. two (2) calendar days before they will be used at trial.

48.    The party receiving identification of exhibits intended for use in direct examination of witnesses shall inform the party identifying the exhibits of any objections by 8:00 p.m. two (2) calendar day(s) before their intended use.

49.    The parties shall meet and confer by 9:00 p.m. two (2) calendar day(s) before the exhibits will be used at trial to resolve any objections.

50.    Any unresolved objections shall be brought to the Court's attention, in the manner set forth in Section XII.L, for resolution no later than the start of the trial day on which the exhibit

is intended to be used.

51.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination shall provide the other party with two (2) copies of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and shall provide all required copies to the Court.  The parties agree that this provision does not require advance disclosure of exhibits to be used to impeach or on cross-examination of any witness.  However, prior to the start of the cross-examination of any witness, the parties agree to provide the other with two (2) copies of witness binders that contain all of the exhibits expected to be used on cross-examination of that witness on that day and will provide all required copies to the Court.

52.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed Form AO 187 Exhibit and Witness List for each party.  Plaintiff shall provide a completed Form AO 187 Exhibit and Witness List for all joint exhibits.

53.     At the conclusion of trial, the parties will jointly provide the Court with a binder and electronic set of the admitted exhibits.

## VII.   WITNESSES

### A.     Witness Lists

54.     The parties have prepared lists of witnesses expected to be called at trial, either live or by deposition.  Sight's list of witnesses that it may call at trial, together with Defendants' objections, is attached as **Exhibit 9**. Defendants' list of witnesses that it may call at trial, together with Sight's objections, is attached as **Exhibit 10**.

55.     The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify, and does not mean that the listing party has the power to compel the live testimony of that witness.

56.     The parties reserve the right to recall expert witnesses in their respective rebuttal cases to rebut testimony or evidence offered after the witnesses' initial testimony.

57.     The parties' witness lists represent the parties' good-faith understanding and expectation about which witnesses are expected to be called live in-person, or by deposition, at trial.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition, provided the deposition designations for that witness have been previously disclosed, and to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

58.     Each party will, with its best good faith understanding, identify by e-mail to the opposing party the witnesses it intends to call, including rebuttal witnesses, the non-argumentative transition statement to introduce the witness, the order in which witnesses will be called, and whether those witnesses will be called live or by deposition, by 6:30 p.m. three (3) calendar days before such witnesses will be called to testify.  The parties reserve the right to revise, in good faith, their witness identifications, including witness order, as long as any witness who testifies has been disclosed per the schedule above.

59.     The other party will identify any objections to such witnesses via e-mail by 8:00 p.m. the following day, and the parties shall meet and confer to resolve any objections by 9:00 p.m. that same evening.  If good-faith efforts to resolve any objections fail, the party objecting may bring its objections to the Court's attention prior to the witness being called to the witness stand in the manner set forth in Section XII.L.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.

60.     The parties agree that each non-expert fact witness will be called to testify only

once, except in the case of rebuttal testimony.  Thus, if both parties intend to elicit affirmative testimony from a witness, that witness will be called during the case-in-chief of the party with whom that witness is affiliated, and cross-examination shall be permitted to exceed the scope of direct to elicit adverse testimony from the witness.  If a party intends to call an adverse witness to testify live, the party intending to call the adverse witness must notify the opposing party by no later than fourteen (14) days before the witness is intended to testify in Court.

61.    During adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced but is prohibited from discussing with the witness his or her testimony during or after cross-examination.

**B.    Testimony by Deposition**

62.    Sight's list of deposition designations, Defendants' objections and counter-designations, and Sight's objections to the counter-designations and counter-counter-designations are attached hereto as **Exhibit 11**.

63.    Defendants' list of deposition designations, Sight's objections and counter-designations, and Defendants' objections to the counter-designations and counter-counter designations are attached hereto as **Exhibit 12**.

64.    If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

65.    The parties agree that objections and statements by counsel will not be introduced except where necessary to understand the answer to the question.  The parties agree that, subject to resolution of any objections, exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury at the same time that the excerpt is played or read.

66.     Where both parties have designated testimony for a particular witness, either affirmatively or via counter-designation, all designated deposition testimony for that witness will be read or played by video in chronological order.  Regardless of whether deposition testimony is read or played by video, the time for each party's designated portions will be charged to the designating party.  The parties shall provide the Court with a proposed allocation of time to be assessed to each side for any deposition testimony read or played by video.

67.     When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter designations that will be read or played.

68.     The parties agree that the party offering a witness may make a brief, non-argumentative transition statement, agreed to by the parties, before any witness is called.

69.     Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered, *i.e.*, transcript page and line numbers of exchanged designations, and the transition statement to introduce the witness, by 6:30 p.m. at least three (3) calendar days prior to the testimony being offered into the record, except that the deposition testimony to be offered on Monday, April 22, will be identified by 6:30 p.m. at least five (5) calendar days in advance (*i.e.*, by Wednesday, April 17).

70.     For deposition testimony to be offered on Monday, April 22, the party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. four (4) calendar days prior to the testimony being offered into the record (i.e., by Thursday, April 18), and by 8:00 p.m. that same day, the introducing party will identify any objections to the other party's counter-designated testimony and any counter-counter-designations.

The parties shall meet and confer to resolve any objections to designated testimony by 9:00 p.m. (i.e., four calendar days before the testimony is to be played).  Any objections that cannot be resolved shall be submitted to the Court by 11:59 p.m. four (4) calendar days before the day of the anticipated use (i.e., Thursday, April 18) in the manner set forth in Section XII.L.

71.    For deposition testimony to be offered on Tuesday, April 23 or later, the party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. two (2) calendar days prior to the testimony being offered into the record, and by 8:00 p.m. same day, the introducing party will identify any objections to the other party's counter-designated testimony and any counter-counter-designations.  The parties shall meet and confer to resolve any objections to designated testimony by 9:00 p.m. (i.e., two calendar days before the testimony is to be played).  Any objections that cannot be resolved shall be submitted to the Court by 11:59 p.m. two (2) calendar days before the day of the anticipated use in the manner set forth in Section XII.L.

72.    The party introducing the deposition testimony shall thereafter prepare the video, clip report, and time allocation and provide it to the other party no later than 6:30 p.m. the calendar day before the testimony is to be played.  The opposing party shall review and notify the introducing party of any issues with the video by 8:00 p.m. the calendar day before the testimony is played and the parties shall meet and confer at 9:00 p.m. that night regarding any unresolved issues.  Any objections that cannot be resolved shall be raised with the Court before trial resumes on the day of the anticipated use in the manner set forth in Section XII.L.  The party introducing the deposition testimony shall provide three copies (two for the Court and one for the court reporter) of the full deposition transcript with portions being played highlighted.

73.    The above procedures regarding deposition designations do not apply to portions

of deposition transcripts and/or video of a witness used for impeachment or cross-examination of that witness.  Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.   BRIEF STATEMENTS OF INTENDED PROOFS

### A.   Sight's Statement of Intended Proof

74.   Sight intends to prove by a preponderance of the evidence that Defendants directly infringe the Asserted Claims of the Asserted Patents by making, using, offering to sell, and/or selling with the United States, or importing into the United States the Accused Products.

75.   Sight intends to prove by a preponderance of the evidence that Defendants indirectly infringe the Asserted Claims of the Asserted Patents by actively inducing infringement of these claims by knowingly encouraging others, including but not limited to end users of the Accused Products, to directly infringe these claims with knowledge that such conduct constitutes infringement.

76.   Sight intends to prove that Ivantis's infringement of the Asserted Claims of the Asserted Patents was willful since at least August 9, 2018 for the '482 Patent and the '443 Patent, and July 19, 2022 for the '328 Patent.  Sight further intends to prove that the Alcon Entities' infringement of the Asserted Claims of the Asserted Patents was willful since at least the date of the Alcon Entities' acquisition of Ivantis on January 7, 2022 for the '482 and '443 patents, and since at least July 19, 2022 for the '328 Patent.

77.    Sight intends to prove that Defendants' infringement of the Asserted Patents has caused and will continue to cause Sight irreparable harm, including but not limited to a loss of market share, goodwill, and profits, unless and until Defendants' infringing activities are enjoined.

78.   Sight intends to prove that damages in the form of a reasonable royalty and lost

profits should be awarded for Defendants' past infringement of the Asserted Patents, and that treble damages should be awarded for Defendants' willful infringement of the Asserted Patents.

79.     In the event that the Court partially or fully denies Sight's request for entry of a permanent injunction, Sight reserves the right to request that the Court should in the alternative order Defendants to pay ongoing royalties for future infringement.

80.     Sight intends to prove that it should be awarded costs and reasonable attorneys' fees under at least 35 U.S.C. § 285, as well as pre- and post-judgment interest.

**B.      Defendants' Statement of Intended Proof**

81.     Sight has not established and cannot prove at trial that Alcon directly infringes the asserted claims of the Asserted Patents.

82.     Sight has not established and cannot prove at trial that Alcon induced and/or continues to induce third parties to directly infringe the Asserted Patents.

83.     Sight has not established and cannot prove at trial that Alcon willfully infringed the Asserted Patents.

84.     Sight has not established and cannot prove at trial that it is entitled to damages, pre-judgment interest, post-judgment interest, an ongoing royalty, supplemental damages, attorneys' fees, or any other form of monetary relief.

85.     Sight has not established and cannot prove at trial that it has suffered irreparable harm and is entitled to permanent injunctive relief.

86.     Defendants intend to prove that the asserted claims of the Asserted Patents are invalid under §§ 102, 103, and/or 112.

87.     Defendants intend to prove that the asserted claims of the Asserted Patents are not entitled to the priority date Sight claims.

88.     Sight has not established and cannot prove at trial that it is entitled to any other

form of relief on any of its claims or defenses.

## IX.   DESIRED AMENDMENTS TO THE PLEADINGS

89.     Sight and Defendants presently have no amendment to the pleadings to conform the pleadings to the claims and defenses presented at trial.

## X.   CERTIFICATIONS OF SETTLEMENT DISCUSSIONS

90.     Pursuant to the Court's Order, D.I. 430, the parties certify that the decision-makers for each party will make a good faith attempt to resolve the case through settlement by April 12, 2024.

## XI.   MOTIONS *IN LIMINE*

91.     Pursuant to the Scheduling Order, motions *in limine* filed by the parties, including opening briefs, oppositions, and replies, were filed with the Court with the prior version of this Order.  D.I. 93 ¶ 17.  The rulings on all motions *in limine* are contained in the March 22, 2024 transcript of the Final Pretrial Conference (attached hereto as **Exhibit 15**) at pages 70-75, 102-111.  *See also* D.I. 430 ¶ 9.

92.     Sight's Motion *in Limine* No. 1, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13A**.  Sight's Motion *in Limine* No. 2, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13B**.  Sight's Motion *in Limine* No. 3, Defendants' oppositions thereto, and Sight's replies, are attached as **Exhibit 13C**.

93.     Defendants' Motion *in Limine* No. 1, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14A**.  Defendants' Motion *in Limine* No. 2, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14B**.  Defendants' Motion *in Limine* No. 3, Sight's oppositions thereto, and Defendants' replies, are attached as **Exhibit 14C**.

## XII.   OTHER MATTERS

### A.   Length of Trial

94.     This case is currently scheduled for a five-day jury trial beginning at 9:00 a.m. on April 22, 2024, with the subsequent trial days beginning at 9:00 a.m. and with the jury excused each day at 4:30 p.m.  Jury selection will be on April 19, 2024 beginning at 9:00 a.m.

95.     The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, closing argument, direct and redirect examination of witnesses it calls, and cross-examination of witnesses called by the opposing party.  Time dedicated to arguing objections to trial or demonstrative exhibits will be charged against the parties at the Court's discretion.

96.     Each side shall be allotted 11.5 hours for opening statements, closing arguments, and all direct, cross and rebuttal examinations.  Each side must reserve at least 1 hour of its time for its closing argument, inclusive of any rebuttal by plaintiff.  Closing argument shall proceed as follows: Sight's closing argument, followed by Defendants' closing argument, and concluding with Sight's rebuttal argument.

97.     The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allocated trial time, the Court will terminate that party's trial presentation, except for good cause shown.

### B.   Voir Dire, Jury Instructions, and Verdict Form

98.     The parties are separately submitting to the Court joint proposed voir dire, preliminary and final jury instructions, and a verdict form by March 18, 2024.  (D.I. 93, ¶ 18; D.I. 394.)

### C.   Jurors and Jury Procedures

99.     There shall be eight (8) jurors.  The Court will conduct jury selection through the

"struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges to strike for cause or excuse for undue hardship until a venire of fourteen (14) jurors is selected.  The parties will then have three peremptory strikes each which will be used alternating Plaintiff then Defendants, until the final jury of eight (8) jurors is selected.  The parties need not strike jurors in numerical order.

100.    Plaintiff will provide the Court forty (40) copies of voir dire and forty (40) generic pens for the jury on the Friday before opening statements.

101.    On the first day of trial, each member of the jury will be provided a binder (prepared by the parties) containing the Asserted Patents, a chart listing the Court's claim constructions, any agreed-upon glossary of terms, and a notepad/pen for notes.  The parties will provide witness pages for the jurors to insert in the notebooks at the start of each day when witnesses will be called.  The witness page will be an otherwise blank (or lined) page with the name and agreed-upon photograph of the witness.  The parties will also provide the Court two copies of notebooks given to the jurors.

102.    The parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads into the deliberation room.  The parties propose that the jurors be instructed not to share the binders and notepads with each other.  The parties further propose that the jurors' binders and notepads be destroyed without review after the jury's discharge.

**D.      Objections to Expert Testimony**

103.    The parties request that the Court should rule at trial on any objections to expert testimony as outside the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections.  The time taken from trial presentation shall be charged to the party that loses the objection.

### E. Set-Up of Electronic and Computer Equipment

104. The parties request that the Court grant them access to the Courtroom the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.

### F. Handling of Confidential Information at Trial

105. The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests by 8:30 a.m. the day of anticipated sealing that a particularly sensitive portion be sealed. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative 6:30 p.m. three (3) days before trial.

106. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Within two weeks of the last day of trial, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal. Within two weeks of the last day of trial, the parties shall also make any corrections to the trial transcript.

### G. Sequestration of Witnesses

107. Pursuant to Fed. R. Evid. 615, fact witnesses will be excluded from the courtroom during trial (after opening statements) so that they cannot hear the other witnesses' testimony. Excluded witnesses will be prohibited from learning about, obtaining, or being provided with trial

testimony.  For the avoidance of doubt, other than experts (including Dr. John Galanis), no fact witness other than each party's respective corporate representative shall be allowed to be present at trial before they testify, including prior to any of their rebuttal testimony.  In accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.  Expert witnesses will not be excluded for either fact or expert testimony.

### H.      Judgment as a Matter of Law

108.    If the jury is present at the time a party moves for judgment as a matter of law ("JMOL") pursuant to Fed. R. Civ. P. 50, the moving party shall state only that it moves for judgment as a matter of law pursuant to Rule 50.  The moving party shall argue its motion orally out of the presence of the jurors at the earliest opportunity allowed by the Court.  The Court will determine, based on the motions, whether to entertain further argument or to require written submissions.

### I.      Other Stipulations

109.    The parties agree that written responses to interrogatories and requests for admission may be used at trial consistent with the Federal Rules of Civil Procedure and Federal Rule of Evidence even if such responses have not been verified by the responding party.

110.    The parties stipulate that the Federal Judicial Center's video entitled "The Patent Process: An Overview for Jurors" will be played as part of the Court's preliminary jury instructions after the jury has been seated.  *See* https://www.fjc.gov/publications/patent-process-overview-jurors.  The parties will provide the seated jurors with copies of the sample patent referenced in the Federal Judicial Center's patent video.  Time to play the video will not be charged to any party.

111.    On or before April 19, 2024, the parties must file a letter attaching a list of witness names and a glossary of technical terms for the court reporter.

112.    Trial counsel are to be present and ready to proceed no later than 8:30 a.m. ET every trial day.  Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m. ET, at the lunch break, at the end of the day, or at such other time that the Court determines.

113.    All notices, disclosures, and exchanges required by this pretrial order must be sent to the full outside counsel trial team of the respective parties.

114.    The parties agree they will not refer to or quote from orders of the Court (other than the Court's list of claim constructions) during trial without first approaching the Court for leave.

### J.    Post-Trial Status Report and Motions

115.    Pursuant to the Scheduling Order, within seven (7) days after the jury returns a verdict in any portion of the trial, the parties shall jointly submit a form of order to enter judgment on the verdict, and at the same time, will submit a joint status report indicating how the case should proceed and listing any post-trial motions each party intends to file.  (D.I. 93, ¶ 20; *see also id.* ¶ 21.)  The parties will coordinate with the Court to propose a post-trial briefing schedule.

### K.    Order to Control Course of Action

116.    This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

117.    The parties reserve the right to seek leave to supplement or amend this Final Pretrial Order based on subsequent events or by agreement.

### L.    Dispute Resolution Procedures

118.    If, after meeting and conferring, the parties are unable to resolve their objections to demonstratives, witnesses, or other evidence, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m.  The responding party shall provide its responsive position by 11:30 p.m.  By 12:00 a.m. (midnight)

Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to demonstratives, witnesses, or other evidence (with the exception of deposition designations and any demonstratives to be used in closing statements, *see supra* ¶¶ 45, 69-71) to be presented that trial day.  The parties shall attach to the email a joint pleading identifying the disputes and digital copies of all relevant demonstratives, exhibits, or other evidence with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.  By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the submission.  The parties shall leave the courtesy copies on the lectern in the courtroom.

119.    If, after meeting and conferring, the parties are unable to resolve their objections to deposition designations to be offered on Monday, April 22, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m. four (4) calendar days before the deposition testimony is to be presented at trial (i.e., by Thursday, April 18).  On the same day, the responding party shall provide its responsive position by 11:30 p.m., and Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to deposition designations by 11:59 p.m.  The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.   By 8:15 a.m. three (3) calendar days before the testimony is to be presented (i.e., by Friday, April 19), the parties shall provide the Court with two (2) courtesy copies of the objections and relevant deposition designations.  The parties shall leave the courtesy copies on the lectern in the courtroom.

120.    If, after meeting and conferring, the parties are unable to resolve their objections to

deposition designations to be offered on Tuesday, April 23 or later, the objecting party shall provide its position(s) promptly after the conclusion of the meet and confer and in no event later than 10:30 p.m. two (2) calendar days before the deposition testimony is to be presented at trial. On the same day, the responding party shall provide its responsive position by 11:30 p.m., and Delaware counsel, on behalf of the parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to deposition designations by 11:59 p.m.  The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted.  The parties shall state their position on each dispute in one to two sentences.  By 8:15 a.m. the day before the testimony is to be presented, the parties shall provide the Court with two (2) courtesy copies of the objections and relevant deposition designations.  The parties shall leave the courtesy copies on the lectern in the courtroom.

121.    Parties' objections to demonstratives, exhibits, witnesses, and deposition designations shall be addressed from 8:30 a.m. to 9:00 a.m., after 4:30 p.m., or during the morning, lunch, or afternoon breaks.

### M.    Obviousness-Type Double Patenting

122.    During the March 22, 2024 Pretrial Conference, the Court denied Defendants' motion for summary judgment on the issue of obviousness-type double patenting.  (D.I. 430 ¶ 9.) The Court ordered that "[t]he parties were directed to meet and confer and thereafter inform the Court how they propose to proceed with the obviousness-type double patenting defense" (D.I. 430 ¶ 9), and the parties are currently doing so.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

Dated: _____

_____
United States District Judge

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
Stephanie N. Vangellow (No. 7277)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com
svangellow@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
Eamonn Gardner
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5656
(703) 456-8000

SHAW KELLER LLP

*/s/ Andrew E. Russell*
_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

KIRKLAND & ELLIS LLP
Gregg LoCascio
Steven Dirks
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
401 Congress Avenue
Austin, TX  78701
(512) 678-9100

Emily C. Sheffield
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 842-7800

*Attorneys for Sight Sciences, Inc.*

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Dated:  April 8, 2024

*Attorneys for Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC and Alcon Inc.*

31527059.1

29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.:  21-1317-JLH-SRF |
| | ) | |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH, LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **EXHIBIT 1: REVISED JOINT STATEMENT OF UNCONTESTED FACTS**

Pursuant to Local Rule 16.3(c)(3) of the Local Rules of Civil Procedure of the United States District Court for the District of Delaware and the schedule set forth in the governing Scheduling Order (D.I. 93), plaintiff Sight Sciences, Inc. and defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc. respectfully submit the following joint statement of the facts that are admitted and require no proof.

1.      U.S. Patent No. 8,287,482 (the "'482 patent") was issued by the United States Patent and Trademark Office on October 16, 2012 to David Y. Badawi and Paul Badawi and is assigned to Sight.

2.      U.S. Patent No. 9,370,443 (the "'443 patent") was issued by the United States Patent and Trademark Office on June 21, 2016 to David Y. Badawi and Paul Badawi and is assigned to Sight.

3.      U.S. Patent No. 11,389,328 (the "'328 patent") was issued by the United States Patent and Trademark Office on July 19, 2022 to David Y. Badawi and Paul Badawi and is assigned to Sight.

4.      U.S. Patent No. 6,450,984 ("Lynch-984") was issued by the United States Patent and Trademark Office on September 17, 2002 and lists named inventors Mary G. Lynch and Reay H. Brown.

5.      U.S. Patent Publication No. 2002/0165478 ("Gharib-478") published on November 7, 2002 and identifies named inventors Morteza Gharib, Hosheng Tu, and Olav Bergheim.

6.      International Patent Publication No. WO 2005/105197 ("Lynch-197") published on November 10, 2005 and lists Mary Lynch, Reay Brown, Kenneth Solovay, and Stephane Gobron as inventors.

7.      U.S. Patent No. 7,186,232 ("Smedley") was filed on March 7, 2003, issued by the United States Patent and Trademark Office on March 6, 2007, and lists named inventors Gregory Smedley, David Haffner, and Hosheng Tu.

8.      Sight Sciences, Inc. ("Sight") is a corporation organized under the laws of Delaware with its corporate headquarters at 4040 Campbell Ave., Suite 100, Menlo Park, CA 94025.

9.      Ivantis, Inc. ("Ivantis") is a corporation organized under the laws of Delaware with its corporate headquarters at 201 Technology Dr., Irvine, CA 92618. Ivantis is a wholly-owned subsidiary of Alcon Research, LLC.

10.     Alcon Research, LLC ("Alcon Research") is a limited liability company organized under the laws of Delaware with its principal place of business at 6201 South Freeway, Fort Worth, TX 76134. Alcon Research is an indirect, wholly-owned subsidiary of Alcon Inc.

11.     Alcon Vision, LLC ("Alcon Vision") is a limited liability company organized under the laws of Delaware with its principal place of business at 6201 South Freeway, Fort Worth, TX 76134. Alcon Vision is an indirect, wholly-owned subsidiary of Alcon Inc.

12.     Alcon Inc. is a corporation organized under the laws of Switzerland with its principal office at Rue Louis-d'Affry 6, 1701 Fribourg, Switzerland. Alcon Inc. is also registered under the corporate name Alcon SA.

13.     In November 2018, Alcon Research, LLC's predecessor entity and Ivantis, Inc. entered into an option agreement and plan of merger that granted Alcon Research, LLC's predecessor entity an exclusive option to acquire Ivantis, Inc.

14.     In January 2022, Alcon Research, LLC completed the acquisition of Ivantis, Inc.

31526658.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,                    )
                                         )
            Plaintiff,                   )        C. A. No.:  21-1317-JLH-SRF
                                         )
      v.                                 )
                                         )
IVANTIS, INC., ALCON RESEARCH LLC,       )
ALCON VISION, LLC AND ALCON INC.,        )
                                         )
            Defendants.                  )

**EXHIBIT 2: PLAINTIFF'S REVISED STATEMENT OF CONTESTED FACTS**

## I.      INTRODUCTION

1.      Pursuant to Local Rule 16.3(c)(4) of the Local Rules of Civil Procedure of the United States District Court for the District of Delaware and the schedule set forth in the governing Scheduling Order (D.I. 93), Plaintiff Sight Sciences, Inc. ("Sight") respectfully submits the following statement of contested facts that remain to be litigated in the action against Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Defendants").

2.      This statement of contested facts is based on the parties' pleadings, documentary and testimony evidence, and on Sight's current understanding of the parties' claims and defenses and the Court's rulings to date.  Sight reserves the right to revise, amend, supplement, or modify its statement of contested facts based upon any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments.  Sight further reserves the right to supplement this statement to rebut or otherwise address the contested facts identified by Defendants.

3.      Should the Court determine that any issue identified in this statement is more properly considered an issue of law, it shall be so considered and Sight incorporates it by reference into its statement of issues of law that remain to be litigated, which is submitted as Exhibit 4 hereto.  Sight contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows.

## II.     CONTESTED ISSUES OF FACT ON ISSUES WHERE SIGHT BEARS THE ULTIMATE BURDEN OF PROOF

### A.      Direct Infringement

4.      Whether Sight has proven, by a preponderance of the evidence, that Defendants' Hydrus® Microstent (the "Hydrus") and its accompanying Hydrus Microstent Delivery System

and Instructions for Use (collectively, "the Accused Products") directly infringe claim 11 of the '482 patent by making, using, offering for sale, selling, and/or importing the Accused Products in this country.

5.     Whether Sight has proven, by a preponderance of the evidence, that Defendants' Accused Products directly infringe claims 8, 24, and 58 of the '443 patent by making, using, offering for sale, selling, and/or importing the Accused Products in this country.

**B.     Induced Infringement**

6.     Whether Sight has proven, by a preponderance of the evidence, that Defendants have purposefully caused, urged, encouraged, instructed, and/or aided and continue to cause, urge, instruct, and/or aid third parties (*e.g.*, distributors, hospitals, surgeons, or other medical personnel, instructors, or staff) to directly infringe claim 18 of the '328 patent by using the Accused Products in this country.

**C.     Willfulness**

7.     Whether Sight has proven, by a preponderance of the evidence, that Defendants' infringement of claim 11 of the '482 patent was willful.

8.     Whether Sight has proven, by a preponderance of the evidence, that Defendants' infringement of claims 8, 24, and 58 of the '443 patent was willful.

9.     Whether Sight has proven, by a preponderance of the evidence, that Defendants' infringement of claim 18 of the '328 patent was willful.

**D.     Damages and Other Relief**

10.     Whether Sight is owed damages in the form of lost profits for Defendants' infringement of the Asserted Patents, and if so, how much.

11.     Whether Sight is owed damages in the form of a reasonable royalty for Defendants' infringement of the Asserted Patents, and if so, the number of infringing sales and per-unit royalty

that should be awarded for Defendants' infringement.

12.     The amount of enhanced damages to be awarded under 35 U.S.C. § 284 for Defendants' willful infringement of the Asserted Patents.

13.     The amount of attorneys' fees and costs Sight is entitled to collect under 35 U.S.C. § 285.

14.     The amount of pre-judgment and post-trial interest and costs Sight is entitled to collect.

15.     Whether a permanent injunction under 35 U.S.C. § 283 should issue, enjoining Defendants, including their officers, directors, agents, affiliates, employees, and all others acting in concert or participation with Defendants, from making, using, selling, offering to sell in the United States, or importing into the United States, any systems or methods that directly or indirectly infringe any of the Asserted Patents.  In the alternative, if the Court partially or wholly denies Sight's request for a permanent injunction, whether Defendants should be ordered to pay ongoing royalties for post-judgment infringement.

16.     Whether Sight is entitled to any other relief as this Court deems just and proper.

## III.     CONTESTED ISSUES OF FACT ON ISSUES WHERE DEFENDANTS BEAR THE ULTIMATE BURDEN OF PROOF

### A.     Invalidity

17.     Whether Defendants have proven, by clear and convincing evidence, the factual elements of obviousness, lack of adequate written description and/or enablement under 35 U.S.C. §§ 103 and 112, respectively, for any of the asserted claims of the '482 patent.

18.     Whether Defendants have proven, by clear and convincing evidence, the factual elements of anticipation, obviousness, lack of adequate written description and/or enablement under 35 U.S.C. §§ 102, 103, and 112, respectively, for any of the asserted claims of the '443

patent.

19.     Whether Defendants have proven, by clear and convincing evidence, the factual elements of obviousness under 35 U.S.C. § 103 respectively, for any of the asserted claims of the '328 patent.

**B.      Affirmative Defenses**

20.     Whether Sight is limited from recovery in whole or in part under 35 U.S.C. § 287.

31526679.1

4

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-JLH-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH | ) | |
| LLC, ALCON VISION, LLC, and ALCON | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 3

## IVANTIS AND ALCON'S STATEMENT OF CONTESTED FACTS TO BE LITIGATED AT TRIAL

## <u>TABLE OF CONTENTS</u>

I.      **Patent Infringement**........................................................................................................... **1**

    A.      Direct Infringement................................................................................................ 1

    B.      Induced Infringement ............................................................................................ 2

    C.      Willful Infringement ............................................................................................. 2

II.     **Patent Invalidity**................................................................................................................ **2**

III.    **Damages**............................................................................................................................. **3**

IV.     **Post-Trial Remedies**......................................................................................................... **3**

Pursuant to Delaware Local Rule 16.3(c)(4), Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Ivantis and Alcon") hereby submit the following statement of contested facts to be litigated at trial.

This statement is based on the current status of the case and Court's rulings to date. Ivantis and Alcon reserve the right to revise, amend, supplement, or modify the following statement based on any pretrial ruling by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending motions, and similar developments. The following statement of contested facts to be litigated at trial is not exhaustive, and Ivantis and Alcon reserves the right to prove any matters identified in the pleadings, interrogatory responses, and/or expert reports. Ivantis and Alcon intend to offer evidence as to the issues of fact and issues of law identified in this Pretrial Order. Ivantis and Alcon further intend to offer evidence to rebut evidence offered by Plaintiff Sight Sciences, Inc. ("Sight"). To the extent Ivantis and Alcon's statement of issues of law to be litigated at trial set forth in Exhibit 5 contains issues of fact, those issues are incorporated herein by reference. Should the Court determine that any issue identified below is more appropriately considered an issue of law, Ivantis and Alcon incorporate such issue by reference in Exhibit 5. Ivantis and Alcon do not assume the burden of proof with regard to any of the below-listed issues of fact. Ivantis and Alcon also incorporate by reference their expert reports to identify the issues to be resolved at trial.

## I.   PATENT INFRINGEMENT

### A.   Direct Infringement

1.    Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon directly infringe claim 11 of the '482 patent by making, using, offering for

sale, selling, and/or importing the Hydrus® Microstent ("Hydrus") and its Hydrus Microstent Delivery System and Instructions for Use (collectively, "Accused Products") in this country.

2.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon directly infringe claims 8, 24, and 58 of the '443 patent by making, using, offering for sale, selling, and/or importing the Accused Products in this country.

### B.      Induced Infringement

3.

4.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon induced and continue to induce third parties to directly infringe claim 18 of the '328 patent by using the Accused Products in this country.

### C.      Willful Infringement

5.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon willfully infringed claim 11of the '482 patent.

6.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon willfully infringed claims 8, 24, and 58 of the '443 patent.

7.

8.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Ivantis and Alcon willfully infringed claim 18 of the '328 patent.

## II.      PATENT INVALIDITY

9.      Whether Ivantis and Alcon have proven, by clear and convincing evidence, the factual elements of obviousness, lack of adequate written description, and/or lack of enablement under 35 U.S.C. §§ 103 and 112, respectively, for claim 11 of the '482 patent.

10.      Whether Ivantis and Alcon have proven, by clear and convincing evidence, the factual elements of anticipation, obviousness, lack of adequate written description, and/or lack of

enablement under 35 U.S.C. §§ 102, 103, and 112, respectively, for claims 8, 24, and 58 of the '443 patent.

11.     Whether Ivantis and Alcon have proven, by clear and convincing evidence, the factual elements of obviousness under 35 U.S.C. § 103 for claim 18 of the '328 patent.

## III.     DAMAGES

12.     Whether Sight has failed to carry its burden of proving reasonable royalty damages by a preponderance of the evidence and the amount of any such damages, including the per-unit royalty rate and number of infringing sales.

13.     Whether Sight has failed to carry its burden of proving lost profits damages by a preponderance of the evidence and the amount of any such damages.

14.     Whether non-infringing alternatives to Hydrus were available during the alleged infringement and rebut Sight's claims for lost profits and a reasonable royalty.

15.     Whether Sight is limited from recovery in whole or in part under 35 U.S.C. § 287.

## IV.     POST-TRIAL REMEDIES

16.     Whether Sight has failed to carry its burden of proving that it is entitled to an award of prejudgment and post-judgement interest, and the amount of any such interest.

17.     Whether Sight is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

18.     Whether either party has established that this is an exceptional case, and whether either party is entitled to attorney fees pursuant to 35 U.S.C. § 285, and the amount.

19.     Whether either party is entitled to costs, and the amount.

20.     Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that it is entitled to injunctive relief that permanently enjoins Ivantis and Alcon and their officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or concert

with them from making, using, selling, offering to sell in the United States, or importing into the United States the Hydrus.

21.     Whether Ivantis and Alcon are entitled to any other relief as this Court deems just and proper.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.:  21-1317-JLH-SRF |
| | ) | |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 4:**
**PLAINTIFF'S REVISED STATEMENT OF ISSUES OF LAW TO BE LITIGATED**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     INFRINGEMENT ............................................................................................... 1

        A.      ISSUES OF LAW ................................................................................... 1

        B.      LEGAL STANDARDS ........................................................................... 2

                1.      DIRECT INFRINGEMENT ........................................................ 4

                2.      INDIRECT INDUCED INFRINGEMENT ................................. 4

                3.      WILLFUL INFRINGEMENT ...................................................... 5

III.    PATENT VALIDITY .......................................................................................... 6

        A.      ISSUES OF LAW ................................................................................... 6

        B.      LEGAL STANDARDS ........................................................................... 7

                1.      PRESUMPTION OF VALIDITY ................................................ 7

                2.      WHAT CONSTITUTES PRIOR ART ........................................ 7

                3.      ANTICIPATION UNDER § 102 .................................................. 9

                4.      OBVIOUSNESS UNDER § 103 .................................................. 9

                5.      35 U.S.C. § 112 ......................................................................... 14

                        A.      WRITTEN DESCRIPTION ............................................ 14

                        B.      ENABLEMENT ............................................................. 16

IV.     INJUNCTIVE RELIEF ...................................................................................... 18

        A.      ISSUES OF LAW ................................................................................. 18

        B.      LEGAL STANDARDS ......................................................................... 18

                        A.      EVIDENCE OF IRREPARABLE HARM ...................... 18

                        B.      INADEQUATE REMEDIES AT LAW .......................... 19

                        C.      BALANCE OF THE HARDSHIPS ................................ 20

                        D.      PUBLIC INTEREST ...................................................... 21

V.      DAMAGES ....................................................................................................... 21

        A.      ISSUES OF LAW ................................................................................. 21

        B.      LEGAL STANDARDS ......................................................................... 22

                1.      DAMAGES GENERALLY ....................................................... 22

                2.      REASONABLE ROYALTY ...................................................... 23

                3.      LOST PROFITS ........................................................................ 25

**TABLE OF CONTENTS**
(continued)

4.   ALLEGED NON-INFRINGING ALTERNATIVES ............................. 26

5.   COSTS, PREJUDGMENT, AND POST TRIAL INTEREST ............... 27

6.   TREBLE DAMAGES ................................................................... 28

7.   ENHANCED DAMAGES AND ATTORNEYS' FEES........................ 29

8.   EXCEPTIONAL CASE ............................................................... 30

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
 694 F.3d 1312 (Fed. Cir. 2012)................................................................................13, 19

*Acumed LLC v. Stryker Corp.*,
 551 F.3d 1323 (Fed. Cir. 2008)................................................................................21

*Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*,
 745 F.3d 1180 (Fed. Cir. 2014)................................................................................16, 17

*All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*,
 309 F.3d 774 (Fed. Cir. 2002)................................................................................15

*Allergan, Inc. v. Sandoz Inc.*,
 726 F.3d 1286 (Fed. Cir. 2013)................................................................................9, 11

*Allergan, Inc. v. Sandoz Inc.*,
 796 F.3d 1293 (Fed. Cir. 2015)................................................................................13

*Am. Hosp. Supply Corp. v. Travenol Lab'ys, Inc.*,
 745 F.2d 1 (Fed. Cir. 1984) ................................................................................11

*Amgen Inc. v. Sanofi*,
 598 U.S. 594 (2023)................................................................................17

*Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*,
 No. 15–cv–915–RGA, 2018 WL 620968 (D. Del. Jan 30, 2018)................................6

*Apple Inc. v. Samsung Elecs. Co.*,
 258 F. Supp. 3d 1013 (N.D. Cal. 2017) ................................................................6, 29

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
 598 F.3d 1336 (Fed. Cir. 2010)................................................................................14, 15

*AstraZeneca LP v. Apotex, Inc.*,
 633 F.3d 1042 (Fed. Cir. 2010)................................................................................4

*Atl. Thermoplastics Co. v. Faytex Corp.*,
 970 F.2d 834 (Fed. Cir. 1992)................................................................................25

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
 49 F.3d 1575 (Fed. Cir. 1995)................................................................................4

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Beckman Instruments, Inc. v. LKB Produkter AB*,
892 F.2d 1547 (Fed. Cir. 1989).................................................................................30

*BIC Leisure Prod., Inc. v. Windsurfing Int'l, Inc.*,
1 F.3d 1214 (Fed. Cir. 1993).....................................................................................26

*BlephEx, LLC v. Myco Indus., Inc.*,
24 F.4th 1391 (Fed. Cir. 2022) .................................................................................10

*Blue Calypso, LLC v. Groupon, Inc.*,
815 F.3d 1331 (Fed. Cir. 2016)...................................................................................9

*Bos. Sci. Corp. v. Cordis Corp.*,
838 F. Supp. 2d 259 (D. Del. 2012)..........................................................................26

*Broadcom Corp. v. Emulex Corp.*,
732 F.3d 1325 (Fed. Cir. 2013)...........................................................................19, 20

*Broadcom Corp. v. Qualcomm Inc.*,
543 F.3d 683,704 (Fed. Cir. 2008).............................................................................21

*Cadence Pharms., Inc. v. Exela PharmSci, Inc.*,
780 F.3d 1364 (Fed. Cir. 2015)..................................................................................10

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
381 F.3d 1371 (Fed. Cir. 2004)..................................................................................13

*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*,
15 F.3d 1573 (Fed. Cir. 1993).....................................................................................7

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
295 F.3d 1277 (Fed. Cir. 2002)..............................................................................3, 11

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
664 F.3d 922 (Fed. Cir. 2012)...............................................................................18, 21

*Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*,
456 F. Supp. 3d 594 (D. Del. 2020)...........................................................................16

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
C.A. No. 11-1175-RGA, 2014 WL 4675002 (D. Del. Sept. 12, 2014) .....................30

*Colorado v. New Mexico*,
467 U.S. 310 (1984)......................................................................................................7

iv

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Cordis Corp. v. Medtronic AVE, Inc.*,
   339 F.3d 1352 (Fed. Cir. 2003) ............................................................16

*Creative Compounds LLC v. Starmark Lab'ys*,
   651 F.3d 1303 (Fed. Cir. 2011) ..............................................................2

*Crocs, Inc. v. Int'l Trade Comm'n*,
   598 F.3d 1294 (Fed. Cir. 2010) ............................................................13

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005) ..............................................................4

*Daiichi Sankyo Co. v. Apotex, Inc.*,
   501 F.3d 1254 (Fed. Cir. 2007) ............................................................10

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
   836 F.2d 1320 (Fed. Cir. 1987) ............................................................23

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
   778 F.3d 1243 (Fed. Cir. 2015) ..............................................................9

*DermaFocus LLC v. Ulthera, Inc.*,
   201 F. Supp. 3d 465 (D. Del. 2016) ........................................................6

*Dey, L.P. v. Sunovion Pharms., Inc.*,
   715 F.3d 1351 (Fed. Cir. 2013) ..............................................................8

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
   717 F.3d 1336 (Fed. Cir. 2013) ................................................18, 19, 20

*Dow Chem. Co. v. Mee Indus., Inc.*,
   341 F.3d 1370 (Fed. Cir. 2003) ............................................................23

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ..............................................................4

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
   800 F.3d 1375 (Fed. Cir. 2015) ..............................................................8

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ............................................................................18

*EMC Corp. v. Pure Storage, Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016) ..........................................................3

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009).................................................................................3

*Falko-Gunter Falkner v. Inglis*,
   448 F.3d 1357 (Fed. Cir. 2006)...............................................................................15

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
   No. 13-cv-3999-BLF, 2016 WL 3880774 (N.D. Cal. July 18, 2016), *rev'd in part on other grounds*, 879 F.3d 1299 (Fed. Cir. 2018) ........................................29

*Fiskars, Inc. v. Hunt Mfg. Co.*,
   279 F.3d 1378 (Fed. Cir. 2002)...............................................................................27

*Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*,
   918 F.3d 928 (Fed. Cir. 2019).................................................................................12

*GE Lighting Sols. LLC v. AgiLight, Inc.*,
   750 F.3d 1304 (Fed. Cir. 2014).................................................................................3

*Gen. Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983).................................................................................................28

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   867 F.3d 1229 (Fed. Cir. 2017).................................................................................5

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)...................................................................23, 24

*GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*,
   7 F.4th 1320 (Fed. Cir. 2021) ...................................................................................5

*In re Gleave*,
   560 F.3d 1331 (Fed. Cir. 2009)..................................................................................9

*Graham v. John Deere Co.*,
   383 U.S. 1 (1966).....................................................................................................11

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)...........................................................................25, 27

*Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*,
   936 F.3d 1353 (Fed. Cir. 2019)................................................................................10

*In re Gurley*,
   27 F.3d 551 (Fed. Cir. 1994)....................................................................................13

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)................................................................5, 6, 29, 30

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
    755 F.3d 1367 (Fed. Cir. 2014)........................................................3

*Hoechst Celanese Corp. v. BP Chems. Ltd.*,
    78 F.3d 1575 (Fed. Cir. 1996)........................................................29

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
    802 F.2d 1367 (Fed. Cir. 1986)......................................................12

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010), *aff'd*, *Microsoft Corp. v. i4i Ltd. P'ship*, 564
    U.S. 91 (2011)................................................................20, 21, 26

*Immunex Corp. v. Sandoz Inc.*,
    964 F.3d 1049 (Fed. Cir. 2020)......................................................15

*Innogenetics, N.V. v. Abbott Lab'ys*,
    512 F.3d 1363 (Fed. Cir. 2008)......................................................13

*Integra Lifesciences Corp. v. HyperBranch Med. Tech. Inc.*,
    C.A. No. 15-819-LPS-CJB, 2018 WL 1785033 (D. Del. Apr. 4, 2018)..................3

*Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*,
    821 F.3d 1359 (Fed. Cir. 2016)......................................................12

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
    751 F.3d 1327 (Fed. Cir. 2014)......................................................13

*Intuitive Surgical, Inc. v. Auris Health, Inc.*,
    549 F. Supp. 3d 362 (D. Del. 2021)..................................................3

*John Hopkins Univ. v. CellPro, Inc.*,
    152 F.3d 1342 (Fed. Cir. 1998)......................................................17

*Kennametal, Inc. v. Ingersoll Cutting Tool Co.*,
    780 F.3d 1376 (Fed. Cir. 2015)........................................................9

*Koito Mfg. Co. v. Turn-Key-Tech, LLC*,
    381 F.3d 1142 (Fed. Cir. 2004)........................................................9

*Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*,
    232 F. Supp. 3d 632 (D. Del. 2017)..................................................3

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007)..................................................................................................11

*Lampi Corp. v. Am. Power Prods., Inc.*,
  228 F.3d 1365 (Fed. Cir. 2000)................................................................................16

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
  572 U.S. 915 (2014)....................................................................................................4

*Liquid Dynamics Corp. v. Vaughan Co.*,
  449 F.3d 1209 (Fed. Cir. 2006)............................................................................2, 29

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
  C.A. No. 17-14-JFB-SRF, 2018 WL 11189619 (D. Del. Oct. 15, 2018), *report
  and recommendation adopted*, 2019 WL 1873281 (D. Del. Apr. 26, 2019)...........20

*Loughman v. Consol-Pennsylvania Coal Co.*,
  6 F.3d 88 (3d Cir. 1993)...........................................................................................28

*MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*,
  687 F.3d 1377 (Fed. Cir. 2012)................................................................................17

*Mahurkar v. C.R. Bard, Inc.*,
  79 F.3d 1572 (Fed. Cir. 1996)....................................................................................8

*Manville Sales Corp. v. Paramount Sys., Inc.*,
  917 F.2d 544 (Fed. Cir. 1990)....................................................................................4

*Martek BioSciences Corp. v. Nutrinova, Inc.*,
  579 F.3d 1363 (Fed. Cir. 2009)............................................................................2, 16

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
  959 F.3d 1091 (Fed. Cir. 2020)................................................................................17

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
  851 F.3d 1275 (Fed. Cir. 2017)..................................................................................6

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012)...........................................................................20, 21

*Metro-Goldwyn- Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)....................................................................................................5

*Microsoft Corp. v. i4i Ltd. P'ship*,
  564 U.S. 91 (2011)......................................................................................................7

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*Mintz v. Dietz & Watson*, *Inc*.,
  679 F.3d 1372 (Fed. Cir. 2012)............................................................................10

*Mobil Oil Corp. v. Amoco Chems. Corp.*,
  915 F. Supp. 1333 (D. Del. 1995)........................................................................24

*Motiva Patents, LLC v. Sony Corp.*,
  No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019)....................6

*nCUBE Corp. v. SeaChange Int'l, Inc.*,
  313 F. Supp. 2d 361 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006)..........................28

*Nickson Indus., Inc. v. ROL Mfg. Co.*,
  847 F.2d 795 (Fed. Cir. 1988)..............................................................................28

*Nilssen v. Osram Sylvania, Inc.*,
  528 F.3d 1352 (Fed. Cir. 2008)............................................................................30

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014).........................................................................................30

*Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys, Inc.*,
  520 F.3d 1358 (Fed. Cir. 2008)......................................................................11, 12

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
  575 F.2d 1152 (6th Cir. 1978) ........................................................................25, 27

*Parallel Iron LLC v. NetApp Inc.*,
  70 F. Supp. 3d 585 (D. Del. 2014)........................................................................30

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
  525 F. Supp. 3d 1104 (N.D. Cal. Mar. 15, 2021) ....................................................8

*Poly-America, L.P. v. GSE Lining Tech., Inc.*,
  383 F.3d 1303 (Fed. Cir. 2004)............................................................................25

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  702 F.3d 1351 (Fed. Cir. 2012)............................................................................19

*Procter & Gamble Co. v. Paragon Trade Brands, Inc*.,
  989 F. Supp. 547 (D. Del. 1997)..........................................................................8

*Ralston Purina Co. v. Far-Mar-Co.*,
  772 F.2d 1570 (Fed. Cir. 1985)............................................................................15

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Read Corp. v. Portec Inc.*,
970 F.2d 816 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc)...................................................................................................................29

*Rexnord Corp. v. Laitram Corp.*,
274 F.3d 1336 (Fed. Cir. 2001)...................................................................16

*Rite-Hite Corp. v. Kelley Co.*,
56 F.3d 1538 (Fed. Cir. 1995).......................................................19, 23, 26

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
659 F.3d 1142 (Fed. Cir. 2011)...................................................................19

*Samsung Elecs. Co. v. Elm 3DS Innovations, LLC*,
925 F.3d. 1373 (Fed. Cir. 2019)..................................................................14

*Sanofi-Synthelabo v. Apotex, Inc.*,
550 F.3d 1075 (Fed. Cir. 2008)...................................................................12

*Schumer v. Lab'y Comput. Sys., Inc.*,
308 F.3d 1304 (Fed. Cir. 2002).....................................................................9

*Sensonics, Inc. v. Aerosonic Corp.*,
81 F.3d 1566 (Fed. Cir. 1996).....................................................................28

*Shire LLC v. Amneal Pharms., LLC*,
802 F.3d 1301 (Fed. Cir. 2015)...................................................................10

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
637 F.3d 1269 (Fed. Cir. 2011)...................................................................27

*Smith & Nephew, Inc. v. Synthes (U.S.A.)*,
466 F. Supp. 2d 978 (W.D. Tenn. 2006)......................................................21

*SmithKline Diagnostics, Inc. v. Helena Lab'ys Corp.*,
926 F.2d 1161 (Fed. Cir. 1991)...................................................................22

*Sonos, Inc. v. D&M Holdings Inc.*,
297 F. Supp. 3d 501 (D. Del. 2017).............................................................26

*Space Sys./Loral, Inc. v. Lockheed Martin Corp.*,
405 F.3d 985 (Fed. Cir. 2005).....................................................................15

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997).................................................................................28

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985)...................................................................................3

*St. Clair Intell. Prop. Consultants, Inc. v. Canon, Inc.*,
   C.A. No. 03-241 JJF, 2004 WL 2213562 (D. Del. Sept. 28, 2004).......................23

*St. Jude Med., Inc. v. Access Closure, Inc.*,
   No. 08-CV-4101, 2012 WL 12919408 (W.D. Ark. June 4, 2012) .........................21

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
   655 F.3d 1364 (Fed. Cir. 2011)................................................................................12

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
   883 F.2d 1573 (Fed. Cir. 1989)................................................................................25

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
   C.A. No. 17-1390-LPS-CJB, 2020 WL 9438750 (D. Del. Feb. 20, 2020)...............8

*Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*,
   492 F.3d 1350 (Fed. Cir. 2007)................................................................................12

*Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015)....................................................................................5

*Tech. Licensing Corp. v. Videotek, Inc.*,
   545 F.3d 1316 (Fed. Cir. 2008)..................................................................................8

*TQ Delta, LLC v. CISCO Sys., Inc.*,
   942 F.3d 1352 (Fed. Cir. 2019)................................................................................13

*Transclean Corp. v. Bridgewood Servs., Inc.*,
   290 F.3d 1364 (Fed. Cir. 2002)................................................................................22

*Transmatic, Inc. v. Gulton Indus., Inc.*,
   180 F.3d 1343 (Fed. Cir. 1999)................................................................................28

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
   617 F.3d 1296 (Fed. Cir. 2010)................................................................................11

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
   699 F.3d 1340 (Fed. Cir. 2012)................................................................................23

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Tristrata Tech., Inc. v. ICN Pharms., Inc.*,
   313 F. Supp. 2d 405 (D. Del. 2004) ........................................................................5

*TruePosition Inc. v. Andrew Corp.*,
   611 F. Supp. 2d 400 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010) ..................28

*Unigene Lab'ys, Inc. v. Apotex Inc.*,
   655 F.3d 1352 (Fed. Cir. 2011) ........................................................................13

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
   837 F.2d 1044 (Fed. Cir. 1988) ........................................................................7

*Vas-Cath Inc. v. Mahurkar*,
   935 F.2d 1555 (Fed. Cir. 1991) ........................................................................16

*Vectura Ltd. v. GlaxoSmithKline LLC*,
   C.A. No. 16-638-RGA, 2019 WL 4346502 (D. Del. Sept. 12, 2019) ....................................26

*In re Wands*,
   858 F.2d 731 (Fed. Cir. 1988) ........................................................................17

*Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*,
   853 F.3d 1272 (Fed. Cir. 2017) ........................................................................9

*Water Techs. Corp. v. Calco, Ltd.*,
   850 F.2d 660 (Fed. Cir. 1988) ........................................................................4

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ........................................................................5

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*,
   239 F.3d 1225 (Fed. Cir. 2001) ........................................................................4

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016) ........................................................................6

*Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*,
   231 F.3d 1339 (Fed. Cir. 2000) ........................................................................12, 14

*Zimmer Surgical, Inc. v. Stryker Corp.*,
   C.A. No. 16-679-RGA-MPT, 2017 WL 3736750 (D. Del. Aug. 30, 2017) ..............................6

*Zoltek Corp. v. United States*,
   815 F.3d 1302 (Fed. Cir. 2016) ........................................................................15

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Statutes**

28 U.S.C. § 1828 ...............................................................................................27

28 U.S.C. § 1920 ...............................................................................................27

28 U.S.C. § 1923 ...............................................................................................27

28 U.S.C. § 1961 ...........................................................................................27, 28

35 U.S.C. § 102 ......................................................................................6, 7, 8, 9

35 U.S.C. § 103 ........................................................................................ *passim*

35 U.S.C. § 112 ........................................................................................ *passim*

35 U.S.C. § 271 ..............................................................................................1, 4

35 U.S.C. § 282 .................................................................................................7

35 U.S.C. § 283 ...............................................................................................18

35 U.S.C. § 284 .....................................................................................22, 29, 30

35 U.S.C. § 285 .........................................................................................22, 30

**Other Authorities**

C. McCormick, Law of Evidence § 320 (1954) .................................................7

Fed. R. Civ. P. 54(d) ........................................................................................27

D. Del. Civil L.R. 16.3(c)(5).............................................................................1

D. Del. Civil L.R. 54.1......................................................................................27

## I.     INTRODUCTION

1.      Pursuant to Local Rule 16.3(c)(5) of the Local Rules of Civil Procedure of the United States District Court for the District of Delaware and the schedule set forth in the governing Scheduling Order (D.I. 93), Plaintiff Sight Sciences, Inc. ("Sight") respectfully submits the following statement of issues of law that remain to be litigated in the action against Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Defendants").

2.      The following statements are not exhaustive.  Sight reserves the right to modify or amend this Exhibit to the extent necessary to reflect any future rulings by the Court, to supplement or amend this Exhibit to fairly respond to any new issues that Defendants may raise, or to address any additional discovery produced by Defendants.  To the extent Sight's statement of contested facts that remain to be litigated, which is submitted as Exhibit 2 hereto, contains issues of law, those issues are incorporated herein by reference.  Moreover, if any issue of law identified below should properly be considered an issue of fact, then such statement should be considered to be part of Sight's statement of contested facts that remain to be litigated.

3.      Further, Sight's identification of the issues of law that remain to be litigated on issues where Defendants bear the burden of proof is based on its understanding of the arguments that Defendants have put forth to date.  To the extent Defendants attempt to introduce different or additional legal arguments to meet their burden of proof, Sight reserves its rights to contest those legal arguments, and to present any and all rebuttal evidence and argument in response to those arguments, and will not be bound by this summary of remaining legal issues.

## II.    INFRINGEMENT

### A.     Issues of Law

4.      Whether Sight has proven by a preponderance of the evidence that Defendants (a) directly infringe, (b) induce infringement under 35 U.S.C. § 271(b), and/or (c) willfully infringe

the following claims (collectively, the "Asserted Claims") of the following patents by, respectively, (a) making, using, offering to sell, and/or selling with the United States, or importing into or exporting from the United States the Hydrus® Microstent (the "Hydrus") and its accompanying Hydrus Microstent Delivery System and Instructions for Use (collectively, "the Accused Products"), (b) inducing others (*e.g.*, end users, distributors, hospitals, surgeons, engineers, salespeople, or other medical personal, instructors, or staff) to directly infringe the claims, (c) selling, offering to sell, and/or importing or exporting the Accused Products to third parties (*e.g.*, end users, distributors, hospitals, surgeons, engineers, salespeople, or other medical personnel, instructors, or staff) knowing it has no substantial uses other than infringement, and/or (d) infringing the claims when Defendants knew or should have known of the patents:

- Claim 11 of U.S. Patent No. 8,287,482 ("the '482 patent");

- Claims 8, 24, and 58 of U.S. Patent No. 9,370,443 (the "'443 Patent");

- Claim 18 of U.S. Patent No. 11,389,328 (the "'328 Patent").[1]

**B.   Legal Standards**

5.   Sight has the burden of proving infringement by a preponderance of the evidence. *Creative Compounds LLC v. Starmark Lab'ys*, 651 F.3d 1303, 1314 (Fed. Cir. 2011).

6.   "A patentee may prove infringement by any method of analysis that is probative of the fact of infringement, and circumstantial evidence may be sufficient." *Martek BioSciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1372 (Fed. Cir. 2009) (internal quotations and citation omitted); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006).

---

[1] Sight has narrowed the number of asserted patents to three patents, and the number of asserted claims to five claims.

7.      "Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985). "[I]nfringement is to be determined by comparing the asserted claim to the accused device, not by comparing the accused device to the figures of the asserted patent." *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002).

8.      "Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial.  No party may contradict the court's construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009).  "[E]xpert testimony that is inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact." *Integra Lifesciences Corp. v. HyperBranch Med. Tech. Inc.*, C.A. No. 15-819-LPS-CJB, 2018 WL 1785033, at *5 (D. Del. Apr. 4, 2018); *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016); *Intuitive Surgical, Inc. v. Auris Health, Inc.*, 549 F. Supp. 3d 362, 369-70 (D. Del. 2021).

9.      For example, "the law does not permit [the Defendant] to import limitations from the specification into the claims through expert testimony." *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 632, 635 (D. Del. 2017).  It is well-established that it is improper to read limitations from an embodiment in the specification "even if it is the only embodiment— into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *GE Lighting Sols. LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014) (citation omitted); *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014).

### 1.   Direct Infringement

10.   Under 35 U.S.C. § 271(a), a party is liable for infringement when it makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor.

11.   An accused product literally infringes if it contains each and every limitation of the asserted patent claim. *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995); *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001). Infringement is determined on an element-by-element basis; if each and every element of the claim is present in the accused device, then the device literally infringes the claims. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005).

### 2.   Indirect Induced Infringement

12.   Under 35 U.S.C. § 271(b), whoever actively induces infringement of a patent shall be liable as an infringer.  Direct infringement is a necessary predicate for a finding of induced infringement in ordinary patent infringement cases. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920-21 (2014).

13.   A patentee "has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)).  The patentee must prove that the accused infringer "knew of the patent" and had a "specific intent . . . to induce infringement." *DSU Med.*, 471 F.3d at 1304-05.

14.   Circumstantial evidence can support a finding of specific intent to induce infringement. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1060 (Fed. Cir. 2010) (citing *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)); *DSU Med.*, 471 F.3d at 1306.

"While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice." *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1327 (Fed. Cir. 2021) (citation omitted).

15.     "Inducement can be found where there is '[e]vidence of active steps taken to encourage direct infringement,' which can in turn be found in 'advertising an infringing use or instructing how to engage in an infringing use.'" *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015) (alteration in original) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

### 3.     Willful Infringement

16.     There is "no precise rule or formula" for determining whether an accused infringer's infringement was willful. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).

17.     Willful infringement is a question of fact to be decided by the jury, and the patentee has the burden of proving willful infringement by a preponderance of evidence. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1339-41 (Fed. Cir. 2016); *Halo,* 579 U.S. at 107.

18.     Willful infringement can be established either by direct evidence or by circumstantial evidence. *See, e.g.*, *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1244 (Fed. Cir. 2017); *Water Techs.*, 850 F.2d at 668; *Tristata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 411-12 (D. Del. 2004).

19.     An accused infringer is liable for willful infringement of a patent if the accused infringer knew or should have known of the patent and nevertheless engaged in conduct that infringed the patent without regard for the consequences. *Halo*, 579 U.S. at 100-08. "[P]roof that [an accused infringer] acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer'" is sufficient to establish willful

infringement.  *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362-64 (Fed. Cir. 2016) (quoting *Halo*, 579 U.S. at 100-01), *rev'd on other grounds*, 138 S. Ct. 2129 (2018).

20.     Actual knowledge of Sight's patents is not required to find that Defendants willfully infringed the Asserted Patents.  Defendants are liable for willful infringement if they were willfully blind as to their infringement of the Asserted Patents, *i.e.*, if Defendants (1) were aware there was a high likelihood that the Accused Products infringed a valid patent, and (2) took deliberate action to avoid learning whether the Accused Products infringed such a patent.  *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15–cv–915–RGA, 2018 WL 620968, at *6–8 (D. Del. Jan. 30, 2018); *Motiva Patents, LLC v. Sony Corp.,* No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051, at *13–14 (E.D. Tex. Sept. 27, 2019); *see also Halo*, 579 U.S. at 103-04.

21.     Willful infringement requires an evaluation of the accused infringer's state of mind that is to be evaluated at the time of the accused infringer's challenged conduct.  *Halo*, 579 U.S. at 105; *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1024 (N.D. Cal. 2017).

22.     Post-suit conduct can serve as a basis for willful infringement.  *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017); *Zimmer Surgical, Inc. v. Stryker Corp.*, C.A. No. 16-679-RGA-MPT, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017); *Apple*, 258 F. Supp. 3d at 1027; *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016).

## III.     PATENT VALIDITY

### A.     Issues of Law

23.     Whether Defendants have proven by clear and convincing evidence that claim 11of the '482 patent is invalid as obvious under 35 U.S.C. § 103, lacking written description under § 112, and/or lacking enablement under § 112.

24.      Whether Defendants have proven by clear and convincing evidence that claims 8, 24, and 58 of the '443 patent are invalid as anticipated under 35 U.S.C. § 102, obvious under 35

U.S.C. §103, lacking written description under § 112, and/or lacking enablement under § 112.

25.     Whether Defendants have proven by clear and convincing evidence that claim 18 of the '328 patent is invalid for obviousness under 35 U.S.C. § 103.

### B.     Legal Standards

#### 1.     Presumption of Validity

26.     Sight's Asserted Claims are presumed to be valid, and the burden of proving invalidity rests with Defendants.  35 U.S.C. § 282.  The presumption that an issued patent claim is valid requires that an invalidity defense or counterclaim be proven by clear and convincing evidence.  *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).  Clear and convincing evidence is evidence that gives rise to an "abiding conviction that the truth of [the] factual contentions are 'highly probable.'"  *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (quoting C. McCormick, Law of Evidence § 320, p. 679 (1954)).  The presumption of validity and corresponding burden of proof in overcoming that presumption applies to each patent claim independently.  *See Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1050 (Fed. Cir. 1988); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1581 (Fed. Cir. 1993).

#### 2.     What Constitutes Prior Art

27.     35 U.S.C. § 102 (pre-AIA) provides that: "A person shall be entitled to a patent unless – (a) the  invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States[.]"

28.     The party challenging the validity of a patent bears the "burden of persuasion by clear and convincing evidence on all issues relating to the status of [a patent, patent application, or

printed publication] as prior art." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 525 F. Supp. 3d 1104, 1112 (N.D. Cal. Mar. 15, 2021) ("A party challenging patent validity has the burden to prove by clear and convincing evidence that an invalidating reference is prior art."). "Concomitant to the presumption of validity afforded to all patents is the rule that a party challenging the validity of a patent bears the burden of establishing all facts necessary to prove invalidity." *Procter & Gamble Co. v. Paragon Trade Brands, Inc*., 989 F. Supp. 547, 585 (D. Del. 1997).

29.     The party challenging the validity of a patent also bears the initial burden of production that a reference is prior art. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008). After the challenging party comes forward with such evidence, the burden of production shifts to the patentee to show that the reference is not prior art because the asserted claim is entitled to a priority date (*e.g.*, an actual reduction to practice date) prior to the alleged prior art. *Id*.; *see also Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1379-80 (Fed. Cir. 2015). The burden then shifts back to the challenging party to prove that the patentee's invention (1) "was not actually reduced to practice as argued, or that the [] prior art was entitled to the benefit of a filing date prior to the date of the [inventor's] reduction to practice." *Dynamic Drinkware*, 800 F.3d at 1380.

30.     Under § 102(b) (pre-AIA), a public use or sale (or offer to sell) must occur in the United States at least one year prior to the Asserted Patent's priority date to qualify as prior art. 35 U.S.C. § 102(b). For a device to qualify as prior art, knowledge or use of the device must be publicly accessible; "secret or confidential third-party uses do not invalidate later-filed patents." *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, C.A. No. 17-1390-LPS-CJB, 2020 WL 9438750, at *2, *6 (D. Del. Feb. 20, 2020) (quoting *Dey, L.P. v. Sunovion*

*Pharms., Inc.*, 715 F.3d 1351, 1355 (Fed. Cir. 2013)); *Delano Farms Co. v. Cal. Table Grape Comm'n*, 778 F.3d 1243, 1247 (Fed. Cir. 2015) (same).

### 3.   Anticipation under § 102

31.     "Anticipation under 35 U.S.C. § 102 is a question of fact," including whether an element is inherent in the prior art. *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015); *In re Gleave*, 560 F.3d 1331, 1334-35 (Fed. Cir. 2009).   "[A] prior art reference will anticipate if it disclose[s] each and every element of the claimed invention . . . arranged or combined in the same way as in the claim." *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1341 (Fed. Cir. 2016)  (internal quotations omitted) (quoting *In re Gleave*, 560 F.3d at 1334).

32.     "Anticipation requires that a single reference describe[s] the claimed invention *with sufficient precision and detail* to establish that the subject matter existed in the prior art.  For this reason, it has long been understood that ambiguous references do not, as a matter of law, anticipate a claim." *Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1284 (Fed. Cir. 2017) (internal quotations and citations omitted).

33.     "Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference.  The testimony is insufficient if it is merely conclusory." *Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004) (quoting *Schumer v. Lab'y Comput. Sys., Inc.*, 308 F.3d 1304, 1315-16 (Fed. Cir. 2002)).

### 4.   Obviousness under § 103

34.     "The determination of obviousness . . . is a legal conclusion based on underlying facts." *Allergan, Inc. v. Sandoz Inc.*, 726 F.3d 1286, 1290–91 (Fed. Cir. 2013).  A patent claim is

invalid for obviousness if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103 (pre-AIA).

35.     The person of ordinary skill in the art is a hypothetical person presumed to have known the relevant art at the time of the invention.  Factors that may be considered are the (1) "educational level of the inventor; (2) types of problems encountered in the art; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field.  These factors are not exhaustive but are merely a guide to determining the level of ordinary skill in the art." *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007) (citation omitted).

36.     The clear and convincing burden of proof for obviousness is harder to meet if the asserted prior art was considered by an examiner during prosecution. *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1377 (Fed. Cir. 2012) (vacating summary judgment of obviousness, noting that art applied by district court had been considered by Patent Office); *Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*, 936 F.3d 1353, 1364-65 (Fed. Cir. 2019) (affirming finding of no inherent anticipation, in part because applicants distinguished the reference during original prosecution: "arguments and references already considered by the Patent Office may carry less weight with the fact finder"); *Shire LLC v. Amneal Pharms., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015) (affirming summary judgment of non-obviousness; added burden of overcoming deference to examiner where asserted reference listed on face of patent); *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1402-03 (Fed. Cir. 2022) (affirming preliminary injunction; Examiner presumed to have considered prior art listed on face of patent); *Cadence Pharms., Inc. v. Exela PharmSci, Inc.*,

780 F.3d 1364, 1375 (Fed. Cir. 2015) (citing Examiner's initial rejection of claims on same combination now argued by challenger, as a factor contributing to challenger's "difficult burden" on appeal to overturn non-obviousness judgment).

37.     The "underlying factual considerations in an obviousness analysis include the scope and content of the prior art, the differences between the prior art and the claimed invention, the level of ordinary skill in the art, and any relevant secondary considerations[,]" which include "commercial success, long-felt but unresolved needs, failure of others, and unexpected results." *Allergan*, 726 F.3d at 1290–91 (citations omitted); *see Graham v. John Deere Co.*, 383 U.S. 1, 7–18 (1966); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007) (re-affirming the *Graham* factor analysis as the appropriate test for determining obviousness).

38.     Secondary considerations, also called objective indicia of non-obviousness, "may often be the most probative and cogent evidence" available.  *Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys, Inc.*, 520 F.3d 1358, 1365 (Fed. Cir. 2008) (quoting *Catalina Lighting*, 295 F.3d at 1288); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1305 (Fed. Cir. 2010).

39.     The defendant has the burden of proof with respect to all of the *Graham* factors, including any alleged absence of objective indicia of nonobviousness.  *Am. Hosp. Supply Corp. v. Travenol Lab'ys, Inc.*, 745 F.2d 1, 8 (Fed. Cir. 1984).

40.     The relevant analysis is how a person of ordinary skill in the art would have viewed the relevant art to ascertain whether the subject matter as a whole "would have been obvious *at the time the invention was made*."  35 U.S.C. § 103(a) (2004) (emphasis added); *see also KSR*, 550 U.S. at 405.

41.     "Importantly, the great challenge of the obviousness judgment is proceeding

without any hint of hindsight." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1375 (Fed. Cir. 2011); *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1088 (Fed. Cir. 2008). Retracing the path of the inventor with hindsight, and discounting the number and complexity of the alternatives, is always inappropriate for a §103 obviousness analysis. *Ortho-McNeil*, 520 F.3d at 1363–64. "[A]t the time of invention, the inventor's insights, willingness to confront and overcome obstacles, and yes, even serendipity, cannot be discounted." *Id.*

42.    "An invention is not obvious simply because all of the claimed limitations were known in the prior art at the time of the invention." *Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*, 918 F.3d 928, 934 (Fed. Cir. 2019). Rather, an obviousness determination requires finding *both* "that a skilled artisan would have been motivated to combine the teachings of the prior art . . . and that the skilled artisan would have had a reasonable expectation of success in doing so." *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367-68 (Fed. Cir. 2016).

43.    As to motivation to combine, when a patent challenger contends that a patent is obvious in light of a combination or modification of prior art references, the challenger must point to clear and convincing evidence that shows that there existed a reason to make the change. *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1356–57 (Fed. Cir. 2007); *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1344–45 (Fed. Cir. 2000) (affirming that defendants "did not show sufficient motivation for one of ordinary skill in the art at the time of the invention to take any one of the following steps, let alone the entire complex combination"); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1383 (Fed. Cir. 1986) ("Focusing on the obviousness of substitutions and differences instead of on the invention as a whole . . . was a legally improper way to simplify the difficult determination of obviousness.").

44.    Conclusory and unspecific expert testimony is inadequate to support a finding of

obviousness and is "fraught with hindsight bias." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012); *see also InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1352 (Fed. Cir. 2014) (rejecting expert testimony that "primarily consisted of conclusory references to [the expert's] belief that one of ordinary skill in the art *could* combine these references, not that they *would* have been motivated to do so."); *TQ Delta, LLC v. CISCO Sys., Inc.*, 942 F.3d 1352, 1361 (Fed. Cir. 2019) ("We [have] repeatedly expressed concerns that crediting such testimony risks allowing the challenger to use the challenged patent as a roadmap to reconstruct the claimed invention using disparate elements from the prior art— i.e., the impermissible *ex post* reasoning and hindsight bias that *KSR* warned against.").

45.     "[K]nowledge of a problem and motivation to solve it are entirely different from motivation to combine particular references to reach the particular claimed method." *Innogenetics, N.V. v. Abbott Lab'ys*, 512 F.3d 1363, 1373–74 (Fed. Cir. 2008); *see also Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1377 (Fed. Cir. 2004) ("Recognition of a need does not render obvious the achievement that meets that need. . . . Recognition of an unsolved problem does not render the solution obvious.").

46.     An invention is not obvious over a proposed modification or combination of the prior art that is taught away from, *i.e.*, "when a person of ordinary skill, upon reading the reference, would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the path that was taken by the applicant." *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1305-07 (Fed. Cir. 2015) (quoting *In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994) (finding claims directed to glaucoma treatment not obvious because the prior art taught away from claim limitations)); *see also Unigene Lab'ys, Inc. v. Apotex Inc.*, 655 F.3d 1352, 1361-63 (Fed. Cir. 2011); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1308–10 (Fed. Cir. 2010)

(explaining that criticisms of patent challenger's proposed modification taught away from claimed invention).

47.     In addition to showing a motivation to combine, the burden is on the challenging party to establish that a person of ordinary skill in the art would have a reasonable expectation of success in combining the prior art in the manner claimed by the Asserted Claims.  *Yamanouchi*, 231 F.3d at 1345.  Where the disclosures of two references are "incompatible," a person of ordinary skill in the art would not have a reasonable expectation of success in combining them.  *Samsung Elecs. Co. v. Elm 3DS Innovations, LLC*, 925 F.3d 1373, 1381 (Fed. Cir. 2019).

### 5.     35 U.S.C. § 112

#### a.     Written Description

48.     Section 112 of the Patent Act provides that "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art . . . to make and use the same[.]"  35 U.S.C. § 112, ¶ 1.

49.     The written description requirement is met if the specification and the existing knowledge in the art reasonably convey "to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010).  For a patent claim to be held invalid for lack of written description, it must be proven by clear and convincing evidence that the patent fails to provide a person of ordinary skill in the art a basis "to recognize that [the inventor] invented what is claimed."  *Id*. (alterations in original).  The test for reasonably conveying possession of an invention is a flexible one, "requir[ing] an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art."  *Id.*

50.     "Written description is a question of fact, judged from the perspective of one of

ordinary skill in the art as of the relevant filing date." *Immunex Corp. v. Sandoz Inc.*, 964 F.3d 1049, 1063 (Fed. Cir. 2020) (quoting *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1363 (Fed. Cir. 2006)).  "The [written description] requirement is applied in the context of the state of knowledge at the time of the invention." *Zoltek Corp. v. United States*, 815 F.3d 1302, 1308 (Fed. Cir. 2016).  The specification therefore "need not include information that is already known and available to the experienced public." *Id.* (quoting *Space Sys./Loral, Inc. v. Lockheed Martin Corp.*, 405 F.3d 985, 987 (Fed. Cir. 2005)).

51.     A failure to "specifically mention a limitation that later appears in the claims is not a fatal one when one skilled in the art would recognize upon reading the specification that the new language reflects what the specification shows has been invented." *All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*, 309 F.3d 774, 779 (Fed. Cir. 2002).

52.     A specification implicitly satisfies the written description requirement if a person of ordinary skill in the art would find it "reasonably clear what the invention is and that the patent specification conveys that meaning."  *Id.*  That is, the "reasonably conveys" standard does not require the disclosure and claims to match exactly.  *Ariad Pharms.*, 598 F.3d at 1351; *id.* at 1352 ("[T]he [written] description requirement does not demand any particular form of disclosure or that the specification recite the claimed invention *in haec verba*" (citation omitted)).

53.     Nor will a claim be invalidated simply because the embodiments of the specification do not contain examples explicitly covering the full scope of the claim language.  *See Ralston Purina Co. v. Far-Mar-Co.*, 772 F.2d 1570, 1575-76 (Fed. Cir. 1985) (holding that specification's disclosure preferring a lower operating range, yet indicating no upper limit, combined with the industry knowledge at the time, was sufficient for a person of ordinary skill in the art to discern that higher ranges could be used).

15

54.     A patent applicant need only convey, "with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention.  The invention is, for purposes of the 'written description' inquiry, whatever is now claimed." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991) (emphasis omitted).

55.     "[A] patent claim is not necessarily invalid for lack of written description just because it is broader than the specific examples disclosed." *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1371 (Fed. Cir. 2009).  Further, "[a]n applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention." *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1365 (Fed. Cir. 2003) (quoting *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001)); *see also Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1378 (Fed. Cir. 2000) (holding written description sufficient to support claims covering non-identical half-shells where patent drawings, the only cited written description support, only disclosed identical half-shells).

### b.     Enablement

56.     Section 112 of the Patent Act provides that "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art . . . to make and use the same[.]"  35 U.S.C. § 112, ¶ 1.

57.     "Whether a claim satisfies the enablement requirement of 35 U.S.C. § 112 is a question of law" that "may be based on underlying factual findings . . . ." *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014); *see also Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*, 456 F. Supp. 3d 594, 622 (D. Del. 2020).

58.     "To prove that a claim is invalid for lack of enablement, a challenger must show by clear and convincing evidence that a person of ordinary skill in the art would not be able to practice

16

the claimed invention without 'undue experimentation.'" *Alcon Rsch.*, 745 F.3d at 1188 (citation

omitted); *see also John Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1360 (Fed. Cir. 1998) ("[I]t

is imperative when attempting to prove lack of enablement to show that one of ordinary skill in

the art would be unable to [practice] the claimed invention without undue experimentation.").  That

is, "[t]he specification must contain sufficient disclosure to enable an ordinarily skilled artisan to

make and use the entire scope of the claimed invention at the time of filing."  *MagSil Corp. v.

Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381-82 (Fed. Cir. 2012).

59.     What constitutes "undue experimentation" requires "application of a standard of

reasonableness, having due regard for the nature of the invention and the state of the art."  *In re

Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).  Specifically, the Federal Circuit has articulated the

following factors that may bear on determining whether a disclosure would require undue

experimentation: "(1) the quantity of experimentation necessary, (2) the amount of direction or

guidance presented, (3) the presence or absence of working examples, (4) the nature of the

invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability

or unpredictability of the art, and (8) the breadth of the claims."  *Id.*

60.     "Section 112 requires enablement of 'only the claimed invention,' not matter

outside the claims."  *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 959 F.3d 1091, 1100 (Fed.

Cir. 2020) (citations omitted).

61.     On May 18, 2023, the Supreme Court confirmed the existing legal standard for

enablement. *See generally Amgen Inc. v. Sanofi*, 598 U.S. 594 (2023); *see also id.* at 610 ("If a

patent claims an entire class of processes, machines, manufactures, or compositions of matter, the

patent's specification must enable a person skilled in the art to make and use the entire class.").

The Supreme Court explained that "a specification may call for a reasonable amount of

experimentation to make and use a patented invention[,]" and reasonableness "in any case will depend on the nature of the invention and the underlying art." *Id.* at 612.

## IV.  INJUNCTIVE RELIEF

### A.  Issues of Law

62.  If Defendants are found liable for patent infringement of a valid claim, whether Sight is entitled to a permanent injunction under 35 U.S.C. § 283, enjoining Defendants from making, using, selling, offering to sell in the United States, or importing into or exporting from the United States, the Accused Products.

### B.  Legal Standards

63.  Section 283 of the Patent Act provides that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

64.  "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court . . . ." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006). "[P]laintiff[s] seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

#### a.  Evidence of Irreparable Harm

65.  "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *see also Douglas Dynamics, LLC v. Buyers*

*Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013) ("Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction.").

66.     Direct competition between the parties strongly supports a finding of irreparable harm.  *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1152–54 (Fed. Cir. 2011); *see also Douglas Dynamics*, 717 F.3d at 1345 ("Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions."); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."); *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1338 (Fed. Cir. 2013) ("The district court determined that [Plaintiff] and [Defendant] were competitors and that [Plaintiff] lost market share while [Defendant] gained it—thus [Plaintiff] established irreparable harm.").  Irreparable harm may exist even if the competition is between the infringing product and a product of the patent owner that is not covered by the asserted patent(s).  *E.g.*, *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1547-49 (Fed. Cir. 1995).

### b.     Inadequate Remedies at Law

67.     "[T]he issues of irreparable harm and adequacy of remedies at law are inextricably intertwined," and courts may analyze the two factors in tandem. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1337 (Fed. Cir. 2012).  Reputational harm and loss of market share are often considered irreparable harms that money damages cannot adequately compensate.  *See, e.g.*, *Douglas Dynamics*, 717 F.3d at 1345 ("This court finds remedies at law inadequate to compensate Douglas for at least the reputation loss Douglas has suffered from Buyers's infringement."); *Broadcom Corp.*, 732 F.3d at 1338 (affirming district court's finding

that money damages were insufficient to compensate for loss of market share in case involving direct competitors).  As the Federal Circuit has stated, "[p]atent property rights are especially difficult to protect with solely monetary relief because a calculating infringer may thus decide to risk a delayed payment to obtain use of valuable property without the owner's permission." *Broadcom Corp.*, 732 F.3d at 1338 (internal quotation marks and citation omitted).

68.     "[L]oss of market share, brand recognition, and customer goodwill as the result of the defendant's infringing acts[] . . . may frequently defy attempts at valuation, particularly when the infringing acts significantly change the relevant market . . . ."  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010), *aff'd*, *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011).  "[A] court may find irreparable injury even if a patentee 'manages to maintain a profit in the face of infringing competition,' or experiences an increase in market share following the launch of an infringing product."  *Liqwd, Inc. v. L'Oréal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2018 WL 11189619, at *14 (D. Del. Oct. 15, 2018) (quoting *Douglas Dynamics*, 717 F.3d at 1344), *report and recommendation adopted*, 2019 WL 1873281 (D. Del. Apr. 26, 2019).  A patentee can also suffer irreparable harm as a result of price pressure from the Accused Products.  *Liqwd*, 2018 WL 11189619, at *14.

c.     **Balance of the Hardships**

69.     For the balance of hardships factor, courts examine the "relative effect of granting or denying an injunction on the parties" in light of their sizes, products, and sources of revenue. *i4i Ltd. P'ship*, 598 F.3d at 862.  Relative size is not dispositive, and it is within a district court's discretion to find that the balance of hardships favors an injunction even where it would have a "crippling effect" on the infringer's business.  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1306 (Fed. Cir. 2012) (affirming entry of permanent injunction).  As "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing

20

infringement destroys the business so elected."  *Id.* (alteration in original) (quoting *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683,704 (Fed. Cir. 2008)).

### d.      Public Interest

70.      The public interest factor requires an evaluation of "whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects."  *i4i Ltd. P'ship*, 598 F.3d at 863.

71.      Where reasonably similar alternatives are available, courts have held that the public would not be disserved by an injunction.  *See, e.g.*, *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1330-31 (Fed. Cir. 2008) (affirming grant of permanent injunction, and finding no abuse of discretion regarding the public interest factor, when alternatives were still available); *St. Jude Med., Inc. v. Access Closure, Inc.*, No. 08-CV-4101, 2012 WL 12919408, at *4 (W.D. Ark. June 4, 2012) (finding that some doctors preferred the infringing vascular closure device but granting injunction because alternative treatments existed for patients with holes in arteries); *Smith & Nephew, Inc. v. Synthes (U.S.A.)*, 466 F. Supp. 2d 978, 985 (W.D. Tenn. 2006) (holding that an injunction "will not negatively affect the public . . . because none of the data on the record establishes undisputed and enormous public reliance on Synthes' products and because other, similar products are available in the market"); *see also Celsis In Vitro*, 664 F.3d at 932 (granting injunction in part because both parties sell the same products and are in direct competition, allowing the public to obtain the products from the party moving for the injunction).

## V.      DAMAGES

### A.      Issues of Law

72.      If Defendants are found liable for infringement of a valid claim, what amount of damages as reasonable royalties Sight has proven.

73.      If Defendants are found liable for infringement of a valid claim, what amount of

damages in lost profits Sight has proven.

74.     For reasonable royalty damages, whether Defendants have proven the availability, acceptability, and non-infringing status, as of the date of first infringement, of their alleged non-infringing alternatives to the Accused Products in connection with the Asserted Patents.

75.     Whether Sight is entitled to an award of pre-judgment and/or post-judgment interest and the dollar amount of such award.

76.     Whether Sight is entitled to an award of treble damages pursuant 35 U.S.C. § 284 due to willful infringement.

77.     Whether Sight is entitled to an award of enhanced damages and the dollar amount of such award.

78.     Whether Sight is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Sight is entitled to an award of attorneys' fees.

79.     Whether Sight is entitled to costs and, if so, the dollar amount of such costs.

80.     In the event that the Court partially or fully denies Sight's request for entry of a permanent injunction, whether Sight is entitled to receive ongoing royalties from Defendants for post-judgment future infringement.

**B.     Legal Standards**

**1.     Damages Generally**

81.     Upon a finding of patent infringement, the patentee shall be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284.  The amount of a prevailing patentee's damages is a finding of fact on which the patentee bears the burden of proof by a preponderance of the evidence.  *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002); *see also SmithKline Diagnostics,*

*Inc. v. Helena Lab'ys Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

### 2.    Reasonable Royalty

82.    "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326-27 (Fed. Cir. 1987). The reasonable royalty may be based on the "supposed result of hypothetical negotiations between the plaintiff and defendant." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012) (quoting *Rite–Hite*, 56 F.3d at 1554 (en banc)).

83.    "While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)." *St. Clair Intell. Prop. Consultants, Inc. v. Canon, Inc.*, C.A. No. 03-241 JJF, 2004 WL 2213562, at *2 (D. Del. Sept. 28, 2004). These factors are:

1.    The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2.    The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3.    The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4.    The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5.    The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6.      The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7.      The duration of the patent and the term of the license.

8.      The established profitability of the product made under the patent; its commercial success; and its current popularity.

9.      The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10.     The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11.     The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14.     The opinion testimony of qualified experts.

15.     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee— who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention— would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

*Georgia–Pacific Corp.*, 318 F. Supp. at 1120.

84.     "[I]n conducting the hypothetical negotiation, [a factfinder] is permitted to look to events and facts that occurred after the infringement began." *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1353 (D. Del. 1995).

24

### 3.   Lost Profits

85.   "[T]he patentee needs to have been selling some item, the profits of which have been lost due to infringing sales, in order to claim damages consisting of lost profits."  *Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004).

86.   To recover lost profits, Sight has an initial burden to show a reasonable probability that, but for the infringement, it would have made the asserted sales.  *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989); *see also Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999).  Sight is not required to negate all possibilities that a purchaser might have bought a different product or might have foregone the purchase altogether.  *Id.*

87.   The traditional framework for establishing lost profits damages is under the four-factor *Panduit* test:

> To obtain as damages the profits on sales he would have made absent the infringement, i. e., the sales made by the infringer, a patent owner must prove: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made.

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

88.   Another method of establishing lost profits allows the patentee to base its lost profit recovery on the "market share" of infringing sales coupled with demand for the patented product, his manufacturing and marketing capacity to exploit the demand, and the amount of profit that he would have made.  *State Indus.*, 883 F.2d  at 1578; *Atl. Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 847 (Fed. Cir. 1992).  "The market share approach allows a patentee to 'satisfy the second Panduit element by substituting proof of its market share for proof of the absence of acceptable alternatives' and it 'allows a patentee to recover lost profits, despite the presence of

acceptable, noninfringing substitutes, because it nevertheless can prove with reasonable probability sales it would have made "but for" the infringement.'" *Sonos, Inc. v. D&M Holdings Inc.*, 297 F. Supp. 3d 501, 518-19 (D. Del. 2017) (quoting *BIC Leisure Prod., Inc. v. Windsurfing Int'l, Inc*., 1 F.3d 1214, 1219 (Fed. Cir. 1993)).

89.     Once Sight has met its initial burden of showing a reasonable probability that it would have made the lost sale but for the infringement, "[t]he burden then shifts to the infringer to show that the ['but for' claim] is unreasonable for some or all of the lost sales. *Rite-Hite*, 56 F.3d at 1545.

90.     Courts may exercise their discretion to award an ongoing royalty for future patent infringement in lieu of an injunction. *E.g.*, *Bos. Sci. Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 275-76 (D. Del. 2012) (awarding an ongoing 32% royalty rate in lieu of an injunction); *Vectura Ltd. v. GlaxoSmithKline LLC*, C.A. No. 16-638-RGA, 2019 WL 4346502, at *6-8 (D. Del. Sept. 12, 2019) (granting ongoing royalty).

### 4.     Alleged Non-Infringing Alternatives[2]

91.     In the context of reasonable royalty, Defendants bear the burden of production in showing the presence of non-infringing alternatives.  *E.g.*, *i4i Ltd. P'ship*, 598 F.3d at 853-54 (finding that "[defendant] had no commercially acceptable, non-infringing alternatives to using [plaintiff's] patent" when conducting reasonable royalty analysis).

92.     In the context of lost profits, Sight bears the burden of showing that Defendants did not have a non-infringing alternative at the time of infringement, unless Sight can show lost profits

---

[2] Sight has moved to exclude certain expert opinions regarding alleged non-infringing alternatives. *See* D.I. 289 (Sight Mot.); D.I. 291 (Sight's Opening Br.); D.I. 339 (Defendants' Answering Br.); D.I. 354 (Sight's Reply Br.).  Inclusion of this section is without waiver of Sight's motion to exclude these opinions.

under the "market share" approach.  *See Panduit*, 575 F.2d at 1156.

93.     Non-infringing alternatives must be non-infringing, acceptable, and available or on the market at the time of the alleged infringement.  *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1380 (Fed. Cir. 2002) (requiring that a non-infringing alternative be acceptable and available to customers); *Grain Processing*, 185 F.3d at 1349; *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.,* 637 F.3d 1269, 1288 (Fed. Cir. 2011) ("[I]f the substitute cannot be commercialized 'readily,' then it is not available for purposes of a lost profits determination") (citations omitted).

### 5.     Costs, Prejudgment, and Post Trial Interest

94.     Pursuant to Federal Rule of Civil Procedure 54(d), costs should be allowed to the prevailing party.  Under 28 U.S.C. § 1920, the prevailing party may recover the following costs:

(1)     fees of the clerk and marshal;

(2)     fees for printed or electronically recorded transcripts necessarily obtained for use in this case;

(3)     fees and disbursements for printing and witnesses;

(4)     fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     docket fees under 28 U.S.C. § 1923; and

(6)     compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. § 1920; *see also* D. Del. L.R. 54.1.

95.     Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961.

The Supreme Court has explained that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Accordingly, awarding "prejudgment interest is the rule, not the exception." *Id.* "[P]rejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc. v. ROL Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *Gen. Motors*, 461 U.S. at 656).

96. Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. "Post-judgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993). Courts in this district routinely award post-judgment interest in patent infringement cases. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 392 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006); *TruePosition Inc. v. Andrew Corp.*, 611 F. Supp. 2d 400, 414 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010).

### 6. Treble Damages

97. Section 284 of the Patent Act provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. An award of treble damages may be based on a finding of willful infringement. *E.g.*, *SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127 F.3d 1462, 1468-69 (Fed. Cir. 1997) (affirming award of treble damages based on willful

infringement).

### 7.    Enhanced Damages and Attorneys' Fees

98.    Section 284 also provides for enhanced "damages up to three times the amount found or assessed." 35 U.S.C. § 284.  In determining whether to award enhanced damages, a Court should consider "egregiousness of the defendant's conduct based on all the facts and circumstances." *Read Corp. v. Portec Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995) (en banc).  Although there is no "rigid formula for awarding enhanced damages under § 284," Sight must prove enhanced damages by a "preponderance of the evidence." *Halo*, 579 U.S. at 104-07.  The factors courts consider when determining whether an infringer's behavior was egregious include:

> (1) whether the infringer deliberately copied the invention; (2) whether the infringer, when aware of the patent, investigated and formed a good faith belief of invalidity or noninfringement; (3) the infringer's behavior as a party to litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct.

*See Liquid Dynamics*, 449 F.3d at 1225 (citing *Read Corp.*, 970 F.2d at 826–27, *superseded on other grounds* as recognized in *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1578 (Fed. Cir. 1996)); *see also Apple*, 258 F. Supp. 3d at 1022-23.

99.    A patentee may obtain enhanced damages under 35 U.S.C. § 284 where it establishes that the defendant's infringement was "willful." *Halo*, 579 U.S. at 103-04.  However, willfulness is not required for enhanced damages. *Id.* at 103-06; *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-3999-BLF, 2016 WL 3880774, at *16 (N.D. Cal. July 18, 2016), *rev'd in part on other grounds*, 879 F.3d 1299 (Fed. Cir. 2018).  "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his

infringement was objectively reckless." *Halo*, 579 U.S. at 105.

### 8.     Exceptional Case

100.     Under 35 U.S.C. § 285 "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

101.     A finding of exceptional circumstances under § 285, warranting an award of reasonable attorney fees, includes litigation conduct that causes competitive harm to a prevailing party. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551-52 (Fed. Cir. 1989); *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1357-59 (Fed. Cir. 2008) (requiring a "context-specific" analysis to assess whether the conduct amounts to litigation misconduct).

102.     To be a "prevailing party," a party "must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 3d 585, 589 (D. Del. 2014).

103.     "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

104.     "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion . . . ." *Id.*

105.     The prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence. *Id.* at 557-58; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2014 WL 4675002, at *1 (D. Del. Sept. 12, 2014).

31526926.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-JHL-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH | ) | |
| LLC, ALCON VISION, LLC, and ALCON | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 5**

**IVANTIS AND ALCON'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

## TABLE OF CONTENTS

I.    Preserved Issues ................................................................................................. 1

II.   Infringement ...................................................................................................... 2

      A.    Issues of Law to Be Litigated ................................................................ 2

      B.    Legal Authority ...................................................................................... 3

            1.    Direct Infringement ...................................................................... 3

            2.    Indirect Induced Infringement ..................................................... 5

            3.    Willful Infringement ..................................................................... 6

III.  Patent Validity .................................................................................................. 7

      A.    Issues of Law ......................................................................................... 7

      B.    Legal Authority ...................................................................................... 8

            1.    Presumption of Validity ................................................................ 8

            2.    Prior Art ......................................................................................... 8

            3.    Anticipation Under § 102 ............................................................ 12

            4.    Obviousness Under Obviousness § 103 ...................................... 14

            5.    Obviousness-Type Double Patenting ("ODP") ........................... 21

            6.    Indefiniteness Under 35 U.S.C. § 112 ........................................ 22

            7.    Lack of Written Description Under 35 U.S.C. § 112 .................. 23

            8.    Lack of Enablement Under 35 U.S.C. § 112 .............................. 25

IV.   Monetary Relief .............................................................................................. 27

      A.    Issues of Law to Be Litigated .............................................................. 27

      B.    Legal Authority .................................................................................... 27

            1.    Damages Generally ...................................................................... 27

            2.    Lost Profits .................................................................................. 28

            3.    Reasonable Royalty ..................................................................... 31

        4.      Costs, Prejudgment, and Postjudgment Interest ........................................ 37

        5.      Enhanced Damages ........................................................................ 38

        6.      Attorney Fees ............................................................................ 39

**V.      Injunctive Relief ........................................................................ 39**

    A.      Issues of Law to Be Litigated .............................................................. 39

    B.      Legal Authority ......................................................................... 39

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re '318 Pat. Infringement Litig.*,
   583 F.3d 1317 (Fed. Cir. 2009) .......................................................................................... 27

*Abdou v. Alphatec Spine, Inc.*,
   No. 12-CV-1804 BEN RBB, 2014 WL 6611422 (S.D. Cal. Nov. 19, 2014) ......................... 23

*Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*,
   579 F.Supp.2d 554 (D. Del. 2008) ....................................................................................... 42

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   2009 WL 4723733 (E.D. Tex. 2009) ..................................................................................... 33

*Allergan USA, Inc., et al. v. MSN Lab. Private Ltd., et.al.*,
   No. CV 19-1727-RGA, 2023 WL 6295496 (D. Del. Sept. 27, 2023) ..................................... 22

*Allergan, Inc. v. Apotex Inc.*,
   754 F.3d 952 (Fed. Cir. 2014) .............................................................................................. 16

*Allergan, Inc. v. Sandoz Inc.*,
   726 F.3d 1286 (Fed. Cir. 2013) ............................................................................................ 17

*Alloc, Inc. v. Int'l Trade Comm'n*,
   342 F.3d 1361 (Fed. Cir. 2003) .............................................................................................. 5

*Alza Corp. v. Andrx Pharm., LLC*,
   607 F. Supp. 2d 614 (D. Del. 2009) ........................................................................................ 3

*American Seating Co. v. USSC Group, Inc.*,
   514 F.3d 1262 (Fed. Cir. 2008) ............................................................................................ 10

*Amgen Inc. v. Sanofi*,
   143 S. Ct. 1243 (2023) .......................................................................................................... 26

*Amhil Enterprises Ltd. v. Wawa, Inc.*,
   81 F.3d 1554 (Fed. Cir. 1996) ................................................................................................ 4

*Apotex USA, Inc. v. Merck & Co., Inc.*,
   254 F.3d 1031, 59 U.S.P.Q.2d 1139 (Fed. Cir. 2001) ........................................................... 11

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014) ............................................................................................ 37

*Apple Inc. v. Samsung Elecs. Co.*, Ltd.,
   735 F.3d 1352 (Fed. Cir. 2013)........................................................................40

*Aqua Shield v. Inter Pool Cover Team*,
   774 F.3d 766 (Fed. Cir. 2014)..........................................................................33

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed. Cir. 2010)..........................................................23, 24, 25

*Arthrocare Corp. v. Smith & Nephew, Inc.*,
   406 F.3d 1365 (Fed. Cir. 2005)........................................................................14

*AstraZeneca v. Apotex*,
   782 F.3d 1324 (Fed. Cir. 2015)........................................................................36

*Asyst Techs., Inc. v. Emtrak, Inc.*,
   544 F.3d 1310 (Fed. Cir. 2008)........................................................................17

*In re AT & T Intellectual Property II, L.P.*,
   856 F.3d 991 (Fed. Cir. 2017)..........................................................................14

*Atlas Powder Co. v. IRECO Inc.*,
   190 F.3d 1342 (Fed. Cir. 1999)........................................................................14

*Auto. Techs. Int'l v. BMW of N. Am.*,
   501 F.3d 1274 (Fed. Cir. 2007)........................................................................27

*Baxalta Inc. v. Genentech, Inc.*,
   81 F.4th 1362 (Fed. Cir. 2023) ........................................................................26

*In re Baxter Travenol Lab'ys*,
   952 F.2d 388 (Fed. Cir. 1991)..........................................................................20

*Bayer AG, et al. v. Elan Pharm. Research Corp., et al.*,
   212 F.3d 1241 (Fed. Cir. 2000)..........................................................................4

*Bayer AG v. Dr. Reddy's Labs., Ltd.*,
   518 F. Supp. 2d 617 (D. Del. 2007)..................................................................21

*Bayer HealthCare LLC v. Baxalta Inc.*,
   No. 16-CV-1122-RGA, 2019 WL 330149 (D. Del. Jan. 25, 2019).......................37

*Bayer Healthcare v. Baxalta*,
   989 F.3d 964 (Fed. Cir. 2021)............................................................................6

*Beatrice Foods v. New Eng. Printing & Lithographing*,
   899 F.2d 1171 (Fed. Cir. 1990)........................................................................36

*Benisek v. Lamone*,
  138 S. Ct. 1942 (2018)......................................................................................................40

*BIC Leisure Prods., Inc. v. Windsurfing Intern., Inc.*,
  1 F. 3d. 1214 (Fed. Cir. 1993)...................................................................................28, 30

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*,
  967 F.3d 1353 (Fed. Cir. 2020)........................................................................................41

*Bioverativ Inc. v. CSL Behring LLC*,
  C.A. No. 17-914-RGA, 2020 U.S. Dist. LEXIS 49602 (D. Del. Mar. 23, 2020).......................7

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
  554 F.3d 982 (Fed. Cir. 2009)..........................................................................................20

*Boston Scientific SciMed, Inc. v. Iancu*,
  811 F. App'x 618 (Fed. Cir. 2020) ...................................................................................19

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
  977 F.2d 1555 (Fed. Cir. 1992).........................................................................................38

*Burroughs Wellcome Co. v. Barr Lab'ys, Inc.*,
  40 F.3d 1223 (Fed. Cir. 1994)..........................................................................................11

*Carnegie Mellon Univ. v. Marvell Tech.*,
  2012 WL 3686736 (W.D. Pa. Aug. 24, 2012) ....................................................................36

*In re: Cellect, LLC*,
  81 F.4th 1216 (Fed. Cir. 2023) ........................................................................................22

*Centocor Ortho Biotech, Inc. v. Abbott Labs.*,
  636 F.3d 1341 (Fed. Cir. 2011).........................................................................................24

*Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*,
  54 F.3d 756 (Fed. Cir. 1995)............................................................................................12

*Chestnut Hill Sound, Inc. v. Apple Inc.*,
  2015 WL 6870037 (D. Del. Nov. 6, 2015) ........................................................................41

*ClearValue, Inc. v. Pearl River Polymers, Inc.*,
  668 F.3d 1340 (Fed. Cir. 2012).........................................................................................13

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)...........................................................................................................5

*Conceptus, Inc. v. Hologic, Inc.*,
  2012 WL 44064 (N.D. Cal. Jan. 9, 2012) ....................................................................41, 42

*Cont'l Can Co. v. Monsanto Co.*,
   948 F.2d 1264 (Fed. Cir. 1991).............................................................................13

*Cordis Corp. v. Bos. Sci. Corp.*,
   99 F. App'x 928 (Fed. Cir. 2004) ..........................................................................42

*Correge v. Murphy*,
   705 F.2d 1326 (Fed. Cir. 1983)..............................................................................12

*Crystal Semiconductor Corp. v. TriTech Microelecs. Intern.*,
   246 F.3d 1336 (Fed. Cir. 2002)..............................................................................38

*CSIRO v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015)..............................................................................37

*Daiichi Sankyo Co., Ltd. v. Apotex Inc.*,
   501 F.3d 1254 (Fed. Cir. 2007)..............................................................................16

*Datascope Corp. v. SMEC, Inc.*,
   879 F.2d 820, 11 U.S.P.Q.2d 1321 (Fed. Cir. 1989) ............................................31

*Dawson v. Dawson*,
   710 F.3d 1347 (Fed. Cir. 2013)..............................................................................11

*In re De Blauwe*,
   736 F.2d 699 (Fed. Cir. 1984)................................................................................20

*DeMarini Sports, Inc. v. Worth, Inc.*,
   239 F.3d 1314 (Fed. Cir. 2001)................................................................................4

*Dow Chem. Co. v. Astro-Valcour, Inc.*,
   267 F.3d 1334 (Fed. Cir. 2001)..............................................................................12

*Dow Chem. Co. v. Halliburton Oil Well Cementing Co.*,
   324 U.S. 320 (1945)................................................................................................21

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)................................................................................5

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006)................................................................................................40

*Ecolochem v. S. Cal. Edison Co.*,
   227 F.3d 1361 (Fed. Cir. 2000)..............................................................................21

*Egbert v. Lippmann*,
   104 U.S. 333 (1881)................................................................................................11

*Elec. Storage Battery Co. v. Shimadzu*,
    307 U.S. 5 (1939)................................................................................................10

*Eli Lilly & Co. v. Am. Cyanamid Co.*,
    82 F.3d 1568 (Fed. Cir. 1996)..........................................................................41

*Eli Lilly & Co. v. Barr Labs., Inc.*,
    251 F.3d 955 (Fed. Cir. 2001)..........................................................................22

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)........................................................31, 35, 36, 37

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009).........................................................................6

*Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Systems, LLC*,
    350 F.3d 1327 (Fed. Cir. 2003)........................................................................31

*Flex-Rest, LLC v. Steelcase, Inc.*,
    455 F.3d 1351 (Fed. Cir. 2006)........................................................................12

*Fox Factory, Inc. v. SRAM, LLC*,
    944 F.3d 1366 (Fed. Cir. 2019)........................................................................18

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
    82 F. Supp. 3d. 987 (N.D. Cal. 2015)...............................................................33

*Fritz v. Arthur D. Little, Inc.*,
    944 F. Supp. 95 (D. Mass. 1996)......................................................................40

*Fromson v. W. Litho Plate & Supply Co.*,
    853 F.2d 1568 (Fed. Cir. 1988).....................................................................32, 34

*Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*,
    616 F.3d 1357 (Fed. Cir. 2010)........................................................................39

*Galderma Labs., L.P. v. Tolmar, Inc.*,
    737 F.3d 731 (Fed. Cir. 2013)..........................................................................19

*Gargoyles, Inc. v. U.S.*,
    113 F.3d 1572, 42 U.S.P.Q.2d 1760 (Fed. Cir. 1997) ...................................31

*Garretson v. Clark*,
    111 U.S. 120 (1884).....................................................................................31, 36

*Genentech, Inc. v. Amgen Inc.*,
    2019 WL 3290167 (D. Del. July 18, 2019) .....................................................40

*Genentech, Inc. v. Novo Nordisk A/S*,
   108 F.3d 1361 (Fed. Cir. 1997) ............................................................................27

*Geo. M. Martin Co. v. All. Mach. Sys. Int'l LLC*,
   618 F.3d 1294 (Fed. Cir. 2010) ......................................................................17, 20

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970) .....................................................................35

*Glaxo Inc. v. Novopharm, Ltd.*,
   110 F.3d 1562 (Fed. Cir. 1997) ..............................................................................4

*Glenayre Elecs., Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006) ...............................................................................28

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................5

*In re Gorman*,
   933 F.2d 982 (Fed. Cir. 1991) ...............................................................................13

*In re GPAC Inc.*,
   57 F.3d 1573 (Fed. Cir. 1995) ...............................................................................15

*Graham v. John Deere Co.*,
   383 U.S. 1 (1966) .............................................................................................15, 17

*Grain Processing Corp. v. American Maize-Products Co.*,
   185 F.3d 1341 (Fed. Cir. 1999) ................................................................29, 30, 36

*Grober v. Mako Prods., Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012) ...............................................................................3

*Halliburton Energy Servs., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008) .............................................................................23

*Halo Elec., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) .....................................................................................6, 7, 38, 39

*Hanson v. Alpine Valley Ski Area, Inc.*,
   718 F.2d 1075 (Fed. Cir. 1983) .............................................................................28

*Harris Corp. v. Ericsson Inc.*,
   417 F.3d 1241 (Fed. Cir. 2005) .............................................................................38

*Hebert v. Lisle Corp.*,
   99 F.3d 1109, 40 U.S.P.Q.2d 1611 (Fed. Cir. 1996) ............................................29

*Henny Penny Corp. v. Frymaster LLC*,
   938 F.3d 1324 (Fed. Cir. 2019)..................................................................................18

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*,
   378 F. Supp. 2d 459 (D. Del. 2005).............................................................................33

*In re Huai-Hung Kao*,
   639 F.3d 1057 (Fed. Cir. 2011)....................................................................................18

*In re Huang*,
   100 F.3d 135 (Fed. Cir. 1996)......................................................................................20

*In re Hubbell*,
   709 F.3d 1140 (Fed. Cir. 2013).....................................................................................21

*Idenix Pharms. LLC v. Gilead Scis. Inc.*,
   941 F.3d 1149 (Fed. Cir. 2019)....................................................................................26

*Institut Pasteur & Universite Pierre Et Marie Curie v. Focarino*,
   738 F.3d 1337 (Fed. Cir. 2013)....................................................................................19

*Intellectual Ventures I LLC v. Check Point Software, et al.*,
   C.A. Nos. 10-1067-LPS, 12-1581-LPS (D. Del. Mar. 31, 2014) (Mem. Op.) .......................32

*Interval Licensing LLC v. AOL, Inc.*,
   766 F.3d 1364 (Fed. Cir. 2014).....................................................................................22

*Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*,
   392 F.3d 1317 (Fed. Cir. 2004).....................................................................................17

*Ironburg Inventions Ltd. v. Valve Corporation*,
   64 F.4th 1274 (Fed. Cir. 2023) ....................................................................................38

*Kearns v. Chrysler Corp.*,
   32 F.3d 1541, 31 U.S.P.Q.2d 1746 (Fed. Cir. 1994) ..............................................................31

*King Instruments Corp. v. Perego*,
   65 F.3d 941 (Fed.Cir.1995).........................................................................................29

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
   2011 WL 13137061 (D. Del. Dec. 2, 2011)....................................................................41

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007).................................................................................13, 14, 15, 16

*L'Oreal USA, Inc. v. Olaplex, Inc.*,
   844 Fed. App'x 308 (Fed. Cir. 2021)............................................................................17

x

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)..................................................................37

*Leapfrog Enters., Inc. v. Fisher-Price, Inc.*,
    485 F.3d 1157 (Fed. Cir. 2007).........................................................15, 21

*Liebel-Flarsheim*, 481 F.3d at 1379..................................................................27

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)..............................................................................5

*LizardTech, Inc. v. Earth Res. Mapping, Inc.*,
    424 F.3d 1336 (Fed. Cir. 2005)...............................................................25

*Lockwood v. Am. Airlines, Inc.*,
    107 F.3d 1565 (Fed. Cir. 1997)...............................................................11

*Lough v. Brunswick Corp.*,
    86 F.3d 1113 (Fed. Cir. 1996).................................................................11

*Lovell Mfg. Co. v. Cary*,
    147 U.S. 623 (1893)............................................................................19

*Lucent Techs., Inc. v. Gateway Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)................................................29, 32, 33, 35

*Mahurkar v. C.R. Bard, Inc.*,
    79 F.3d 1572 (Fed. Cir. 1996).................................................................32

*Manville Sales Corp. v. Paramount Sys., Inc.*,
    917 F.2d 544 (Fed.Cir.1990)...................................................................5

*Mars v. Coin Acceptors*,
    527 F.3d 1359 (Fed. Cir. 2008)...............................................................36

*Media Techs. Licensing, LLC v. Upper Deck Co.*,
    596 F.3d 1334 (Fed. Cir. 2010)...............................................................21

*Medichem, S.A. v. Rolabo, S.L.*,
    437 F.3d 1157 (Fed. Cir. 2006)...............................................................17

*Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*,
    70 F.4th 1331 (Fed. Cir. 2023) ...............................................................19

*In re Merck*,
    800 F.2d 1091 (Fed. Cir. 1986)...............................................................17

*Merial Ltd. v. Cipla Ltd.*,
    681 F.3d 1283 (Fed. Cir. 2012)................................................................5

*Meyer Intell. Properties Ltd. v. Bodum, Inc.*,
   690 F.3d 1354 (Fed. Cir. 2012)......................................................................4

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003)....................................................................36

*Microsoft Corp. v. I4I Ltd. P'ship*,
   564 U.S. 91 (2011).................................................................................8, 41

*MicroStrategy Inc. v. Bus. Objects, S.A.*,
   429 F.3d 1344 (Fed. Cir. 2005)......................................................................4

*Minco, Inc. v. Combustion Engineering, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996)......................................................................28

*Mobile Oil Corp. v. Amoco Chemicals Corp.*,
   915 F. Supp. 1333 (D. Del. 1994)................................................................32

*Muniauction, Inc. v. Thomason Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008)....................................................................18

*National Presto Industries, Inc. v. West Bend Co.*,
   76 F.3d 1185 (Fed. Cir. 1996)......................................................................39

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014)..............................................................................22, 23

*Netscape Commc'ns Corp. v. Konrad*,
   295 F.3d 1315 (Fed. Cir. 2002)......................................................................9

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
   30 F.4th 1339 (Fed. Cir. 2022) ......................................................................5

*Novo Nordisk Pharms., Inc. v. Bio-Technology Gen. Corp.*,
   424 F.3d 1347 (Fed. Cir. 2005)....................................................................27

*Nutrition 21 v. United States*,
   930 F.2d 867 (Fed. Cir. 1991)......................................................................41

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014)....................................................................................39

*Oracle Am., Inc. v. Google Inc.*,
   2012 WL 877125 (N.D. Cal. Mar. 15, 2012)................................................33

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006)................................................................4, 18

*Ormco Corp. v. Align Tech., Inc.*,
    498 F.3d 1307 (Fed. Cir. 2007) .................................................................26

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
    575 F.2d 1152 (6th Cir. 1978) ..............................................................30, 31

*Perricone v. Medicis Pharm. Corp.*,
    432 F.3d 1368 (Fed. Cir. 2005) .................................................................14

*Petrolite Corp. v. Baker Hughes Inc.*,
    96 F.3d 1423 (Fed. Cir. 1996) ...............................................................9, 10

*Pfizer, Inc. v. Apotex, Inc.*,
    480 F.3d 1348 (Fed. Cir. 2007) ......................................................14, 16, 17

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
    518 F.3d 1353 (Fed. Cir. 2008) .................................................................21

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
    904 F.3d 965 (Fed. Cir. 2018) ..................................................................36

*Presidio Components, Inc. v. American Technical Ceramics Corp.*,
    875 F.3d 1369 (Fed. Cir. 2017) ..................................................29, 30, 38, 39

*Promega Corp. v. Life Techs. Corp.*,
    875 F.3d 651 (Fed. Cir. 2017) ...........................................................28, 29, 37

*Ralston Purina Co. v. Far-Mar-Co.*,
    772 F.2d 1570 (Fed. Cir. 1985) .................................................................14

*Raniere v. Microsoft Corp.*,
    887 F.3d 1298 (Fed. Cir. 2018) .................................................................39

*Reebok Intern. Ltd. v. J. Baker, Inc.*,
    32 F.3d 1552 (Fed. Cir. 1994) ..................................................................41

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) ..............................................................33, 35

*Rite–Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed.Cir.1995) ................................................................29, 42

*RSB Spine v. DePuy Synthes Sales*,
    2022 WL 17084156 (D. Del. Nov. 18, 2022) ................................................36

*Salazar v. HTC*,
    2018 WL 2033709 (E.D. Tex. Mar. 28, 2018) ..............................................36

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*,
523 F.3d 1374 (Fed. Cir. 2008)...................................................................................39

*Schering Corp. v. Geneva Pharms., Inc.*,
339 F.3d 1373 (Fed. Cir. 2003)...................................................................................13

*Scott v. Finney*,
34 F.3d 1058 (Fed. Cir. 1994).....................................................................................12

*Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*,
400 F.3d 910 (Fed. Cir. 2005).....................................................................................13

*Sinclair Refining Co. v. Jenkins Petroleum Process Co.*,
289 U.S. 689 (1933).............................................................................................32, 33

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*,
859 F.2d 878 (Fed. Cir. 1988).......................................................................................3

*SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*,
926 F.2d 1161 (Fed. Cir. 1991).............................................................................28, 32

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed .Cir. 2019).....................................................................................8

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985).....................................................................................7

*State Industries, Inc. v. Mor-Flo Industries, Inc.*,
948 F.2d 1573 (Fed. Cir. 1991)...................................................................................38

*Takeda Chern. Indus. v. Alphapharm Pty., Ltd.*,
492 F.3d 1350 (Fed. Cir. 2007)...................................................................................15

*Takeda Pharm. Co. v. Teva Pharm. USA, Inc.*,
668 F. Supp. 2d 614 (D. Del. 2009)...............................................................................3

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
785 F.3d 625 (Fed. Cir. 2015).......................................................................................6

*Taylor v. Iancu*,
809 F. App'x 816 (Fed. Cir. 2020) ..............................................................................24

*Tech. Licensing Corp. v. Videotek, Inc.*,
545 F.3d 1316 (Fed. Cir. 2008).....................................................................................3

*Teva Pharmaceutical Industries Ltd. v. Astrazeneca Pharmaceuticals LP*,
748 F. Supp. 2d 453 (Fed. Cir. 2011) ..........................................................................12

*Tone Bros., Inc. v. Sysco Corp.*,
28 F.3d 1192, 31 USPQ2d 1321 (Fed. Cir. 1994) ................................................10

*Townsend v. Smith*,
36 F.2d 292, 4 USPQ 269 (CCPA 1930) ................................................11

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
896 F.3d 1357 (Fed. Cir. 2018) ................................................27

*Trustees of Columbia Univ. in City of New York v. Illumina, Inc.*,
620 F. App'x 916 (Fed. Cir. 2015) ................................................17, 20, 21

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) ................................................37

*Vehicle IP, LLC v. AT&T Mobility LLC*,
227 F. Supp. 3d 319 (D. Del. 2016) ................................................7

*VirnetX, Inc. v. Cisco Sys.*,
767 F.3d 1308 (Fed. Cir. 2014) ................................................37

*W. Union Co. v. MoneyGram Payment Sys., Inc.*,
626 F.3d 1361 (Fed. Cir. 2010) ................................................21

*W.L. Gore & Assoc. v. Garlock, Inc.*,
721 F.2d 1540 (Fed. Cir. 1983) ................................................10

*In re Wands*,
858 F.2d 731 (Fed. Cir. 1988) ................................................26

*Warner-Lambert Co. v. Apotex Corp.*,
316 F.3d 1348 (Fed. Cir. 2003) ................................................6

*Wavetronix v. EIS Elec. Integrated Sys.*,
573 F.3d 1343 (Fed. Cir. 2009) ................................................3, 4

*Wechsler v. Macke Intern. Trade, Inc.*,
486 F.3d 1286 (Fed. Cir. 2007) ................................................31

*Weinberger v. Romero-Barcelo*,
456 U.S. 305 (1982) ................................................40

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
913 F.3d 1067 (Fed. Cir. 2019) ................................................31

*Willis Elec. Co.. v. Polygroup Macau Ltd.*,
649 F. Supp. 3d 780 (D. Minn. 2023) ................................................33

*WMS Gaming Inc. v. Int'l Game Tech.*,
    184 F.3d 1339 (Fed. Cir. 1999)..................................................................18

*Wonderland Switzerland AG v. Evenflo Co., Inc.*,
    C.A. 18-1990, 2022 WL 2438750 (D. Del. Jul. 5, 2022) ........................41

*Woodland Tr. v. Flowertree Nursery, Inc.*,
    148 F.3d 1368 (Fed. Cir. 1998)..................................................................10

*Wordtech Sys. v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010)....................................................................5

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010)..................................................................21

*Wyeth & Cordis Corp. v. Abbott Lab'ys*,
    720 F.3d 1380 (Fed. Cir. 2013)..................................................................26

*ZUP, LLC v. Nash Mfg., Inc.*,
    896 F.3d 1365 (Fed. Cir. 2018)..................................................................18

*Zygo Corp. v. Wyko Corp.*,
    79 F.3d 1563 (Fed. Cir. 1996)....................................................................36

**Statutes**

28 U.S.C. §1920.........................................................................................38

28 U.S.C. §1921.........................................................................................38

28 U.S.C. §1923.........................................................................................38

35 U.S.C. § 102...........................................................................8, 9, 11, 13

35 U.S.C. § 103.....................................................................................8, 14

35 U.S.C. § 112................................................................................. *passim*

35 U.S.C. § 271.....................................................................................2, 3, 5

35 U.S.C. § 282...........................................................................................8

35 U.S.C. § 284................................................................................. *passim*

35 U.S.C. § 285.............................................................................27, 28, 39

35 U.S.C. § 298........................................................................................6, 7

**Rules**

Local L.R. Rule 54.1 ................................................................................................................38

Local Rule 16.3 ........................................................................................................................1

Pursuant to Local Rule 16.3(c)(5) and the Court's Scheduling Order (D.I. 93), Defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc. (collectively "Alcon") respectfully submit the following Statement of Issues of Law That Remain to Be Litigated and a citation of representative authorities relied upon. Alcon's Statement is based, in part, on its current understanding of the positions of Plaintiff Sight Sciences, Inc. ("Plaintiff" or "Sight") and the proceedings in this action to date.

Alcon reserves the right to amend or supplement this Statement after considering Sight's submissions, including amendments or supplementation in response to submissions or events in pre-trial proceedings, the trial itself, post-trial proceedings, or otherwise.

Alcon reserves the right to prove any matters of law not discussed here that are identified in its pleadings, interrogatory responses, and/or expert reports. In addition, the citation of authorities referenced in this Statement is not intended to be exhaustive. Alcon reserves the right to rely on additional authorities in support of its defenses and intended proofs. Alcon also reserves the right to rely upon the legal authorities cited by Sight in its corresponding statement.

By including an issue of law in this Statement, Alcon does not assume the burden of proof with regard to that issue. Alcon reserves the right to modify or supplement this Statement to the extent necessary to fairly reflect subsequent Court rulings or orders.

To the extent this Statement contains issues of fact, they are incorporated by reference into Alcon's Statement of Issues of Fact that Remain to Be Litigated. To the extent Alcon's Statement of Issues of Fact That Remain to Be Litigated contains issues of law, they are hereby incorporated into this Statement.

## I.    PRESERVED ISSUES

1.    The statement of issues of law herein are without waiver to Alcon's motions, including:

- Alcon's motion for partial summary judgment of invalidity of the '443 patent asserted claims for obviousness-type double patenting ("ODP") and any post-trial briefing regarding ODP;

- Alcon's Objections to Magistrate Judge Fallon's Report and Recommendation Regarding Claim Construction;

2.      Alcon incorporates by reference all cited authorities in Alcon's briefing, including the opposition briefs to Sight's motions. D.I. 139 (Alcon's Objections to Magistrate Judge Fallon's Report and Recommendation Regarding Claim Construction); D.I. 289 (Sight Mot.); D.I. 291 (Sight's Opening Br.); D.I. 339 (Defendants' Answering Br.); D.I. 354 (Sight's Reply Br.); D.I. 293, 296 (Defendants' Mot.); D.I. 294, 297 (Defendants' Opening Br.); D.I. 326, 327 (Sight's Answering Br.); D.I. 357, 358 (Defendants' Reply Br.).

## II.    INFRINGEMENT

### A.    Issues of Law to Be Litigated

3.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Alcon directly infringes claim 11 of the '482 patent by making, using, offering for sale, selling, and/or importing the Hydrus® Microstent ("Hydrus") and its accompanying Hydrus Microstent Delivery System and Instructions for Use (collectively, "Accused Products") in this country.

4.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Alcon directly infringes claims 8, 24, and 58 of the '443 patent by making, using, offering for sale, selling, and/or importing the Accused Products in this country.

5.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence under 35 U.S.C. § 271(b) that Alcon induced and continues to induce third parties to directly infringe claim 18 of the '328 patent by using the Accused Products in this country.

6.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Alcon willfully infringed claim 11 of the '482 patent.

7.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Alcon willfully infringed claims 8, 24, and 58 of the '443 patent.

8.      Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that Alcon willfully infringed claim 18 of the '328 patent.

### B.      Legal Authority

9.      Sight has the burden of proving infringement for all elements of the asserted patent claims and must meet its burden by a preponderance of the evidence. *Takeda Pharm. Co. v. Teva Pharm. USA, Inc.*, 668 F. Supp. 2d 614, 619 (D. Del. 2009); *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988) (citations omitted). Plaintiff's burden never shifts to Defendants. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008) (noting that "the burden to prove infringement" never shifts from the plaintiffs and that "the risk of decisional uncertainty stays on the proponent of the proposition").

10.     "Patent infringement requires a two-step analysis. First, the court determines the scope and meaning of the patent claims asserted, and then compares the claims to the allegedly infringing devices." *Grober v. Mako Prods., Inc*., 686 F.3d 1335, 1344 (Fed. Cir. 2012) (citations and quotations omitted). Step one is a question of law; step two is a question of fact. *See Wavetronix v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1354 (Fed. Cir. 2009); *Alza Corp. v. Andrx Pharm., LLC*, 607 F. Supp. 2d 614, 623 (D. Del. 2009).

### 1.      Direct Infringement

11.     A party is liable for infringement only if it "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore." 35 U.S.C. § 271(a).

12.     An accused product literally infringes only "when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device

3

exactly.'" *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001) (citing *Amhil Enterprises Ltd. v. Wawa, Inc*., 81 F.3d 1554, 1562 (Fed. Cir. 1996)). If there is any deviation or if any limitation is missing, there can be no literal infringement as a matter of law. *Id.*; *see also Wavetronix*, 573 F.3d at 1359.

13.     A finding that even one element of an asserted claim is not met mandates a finding that the allegedly infringing product does not literally infringe that patent claim. *MicroStrategy Inc. v. Bus. Objects, S.A*., 429 F.3d 1344, 1352 (Fed. Cir. 2005) ("If … even one claim limitation is missing or not met, there is no literal infringement."); *Bayer AG, et al. v. Elan Pharm. Research Corp., et al.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000) ("If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."); *Glaxo Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1566 (Fed. Cir. 1997) ("It is elementary patent law that all limitations are material," and plaintiffs are "required to establish the presence of each limitation of the asserted claims.").

14.     "[D]irect infringement of a method claim requires a showing that every step of the claimed method has been practiced" and "that each of the claimed steps are performed within the United States." *Meyer Intell. Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366, 1371 (Fed. Cir. 2012). "Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).

15.     "[P]urely extraterritorial conduct cannot constitute *direct* infringement of a U.S. patent, as § 271(a) includes express language limiting its scope to domestic acts[.]" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302 (Fed. Cir. 2012) (emphasis in original).

## 2.    Indirect Induced Infringement

16.     "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for induced infringement requires there be direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920–921 (2014); *see also Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1351–1353 (Fed. Cir. 2022) (affirming summary judgment of no inducing infringement where the patentee failed to show any act of direct infringement).

17.     Sight "must show that an alleged infringer knowingly induced another to commit an infringing act to establish induced infringement under section 271(b)." *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990)). Sight must prove that Alcon "knew of the patent" and had a "specific intent and action to induce infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304–05 (Fed. Cir. 2006).

18.     "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp.*, 471 F.3d at 1306. "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015) ("[Induced infringement] requires proof the defendant knew the acts were infringing."). "Inducement requires intent, and . . . 'a device cannot induce infringement.'" *Wordtech Sys. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010).

19.     "[W]here a product has substantial noninfringing uses, intent to induce infringement cannot be inferred even when the defendant has actual knowledge that some users of its product may be infringing the patent." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed.

Cir. 2003); *accord Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1323-24 (Fed. Cir. 2009).

20.     "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer . . . intended to induce infringement of the patent." 35 U.S.C. § 298. And merely showing that a defendant provides instructions and training for its customers alone does not evidence inducement; rather, the patentee must show that such instructions and training evidence "intent to encourage infringement." *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015).

### 3.     Willful Infringement

21.     To show willful infringement, Sight must prove by a preponderance of the evidence that Alcon infringed "deliberate[ly]," in a "consciously wrongful" manner, and "without any reason to suppose [its] conduct [was] arguably defensible." *Halo Elec., Inc. v. Pulse Elecs., Inc*., 579 U.S. 93, 103–05 (2016).

22.     An accused infringer's conduct may only be found to amount to willful infringement if it is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Bayer Healthcare v. Baxalta*, 989 F.3d 964, 987 (Fed. Cir. 2021) (quoting *Halo Elec.*, 579 U.S. at 103-04).

23.     Sight must show Alcon "had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare*, 989 F.3d at 987. Further, "[t]here can be no willful infringement before a patent is issued." *Bioverativ Inc. v. CSL Behring LLC*, C.A. No. 17-914-RGA, 2020 U.S. Dist. LEXIS 49602, at *4-5 (D. Del. Mar. 23, 2020).

24.     Awareness of the patents-in-suit, without more, cannot establish willful infringement. *See Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 331 (D. Del. 2016) ("[Plaintiff] does

not identify other evidence, beyond pre-suit knowledge of the patent, that could show that [Defendants'] infringement was 'egregious,' 'deliberate,' 'wanton,' or otherwise characteristic of the type of infringement that warrants the Court exercising its discretion to impose the 'punitive' sanction of enhanced damages.").

25.     An infringer cannot willfully infringe a patent application. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it. A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.").

26.     A finding of willful infringement does not mandate that enhanced damages must be awarded. *See* 35 U.S.C. § 284; *see also Halo Elec.*, 579 U.S. at 104. Accordingly, awards of enhanced damages for willful infringement is reserved only for truly egregious conduct warranting "punitive" or "vindictive" sanctions. *Halo Elec.*, 579 U.S. at 98.

27.     "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent . . . ." 35 U.S.C. § 298. The decision not to seek an opinion of counsel or refuse to waive attorney-client privilege is "largely irrelevant" to the willful infringement analysis. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed .Cir. 2019).

## III.   PATENT VALIDITY

### A.     Issues of Law

28.     Whether Alcon has proven, by clear and convincing evidence, the elements of obviousness, lack of adequate written description, indefiniteness, and/or lack of enablement under 35 U.S.C. §§ 103 and 112, respectively, for claim 11 of the '482 patent.

29.     Whether Alcon has proven, by clear and convincing evidence, the elements of anticipation, obviousness, lack of adequate written description, indefiniteness, and/or lack of enablement under 35 U.S.C. §§ 102, 103, and 112, respectively, for claims 8, 24, and 58 of the '443 patent.

30.     Whether Alcon has proven, by clear and convincing evidence, the elements of obviousness under 35 U.S.C. § 103 for claim 18 of the '328 patent.

31.     Whether Alcon has proven, by clear and convincing evidence, that claims 8, 24, and 58 of the '443 patent are invalid for obviousness-type double patenting.

### B.     Legal Authority

#### 1.     Presumption of Validity

32.     Under § 282 of the Patent Act, patents are presumed valid and a party challenging the validity of a patent must prove invalidity by clear and convincing evidence. 35 U.S.C. § 282(a); *see also Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011).

33.     "If the PTO did not have all material facts before it, . . . the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain." *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110–111 (2011).

#### 2.     Prior Art

34.     35 U.S.C. § 102 (pre-AIA) provides that: "A person shall be entitled to a patent unless – (a) the  invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or

in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or … (e) the invention was described in — (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for the purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language, or … (g)(2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other."

35.     "Whether a patent is invalid for public use is a question of law based on underlying facts." *Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1319-20 (Fed. Cir. 2002).  Public use includes "any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor."  *Id.* (quoting *Petrolite Corp. v. Baker Hughes Inc.,* 96 F.3d 1423, 1425 (Fed. Cir. 1996)).  "The totality of the circumstances is considered in conjunction with the policies underlying the public use bar. *Tone Bros., Inc. v. Sysco Corp.,* 28 F.3d 1192, 1198, 31 USPQ2d 1321, 1324 (Fed. Cir. 1994). The circumstances may include: the nature of the activity that occurred in public; the public access to and knowledge of the public use; whether there was any confidentiality obligation imposed on persons who observed

the use; whether persons other than the inventor performed the testing; the number of tests; the

length of the test period in relation to tests of similar devices; and whether the inventor received

payment for the testing." *Id.* "There may be additional factors in a particular case relevant to the

public nature of the use or any asserted experimental aspect."

36.     To invalidate, the prior use or knowledge of an invention must be public. *Woodland Tr.*

*v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998). This publicity requirement is

met by the absence of affirmative steps by the prior user to conceal the use. *See, e.g., W.L. Gore*

*& Assoc. v. Garlock, Inc.*, 721 F.2d 1540, 1548-49 (Fed. Cir. 1983) (citing *Elec. Storage Battery*

*Co. v. Shimadzu*, 307 U.S. 5, 20 (1939)).

37.     Public use includes "any use of [the claimed] invention by a person other than the inventor

who is under no limitation, restriction or obligation of secrecy to the inventor." *Petrolite Corp. v.*

*Baker Hughes Inc.*, 96 F.3d 1423, 1425, 40 U.S.P.Q.2d 1201 (Fed. Cir. 1996); *see also, American*

*Seating Co. v. USSC Group, Inc*., 514 F.3d 1262, 1267 (Fed. Cir. 2008) ("The test for whether an

invention is ineligible for a patent due to the section 102(b) public use bar 'is whether the purported

use: (1) was accessible to the public; or (2) was commercially exploited.' Consideration of public

use includes analysis of, *inter alia*, the nature of and public access to activities involving the

invention; confidentiality obligations imposed upon observers; commercial exploitation; and the

circumstances surrounding testing and experimentation. An invention is in public use if it is shown

to or used by an individual other than the inventor under no limitation, restriction, or obligation of

confidentiality.")

38.     Public use need not be visible to be public. *See Lough v. Brunswick Corp.*, 86 F.3d 1113

(Fed. Cir. 1996) ("Some inventions are by their very character only capable of being used where

they cannot be seen or observed by the public eye. … Nevertheless, if its inventor sells a machine

of which his invention forms a part, and allows it to be used without restriction of any kind, the use is a public one.") (quoting *Egbert v. Lippmann,* 104 U.S. 333, 336 (1881)); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) (agreeing that "the public need not have access to the "inner workings" of a device for it to be considered "in public use" or "used by others" within the meaning of the statute.").

39.     Under 35 U.S.C. § 102 (pre-AIA), a patent is invalid where "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2); *see Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1035, 59 U.S.P.Q.2d 1139 (Fed. Cir. 2001). Conception has been defined as "the complete performance of the mental part of the inventive act" and it is "the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice[.]" *Townsend v. Smith*, 36 F.2d 292, 295, 4 USPQ 269, 271 (CCPA 1930). "[C]onception is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Dawson v. Dawson*, 710 F.3d 1347, 1352 (Fed. Cir. 2013) (quoting *Burroughs Wellcome Co. v. Barr Lab'ys, Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994)). "[A]n idea is definite and permanent when the inventor has a specific, settled idea, a particular solution to the problem at hand, not just a general goal or research plan he hopes to pursue." *Id*.

40.     Reduction to practice does not require that the invention "be in a commercially satisfactory stage of development." *Scott v. Finney*, 34 F.3d 1058, 1061 (Fed. Cir. 1994). "An invention, though completed, is deemed abandoned, suppressed, or concealed if, within a reasonable time after completion, no steps are taken to make the invention publicly known. Thus failure to file a patent application; to describe the invention in a publicly disseminated document; or to use the invention publicly, have been held to constitute abandonment, suppression, or

11

concealment." *Correge v. Murphy*, 705 F.2d 1326, 1330 (Fed. Cir. 1983). Work towards filing a patent application, commercializing a product, or time spent towards obtaining FDA approval support a finding of no abandonment, suppression, or concealment. *See Correge v. Murphy*, 705 F.2d 1326, 1329–30 (Fed. Cir. 1983) (finding no intent to abandon the invention, and ruling that inventor showed diligence where assignee corporation during the seven months was working towards preparing a patent application); *Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*, 54 F.3d 756, 761–62 (Fed. Cir. 1995) ("In cases in which an invention is disclosed to the public by commercialization, courts have excused delay upon proof that the first inventor engaged in reasonable efforts to bring the invention to market."); *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1343 (Fed. Cir. 2001) (finding that the prior inventor did not suppress the invention where the prior inventor "actively and continuously took steps towards the commercialization of the [invention]."); *Teva Pharmaceutical Industries Ltd. v. Astrazeneca Pharmaceuticals LP*, 748 F. Supp. 2d 453 (Fed. Cir. 2011) (no abandonment where shortly after reducing its prior invention to practice the prior inventor filed patent applications, a year later sought FDA approval to market its drug, and began marketing after receiving approval two year later); *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358–60 (Fed. Cir. 2006) (affirming a finding that prior inventor did not abandon, suppress, or conceal its prior invention where prior inventor immediately engaged in efforts to file a patent application and commercialize its device.).

### 3.    Anticipation Under § 102

41.    Under 35 U.S.C. § 102(a), a patent is invalid if "the invention was known or used by others in this country . . . before the invention thereof by the applicant for a patent." 35 U.S.C. § 102(a).  "Anticipation is a question of fact." *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co*., 400 F.3d 910, 914 (Fed. Cir. 2005) (affirming grant of summary judgment of invalidity for anticipation).

42.    A patent is invalid for anticipation under 35 U.S.C. §102, if a prior art reference discloses, expressly or inherently, each and every limitation of the claimed invention. *Schering Corp. v. Geneva Pharms., Inc*., 339 F.3d 1373, 1379 (Fed. Cir. 2003).

43.    A prior art reference anticipates a claim if the reference enables one of ordinary skill in the art to practice the invention, even if the author or inventor did not actually make or reduce to practice the claimed subject matter. *Id*. at 1380–81; *Cont'l Can Co. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991). "A person of ordinary skill in the art" refers to a hypothetical person who is presumed to have knowledge of all of the prior art in the field and analogous fields. *In re Gorman*, 933 F.2d 982, 986 (Fed. Cir. 1991). Such a person possesses ordinary creativity and is not an automaton. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007).

44.    The full scope of the claimed invention does not need to be enabled by the prior art reference for it to anticipate a claim, but rather disclosure of the invention by the prior art reference must be sufficient for a person having ordinary skill in the art, looking at that one reference, to be able to make and use at least one embodiment within the scope of the claimed invention. *ClearValue, Inc. v. Pearl River Polymers, Inc*., 668 F.3d 1340, 1344 (Fed. Cir. 2012) (citation omitted).

45.    The prior art is relevant for all that it teaches. *In re AT & T Intellectual Property II, L.P.*, 856 F.3d 991, 996 (Fed. Cir. 2017) (explaining that a "preferred embodiment" is "not a limitation on the scope of the patent's disclosure"); *Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1372 (Fed. Cir. 2005) (noting that "it was error for the district court to limit the disclosure of the prior art reference to a preferred embodiment"). A reference with a variety of teachings is relevant for anticipation to the full extent of its enabling disclosure; it is relevant for all that it contains. *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1376 (Fed. Cir. 2005).

13

46.     "Artisans of ordinary skill may not recognize the inherent characteristics or functioning of the prior art . . . The public remains free to make, use, or sell prior art compositions or processes, regardless of whether or not they understand their complete makeup or the underlying scientific principles which allow them to operate. The doctrine of anticipation by inherency, among other doctrines, enforces that basic principle." *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1347-48 (Fed. Cir. 1999).

### 4.     Obviousness Under Obviousness § 103

47.     Obviousness is a question of law that is based on underlying issues of fact. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007).

48.     Once the challenging party "has presented a prima facie case of invalidity, the patentee has the burden of going forward with rebuttal evidence." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1360 (Fed. Cir. 2007). If the patentee fails to do so, the patent cannot be found valid. *See, e.g., Ralston Purina Co. v. Far-Mar-Co.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985).

49.     The standard for whether a patent claim is obvious is whether "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a) (pre-AIA). Obviousness is based on four underlying factual determinations: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the pertinent art; and (4) secondary considerations, if any, of nonobviousness. *KSR*, 550 U.S. at 406-07 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

50.     "[T]he scope of the relevant prior art . . . include[s] that reasonably pertinent to the particular problem with which the inventor was involved." *In re GPAC Inc.*, 57 F.3d 1573, 1577 (Fed. Cir. 1995) (quotation omitted). "A reference is reasonably pertinent if, even though it may

be in a different field of endeavor, it is one which, because of the matter with which it deals, logically would have commended itself to an inventor's attention in considering his problem." *Id.* at 1578 (quotation omitted). "If a reference disclosure relates to the same problem as that addressed by the claimed invention, that fact supports use of that reference in an obviousness [finding]." *Id.* (quotation omitted).

51.     "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 416. "Common sense teaches . . . that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 420; *see also Leapfrog Enters.v. Fisher-Price, Inc.*, 485 F.3d 1157, 1161-62 (Fed. Cir. 2007).

52.     Obviousness is judged from the perspective of a person of ordinary skill in the art at the time the alleged invention was made. *Takeda Chern. Indus. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007). In determining the level of ordinary skill in the art, a court should consider the following factors: (1) the types of problems encountered in the art; (2) prior art solutions to those problems; (3) the rapidity with which innovations are made; (4) the sophistication of the technology involved; and (5) the educational level of active workers in the field. *Daiichi Sankyo Co., Ltd. v. Apotex Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007).

53.     Where a claim "simply arranges old elements with each performing the same function it had been known to perform and yields no more than one would expect from such an arrangement, the combination is obvious." *KSR*, 550 U.S. at 417 (quotation omitted). In general, a claim is invalid for obviousness if "a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention," and "would have had a reasonable

expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1361 (Fed. Cir. 2007).

54.     Routine experimentation on the part of an artisan does not support nonobviousness. *See Pfizer*, 480 F.3d at 1368.

55.     Although it "can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements," a court "need not seek out precise teachings directed to the specific subject matter of the challenged claim." *KSR*, 550 U.S. at 418. Nor can a court allow its "analysis" to "be confined by" an "overemphasis on the . . . explicit content" of prior art references. *Id.* at 419. Rather, a court must "take account of the inferences and creative steps that a person of ordinary skill in the art would employ." *Id.* at 418.

56.     The Federal Circuit has "repeatedly held" that a combination may be obvious "even absent any hint of suggestion in the [prior art] references themselves." *Id.* at 1368. A court that requires the prior art "clearly and unequivocally [to] disclose" a "motivation to combine" therefore "err[s] by taking an overly cramped view of what the prior art teaches." *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 963-64 (Fed. Cir. 2014).

57.     "[T]he expectation of success need only be reasonable, not absolute." *Pfizer*, 480 F.3d at 1364; *see also Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1165 (Fed. Cir. 2006); *Allergan, Inc. v. Sandoz Inc*., 726 F.3d 1286, 1292 (Fed. Cir. 2013); *In re Merck*, 800 F.2d 1091, 1097 (Fed. Cir. 1986). Thus, "obviousness cannot be avoided simply by a showing of some degree of unpredictability in the art so long as there was a reasonable probability of success." *Pfizer*, 480 F.3d at 1364. Courts have found that a person of ordinary skill is particularly likely to have a reasonable expectation of success when optimizing methods that are already practiced in the prior art. *See, e.g., id*. at 1371-72.

58.     Secondary considerations include: unexpected results, failure of others, skepticism of experts or praise of the alleged invention, the existence of a long-felt but unsolved problem, commercial success, or copying of the alleged invention. *See, e.g., Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17–18  (1966); *Asyst Techs., Inc. v. Emtrak, Inc*., 544 F.3d 1310, 1316 (Fed. Cir. 2008); *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004). Evidence of the independent and nearly simultaneous "invention" of the claimed subject matter by others is a secondary consideration supporting an obviousness determination and may support a conclusion that a claimed invention was within the knowledge of a person of ordinary skill in the art at that time of the alleged invention. *Trustees of Columbia Univ. in City of New York v. Illumina, Inc*., 620 F. App'x 916, 929-30 (Fed. Cir. 2015) ("Independently made, simultaneous inventions, made 'within a comparatively short space of time,' are persuasive evidence that the claimed apparatus 'was the product only of ordinary mechanical or engineering skill.'") (quoting *Geo. M. Martin Co. v. All. Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305 (Fed. Cir. 2010)); *L'Oreal USA, Inc. v. Olaplex, Inc.*, 844 Fed. App'x 308, 322-323 (Fed. Cir. 2021) (finding claims obvious where evidence showed independent development).   "While th[e] burden of persuasion remains with the challenger, a patentee bears the burden of production with respect to evidence of secondary considerations of nonobviousness." *ZUP, LLC v. Nash Mfg., Inc.*, 896 F.3d 1365, 1373-74 (Fed. Cir. 2018).

59.     "In order to accord substantial weight to secondary considerations in an obviousness analysis, 'the evidence of secondary considerations must have a "nexus" to the claims, *i.e.*, there must be "a legally and factually sufficient connection" between the evidence and the patented invention.'" *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373 (Fed. Cir. 2019) (quoting *Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1332 (Fed. Cir. 2019)). "The patentee bears

the burden of showing that a nexus exists." *Id.* (quoting *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999)). "To determine whether the patentee has met that burden, [the Federal Circuit] consider[s] the correspondence between the objective evidence and the claim scope." *Id.* (quoting *Henny Penny*, 938 F.3d at 1332). "[I]f the feature that creates the commercial success was known in the prior art, the success is not pertinent.'" *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1312 (Fed. Cir. 2006).

60.     A "nexus between the merits of the claimed invention and evidence of secondary considerations is required in order for the evidence to be given substantial weight in an obviousness decision. Put another way, commercial success or other secondary considerations may presumptively be attributed to the patented invention only where the marketed product embodies the claimed features, and is coextensive with them." *Muniauction, Inc. v. Thomason Corp.*, 532 F.3d 1318, 1327-28 (Fed. Cir. 2008) (citations omitted). "Where the offered secondary consideration actually results from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention." *In re Huai-Hung Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011) (emphasis omitted).

61.     "[C]opying," in the context of secondary considerations of nonobviousness, applies only "if the alleged copyist has in fact copied the patented product rather than independently arrived at a similar design." *Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*, 70 F.4th 1331, 1339-40 (Fed. Cir. 2023). "Copying requires duplication of features of the patentee's work based on access to that work, lest all infringement be mistakenly treated as copying." *Institut Pasteur & Universite Pierre Et Marie Curie v. Focarino*, 738 F.3d 1337, 1347-48 (Fed. Cir. 2013); *accord Boston Scientific SciMed, Inc. v. Iancu*, 811 F. App'x 618, 628 (Fed. Cir. 2020).

62.     Unexpected results is not shown merely by demonstrating an improvement over the prior art.  "Unexpected results that are probative of nonobviousness are those that are 'different in kind and not merely in degree from the results of the prior art.' Results which differ by percentages are differences in degree rather than kind, where the modification of the percentage is within the capabilities of one skilled in the art at the time. Thus, where an unexpected increase in efficacy is measured by a small percentage, as here, and the evidence indicates that skilled artisans were capable of adjusting the percentage, the result constitutes a difference in degree, not kind. So too, where an increase by a percentage is expected but not found, that result is also likely only a difference in degree. In this case, the expected result was an increase, by some percentage, in the prevalence of certain side effects. The failure of that percent increase to materialize, though unexpected, constitutes only a difference in degree from the prior art results. Accordingly, the comparable tolerability of 0.1% and 0.3% adapalene does not indicate that the asserted claims are non-obvious." *E.g.*, *Galderma Labs., L.P. v. Tolmar, Inc.*, 737 F.3d 731, 739 (Fed. Cir. 2013) (compiling cases); *Lovell Mfg. Co. v. Cary*, 147 U.S. 623, 633 (1893) (""[I]t does not amount to invention to discover that an old process is better in its results, when applied to a new working, than would have been expected; the difference between its prior working and the new working being only one of degree, and not one of kind.").  "Unexpected results must be established by factual evidence.  Mere argument or conclusory statements in the specification does not suffice." *In re De Blauwe*, 736 F.2d 699, 705 (Fed. Cir. 1984).

63.     Failure of others is not indicative of nonobviousness where the alleged failure is due to issues unrelated to the claimed invention.  *See Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 991-92 (Fed. Cir. 2009); *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l, LLC*, 618 F.3d 1294, 1305 (Fed. Cir. 2010) ("The Trust's evidence of failure of others is similarly insufficient.

While a jury might have credited the Trust's evidence that other machines, such as the Visy machine, did not work as well as the Quik–Break, everything indicates that the Quik–Break's superiority was due to its enhanced throughput over and above the claimed ability to handle a 'plurality of logs.'").

64.     A revenue number by itself is generally not indicative of nonobviousness; that number must be analyzed in the context of the overall market.  *See In re Baxter Travenol Lab'ys*, 952 F.2d 388, 392 (Fed. Cir. 1991) (rejecting evidence of commercial success where "[n]o market share information was provided"); *accord In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996).

65.     "Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill."  *Trustees of Columbia Univ. in City of New York v. Illumina, Inc.*, 620 F. App'x 916, 929-30 (Fed. Cir. 2015) (quoting *Geo. M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305 (Fed. Cir. 2010)).  Evidence of simultaneous invention need not be prior art; "simultaneous invention is relevant when it occurs within a short space of time from the date of invention, and 'is strong evidence of what constitutes the level of ordinary skill in the art.'"  *Id.* at 929-930 (quoting *Ecolochem v. S. Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000)).

66.     Where "the inventions represented no more than 'the predictable use of prior art elements according to their established functions' . . . the secondary considerations are inadequate to establish nonobviousness as a matter of law." *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010). "[S]econdary considerations of non-obviousness . . . simply cannot overcome a strong prima facie case of obviousness." *Id.*; *W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1373 (Fed. Cir. 2010) (citing *Media Techs. Licensing, LLC v. Upper Deck Co.*, 596

F.3d 1334, 1339 (Fed. Cir. 2010) ("Even if [the patentee] could establish the required nexus, a highly successful product alone would not overcome the strong showing of obviousness.")); *see also Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007) (holding that the objective considerations of nonobviousness presented, including substantial evidence of commercial success, praise, and long-felt need, were inadequate to overcome a strong obviousness case); *accord Dow Chem. Co. v. Halliburton Oil Well Cementing Co.*, 324 U.S. 320, 330 (1945).

### 5.    Obviousness-Type Double Patenting ("ODP")

67.    "'[O]bviousness-type' double patenting (non-statutory double patenting), is a 'judicially created doctrine adopted to prevent claims in separate applications or patents that do not receipt the 'same' invention, but nonetheless claim inventions so alike that granting both exclusive rights would effectually extend the right of patent protection.'" *Bayer AG v. Dr. Reddy's Labs., Ltd.*, 518 F. Supp. 2d 617, 638-39 (D. Del. 2007); *In re Hubbell,* 709 F.3d 1140, 1145 (Fed. Cir. 2013).

68.    A patent is invalid for ODP if its claims "are not patentably distinct from claims in a commonly owned earlier patent." *Pfizer, Inc. v. Teva Pharms. USA, Inc.,* 518 F.3d 1353, 1363 (Fed. Cir. 2008). "Generally, an obviousness-type double patenting analysis entails two steps. First, as a matter of law, a court construes the claim in the earlier patent and the claim in the later patent and determines the differences. Second, the court determines whether the differences in subject matter between the two claims render the claims patentably distinct. A later claim that is not patentably distinct from an earlier claim in a commonly owned patent is invalid for obvious-type double patenting. A later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 967-68 (Fed. Cir. 2001) (citations omitted).

69.    "For a patent to qualify as an [ODP] reference, its expiration date must fall before that of the challenged patent." *Allergan USA, Inc., et al. v. MSN Lab. Private Ltd., et.al.*, No. CV 19-1727-RGA,

2023 WL 6295496, at *22 (D. Del. Sept. 27, 2023). On August 28, 2023, the Federal Circuit held that "the expiration date used for an ODP analysis where a patent has received [a patent term adjustment (PTA)] is the expiration date after the PTA has been added." *In re: Cellect, LLC*, 81 F.4th 1216, 1226 (Fed. Cir. 2023); *see also Allergan*, 2023 WL 6295496, at *22 (applying *Cellect* to find an earlier-filed but later-expiring patent due to a PTA invalid for ODP).

70.    Alcon incorporates by reference its summary judgment briefing, D.I. 297 at 20–24.

### 6.    Indefiniteness Under 35 U.S.C. § 112

71.    Section 112 requires that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112.

72.    "A patent is invalid for indefiniteness if its claims, read in light of the patent's specification and prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention", and that definiteness is to be measured as of the time of the patent application. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 898-99 (2014); *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014) (A "term of degree fails to provide sufficient notice of its scope if it depends on the unpredictable vagaries of any one person's opinion.")..

73.    [A] patent must be precise enough to afford clear notice of what is claimed, thereby "'appris[ing] the public of what is still open to them . . . in a manner that avoids '[a] zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims[.]'" *Nautilus, Inc.,* . 572 U.S. at 898-99.

74.    Claims are indefinite when "an artisan would not know from one [instance] to the next whether a certain [product] was within the scope of the claims because a wide variety of factors could affect adequacy." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1254-55 (Fed. Cir. 2008). Further, "the absence of identified boundaries in terms of proximity, distance, or location renders []

claims indefinite." *Abdou v. Alphatec Spine, Inc.,* No. 12-CV-1804 BEN RBB, 2014 WL 6611422 at *8 (S.D. Cal. Nov. 19, 2014).

75.     Alcon incorporates by reference its summary judgment briefing, D.I. at 18–20.

### 7.     Lack of Written Description Under 35 U.S.C. § 112

76.     "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention." 35 U.S.C. § 112.

77.     The Federal Circuit reads 35 U.S.C. § 112 "to give effect to its language that the specification 'shall contain a written description of the invention' and hold[s] that § 112, first paragraph, contains two separate description requirements: a 'written description [i] of the invention, *and* [ii] of the manner and process of making and using [the invention.]" *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1344 (Fed. Cir. 2010) (emphasis in original).

78.     The Federal Circuit reads "Supreme Court precedent as recognizing a written description requirement separate from an enablement requirement even after the introduction of the claims." *Id.*

79.     35 U.S.C. Section 112, first paragraph, is only satisfied if the four corners of the specification "'clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.' In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351-52 (Fed. Cir. 2010) (en banc). Whether a patent satisfies the written description requirement is a question of fact. *Id.*

23

80.     The named inventors' "own testimony and experience" can "show[] that the specification did not demonstrate possession of the claimed invention…." *Taylor v. Iancu*, 809 F. App'x 816, 820 (Fed. Cir. 2020). "A 'mere wish or plan' for obtaining the claimed invention is not adequate written description." *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1348 (Fed. Cir. 2011) (reversing a denial of JMOL and holding claims invalid for inadequate written description).

81.     "[A]n adequate written description of a claimed genus requires more than a generic statement of an invention's boundaries." *Ariad Pharms.*, 598 F.3d at 1349. "[An] adequate written description requires a precise definition, such as by structure, formula, chemical name, physical properties, or other properties, of species falling within the genus sufficient to distinguish the genus from other materials." *Id.* "[M]erely drawing a fence around the outer limits of a purported genus is not an adequate substitute for describing a variety of materials constituting the genus and showing that one has invented a genus and not just a species." *Id.*

82.     "[G]eneric claim language appearing *in ipsis verbis* in the original specification does not satisfy the written description requirement if it fails to support the scope of the genus claimed." *Id.* "[T]he level of detail required to satisfy the written description requirement varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology . . . . For generic claims, [the Court] set[s] forth a number of factors for evaluating the adequacy of the disclosure, including 'the existing knowledge in the particular field, the extend and content of the prior art, the maturity of the science or technology, [and[ the predictability of the aspect at issue." *Id.* at 1351.

83.     "[I]t is the specification itself that must demonstrate possession." *Id.* at 1352.

84.     "Thus, although written description and enablement often rise and fall together, requiring a written description of the invention plays a vital role in curtailing claims that do not require

undue experimentation to make and use, and thus satisfy enablement, but that have not been invented, and thus cannot be described." *Id*.

85.      Alcon incorporates by reference its summary judgment briefing, D.I. 297 at 3, 14–18.

### 8.      Lack of Enablement Under 35 U.S.C. § 112

86.      Section 112 of the Patent Act requires not only that the specification describe the invention itself (the written description requirement), but also that the specification describe the "manner and process of making and using" the invention, such that a person skilled in the art may also make and use it (the enablement requirement). *See Ariad Pharms., Inc. v. Eli Lilly & Co*., 598 F.3d 1336, 1344 (Fed. Cir. 2010); *LizardTech, Inc. v. Earth Res. Mapping, Inc*., 424 F.3d 1336, 1344-45 (Fed. Cir. 2005). A patent must "enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use" the claimed invention. *See* 35 U.S.C. § 112 ¶ 1 (pre-AIA).

87.      Enablement is a question of law. *Wyeth & Cordis Corp. v. Abbott Lab'ys,* 720 F.3d 1380, 1384 (Fed. Cir. 2013).

88.      "[T]he specification must enable the full scope of the invention as defined by its claims. The more one claims, the more one must enable." *Amgen Inc. v. Sanofi*, 143 S. Ct. 1243, 1254 (2023). "[I]f an inventor claims a lot, but enables only a little, the public does not receive its benefit of the bargain." *Id.* at 1258.

89.      "Enablement requires that 'the specification teach those in the art to make and use the invention without undue experimentation.'" *Idenix Pharms. LLC v. Gilead Scis. Inc*., 941 F.3d 1149, 1154 (Fed. Cir. 2019) (quoting *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988)). "Factors to be considered in determining whether a disclosure would require undue experimentation . . . include (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5)

the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands*, 858 F.2d at 737; see *Amgen Inc. v. Sanofi*, 143 S. Ct. 1243, 1256 (2023) ("Amgen has failed to enable all that it has claimed, even allowing for a reasonable degree of experimentation."); *Baxalta Inc. v. Genentech, Inc.*, 81 F.4th 1362, 1367 (Fed. Cir. 2023) (finding the patent failed to teach the full scope of the claims without undue experimentation); *Wyeth & Cordis Corp. v. Abbott Lab'ys*, 720 F.3d 1380, 1385–86 (Fed. Cir. 2013) (similar). "A specification that requires a POSA to 'engage in an iterative, trial-and-error process to practice the claimed invention' does not provide an enabling disclosure." *Idenix Pharms. LLC v. Gilead Scis. Inc.*, 941 F.3d 1149, 1161 (Fed. Cir. 2019).

90.     "If an inventor attempts but fails to enable his invention in a commercial product that purports to be an embodiment of the patented invention, that is strong evidence that the patent specification lacks enablement." *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1319 (Fed. Cir. 2007); *Novo Nordisk Pharms., Inc. v. Bio-Technology Gen. Corp.*, 424 F.3d 1347, 1362 (Fed. Cir. 2005) ("[A]n inventor's failed attempts to practice an invention are relevant evidence of non-enablement"); *Liebel-Flarsheim*, 481 F.3d at 1379 (missing a prototype factored into lack of enablement); *Auto. Techs. Int'l v. BMW of N. Am.*, 501 F.3d 1274, 1284 (Fed. Cir. 2007) ("the specification provides 'only a starting point, a direction for further research'. . . . it does not provide guidance to a person of ordinary skill in the art on how to make or use [the invention]."); *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997) (similar); *see also, Trs. of Boston Univ. v. Everlight Elecs. Co.*, 896 F.3d 1357, 1361 (Fed. Cir. 2018) ("We can safely conclude that the specification does not enable what the experts agree is physically impossible.").

91.     Enablement is assessed as of the priority date of the patent. *In re '318 Pat. Infringement Litig.*, 583 F.3d 1317, 1323 (Fed. Cir. 2009).

92.     Alcon incorporates by reference its summary judgment briefing, D.I. 297 at 4–14.

26

## IV.    MONETARY RELIEF

### A.    Issues of Law to Be Litigated

93.    Whether Sight has failed to carry its burden of proving reasonable royalty damages by a preponderance of the evidence and the amount of any such damages, including the per-unit royalty rate and number of infringing sales.

94.    Whether Sight has failed to carry its burden of proving lost profits damages by a preponderance of the evidence and the amount of any such damages.

95.    Whether non-infringing alternatives to Hydrus were available during the alleged infringement and rebut Sight's claims for lost profits and a reasonable royalty.

96.    Whether Sight has failed to carry its burden of proving that it is entitled to an award of prejudgment and post-judgement interest, and the amount of any such interest.

97.    Whether Sight is entitled to enhanced damages pursuant to 35 U.S.C. § 285.

98.    Whether either party has established that this is an exceptional case, and whether either party is entitled to attorney fees pursuant to 35 U.S.C. § 285, and the amount.

99.    Whether either party is entitled to costs, and the amount.

### B.    Legal Authority

#### 1.    Damages Generally

100.    Under 35 U.S.C. § 284, a prevailing plaintiff is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer."

101.    The amount of damages "is a question of fact on which the patent owner bears the burden of proof." *See BIC Leisure Prods., Inc. v. Windsurfing Intern., Inc.*, 1 F. 3d. 1214, 1217 (Fed. Cir. 1993); *see also SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1164

(Fed. Cir. 1991). A plaintiff must prove its damages amount by a preponderance of the evidence. *See Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017).

102. Depending on the circumstances of the case, compensatory damages may take the form of (1) lost profits, (2) an established royalty, or (3) a reasonable royalty. *See Smithkline*, 926 F.2d at 1163, 1167, n.5; *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983).

103. Once a patent holder is compensated via an award of patent damages, no additional recovery may be had from the paying infringer or any other direct or indirect infringer. *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109, 1121 (Fed. Cir. 1996). Accordingly, because the damages cases for direct and indirect infringement allegations will largely be premised on similar acts of infringement, a patent holder may not recover damages for both direct and indirect infringement. *See Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 872 (Fed. Cir. 2006). This is because "in most cases damages assessed for indirect infringement will be equal to damages assessed for the underlying direct infringement." *Id*. at 859.

## 2. Lost Profits

104. "To recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits." *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (citing *King Instruments Corp. v. Perego*, 65 F.3d 941, 952 (Fed.Cir.1995)).

105. The patent owner has an initial burden to show that the patent owner would have made the asserted sales "but for" infringement by a preponderance of the evidence. See *Rite–Hite Corp. v. Kelley Co.*,, 56 F.3d 1538, 1545 (Fed.Cir.1995); see also *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119, 40 U.S.P.Q.2d 1611, 1618 (Fed. Cir. 1996); *Promega Corp.*, 875 F.3d at 660 ("In patent cases, 'the burden of proving damages falls on the patentee[.]'" (quoting *Lucent Techs., Inc. v. Gateway Inc.,* 580 F.3d 1301, 1324 (Fed. Cir. 2009). The burden then shifts to the alleged infringer

to show the patent owner's claim is unreasonable for some or all of the alleged lost sales. *Id*.; *see also Grain Processing*, 185 F. 3d at 1349.

106.     For lost profits, the proper analysis "requires a reconstruction of the market, as it would have developed absent the infringing product…." *Grain Processing*, 185 F.3d at 1350. "[O]nly by comparing the patented invention to its next-best available alternative(s) — regardless of whether the alternative(s) were actually produced and sold during the infringement — can the court discern the market value of the patent owner's exclusive right, and therefore his expected profit or reward, had the infringer's activities not prevented him from taking full economic advantage of this right." *Id.* at 1350.

107.     If a plaintiff's product does not practice the claimed invention, a product must directly compete with the infringing device to be entitled to lost profits. *See Presidio Components, Inc. v. American Technical Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017); *see also Rite–Hite Corp.,* 56 F.3d at 1548–49.

108.     "To obtain as damages the profits on sales he would have made absent the infringement, i. e., the sales made by the infringer, a patent owner must prove: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made." *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc*., 575 F.2d 1152, 1156 (6th Cir. 1978).

109.     The first *Panduit* factor assumes "that the patent owner and the infringer sell substantially the same product." *BIC Leisure Prods. Inc.,* 1 F.3d at 1219. "If the products are not sufficiently similar to compete in the same market for the same customers, the infringer's customers would not necessarily transfer their demand to the patent owner's product in the absence of the infringer's

product. In such circumstances … the first Panduit factor does not operate to satisfy the elemental 'but for' test." *Id.*

110.     If the defendant had a non-infringing alternative available, the plaintiff generally cannot show the infringement caused it to lose profits because "a rational would-be infringer is likely to offer an acceptable noninfringing alternative, if available, to compete with the patent owner rather than leave the market altogether." *Grain Processing*, 185 F.3d at 1351.

111.     "[A]vailable technology not on the market during the infringement can constitute a noninfringing alternative." *Grain Processing*, 185 F.3d at 1351.

112.     Sight has the burden of proving the absence of acceptable noninfringing alternatives by "either that the potential alternative was not acceptable to potential customers or was not available at the time." *Presidio Components* 875 F.3d at 1380.

113.     To satisfy the second prong of the *Panduit* test "by substituting proof of its market share for proof of the absence of acceptable substitutes," the patent owner and alleged infringer must compete in the same market and sell similar products. *See BIC Leisure, Inc.*, 1 F.3d at 1219; *see also*, *Wechsler v. Macke Intern. Trade, Inc*., 486 F.3d 1286, 1293–94 (Fed. Cir. 2007) (vacating an award of lost profits where patentee sold no product during the period of infringement, was still developing a commercial version of its product and the capability to mass produce it, and failed to show that the acts of infringement caused the patentee to lose sales of its product when it eventually entered the market).

114.     To satisfy the third prong of the *Panduit* test, "the patent owner must prove … manufacturing and marketing capability to exploit the demand …" *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1551–52, 31 U.S.P.Q.2d 1746 (Fed. Cir. 1994) (affirming summary judgment that patentee was not entitled to lost profits as damages, but was limited to a reasonable royalty, because

patentee could not prove that it had the capability to make the accused infringer's sales); *Gargoyles, Inc. v. U.S.*, 113 F.3d 1572, 1577–78, 42 U.S.P.Q.2d 1760 (Fed. Cir. 1997) (affirming denial of lost profit damages because patentee failed to show that it had the capacity to produce, or have its suppliers produce, the number of infringing products purchased by the Army); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 827, 11 U.S.P.Q.2d 1321 (Fed. Cir. 1989) (patentee could not recover lost profits based on foreign sales of infringing products made in the United States, where the patentee did not have any sales representatives assigned to foreign customers and never made any attempt to market in the foreign countries where the products were sold).

115.    Lost profits damages must be apportioned "between the patented feature and the unpatented features' using 'reliable and tangible' evidence." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)); *see also*, *WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067, 1073 (Fed. Cir. 2019) (requiring apportionment between the lost profits attributable to the patented features and those attributable to the nonpatented features); *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1346 (Fed. Cir. 2003) (vacating damage award and remanding where the district court "failed to distinguish the allocation of profits that would have been made 'but for' the infringement of the '376 patent with the profits that could fairly be allocated to customer demand related to the features embodying the [noninfringed] '991 patent.")

### 3.    Reasonable Royalty

116.    The determination of a reasonable royalty is an issue of fact that depends on the particular circumstances of each case. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996). Sight must prove the amount of reasonable royalty by a preponderance of the evidence. *See SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

*117.* A reasonable royalty may be based on a hypothetical negotiation that "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *See Lucent Technologies, Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1324 (Fed. Cir. 2009). "[P]arties in a hypothetical negotiation are presumed to have perfect knowledge of all facts and circumstances, some of which were unknown during the actual patent negotiations and acquisition." *Intellectual Ventures I LLC v. Check Point Software, et al.*, C.A. Nos. 10-1067-LPS, 12-1581-LPS, at *11 (D. Del. Mar. 31, 2014) (Mem. Op.) (citing *Mobile Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1353 (D. Del. 1994)).

*118.* Evidence dated post-infringement may also be properly considered because such information provides "a legitimate aid to the appraisal of the value of the patent" at the time of the hypothetical negotiation. *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 697–98 (1933) ("[A] different situation is presented if years have gone by before the evidence is offered. Experience is then available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within."); *see also Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) (the hypothetical negotiation methodology "permits and often requires a court to look to events and facts that occurred thereafter and that could not have been known to or predicated by the hypothesized negotiators"), *overruled on other grounds by*, *Knorr-Bremse Systeme Fuer Nutzfarhrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333-34 (Fed. Cir. 2009) ("[O]ur case law affirms the availability of post-infringement evidence as probative in certain circumstances."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (instructing that "the district court may also consider the panoply of 'events and facts that occurred thereafter and that could not have been

known to or predicted by the hypothesized negotiators'"); *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.,* 378 F. Supp. 2d 459, 465 (D. Del. 2005) ("It is axiomatic that 'the use made' will not be known until ***after*** infringement. And since the date of the hypothetical negotiation is '***before*** the infringing activity began,' ***information not available as of the date must be necessarily considered*** by the factfinder.") (first and second emphasis in original).

*119.* Post-infringement evidence may be relied upon the patentee and accused infringer alike. *Sinclair Refining Co.,* 289 U.S. at 697-98; s*ee also Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014) ("Contrary to [patent owner]'s broader contention, [] the district court did not err in considering [accused infringer]'s [actual] profits."); *France Telecom S.A. v. Marvell Semiconductor Inc.*, 82 F. Supp. 3d. 987, 1009-10 (N.D. Cal. 2015) (permitting accused infringer's damages expert to rely on actual sales after the hypothetical negotiation date); *Oracle Am., Inc. v. Google Inc.*, 2012 WL 877125, at *3 (N.D. Cal. Mar. 15, 2012) (permitting accused infringer's damages expert to rely on a patent valuation prepared four years after the hypothetical negotiation); *Willis Elec. Co.. v. Polygroup Macau Ltd.*, 649 F. Supp. 3d 780, 798-99 (D. Minn. 2023) (permitting accused infringer's expert to rely on an agreement prepared seven years after the hypothetical negotiation); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2009 WL 4723733, at *4-5 (E.D. Tex. 2009) (holding that it is "consistent with *Fromson*" for accused infringer's damages expert to consider data dated after the hypothetical negotiation).

120.    Factors considered when determining a reasonable royalty based on a hypothetical negotiation include:

> 1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.
>
> 2. The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patent; its commercial success; and its current popularity.

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily

34

> trying to reach an agreement; that is, the amount which a prudent
> licensee— who desired, as a business proposition, to obtain a
> license to manufacture and sell a particular article embodying the
> patented invention— would have been willing to pay as a royalty
> and yet be able to make a reasonable profit and which amount
> would have been acceptable by a prudent patentee who was willing
> to grant a license.

*See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.

1970).

121.     As part of the analysis under *Georgia-Pacific* factors 1 and 2, the fact-finder may consider,

respectively, prior licenses for the use of the patent in suit, or prior licenses for the use of "other

patents comparable to the patent in suit." *See Georgia-Pacific*, 318 F. Supp. At 1120.

122.     The amount of weight given to any particular license depends on the degree of

comparability with the terms of the hypothetical license. *See ResQNet.com, Inc. v. Lansa Inc.*, 594

F.3d 860, 869-70 (Fed. Cir. 2010); *Lucent Techs.*, 1325-26; *see also, Ericsson, Inc. v. D-Link Sys.,

Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("Prior licenses… are almost never perfectly analogous

to the infringement action. … Testimony relying on licenses must account for such distinguishing

facts when invoking them to value the patented invention.").

123.     As part of *Georgia-Pacific* factor 9 concerning the comparative utility of the patented

technology over old modes or devices, the fact-finder may consider the existence of noninfringing

alternatives to the patented technology. *See, e.g., Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d

1387, 1393-94 (Fed. Cir. 2003). The existence of a noninfringing alternative can help show that

the alleged infringer "would have been in a stronger position to negotiate for a lower royalty rate

knowing it had a competitive noninfringing device 'in the wings.'" *Zygo Corp. v. Wyko Corp.*, 79

F.3d 1563, 1571-72 (Fed. Cir. 1996). As a general matter, the availability of a viable, noninfringing

alternative will place a downward pressure on the reasonable royalty. *See id.*

124.    Reasonable royalty "does not look to what would have happened absent the infringing product, but to what the parties would have agreed upon as a reasonable royalty on the sales made by the infringer." *AstraZeneca v. Apotex*, 782 F.3d 1324, 1334 n.3 (Fed. Cir. 2015); *see also RSB Spine v. DePuy Synthes Sales*, 2022 WL 17084156, at *4 (D. Del. Nov. 18, 2022) (*Grain Processing* applies to lost profits not reasonable royalty); *Salazar v. HTC*, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018) ("[NIAs] don't play the same role in a reasonable-royalty determination."). Thus, as one court explained, the Federal Circuit has held that "even though '[t]here was . . . no available and acceptable noninfringing alternative to which [the defendant] could have switched at the time of the hypothetical negotiation,' the fact that there was a possibility that the defendant 'could have come up with one' was sufficient to justify the district court's ***reduction*** of a blended royalty rate from 11.5% to 7%." *Carnegie Mellon Univ. v. Marvell Tech.*, 2012 WL 3686736, at *4 (W.D. Pa. Aug. 24, 2012) (citing *Mars v. Coin Acceptors*, 527 F.3d 1359, 1373 (Fed. Cir. 2008)).

125.    "A patentee is only entitled to a reasonable royalty attributable to the infringing features. The patentee must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features." *See Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,* 904 F.3d 965, 977 (Fed. Cir. 2018) (quoting *Ericsson, Inc. v. D-Link Sys. Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)) (internal quotations removed); *see also Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Beatrice Foods v. New Eng. Printing & Lithographing*, 899 F.2d 1171, 1176 (Fed. Cir. 1990). A patentee may calculate a royalty as a percentage of the entire market value of the accused product only if the patented feature creates the basis for customer demand, i.e. that it creates the demand for the product "in the first place" rather than just enabling an important, or even essential, feature or characteristic. *See LaserDynamics, Inc. v. Quanta Computer, Inc*., 694 F.3d 51, 67–68 (Fed. Cir. 2012); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011). "The law

requires patentees to apportion the royalty down to a reasonable estimate of the value of its claimed technology, or else establish that its patented technology drove demand for the entire product." *VirnetX, Inc. v. Cisco Sys.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014).; *see also, Bayer HealthCare LLC v. Baxalta Inc.*, No. 16-CV-1122-RGA, 2019 WL 330149, at *8 (D. Del. Jan. 25, 2019) (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226–27 (Fed. Cir. 2014) (instructing that royalties must be apportioned between the infringing and non-infringing features of the accused product); *CSIRO v. Cisco Sys., Inc.,* 809 F.3d 1295, 1304–1305 (Fed. Cir. 2015).

126.    "[A] party may ... estimate the value of the benefit provided by the infringed features by comparing the accused product to non-infringing alternatives." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1315 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015).

### 4.    Costs, Prejudgment, and Postjudgment Interest

127.     Under 35 U.S.C. § 284, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

128.    Sight has the burden to prove the amount of pre- and post-judgement interest it believes it would be entitled. *Promega Corp.*, 875 F.3d at 660.

129.    Delay in filing suit that is prejudicial to Alcon prohibits an award of pre-judgement interest. See *Crystal Semiconductor Corp. v. TriTech Microelecs. Intern.*, 246 F.3d 1336, 1362 (Fed. Cir. 2002) (denying prejudgment interest because of Sight's "two year delay in initiating the present suit").

130.    Under the rules of this District, "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs. The party shall, within 14 days after the time for appeal has expired

or within 14 days after the issuance of the mandate of the appellate court, file a bill of costs. Failure to comply with the time limitations of this Rule shall constitute a waiver of costs, unless the Court otherwise orders or counsel are able to agree on the payment of costs. In the latter case, no bill of costs need be filed." D. Del. Local Rule 54.1(a)(1). "Costs shall be taxed in conformity with the provisions of 28 U.S.C. §§1920, 1921, and 1923, and such other provisions of law as may be applicable and the remaining paragraphs of subpart (b) of this Rule." D. Del. L.R. 54.1(b)(1).

### 5.   Enhanced Damages

131.    Under 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found or assessed." Whether to award enhanced damages and in what amount is at the discretion of the district court. *See Halo Elec., Inc. v. Pulse Elec., Inc.*, 579 U.S. 93, 104 (2016); *Harris Corp. v. Ericsson Inc.,* 417 F.3d 1241, 1259 (Fed. Cir. 2005).

132.    "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 579 U.S. at 103–04; *see also*, *Ironburg Inventions Ltd. v. Valve Corporation*, 64 F.4th 1274, 1300-01 (Fed. Cir. 2023) (quoting *Presidio Components, Inc. v. Am. Tech. Ceramics. Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017)). A finding of willful infringement does not compel enhancement of damages. *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581 (Fed. Cir. 1992); *State Industries, Inc. v. Mor-Flo Industries, Inc.*, 948 F.2d 1573, 1577 (Fed. Cir. 1991); *Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1376–77, (Fed. Cir. 2010) (finding no enhanced damages despite a finding of willful infringement given the totality of the circumstances); *see also* 35 U.S.C. § 284; *Halo Elec.*, 579 U.S. at 104. "In determining whether enhanced damages are appropriate, courts should consider the overall circumstances of the case." *See Presidio Components, Inc.*, 875 F.3d at 1382 (citing *Halo Elec.*, 579 U.S. at 106).

### 6. Attorney Fees

133.    Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

134.    "Exceptionality is an element or precondition for the imposition of attorney fees." *See Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 523 F.3d 1374, 1379–80 (Fed. Cir. 2008). Exceptional cases are rare. *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018). "District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554-55 (2014).  An award of "attorney fees is not automatic, even for the extraordinary case." *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996) (affirming denial of attorneys fees even though infringement was found to be willful).

## V.    INJUNCTIVE RELIEF

### A.    Issues of Law to Be Litigated

135.    Whether Sight has failed to carry its burden of proving by a preponderance of the evidence that it is entitled to injunctive relief that permanently enjoins Alcon and its officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or concert with them from making, using, selling, offering to sell in the United States, or importing into the United States the Hydrus.

### B.    Legal Authority

136.    "[A]n injunction is an equitable remedy. It is not a remedy which issues as of course, or to restrain an act the injurious consequences of which are merely trifling. An injunction should issue only where the intervention of a court of equity is essential in order effectually to protect

property rights against injuries otherwise irremediable." *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982) (citations omitted).

137.    A plaintiff seeking a permanent injunction must prove "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

138.    Courts "treat the irreparable harm factor the same in both the preliminary and permanent injunction contexts." *Apple Inc. v. Samsung Elecs. Co.*, Ltd., 735 F.3d 1352, 1361 (Fed. Cir. 2013). There must be a causal nexus between the infringing conduct and the alleged harm suffered by plaintiff. *See id*. at 1363-64.

139.    "[U]ndue delay" in seeking relief "negates the idea of irreparability" for an injunction. *Genentech, Inc. v. Amgen Inc.*, 2019 WL 3290167, *2 (D. Del. July 18, 2019); *see Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (finding that "unnecessary, years-long delay" weighs against injunctive relief); *Fritz v. Arthur D. Little, Inc.*, 944 F. Supp. 95, 98 (D. Mass. 1996) ("unexplained delay of more than two years in commencing … action" rebutted plaintiff's claim of irreparable harm).

140.    To determine irreparable harm courts look to "evidence of what actual damage was likely due to any continuation of [the accused infringer]'s alleged infringing sales and whether money damages will provide adequate compensation and vindication of [the patentee]'s patent rights." *Reebok Intern. Ltd. v. J. Baker*, *Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994). "Plaintiff must show that damages are inadequate to compensate for Defendant's infringement." *Wonderland*

*Switzerland AG v. Evenflo Co., Inc.*, C.A. 18-1990, 2022 WL 2438750, at *3 (D. Del. Jul. 5, 2022) (denying plaintiff's post-trial motion for a permanent injunction).

141.     If the plaintiff's alleged harm can be remedied through monetary relief, both the first and second factors weigh in favor of the defendant. *See, e.g., Eli Lilly & Co. v. Am. Cyanamid Co.*, 82 F.3d 1568, 1578–79 (Fed. Cir. 1996) (no irreparable harm where damages would be adequate); *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 13137061, *19 (D. Del. Dec. 2, 2011) (alleged loss of future business contracts compensable). The fact that calculating damages is "often a complex task" does not establish irreparable harm. *Chestnut Hill Sound, Inc. v. Apple Inc.*, 2015 WL 6870037, *5 (D. Del. Nov. 6, 2015); *see, e.g., Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991) ("difficulty of calculating losses" does not justify injunctive relief).

142.     Whether a product is independently developed, provides advantages to patients over patentee's product, and whether employees must be laid off are considerations that weigh towards substantial hardship of the alleged infringer. *See Conceptus, Inc. v. Hologic, Inc.*, 2012 WL 44064 (N.D. Cal. Jan. 9, 2012).

143.     "The touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1379 (Fed. Cir. 2020) (quoting *i4i*, 598 F.3d at 863, *aff'd*, 564 U.S. 91 (2011)).

144.     "If a patentee's failure to practice a patented invention frustrates an important public need for the invention, a court need not enjoin infringement of the patent." *Rite-Hite Corp.* 56 F.3d at 1547; *Cordis Corp. v. Bos. Sci. Corp.*, 99 F. App'x 928, 935 (Fed. Cir. 2004) (strong public interest in broad choice of medical devices); *Conceptus, Inc.* at *3–4 (having medical devices with different qualities on market "militates strongly against" injunction); *Advanced Cardiovascular*

*Systems, Inc. v. Medtronic Vascular, Inc.*, 579 F.Supp.2d 554, 561 (D. Del. 2008) (considering physician preference for a certain medical device).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 6: JOINT TRIAL EXHIBIT LIST (JTX)**

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Joint Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. |
|---|---|---|---|
| JTX0001 | 10/16/2012 | U.S. Patent No. 8,287,482 | |
| JTX0002 | 6/21/2016 | U.S. Patent No. 9,370,443 | |
| JTX0003 | 11/8/2016 | U.S. Patent No. 9,486,361 B2 | |
| JTX0004 | 6/11/2019 | U.S. Patent No. 10,314,742 B2 | |
| JTX0005 | 7/19/2022 | U.S. Patent No. 11,389,328 B2 | |
| JTX0006 | | Certified File History for U.S. Patent No. 8,287,482 B2 | SGHT0002688-SGHT0002921 |
| JTX0007 | | Certified File History for U.S. Patent No. 9,370,443 | SGHT0002922-SGHT0004418 |
| JTX0008 | | Certified File History for U.S. Patent No. 9,486,361 B2 | SGHT0004419-SGHT0005779 |
| JTX0009 | | Certified File History for U.S. Patent No. 10,314,742 | SGHT0005780-SGHT0006469 |
| JTX0010 | | Certified File History for U.S. Patent No. 11,389,328 B2 | SGHT0006837-SGHT0007760 |
| JTX0011 | 7/10/2023 | Curriculum Vitae of J. Crawford Downs, PhD | |
| JTX0012 | 1/21/2022 | John C. Galanis, M.D. F.A.C.S. curriculum vitae | |
| JTX0013 | 4/27/2023 | Curriculum Vitae of Richard Parrish II | |
| JTX0014 | 9/7/2023 | Curriculum Vitae of Daniel Schultz, M.D. | |
| JTX0015 | 12/00/2022 | Karen M. Becker, PhD resume | |
| JTX0016 | 8/17/2023 | David Gal Curriculum Vitae | |
| JTX0017 | 1/19/2022 | Curriculum Vitae of Andrew G. Iwach, MD | |
| JTX0018 | 9/6/2023 | Stephen G. Kunin Curriculum Vitae | |
| JTX0019 | 6/15/2023 | Exhibit 1, Angelo Tanna's Curriculum Vitae, to Opening Expert Report of Angelo P. Tanna M.D. | |
| JTX0020 | 4/00/2023 | Curriculum Vitae of Joseph A. Izatt | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 7: PLAINTIFF'S TRIAL EXHIBIT LIST (PTX)**
**(INCLUDING DEFENDANTS' OBJECTIONS)**

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0001 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0002 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0003 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0004 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0005 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0006 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0007 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0008 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0009 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0010 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0011 | 4/00/1964 | Ernst Barany, Simultaneous measurement of changing intraocular pressure and outflow facility in the vervet monkey by constant pressure infusion, 3 Investigative Ophthalmology 135 (Apr. 1964) | SGHT0170323-SGHT0170331 | 403, F, H |
| PTX0012 | 1979 | Robert A. Moses, Circumferential Flow in Schlemm's Canal, 88 American Journal of Opthalmology 585 (1979) | IVANTIS_SS_00026700-IVANTIS_SS_00026706 | 403, F, H |
| PTX0013 | 1979 | Ben S. Fine, Chapter 11: The Anterior Chamber Angle, Ocular Histology, A Text and Atlas, pp. 251-270 (2nd ed. 1979) | SGHT0170421-SGHT0170444 | 403, F, H, 106, S |
| PTX0014 | 1987 | Gregory L. Skuta and Richard K. Parrish, Wound Healing in Glaucoma Filtering Surgery, Survey of Ophthalmology, 32(3):149-170 (Nov./Dec. 1987) | SGHT0170510-SGHT0170531 | 403, F, H |
| PTX0015 | 1990 | Shlomo Melamed and Philip M. Fiore, Molteno Implant Surgery in Refractory Glaucoma, Survey of Ophthalmology 34(6):441-448 (May-June 1990) | SGHT0170413-SGHT0170420 | 403, F, H, Q |
| PTX0016 | 6/00/1991 | Kristine Erickson-Lamy et al., Outflow facility studies in the perfused human ocular anterior segment, 52 Experimental Eye Res. 723 (June 1991) | SGHT0170354-SGHT0170362 | 403, F, H, Q |

*Sight Sciences, Inc. v. Ivantis, Inc., et al.,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0017 | 1992 | Beer and Johnston, Jr., Mechanics of Materials (2d ed. 1992) | | BATES, 106, S, R, 403, F, 703, DAU, H |
| PTX0018 | 7/7/1992 | U.S. Patent No. 5,127,901, Odrich | SGHT0170445-SGHT0170451 | R, 403, F |
| PTX0019 | 1/19/1993 | U.S. Patent No. 5,180,362, Worst | IVANTIS_SS_00446929-IVANTIS_SS_00446939 | R, 403, F |
| PTX0020 | 7/18/1995 | U.S. Patent No. 5,433,701, Rubinstein | SGHT0170465-SGHT0170471 | R, 403, F |
| PTX0021 | 2000 | J. Ryhanen, Biocompatibility of Nitinol, 9 Min. Invas. Ther. & Allied Technol. 99 (2000) | SGHT0170472-SGHT0170479 | 403, F, H |
| PTX0022 | 2000 | R. Venugopalan and C. Trépanier, Assessing the Corrosion Behaviour of Nitinol for Minimally-Invasive Device Design, 9 Min. Invas. Ther. & Allied Technol. 67 (2000) | SGHT0170498-SGHT0170505 | 403, A, F, H |
| PTX0023 | 08/00/2000 | Ramesh S. Ayyala et al., Comparison of Different Biomaterials for Glaucoma Drainage Devices, 118 Arch Ophthalmol 1081 (Aug. 2000) | SGHT0170319-SGHT0170322 | 403, F, H |
| PTX0024 | 2001 | Douglas H. Johnson and Mark Johnson, How Does Nonpenetrating Glaucoma Surgery Work? Aqueous Outflow Resistance and Glaucoma Surgery, J. Glaucoma 10:55-67 (2001) | IVANTIS_SS_00001298-IVANTIS_SS_00001310 | 403, F, H, Q |
| PTX0025 | 2003 | Craig Bonsignore, A Decade of Evolution in Stent Design, Proceedings of the Int'l Conf. on Shape Memory and Superelastic Techs. 519-528 (2003) | IVANTIS_SS_00457906-IVANTIS_SS_00457918 | |
| PTX0026 | 2005 | Florian Rufer, Anke Schröder, & Carl Erb, White-to-White Corneal Diameter: Normal Values in Healthy Humans Obtained With the Orbscan II Topography System, 24 Cornea 259 (2005) | | BATES, R, 403, F, H, U |
| PTX0027 | 2006 | Mark J. Gallardo et al., Generic Glaucoma Medications, Glaucoma Today 32-35 (Jan./Feb. 2006), https://assets.bmctoday.net/glaucomatoday/pdfs/0106_01.pdf | SGHT0170371-SGHT0170374 | R, 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0028 | 2006 | Ana C. Acosta et al., A Newly Designed Glaucoma Drainage Implant Made of Poly(styrene-b-isobutylene-b-styrene), Arch Ophthalmol., 124:1742-1749 (Dec. 2006) | SGHT0170311-SGHT0170318 | 403, F, H |
| PTX0029 | 3/26/2006 | Ivantis Initial Due diligence request | IVANTIS_SS_00362911-IVANTIS_SS_00362919 | R, 403, H, F, MIL |
| PTX0030 | 4/28/2006 | Guidance for Industry and FDA Staff: Real-Time Premarket Approval Application (PMA) Supplements (Apr. 28, 2006) | | BATES, X, U, R, 403, A, F, H |
| PTX0031 | 10/00/2006 | Jianbo Zhou and Gregory Smedley, Trabecular Bypass, Effect of Schlemm Canal and Collector Channel Dilation, 15 J Glaucoma 446 (Oct. 2006) | IVANTIS_SS_00001504-IVANTIS_SS_00001513 | |
| PTX0032 | 4/30/2007 | Denali Medical Inc. Schematic re S-Truss Rev. 12, Drawing No. S-TRUSS_60008-12 | IVANTIS_SS_00160409 | 403, F |
| PTX0033 | | Exhibit not used | | |
| PTX0034 | 9/24/2007 | Information Disclosure Statement, Application No. 11/860,318, Inventor: Andrew Schieber | | BATES, X, U, R, 403, A, 106, AF, F |
| PTX0035 | 10/23/2007 | Denali Vision Schematic re 30-2_TRUSS_VERSION25 | IVANTIS_SS_00043415 | 403, F |
| PTX0036 | 12/27/2007 | U.S. Patent Application Publication No. US 2007/0298068 A1 | IVANTIS_SS_00447145-IVANTIS_SS_00447172 | R, 403 |
| PTX0037 | 12/27/2007 | U.S. Patent Application Publication No. US 2007/0298068 A1 and Metadata Sheet | IVANTIS_SS_00458683-IVANTIS_SS_00458710 | BATES, R, 403, MD |
| PTX0038 | 2008 | A.D. Fitt, Flow in the Canal of Schlemm and its Influence on Primary Open Angle Glaucoma, Progress in Industrial Mathematics at ECMI 2006, pp. 843-847 (2008) | SGHT0170285-SGHT0170309 | R, 403, A, F, 106, S, H |
| PTX0039 | 1/8/2008 | Guidance for Industry and FDA Staff: The Review and Inspection of Premarket Approval Application Manufacturing Information and Operations (Jan. 8, 2008), available at https://www.fda.gov/media/72153/download | | R, BATES, X, U, 403, A, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0040 | 4/9/2008 | Shay Glenn LLP Presentation titled Ivantis IP Review, April 9, 2008 | IVANTIS_SS_00446872-IVANTIS_SS_00446893 | MIL, 403, R, H, 298 |
| PTX0041 | 4/11/2008 | Email from Tom Zlogar to Michael Brown and Sergio Garcia, cc Jim Shay re Ivantis Due Diligence Materials | IVANTIS_SS_00446735 | MIL, 403, R, H, C/D, 298 |
| PTX0042 | 4/11/2008 | Email from Tom Zlogar to Michael Brown and Sergio Garcia, cc Jim Shay re Ivantis Due Diligence Materials, with attachments | IVANTIS_SS_00446735-IVANTIS_SS_00446919 | MIL, 403, R, H, C/D, 298 |
| PTX0043 | 4/11/2008 | Ivantis Patents and Publications of Interest | IVANTIS_SS_00446919 | R, H, 403, F, MIL, 298 |
| PTX0044 | 4/11/2008 | Ivantis Patents and Publications of Interest, with metadata sheet | IVANTIS_SS_00446919 with metadata sheet | R, H, 403, F, MIL, 298 |
| PTX0045 | 8/00/2008 | 5 Questions with Reay H. Brown, MD, https://glaucomatoday.com/articles/2008-july-aug/GT0708_08-php | IVANTIS_SS_00471212-IVANTIS_SS_00471217 | R, 403, F, H |
| PTX0046 | 11/13/2008 | Email from Mika Mayer to Doug Roeder re US27298068A1, with attachment | DV000001-DV000029 | R, H, 403 |
| PTX0047 | 11/14/2008 | Email from Dave Van Meter to Doug Roeder re US27298068A1.pdf | DV000034-DV000037 | R, H, 403 |
| PTX0048 | 11/14/2008 | Email from Dave Van Meter to Doug Roeder re US27298068A1.pdf | DV000030-DV000031 | R, H, 403 |
| PTX0049 | 11/14/2008 | Email from Dave Van Meter to Doug Roeder re US27298068A1.pdf | DV000032-DV000033 | R, H, 403 |
| PTX0050 | 12/11/2008 | Guidance for Industry and FDA Staff: Modifications to Devices Subject to Premarket Approval (PMA) – The PMA Supplement Decision-Making Process (Dec. 11, 2008) | IVANTIS_SS_00469411-IVANTIS_SS_00469439 | R, 403, F, H |
| PTX0051 | 12/18/2008 | Email from Paul Badawi to David Badawi re Fw: Badawi patent application | SGHT0116268-SGHT0116269 | R, H, 403 |
| PTX0052 | 12/18/2008 | Email from Mika Mayer to David Badawi and P. Badawi re Badawi patent application | SGHT0029566 | R, H, 403 |
| PTX0053 | 12/18/2008 | Email from Jim Shay to Mika Mayer re Badawi patent application | IVANTIS_SS_00447185 | R, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0054 | 12/18/2008 | Email from Paul Badawi to David Badawi re Fw: Badawi patent application | SGHT0116270-SGHT0116271 | R, H, 403 |
| PTX0055 | 12/19/2008 | Email from Mika Mayer to Doug  Roeder, cc Paul Badawi re Badawi Application | SGHT0029569 | R, H, 403 |
| PTX0056 | 12/19/2008 | Email from Mika Mayer to Doug Roeder, cc Paul Badawi re Badawi Application | DV000038 | R, H, 403 |
| PTX0057 | 12/19/2008 | Email from Dave Van Meter to Doug Roeder | DV000039 | R, H, 403 |
| PTX0058 | 12/22/2008 | Email Paul Badawi to Mika Mayer, Doug Roeder re Badawi Application | DV000040-DV000041 | R, H, 403 |
| PTX0059 | 12/23/2008 | Email from Dave Van Meter to Doug Roeder re Anything from Badawi | DV000042 | R, H, 403 |
| PTX0060 | 12/23/2008 | Email from Dave Van Meter to Doug Roeder re Anything from Badawi | DV000043-DV000044 | R, H, 403 |
| PTX0061 | 2009 | Minckler D et al., Aqueous Shunts for Glaucoma (Review), Cochrane Database of Systematic Reviews 2006, Issue 2, Art. No.: CD004918 | IVANTIS_SS_00001338-IVANTIS_SS_00001396 | R, 403, F, H |
| PTX0062 | 1/5/2009 | Email from Dave Van Meter to Doug Roeder re Badawi | DV000045-DV000046 | R, H, 403 |
| PTX0063 | 1/5/2009 | Email from Paul Badawi to Doug Roeder re Badawi Application | DV000047-DV000048 | R, H, 403 |
| PTX0064 | 1/6/2009 | Email from Doug Roeder to Paul Badawi re Badawi Application | SGHT0029575-SGHT0029577 | R, H, 403 |
| PTX0065 | 4/2/2009 | International Publication No. WO 2009/042596 A2 | | R, BATES, U, 403, F |
| PTX0066 | 4/2/2009 | Ivantis Drawings, Truss, 3 Clock, Drawing No. C00009 Rev. E | IVANTIS_SS_00017901-IVANTIS_SS_00017904 | 403, F |
| PTX0067 | 4/14/2009 | Ivantis Drawings, Truss, 2 Clock,  Drawing No. C00072 Rev. A | IVANTIS_SS_00017530-IVANTIS_SS_00017533 | 403, F |
| PTX0068 | 4/23/2009 | Ivantis Drawings, Truss, 5 Clock, Drawing No. C00002 Rev. F | IVANTIS_SS_00016650-IVANTIS_SS_00016653 | 403, F |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0069 | 7/26/2009 | Email from David Badawi to Paul Badawi re right back at you, with attachment (General Vision.ppt) | SGHT0029607-SGHT0029636 | 403, F, H |
| PTX0070 | 7/30/2009 | Ivantis Drawings, Truss, 2 Clock Crescent, Drawing No. C00066 Rev. A | IVANTIS_SS_00017406-IVANTIS_SS_00017409 | 403, F |
| PTX0071 | 9/15/2009 | U.S. Patent No. 7,588,597, Frid | IVANTIS_SS_00458065-IVANTIS_SS_00458071 | |
| PTX0072 | 10/16/2009 | Ivantis Drawings, Assemby, Rotating Rack Gear, S00005 Rev B | IVANTIS_SS_00000030-IVANTIS_SS_00000032 | 403, F |
| PTX0073 | 12/17/2009 | Ivantis Drawings, Truss, 3 Clock Low Profile, Nitinol, C00109 Rev A | IVANTIS_SS_00000033-IVANTIS_SS_00000036 | 403, R, F |
| PTX0074 | 2/19/2010 | Email from David Badawi to F. Scherrible, cc Paul Badawi, F. Budillon re \|\| AW: Introduction, with attachments (Brief_Admedes.ppt; photo.jpg) | SGHT0160327-SGHT0160344 | 403, F, H |
| PTX0075 | 5/25/2010 | Confidentiality Agreement between Sight Sciences, Inc. and Alcon Research, Ltd. | IVANTIS_SS_00458681-IVANTIS_SS_00458682 | 403, F |
| PTX0076 | 6/11/2010 | Executive Summary June 2010, Sight Sciences, Inc. | SGHT0025537-SGHT0025543 | 403, F, H |
| PTX0077 | 6/21/2010 | Presentation titled Sight Sciences, Inc. June 2010 | SGHT0161183-SGHT0161232 | 403, F, H |
| PTX0078 | 7/13/2010 | Westwood Vision, Inc. | IVANTIS_SS_00458711 | 403, F, H |
| PTX0079 | 7/19/2010 | Sight Sciences, Inc. Executive Summary | IVANTIS_SS_00458712-IVANTIS_SS_00458718 | 403, F, H |
| PTX0080 | 7/29/2010 | Metadata sheet and U.S. Patent Application Publication No. US 2010/0191329 | IVANTIS_SS_00458722-IVANTIS_SS_00458749 | BATES, R, 403, MD |
| PTX0081 | 8/4/2010 | Document named Commercialization Strategy.docx | SGHT0026641-SGHT0026652 | 403, F, H |
| PTX0082 | 8/10/2010 | Presentation named SBIR Commercial Strategy.pptx | SGHT0026719-SGHT0026754 | 403, F, H |
| PTX0083 | 10/12/2010 | Presentation titled SAB Slide Deck 10-10-10.ppt, Ivantis | IVANTIS_SS_00362628-IVANTIS_SS_00362716 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0084 | 11/23/2010 | Email from Michael Fautsch to David Badawi, Paul Badawi, cc: Cindy Bahler, re Update, and attachment Sight Sciences-Summary of Results-11222010.doc | SGHT0161700-SGHT0161703 | 403, R, H, F |
| PTX0085 | 2011 | Juliana L. Basko-Plluska et al., Cutaneous and Systemic Hypersensitivity Reactions to Metallic Implants, 22 Dermatitis 65 (2011), https://www.medscape.com/viewarticle/742801?form=fpf | SGHT0170332-SGHT0170346 | R, 403, F, H |
| PTX0086 | 2011 | Waseem Haider and Norman Munroe, Assessment of Corrosion Resistance and Metal Ion Leaching of Nitinol Alloys, J Mater Eng Perform., Author Manuscript (2011), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3109675/ | SGHT0170380-SGHT0170388 | R, 403, F, H |
| PTX0087 | 2/14/2011 | Email from Jim Shay to Scott Catlin, cc Justin Thomas re Diligence checklist | IVANTIS_SS_00447382-IVANTIS_SS_00447383 | R, 403, H, F, MIL |
| PTX0088 | 2/14/2011 | References of Interest | IVANTIS_SS_00447384-IVANTIS_SS_00447385 | R, 403, H, F, MIL |
| PTX0089 | 2/18/2011 | Test Report Outflow Facility of the Hydrus Aqueous Implant in Schlemm's Canal Human Globes, TR-0053 Rev A | IVANTIS_SS_00369437-IVANTIS_SS_00369454 | 403, F |
| PTX0090 | 2/18/2011 | Test Report Outflow Facility of the Hydrus Aqueous Implant in Schlemm's Canal Human Globes, TR-0053 Rev A | IVANTIS_SS_00064654-IVANTIS_SS_00064671 | 403, F |
| PTX0091 | 3/3/2011 | Pre-IDE Submission I100710 Response to FDA's Comments 1-10-11 | IVANTIS_SS_00074707-IVANTIS_SS_00074733 | 403, F, H |
| PTX0092 | 3/3/2011 | Letter from Brett Trauthen of Ivantis, Inc. to U.S. FDA re Investigational Device Exemption Application Hydrus Aqueous Implant | IVANTIS_SS_00138134-IVANTIS_SS_00138416 | 403, F, H |
| PTX0093 | 3/18/2011 | Presentation titled Sight Sciences, Inc. $5MM OUS Clinical Trial Financing | IVANTIS_SS_00458750-IVANTIS_SS_00458799 | 403, F, H |
| PTX0094 | 3/22/2011 | U.S. Patent No. 7,909,789 | | BATES, R, 403, F |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0095 | 3/22/2011 | Ivantis Drawings, TRUSS, 8mm LP One Heat Set Curve, C00151 Rev A | IVANTIS_SS_00000069-IVANTIS_SS_00000072 | 403, R, F |
| PTX0096 | 3/22/2011 | Metadata sheet and U.S. Patent No. 7,909,789 | IVANTIS_SS_00458801-IVANTIS_SS_00458826 and metadata sheet | BATES, R, 403, F |
| PTX0097 | 3/23/2011 | Sight Sciences - Summary of Results (March 2011) | IVANTIS_SS_00458827-IVANTIS_SS_00458829 | 403, R, F, H |
| PTX0098 | 3/23/2011 | Email from Michael P. Fautsch, Ph.D. to David Badawi, with attachment (Sight Sciences-Summary of Results-03222010.doc) | SGHT0130296-SGHT0130298 | 403, R, F, H |
| PTX0099 | 3/30/2011 | Presentation titled Sight Sciences - Helix Eye Stent for Glaucoma | IVANTIS_SS_00458830-IVANTIS_SS_00458836 | 403, F, H |
| PTX0100 | 7/13/2011 | Hydrus Aqueous Implant Single Radius Risk Management Report RSK-002SR Rev. A, Ivantis | IVANTIS_SS_00371905-IVANTIS_SS_00371924 | 403, F, H, R |
| PTX0101 | 7/13/2011 | Test Protocol, Assessment of the Delivery of Hydrus Single Radius, TP-0061, Rev. A | IVANTIS_SS_00390244-IVANTIS_SS_00390247 | 403, F, H, R |
| PTX0102 | 10/21/2011 | Presentation titled Hydrus Outflow Studies by Reay H. Brown MD, Andy Schieber MSME | IVANTIS_SS_00088190-IVANTIS_SS_00088209 | 403, F, H, Q |
| PTX0103 | 12/7/2011 | Sight Sciences, Inc. Drawing titled Helix Implant, 300 Micron, Dwg. No. 0107 Rev E04 | SGHT0029565 | 403, F, R |
| PTX0104 | 12/12/2011 | Presentation titled Board Meeting, December 12th, 2011, Ivantis | IVANTIS_SS_00452606-IVANTIS_SS_00452657 | 403, F, H |
| PTX0105 | 2012 | Lucinda J. Camras et al., A Novel Schlemm's Canal Scaffold Increases Outflow Facility in a Human Anterior Segment Perfusion Model, 53 Investigative Ophthalmology & Visual Science 6115 (2012) | IVANTIS_SS_00259621-IVANTIS_SS_00259627 | 403, F, H, Q |
| PTX0106 | 2012 | S.W. Robertson et al., Mechanical fatigue and fracture of Nitinol, 57 Int'l Materials Reviews 1 (2012) | SGHT0170249-SGHT0170284 | R, 403, F, H, DAU, O |
| PTX0107 | 1/6/2012 | Introduction for MLPC | SGHT0029264-SGHT0029272 | 403, F, H, Q |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0108 | 1/8/2012 | Board of Directors Meeting Sight Sciences, Inc. January 9th, 2012 | SGHT0031095-SGHT0031138 | 403, F, H |
| PTX0109 | 1/16/2012 | Sight Sciences, Inc Drawing, Helix Implant, 300 Micron, Hook, Dwg. No. 0107 Rev. 01 | SGHT0031143 | 403, F, R |
| PTX0110 | 1/17/2012 | Email from Dan O'Keeffe to David Badawi, Paul Badawi, cc Stephen Pons re MLPC Implant Drawing, with attachment (0123.E01.pdf) | SGHT0031142-SGHT0031143 | 403, F, H, R |
| PTX0111 | 1/20/2012 | Ivantis Drawings, Truss, 8mm, Low Profile, Single Radius, C00151 Rev B | IVANTIS_SS_00000153-IVANTIS_SS_00000157 | 403, R, H, F |
| PTX0112 | 2/10/2012 | Presentation titled Board Meeting, February 10th, 2012, Ivantis | IVANTIS_SS_00452542-IVANTIS_SS_00452605 | 403, F, H |
| PTX0113 | 2/29/2012 | The Hydrus Aqueous Implant Investigator's Brochure, IB-12-001, Rev. A, Ivantis, Inc. | IVANTIS_SS_00198119-IVANTIS_SS_00198139 | 403, F, H |
| PTX0114 | 3/5/2012 | Compliance Program Guidance Manual 7383.001, Medical Device PMA Preapproval and PMA Postmarket Inspections (implementation date Mar. 5, 2012; completion date Mar. 5, 2016), available at https://www.fda.gov/downloads/medicaldevices/devicer egulationandguidance/medicaldevicequalityandcomplian ce/ucm295570.pdf | | BATES, U, R, 403, A, F, H |
| PTX0115 | 3/23/2012 | Sight Sciences Cadaver Eye Delivery Test | SGHT0029138-SGHT0029141 | 403, F, H, R |
| PTX0116 | 4/13/2012 | Sight Sciences Pre-Clinical Test Plan | SGHT0027050-SGHT0027053 | 403, F, H, R |
| PTX0117 | 4/16/2012 | Presentation titled Project Disco Sight Sciences Inc. | SGHT0160967-SGHT0160984 | 403, F, H |
| PTX0118 | 4/27/2012 | Letter from Paul Badawi to Sight Sciences Shareholders | SGHT0026411-SGHT0026414 | 403, F, H |
| PTX0119 | 5/1/2012 | Haiyan Gong et al., Characterization of Aqueous Humor Outflow through Novel Glaucoma Devices A Tracer Study, ARVO poster (2012) | SGHT0170310 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0120 | 5/21/2012 | Ivantis Drawings, Truss, 8mm, Low Profile, C00151 Rev C | IVANTIS_SS_00000166-IVANTIS_SS_00000170 | 403, F |
| PTX0121 | 5/31/2012 | Presentation titled Sight Sciences Helix Glaucoma Stent, SENA, 2012, Alcon | IVANTIS_SS_00458848-IVANTIS_SS_00458856 | R, 403, H, F, MIL |
| PTX0122 | 5/31/2012 | Presentation titled Sight Sciences Helix Glaucoma Stent, SENA, Alcon | IVANTIS_SS_00458857-IVANTIS_SS_00458861 | R, 403, H, F, MIL |
| PTX0123 | 6/7/2012 | Excel titled 2011 Outflow Summary.xlsm | IVANTIS_SS_00362759 | 403, F, H |
| PTX0124 | 6/12/2012 | Presentation titled "Project Falcon", Sight Sciences, Inc. | SGHT0024316-SGHT0024333 | 403, F, H |
| PTX0125 | 6/14/2012 | Email from Paul Badawi to Terry Boyer, cc Catherine Truitt re 63276 CDA draft extension - Sight Sciences, with attachment Sight Sciences Drug-Eluting Helix Presentation | IVANTIS_SS_00458271-IVANTIS_SS_00458318 | R, 403, H, F, MIL |
| PTX0126 | 6/18/2012 | Email from Lauren Goodman to Paul Badawi et al., cc Dan O'Keeffe, Ryan Wilson re Sight Science/MLPC Project Review with attachment (Sight Science & Mound Laser Project Review Meeting) | SGHT0160916-SGHT0160917 | 403, F, H |
| PTX0127 | 6/25/2012 | FDA Approval of the iStent Trabecular Micro-Bypass, https://investors.glaukos.com/investors/news/news-details/2012/FDA-APPROVAL-OF-THE-iSTENT-TRABECULAR-MICRO-BYPASS/ | | BATES, U, 403, A, H, F |
| PTX0128 | 9/00/2012 | Lucinda Camras et al., A Novel Schlemm's Canal Scaffold Increases Outflow Facility in a Human Anterior Segment Perfusion Model, 53 IOVS 6115-6121 (Sept. 2012) | | BATES, 403, H, F |
| PTX0129 | 9/22/2012 | Presentation titled Board of Directors Meeting, September 24th, 2012, Sight Sciences, Inc. | SGHT0024799-SGHT0024828 | 403, F, H |
| PTX0130 | 9/24/2012 | Presentation titled Board of Directors Meeting September 24th 2012, Sight Sciences, Inc. | SGHT0024829-SGHT0024859 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0131 | 9/25/2012 | Memo from K. Galt to DC007 Design History File, cc H. Spencer, T. Doan re Concept and Feasibility Clinical Evaluation | IVANTIS_SS_00388573-IVANTIS_SS_00388578 | 403, F, H |
| PTX0132 | 11/19/2012 | Email from Paul Badawi to Roger Bohannan et al., cc Chris Bohannan re conference call notes | SGHT0160745-SGHT0160747 | 403, F, H |
| PTX0133 | 1/17/2013 | Ivantis presentation, Hydrus Microstent Surgical Procedure Training, Version 01.17.2013 | IVANTIS_SS_00389039-IVANTIS_SS_00389110 | 403, F, H |
| PTX0134 | 2/15/2013 | Email from Paul Badawi to Grace Bartoo, Pat Olsen, Helen Sparrow, cc David Badawi, Daniel O'Keeffe re Important, with attachment (03112 CIP VASCAR Pilot Study Final 02-08-13 PO-1.docx) | SGHT0096272-SGHT0096315 | 403, F, H |
| PTX0135 | 4/10/2013 | Product Development Update | SGHT0022879-SGHT0022880 | 403, F, H |
| PTX0136 | 4/12/2013 | Printed Excel titled RSK-007 SR Attachment 1 Risk Assessment Table.xlsx | IVANTIS_SS_00388642 | BATES, 403, F, H |
| PTX0137 | 4/12/2013 | Screenshot of Microsoft Info for IVANTIS_SS_00388642 | Metadata for IVANTIS_SS_00388642 | BATES, 403, F, A |
| PTX0138 | 5/17/2013 | Ivantis Inc. Drawings, Assemby, Delivery System, S00012 Rev C | | BATES, 403, F |
| PTX0139 | 5/17/2013 | Ivantis Drawings, Assembly, Delivery System, S00012 Rev C | IVANTIS_SS_00016417-IVANTIS_SS_00016418 | 403, F |
| PTX0140 | 8/20/2013 | U.S. Patent No. 8,512,404, Frion et al. | SGHT0168219-SGHT0168241 | 403, F |
| PTX0141 | 8/30/2013 | Email from Paul Badawi to Catherine Truitt re Sight Sciences Update | IVANTIS_SS_00458366-IVANTIS_SS_00458368 | R, 403, H, F, MIL |
| PTX0142 | 9/00/2013 | Presentation titled Sight Sciences Company Presentation September 2013 | IVANTIS_SS_00337149-IVANTIS_SS_00337170 | 403, F, H |
| PTX0143 | 9/10/2013 | Presentation titled Company Presentation September 2013, Sight Sciences | SGHT0026191-SGHT0026214 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0144 | 9/11/2013 | The Hydrus Aqueous Implant Trial: A Prospective, Multi-Center Evaluation of the Hydrus Aqueous Implant for Lowering Intraocular Pressure (IOP) in Subjects with Mild to Advanced Primary Open Angle Glaucoma (POAG), Clinical Report CR-09-001 Rev H | IVANTIS_SS_00063113-IVANTIS_SS_00063189 | 403, F, H |
| PTX0145 | 9/11/2013 | The Hydrus Aqueous Implant Trial: A Prospective, Multi-Center Evaluation of the Hydrus Aqueous Implant for Lowering Intraocular Pressure (IOP) in Subjects with Mild to Advanced Primary Open Angle Glaucoma (POAG), Clinical Report CR-09-001 Rev H | IVANTIS_SS_00128553-IVANTIS_SS_00128629 | 403, F, H |
| PTX0146 | 9/25/2013 | Healon, Healon GV, Healon 5 Safety Data Sheet | SGHT0168159-SGHT0168167 | R, 403, A, F, H |
| PTX0147 | 10/22/2013 | Letter from FDA to Judy F. Gordon, D.V.M of Sight Sciences, Inc. re K132494, Sight Sciences Viscoelastic Injector | SGHT0167453-SGHT0167455 | 403, F, H, A |
| PTX0148 | 10/22/2013 | 510(K) Summary of Safety and Effectiveness for Sight Sciences, Inc., Viscoelastic Injector, K132494 | SGHT0167456-SGHT0167461 | 403, F, H |
| PTX0149 | 11/25/2013 | Ivantis Drawings C00109 and C00151 Template, T00080 Rev B | IVANTIS_SS_00380337-IVANTIS_SS_00380339 | 403, F |
| PTX0150 | | Exhibit not used | | |
| PTX0151 | 2014 | Murray A. Johnstone et al., Effects of a Schlemm canal scaffold on collector channel ostia in human anterior segments, 119 Experimental Eye Research 70 (2014) | SGHT0168158 | 403, F, H |
| PTX0152 | 2014 | Cassandra L. Hays et al., Improvement in Outflow Facility by Two Novel Microinvasive Glaucoma Surgery Implants, 55 Investigative Ophthalmology & Visual Science 1893 (2014) | SGHT0168156 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0153 | 2/4/2014 | Email from Katie Luedecke to Paul Badawi, Catherine Truitt, cc Heather Floyd re CDA, with attachment (Confidentiality Agreement between Alcon Research, Ltd. and Sight Sciences, Inc.) | IVANTIS_SS_00458424-IVANTIS_SS_00458429 | R, 403, H, F, MIL |
| PTX0154 | 2/5/2014 | Email from Paul Badawi to Catherine Truitt Katie Luedecke, Heather Floyd re CDA, with attachments (Presentation titled Sight Sciences Company Presentation February 2014; Excel titled TRAB360 MIGS Glaucoma Clinical Data.xlsx) | IVANTIS_SS_00458432-IVANTIS_SS_00458476 | R, 403, H, F, MIL |
| PTX0155 | 5/00/2014 | Presentation titled Hydrus Microstent, Surgical Procedure Training, May 2014 | IVANTIS_SS_00000073-IVANTIS_SS_00000125 | 403, F, H |
| PTX0156 | 7/28/2014 | Guidance for Industry and FDA Staff: The 510(k) Program: Evaluating Substantial Equivalence in Premarket Notifications [510(k)] (July 28, 2014), available at https://www.fda.gov/media/82395/download | IVANTIS_SS_00469603-IVANTIS_SS_00469644 | R, 403, F, H |
| PTX0157 | 8/15/2014 | Product Development Update | SGHT0022881-SGHT0022883 | 403, F, H |
| PTX0158 | 11/17/2014 | P. Mishra et al., Glaucoma Drainage Device: A Review, J of Evolution of Med and Dent Sci, 3(62):13744-13758 (Nov. 17, 2014) | IVANTIS_SS_00456105-IVANTIS_SS_00456119 | 403, F, H |
| PTX0159 | 12/5/2014 | Letter from FDA to Judy Gordon, D.V.M, of ClinReg Consulting Services, Inc. re K143205, Viscoelastic Injector | SGHT0167462-SGHT0167468 | 403, F, H |
| PTX0160 | 12/18/2014 | Presentation titled Hydrus Microstent Surgical Procedure Training May 2014 | IVANTIS_SS_00391135-IVANTIS_SS_00391206 | 403, F, H |
| PTX0161 | 2015 | Norbert Pfeiffer et. al., A Randomized Trial of a Schlemm's Canal Microstent with Phacoemulsification for Reducing Intraocular Pressure in Open-Angle Glaucoma, 122 Ophthalmology 1283 (2015) | SGHT0006776-SGHT0006786 | 403, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0162 | 6/8/2015 | ClinicalTrials.gov ID NCT00326014, https://clinicaltrials.gov/study/NCT00326014?cond=glaucoma&intr=istent&start=_2006-06-26&rank=1 | | BATES, U, 403, A, F, H |
| PTX0163 | 6/16/2015 | Presentation titled Ivantis BOD Telecon, June 16, 2015 | IVANTIS_SS_00459035-IVANTIS_SS_00459117 | 403, F, H |
| PTX0164 | 6/23/2015 | Amvisc/Amvisc Plus Safety Data Sheet, Bausch + Lomb | SGHT0168168-SGHT0168175 | R, 403, A, F, H |
| PTX0165 | 9/00/2015 | Market Scope Q3-2015 Glaucoma Quarterly Update, Report prepared for: Alcon | IVANTIS_SS_00304815-IVANTIS_SS_00304837 | |
| PTX0166 | 10/19/2015 | Hydrus Microstent - Design Philosophy | IVANTIS_SS_00027781-IVANTIS_SS_00027785 | 403, F, H |
| PTX0167 | 10/29/2015 | Settlement Agreement between Glaukos Corp. and Transcend Medical, Inc. | GK00000028-GK00000045 | R, 403, H, F |
| PTX0168 | 3/10/2016 | Attachment 1.1 IDE Design S00007 Rev H Assembly, 8MM Final Product | IVANTIS_SS_00089534-IVANTIS_SS_00089653 | 403, F, H |
| PTX0169 | 3/15/2016 | Glaukos Corporation SEC Form 10-K for Fiscal Year Ended December 31, 2015 | IVANTIS_SS_00025295-IVANTIS_SS_00025440 | R, 403, H, F |
| PTX0170 | 4/00/2016 | Fan Yuan et al., Mathematical Modeling of Outflow Facility Increase with Trabecular Meshwork Bypass and Schlemm Canal Dilation, 25 J Glaucoma 355 (Apr. 2016) | SGHT0006477-SGHT0006486 | A, F, H |
| PTX0171 | 4/00/2016 | Market Scope Q1-2016 Glaucoma Quarterly Update, Report prepared for: Alcon | IVANTIS_SS_00304516-IVANTIS_SS_00304538 | |
| PTX0172 | 6/8/2016 | Hydrus Minimally Invasice [sic; "Invasive"] Glaucoma Surgery (MIGS), https://vimeo.com/169867478 ("MIGS Video") | SGHT0168181 | F, H, M, MIL, 403 |
| PTX0173 | 6/26/2006-8/24/2016 | Certified copy of U.S. Patent No. 7,909,789 patent history | SGHT0007761-SGHT0008227 | F, H, R, 403 |
| PTX0174 | 8/27/2016 | Presentation titled Sight Sciences TRAB360, VISCO360, BD&L1 October 2015, Alcon | IVANTIS_SS_00458996-IVANTIS_SS_00459003 | F, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0175 | 9/21/2016 | Presentation titled BOD Meeting, September 21, 2016, Ivantis | IVANTIS_SS_00104971-IVANTIS_SS_00105037 | F, H, 403 |
| PTX0176 | 10/5/2016 | Ivantis Drawings, Implant, 8mm, Side Interlock, C00151 Rev G | IVANTIS_SS_00000429-IVANTIS_SS_00000433 | F, H, 403 |
| PTX0177 | 10/11/2016 | Presentation (merieux - sep 2016 - rev 2 kg hs latest post review 11 am Oct 10 - hs update.pptx) | IVANTIS_SS_00091343-IVANTIS_SS_00091484 | F, H, M, MIL, 403 |
| PTX0178 | 11/28/2016 | Presentation titled Reimaging Eye Care, Surgical Glaucoma Strategic Landscapes, Cathy Truitt et al., Alcon | IVANTIS_SS_00459004-IVANTIS_SS_00459014 | F, 403 |
| PTX0179 | 12/12/2016 | ClinReg Consulting Services, Inc. Services Agreement with Sight Sciences | SGHT0167659-SGHT0167667 | F, R, 403 |
| PTX0180 | 2017 | Linglong Feng et al., Preparation and characterization of silicone rubber with high modulus via tension spring-type crosslinking, 7 RSC Advances 13130 (2017) | SGHT0170363-SGHT0170370 | F, H |
| PTX0181 | 1/00/2017 | Presentation titled Hydrus Microstent for Refractory Glaucoma: Surgeon Training, ID-0064 Rev A, Ivantis | IVANTIS_SS_00000449-IVANTIS_SS_00000495 | F, H, M, MIL, 403 |
| PTX0182 | 1/10/2017 | Hydrus Microstent Side Interlock Delivery System Risk Management Report RSK-007 Rev. G | IVANTIS_SS_00062257-IVANTIS_SS_00062292 | F, R, 403 |
| PTX0183 | 1/11/2017 | Email from Paul Badawi to Catherine Truitt re Alcon-Sight Sciences meeting at AAO | IVANTIS_SS_00458593-IVANTIS_SS_00458595 | F, I, M, R, 403 |
| PTX0184 | 3/8/2017 | The Hydrus Microstent for the Treatment of Refractory Glaucoma, G160249/A001 Response to Conditions of Approval, Vol. III of III, Ivantis, Inc. | IVANTIS_SS_00175861-IVANTIS_SS_00176131 | F, H, M, MIL, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0185 | 3/21/2017 | Letter from Helene Spencer of Ivantis, Inc. to U.S. Food and Drug Administration re Hydrus Microstent, Premarket Approval Application, PMA Shell Number: M160024/M001 | IVANTIS_SS_00019129-IVANTIS_SS_00019373 | MD, 403 |
| PTX0186 | 4/00/2017 | Barbara Wittman et al., Eyepass Glaucoma Implant in Open-Angle Glaucoma After Failed Conventional Medical Therapy: Clinical Results of A 5-Year-Follow-up, J. Glaucoma, 26(4):328-334 (Apr. 2017) | IVANTIS_SS_00456059-IVANTIS_SS_00456065 | F, H |
| PTX0187 | 4/00/2017 | Market Scope Q1-2017 Glaucoma Quarterly Update, Report prepared for: Alcon | IVANTIS_SS_00304605-IVANTIS_SS_00304627 | F, H, 403 |
| PTX0188 | 4/27/2017 | Presentation titled The Hydrus Microstent Expanding MIGS Treatment Opportunities, Ivantis | IVANTIS_SS_00463163-IVANTIS_SS_00463197 | F, H, M, MIL, 403 |
| PTX0189 | 5/10/2017 | Email from Paul Badawi to David Badawi re FW: support for cadaver methods, with attachments | SGHT0161952-SGHT0161974 | F, H, MD, R, 403 |
| PTX0190 | 6/2/2017 | Email from Todd Abraham to Ken Galt, Helene Spencer, Julie Traylor, David Kimball re SOP0029 Rev F Redline (TA Rev2), with attachments | IVANTIS_SS_00436153-IVANTIS_SS_00436217 | F, H, MD, R, 403 |
| PTX0191 | 6/12/2017 | Design Input (DC-002) - Hydrus Microstent (Original Design), DHF DC-002 Rev. G | IVANTIS_SS_00000626-IVANTIS_SS_00000641 | F, R |
| PTX0192 | 6/14/2017 | Minutes of the Meeting of the Board of Directors of Ivantis, Inc. a Delaware Corporation, June 14, 2017 | IVANTIS_SS_00333505-IVANTIS_SS_00333519 | F, R, Q |
| PTX0193 | 6/15/2017 | Ivantis Drawings, Implant, 8mm, Side Interlock, C00151 Rev H | IVANTIS_SS_00000621-IVANTIS_SS_00000625 | F, H, 403 |
| PTX0194 | 6/21/2017 | Presentation titled Ivantis to Allergan, June 21st, 2017 | IVANTIS_SS_00078356-IVANTIS_SS_00078445 | F, H, M, MIL, 403 |
| PTX0195 | 6/22/2017 | International Publication Number WO 2017/106517 A1, Andrew T. Schieber et al. | IVANTIS_SS_00333421-IVANTIS_SS_00333503 | R, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0196 | 7/13/2017 | Letter from Helene Spencer of Ivantis, Inc. to U.S. Food and Drug Administration re Hydrus Microstent, Premarket Approval Application, PMA Shell Number: M160024/M003 | IVANTIS_SS_00021965-IVANTIS_SS_00022281 | F, H |
| PTX0197 | 7/27/2017 | Letter from FDA to Anne-Marie Ripley of Sight Sciences, Inc. re K171905, VISCO 360 Viscosurgical System | SGHT0167469-SGHT0167475 | F, H |
| PTX0198 | 8/5/2017 | Email from Helene Spencer to Judy Gordon, cc Helene@clinregconsulting.com re Summary of Additional Clinical Information for PMA, with attachments | IVANTIS_SS_00329488-IVANTIS_SS_00329777 | F, H, MD, 403 |
| PTX0199 | 10/13/2017 | Test Report - TR-0157, Design Verification - Transport and Shelf-Life Stability Evaluation of the Hydrus Microstent Implants for the Original and Modified Designs, TR-0157 Rev. A | IVANTIS_SS_00037366-IVANTIS_SS_00037474 | F, H, R, 403 |
| PTX0200 | 10/25/2017 | Email from Michael Chodzko to Dave Van Metter re FW: re: FW: Comments, with attachments | IVANTIS_SS_00209786-IVANTIS_SS_00209823 | F, H, MD, 403 |
| PTX0201 | 10/26/2017 | Letter from Helene Spencer of Ivantis, Inc. to U.S. FDA re Hydrus Microstent Premarket Approval Application PMA Shell Number M160024/M004 Completed Modular PMA | IVANTIS_SS_00123675-IVANTIS_SS_00123795 | F, H |
| PTX0202 | 10/26/2017 | PMA Shell M160024/M004, Hydrus Microstent, Vol. IV of VII | IVANTIS_SS_00023496-IVANTIS_SS_00023720 | F, H |
| PTX0203 | 11/3/2017 | Email from Michael Chodzko to Thomas Samuelson re Hydrus Rountable at AAO - brief phone call request, with attachments | IVANTIS_SS_00338537-IVANTIS_SS_00338570 | F, H, MD |
| PTX0204 | 11/17/2017 | Alcon Letter to Ivantis re Indication of interest in a potential stock acquisition of Ivantis, Inc. by Alcon Laboratories, Inc. | IVANTIS_SS_00302184-IVANTIS_SS_00302187 | F, H, R, 403 |
| PTX0205 | 12/6/2017 | Excel re Project Ithaca Valuation - 20171206.xlsx | IVANTIS_SS_00302202 | F, H, R, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0206 | 12/21/2017 | Letter from FDA to Anne-Marie Ripley of Sight Sciences, Inc. re K173332, Omni Surgical System | SGHT0167476-SGHT0167486 | F, H, R |
| PTX0207 | 2018 | Thomas Samuelson et al., A Schlemm Canal Microstent for Intraocular Pressure Reduction in Primary Open-Angle Glaucoma and Cataract, The Horizon Study, Am. Acad. Ophthalmology (2018) | IVANTIS_SS_00060200-IVANTIS_SS_00060209 | F, H |
| PTX0208 | 2018 | Pei-Yuan Lee et al., Comparison of Mechanical Stability of Elastic Titanium, Nickel-Titanium, and Stainless Steel Nails Used in the Fixation of Diaphyseal Long Bone Fractures, 11 Materials 2159 (2018) | SGHT0170402-SGHT0170412 | F, H |
| PTX0209 | 1/22/2018 | Hydrus Microstent Instructions for Use, C00213 Rev I | IVANTIS_SS_00071013-IVANTIS_SS_00071021 | F, H |
| PTX0210 | 2/5/2018 | Ivantis Inc. Drawings, Tongue Cannula, C00144 REV I | IVANTIS_SS_00000674-IVANTIS_SS_00000676 | F, H |
| PTX0211 | 2/9/2018 | Presentation titled Surgical Glaucoma Market Opportunity, January 2018, Sight Sciences | SGHT0123317-SGHT0123321 | F, H, R |
| PTX0212 | 2/12/2018 | ClinicalTrials.gov ID NCT00323284, https://clinicaltrials.gov/study/NCT00323284?cond=glaucoma&intr=istent&start=2004-01-01_2006-06-26&rank=2 | | F, H, I, R, U, 403 |
| PTX0213 | 2/26/2018 | Engineering Report, MeKo Process Capability for the Manufacture of the Hydrus Implant (C00151), ER18-001 Rev. A | IVANTIS_SS_00067259-IVANTIS_SS_00067313 | H, R |
| PTX0214 | 2/26/2018 | Engineering Report, MeKo Process Capability for the Manufacture of the Hydrus Implant (C00151), ER18-001 Rev. A | IVANTIS_SS_00039039-IVANTIS_SS_00039093 | H, R |
| PTX0215 | 2/28/2018 | Glaukos Corporation SEC Form 10-K for Fiscal Year Ended December 31, 2017 | | F, H, R, U, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0216 | 3/00/2018 | Guidance for Industry: E6(R2) Good Clinical Practice: Integrated Addendum to ICH E6(R1) (Mar. 2018), available at https://www.fda.gov/downloads/Drugs/Guidances/UCM 464506.pdf | | F, H, I, R, U, 403 |
| PTX0217 | 3/9/2018 | ClinicalTrials.gov ID NCT00326066, https://clinicaltrials.gov/study/NCT00326066?cond=glau coma&intr=istent&start=2004-01-01_2006-06-26&rank=3 | | F, H, R, I, U, 403 |
| PTX0218 | 3/9/2018 | Risk Assessment Table, Product: Hydrus Microstent with Side Interlock Delivery System | IVANTIS_SS_00098212-IVANTIS_SS_00098226 | F, H |
| PTX0219 | 3/20/2018 | Excel titled Standard Cost3.xlsx | IVANTIS_SS_00067314 | F, H |
| PTX0220 | 4/00/2018 | Presentation titled Project Ithaca Review, April 2018, Alcon | IVANTIS_SS_00302287-IVANTIS_SS_00302315 | F, H, R, |
| PTX0221 | 4/00/2018 | Market Scope Glaucoma Quarterly Update Q1 - 2018 | IVANTIS_SS_00304491-IVANTIS_SS_00304515 | F, H, 403 |
| PTX0222 | 5/9/2018 | Glaukos Corporation Form 10-Q for the quarterly period ended March 31, 2018 | | F, H, R, U, 403 |
| PTX0223 | 5/10/2018 | Letter from Helene Spencer to U.S. Food and Drug Administration re PMA P170034/A002 Hydrus Microstent | IVANTIS_SS_00023750-IVANTIS_SS_00023946 | F, H, R |
| PTX0224 | 6/7/2018 | Presentation titled Ivantis BOD Meeting, June 7, 2018 | IVANTIS_SS_00211613-IVANTIS_SS_00211723 | F, H, R, 403 |
| PTX0225 | 6/14/2018 | Email from Brandon Lorry to Michael Chodzko re FW: Notes and PPP revision, with attachments | IVANTIS_SS_00341345-IVANTIS_SS_00341538 | F, H, M, MD, MIL, 403 |
| PTX0226 | 6/26/2018 | Presentation titled Competitive Landscape, Jasun Nadeau, Sight Sciences | SGHT0027847-SGHT0027920 | F, H |
| PTX0227 | 7/3/2018 | Presentation titled Hydrus Microstent Product Positioning & Key Messaging, Ivantis | IVANTIS_SS_00004424-IVANTIS_SS_00004444 | F, H, M, MD, MIL, 403 |
| PTX0228 | 7/9/2018 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00004445-IVANTIS_SS_00004715 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0229 | 7/16/2018 | Presentation titled Operating Plan Summary 2018-2022 | IVANTIS_SS_00068185-IVANTIS_SS_00068190 | F, H |
| PTX0230 | 8/00/2018 | Hydrus Microstent Instructions for Use, C00256 Rev A.1, Ivantis | IVANTIS_SS_00041120-IVANTIS_SS_00041140 | F, H |
| PTX0231 | 8/00/2018 | Ivantis Hydrus Microstent Instructions for Use, C00256 Rev A.1 | | F, H |
| PTX0232 | 8/00/2018 | Market Scope 2018 Glaucoma Surgical Device Report | IVANTIS_SS_00305909-IVANTIS_SS_00306200 | |
| PTX0233 | 8/1/2018 | Sales Agent Agreement between Ivantis Inc. and Bohica Ophthalmics | IVANTIS_SS_00455993-IVANTIS_SS_00456004 | F, H, R, 403 |
| PTX0234 | 8/6/2018 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00004716-IVANTIS_SS_00004972 | F, H |
| PTX0235 | 8/6/2018 | Glaukos Corporation Form 10-Q for the Quarterly Period Ended June 30, 2018 | | F, H, R, U, 403 |
| PTX0236 | 8/9/2018 | Presentation titled Marketing Update, Ivantis | IVANTIS_SS_00111149-IVANTIS_SS_00111207 | F, H |
| PTX0237 | 8/23/2018 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00005013-IVANTIS_SS_00005202 | F, H |
| PTX0238 | 9/4/2018 | Presentation titled Competitive Landscape, Jasun Nadeau, Sight Sciences | SGHT0018837-SGHT0018910 | F, H, M, MD, MIL, 403 |
| PTX0239 | 9/6/2018 | Delivering a New Confidence with the Hydrus Microstent, Supplement to Cataract & Refractive Surgery Today (CRST), David F. Chang et al. | IVANTIS_SS_00010664-IVANTIS_SS_00010679 | F, H |
| PTX0240 | 9/17/2018 | Presentation titled Hydrus Microstent for Mild to Moderate Glaucoma: Surgeon Training | IVANTIS_SS_00010691-IVANTIS_SS_00010772 | F, H |
| PTX0241 | 9/19/2018 | Presentation titled Hydrus Microstent for Mild to Moderate Glaucoma: Surgeon Training, ID-0070 Rev A | IVANTIS_SS_00010785-IVANTIS_SS_00010853 | F, H |
| PTX0242 | 10/2/2018 | Presentation titled Surgeon Didactic LMS, Ivantis | IVANTIS_SS_00005240-IVANTIS_SS_00005323 | F, H, M, MD, MIL, 403 |
| PTX0243 | 10/4/2018 | Surgery Notes | IVANTIS_SS_00111852 | F, H, R |
| PTX0244 | 10/11/2018 | Presentation titled Confidential Information Presentation, September 2018, Sight Sciences | SGHT0044725-SGHT0044808 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al.,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0245 | 10/29/2018 | Structure and Mechanisms of Trabecular Outflow, Ento Key, https://entokey.com/structure-and-mechanisms-of-trabecular-outflow/ | | A, F, H, R, U |
| PTX0246 | 11/9/2018 | Option Agreement and Plan of Merger by and Among Alcon Research Ltd., Ithaca Merger Sub, Inc. and Ivantis, Inc., dated as of Nov. 9, 2018 | IVANTIS_SS_00169590-IVANTIS_SS_00169956 | F, H, MIL |
| PTX0247 | 11/12/2018 | Ivantis Drawings, Side Interlock Rack Subassembly, S00010 Rev E | IVANTIS_SS_00000726-IVANTIS_SS_00000727 | F, H |
| PTX0248 | 11/13/2018 | Excel titled Series D Financial Model v2Final.xlsx | SGHT0057230 | F, H, R |
| PTX0249 | 11/13/2018 | Email from Tory Thaemert to Dave Van Meter, Michael Chodzko, cc Kimberly Capwell and Lynne Russo re EXTERNAL: IVANTIS IN THE NEWS // Recent Coverage Mock Ups, with attachments | IVANTIS_SS_00212387-IVANTIS_SS_00212402 | F, H, MD |
| PTX0250 | 11/15/2018 | Email from Julie Taylor to Helene Spencer, Andrew Yee, cc helene@clinregconsulting.com re NSAI Change Query Report - Responses 11-14-2018, with attachments | IVANTIS_SS_00236703-IVANTIS_SS_00236733 | F, H, MD |
| PTX0251 | 12/6/2018 | Email from Tony Do to Sales Reps, Surgical Specialists, cc Michael Chodzko, Linda Scotton re FW: EXTERNAL: Why Does Trabecular Microbypass Stenting Fail?, with attachment | IVANTIS_SS_00347533-IVANTIS_SS_00347539 | F, H, MD |
| PTX0252 | 12/17/2018 | Guidance for Industry and FDA Staff: Manufacturing Site Change Supplements: Content and Submission (Dec. 17, 2018), available at https://www.fda.gov/media/124387/download | | F, H, U |
| PTX0253 | 12/17/2018 | Stifel 2018 MedTech Madness Bus Tour: Key Takeaways from Physician Panels, Conference Takeaway | IVANTIS_SS_00025198-IVANTIS_SS_00025210 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0254 | 2019 | Presentation titled Hydrus Microstent Overview, KOL Deck | IVANTIS_SS_00016705-IVANTIS_SS_00016736 | F, H |
| PTX0255 | 2019 | Jason Jones et al., Results from the Unites States cohort of the HORIZON trial of a Schlemm canal microstent to reduce intraocular pressure in primary open-angle glaucoma, 45 J Cataract Refract Surg 1305 (2019) | SGHT0017487-SGHT0017497 | F, H |
| PTX0256 | 2019 | Thomas W. Samuelson et al., A Schlemm Canal Microstent for Intraocular Pressure Reduction in Primary Open-Angle Glaucoma and Cataract: The HORIZON Study, 126 Ophthalmology 29 (2019) | SGHT0006800-SGHT0006808 | F, H |
| PTX0257 | 2019 | Saba Samet et al., Hydrus microstent implantation for surgical management of glaucoma: a review of design, efficacy and safety, 6(32) Eye and Vision 1 (2019) | SGHT0168157 | F, H |
| PTX0258 | | Exhibit not used | | |
| PTX0259 | 2019 | Ricardo Augusto Paletta Guedes et al., Intermediate Results of iStent or iStent *inject* Implantation Combined with Cataract Surgery in a Real-World Setting: A Longitudinal Retrospective Study, 8 Ophthalmol Ther 87 (2019) | IVANTIS_SS_00101886-IVANTIS_SS_00101899 | F, H |
| PTX0260 | 2019 | Production and Flow of Aqueous Humor, Ento Key, (2019), https://entokey.com/production-and-flow-of-aqueous-humor/ | | F, H, U, R |
| PTX0261 | 1/7/2019 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00005998-IVANTIS_SS_00006266 | F, H |
| PTX0262 | 1/8/2019 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00006536-IVANTIS_SS_00006805 | F, H |
| PTX0263 | 2/1/2019 | Ivantis Inc. Drawings, Side Catch Interlock, C00170 REV I | IVANTIS_SS_00000730-IVANTIS_SS_00000734 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0264 | 2/5/2019 | Presentation titled Sight Sciences VISCO360, BD&L 1, February 5, 2019, Alcon | IVANTIS_SS_00459027-IVANTIS_SS_00459034 | F, H |
| PTX0265 | 2/27/2019 | Glaukos Corporation SEC Form 10-K for Fiscal Year Ended December 31, 2018 | IVANTIS_SS_00078857-IVANTIS_SS_00079051 | F, H, R |
| PTX0266 | 3/18/2019 | Order on Summary Judgment, Glaukos Corp. v. Ivantis, Inc., No. SACV 18-620 JVS (JDEx) (C.D. Cal. Mar. 18, 2019), D.I. 140 | | F, H, R, U, 403, DAU |
| PTX0267 | 4/2/2019 | Ivantis Drawings, Implant, 8mm, Side Interlock, C00151 Rev J | IVANTIS_SS_00000772-IVANTIS_SS_00000776 | F, H |
| PTX0268 | 4/25/2019 | Market Scope US Glaucoma Quarterly Update Q1 - 2019 | IVANTIS_SS_00013107-IVANTIS_SS_00013130 | |
| PTX0269 | 4/29/2019 | Handwritten note by Andy Schieber | IVANTIS_SS_00043416 | F, H |
| PTX0270 | 5/3/2019 | Email from Chris Bowman to Chris Bowman re Surgical Competitive Intelligence Weekly - 03-May-2019 | IVANTIS_SS_00318173-IVANTIS_SS_00318179 | F, H, R |
| PTX0271 | 5/7/2019 | PiperJaffray, Medical Technology and Devices, Thoughts from ASCRS: A Mini Deep Dive on the MIGS Space, Industry Note | IVANTIS_SS_00302722-IVANTIS_SS_00302733 | F, H |
| PTX0272 | 5/20/2019 | Darwin Microfluidics, https://darwin-microfluidics.com/blogs/tools/syringe-needle-gauge-table | | A, F, H, R, U, 403 |
| PTX0273 | 5/30/2019 | Test Protocol - TP-0152, Implant (C00151) Validation - Norman Noble, Ivantis | IVANTIS_SS_00000789-IVANTIS_SS_00000808 | F, H, R |
| PTX0274 | 7/12/2018 | Patent Assignment Agreement between Michael S. Berlin and Ivantis, Inc. | IVANTIS_SS_00314061-IVANTIS_SS_00314080 | F, H, R, DAU |
| PTX0275 | 6/24/2019 | Advisory Services Agreement, between Sight Sciences, Inc. and E. Randy Craven, M.D. | SGHT0167653-SGHT0167658 | F, H, R, 403 |
| PTX0276 | 6/26/2019 | Presentation titled Ivantis Hydrus Microstent Surgeon Didactic Course-LMS | IVANTIS_SS_00006997-IVANTIS_SS_00007089 | F, H, M, MIL, 403 |
| PTX0277 | 6/27/2019 | Email from Dave Van Meter to Jennifer Wilson et al. re SMT Version of BOD Deck for Today - Confidential, with attachment (BOD Jun 2019 - SMT.pptx) | IVANTIS_SS_00213137-IVANTIS_SS_00213138_049 | F, H, MD, Q |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0278 | 7/7/2019 | University of California, Los Angeles (UCLA) Services Agreement with Sight Sciences, Inc. | SGHT0167668-SGHT0167675 | F, H |
| PTX0279 | 7/13/2019 | Presentation titled Hydrus Microstent Global Training | IVANTIS_SS_00044472-IVANTIS_SS_00044721 | F, H |
| PTX0280 | 8/00/2019 | Market Scope 2019 Glaucoma Surgical Device Market Report | IVANTIS_SS_00306201-IVANTIS_SS_00306503 | |
| PTX0281 | 8/13/2019 | Presentation titled OUS Market Strategy, July 2019 | IVANTIS_SS_00007160-IVANTIS_SS_00007224 | F, H |
| PTX0282 | 8/22/2019 | Presentation titled Hydrus Microstent Global Training | IVANTIS_SS_00017827-IVANTIS_SS_00017855 | F, H |
| PTX0283 | 8/30/2019 | Guidance for Industry and FDA Staff: Factors to Consider When Making Benefit-Risk Determinations in Medical Device Premarket Approval and De Novo Classifications (Aug. 30, 2019), available at https://www.fda.gov/media/99769/download | | A, F, H, U, R |
| PTX0284 | 9/18/2019 | Deposition transcript of Todd Abraham on September 18, 2019  from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00171981-IVANTIS_SS_00172369 | F, H, R, 403, DAU, ID |
| PTX0285 | 9/18/2019 | Presentation titled iStent inject, 5 Reasons Brochure Debunked, Ivantis | IVANTIS_SS_00115361-IVANTIS_SS_00115376 | F, H |
| PTX0286 | 9/26/2019 | Deposition transcript of David Van Meter, taken September 26, 2019 from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00172370-IVANTIS_SS_00172703 | F, H, R, 403, DAU, ID |
| PTX0287 | 10/7/2019 | Presentation titled Hydrus: Mechanism Matters, Paul Singh, MD AAO 2019, Ivantis | IVANTIS_SS_00115788-IVANTIS_SS_00115828 | F, H |
| PTX0288 | 10/10/2019 | Deposition of Andrew Schieber, dated October 10, 2019 from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00171629-IVANTIS_SS_00171980 | F, H, R, 403, DAU, ID |
| PTX0289 | 10/11/2019 | Presentation titled AAO Kick Off Meeting, Ivantis | IVANTIS_SS_00007349-IVANTIS_SS_00007381 | F, H |
| PTX0290 | 10/21/2019 | Ivantis Drawings, Finished Device, Hydrus Microstent, F00018 Rev L | IVANTIS_SS_00000998-IVANTIS_SS_00001008 | F, H, M, MIL, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al.,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0291 | 10/22/2019 | Ivantis Drawings, Finished Device, Hydrus Microstent, US, F00022 Rev C | IVANTIS_SS_00001009-IVANTIS_SS_00001015 | F, H |
| PTX0292 | 11/2/2019 | Email from Amanda Culver to Helene Spencer re EXTERNAL: re: IDE Annual Report, with attachment | IVANTIS_SS_00408123-IVANTIS_SS_00408180 | F, H, MD |
| PTX0293 | 11/5/2019 | Presentation titled 2019 Surgical Marketing Plan, MIGS Market Overview, OMNI Surgical System, Sight Sciences | SGHT0119587-SGHT0119692 | F, H, R, 403 |
| PTX0294 | 11/13/2019 | Expert Report of Dr. Andrew G. Iwach, M.D. Regarding the Invalidity of U.S. Patent Nos. 6,626,858 and 9,827,143, dated November 13, 2019, Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00172986-IVANTIS_SS_00173320 | F, H, R, 403, DAU |
| PTX0295 | 11/25/2019 | Email from Michael Chodzko to Dr. Inder Paul Singh re EXTERNAL: Re: Checking in | IVANTIS_SS_00309960-IVANTIS_SS_00309961 | F, H, 403 |
| PTX0296 | 12/9/2019 | Changing the Course of Glaucoma with the Hydrus Microstent | IVANTIS_SS_00116294-IVANTIS_SS_00116308 | F, H |
| PTX0297 | 12/11/2019 | Presentation titled Project Ithaca: ECA Request for Approval, December 2019, Alcon | IVANTIS_SS_00302849-IVANTIS_SS_00302875 | F, H |
| PTX0298 | 12/14/2019 | Email from Amanda Culver to Helene Spencer re EXTERNAL: re Attachment 3, with attachment (2019 12 13 Ivantis G160249 S003 Amendment Volume I of I Final) | IVANTIS_SS_00439112-IVANTIS_SS_00439345 | F, H, MD |
| PTX0299 | 12/16/2019 | Amendment No. 1 to Option Agreement and Plan of Merger, by and among Alcon Research, LLC, Ithaca Merger Sub, Inc., and Ivantis, Inc. | IVANTIS_SS_00420568-IVANTIS_SS_00420577 | F, H |
| PTX0300 | 12/16/2019 | Guidance for Industry and Food and Drug Administration Staff: Acceptance and Filing Review for Premarket Approval Applications (PMAs) (Dec. 16, 2019), available at https://www.fda.gov/regulatory-information/search-fda-guidance-documents/acceptance-and-filing-reviews-premarket-approval-applications-pmas | | A, F, H, U, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0301 | 12/16/2019 | Guidance for Industry and FDA Staff: 30-Day Notices, 135-Day Premarket Approval (PMA) Supplements and 75-Day Humanitarian Device Exemption (HDE) Supplements for Manufacturing Method or Process Changes (Dec. 16, 2019), available https://www.fda.gov/media/72663/download | | A, F, H, U, R |
| PTX0302 | 12/19/2019 | Email from Dave Van Meter to Jennifer re Board deck, with attachment (Dec BOD 2019.pptx) | IVANTIS_SS_00285969-IVANTIS_SS_00286014 | F, H, MD |
| PTX0303 | 2020 | Carol B. Toris et al., Outflow Facility Effects of 3 Schlemm's Canal Microinvasive Glaucoma Surgery Devices, 3 Ophthalmology Glaucoma 114 (2020) | SGHT0008282-SGHT0008289 | F, H |
| PTX0304 | 2020 | ASCRS Virtual Annual Meeting, Combining Conventional Outflow MIGS Procedures - Leveraging Mechanisms of Action to Maximize Outflow, https://ascrs.confex.com/ascrs/20am/meetingapp.cgi/Paper/68878 | SGHT0179705 | F, H, R |
| PTX0305 | 2020 | Nazlee Zebardast et al., Effect of a Schlemm's Canal Microstent on Early Postoperative Intraocular Pressure after Cataract Surgery: An Analysis of the HORIZON Randomized Controlled Trial, 127 Ophthalmology 1303 (2020) | IVANTIS_SS_00225056-IVANTIS_SS_00225063 | F, H |
| PTX0306 | 1/9/2020 | Email from Tony Do to Gala Struthers et al., re EXTERNAL: Competitive Sales Aid | IVANTIS_SS_00310265-IVANTIS_SS_00310266 | F, H |
| PTX0307 | 1/11/2020 | Presentation titled Hydrus Microstent Overview, KOL Deck | IVANTIS_SS_00007464-IVANTIS_SS_00007501 | F, H |
| PTX0308 | 1/14/2020 | Presentation titled Hydrus Microstent Training, Ivantis | IVANTIS_SS_00085278-IVANTIS_SS_00085423 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0309 | 1/15/2020 | Report of Todd Abraham from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00435876-IVANTIS_SS_00435931 | F, H, R, 403, DAU |
| PTX0310 | 1/15/2020 | Expert Report of Dr. Garry Condon, M.D. in Glaukos Corp. v. Ivantis, Inc., Civ. A. No. 8:18-cv-00620 (C.D. Cal.) | IVANTIS_SS_00435527-IVANTIS_SS_00435636 | F, H, R, 403, DAU |
| PTX0311 | 1/15/2020 | Rebuttal Expert Report of Dr. Angelo Tanna Regarding Ivantis, Inc.'s Non-Infringement of U.S. Patent Nos. 6,626,858 and 9,827,143, dated January 15, 2020, Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00172874-IVANTIS_SS_00172985 | F, H, R, 403, DAU |
| PTX0312 | 1/15/2020 | Expert Report of Douglas Rhee, dated January 15, 2020, Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00454696-IVANTIS_SS_00454984 | F, H, R, 403, DAU |
| PTX0313 | 1/15/2020 | Rebuttal Expert Report of Mohan Rao, Ph.D., dated January 15, 2020 from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00172704-IVANTIS_SS_00172873 | DAU |
| PTX0314 | 1/15/2020 | Expert Report of Harold Walbrink, submitted in Glaukos Corp. v. Ivantis, Inc., No. 8:18-cv-00620-JVS-JDE (C.D. Cal.), dated January 15, 2020 | IVANTIS_SS_00454336-IVANTIS_SS_00454387 | F, H, R, 403, DAU |
| PTX0315 | 1/23/2020 | Deposition of Andrew Schieber, dated January 23, 2020, Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00455686-IVANTIS_SS_00455992 | F, H, R, 403, DAU, ID |
| PTX0316 | 2/6/2020 | Deposition transcript of Todd Abraham  on February 6, 2020 from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00435638-IVANTIS_SS_00435875 | F, H, R, 403, DAU, ID |
| PTX0317 | 2/6/2020 | Presentation titled Hydrus Microstent Training, Ivantis | IVANTIS_SS_00085448-IVANTIS_SS_00085536 | F, H, C/D |
| PTX0318 | 2/7/2020 | Deposition of Angelo Tanna, dated February 7, 2020, Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00454008-IVANTIS_SS_00454335 | F, H, R, 403, DAU, ID |
| PTX0319 | 2/18/2020 | Video re Combination Viscodilation Using the OMNI Device and Hydurs Stent During Cataract Surgery, Paul Singh, MD | GALANIS0000017 | A, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0320 | 2/25/2020 | Email from Dave Van Meter to Linda Langley, Kimberly Capwell re EXTERNAL: Fwd: Ivantis, Inc. and 2020 Red Herring Top 100 North America | IVANTIS_SS_00167354-IVANTIS_SS_00167360 | F, H |
| PTX0321 | 3/9/2020 | Market Scope US Glaucoma Quarterly Update Q4 - 2019 | IVANTIS_SS_00014173-IVANTIS_SS_00014196 | |
| PTX0322 | 3/9/2020 | Presentation titled Hydrus Microstent Competitive Overview, Ivantis | IVANTIS_SS_00085630-IVANTIS_SS_00085703 | F, H |
| PTX0323 | 4/8/2020 | Product sheet: IM-0048 Rev B US START Sheet.pdf | IVANTIS_SS_00048025-IVANTIS_SS_00048026 | F, H |
| PTX0324 | 4/11/2020 | 2019 Postmarket Surveillance Plan and Record of Completion, Device Family: Hydrus Microstent | IVANTIS_SS_00143200-IVANTIS_SS_00143296 | F, H |
| PTX0325 | 4/13/2020 | Ivantis Drawings, Assemby, Cannula Hub, Laser Welded, S00025 Rev E | IVANTIS_SS_00001020-IVANTIS_SS_00001022 | F, H |
| PTX0326 | 4/22/2020 | Email from Dave Van Meter to Paul Singh re EXTERNAL: Video from yesterday | IVANTIS_SS_00214549 | F, H |
| PTX0327 | 4/22/2020 | Email from Dave Van Meter to Paul Singh re EXTERNAL: Video from yesterday | IVANTIS_SS_00286164 | F, H |
| PTX0328 | 4/24/2020 | Email from David Kimball to Lana Luccitti re Cannula arc radius | IVANTIS_SS_00325824-IVANTIS_SS_00325825 | F, H |
| PTX0329 | 4/24/2020 | Email from David Kimball to Lana Luccitti re Cannula arc radius, with attachment | IVANTIS_SS_00325824-IVANTIS_SS_00325830 | C/D, F, H, MD |
| PTX0330 | 4/24/2020 | Email from Lana Luccitti to David Kimball re Cannula arc radius | IVANTIS_SS_00325815-IVANTIS_SS_00325816 | C/D, F, H |
| PTX0331 | 5/15/2020 | Presentation titled Custom Survey of US Ophthalmologists on MIGS Devices, Prepared for: Ivantis | IVANTIS_SS_00286312-IVANTIS_SS_00286323 | F, H |
| PTX0332 | 5/15/2020 | Email from Michael Chodzko to Dave Van Meter re MarketScope research, with attachments | IVANTIS_SS_00286304-IVANTIS_SS_00286324 | F, H, MD |
| PTX0333 | 5/15/2020 | Presentation titled Field & Marketing Exchange, May 15, 2020, Ivantis | IVANTIS_SS_00014322-IVANTIS_SS_00014349 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0334 | 5/19/2020 | Email from Linda Scotton to Michael Chodzko re Feedback on presentations, with attachment (2020 ASCRS MIGS.xlsx) | IVANTIS_SS_00422631-IVANTIS_SS_00422633 | F, H, MD |
| PTX0335 | 6/00/2020 | Singh, MIGS Algorithm: Navigating A Myriad of Decisions, Insert to Cataract & Refractive Surgery Today | SGHT0042839-SGHT0042840 | F, H |
| PTX0336 | 6/4/2020 | Presentation titled Hydrus Microstent Global Training, Ivantis | IVANTIS_SS_00086107-IVANTIS_SS_00086329 | F, H |
| PTX0337 | 6/17/2020 | Glaukos Corp. v. Ivantis, Inc., Case No. SACV 18-620 JVS (JDEx), 2020 WL 10501850 (C.D. Cal. June 17, 2020) | | F, H, R, U, 403, DAU |
| PTX0338 | 7/8/2020 | Email from Dave Van Meter to Paul Singh re EXTERNAL: Video from yesterday | IVANTIS_SS_00215195 | 403, H, R |
| PTX0339 | 7/16/2020 | Email from Dave Van Meter to Michael Chodzko re EXTERNAL: FW: Summary of Key Stats from Jon Block's MIGS Survey - GKOS share loss accelerating, reiterate Hold - lowering target to $40, with attachment | IVANTIS_SS_00215426-IVANTIS_SS_00215457 | H, F, 403 |
| PTX0340 | 8/00/2020 | Market Scope 2020 Glaucoma Surgical Device Market Report A Global Analysis for 2019 to 2025 | SGHT0153424-SGHT0153783 | |
| PTX0341 | 8/10/2020 | Email from Gala Struthers to Michael Chodzko et al. re EXTERNAL: Anish Shah, MD Market Research | IVANTIS_SS_00351695-IVANTIS_SS_00351696 | H, 403, F, R, C/D |
| PTX0342 | 8/18/2020 | Email from Dave Van Meter to Kelli Gerasimou re 409A documents, with attachment (June 2020 Ivantis Board Deck.pptx) | IVANTIS_SS_00286984-IVANTIS_SS_00287014 | H, 403, R, F, MD |
| PTX0343 | 8/31/2020 | Presentation titled QooQoo Ivantis Market Research-Physicial Interview Summary, August 2020 | IVANTIS_SS_00014389-IVANTIS_SS_00014418 | Q, R, F, H |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0344 | 9/4/2020 | Sight Sciences Presentation titled Revolutionizing Eye Disease Treatment | SGHT0043356-SGHT0043393 | Q, H, F |
| PTX0345 | 9/8/2020 | Sight Sciences Presentation titled 2020 Surgical Marketing Plan, MIGS Market Overview OMNI® Surgical System | SGHT0116111- SGHT0116145 | H, F, C/D |
| PTX0346 | 9/18/2020 | Presentation titled 2020 Surgical Marketing Plan, MIGS Market Overview, OMNI Surgical System, Sight Sciences | SGHT0120124-SGHT0120256 | H, F, C/D |
| PTX0347 | 9/22/2020 | Email from Becky Gold to Will Medina, Julie Taylor, Andrew Yee, cc Triet Tran re Document Review: TP-0276, TR-0277, TR-0278, with attachment (Doc Log.xlsx) | IVANTIS_SS_00415324-IVANTIS_SS_00415327 | H, F, X, R, MD |
| PTX0348 | 10/20/2020 | Email from David Kimball to Bilal Chamas re Hydrus Questions - China | IVANTIS_SS_00233416-IVANTIS_SS_00233417 | H, F, 403 |
| PTX0349 | 10/27/2020 | Email from Dave Van Meter to Omar Harcuny re First Pitch Deck Ever, with attachment (First NEA-Ivantis Presentation for Omar.ppt) | IVANTIS_SS_00216346-IVANTIS_SS_00216380 | H, F, Q, R, C/D, MD |
| PTX0350 | 10/27/2020 | Email from Ali Behbahani to Dave Van Meter re EXTERNAL: re Pitch decks, with attachment (Ivantis Presentation.ppt) | IVANTIS_SS_00417126-IVANTIS_SS_00417161 | H, F, Q, R, C/D, MD |
| PTX0351 | 11/5/2020 | Email from Michael Chodzko to Omar Harouny et al. re FW: EXTERNAL: Glaukos Corporation (GKOS, Neutral): Takeaways from Palmetto Conference Call on Non-Covered LCD with Implications for GKOS; We Think its Likely to be Overturned Due to Errors and Omissions in the Draft Guidance | IVANTIS_SS_00352476-IVANTIS_SS_00352478 | H, F, 403, M, R |
| PTX0352 | 11/19/2020 | Facilitator Notes | IVANTIS_SS_00086522-IVANTIS_SS_00086525 | H, F, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0353 | 11/19/2020 | Email from Kevin Stout to Alan Rust et al. re EXTERNAL: FW: Ivantis Press Release - Hydrus Microstent Receives Highest Designation of Any MIGS Device as Part of AAO Treatment Guidelines | IVANTIS_SS_00336348-IVANTIS_SS_00336349 | H, F, R |
| PTX0354 | 11/20/2020 | Marketing Asset Information, Hydrus Microstent Animation, Asset #: IM-0016, Revision: B, CO#: 1800, FRM0191 Rev B | IVANTIS_SS_00099489-IVANTIS_SS_00099490 | H, F, R |
| PTX0355 | 11/25/2020 | Email from Tony Do to Dave Van Meter and Michael Chodzko re Hydrus Microstent Strategic User Meeting Recording, with attachments | IVANTIS_SS_00167995-IVANTIS_SS_00168048 | MD, Q, H, F, R |
| PTX0356 | 12/1/2020 | Email from Jesse Selnick to Patrick Smale, Shawn O'Neil, Mark Papini and Jeff Francis re Fwd: Quick Maket Analysis, with attachment | SGHT0046726-SGHT0046727 | MD, H, F, R |
| PTX0357 | 12/3/2020 | Email from David Kimball to James Chakales, cc Tatiana Castner re A question on Hydrus Microstent curvature | IVANTIS_SS_00233453-IVANTIS_SS_00233455 | H, F, 403 |
| PTX0358 | 12/3/2020 | Email from David Kimball to James Chakales, cc Tatiana Castner re A question on Hydrus Microstent curvature, with attachment (implant dwg.jpg) | IVANTIS_SS_00233453-IVANTIS_SS_00233456 | H, F, 403, MD |
| PTX0359 | 12/9/2020 | Frequently Asked Questions | IVANTIS_SS_00008011-IVANTIS_SS_00008027 | H, F |
| PTX0360 | 12/16/2020 | Ivantis Post Hydrus Training Test Continued | IVANTIS_SS_00086856-IVANTIS_SS_00086859 | H, F, 403 |
| PTX0361 | 2021 | Clincial Evaluation Report (CER) for the Hydrus Microstent, CER 2021-01, Ivantis | IVANTIS_SS_00251871-IVANTIS_SS_00252057 | H, F |
| PTX0362 | 2021 | Iqbal Ike K. Ahmed et al., Three-Year Findings of the HORIZON Trial: A Schlemm Canal Microstent for Pressure Reduction in Primary Open-Angle Glaucoma and Cataract, 128 Ophthalmology 857 (2021) | SGHT0009045-SGHT0009053 | H, F |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0363 | 2021 | Panagiotis Laspas and Norbert Pfeiffer, Chapter 5: Hydrus Microstent, Minimally Invasive Glaucoma Surgery (Chelvin Sng and Keith Barton eds., 2021) ("Laspas"), pp. 59-71 | SGHT0179502-SGHT0179709; SGHT0179566-SGHT0179578 | H, F, C/D |
| PTX0364 | 2021 | Minimally Invasive Glaucoma Surgery, Chelvin C. A. Sng & Keith Barton (eds.) (2021) | IVANTIS_SS_00060397-IVANTIS_SS_00060599 | H, F |
| PTX0365 | 2021 | Presentation titled 2021 Strategy & Outlook, Mike Chodzko | IVANTIS_SS_00148281-IVANTIS_SS_00148299 | H, F, 403, C/D |
| PTX0366 | 2021 | Alcon 2021 Annual Report, https://s1.q4cdn.com/963204942/files/doc_financials/2021/ar/Alcon-2021-Annual-Report.pdf, archived at https://web.archive.org/web/20220609003953/https://s1.q4cdn.com/963204942/files/doc_financials/2021/ar/Alcon-2021-Annual-Report.pdf | | H, A, F, 403, R, U |
| PTX0367 | 1/11/2021 | Market Scope US Glaucoma Quarterly Update Q4 - 2020 | IVANTIS_SS_00119826-IVANTIS_SS_00119854 | |
| PTX0368 | 12/10/2020 | Presentation titled Hydrus Microstent Commercial Update, Mike Chodzko, December 10, 2020 | IVANTIS_SS_00224822-IVANTIS_SS_00224847 | H, F, 403 |
| PTX0369 | 1/28/2021 | MarketScope US Glaucoma Quarterly Update, Q4 - 2020 Analysis of Historical Trends and Latest Developments, Released January 2021 | SGHT0043645-SGHT0043673 | |
| PTX0370 | 2/5/2021 | Email from Linda Scotton to Brett Trauthen et al. re Peer Review Update Feb 5 2021, with attachments | IVANTIS_SS_00216966-IVANTIS_SS_00217120 | H, F, MD |
| PTX0371 | 3/1/2021 | Letter from FDA to Edward Sinclair of Sight Sciences, Inc. re K202678, OMNI Surgical System | SGHT0167487-SGHT0167501 | H, F |
| PTX0372 | 3/31/2021 | Presentation titled Hydrus Microstent, A Clinical Discussion, March 31, 2021 | IVANTIS_SS_00008028-IVANTIS_SS_00008078 | H, F, Q |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0373 | 4/1/2021 | Hydrus® Microstent Instructions for Use (C00256 Rev A.1) | SGHT0027780-SGHT0027800 | H, F |
| PTX0374 | 4/3/2021 | Screenshot of an email from Andy Rivero to Mike Chodzko re RVC | ARIVERO_SS_VOL00000006 | H, F, 403, R, Q,  C/D |
| PTX0375 | 4/3/2021 | Screenshot of an email from Andy Rivero to Mike Chodzko re RVC | ARIVERO_SS_VOL00000008 | H, F, 403, R, Q, C/D |
| PTX0376 | 4/5/2021 | Screenshot of an email from Andy Rivero to Mike Chodzko re Rivero Visco Dilation Cannula-Draft 4.pdf | | H, F, 403, R, C/D, U |
| PTX0377 | 4/5/2021 | Screenshot of an email from Andy Rivero to Mike Chodzko re Rivero Visco Dilation Cannula-Draft 4.pdf | ARIVERO_SS_VOL00000007 | H, F, 403, R, C/D |
| PTX0378 | 2/00/2021 | Presentation titled MIGS Exploratory, February 2021 | IVANTIS_SS_00203935-IVANTIS_SS_00203978 | H, F, R, 403 |
| PTX0379 | 5/12/2021 | Email from Dave Van Meter to Cari Stone re RHEM | IVANTIS_SS_00469178 | H, F, R, 403 |
| PTX0380 | 5/20/2021 | Email from Tony Do to Helene Spencer, cc Michael Chodzko re KOL and 5 Year Deck Speaker Training, with attachment | IVANTIS_SS_00245417-IVANTIS_SS_00245430 | MD, H, F |
| PTX0381 | 5/24/2021 | Ivantis - Global KOL List | IVANTIS_SS_00204704 | H, F, R |
| PTX0382 | 5/26/2021 | Excel titled Customer Sales and Surgeon Training data.xlsx | IVANTIS_SS_00204716 | H, F |
| PTX0383 | 5/28/2021 | Hydrus Microstent brochure, file name: IM-0004-1 Rev D US Hydrus Microstent Digital HCP Brochure.pdf | IVANTIS_SS_00053193-IVANTIS_SS_00053201 | H, F, 403 |
| PTX0384 | 6/1/2021 | Video titled Combined Ab Interno Canaloplasty With Hydrus Implantation, https://eyetube.net/videos/combined-ab-interno-canaloplasty-with-hydrus-implantation | SGHT0168179 | H, F, R, 403 |
| PTX0385 | 6/9/2021 | Presentation titled Strategy & Outlook, Mike Chodzko, Alcon | IVANTIS_SS_00204870-IVANTIS_SS_00204888 | H, F, C/D, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0386 | 6/21/2021 | Hydrus Microstent Surgeon Training Procedure, Document # SA-0001, J. Chakales, Rev. H | IVANTIS_SS_00001130-IVANTIS_SS_00001140 | H, F |
| PTX0387 | 6/21/2021 | Presentation titled Ivantis Overview, June 2021, Ivantis | IVANTIS_SS_00087150-IVANTIS_SS_00087183 | H, F, 403, R |
| PTX0388 | 6/23/2021 | Presentation titled Hydrus Microstent, Glaucoma Surgical Treatment Modalities | IVANTIS_SS_00008386-IVANTIS_SS_00008483 | H, F |
| PTX0389 | 6/30/2021 | 2021 Postmarket Clinical Follow-up Report Hydrus Microstent | IVANTIS_SS_00130339-IVANTIS_SS_00130469 | H, F |
| PTX0390 | 7/00/2021 | Market Scope 2021 Glaucoma Surgical Device Market Report Global Anaylsis for 2020 to 2026 | SGHT0153784-SGHT0154103 | |
| PTX0391 | 7/9/2021 | Market Scope US Glaucoma Quarterly Update Q2 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0117479-SGHT0117507 | |
| PTX0392 | 7/14/2021 | Sight Sciences, Inc. Amendment No. 2 to SEC Form S-1 Registration Statement, July 14, 2021 | SGHT0154841-SGHT0155148 | H, F |
| PTX0393 | 7/23/2021 | Email from Chris Phelps to Mark Papini, Richard Plank re Fwd: Ivantis messaging | SGHT0045915 | H, F, R, 403 |
| PTX0394 | 7/25/2021 | BTIG Medical Technology Industry Report Glaukos Corporation (GKOS, Neutral) | SGHT0122728-SGHT0122739 | H, F |
| PTX0395 | 8/00/2021 | Sight Sciences OMNI® Surgical System Instructions for Use, P/N 05854 Rev. K, August 2021 | | H, A, F, U |
| PTX0396 | 8/7/2021 | Email from Michael Chodzko to Dave Van Meter, Frank Shields re [EXTERNAL] Ivantis - Confidential Update | IVANTIS_SS_00445129-IVANTIS_SS_00445130 | H, F, R, 403 |
| PTX0397 | 8/9/2021 | Email from Jesse Selnick to Paul Badawi et al. re Initiating coverage reports, with attachment (BofA - Sight Sciences Initiating.pdf) | SGHT0044295-SGHT0044359 | MD, H, F |
| PTX0398 | 8/19/2021 | Document and Change Control, Document # SOP0005, A. Yee, Rev. S | IVANTIS_SS_00054382-IVANTIS_SS_00054392 | H, F, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0399 | 9/00/2021 | Hydrus Microstent Instructions for Use, C00256 Rev C, Ivantis, Inc. | | H, F, C/D, U |
| PTX0400 | 9/00/2021 | Hydrus Microstent Instructions for Use, C00256 Rev C, Ivantis, Inc. | IVANTIS_SS_00324014-IVANTIS_SS_00324040 | H, F, C/D |
| PTX0401 | 9/00/2021 | Ivantis, Hydrus Microstent Instructions for Use | IVANTIS_SS_00056891-IVANTIS_SS_00056917 | H, F, C/D |
| PTX0402 | 9/7/2021 | Settlement Agreement between Glaukos Corp. and Ivantis, Inc. | GK00000001-GK00000027 | H, F, R, 403, DAU |
| PTX0403 | 9/8/2021 | Hydrus Microstent Side Interlock Delivery System, Risk Management Report, RSK-007, Rev. M, Ivantis | IVANTIS_SS_00415663-IVANTIS_SS_00415722 | H, F |
| PTX0404 | 9/17/2021 | Email from Michael Chodzko to Sales Reps (US) et al., cc Michelle Finnegan et al re Recent Sight Sciences litigation - Messaging | IVANTIS_SS_00358578-IVANTIS_SS_00358579 | H, F, 403, R |
| PTX0405 | 9/22/2021 | Alcon Presentation re Ivantis, Glaukos settlement summary and resulting acquisition terms | IVANTIS_SS_00206089-IVANTIS_SS_00206090 | H, F, R, 403, DAU, MIL |
| PTX0406 | 9/22/2021 | Letter from Dave Van Meter Ivantis to Dear Valued Customer | IVANTIS_SS_00219395 | H, F, 403, R |
| PTX0407 | 9/23/2021 | Email from Tony Do to Senior Management Team re A Note from Dave Van Meter - Ivantis President & CEO, with attachment | IVANTIS_SS_00219393-IVANTIS_SS_00219395 | H, F, 403, R |
| PTX0408 | 9/23/2021 | Email from Tony Do to Michael Chodzko re A Note from Dave Van Meter - Ivantis President & CEO | IVANTIS_SS_00225588-IVANTIS_SS_00225589 | H, F, 403, R |
| PTX0409 | 9/24/2021 | IM-0016-1-1 Rev B US Hydrus Microstent Animation (Full) [1080p].mp4, https://vimeo.com/510820851 (Video) | SGHT0006816 | A, F, 403, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al.,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0410 | 9/24/2021 | Hydrus Microstent Implantation, https://vimeo.com/502826228 ("Implantation Video") | SGHT0006815 | A, F, 403, H |
| PTX0411 | 9/30/2021 | Excel titled Rivero Cannula Sales 9-30-2021.xlsx | IVANTIS_SS_00445916 | H, F, 403, R |
| PTX0412 | 10/4/2021 | Strategic User Meetings - Q4 2020 | IVANTIS_SS_00009143-IVANTIS_SS_00009156 | H, F, 403, R, C/D |
| PTX0413 | 10/12/2021 | Strategic User Meetings - Q4 2020 | IVANTIS_SS_00206147-IVANTIS_SS_00206160 | H, F, 403, R, C/D |
| PTX0414 | 10/14/2021 | Email from Jaime Dickerson to Gary Novac re Real World Evidence, with attachments | SGHT0085302-SGHT0085333 | H, F, 403, R, MD |
| PTX0415 | 10/29/2021 | Presentation titled Ivantis Overview for Alcon, October 2017 | IVANTIS_SS_00011409-IVANTIS_SS_00011511 | H, F, 403, R |
| PTX0416 | 10/29/2021 | Email from Michael Chodzko to Liz Wilkins, Dave Van Meter, cc Kimberly Capwell re IV_Alcon Message Points_DRAFT_10.27.21 FOR CLIENT REVIEW | IVANTIS_SS_00469384-IVANTIS_SS_00469390 | H, F, 403, R |
| PTX0417 | 11/00/2021 | Alcon Presentation titled Project Ithaca, November 2021 | IVANTIS_SS_00445906-IVANTIS_SS_00445915 | H, F, 403, R |
| PTX0418 | 11/2/2021 | Excel titled Project Ithaca - 20211101 - Base Case.xlsx | IVANTIS_SS_00445902 | H, F, 403, R |
| PTX0419 | 11/4/2021 | Excel titled Income Statement 2018 - 2020.xlsx | IVANTIS_SS_00316585 | H, F |
| PTX0420 | 11/4/2021 | Excel titled Income Statement by Month 2021 YTD.xlsx | IVANTIS_SS_00316586 | H, F |
| PTX0421 | 11/9/2021 | Email from Kelli Gerasimou to Jason Weems, Matthew Snakenberg, Dave Van Meter, cc Cari Stone re Re-Revenue | IVANTIS_SS_00169193-IVANTIS_SS_00169199 | H, F, 403, R |
| PTX0422 | 11/9/2021 | Email from Kelli Gerasimou to Jason Weems, Matthew Snakenberg, Dave Van Meter, cc Cari Stone re Re-Revenue, with attachments | IVANTIS_SS_00169193-IVANTIS_SS_00169201 | H, F, 403, R, MD |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0423 | 12/2/2021 | Excel titled Revenue by Geography by account.xlsx | IVANTIS_SS_00206444 | H, F |
| PTX0424 | 12/8/2021 | Excel titled Ivantis Surgeon Training Experience Feedback.xlsx | IVANTIS_SS_00222602 | H, F, R |
| PTX0425 | 12/15/2021 | Email from Paul Badawi to Kathy Chester et al. re <no subject> | SGHT0130160-SGHT0130162 | H, F, 403, R |
| PTX0426 | 12/17/2021 | Amendment No. 2 to Option Agreement and Plan of Merger, by and among Alcon Research, LLC, Ithaca Merger Sub, Inc., and Ivantis, Inc. | IVANTIS_SS_00420563-IVANTIS_SS_00420567 | H, F, 403, R |
| PTX0427 | 2022 | Iqbal Ike K. Ahmed et al., Long-term Outcomes from the HORIZON Randomized Trial for a Schlemm's Canal Microstent in Combination Cataract and Glaucoma Surgery, 129 Ophthalmology 742 (2022) | IVANTIS_SS_00060179-IVANTIS_SS_00060188 | H, F |
| PTX0428 | 2022 | Alexandra-Catalina Zaharia et al., Adherence to Therapy in Glaucoma Treatment – A Review, J. Pers. Med., 12(4):514 (2022) | SGHT0179715-SGHT0179726 | H, F |
| PTX0429 | 1/4/2022 | Email from Jesse Selnick to Jeff Francis et al. re Year-End_Surgical Sales Report, with attachment (December 2021 Surgical Results vF.xlsx) | SGHT0037709-SGHT0037715 | H, F, MD |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0430 | 1/10/2022 | Alcon Completes Acquisition of Ivantis, Inc., Bringing Hydrus Microstent into Its Global Surgical Portfolio, https://investor.alcon.com/news-and-events/press-releases/news-details/2022/Alcon-Completes-Acquisition-of-Ivantis-Inc.-Bringing-Hydrus-Microstent-into-Its-Global-Surgical-Portfolio/default.aspx, archived at https://web.archive.org/web/20220110061447/https://investor.alcon.com/news-and-events/pressreleases/news-details/2022/Alcon-Completes-Acquisition-of-Ivantis-Inc.-Bringing-Hydrus-Microstent-into-Its-Global-Surgical-Portfolio/default.aspx | | H, F, R, 403, U |
| PTX0431 | 1/14/2022 | Email from Ben Sather to Cari Stone re Congrats! | IVANTIS_SS_00206997-IVANTIS_SS_00206998 | H, F, R, 403 |
| PTX0432 | 12/12/2022; 12/31/2022; 01/18/2022 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000011 | 403, A, H, R, F, 106, I, BE |
| PTX0433 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0434 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0435 | 1/28/2022 | Excel titled Q4'21 Financial Flux.xlsx | SGHT0153030 | H, F |
| PTX0436 | 2/1/2022 | Presentation titled Surgical Glaucoma Brand Health ATU Research \| Wave 2, January 21, 2022, Sight Sciences | SGHT0016815-SGHT0016867 | H, F, R, Q |
| PTX0437 | 2/4/2022 | Sight Science, Inc. SEC Form 10-K for the fiscal year ended December 31, 2021 | SGHT0154655-SGHT0154840 | H, F, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0438 | 2/8/2022 | Presentation slides re Global Surgical Glaucoma Overview - Alcon's Hydrus Plays in a Growing by increasingly Competitive Market | IVANTIS_SS_00207164-IVANTIS_SS_00207165 | H, F, R, 403 |
| PTX0439 | 2/8/2022 | Email from Chris Phelps to SharkTank re Fw: Notes from Caribbean Eye MIGS podium talk - READ | SGHT0045998-SGHT0045999 | H, F, R |
| PTX0440 | 2/18/2022 | Email from  Carmen Yoo to Firoz Vohra, Brett Trauthen, cc Carmen Yoo and Brett Trauthen re SUMMIT/FRONTIER FDA Study  Design Considerations, with attachments | IVANTIS_SS_00276221-IVANTIS_SS_00276238 | H, F, 403, R, MD |
| PTX0441 | 2/18/2022 | Email from Tom Huang to Philip Trip Taylor, Jesse Selnick, cc Malcolm MacLeond re WB, with attachment (SGHT WB 2022 02 03.pdf) | SGHT0054388-SGHT0054432 | H, F, R, MD |
| PTX0442 | 2/20/2022 | Presentation titled MIGS Overview | SGHT0008470-SGHT0008506 | H, F, 403 |
| PTX0443 | 2/21/2022 | Email from Shawn Hay to Chris Phelps re Notes from Telling It Like It Is | SGHT0044998-SGHT0044999 | H, F, 403, R |
| PTX0444 | 2/25/2022 | Market Scope US Glaucoma Quarterly Update Q4 - 2021 | IVANTIS_SS_00016296-IVANTIS_SS_00016323 | |
| PTX0445 | 2/26/2022 | Email from Aarti Shah to Rajaraman Suryakumar et al. re Glaucoma Training Day Decks - Status [Friday 24th Feb] - All Decks Uploaded, with attachment | IVANTIS_SS_00276563-IVANTIS_SS_00276595 | H, F, MD |
| PTX0446 | 3/1/2022 | Traceability Matrix (DC-007) – Hydrus Microstent (Side-Interlock Design) | IVANTIS_SS_00001276-IVANTIS_SS_00001297 | H, F |
| PTX0447 | 3/1/2022 | New World Medical Announces Launch Details for the STREAMLINE Surgical System | SGHT0168242 | H, F, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0448 | 3/1/2022 | Email from Philip Trip Taylor to Jesse Selnick,  Paul Badawi, Tom Huang, cc Malcolm MacLeod re FW: STIFEL: GKOS (55.01, Hold) - Transferring Coverage of Glaukos and Retaining Hold Rating, with attachment | SGHT0054552-SGHT0054559 | H, F, R, MD |
| PTX0449 | 3/2/2022 | Excel titled Use Failure Mode, Effects, Criticality Analysis (u-FMECA) (RSK-007-RMR-1 Rev N - Attachment 4.xlsx) | IVANTIS_SS_00161427 | H, F |
| PTX0450 | 3/2/2022 | Email from Helene Spencer to Nate Radcliff MD, cc Brett Trauthen and Andrew Yee re Review of the Hydrus Microstent Clinical Evaluation Report, with attachment | IVANTIS_SS_00292668-IVANTIS_SS_00292855 | H, F, R, MD |
| PTX0451 | 3/10/2022 | Hydrus Microstent Side Interlock Delivery System, Risk Management Report, RSK-007, Rev. N, Ivantis | IVANTIS_SS_00057727-IVANTIS_SS_00057799 | H, F, R, 403 |
| PTX0452 | 3/15/2022 | Email from Tony Do to Charles Marshall et al. re Ivantis Market Scope Survey, with attachments | IVANTIS_SS_00228925-IVANTIS_SS_00228945 | H, F, MD, C/D |
| PTX0453 | 3/16/2022 | Email from Jasmine Ainetchian to Charles Marshall et al., cc Mike Chodzko re Ivantis Market Scope Survey, with attachments | IVANTIS_SS_00228950-IVANTIS_SS_00228971 | H, F, MD, C/D |
| PTX0454 | 3/23/2022 | Email from Carmen Yoo to David Kimball, cc Brett Trauthen re FW: Reference needed | IVANTIS_SS_00277687-IVANTIS_SS_00277688 | H, F, 403, C/D |
| PTX0455 | 3/23/2022 | Email from Carmen Yoo to David Kimball, cc Brett Trauthen re FW: Reference needed, with attachment (Biometry caucasian Opthalmology 2010.pdf) | IVANTIS_SS_00277687-IVANTIS_SS_00277695 | H, F, 403, C/D |
| PTX0456 | 3/29/2022 | Hydrus Microstent, Your MIGS Choice Matters, Alcon | IVANTIS_SS_00170880-IVANTIS_SS_00170884 | H, F, R, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0457 | 4/13/2022 | Email from Julie Taylor to Craig Salem, cc Helene Spencer re Hydrus Miscrostent Trending and Risk Information, with attachments | IVANTIS_SS_00415650-IVANTIS_SS_00415796 | H, F, R, 403 |
| PTX0458 | 4/27/2022 | Excel titled Draft Alcson Ivantic PPA - 4.27.22.xlsx | IVANTIS_SS_00445954 | H, F, 403, R |
| PTX0459 | 4/29/2022 | Presentation title: Hydrus Microstent US Competitive Landscape | IVANTIS_SS_00278383-IVANTIS_SS_00278408 | H, F |
| PTX0460 | 5/3/2022 | Email from Jesse Selnick to Jesse Selnick re FW: Initiating coverage reports, with attachments | SGHT0054735-SGHT0054968 | H, F, R, MD, 403 |
| PTX0461 | 5/3/2022 | Email from Jesse Selnick to Jesse Selnick re Q4 Post-Earnings Research, with attachments | SGHT0138987-SGHT0139043 | H, F, R, MD, 403 |
| PTX0462 | 5/4/2022 | Presentation titled Hydrus Microstent, Glaucoma Surgical Treatment Modalities, Ivantis | IVANTIS_SS_00087473-IVANTIS_SS_00087574 | H, F |
| PTX0463 | 5/5/2022 | Memo to File, cc Margaret Buckley et al. re Ivantis, Inc. Acquisition | IVANTIS_SS_00445917-IVANTIS_SS_00445924 | H, F, 403, R, C/D |
| PTX0464 | | Exhibit not used | | |
| PTX0465 | 5/5/2022 | Excel titled Share analysis.xlsx | IVANTIS_SS_00025462 | H, F, 403 |
| PTX0466 | 5/5/2022 | Memo to File, cc Margaret Buckley et al. re Ivantis, Inc. Acquisition, with family members | IVANTIS_SS_00445917-IVANTIS_SS_00446169 | H, F, 403, R, C/D, MD |
| PTX0467 | 5/14/2022 | MarketScope US Glaucoma Quarterly Update, Q1 - 2022 Analysis of Historical Trends and Latest Developments, Published May 2022 | SGHT0020526-SGHT0020554 | |
| PTX0468 | 5/15/2022 | Email from Chris Phelps to SharkTank re STREAMLINE-OPEN AND READ, with attachments | SGHT0147888-SGHT0147911 | H, F, 403, R, MD |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0469 | 5/17/2022 | Email from Mike Chodzko to Benjamin Sather, Charles Marshall, cc Claudia Chu, Brent Chism re OVD Category Foundational Insights? | IVANTIS_SS_00230316-IVANTIS_SS_00230326 | H, F, 403, R |
| PTX0470 | 5/17/2022 | Email from Mike Chodzko to Benjamin Sather, Charles Marshall, cc Claudia Chu, Brent Chism re OVD Category Foundational Insights?, with attachment (2022_05_13 - MarketScope Alcon Glaucoma Device Survey M.docx) | IVANTIS_SS_00230316-IVANTIS_SS_00230330 | H, A, F, 403, R |
| PTX0471 | 6/13/2022 | Email from Payman Saffari to David Kimball cc Alan Pelton, Srinidhi Nagaraja re Engage MDS \| Ivantis \| GRI \| Fatigue of Nitinol | IVANTIS_SS_00233694-IVANTIS_SS_00233705 | H, F, 403, R, C/D |
| PTX0472 | 6/13/2022 | Email from Payman Saffari to David Kimball cc Alan Pelton, Srinidhi Nagaraja re Engage MDS \| Ivantis \| GRI \| Fatigue of Nitinol, with attachments | IVANTIS_SS_00233694-IVANTIS_SS_00233709 | H, F, 403, R, C/D |
| PTX0473 | 6/13/2022 | Engineering Report - ER22-002 Rev. A, Hydrus Microstent - Implant Lifetime | IVANTIS_SS_00293425-IVANTIS_SS_00293473 | H, F, C/D |
| PTX0474 | 6/13/2022 | Email from Andrew Yee to Triet Tran, cc Helene Spencer re ER22-002 Rev A for Q-Pulse Upload, with attachment (Engineering Report - ER22-002 Rev. A, Hydrus Microstent - Implant Lifetime) | IVANTIS_SS_00293424-IVANTIS_SS_00293491 | H, F, C/D |
| PTX0475 | 6/25/2022 | Email from Charles Marshall to Benjamin Sather, Mike Chodzko, cc Cari Stone re Ad Board Feedback - Training and Drop-off Feedback | IVANTIS_SS_00231477-IVANTIS_SS_00231479 | H, F, 403, R |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0476 | 6/25/2022 | Email from Charles Marshall to Benjamin Sather, Mike Chodzko, cc Cari Stone re Ad Board Feedback - Training and Drop-off Feedback, with attachment (June 2022 Tuesday 6 24 22.pptx) | IVANTIS_SS_00231477-IVANTIS_SS_00231502 | H, F, 403, R, MD |
| PTX0477 | 7/6/2022 | Presentation titled US Surgical Glaucoma 2Q22 Brand Health Tracker, June 2022, Alcon | IVANTIS_SS_00208009-IVANTIS_SS_00208037 | H, F |
| PTX0478 | 7/7/2022 | Excel titled 1A Sales and COGS since Q318.xlsx | SGHT0130014 | H, F |
| PTX0479 | 7/8/2022 | Alcon Presentation titled Indus Clinical Study Plans | IVANTIS_SS_00280499-IVANTIS_SS_00280506 | H, F, 403, R |
| PTX0480 | 7/11/2022 | Presentation titled 2023 Surgical Glaucoma Landscape Review, May 2022, Mike Chodzko, Alcon | IVANTIS_SS_00208086-IVANTIS_SS_00208101 | H, F |
| PTX0481 | 5/20/2022; 6/13/2022; 7/13/2022 | Text messages from Kenyon Catchings to John Galanis | GALANIS0000004 | 403, A, H, R, F, 106, I, BE |
| PTX0482 | 7/28/2022 | Presentation titled Hydrus Microstent Overview, Ivantis | IVANTIS_SS_00163341-IVANTIS_SS_00163394 | H, F |
| PTX0483 | 8/00/2022 | Market Scope 2022 Glaucoma Surgical Device Market Report Global Analysis for 2021 to 2027 | IVANTIS_SS_00321901-IVANTIS_SS_00322201 | H, F |
| PTX0484 | 8/00/2022 | Market Scope 2022 Glaucoma Surgical Device Market Report Global Anaylsis for 2021 to 2027 | SGHT0154104-SGHT0154404 | H, F |
| PTX0485 | 8/1/2022 | Second Amended Complaint and exhibits | | H, F, 403 |
| PTX0486 | 8/2/2022 | Document titled C00151.SLDDRW | IVANTIS_SS_00323864 | H, F |
| PTX0487 | 8/23/2022 | Document titled C00151.SLDPRT | IVANTIS_SS_00323865 | H, F |
| PTX0488 | 8/28/2022 | Excel titled  Microsoft_Excel_Worksheet2.xlsx | IVANTIS_SS_00170285 | H, F, 403 |
| PTX0489 | 9/10/2022 | Email from Dan O'Keeffe to Paul Badawi re Helix, with attachments (0123.02.PDF; Sight Sciences Pre-Clinical Text Plan.docx) | SGHT0130961-SGHT0130966 | H, F |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0490 | 9/12/2022 | Petition for Inter Partes Review Under 37 C.F.R. § 42.101, submitted in Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01529 (PTAB), dated September 12, 2022 | | H, F, R, 403, MIL |
| PTX0491 | 9/12/2022 | Declaration of Dr. Michael Reynard Regarding U.S. Patent No. 9,370,443, submitted in Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01529 (PTAB), dated September 12, 2022 | | H, F, R, 403 |
| PTX0492 | 9/30/2022 | OMNI Flashcard | SGHT0098667-SGHT0098668 | H, F, R |
| PTX0493 | 10/3/2022 | OMNI Surgical System Evidence Table References | SGHT0172180-SGHT0172189 | H, F, R |
| PTX0494 | 10/6/2022 | Email from mmreinbold@gmail.com to Pete England re GKOS: Eyes on MIGS Share Gains w/Visible Near-Term Catalysts, with attachment | SGHT0039285-SGHT0039311 | H, F, R, MD |
| PTX0495 | 10/6/2022 | OMNI Surgical System Priming Guide | SGHT0098670-SGHT0098671 | H, F, R |
| PTX0496 | 10/10/2022 | Presentation titled Surgical Glaucoma, Alcon | IVANTIS_SS_00208914-IVANTIS_SS_00208935 | H, F |
| PTX0497 | 10/17/2022 | Defendants' Supplemental Objections and Responses to Plaintiff Sight Sciences, Inc.'s First Set of Interrogatories (Nos. 1-6), October 17, 2022 | | H, F, 403 |
| PTX0498 | 10/25/2022 | Presentation titled Hydrus Microstent Surgeon Didactic Course - LMS | IVANTIS_SS_00134086-IVANTIS_SS_00134177 | H, F |
| PTX0499 | 10/25/2022 | Engineering Report, ER19-019 Rev. A, NNI Process Capability for the Manufacture of the Hydrus Implant (C00151), ER19-019 Rev. A | IVANTIS_SS_00136277-IVANTIS_SS_00136329 | H, F, 403 |
| PTX0500 | 10/25/2022 | Document titled IM-0021 Rev C US Hydrus 4x3 MOA TableTop Banner.pdf | IVANTIS_SS_00142860 | H, F |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0501 | 11/00/2022 | Streamline Surgical System Instructions for Use, 50-0145 Rev D 11/2022 | SGHT0168186-SGHT0168193 | H, F, R, 403 |
| PTX0502 | 11/00/2022 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000002 | 403, A, H, R, F, 106, I, BE |
| PTX0503 | 11/8/2022 | Presentation titled Competing Effectively in MIGS Messaging & Workshop, Mike Chodzko, Tim Gregory, Joe McGinley, Alcon | IVANTIS_SS_00209067-IVANTIS_SS_00209100 | H, F, 403 |
| PTX0504 | 11/11/2022 | Text messages between John Galanis and Kenyon Catchings re video titled Combination Viscodilation Using the Omni Device and Hydrus Stent During Cataract… | GALANIS0000001 | 403, A, H, R, F, 106, I, BE |
| PTX0505 | 11/11/2022; 11/14/2022 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000003 | 403, A, H, R, F, 106, I, BE |
| PTX0506 | 11/17/2022; 11/22/2022; 11/23/2022 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000009 | 403, A, H, R, F, 106, I, BE |
| PTX0507 | 11/29/2022 | Email from Pete England to Pete England re MarketScope Report 2022, with attachment | SGHT0145934-SGHT0146235 | |
| PTX0508 | 11/30/2022 | Letter from Kathleen M. Chester of Sight Sciences, Inc. to U.S. Food and Drug Administration re Pre-Submission for the Helix Surgical System | SGHT0166974-SGHT0167013 | 403, H, R, F |
| PTX0509 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0510 | 11/00/2022; 12/06/2022; 12/8/2022 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000010 | 403, A, H, R, F, 106, I, BE |
| PTX0511 | 12/8/2022 | Declaration of Angelo Tanna In Support of Defendants' Opening Claim Construction Brief | | R, F, H, LC, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0512 | 12/8/2022 | Declaration of Angelo Tanna in Support of Defendants' Opening Claim Construction Brief, D.I. 119 (filed Jan. 19, 2023) | | R, F, H, 403 |
| PTX0513 | 12/13/2022 | Torus Surface Area Calculator – Google Search | | R, F, A, H, 403 |
| PTX0514 | 12/13/2022 | Presentation titled Hydrus Adopter, Rejector & Aware Qualitative Exploratory Research | IVANTIS_SS_00446528-IVANTIS_SS_00446613 | R, F, H, 403, Q |
| PTX0515 | 12/14/2022 | Presentation slide titled Key deal execution - Ivantis, Alcon | IVANTIS_SS_00209169 | R, F, H, 403, Q |
| PTX0516 | 12/15/2022 | Presentation titled Hydrus Microstent for Mild to Moderate Glaucoma: Surgeon Training | IVANTIS_SS_00324443-IVANTIS_SS_00324509 | R, F, H, 403, Q |
| PTX0517 | 12/15/2022 | Presentation titled Marketing Strategy, Messaging, Assets, Objection Handling, Mike Chodzko, Michelle Finnegan, Alcon | IVANTIS_SS_00324043-IVANTIS_SS_00324116 | R, F, H, 403, Q |
| PTX0518 | 12/15/2022 | The Hydrus Microstent Difference, US-HDM-2200172 | IVANTIS_SS_00323970-IVANTIS_SS_00323971 | R, F, H, 403, Q |
| PTX0519 | 12/23/2022 | Patent Owner Preliminary Response, IPR2022-01529 ('443) | | R, F, H, 403, Q, SJ |
| PTX0520 | 12/28/2022 | Patent Owner Preliminary Response, IPR2022-01540 ('361) | | R, F, H, 403, Q, SJ |
| PTX0521 | 01/00/2023; 02/09/2023; 02/15/2023 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000014 | 403, A, H, R, F, 106, I, BE |
| PTX0522 | 1/26/2023 | Presentation titled Hydrus Microstent Surgeon Training, 2022, Alcon | IVANTIS_SS_00169974-IVANTIS_SS_00170031 | R, F, H, 403, Q |
| PTX0523 | 1/27/2023 | Alcon presentation, Brilliant Momentum An Unstoppable Force 2022 (US-ITM-2200353 Hydrus MYM Kick Off Deck.pptx) | IVANTIS_SS_00170263-IVANTIS_SS_00170282 | R, F, H, 403, Q |
| PTX0524 | 1/27/2023 | Presentation titled Strategy & Outlook Surgical Glaucoma, Mike Chodzko, Alcon | IVANTIS_SS_00170766-IVANTIS_SS_00170781 | R, F, A, H, 403, Q |
| PTX0525 | 2023 | Chris Phelps LinkedIn Profile | | R, F, A, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0526 | 2023 | Shari Seidman Diamond, 359. Reference Guide on Survey Research, Reference Manual on Sci. Evid. 359 (3d ed.) | IVANTIS_SS_00469888-IVANTIS_SS_00469934 | R, F, H, 403, LC, O |
| PTX0527 | 2023 | Exhibit C Hydrus Microstent Your MIGS Choice Matters https://www.myalcon.com/professional/cataract-surgery/hydrus-microstent/ | | R, F, H, 403 |
| PTX0528 | 2023 | Jack Creagmile et al., Hydrus Microstent implanation with OMNI Surgical System Ab interno canaloplasty for the management of open-angle glaucoma in phakic patients refractory to medical therapy, 29 Am. J of Ophthalmology Case Reports 101749 (2023) | SGHT0187903-SGHT0187909 | R, F, H, 403 |
| PTX0529 | 2023 | Wai Kitt Chee et al., Comparison of Efficacy of Combined Phacoemulsification and iStent Inject versus Combined Phacoemulsification and Hydrus Microstent, 17 Clinical Ophthalmology 1151 (2023) | SGHT0179706-SGHT0179714 | R, F, H, 403 |
| PTX0530 | 02/00/2023 | Hydrus Microstent MIGS Device, Alcon Professional, https://www.myalcon.com/professional/cataract-surgery/hydrus-microstent/ | | R, F, H, 403, AF |
| PTX0531 | 2/14/2023 | Viscodilation in the Canal - Eyetube.mp4 | SGHT0187910 | R, F, A, 403 |
| PTX0532 | 02/15/2023; 02/16/2023; 02/21/2023 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000015 | 403, A, H, R, F, 106, I, BE |
| PTX0533 | 2/22/2023 | Complaint from Alcon Inc. v. Alembic Pharmaceuticals Ltd. (D. Del.) | | R, F, A, H, 403 |
| PTX0534 | 3/6/2023 | Excel titled Ivantis Consolidated 2022 P&L.xlsx | IVANTIS_SS_00337117 | R, F, H, 403 |
| PTX0535 | 02/21/2023; 02/23/2023; 03/08/2023 | Text messages between John Galanis and Kenyon Catchings | GALANIS0000016 | 403, A, H, R, F, 106, I, BE |
| PTX0536 | 3/9/2023 | Report and Recommendation, D.I. No. 134 (filed March 9, 2023) | | R, F, A, H, 403, O |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0537 | 3/14/2023 | Combination Streamline, Hydrus, Phaco, and Eyhance IOL, Eyetube.mp4 posted 3/14/2023 https://eyetube.net/videos/combination-streamline-hydrus-phaco-and-eyhance-iol | SGHT0168177 | R, F, A, 403 |
| PTX0538 | 3/14/2023 | Eyetube website re Combination Streamline, Hydrus, Phaco, and Eyhance IOL - Eyetube.mp4 posted 3/14/2023 | | R, F, A, H, 403 |
| PTX0539 | 3/16/2023 | Sight Science, Inc. SEC Form 10-K for the fiscal year ended December 31, 2022 | SGHT0166113-SGHT0166266 | R, 403, Q |
| PTX0540 | 3/17/2023 | Sight Sciences Presentation titled Real-World-Data Effectiveness from IRIS Registry American Academy of Ophthalmology (AAO) Data (Jan 1 '18 - Dec 31 '20) | SGHT0154501-SGHT0154502 | R, H, 403, Q |
| PTX0541 | 3/20/2023 | Complaint from Alcon Inc. v. Gland Pharma Limited (D. Del.) | | R, F, H, 403, AF |
| PTX0542 | 3/21/2023 | Decision Denying Institution of Inter Partes Review 35 U.S.C. § 325(d), Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01529, Paper 16 (PTAB Mar. 21, 2023) (Patent No. 9,370,443) | SGHT0154633-SGHT0154654 | R, F, H, 403, LC, O, MIL |
| PTX0543 | 3/22/2023 | Decision Denying Institution of Inter Partes Review 35 U.S.C. § 325(d), Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01540, Paper 14 (PTAB Mar. 22, 2023) (Patent No. 9,486,361) | SGHT0154618-SGHT0154632 | R, F, A, H, 403, LC, O, MIL |
| PTX0544 | 3/24/2023 | Excel titled OMNI Transactional Data.xlsx | SGHT0152605 | R, F, H, 403 |
| PTX0545 | 3/27/2023 | Decision Denying Institution of Inter Partes Review 35 U.S.C. § 325(d), Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01533, Paper 14 (PTAB Mar. 27, 2023) (Patent No. 8,287,482) | SGHT0154566-SGHT0154586 | R, F, H, 403, LC, O, MIL |
| PTX0546 | 3/27/2023 | Decision Denying Institution of Inter Partes Review 35 U.S.C. § 325(d), Ivantis, Inc. v. Sight Sciences, Inc., IPR2022-01530, Paper 14 (PTAB Mar. 27, 2023) (Patent No. 10,314,742) | SGHT0154587-SGHT0154617 | R, F, H, 403, LC, O, MIL |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0547 | 3/28/2023 | Document titled C00132 REV A.SLDPRT | IVANTIS_SS_00420580 | R, F, 403 |
| PTX0548 | 3/30/2023 | Letter from U.S. FDA to Nova Eye Inc. (Nova Eye Medical) re K221872, iTrack Advance Canaloplasty Microcatheter with Advanced Delivery System | SGHT0168309-SGHT0168321 | R, F, H, 403 |
| PTX0549 | 3/31/2023 | Quarterly Update on Medical Device Performance Goals: MDUFA V CDRH Performance Data: Action Through 31 March 2023, available at https://www.fda.gov/media/168084/download?attachm ent | | R, F,  H, 403, U |
| PTX0550 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0551 | 4/10/2023 | Defendants' Supplemental Objections and Response to Plaintiff Sight Science In.'s First Set of Interrogatories (Nos. 1-6) | | R, 403, Q |
| PTX0552 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0553 | 5/00/2023 | Market Scope US Glaucoma Quarterly Update Q1 - 2023 | IVANTIS_SS_00446197-IVANTIS_SS_00446226 | Q |
| PTX0554 | | Exhibit withdrawn | | |
| PTX0555 | 5/6/2023 | Sight Sciences Announces 12-month Results from the First Minimally Invasive Glaucoma Surgery (MIGS) Comparative Analysis of Real-World Data (RWD) from the American Academy of Ophthalmology IRIS® Registry | | R, F, A, H, 403 |
| PTX0556 | 5/12/2023 | Letter from FDA to Kathleen Chester of Sight Sciences, Inc. Q222686 re Written Feedback for Helix Surgical System | SGHT0187890-SGHT0187902 | R, F, A, H, 403 |
| PTX0557 | 5/25/2023 | Kierstan Boyd, Glaucoma Eye Drops, Am. Acad. of Ophthalmology, (May 25, 2023) ("Boyd"), https://www.aao.org/eye-health/diseases/glaucoma-eyedrop-medicine | SGHT0170347-SGHT0170350 | R, F, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0558 | 5/26/2023 | Excel titled Surgical Physician Data MIGS Switch to OMNI.xlsx | SGHT0167451 | R, F, H, 403 |
| PTX0559 | 5/30/2023 | Defendants' Supplemental Objections and Responses to Plaintiff Sight Sciences, Inc.'s First Set of Interrogatories (Nos. 1-6) | | R, 403, Q |
| PTX0560 | 5/30/2023 | Email from Ryan James Melde to Cameron Vanderwall et al. re Sight Sciences v. Ivantis - J. Weems Deposition | | R, 403 |
| PTX0561 | 6/00/2023 | Paul Badawi's Handwritten Notes | | R, F, A, H, 403, U |
| PTX0562 | 6/00/2023 | Omni Regulatory Timeline | | R, F, A, H, 403, U |
| PTX0563 | 6/1/2023 | Plaintiff's Supplemental Responses and Objections to Defendants' Third Set of Interrogatories, June 1, 2023 | | R, F, A, H, 403 |
| PTX0564 | 6/9/2023 | Sight Sciences, Inc. Form 8-K, Date of Report: June 8, 2023 | | |
| PTX0565 | 6/9/2023 | Clinical Dossier Omni Surgical System Last Updated: June 2023 | SGHT0182627-SGHT0182713 | R, F, H, 403 |
| PTX0566 | 6/13/2023 | Excel titled Ivantis sales by customer Alcon (sep 2022 - may 2023).xlsx | IVANTIS_SS_00446195 | R, F, H, 404 |
| PTX0567 | 6/13/2023 | Excel titled Ivantis Sales and Gross Margin Through May 2023 (6_8_2023).xlsx | IVANTIS_SS_00446196 | R, F, H, 405 |
| PTX0568 | 6/13/2023 | Excel titled P&L Data FY18-23 | SGHT0167452 | R, F, H, 406 |
| PTX0569 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0570 | 6/16/2023 | Presentation titled Glaucoma: Hydrus Microstent, 2024 Global Marketing Guidance, Alcon | IVANTIS_SS_00446258-IVANTIS_SS_00446303 | R, F, H, 403, Q |
| PTX0571 | 6/20/2023 | Presentation titled WPS Proposed LCD (L39620) Micro-Invasive Glaucoma Surgeries (MIGS), Sight Sciences, Inc. Speaker: Paul Badawi | SGHT0167999-SGHT0168010 | R, F, H, 403 |
| PTX0572 | 6/23/2023 | Excel titled Hydrus DSR - 09.30.2022.xlsx | IVANTIS_SS_00420586 | R, F, H, 403 |
| PTX0573 | 6/24/2023 | Photo of cannula (priv & conf) | SGHT0168054 | R, F,403, BE |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0574 | 6/28/2023 | Excel titled OMNI Trending by Account.xlsx | SGHT0168055 | R, F, H, 403, Q, O |
| PTX0575 | 6/29/2023 | Defendants' Supplemental Objections and Responses to Plaintiff Sight Sciences, Inc.'s First Set of Interrogatories (Nos. 1-6) | | R, H, 403 |
| PTX0576 | 6/29/2023 | Defendants' Objections and Responses to Plaintiff Sight Sciences, Inc.'s First Set of Requests for Admissions (NOS. 1-39) | | R, H, 403 |
| PTX0577 | 6/29/2023 | Defendants' Supplemental Objections and Responses to Plaintiff Sight Sciences, Inc.'s Second Set of Interrogatories (Nos. 7-19) | | R, H, 403 |
| PTX0578 | | Exhibit not used | | - |
| PTX0579 | 6/29/2023 | Plaintiff Sight Sciences, Inc.'s Objections and Responses to Defendants' Fifth Set of Interrogatories (Nos. 22- 25) | | R, H, 403 |
| PTX0580 | 6/29/2023 | Plaintiff Sight Sciences, Inc.'s Fourth Supplemental Objections & Responses to Defendants' First Set of Interrogatories (Nos. 2, 5); Second Supplemental Objections & Responses to Defendants' Third Set of Interrogatories (Nos. 12-13, 16); and Supplemental Objections & Responses to Defendants Fourth Set of Interrogatories (Nos. 19-20) | | R,  H, 403 |
| PTX0581 | | Exhibit not used | | - |
| PTX0582 | 6/30/2023 | Deposition transcript of Andres Rivero | | R, F, A, H, 403, BE, ID |
| PTX0583 | 7/00/2023 | Steven A. McAuley biography from Seager, Tufte, Wickhem LLP | | R, H, 403, U |
| PTX0584 | 7/9/2023 | Document titled SC inner wall.SLDPRT | IZATT_0000009 | R, F, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0585 | 7/9/2023 | Video titled IM-00 16-1-2 Rev B OUS Hydrus Microstent Animation (Full), https://vimeo.com/510821860 ("Hydrus Animation") | SGHT0168182 | R, F, 403 |
| PTX0586 | 7/10/2023 | Excel titled 05.2023 Financial Reporting Package.xlsx | SGHT0168243 | R, F, H, 403 |
| PTX0587 | 7/10/2023 | Excel titled Active Employees As of Jan 1 2019.xlsx | SGHT0168303 | R, F, H, 404 |
| PTX0588 | 7/10/2023 | Excel titled Active Employees As of Jan 1 2020.xlsx | SGHT0168304 | R, F, H, 405 |
| PTX0589 | 7/10/2023 | Excel titled Active Employees As of Jan 1 2021.xlsx | SGHT0168305 | R, F, H, 406 |
| PTX0590 | 7/10/2023 | Excel titled Active Employees As of Jan 1 2022.xlsx | SGHT0168306 | R, F, H, 407 |
| PTX0591 | 7/10/2023 | Excel titled Active Employees As of Jan 1 2023.xlsx | SGHT0168307 | R, F, H, 408 |
| PTX0592 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0593 | 7/11/2023 | Excel titled New Hires and Terminations a583cbc81.xlsx | SGHT0168308 | R, F, H, 403 |
| PTX0594 | 7/12/2023 | Declaration of Mark Papini, July 12, 2023 | | R, F, H, 403, Q |
| PTX0595 | 7/13/2023 | Exhibit B Izatt Materials Considered Opening Expert Report | | R, H, 403 |
| PTX0596 | 7/13/2023 | Exhibit A Prior Art and Materials Considered to Opening Expert Report of Angelo P. Tanna M.D. | | R, H, 403, Q |
| PTX0597 | 7/13/2023 | Prior Art and Materials Considered, attached as Exhibit A to the Opening Expert Report of Angelo P. Tanna M.D. on the Invalidity | | R, F, H, 403 |
| PTX0598 | | Exhibit withdrawn | | |
| PTX0599 | 7/13/2023 | Resume of John C. Jarosz | | R, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0600 | 8/17/2023 | Memorandum and Order (Aug. 17, 2023) (D.I. 273) | | R, F, H, 403, LC |
| PTX0601 | 8/17/2023 | Exhibit A Rebuttal Expert Report Materials Considered by Joseph A. Izatt | | R, H, 403 |
| PTX0602 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0603 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0604 | 8/17/2023 | Paul K. Meyer Testimony Listing Since 2017 | | R,  H, 403 |
| PTX0605 | 8/17/2023 | Paul K. Meyer's Documents Considered | | R,  H, 403 |
| PTX0606 | 8/21/2023 | Letter from FDA to Kathleen Chester re C230087, Product Name: Helix Surgical System, Dated: June 22, 2023 | SGHT0179465-SGHT0179466 | R, F, H, 403 |
| PTX0607 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0608 | 9/7/2023 | Exhibit C Tanna Reply Expert Report Materials Considered | | R, F, H, 403 |
| PTX0609 | | Exhibit removed to Joint Trial Exhibit List | | |
| PTX0610 | 9/11/2023 | Sight Sciences Provides Revenue Guidance for the Third Quarter of 2023 and Updates Revenue Guidance for Full Year 2023 | | R, F, H, 403, Q |
| PTX0611 | 9/12/2023 | Alcon Patent List (printed on 9/12/2023) | | |
| PTX0612 | 9/12/2023 | Sight Sciences Inc. Market Summary for 9/12/2023 | | R, F, H, 403, Q |
| PTX0613 | 9/19/2023 | Claim Construction Order (D.I. 287) | | R, F, H, 403, LC, Q |
| PTX0614 | 9/26/2023 | Meyer Report Revisions | | R, F, H, 403, Q |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0615 | 12/8/2023 | Sight Sciences Announces the Acceptance for Publication of GEMINI 2, a Three Year, Prospective, Multicenter Trial Demonstrating Sustained, Significante IOP and Medication Reductions Enabled with the OMNI Surgical System Technology, https://investors.sightsciences.com/news-releases/news-release-details/sight-sciences-announces-acceptance-publication-gemini-2-three | | R, F, H, 403, U |
| PTX0616 | 12/12/2023 | Michael D Greenwood et al., 36-Month Outcomes from the Prospective GEMINI Study: Canaloplasty and Trabeculotomy Combined with Cataract Surgery for Patients with Primary Open-Angle Glaucoma, 17 Clinical Ophthalmology 3817 (2023), https://www.dovepress.com/36-month-outcomes-from-the-prospective-gemini-study-canaloplasty-and-t peer-reviewed-fulltext-article-OPTH | | R, F, H, 403, U |
| PTX0617 | 12/28/2023 | Sight Sciences Announces Withdrawal of Final LCDs on Micro-Invasive Glaucoma Surgery from Five Medicare Administrative Contractors, https://investors.sightsciences.com/news-releases/news-release-details/sight-sciences-announces-withdrawal-final-lcds-micro-invasive | | R, F, H, 403, U |
| PTX0618 | 5/4/2023 | Plaintiff Sight Sciences, Inc.'s Notice of Deposition of Ivantis, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) | | R, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0619 | 5/4/2023 | Plaintiff Sight Sciences, Inc.'s Notice of Deposition of Alcon Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) | | R,  H, 403 |
| PTX0620 | 5/4/2023 | Plaintiff Sight Sciences, Inc.'s Notice of Deposition of Alcon Vision, LLC Pursuant to Fed. R. Civ. P. 30(b)(6) | | R, H, 403 |
| PTX0621 | 5/4/2023 | Plaintiff Sight Sciences, Inc.'s Notice of Deposition of Alcon Research LLC Pursuant to Fed. R. Civ. P. 30(b)(6) | | R, H, 403 |
| PTX0622 | | Exhibit withdrawn | | |
| PTX0623 | | Hydrus Device Model by Site | IVANTIS_SS_00372218 | R, F, A, H, 403 |
| PTX0624 | 1/8/2024 | Premarket Approval (PMA) P170034, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMA/pma.cfm?id=P170034 | | R, H, 403, U |
| PTX0625 | 1/9/2024 | Michael Chodzko LinkedIn Profile, https://www.linkedin.com/in/michael-chodzko | | R, H, 403 |
| PTX0626 | 1/9/2024 | Alcon Patent List, https://www.alcon.com/content/alcon-patent-list | | R, F, A, H, 403 |
| PTX0627 | 1/9/2024 | A Novel Approach to Glaucoma Treatment, https://nova-eye.com/us/company/about/ | | R, F, A, H, 403, U |
| PTX0628 | 1/10/2024 | Titan Medical, https://www.titanmedicalshop.com/products/tmf926-tube-insertion-forceps-titanium | | R, F, A, H, 403, U |
| PTX0629 | 1/11/2024 | LCD - Micro-Invasive Glaucoma Surgery (MIGS) (L39620), https://www.cms.gov/medicare-coverage-database/view/lcd.aspx?lcdid=39620&ver=8 | | R, F, A, H, 403, U |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0630 | 1/11/2024 | Billing and Coding: Micro-Invasive Glaucoma Surgery (MIGS) (A59431), https://www.cms.gov/medicare-coverage-database/view/article.aspx?articleid=59431&ver=6 | | R, F, A, H, 403, U |
| PTX0631 | 04/02-04/05 | Screenshot of an iMessage between Mike Chodzko and Andres Rivero | | R, F, H, 403, BE |
| PTX0632 | 2/00/2024 | MarketScope Ophthalmic Market Trends: Q4-2023 US Glaucoma Edition | IVANTIS_SS_00471629-IVANTIS_SS_00471655 | |
| PTX0633 | 4/29/2021 | Supply Agreement between Sight Sciences, Inc. and Peter's Technology (Suzhou) Co., Ltd. | SGHT0154435-SGHT0154455 | R, F, H, 403, Q |
| PTX0634 | 1/28/2022 | Amendment #1 to Supply Agreement between Sight Sciences, Inc. and Peter's Technology (Suzhou) Co., Ltd. | SGHT0154456-SGHT0154463 | R, F, H, 403, Q |
| PTX0635 | 7/26/2022 | Amendment #2 to Supply Agreement between Sight Sciences, Inc. and Peter's Technology (Suzhou) Co., Ltd. | SGHT0154405-SGHT0154407 | R, F, H, 403 |
| PTX0636 | 5/20/2021 | Supply Agreement between Sight Sciences, Inc. and Biomerics LLC | SGHT0154408-SGHT0154431 | R, F, H, 403 |
| PTX0637 | 11/10/2021 | Presentation titled OMNI Production Meeting, Nov 10th, 2021, OMNI | SGHT0167442-SGHT0167449 | R, F, H, 403, Q |
| PTX0638 | 3/18/2019 | Presentation titled Board of Directors Meeting, March 18, 2019, Sight Sciences | SGHT0024511-SGHT0024587 | R, F, H, 403 |
| PTX0639 | 5/26/2023 | 2018 SSI Surgical Forecast Rev 25-April-19 With PO's.xlsx | SGHT0167435 | R, F, H, 403 |
| PTX0640 | 1/1/2023 | Amendment #1 to Supply Agreement between Sight Sciences, Inc. and Biomerics LLC | SGHT0154432-SGHT0154433 | R, F, H, 403 |
| PTX0641 | 1/14/2020 | Supply Agreement between Sight Sciences, Inc. and Peter's Technology (Suzhou) Co., Ltd. | SGHT0167400-SGHT0167420 | R, F, H, 403, Q |
| PTX0642 | 12/7/2011 | Helix Preliminary Concept Drawing, Helix Implant 300, Micron Dwg. No. 0107, Rev E04 | SGHT0167431-SGHT0167434 | R, F, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al.,*
C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0643 | 11/4/2011 | Email from Stephen Pons to Paul Badawi re Memry Contact | SGHT0167683 | R, F, H, 403 |
| PTX0644 | 11/8/2011 | Memry Non-Disclosure Agreement between Memry Corporation and Sight Sciences, Inc. | SGHT0167914-SGHT0167917 | R, F, H, 403 |
| PTX0645 | 10/19/2011 | Drawing Wave Wall Implant, Dwg. No. 0101, Rev E01 | SGHT0167739 | R, F, H, 403 |
| PTX0646 | 11/17/2011 | Drawing Wave Wall Implant, Dwg. No. 0101, Rev E02 | SGHT0167750 | R, F, H, 403 |
| PTX0647 | 12/28/2023 | Article - Response to Comments: Micro-Invasive Glaucoma Surgery (A59544), https://www.cms.gov/medicare-coverage-database/view/article.aspx?articleid=59544&ver=4&&sortBy=type&bc=2 | | R, F, H, 403 |
| PTX0648 | 2/28/2018 | Presentation titled Board of Directors Meeting, February 28, 2018, Sight Sciences | SGHT0094332-SGHT0094399 | R, F, H, 403, Q |
| PTX0649 | 6/14/2018 | Presentation titled Board of Directors Meeting, June 14, 2018, Sight Sciences | SGHT0094403-SGHT0094467 | R, F, H, 403, Q |
| PTX0650 | 8/28/2018 | Presentation titled Board of Directors Meeting, August 28, 2018, Sight Sciences | SGHT0023194-SGHT0023263 | R, F, H, 403 |
| PTX0651 | 12/4/2018 | Presentation titled Board of Directors Meeting, December 4, 2018, Sight Sciences | SGHT0023437-SGHT0023517 | R, F, H, 403, Q |
| PTX0652 | 7/7/2020 | Memo from John Ordway to Second Source Medical Supplier File, cc Ross Tsugita re Manufacturing Supply Agreement | SGHT0153031 | R, F, H, 403, Q |
| PTX0653 | 8/11/2020 | Presentation titled Board of Directors Meeting, August 11, 2020, Sight Sciences | SGHT0023286-SGHT0023345 | R, F, H, 403, Q |
| PTX0654 | 10/16/2020 | Presentation titled Board of Directors Meeting, October 16, 2020, Sight Sciences | SGHT0031518-SGHT0031531 | R, F, H, 403 |
| PTX0655 | 2/23/2021 | Presentation titled Board of Directors Meeting, February 23, 2021, Sight Sciences | SGHT0023828-SGHT0023867 | R, F, H, 403 |
| PTX0656 | 4/2021 | Presentation titled Analyst Day, April 2021, Sight Sciences | SGHT0064910-SGHT0065031 | R, F, H, 403, Q |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0657 | 10/13/2021 | Presentation titled Board of Directors Meeting, October 13, 2021, Sight Sciences | SGHT0024710-SGHT0024759 | R, F, H, 403 |
| PTX0658 | 1/19/2022 | Presentation titled Board of Directors Meeting, January 19, 2022, Sight Sciences | SGHT0024203-SGHT0024264 | R, F, H, 403 |
| PTX0659 | 4/13/2022 | Presentation titled Board of Directors Meeting, April 13, 2022, Sight Sciences | SGHT0022950-SGHT0023012 | R, F, H, 403 |
| PTX0660 | 9/7/2022 | Presentation titled Board of Directors Meeting, September 7, 2022, Sight Sciences | SGHT0055447-SGHT0055529 | R, F, H, 403 |
| PTX0661 | 11/28/2022 | Presentation titled Board of Directors Meeting, November 28, 2022, Sight Sciences | SGHT0152912-SGHT0153001 | R, F, H, 403, Q |
| PTX0662 | 3/15/2024 | Excel titled Omni data Q2'23-Feb'24.xlsx | SGHT0187911 | |
| PTX0663 | 3/15/2024 | Excel titled Omni Units by Facility Q3 23 through Feb 24.xlsx | SGHT0188214 | |
| PTX0664 | 2/00/2024 | Market Scope Ophthalmic Market Trends: Q4 2023 US Glaucoma Edition | SGHT0188215-SGHT0188241 | |
| PTX0665 | 12/15/2023 | Sight Sciences, Inc. Form 10-K | SGHT0188242-SGHT0188373 | |
| PTX0666 | 8/7/2023 | Sight Sciences, Inc. Form 10-Q | SGHT0188374-SGHT0188415 | |
| PTX0667 | 11/7/2023 | Sight Sciences, Inc. Form 10-Q | SGHT0188416-SGHT0188493 | |
| PTX0668 | 7/00/2023 | Market Scope 2023 Glaucoma Surgical Device Market Report | SGHT0187912-SGHT0188213 | |
| PTX0669 | 3/20/2024 | Excel titled P&L 2022-2023 | SGHT0188494 | |
| PTX0670 | 3/20/2024 | Excel titled P&L Q2'23 to Q4'23 and Jan-Feb'24 | SGHT0188495 | |
| PTX0671 | 3/20/2024 | Excel titled P&L Q2'23 to Q4'23 | SGHT0188496 | |
| PTX0672 | | Exhibit not used | | |
| PTX0673 | | Placeholder for Updated Supplemental Damages Expert Report | | 403, H, R, DAU |
| PTX0674 | 11/8/2021 | Email from Brant Heise to Dave Van Meter re Terms | IVANTIS_SS_00169156-IVANTIS_SS_00169157 | DAU, H, R, M, MIL, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*
C.A. No.: 21-1317-JLH-SRF

Plaintiff Sight Sciences, Inc.'s Trial Exhibit List

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0675 | | OMNI ERGO (Physical Exhibit) | | DEM, U, 403 |
| PTX0676 | | Kit, Helix Surgical system (Physical Exhibit) | | DEM, F, R, U, 403 |
| PTX0677 | 7/13/2023 | Excel titled OMNI Units by Facility through Q2 23.xlsx | SGHT0170169 | F, H, R, 403 |
| PTX0678 | 8/12/2021 | Email from Chris Phelps to Jeremy Hayden, John Liu, cc Shawn O'Neil, Jeff Francis re Fw: Cannula with hydrus, with attachment (IMG_3947.heic) | SGHT0165193-SGHT0165194 | H, R, 403, F, M |
| PTX0679 | 7/23/2021 | Email from Shawn O'Neil to Chris Phelps, Jeff Francis re Ivantis Messaging.....Please Read and Advise | SGHT0045184-SGHT0045185 | H, R, 403, F, LC, M |
| PTX0680 | 5/11/2021 | Presentation titled Hydrus, A Clinical Discussion, Hawaiian Eye Conference 2021 | IVANTIS_SS_00008079-IVANTIS_SS_00008127 | H, R, 403 |
| PTX0681 | 3/8/2024 | Excel titled Hydrus Sales by Month by country (USD) | IVANTIS_SS_00471539 | |
| PTX0682 | 3/8/2024 | Excel titled Sales by Customer Hydrus Microstent 2023 - Feb 2024 (w_Units) | IVANTIS_SS_00471540 | |
| PTX0683 | 8/00/2023 | Market Scope US Glaucoma Quarterly Update Q2 - 2023 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00471541-IVANTIS_SS_00471569 | |
| PTX0684 | 3/8/2024 | Excel titled Ivantis Consolidated 2022 and 2023 with Gross margin details | IVANTIS_SS_00471570 | |
| PTX0685 | 5/00/2023 | Market Scope US Glaucoma Quarterly Update Q1 - 2023 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00471571-IVANTIS_SS_00471600 | |
| PTX0686 | 11/00/2023 | Market Scope US Glaucoma Quarterly Update Q3 - 2023 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00471601-IVANTIS_SS_00471628 | |
| PTX0687 | 7/14/2021 | Sight Sciences Prospectus | SGHT0137854-SGHT0138149 | 403, F, H |
| PTX0688 | 6/14/2018 | Presentation titled Board of Directors Meeting June 14, 2018, Sight Sciences | SGHT0116550-SGHT0116614 | 403, F, H |
| PTX0689 | 12/23/2003 | U.S. Patent No. 6,666,841, Gharib et al. | IVANTIS_SS_00025951-IVANTIS_SS_00025970 | |

*Sight Sciences, Inc. v. Ivantis, Inc ., et al. ,*

C.A. No.: 21-1317-JLH-SRF

**Plaintiff Sight Sciences, Inc.'s Trial Exhibit List**

| Exhibit No. | Date | Description | Bates No. | Defendants' Objections |
|---|---|---|---|---|
| PTX0690 | 8/31/2006 | U.S. Patent Application Publication No. 2006/0195055, Bergheim et al. | | |
| PTX0691 | 1/15/2020 | Supplemental Expert Report of Andrew Iwach, M.D. in Glaukos Corp. v. Ivantis, Inc., Civ. A. No. 8:18-cv-00620 (C.D. Cal.) | IVANTIS_SS_00173321-IVANTIS_SS_00173339 | R, 403, F, H |
| PTX0692 | 2/12/2020 | Deposition of Andrew G. Iwach, dated February 12, 2020 from Glaukos Corp. v. Ivantis, Inc. | IVANTIS_SS_00454388-IVANTIS_SS_00454695 | R, 403, F, H |
| PTX0693 | 6/25/201 | Letter to D. Fernquist from FDA re Glaukos iStent Trabecular Micro-Bypass Stent | SGHT0170452 - SGHT0170457 | R, 403, F, H |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-GBW-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH | ) | |
| LLC, ALCON VISION, LLC, and ALCON | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, AND ALCON INC.'S OBJECTIONS TO PLAINTIFF SIGHT SCIENCES, INC.'S EXHIBIT LIST**

Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Ivantis and Alcon") hereby provide their objections to Plaintiff Sight Sciences, Inc. ("Sight" or "Plaintiff")'s trial exhibit list. These objections are for notice purposes only. Ivantis and Alcon do not know the precise nature or scope of the testimony and evidence that Sight may seek to present at trial. As such, Ivantis and Alcon reserve the right to amend and/or supplement these objections prior to or during trial and/or after the Court rules on any motions *in limine* or other motion, or as otherwise permitted by applicable rules. Ivantis and Alcon also reserve the right to remove objections from this list. Ivantis and Alcon make the following objections subject to any stipulations reached between the parties. Ivantis and Alcon's inclusion, or failure to include, any objection should not be deemed as a waiver of any objection, including any objection that Ivantis and Alcon may assert at trial. Nothing herein should be construed as an admission that any exhibit on Sight's list is admissible.  Ivantis and Alcon reserves the right to use any exhibit designated by Sight, and Ivantis and Alcon's objections to any of Sight's exhibits are made without waiver of Ivantis and Alcon's ability to introduce any such exhibits. For example, certain exhibits, while admissible if proffered by Ivantis, would not be admissible if offered by Sight.  Ivantis objects to Sight's exhibit list to the extent it contains duplicative, incomplete, and/or mislabeled documents.

Subject to and without waiver of the above objections and reservations, Ivantis and Alcon's Exhibit Objections Key and Ivantis's objections to Sight's exhibit list are attached.

|  | /s/ John W. Shaw |
|---|---|

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Defendants*

OF COUNSEL:
Gregg LoCascio
Sean McEldowney
Steven Dirks
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000


Jeanne M. Heffernan
Kat Li
Ryan J. Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX  78701
(512) 678-9100


Ryan Kane
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800


Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000


Noah Frank
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500


Dated: March 4, 2024

# Defendants' Exhibit Objections Key

| ABBREV. | OBJECTION |
|---------|-----------|
| 106 | Completeness (Fed. R. Evid. 106) |
| 298 | The document is inadmissible under 35 U.S.C. § 298 |
| 403 | Fed. R. Evid. 403 (Prejudice, confusion, waste of time, misleading the jury, undue delay, cumulative evidence) |
| 408 | Fed. R. Evid. 408 (Settlement offers) |
| 703 | Relied upon by expert, but otherwise inadmissible (Fed. R. Evid. 703) |
| A | Lacks authentication (Fed. R. Evid. 901) |
| AF | Assumes facts not in evidence |
| BATES | Incorrect or Missing Bates Range |
| BE | Best Evidence Rule (Fed. R. Evid. 1002) |
| C/D | Cumulative or Duplicative |
| DAU | Subject to ruling on *Daubert* motions |
| DEM | Demonstrative / Should Not Be Admitted Into Evidence |
| F | Lacks Foundation (Fed. R. Evid. 602) |
| H | Hearsay (Fed. R. Evid. 802) |
| I | Incomplete (Fed. R. Evid. 106) |
| ID | Improper Designation (Fed. R. Civ. P. 32) |
| L | Limited Admissibility (Fed. R. Evid. 105) |
| LC | Calls for legal conclusion |
| M | Misleading/Mischaracterizing |
| MD | More than one document or improper collection of documents |
| MIL | Subject to a motion *in limine* |
| NT | Text in foreign language not translated into English / Improper translation |

| ABBREV. | OBJECTION |
|---|---|
| O | Improper opinion (Fed. R. Evid. 701/702) |
| P | Privilege |
| Q | Poor Quality, Illegible, or Unclear |
| R | Relevance (Fed. R. Evid. 401 & 402) |
| S | Summaries (Fed. R. Evid. 1006) |
| SJ | Subject to ruling on Summary Judgment Motions |
| U | Untimely (*e.g.*, not produced during discovery) |
| X | Exhibit Not Provided / Not Sufficiently or Improperly Described / Wrong Document |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 8: DEFENDANTS' TRIAL EXHIBIT LIST (DTX)**
**(INCLUDING PLAINTIFF'S OBJECTIONS)**

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0001 | Moved to Joint Exhibit List | | | |
| DTX0002 | Moved to Joint Exhibit List | | | |
| DTX0003 | Moved to Joint Exhibit List | | | |
| DTX0004 | Moved to Joint Exhibit List | | | |
| DTX0005 | Moved to Joint Exhibit List | | | |
| DTX0006 | Moved to Joint Exhibit List | | | |
| DTX0007 | Moved to Joint Exhibit List | | | |
| DTX0008 | Moved to Joint Exhibit List | | | |
| DTX0009 | Moved to Joint Exhibit List | | | |
| DTX0010 | Moved to Joint Exhibit List | | | |
| DTX0011 | P&L Flux Spreadsheet | SGHT0153030 | | |
| DTX0012 | 10,000,000 Shares<br>Sight Sciences<br>Common Stock | SGHT0159874 - SGHT0160169 | 7/14/2021 | |
| DTX0013 | 2007 Slide | | | H, 106 |
| DTX0014 | 2021 Postmarket Surveillance Management Review Record | IVANTIS_SS_00251316 - IVANTIS_SS_00251323 | 12/8/2021 | |
| DTX0015 | 2023 05 24 Defendants' Responses to Sight Sciences' Notice Of Deposition of Alcon Research LLC Pursuant to Fed. R. Civ. P. 30(b)(6) | | | H, R |
| DTX0016 | 2023 05 24 Defendant's Responses to Sight Sciences' Notice Of Deposition of Ivantis Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) | | | H, R |
| DTX0017 | 2023 Surgical Glaucoma Landscape Review Slide Deck | IVANTIS_SS_00208086 - IVANTIS_SS_00208101 | 5/00/2022 | Q |
| DTX0018 | 3 FDA Approvals for Glaucoma Devices in Last 5 Years Slide | | | H, 106 |
| DTX0019 | INTENTIONALLY LEFT BLANK | | | |
| DTX0020 | Yuan et al. - Mathematical Modeling of Outflow Facility Increase With Trabecular Meshwork Bypass and Schlemm Canal Dilation | SGHT0006477 - SGHT0006486 IVANTIS_SS_00061476 - IVANTIS_SS_00061485 | 4/00/2016 | H, 703 |
| DTX0021 | A Great Start to Hydrus Microstent<br>An overview of the main surgincal steps with Hydrus Microstent | IVANTIS_SS_00048025 - IVANTIS_SS_00048026 | | |
| DTX0022 | A Schlemm Canal Microstent for Intraocular Presure Reduction in Primary Open-Angle Glaucoma and Cataract | IVANTIS_SS_00259670 | 5/12/2018 | H, 703 |
| DTX0023 | A. Rivero's Text Messages re Hydrus Pricing | ARIVERO_SS_VOL00000004 | 6/29/2023 | H |
| DTX0024 | A. Rivero's Text Messages re Hydrus Pricing | ARIVERO_SS_VOL00000003 | 6/29/2023 | H |
| DTX0025 | A. Rivero's Text Messages re Hydrus Pricing | ARIVERO_SS_VOL00000002 | 6/29/2023 | H |
| DTX0026 | A. Rivero's Text Messages re Hydrus Pricing | ARIVERO_SS_VOL00000005 | 6/29/2023 | H |
| DTX0027 | Equation for Torus Area | | | H, 703 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0028 | Bahler et al. - Trabecular Bypass Stents Decrease Intraocular Pressure in Cultured Human Anterior Segments | IVANTIS_SS_00001421 - IVANTIS_SS_00001429 IVANTIS_SS_00387420 - IVANTIS_SS_00387428 IVANTIS_SS_00159866 - IVANTIS_SS_00159874 SGHT0130786 - SGHT0130794 | 12/00/2004 | NS |
| DTX0029 | Ahmad, Aref - Combination Streamline, Hydrus, Phaco, and Eyhance IOL - Eyetube.com | | 3/14/2023 | H, F, 106 |
| DTX0030 | Ahmed et al. - A prospective randomized trial comparing Hydrus and iStent microinvasive glaucoma surgery implants for standalone treatment of open-angle glaucoma | | 00/00/2020 | H, U |
| DTX0031 | Levene et al. - Fluorophotometry and the Rate of Aqueous Flow in Man: II. Primary Open Angle Glaucoma | | 3/00/1976 | NS |
| DTX0032 | Ahmed et al. - Three-year findings of the HORIZON trial: a Schlemm canal microstent for pressure reduction in primary open angle glaucoma and cataract | | 00/00/2021 | H, 703 |
| DTX0033 | AICPA & CIMA Forensic & Valuation Services Practice Aid, Attaining Reasonable Certainty in Economic Damages Calculations | | 00/00/2020 | H, 703 |
| DTX0034 | AICPA & CIMA Forensic & Valuation Services Practice Aid, Calculating Lost Profits | | | H, 703 |
| DTX0035 | Ainsworth & Lee - Effects of Age and Rapid High-Pressure Fixation on the Morphology of Schlemm's Canal | IVANTIS_SS_00387569 - IVANTIS_SS_00387574 | 4/00/1990 | NS |
| DTX0036 | Al Mugheiry et al. - Microinvasive glaucoma stent (MIGS) surgery with concomitant phacoemulsification Cataract Extraction: Outcomes and the Learning Curve | | 00/00/2017 | H, 703 |
| DTX0037 | Alcon - Sight Sciences' Helix Eye Stent for Glaucoma | IVANTIS_SS_00458830 - | 3/30/2011 | |
| DTX0038 | Alcon - Sight Sciences' VISCO360 BD&L Slide Deck | IVANTIS_SS_00459027 - IVANTIS_SS_00459034 | 2/5/2019 | |
| DTX0039 | Alcon + Ivantis: A Perfect Match Slide Deck | IVANTIS_SS_00206771 - IVANTIS_SS_00206815 | 1/8/2022 | |
| DTX0040 | Alcon 2022 Annual Report | IVANTIS_SS_00470213 - IVANTIS_SS_00470476 | | H, 703 |
| DTX0041 | Alcon 2022 Brilliant Momentum an Unstoppable Force | IVANTIS_SS_00170613 - IVANTIS_SS_00170643 | 1/27/2023 | |
| DTX0042 | Alcon 2022 Brilliant Momentum an Unstoppable Force | IVANTIS_SS_00209067 - IVANTIS_SS_00209100 | 11/8/2022 | |
| DTX0043 | Alcon Brilliant Momentum An Unstoppable Force - 2022 Surgical Glaucoma Marketing Slide Deck | IVANTIS_SS_00170766 - IVANTIS_SS_00170781 | 1/27/2023 | |
| DTX0044 | Alcon ELT Competitive Update Slide Deck | IVANTIS_SS_00207107 - IVANTIS_SS_00207131 | 1/27/2022 | Q |
| DTX0045 | Alcon Form 20-F - FY 2022 | | 2/27/2023 | H, R, U |
| DTX0046 | Alcon Global Surgical Franchise QBR Q4 2022 | IVANTIS_SS_00458125 - IVANTIS_SS_00458129 | 00/00/2022 | 106 |

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0047 | Alcon Global Surgical Franchise QBR Q4 2022 | IVANTIS_SS_00458141 - IVANTIS_SS_00458147 | 00/00/2022 | 106 |
| DTX0048 | Alcon Hydrus Microstent Sales Execution Critical Success Factors | IVANTIS_SS_00458179 - IVANTIS_SS_00458188 | | |
| DTX0049 | Alcon Ivantis Post-Day 1 Slide Deck | IVANTIS_SS_00206693 - IVANTIS_SS_00206702 | 1/5/2022 | R |
| DTX0050 | Alcon Key Deal Execution - Ivantis | IVANTIS_SS_00209169 | 12/14/2022 | |
| DTX0051 | Alcon Patent List | IVANTIS_SS_00471306 - IVANTIS_SS_00471350 | | R, MIL, 403 |
| DTX0052 | Alcon Project Ithaca Acquisition: Diligence Kickoff Slide Deck | IVANTIS_SS_00321530 - IVANTIS_SS_00321565 | 11/30/2021 | |
| DTX0053 | Alcon Project Ithaca Review Slide Deck | IVANTIS_SS_00302287 - IVANTIS_SS_00302315 | 4/3/2018 | |
| DTX0054 | Alcon Project Ithaca Slide Deck | IVANTIS_SS_00445906 - IVANTIS_SS_00445915 | 2/25/2022 | |
| DTX0055 | Alcon Project Ithaca Update Slide Deck | IVANTIS_SS_00458189 - IVANTIS_SS_00458206 | 10/00/2021 | |
| DTX0056 | Alcon Project Ithaca: Steering Committee Charter Slide Deck | IVANTIS_SS_00206372 - IVANTIS_SS_00206379 | 7/19/2021 | P |
| DTX0057 | Alcon Q&A Confidential - Not for External Distribution | IVANTIS_SS_00206313 - IVANTIS_SS_00206314 | 11/5/2021 | |
| DTX0058 | INTENTIONALLY LEFT BLANK | | | |
| DTX0059 | Alcon Q1 Hydrus QBR Slide Deck | IVANTIS_SS_00458169 - IVANTIS_SS_00458178 | 4/11/2022 | |
| DTX0060 | Alcon Sight Sciences Helix Glaucoma Stent Slide Deck | IVANTIS_SS_00458848 - IVANTIS_SS_00458856 | 5/31/2012 | 106 |
| DTX0061 | Alcon Surgical Glaucoma Slide Deck | IVANTIS_SS_00458130 - IVANTIS_SS_00458140 | | |
| DTX0062 | Alcon Surgical Glaucoma Slide Deck | IVANTIS_SS_00458148 - IVANTIS_SS_00458168 | 9/21/2022 | |
| DTX0063 | Alcon to Acquire Ivantis Media Release | | 11/8/2021 | |
| DTX0064 | Alcon US Surgical Glaucoma 2Q22 Brand Health Tracker Slide Deck | IVANTIS_SS_00208009 - IVANTIS_SS_00208037 | 7/6/2022 | Q |
| DTX0065 | Alcon US Surgical Glaucoma 2Q22 Brand Health Tracker Slide Deck | IVANTIS_SS_00231774 - IVANTIS_SS_00231802 | 6/00/2022 | Q |
| DTX0066 | Amendment No. 1 to Option Agreement and Plan of Merger | IVANTIS_SS_00420568 - IVANTIS_SS_00420577 | 12/16/2019 | |
| DTX0067 | Amendment No. 1 to Option Agreement and Plan of Merger with Ithaca Merger Sub, Inc. | IVANTIS_SS_00445944 - IVANTIS_SS_00445953 | 12/16/2019 | C/D |
| DTX0068 | Amendment No. 2 to Option Agreement and Plan of Merger | IVANTIS_SS_00420563 - IVANTIS_SS_00420567 | 12/17/2021 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0069 | American Academy of Ophthalmology: Long-term Outcomes from the HORIZON Randomized Trial for a Schlemm's Canal Microstent in Combination Cataract and Glaucoma Surgery | IVANTIS_SS_00060179 - IVANTIS_SS_00060188 | | H, 703 |
| DTX0070 | U.S. Patent No. 6,638,239 (Bergheim or Gharib '239) | IVANTIS_SS_00025971 - IVANTIS_SS_00025986 IVANTIS_SS_00017587 - IVANTIS_SS_00017602 | 10/28/2003 | |
| DTX0071 | Ang - 12 Month follow up of combined cataracts surgery with Schlemm's canal scaffolding for the treatment of primary angle closure glaucoma | | 00/00/2022 | H, 703 |
| DTX0072 | Option Agreement and Plan of Merger by among Alcon and Ivantis | IVANTIS_SS_00169590 - IVANTIS_SS_00169956 | 11/9/2018 | |
| DTX0073 | Aranca 7 - Schedule B – Schedule of Exceptions | SGHT0130617 - SGHT0130618 | 11/1/2011 | 106 |
| DTX0074 | U.S. Patent No. 9,095,412 | | 8/4/2015 | R |
| DTX0075 | Assembly, Delivery System | | 5/17/2013 | |
| DTX0076 | Attachment 1.1 IDE Design S00007 Rev H Assembly, 8MM Final Product | IVANTIS_SS_00089534 - IVANTIS_SS_00089653 | | |
| DTX0077 | Australia Hydrus Sales Forecast - 2018 - 2019 | IVANTIS_SS_00338902 | | |
| DTX0078 | U.S. Patent Publication No. 2003/0060752 (Bergheim or Gharib '752) | IVANTIS_SS_00001981 - IVANTIS_SS_00002001 | 3/27/2003 | |
| DTX0079 | Glaukos-Ivantis Settlement Agreement | GK00000001 - GK00000027 | | |
| DTX0080 | Hydrus® Microstent Surgeon Training Procedure | IVANTIS_SS_00001130 - IVANTIS_SS_00001140 | 6/21/2021 | |
| DTX0081 | Board Meeting | IVANTIS_SS_00286986 - IVANTIS_SS_00287014 | 6/18/2020 | |
| DTX0082 | BoD metrics/scorecard - Deal "Strike Zone" Surgical Glaucoma Overview, CyPass, Project Ithaca | IVANTIS_SS_00302553 - IVANTIS_SS_00302575 | | |
| DTX0083 | BofA Global Research Sight Sciences Initiating Coverage @ Buy | SGHT0044296 - SGHT0044359 SGHT0137684 - SGHT0137747 SGHT0138275 - SGHT0138338 SGHT0138874 - SGHT0138937 | 8/9/2021 | H, F |
| DTX0084 | iStent Directions for Use/Package Insert | SGHT0053791 - SGHT0053792 | | H, R, SJ |
| DTX0085 | Boyd - What is Glaucoma? Symptoms, Causes, Diagnosis, Treatment | | 12/4/2023 | H, F, U |
| DTX0086 | Broadway et al. - Survival analysis for success of Molteno tube implants | IVANTIS_SS_00387412 - IVANTIS_SS_00387419 | 00/00/2001 | H, NS |
| DTX0087 | Samuelson et al. - Randomized Evaluation of the Trabecular Micro-Bypass Stent with Phacoemulsification in Patients with Glaucoma and Cataract (Samuelson2) | IVANTIS_SS_00001951 - IVANTIS_SS_00001959 | 3/00/2011 | H, 703 |
| DTX0088 | Brubaker - Introduction: Three Targets fir Glaucoma Management | IVANTIS_SS_00387519 - IVANTIS_SS_00387520 | 00/00/2003 | H, NS |
| DTX0089 | BTIG Alcon Shakes Up the Surgical Glaucoma Market | | 11/8/2021 | H, R, 403, F |
| DTX0090 | BTIG Bankers Webpage | | | H, R, U |
| DTX0091 | BTIG Medical Technology Equity Research, Alcon, Inc. | IVANTIS_SS_00456036 - IVANTIS_SS_00456044 | 11/8/2021 | H, R, 403, F, C/D |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0092 | Buller & Johnson - Segmental Variability of the Trabecular Meshwork in Normal and Glaucomatous Eyes | IVANTIS_SS_00387483 - IVANTIS_SS_00387493 | 5/31/1994 | H, NS |
| DTX0093 | Butany, et al, Coronary Artery Stents: Identification and Evaluation, J. Clin. Pathol., 58:795-804 (2005), DOI: 10.1136/jcp.20 04.024174 | IVANTIS_SS_00001327 - IVANTIS_SS_00001337 | 09/00/2005 | H, R, NS |
| DTX0094 | U.S. Patent No. 6,375,642 (Grieshaber) | IVANTIS_SS_00026515 - IVANTIS_SS_00026528 | 4/23/2002 | NS |
| DTX0095 | C00132 REV A.SLDPRT | IVANTIS_SS_00420580 | | SW |
| DTX0096 | C00151 | IVANTIS_SS_00323865 | | SW |
| DTX0097 | Cameron et al. - Circumferential viscodilation of Schlemm's canal with a flexible microcannula during non-penetrating glaucoma surgery | IVANTIS_SS_00387441 - IVANTIS_SS_00387449 | 00/00/2006 | H, NS |
| DTX0098 | Camras et al. - A Novel Schlemm's Canal Scaffold Increases Outflow Facility in a Human Anterior Segment Perfusion Model | | 9/00/2012 | H, 703 |
| DTX0099 | Moved to Joint Exhibit List | | | |
| DTX0100 | Ivantis Implant 8mm Side Interlock C00151 Rev J | IVANTIS_SS_00000772 - IVANTIS_SS_00000776 | 3/27/2019 | |
| DTX0101 | INTENTIONALLY LEFT BLANK | | | |
| DTX0102 | Cataract Surgery in the Glaucoma Patient Slide Deck | SHEYBANI_SS_VOL00000006 | 6/16/2023 | Password Required (inaccessible) |
| DTX0103 | Charles D. Kelman Innovator's Lecture Video | | 00/00/2017 | H, R, U |
| DTX0104 | Chee, et al, Comparision of Efficacy of Combined Phacoemulsification and iStent Inject versus Combined Phacoemulsificatoin and Hydrus Microstent | SGHT0179706 - SGHT0179714 | 4/14/2023 | H, R |
| DTX0105 | Cigna Medical Coverage Policy: Glaucoma Surgical Procedures | SGHT0139670 - SGHT0139707 | 5/15/2022 | H, R, 403 |
| DTX0106 | Circumferential Flow in Schlemm's Canal, R. Moses | IVANTIS_SS_00026700 - IVANTIS_SS_00026706 | 9/00/1979 | H, NS |
| DTX0107 | Stefansson - An Operation for Glaucoma | IVANTIS_SS_00002395 - IVANTIS_SS_00002409 | 9/00/1925 | H, NS |
| DTX0108 | Spiegel, et al, Co-Existent Open-Angle Glaucoma and Cataract: Treatment by Cataract Surgery and the iStent Trabecular Bypass Micro Stent | IVANTIS_SS_00471290 - IVANTIS_SS_00471291 | 5/00/2005 | H, NS |
| DTX0109 | U.S. Patent No. 2002/0013546 (Grieshaber) | IVANTIS_SS_00026499 - IVANTIS_SS_00026508 | 1/31/2002 | H, NS |
| DTX0110 | Colombo, et al, Selection of Coronary Stents, J. Am. Coll. Cardiol., 40(6):1021-1033 (2002) | IVANTIS_SS_00001430 - IVANTIS_SS_00001442 | 09/00/2002 | H, R, NS |
| DTX0111 | Competitive Strategy Slide Deck | SGHT0121410 - SGHT0121422 | 4/11/2022 | F, H |
| DTX0112 | Confidentiality Agreement between Sight Sciences and Alcon Research, Ltd. | IVANTIS_SS_00458681 - IVANTIS_SS_00458682 | 5/25/2010 | |
| DTX0113 | Correspondence from D. Badawi to Flrent re alternative | SGHT0160481 | 5/12/2010 | |
| DTX0114 | Costa-Vila & Ruano-Gil - Scanning Electron Microscope Study of the Communications between the Anterior Chamber and the Sinus venosus Sclerae in Primates | IVANTIS_SS_00387531 - IVANTIS_SS_00387534 | 00/00/1988 | H, NS |
| DTX0115 | 5 Questions with Reay H. Brown, MD | IVANTIS_SS_00471212 - IVANTIS_SS_00471217 | 7/8/2008 | H, R, NS |
| DTX0116 | Moved to Joint Exhibit List | | | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0117 | Custom Survey of US Ophthalmologists on MIGS Devices | IVANTIS_SS_00286312 - IVANTIS_SS_00286323 IVANTIS_SS_00470487 - IVANTIS_SS_00470498 IVANTIS_SS_00228926 - IVANTIS_SS_00228937 IVANTIS_SS_00228953 - IVANTIS_SS_00228964 | | H, F, 403, O |
| DTX0118 | D1 MIGS Market Analysis Spreadsheet | SGHT0046727 | | |
| DTX0119 | David Cox Slide 1 | SGHT0033715 | 10/14/2022 | |
| DTX0120 | David Cox Slide 2 | SGHT0033716 | 10/14/2022 | |
| DTX0121 | Moved to Joint Exhibit List | | | |
| DTX0122 | Defendants' First Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 10/17/2022 | H |
| DTX0123 | Defendants' First Supplemental Response to Plaintiff's Second Set of Interrogatories (Nos. 7-19) | | 6/21/2023 | H |
| DTX0124 | Defendants' Fourth Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 6/29/2023 | H |
| DTX0125 | Email from M. Fautsch to D. Badawi re Update | SGHT0161700 - SGHT0161703 | 11/23/2010 | |
| DTX0126 | Defendants' Objections and Responses to Plaintiff's Second Set of Interrogatories (Nos. 7-19) | | 4/10/2023 | H |
| DTX0127 | Defendants' Responses to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 5/18/2022 | H |
| DTX0128 | Defendants' Second Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 4/10/2023 | H |
| DTX0129 | Defendants' Second Supplemental Response to Plaintiff's Second Set of Interrogatories (Nos. 7-19) | | 6/29/2023 | H |
| DTX0130 | Defendants' Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 5/30/2023 | H |
| DTX0131 | Defendants' Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories (Nos. 7-19) | | 6/29/2023 | H |
| DTX0132 | Defendants' Third Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1-6) | | 5/30/2023 | H |
| DTX0133 | Sherwood & Shiroma - Rethinking Glaucoma Surgery: Aqueous within the Eyewall | IVANTIS_SS_00002519 - IVANTIS_SS_00002521 IVANTIS_SS_00471285 - IVANTIS_SS_00471289 SGHT0170487 - SGHT0170491 | 3/1/2006 | H, NS |
| DTX0134 | Directions for Use/Package Insert Glaukos Corp. iStent Trabecular Micro-Bypass Stent System | IVANTIS_SS_00471126 - IVANTIS_SS_00471127 | | H, R, SJ |
| DTX0135 | Delphi Ventures Homepage | | | H, R, 703 |
| DTX0136 | Summary Statement | SGHT0116857 - SGHT0116866 | 11/18/2010 | H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0137 | Denali Medical Schlemm Intubation Bridge-truss Assembly | IVANTIS_SS_00387704 - IVANTIS_SS_00387711 | 2/13/2007 | |
| DTX0138 | Denali Truss Rendering | IVANTIS_SS_00043415 | 4/29/2019 | |
| DTX0139 | Denali Vision DC-001 Initial Design Input & Requirements Design and Early Feasibility | IVANTIS_SS_00066204 | 6/9/2017 | |
| DTX0140 | Denali Vision Drawing | IVANTIS_SS_00387712 - IVANTIS_SS_00387720 | | |
| DTX0141 | Denali Vision Technology Overview | IVANTIS_SS_00387260 - IVANTIS_SS_00387334 | 1/3/2008 | MIL |
| DTX0142 | U.S. Patent No. 6,450,984 (Lynch '984) | IVANTIS_SS_00026019 - IVANTIS_SS_00026034 | 9/17/2002 | |
| DTX0143 | INTENTIONALLY LEFT BLANK | | | |
| DTX0144 | Dietlein et al, Combined Cataract–Glaucoma Surgery Using the Intracanalicular Eyepass Glaucoma Implant, J Cataract Refract Surg 2008; 34:247–252 | IVANTIS_SS_00456066 - IVANTIS_SS_00456071 | 02/00/2008 | H, 703, NS |
| DTX0145 | Dietlein et al. - Morphological variability of the trabecular meshwork in glaucoma patients: implications for non-perforating glaucoma surgery | IVANTIS_SS_00387510 - IVANTIS_SS_00387516 | 3/28/2008 | H, 703, NS |
| DTX0146 | Discussion Guide - Cathy McCabe | IVANTIS_SS_00119906 - IVANTIS_SS_00119908 | | H, R |
| DTX0147 | Meyer Documents Considered | | 8/17/2023 | H, 106 |
| DTX0148 | ClinicalTrials.gov Information Page for Clinical Trial NCT0323284 | IVANTIS_SS_00471110 - IVANTIS_SS_00471118 | 1/12/2018 | H, R, F, SJ |
| DTX0149 | ClinicalTrials.gov Information Page for Clinical Trial NCT0326014 | IVANTIS_SS_00471103 - IVANTIS_SS_00471109 | 6/8/2015 | H, R, F, SJ |
| DTX0150 | Dr. Stegmann: Tube in Schlemm's Canal Slide | | | H, F, R, 106 |
| DTX0151 | Draft Alcon Ivantis PPA Spreadsheet | IVANTIS_SS_00445954 | 4/27/2022 | |
| DTX0152 | Draft Letter from T. Samuelson | SGHT0047526 - SGHT0047527 | 8/31/2019 | R, 403 |
| DTX0153 | DSR Spreadsheet | IVANTIS_SS_00214290 | 12/12/2019 | |
| DTX0154 | ClinicalTrials.gov Information Page for Clinical Trial NCT0326066 | IVANTIS_SS_00471119 - IVANTIS_SS_00471125 | 3/9/2018 | H, R, F, SJ |
| DTX0155 | INTENTIONALLY LEFT BLANK | | | |
| DTX0156 | Email from A. Behbahani to D. Van Meter re Pitch Decks | IVANTIS_SS_00417126 - IVANTIS_SS_00417161 | 10/27/2020 | MIL |
| DTX0157 | Email from A. Brackmann to P. Badawi re WB Draft Initiation Report | SGHT0054344 | 1/19/2022 | 106 |
| DTX0158 | Email from A. Capsel to P. Smale re Optometry Psuedophakie SWAT Team Proposal | SGHT0044724 | 10/11/2018 | R, 106 |
| DTX0159 | Email from A. Foster to J. Colburn re Update | SGHT0045141 - SGHT0045142 | 12/28/2020 | |
| DTX0160 | INTENTIONALLY LEFT BLANK | | | |
| DTX0161 | INTENTIONALLY LEFT BLANK | | | |
| DTX0162 | Email from A. Harvey to P. Badawi re Shan Fan IIT Update | SGHT0033627 | 10/7/2022 | H |
| DTX0163 | INTENTIONALLY LEFT BLANK | | | |
| DTX0164 | INTENTIONALLY LEFT BLANK | | | |
| DTX0165 | Email from I. Feix to U. Myerle re WG: one more question | ADMEDES00115 - ADMEDES00116 | 9/16/2011 | R, H, A, F |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0166 | Sight Grant Application Package | SGHT0026782 - SGHT0026845 | 8/4/2010 | |
| DTX0167 | Email from P. Badawi to D. Badawi re Good News | SGHT0131933 | 6/11/2012 | 403, MIL |
| DTX0168 | Email from A. Rivero to P. Smale re OMNI Training | IVANTIS_SS_00456007 - IVANTIS_SS_00456008 | 7/25/2018 | R |
| DTX0169 | INTENTIONALLY LEFT BLANK | | | |
| DTX0170 | INTENTIONALLY LEFT BLANK | | | |
| DTX0171 | INTENTIONALLY LEFT BLANK | | | |
| DTX0172 | INTENTIONALLY LEFT BLANK | | | |
| DTX0173 | INTENTIONALLY LEFT BLANK | | | |
| DTX0174 | INTENTIONALLY LEFT BLANK | | | |
| DTX0175 | INTENTIONALLY LEFT BLANK | | | |
| DTX0176 | Email from B. Heise to D. Van Meter re Ivantis Update - Meetings with Strategics Since Last BOD - CONFIDENTIAL | IVANTIS_SS_00166240 - IVANTIS_SS_00166243 | 6/26/2017 | H, R |
| DTX0177 | Email from B. Heise to D. Van Meter re Terms | IVANTIS_SS_00169156 - IVANTIS_SS_00169157 | 11/8/2021 | |
| DTX0178 | Email from B. Sather to B. Trauthen and C. Stone re FOLLOW-UP - AAO Goniotomy Changes and Medicare Policy Palmetto - Important Policy Change Analysis | IVANTIS_SS_00280481 - IVANTIS_SS_00280485 | 7/20/2022 | F, H |
| DTX0179 | INTENTIONALLY LEFT BLANK | | | |
| DTX0180 | INTENTIONALLY LEFT BLANK | | | |
| DTX0181 | INTENTIONALLY LEFT BLANK | | | |
| DTX0182 | INTENTIONALLY LEFT BLANK | | | |
| DTX0183 | INTENTIONALLY LEFT BLANK | | | |
| DTX0184 | Email from C. Phelps to Shark Tank re Notes from Caribbean Eye MIGS Podium Talk | SGHT0045998 - SGHT0045999 | 2/8/2022 | H |
| DTX0185 | INTENTIONALLY LEFT BLANK | | | |
| DTX0186 | Email from C. Truitt to Paul re EU label | IVANTIS_SS_00458565 | 11/2/2015 | |
| DTX0187 | Ivantis Board Meeting Slide Deck | IVANTIS_SS_00452542 - IVANTIS_SS_00452605 | 2/10/2012 | |
| DTX0188 | Email from D. Badawi to F. Budillon re AW:  Introduction | SGHT0160349 - SGHT0160350 | 2/20/2010 | 106 |
| DTX0189 | Email from D. Badawi to F. Scherrible re Introduction | SGHT0160327 - SGHT0160344 | 2/19/2010 | 106 |
| DTX0190 | Email from D. Badawi to F. Scherrible re Introduction | SGHT0160281 - SGHT0160282 | 2/15/2010 | 106 |
| DTX0191 | Email from D. Badawi to I. Feix re Follow-up | SGHT0160537 | 8/3/2010 | |
| DTX0192 | Email from D. Badawi to I. Feix re Glaucoma Implant | SGHT0160484 - SGHT0160485 | 5/21/2010 | |
| DTX0193 | Email from D. Badawi to P. Badawi re AW: Answer | SGHT0160325 - SGHT0160326 | 2/19/2010 | |
| DTX0194 | Email from D. Badawi to P. Badawi re Ivantis Google Alert | SGHT0031043 | 9/17/2011 | |
| DTX0195 | Email from D. Badawi to P. Badawi re PDFs | SGHT0029578 | 5/28/2009 | 106, R |
| DTX0196 | Email from D. Badawi to P. Badawi re Perfusion Study Done Properly | SGHT0031139 - SGHT0031141 | 1/9/2012 | 106 |
| DTX0197 | Email from D. Badawi to P. Badawi re Presentation | SGHT0160279 - SGHT00160280 | 2/14/2010 | |
| DTX0198 | Email from D. Badawi to Paul re Ivantis Seals $17M For Glaucoma Treatment | SGHT0030858, SGHT0030861 - SGHT0030864 | 6/27/2011 | C/D, MD |
| DTX0199 | Email from D. Badawi to Paul@sightsciences.com re research strategy | SGHT0160534 | 7/27/2010 | 106, R |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0200 | Email from D. Badawi to Paul@sightsciences.com reSight Sciences Board of Directors Meeting June 15th 2012 | SGHT0135731 | 6/14/2012 | 106 |
| DTX0201 | INTENTIONALLY LEFT BLANK | | | |
| DTX0202 | INTENTIONALLY LEFT BLANK | | | |
| DTX0203 | INTENTIONALLY LEFT BLANK | | | |
| DTX0204 | INTENTIONALLY LEFT BLANK | | | |
| DTX0205 | INTENTIONALLY LEFT BLANK | | | |
| DTX0206 | INTENTIONALLY LEFT BLANK | | | |
| DTX0207 | INTENTIONALLY LEFT BLANK | | | |
| DTX0208 | INTENTIONALLY LEFT BLANK | | | |
| DTX0209 | INTENTIONALLY LEFT BLANK | | | |
| DTX0210 | INTENTIONALLY LEFT BLANK | | | |
| DTX0211 | INTENTIONALLY LEFT BLANK | | | |
| DTX0212 | INTENTIONALLY LEFT BLANK | | | |
| DTX0213 | INTENTIONALLY LEFT BLANK | | | |
| DTX0214 | Email from D. O'Keeffe to M. Francisco, J. Garcia, et al., re Helix thoughts and notes | SGHT0033786 - SGHT0033787 | 6/14/2022 | |
| DTX0215 | Email from D. Solomon to D. Van Meter re follow-up on our meeting in Singapore | IVANTIS_SS_00210857 - IVANTIS_SS_00210857 | 12/30/2017 | |
| DTX0216 | Expert Report of Andrew Schieber | IVANTIS_SS_00435490 - IVANTIS_SS_00435526 | 1/15/2020 | H, 703 |
| DTX0217 | Expert Report of Dr. Garry Condon, M.D. | IVANTIS_SS_00435527 - IVANTIS_SS_00435636 | 1/15/2020 | H, 703 |
| DTX0218 | Hydrus Aqueous Implant Single Radius Risk Management Report | IVANTIS_SS_00371905 - IVANTIS_SS_00371924 | 7/13/2011 | |
| DTX0219 | Email from D. Van Meter to R. Zimmerman re Glaukos Corporation (GKOS, Neutral): Peel Back the 4Q Guidance and US Glaucoma Down 10% Suggests Continued Share Losses; 3Q Ahead on Corneal Health; Maintain Neutral | IVANTIS_SS_00167649 - IVANTIS_SS_00167653 | 11/8/2020 | H |
| DTX0220 | Email from D. Van Meter to Z. Scheiner re CMS preliminary announcement on 2022 fee schedule - Confidential | IVANTIS_SS_00218508 - IVANTIS_SS_00218511 | 7/15/2021 | |
| DTX0221 | Plaintiff's Second Supplemental Response to Defendants' Second Set of Interrogatories (No. 8) | | 5/25/2023 | 106 |
| DTX0222 | Hydrus Aqueous Implant Single Radius Risk Assessment Spreadsheet | IVANTIS_SS_00388642 | 4/12/2013 | |
| DTX0223 | Spiegel, et al, Co-Existent Open-Angle Glaucoma and Cataract: Treatment by Cataract Surgery and the iStent Trabecular Bypass Micro Stent | IVANTIS_SS_00471292 - IVANTIS_SS_00471303 | 00/00/2008 | H, 703, NS |
| DTX0224 | Email from H. Spencer to L. Ries re Customer Surveys - Section of the CER. Please Review. | IVANTIS_SS_00238789 - IVANTIS_SS_00238791 | 10/3/2020 | H, F, O |
| DTX0225 | Email from H. Spencer to T. Abraham re NOTES from 10/10/17 Op Plan Mtg - Pipeline & Indications TimeLine Assumptions for Op Plan Horizon (5 years) | IVANTIS_SS_00330630 - IVANTIS_SS_00330634 | 10/20/2017 | |
| DTX0226 | Email from H. Spencer to T. Do et al. re Customer Surveys - Section of the CER. Please Review. | IVANTIS_SS_00238792 - IVANTIS_SS_00238794 | 10/3/2020 | H, F, O |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0227 | Email from J. Ainetchiaan to C. Marshall et al. re Ivantis Market Scope Survey + Attachments | IVANTIS_SS_00228950 IVANTIS_SS_00228951; IVANTIS_SS_00228952; IVANTIS_SS_00228965 - IVANTIS_SS_00228971; IVANTIS_SS_00470487 - IVANTIS_SS_00470498 | 3/16/2022 | H, F, O |
| DTX0228 | Email from J. Francis to B. Murdoch wt al. re Glaukos Corporation's (GKOS) Tom Burns on Q4 2019 Results - Earnings Call Transcript | Seeking Alpha | SGHT0045092 - SGHT0045094 | 3/2/2020 | |
| DTX0229 | Email from J. Francis to R. Plank re Surgical Sales Metrics | SGHT0164984 - SGHT0164986 | 1/22/2019 | 106 |
| DTX0230 | Email from J. Hayden to C. Phelps re Ivantis Litigation: Survey Questions | SGHT0170238 - SGHT0170239 | 4/21/2023 | |
| DTX0231 | Email from J. Selnick to A. Capsel re Financial Trajectory | SGHT0114225 - SGHT0114227 | 3/6/2022 | |
| DTX0232 | Email from J. Selnick to A. Capsel re Quarterly Report | SGHT0063250 - SGHT0063251 | 1/28/2021 | H, 106 |
| DTX0233 | Email from J. Selnick to A. Schaechterle re D1 diligence package | SGHT0149354 | 2/21/2020 | R, 106 |
| DTX0234 | Email from J. Selnick to J. Francis re Year-End Surgical Sales Report | SGHT0037709 - SGHT0037714 | 1/4/2022 | 106 |
| DTX0235 | Email from J. Selnick to J. Hayden et al. re Confidential: Financial Trajectory Update [DO NOT FORWARD W/O DISCUSSING] | SGHT0165429 - SGHT0165431 | 3/5/2022 | |
| DTX0236 | Email from J. Selnick to P. Badawi re Call Notes | SGHT0065344 - SGHT0065349 | 4/10/2022 | H |
| DTX0237 | Email from J. Selnick to P. Badawi re Omni and Hydrus | SGHT0058349 - SGHT0058350 | 7/11/2019 | |
| DTX0238 | Email from J. Selnick to P. Smale, et al re Quick Market Analysis | SGHT0046726 | 12/1/2020 | H, 106, R |
| DTX0239 | Email from J. Selnick to T. Huang (████████████████████████████) | SGHT0049038 | 11/8/2019 | F, H |
| DTX0240 | Email from J. Selnick to T. Huang re Quarterly Report | SGHT0043642 - SGHT0043643 | 1/28/2021 | H, 106 |
| DTX0241 | Email from K. Gerasimou to J. Weems re Revenue | IVANTIS_SS_00169193 - IVANTIS_SS_00169199 | 11/9/2021 | H, 403, 106 |
| DTX0242 | Email from K. Luedecke to C. Truitt re CDA | IVANTIS_SS_00458424 - IVANTIS_SS_00458429 | 2/4/2014 | |
| DTX0243 | Email from Kelli Gerasimou to Nick Baker, Ana Benavides, and Michael Chodzko re: Hydrus Market Share | IVANTIS_SS_00317794 | 1/25/2022 | 106 |
| DTX0244 | Email from L. Attias to C. Stone re Q1 Hydrus Performance | IVANTIS_SS_00224170 - IVANTIS_SS_00224171 | 5/19/2022 | |
| DTX0245 | Letter re G110048/S1 Iventsigational Device Exemption Application Hydrus Aqueous Implant, dated June 28, 2011 | IVANTIS_SS_00137549 - IVANTIS_SS_00137848 | | |
| DTX0246 | Email from L. Ries to P. Singh re Video from today! | IVANTIS_SS_00354583 | 12/15/2020 | H, R |
| DTX0247 | Email from L. Ries to O. Harouny, B. Trauthen, et al., re Dr. Christine Funke - Barnet, Delaney | IVANTIS_SS_00271447 - IVANTIS_SS_00271448 | 4/9/2021 | |
| DTX0248 | Email from L. Scotton to B. Trauthen, C. Yoo, et al., re Peer Review | IVANTIS_SS_00468300 - IVANTIS_SS_00468303 | 11/4/2020 | H, R, 106 |
| DTX0249 | Email from L. Scotton to M. Chodzko, T. Do, O. Harouny re Market Scope Q4'20 | IVANTIS_SS_00355030 - IVANTIS_SS_00355031 | 1/11/2021 | H, 106 |
| DTX0250 | Email from M. Callahan to J. Holmes re Straith Hospital | SGHT0045147 - SGHT0045148 | 1/13/2021 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0251 | Email from M. Callahan to J. Powers, L. Morande, et al., re Ivantis Litigation: Survery Questions | SGHT0170175 - SGHT0170176 | 4/19/2023 | |
| DTX0252 | INTENTIONALLY LEFT BLANK | | | |
| DTX0253 | INTENTIONALLY LEFT BLANK | | | |
| DTX0254 | INTENTIONALLY LEFT BLANK | | | |
| DTX0255 | Email from M. Chodzko to L. Wilkins and D. Van Meter re IV_Alcon Message Points_DRAFT_10.27.21 FOR CLIENT REVIEW | IVANTIS_SS_00469384 - IVANTIS_SS_00469390 | 10/29/2021 | H, 106, R |
| DTX0256 | Email from M. Chodzko to O. Harouny re FW: EXTERNAL: Glaukos Corporation (GKOS, Neutral ): Takeaways from Palmetto Conference Call on Non-Covered LCD with Implications for GKOS; We Th ink its Likely to be Overturned Due to Errors and Omissions in the Draft Guidance | IVANTIS_SS_00352476 - IVANTIS_SS_00352478 | 11/5/2020 | H, MIL |
| DTX0257 | Email from M. Chodzko to Sales Reps re Recent Sight Sciences litication - Messaging | IVANTIS_SS_00358578 - IVANTIS_SS_00358579 | 9/17/2021 | F, H |
| DTX0258 | Email from M. Chodzko to T. Do, O. Harouny re Mitch Schultz outcomes | IVANTIS_SS_00355844 - IVANTIS_SS_00355845 | 3/28/2021 | H |
| DTX0259 | Email from M. Chodzko to T. Do, O. Harouny, L. Scotton re Market Scope Q4'20 | IVANTIS_SS_00354998 - IVANTIS_SS_00354999 | 1/11/2021 | H, 106 |
| DTX0260 | Email from M. Fautsch to D. Badawi re Sight Sciences-Summary of Results | SGHT0130296 | 3/23/2011 | R, 106 |
| DTX0261 | Hays et al. - Improvement in Outflow Facility by Two Novel Microinvasive Glaucoma Surgery Implants (Document Produced in Native Format) | SGHT0168156 IVANTIS_SS_00060382 - IVANTIS_SS_00060389 | | H, 703 |
| DTX0262 | Samet et al. - Hydrus Microstent Implantation for Surgical Management of Glaucoma: A Review of Design, Efficacy, and Safety (Document Produced in Native Format) | SGHT0168157 SGHT0006787 - SGHT0006799 | | H, 703 |
| DTX0263 | INTENTIONALLY LEFT BLANK | | | |
| DTX0264 | INTENTIONALLY LEFT BLANK | | | |
| DTX0265 | Email from Michael Chodzko to himself re: FW: Hydrus Market Share with Share analysis attached | IVANTIS_SS_00361023 | 2/22/2022 | R, 106 |
| DTX0266 | INTENTIONALLY LEFT BLANK | | | |
| DTX0267 | Email from P. Badawi to C. Meyer re Hydrus | SGHT0130717 | 4/26/2017 | |
| DTX0268 | Email from P. Badawi to C. Truitt re Follow Up | SGHT0130748 - SGHT0130749 | 10/8/2015 | 106 |
| DTX0269 | Email from P. Badawi to D. Badawi re NEI | SGHT0032586 - SGHT0032588 | 11/17/2011 | |
| DTX0270 | Email from P. Badawi to D. Badawi re Update | SGHT0130292 | 3/22/2011 | 106, R |
| DTX0271 | December 2021 Surgical Results vF Spreadsheet | SGHT0037715 | | |
| DTX0272 | Email from P. Badawi to M. Hicks re Edited Transcript of GKOS earning conference call or presentation 27-Feb-19 9:30pm GMT | SGHT0089721 | 3/2/2019 | R, 403 |
| DTX0273 | Email from P. Badawi to P. Smale re Omni and Hydrus | SGHT0161937 - SGHT0161938 | 7/11/2019 | H |
| DTX0274 | Email from P. Badawi to R Bohannan et al. re conference call notes | SGHT0160745 - SGHT0160747 | 11/19/2021 | |
| DTX0275 | Email from P. Badawi to S. Korangy | SGHT0161832 | 7/16/2011 | F |
| DTX0276 | Email from P. Badawi to S. O'Neil re Hydrus FDA Approval | SGHT0161935 | 8/13/2018 | |
| DTX0277 | Meyer Rebuttal Attachment 1 | | | H |
| DTX0278 | Email from P. England to J. Selnick | SGHT0054304 - SGHT0054305 | 1/10/2022 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0279 | Email from P. Saffari to K. Kimball re: Engage MDS, Ivantis, GRI, Fatigue of Nitinol | IVANTIS_SS_00233694 - IVANTIS_SS_00233705 | 6/13/2022 | |
| DTX0280 | Email from P. Smale to J. Dickerson re Aborted MIGS Procedures | SGHT0046252 - SGHT0046253 | 2/17/2020 | |
| DTX0281 | Email from P. Smale to S. O'Neil, J. Selnick, et al., re Glaukos Corporations's (GKOS) Tom Burns on Q4 2019 Results - Earnings Call Transcript Seeking Alpha | SGHT0044165 - SGHT0044166 | 3/2/2020 | |
| DTX0282 | Email from Paul to M. Hicks, D. Badawi, and C. Meyer re Glaukos | SGHT0032216 | 9/25/2015 | |
| DTX0283 | Johnson, M.C. and Kamm, R.D., The Role of Schlemm's Canal in Aqueous Outflow from the Human Eye | IVANTIS_SS_00025859 - IVANTIS_SS_00025864 | | H, 703, NS |
| DTX0284 | Email from R. Brown to D. Van Meter re Proposed Ivantis Biocompatibility Paper Participation | IVANTIS_SS_00452492 - IVANTIS_SS_00452493 | 10/4/2011 | |
| DTX0285 | INTENTIONALLY LEFT BLANK | | | |
| DTX0286 | Email from R. Plank to C. Phelps, M. Papini  re Ivantis messaging | SGHT0044904 - SGHT0044905 | 7/23/2021 | |
| DTX0287 | INTENTIONALLY LEFT BLANK | | | |
| DTX0288 | Email from R. Plank to J. Selnick re ▮▮▮▮▮▮▮▮▮▮ | SGHT0091331 - SGHT0091333 | 4/13/2022 | |
| DTX0289 | Email from R. Plank to T. Hitchcock re Slide Decks from NSM | SGHT0088413 | 4/15/2019 | H, 106 |
| DTX0290 | Email from Richard Plank to Chris Phelps, Jesse Selnick, and Aaron Capsel re: Revenue Loss to Streamline/iAccess | SGHT0044700 - SGHT0044702 | 4/13/2022 | C/D |
| DTX0291 | Email from Ross Hartman to Jesse Selnick and Samuel Jordan re: Hydrus/iLux | SGHT0052331 | 8/31/2020 | |
| DTX0292 | Email from S. Hay to C. Phelps re Hydrus Cannula Intel | SGHT0044916 - SGHT0044917 | 8/25/2021 | |
| DTX0293 | Email from S. Hay to C. Phelps re Notes from Telling It Like It Is | SGHT0044998 - SGHT0044999 | 2/21/2022 | H |
| DTX0294 | Email from S. Korangy to Paul re Glaucoma surgical device research diligence | SGHT0030870 - SGHT0030872 | 6/28/2011 | |
| DTX0295 | Email from S. Korangy to S. Korangy re Sight Sciences Updates | SGHT0089340 - SGHT0089342 | 1/10/2022 | |
| DTX0296 | Email from S. O'Neil to J. Francis re Year-End Surgical Sales Report | SGHT0037749 - SGHT0037759 | 1/6/2022 | |
| DTX0297 | Email from T. Buckley to Sight re Dr. Ngai Feedback | SGHT0039020 - SGHT0039021 | 7/29/2022 | |
| DTX0298 | INTENTIONALLY LEFT BLANK | | | |
| DTX0299 | INTENTIONALLY LEFT BLANK | | | |
| DTX0300 | INTENTIONALLY LEFT BLANK | | | |
| DTX0301 | INTENTIONALLY LEFT BLANK | | | |
| DTX0302 | Email from W. Fabisiak to P. Badawi re Sight Sciences | SGHT0030772 - SGHT0030774 | 3/23/2011 | |
| DTX0303 | Email FW: Hydrus Market Share with Share Analysis attached | IVANTIS_SS_00361021 | 2/22/2022 | R, 106 |
| DTX0304 | Email to C. Phelps re Forecast | SGHT0089050 - SGHT0089053 | 8/16/2021 | |
| DTX0305 | INTENTIONALLY LEFT BLANK | | | |
| DTX0306 | Email to C. Truitt re CDA Draft Extension | IVANTIS_SS_00458271 - IVANTIS_SS_00458318 | 6/14/2012 | |
| DTX0307 | Email to C. Truitt re Follow-Up | IVANTIS_SS_00458518 - IVANTIS_SS_00458543 | 10/8/2015 | |
| DTX0308 | Email to P. Smale re Dr. Creech | SGHT0049063 | 6/3/2020 | H |
| DTX0309 | Engineering Drawing S-Truss Rev 12 | IVANTIS_SS_00160409 | 4/29/2019 | |
| DTX0310 | Glaukos Corp. iStent Trabecular Micro-Bypass Stent Directions for Use/Package Insert | IVANTIS_SS_00471080 - IVANTIS_SS_00471102 | | R, H, SJ |
| DTX0311 | Hydrus Microstent for Mild to Moderate Glaucoma: Surgeon Training | IVANTIS_SS_00010691 - IVANTIS_SS_00010772 | | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0312 | Gharib bent half tube with bigger fishbones and arcuate and cross sections.SLDPRT | IZATT_0000080 | | SW, 703, DAU, DEM, NS |
| DTX0313 | EyeNet Magazine, The Question of IOP | | 6/00/2011 | H, R, 703 |
| DTX0314 | EyePass 1999: T-tube connecting canal to anterior chamber Slide | | | H, 106 |
| DTX0315 | Email from R. Brown to D. O'Keefe re D. Cox Slide | SGHT0033713 - SGHT0033714 | 10/14/2022 | |
| DTX0316 | Facilitator Notes | IVANTIS_SS_00086522 - IVANTIS_SS_00086525 | | |
| DTX0317 | Spiegel & Kobuch - Trabecular meshwork bypass tube shunt: intial case series | SGHT0170506 - SGHT0170509 | 00/00/2002 | H, 703, NS |
| DTX0318 | FDA defines "least burdensome" as "the minimum of information necessary to adequately address a relevant regulatory question or issue through the most efficient manner at the right time." The Least Burdensome Provisions: Concept and Principles. February 5, 2019 | IVANTIS_SS_00469533 - IVANTIS_SS_00469556 | 2/5/2019 | H, 703 |
| DTX0319 | U.S. Patent Pub. No. 2002/0165478 (Gharib '478) | IVANTIS_SS_00002376 - IVANTIS_SS_00002394 | 11/7/2002 | |
| DTX0320 | FDA, Modifications to Devices Subject to Premarket Approval (PMA)-The PMA Supplement Decision-Making Process. December 11, 2008. | IVANTIS_SS_00469411 - IVANTIS_SS_00469439 | 12/11/2008 | H, 703 |
| DTX0321 | FDA, Quality System Information for Certain Premarket Application Reviews: Guidance for Industry and FDA Staff, February 3, 2003 | IVANTIS_SS_00469452 - IVANTIS_SS_00469470 | 2/3/2003 | H, 703 |
| DTX0322 | FDA. Acceptance of Clinical Data to Support Medical Device Applications and Submissions. Frequently Asked Questions. February 21, 2018 | | | H, 703 |
| DTX0323 | FDA. Changes or Modifications During the Conduct of a Clinical Investigation. May 29, 2001 | IVANTIS_SS_00469474 - IVANTIS_SS_00469498 | 5/29/2001 | H, 703 |
| DTX0324 | FDA. Premarket Studies of Implantable Minimally Invasive Glaucoma Surgical (MIGS) Devices | IVANTIS_SS_00469569 - IVANTIS_SS_00469588 | 12/15/2015 | H, 703 |
| DTX0325 | Fea et al. - A comparison of endothelial cell loss in combined cataract and MIGS (Hydrus) procedure to phacoemulsification alone: 6-month results | | 00/00/2015 | H, 703 |
| DTX0326 | Fea et al. - Evaluation of a Schlemm canal scaffold microstent combined with phacoemulsification in routine clinical practice: two-year multicenter study | | 00/00/2017 | H, 703 |
| DTX0327 | Fea et al. - Hydrus microstent compared to selective laser trabeculoplasty in primary open angle glaucoma: one year results | | 00/00/2016 | H, 703 |
| DTX0328 | Final CMS ruling on category 1 code results in physician reimbursement of $132 and $729 facility margin Presentation | IVANTIS_SS_00445903 - IVANTIS_SS_00445905 | | H, 106, 403 |
| DTX0329 | Financial Reporting Package Spreadsheet | SGHT0168243 | 5/00/2023 | |
| DTX0330 | Financial Spreadsheet | SGHT0169895 | | |
| DTX0331 | Financial Spreadsheet | SGHT0152828 | | |
| DTX0332 | First Trabecular Bypass Device: Questions Slide | | | H, 106 |
| DTX0333 | Gandolfi et al. - Comparison of surgical outcomes between canaloplasty and a Schlemm's canal scaffold at 24 months follow-up | | 00/00/2016 | H, 703 |
| DTX0334 | INTENTIONALLY LEFT BLANK | | | |
| DTX0335 | Ayyala et al. - Comparison of Different Biomaterials for Glaucoma Drainage Devices | SGHT0170319 - SGHT0170322 | 8/00/2000 | H, 703, NS |
| DTX0336 | Gharib bent half tube with fishbones ovular.SLDPRT | IZATT_0000010 | | SW, 703, DAU, DEM, NS |
| DTX0337 | Gharib bent half tube with fishbones.SLDPRT | IZATT_0000039 | | SW, 703, DAU, DEM, NS |
| DTX0338 | Gharib bent half tube with fishbones.SLDPRT | IZATT_0000051 | | SW, 703, DAU, DEM, NS |

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0339 | Gharib Bergheim rib.SLDPRT | IZATT_0000041 | | SW, 703, DAU, DEM, NS |
| DTX0340 | Gharib iStent rib.SLDPRT | IZATT_0000052 | | SW, 703, DAU, DEM, NS |
| DTX0341 | Gharib with fishbones and Bergheim ribs half.SLDASM | IZATT_0000042 | | SW, 703, DAU, DEM, NS |
| DTX0342 | Gharib with fishbones and Bergheim ribs half.SLDPRT | IZATT_0000040 | | SW, 703, DAU, DEM, NS |
| DTX0343 | Gharib with fishbones and Bergheim ribs.SLDASM | IZATT_0000050 | | SW, 703, DAU, DEM, NS |
| DTX0344 | Gharib with fishbones and iStent ribs half.SLDASM | IZATT_0000053 | | SW, 703, DAU, DEM, NS |
| DTX0345 | Gharib with fishbones and iStent ribs half.SLDPRT | IZATT_0000054 | | SW, 703, DAU, DEM, NS |
| DTX0346 | Gharib with fishbones and iStent ribs.SLDASM | IZATT_0000056 | | SW, 703, DAU, DEM, NS |
| DTX0347 | Gharib with fishbones ovular.SLDASM | IZATT_0000011 | | SW, 703, DAU, DEM, NS |
| DTX0348 | GKOS 2022-03-01 Stifel Model Spreadsheet | SGHT0054559 | | H, R, F |
| DTX0349 | Glaucoma Implant Project Prototyping Discussion Between Dr. David Badawi and Paul Badawi (Founder) with Admedes, Inc. | SGHT0160201 - SGHT0160227 | 2/00/2021 | |
| DTX0350 | Glaucoma Implant Project Prototyping Discussion Between Dr. David Badawi and Paul Badawi (Founder) with Admedes, Inc. | SGHT0160283 - SGHT0160309 | 02/00/2010 | |
| DTX0351 | Glaucoma Surgical Overview by Cari Stone | IVANTIS_SS_00198845 - IVANTIS_SS_00198854 | 1/27/2021 | |
| DTX0352 | Glaucoma Today - Selective Laser Trabeculoplasty: The Changing Modality of SLT in Today's Management of Glaucoma | IVANTIS_SS_00387557 - IVANTIS_SS_00387568 | 7/00/2005 | H, 703, NS |
| DTX0353 | Acosta et al. - A newly Designed Glaucoma Drainage Implant Made of Poly(styrene-b-isobutylene-b-styrene) | SGHT0170311 - SGHT0170318 | 12/00/2006 | H, 703, NS |
| DTX0354 | Glaukos Form 10-K - FY2018 | IVANTIS_SS_00470018 - IVANTIS_SS_00470212 | | H, R, 703 |
| DTX0355 | Glaukos Form 10-K - FY2020 | | | H, R, 703 |
| DTX0356 | Glaukos Form 10-Q 2018 Q1 | | | H, R, 703 |
| DTX0357 | Glaukos Form 10-Q 2018 Q2 | | | H, R, 703 |
| DTX0358 | Glaukos iStent | | 07/00/2004 | R, SJ |
| DTX0359 | Glaukos iStent Infinite Webpage | | | H, R, 703 |
| DTX0360 | U.S. Patent No. 2005/0038334 (Lynch '334) | IVANTIS_SS_00002279 - IVANTIS_SS_00002299 | 2/17/2005 | H, R, NS |
| DTX0361 | Global Surgical Glaucoma Overview - Alcon's Hydrus Plays in a Growing but Increasingly Competitive Market | IVANTIS_SS_00207166 - IVANTIS_SS_00207167 | | R, 106 |
| DTX0362 | INTENTIONALLY LEFT BLANK | | | |
| DTX0363 | Sight Sciences Reports Third Quarter 2023 Financial Results and Withdraws Guidance for Full Year 2023 | | 11/7/2023 | R, MIL, 403 |
| DTX0364 | International Patent Publication No. 2005/105197 (Lynch '197) | IVANTIS_SS_00002554 - IVANTIS_SS_00002611 | 11/10/2005 | |
| DTX0365 | Grierson et al. - A novel Schlemm's canal scaffold: histologic observations | | 00/00/2015 | H, 703 |
| DTX0366 | Grieshaber 546 ends.SLDPRT | IZATT_0000004 | | SW, 703, DAU, DEM, NS |
| DTX0367 | Grieshaber 546 ribs.SLDPRT | IZATT_0000003 | | SW, 703, DAU, DEM, NS |
| DTX0368 | Grieshaber 546.SLDASM | IZATT_0000012 | | SW, 703, DAU, DEM, NS |
| DTX0369 | Grieshaber 642 5 filaments.SLDASM | IZATT_0000022 | | SW, 703, DAU, DEM, NS |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0370 | Grieshaber 642 6 filaments.SLDASM | IZATT_0000021 | | SW, 703, DAU, DEM, NS |
| DTX0371 | Guerrero, et al, Complications of Glaucoma Drainage Implant Surgery, Int. Ophthamol. Clin., 40(1):149-163 (2000), DOI: 10.1097/00004397-200040010-00015 | IVANTIS_SS_00001397 - IVANTIS_SS_00001411 | 01/00/2000 | H, 703, NS |
| DTX0372 | Gulati et al. - A novel 8-mm Schlemm's canal scaffold reduces outflow resistance in human anterior segment perfusion model | | 00/00/2013 | H, 703 |
| DTX0373 | INTENTIONALLY LEFT BLANK | | | |
| DTX0374 | Canal Truss Hand Drawing | IVANTIS_SS_00387655 | 4/25/2007 | H, R |
| DTX0375 | Hays et al. - Improvement in outflow facility by two novel microinvasive glaucoma surgery implants | | 00/00/2014 | |
| DTX0376 | Helix Implant 300 Micron Hook B0107 Rev. 1 | SGHT0031143 | 1/16/2012 | |
| DTX0377 | helixCCW0.SLDPRT | IZATT_0000020 | | SW, 703, DAU, DEM, NS |
| DTX0378 | helixCCW120.SLDPRT | IZATT_0000018 | | SW, 703, DAU, DEM, NS |
| DTX0379 | helixCCW240.SLDPRT | IZATT_0000019 | | SW, 703, DAU, DEM, NS |
| DTX0380 | helixCW0.SLDPRT | IZATT_0000017 | | SW, 703, DAU, DEM, NS |
| DTX0381 | helixCW120.SLDPRT | IZATT_0000015 | | SW, 703, DAU, DEM, NS |
| DTX0382 | helixCW240.SLDPRT | IZATT_0000016 | | SW, 703, DAU, DEM, NS |
| DTX0383 | Ivantis Truss, 3 Clock Low Profile C00109 Rev B | IVANTIS_SS_00000131 - IVANTIS_SS_00000134 | 8/5/2011 | |
| DTX0384 | hllps://www.clinicaltrials.gov/sludy/NCT01539239?cond=glaucoma&aggFilters=status:com &lilles=HORIZON&rank=1 | IVANTIS_SS_00469499 - IVANTIS_SS_00469506 | 3/21/2021 | H |
| DTX0385 | Hong et al. - Glaucoma Drainage Devices: A Systematic Literature Review and Current Controversies | IVANTIS_SS_00387388 - IVANTIS_SS_00387400 | 1/00/2005 | H, 703, NS |
| DTX0386 | Horizon Clinical Trial 5-Year Results | IVANTIS_SS_00120320 - IVANTIS_SS_00120340 | 2020 | |
| DTX0387 | Horizon Trial | IVANTIS_SS_00017154 - IVANTIS_SS_00017194 | 07/00/2019 | |
| DTX0388 | Moses - The Effect of Intraocular Pressure on Resistance to Outflow | IVANTIS_SS_00387497 - IVANTIS_SS_00387496 | 09/00/1977 | H, 703, NS |
| DTX0389 | Llobet et al. - Understanding Trabecular Mechwork Physiology: A Key to the Control of Intracocular Pressure | IVANTIS_SS_00387401 - IVANTIS_SS_00387405 IVANTIS_SS_00457919 - IVANTIS_SS_00457923 | 10/00/2003 | H, 703, NS |
| DTX0390 | https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMA/pma.cfm?id=P170034 | IVANTIS_SS_00469596 - IVANTIS_SS_00469599 | | H |
| DTX0391 | https://www.clinicaltrials.gov/study/NCT01539239?cond=glaucoma&aggFilters=status:com &titles=HORIZON&rank=1&tab=history&a=6 | IVANTIS_SS_00469440 - IVANTIS_SS_00469451 | 3/12/2021 | H, 106 |
| DTX0392 | https://www.clinicaltrials.gov/study/NCT01539239?cond=glaucoma&aggFilters=status:com &titles=HORIZON&rank=1&tab=history&a=7 | IVANTIS_SS_00469507 - IVANTIS_SS_00469516 | 3/12/2021 | H, 106 |
| DTX0393 | https://www.fda.gov/medical-devices/investigational-device-exemption-ide/ide-guidance | IVANTIS_SS_00469600 - IVANTIS_SS_00469602 | | H, R |
| DTX0394 | PMA Guidance Documents _ FDA | | | H, U, R |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0395 | https://www.fda.gov/medical-devices/premarket-notification-510k/how-find-and-effectively-use-predicate-devices | IVANTIS_SS_00469557 - IVANTIS_SS_00469559 | | H, 703, R |
| DTX0396 | https://www.fda.gov/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/investigational-device-exemption-ide, | IVANTIS_SS_00469566 - IVANTIS_SS_00469568 | | H, 703, R |
| DTX0397 | https://www.fda.gov/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/premarket-approval-pma | IVANTIS_SS_00469408 - IVANTIS_SS_00469410 | | H, 703, R |
| DTX0398 | Meyer Rebuttal Attachment 16 | | | H, BE |
| DTX0399 | INTENTIONALLY LEFT BLANK | | | |
| DTX0400 | Stuart - An Early Peek at Glaucoma Devices | IVANTIS_SS_00387406 - IVANTIS_SS_00387411 | 2/00/2006 | H, 703, NS |
| DTX0401 | ClinicalTrials.gov iStent Study Summary | IVANTIS_SS_00002501 - IVANTIS_SS_00002502 | 5/9/2006 | H, R, SJ, NS, Q |
| DTX0402 | Email from D. Kimball to P. Missel, et al re Background information and citations | IVANTIS_SS_00278290 | 4/25/2022 | |
| DTX0403 | Hydrus Adopter, Rejector & Aware Qualitative Exploratory Research Final Report | IVANTIS_SS_00446528 - IVANTIS_SS_00446613 | 12/13/2022 | |
| DTX0404 | Hydrus Aqueous Implant Clinical Report CR-09-001 Rev H | IVANTIS_SS_00128553 - IVANTIS_SS_00128554 | 7/31/2013 | |
| DTX0405 | Meyer Rebuttal Attachment 15 | | | H |
| DTX0406 | Video of Hydrus Implantation | GALANIS0000018 | | |
| DTX0407 | Hydrus DSR Spreadsheet | IVANTIS_SS_00223589 | 3/14/2022 | |
| DTX0408 | Hydrus DSR Spreadsheet | IVANTIS_SS_00223713 | 3/23/2022 | |
| DTX0409 | Hydrus DSR Spreadsheet | IVANTIS_SS_00223832 | 4/14/2022 | |
| DTX0410 | Hydrus DSR Spreadsheet | IVANTIS_SS_00224393 | 7/7/2022 | |
| DTX0411 | Hydrus DSR Spreadsheet | IVANTIS_SS_00232091 | 4/26/2022 | |
| DTX0412 | Hydrus DSR Spreadsheet | IVANTIS_SS_00232209 | 5/13/2022 | |
| DTX0413 | Hydrus DSR Spreadsheet | IVANTIS_SS_00232233 | 5/26/2022 | |
| DTX0414 | Hydrus DSR Spreadsheet | IVANTIS_SS_00277845 | 3/30/2022 | |
| DTX0415 | Hydrus DSR Spreadsheet | IVANTIS_SS_00420586 | 9/30/2022 | |
| DTX0416 | Hydrus Microstent (in box) | IVANTIS_SS_SAMPLE01 | | |
| DTX0417 | Meyer Rebuttal Attachment 5.2 | | | H |
| DTX0418 | Meyer Rebuttal Attachment 5.1 | | | H |
| DTX0419 | Hydrus Microstent Clinical Evaluation Report (CER) Rev. B | IVANTIS_SS_00035318 - IVANTIS_SS_00035646 | 6/19/2017 | |
| DTX0420 | Email from EXCHANGE ADMINISTRATIVE GROUP to M. Greenwood re Resources for peer2peer | SGHT0085687 - SGHT0085689 | 7/15/2020 | R, 403, MIL |
| DTX0421 | Email from M. Chodzko to Sales Reps, Precision Eye, O. Harouny, and T. Do re Cigna coverage for Hydrus - Eff April 15 | IVANTIS_SS_00350486 | 4/22/2020 | |
| DTX0422 | Johnson & Tschumper - Human Trabecular Meshwork Organ Culture: A New Method (Johnson 1987) | SGHT0130774 - SGHT0130782 | 00/00/1987 | H, 703, NS |
| DTX0423 | Hydrus Microstent Global Training Presentation | IVANTIS_SS_00086398 - IVANTIS_SS_00086426 | 10/12/2020 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0424 | Hydrus Microstent implantation with OMNI Surgical System Ab interno canaloplasty for the management of open-angle glaucoma in phakic patients refractory to medial therapy | SGHT0187903 - SGHT0187909 | 11/8/2022 | H, 703 |
| DTX0425 | Hydrus Microstent Instructions for Use | IVANTIS_SS_00324014 - IVANTIS_SS_00324040 | 9/00/2021 | |
| DTX0426 | International Pub. No. WO 2011/097408 (Badawi) | IVANTIS_SS_00470499 - IVANTIS_SS_00470603 | 8/11/2011 | |
| DTX0427 | Hydrus Microstent Post Market Clinical Follow-up Plan Summary Report Rev. E | IVANTIS_SS_00385090 - IVANTIS_SS_00385135 | 2/00/2015 | 106, C/D |
| DTX0428 | Hydrus Microstent Post Market Clinical Follow-up Plan Summary Report Rev. E | IVANTIS_SS_00386363 - IVANTIS_SS_00386419 | 2/00/2015 | |
| DTX0429 | Ivantis Test Report - TR-0152: Implant (C00151) Validation - Norman Noble | IVANTIS_SS_00099563 - IVANTIS_SS_00100013 | 7/15/2019 | |
| DTX0430 | Hydrus Microstent, Frequently Asked Questions | IVANTIS_SS_00270439 - IVANTIS_SS_00270455 | | |
| DTX0431 | Hydrus Mocrostent Product Positioning & Key Messaging | IVANTIS_SS_00004424 - IVANTIS_SS_00004444 | 7/3/2018 | |
| DTX0432 | Plaintiff's Second Supplemental Response to Defendants' First Set Interrogatories (Nos. 1-6) | | 3/9/2023 | |
| DTX0433 | Hydrus Sales Teams Spreadsheet | IVANTIS_SS_00231766 | 7/25/2022 | |
| DTX0434 | Submitted Abstract with Note: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | SGHT0085696 | | |
| DTX0435 | Moved to Joint Exhibit List | | | |
| DTX0436 | I.S Flux spreadsheet | SGHT0153023 | 4/27/2021 | |
| DTX0437 | Idea: Tube Connecting Canal Directly to AC Slide | | | H, R, 106 |
| DTX0438 | Image20230922152623.png | | | A, H, R, U, X |
| DTX0439 | Image20230922155332.png | | | H, R, U, 106 |
| DTX0440 | Image20230922155943.png | | | H, R, U |
| DTX0441 | Image20230922173649.png | | | H, R, U |
| DTX0442 | Income Statement 2018-2020 Spreadsheet | IVANTIS_SS_00316585 | | |
| DTX0443 | Income Statement by Month 2021 YTD Spreadsheet | IVANTIS_SS_00316586 | | |
| DTX0444 | Income Statement Flux spreadsheet | SGHT0153026 | | |
| DTX0445 | Income Statement Flux Spreadsheet | SGHT0153029 | 1/28/2021 | |
| DTX0446 | Razeghinejad & Spaeth - A History of the Surgical Management of Glaucoma | IVANTIS_SS_00001412 - IVANTIS_SS_00001420 | 00/00/2011 | H, 703 |
| DTX0447 | Pride et al. - Stent-Coil Treatment of a Distal Internal Carotid Artery Dissecting Pseudoaneurysm on a Redudant Loop by Use of a Flexible, Dedicated Nitinol Intracranial Stent | IVANTIS_SS_00457961 - IVANTIS_SS_00457965 | 2/00/2004 | H, 703, NS |
| DTX0448 | International Patent Publication No. 2009/042596 (Shay) | | 4/2/2009 | H, R, 403, MIL |
| DTX0449 | Hsu et al. - In Vitro of the Neuroform Microsetnt Using Transparent Human Intracranial Arteries | IVANTIS_SS_00457956 - IVANTIS_SS_00457960 | 12/21/2005 | H, 703, NS |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0450 | Usui et al. - Identification of Schlemm's Canal and Its Surrounding Tissues by Anterior Segment Fourier Domain Optical Coherence Tomography | IVANTIS_SS_00458050 - IVANTIS_SS_00458064 | 8/00/2011 | H, 703 |
| DTX0451 | Hydrus® Microstent MIGS Device _ Alcon Professional | | | |
| DTX0452 | Introduction Speech | SGHT0171280 - SGHT0171282 | | |
| DTX0453 | Invantis Optimal Surgical Implantation Techniques | IVANTIS_SS_00001053 | | |
| DTX0454 | FDA Title 21, Chapter I, Subchapter H, Part 801 | IVANTIS_SS_00458106 - IVANTIS_SS_00458107 | 4/1/2004 | A, R |
| DTX0455 | U.S. Patent No. 7,588,597 (Frid) | IVANTIS_SS_00458065 - IVANTIS_SS_00458071 | 9/15/2009 | H, R, 703, NS |
| DTX0456 | iStent inject Versus iStent: The iStent inject advantage | | 10/00/2019 | H, 703 |
| DTX0457 | iStent inject W: Billing and Coding Guide | | | H, 703, R |
| DTX0458 | Johnson, et al. Effects of a Schlemm canal scaffold on collector channel ostia in human anterior segments (Document Produced in Native Format) | SGHT0168158 | | F, 703 |
| DTX0459 | iStent rib.SLDPRT | IZATT_0000035 | | SW, 703, DAU, DEM, NS |
| DTX0460 | iStent tube.SLDPRT | IZATT_0000036 | | SW, 703, DAU, DEM, NS |
| DTX0461 | iStent with big ribs.SLDASM | IZATT_0000033 | | SW, 703, DAU, DEM, NS |
| DTX0462 | iStent with big ribs.SLDPRT | IZATT_0000034 | | SW, 703, DAU, DEM, NS |
| DTX0463 | istent.SLDASM | IZATT_0000038 | | SW, 703, DAU, DEM, NS |
| DTX0464 | Ithaca Pricing Scenario Workshop | IVANTIS_SS_00331626 - IVANTIS_SS_00331656 | 9/20/2021 | |
| DTX0465 | Ivantis - Hydrus Microstent Instructions for Use | IVANTIS_SS_00068254 - IVANTIS_SS_00068333 | | |
| DTX0466 | Ivantis Acquisition Info | IVANTIS_SS_00445917 - IVANTIS_SS_00445924 | 6/2/2023 | |
| DTX0467 | Ivantis Announces FDA Approval for its Innovative Hydrus Microstent Device for Minimally Invasive Glaucoma Surgery (MIGS) | IVANTIS_SS_00010599 - IVANTIS_SS_00010602 | 8/13/2018 | |
| DTX0468 | Ivantis ASCRS 2021 User Meeting Slide Deck | IVANTIS_SS_00206140 - IVANTIS_SS_00206145 | 10/12/2021 | |
| DTX0469 | Ivantis Assembly, Delivery System S00012 Rev E | IVANTIS_SS_00000335 - IVANTIS_SS_00000336 | 7/22/2016 | |
| DTX0470 | Ivantis Board Call Presentation | IVANTIS_SS_00468570 - IVANTIS_SS_00468617 | 12/10/2020 | 403, MIL |
| DTX0471 | Ivantis Board Call Presentation | IVANTIS_SS_00468619 - IVANTIS_SS_00468700 | 12/10/2020 | C/D, 403, MIL |
| DTX0472 | Hydrus Microstent Overview KOL Deck | IVANTIS_SS_00016705 - IVANTIS_SS_00016736 | | |
| DTX0473 | Hydrus Microstent - Delivering A New Confidence | IVANTIS_SS_0142860 | | |
| DTX0474 | Ivantis Clinical Evaluation Report (CER) for Hydrus Microstent CER 2021-01 | IVANTIS_SS_00251871 - IVANTIS_SS_00252057 | 3/18/2022 | |
| DTX0475 | Ivantis Clinical Evaluation Report (CER) for the Hydrus Microstent CER 2021-01 | IVANTIS_SS_00292669 - IVANTIS_SS_00292855 | | |

Sight Sciences, Inc. v. Ivantis, Inc., et al
C.A. No.: 21-1317-JLH-SRF

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0476 | Ivantis Consolidated Financial Statements and Independent Auditors' Report - FY 2017 and 2018 | IVANTIS_SS_00386940 - IVANTIS_SS_00386969 | 2/27/2023 | |
| DTX0477 | Ivantis Consolidated Financial Statements and Independent Auditors' Report - FY 2018 and 2019 | IVANTIS_SS_00386974 - IVANTIS_SS_00387002 | 2/27/2023 | |
| DTX0478 | Ivantis Consolidated Financial Statements and Independent Auditors' Report - FY 2019 and 2020 | IVANTIS_SS_00315926 - IVANTIS_SS_00315954 | 2/27/2023 | |
| DTX0479 | Ivantis Consolidated P&L Spreadsheet | IVANTIS_SS_00337117 | 3/6/2023 | |
| DTX0480 | Ivantis Daily Sales Report as of 04/06/22 | IVANTIS_SS_00252377 | | |
| DTX0481 | Ivantis Developing the Hydrus Microstent Slide Deck | IVANTIS_SS_00038428 - IVANTIS_SS_00038455 | | |
| DTX0482 | INTENTIONALLY LEFT BLANK | | | |
| DTX0483 | Ivantis DSR Spreadsheet | IVANTIS_SS_00223116 | 2/14/2022 | |
| DTX0484 | Ivantis DSR Spreadsheet | IVANTIS_SS_00227272 | 3/1/2022 | |
| DTX0485 | Ivantis DSR Spreadsheet | IVANTIS_SS_00231687 | 2/14/2022 | |
| DTX0486 | Ivantis DSR Spreadsheet | IVANTIS_SS_00231959 | 2/21/2022 | |
| DTX0487 | Ivantis DSR Spreadsheet | IVANTIS_SS_00232015 | 2/22/2022 | |
| DTX0488 | Ivantis DSR Spreadsheet | IVANTIS_SS_00276190 | 2/10/2022 | |
| DTX0489 | Ivantis DSR Spreadsheet | IVANTIS_SS_00277058 | 3/9/2022 | |
| DTX0490 | Ivantis DSR Spreadsheet | IVANTIS_SS_00315540 | 12/10/2020 | |
| DTX0491 | Ivantis Financial Update Slide Deck | IVANTIS_SS_00068400 - IVANTIS_SS_00068403 | 6/7/2018 | |
| DTX0492 | Ivantis Finished Device, Hydrus Microstent F00017 Rev H | IVANTIS_SS_00000648 - IVANTIS_SS_00000650 | 7/7/2017 | |
| DTX0493 | Ivantis Finished Device, Hydrus Microstent F00018 Rev L | IVANTIS_SS_00000998 - IVANTIS_SS_00001008 | 10/18/2019 | |
| DTX0494 | Ivantis Hydrus Microstent Glaucoma Surgical Treatment Modalities: Laser, Traditional, MIGS, Other | IVANTIS_SS_00008386 - IVANTIS_SS_00008483 IVANTIS_SS_00087473 - IVANTIS_SS_00087574 | | |
| DTX0495 | Plaintiff's Responses to Defendants' Fifth Set of Interrogatories (Nos. 22-25) | | 6/29/2023 | |
| DTX0496 | Ivantis Hydrus Microstent Instructions for Use C00256 Rev A.1 | IVANTIS_SS_00469997 - IVANTIS_SS_00470017 | 8/00/2018 | |
| DTX0497 | INTENTIONALLY LEFT BLANK | | | |
| DTX0498 | Ivantis Hydrus Microstent Instructions for Use C00256 Rev C | IVANTIS_SS_00056891 - IVANTIS_SS_00056917 | 9/00/2021 | |
| DTX0499 | Ivantis Hydrus Microstent Patient Information Brochure C00260 Rev. A | IVANTIS_SS_00071392 - IVANTIS_SS_00071401 | 8/00/2018 | |
| DTX0500 | Ivantis Hydrus Microstent Patient Information Brochure C00260 Rev. X3 | IVANTIS_SS_00470477 - IVANTIS_SS_00470486 | 8/00/2018 | |
| DTX0501 | Lausmaa - Mechanical, Thermal, Chemical and Electrochemical Surface Treatment of Titanium | IVANTIS_SS_00457974 - IVANTIS_SS_00458011 | 00/00/2001 | R, H, 403, A, F |
| DTX0502 | Ivantis Test Report, Non-Destructive Functional Single Radius Hydrus: TR-0058 | IVANTIS_SS_00371837 - IVANTIS_SS_00371863 | 7/1/2011 | R, H, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0503 | US Securities and Exchange Commission | IVANTIS_SS_00456192 - IVANTIS_SS_00456195 | 6/8/2023 | R, 403, MIL, M |
| DTX0504 | Ivantis Implant, 8mm, Side Interlock C00151 Rev H | IVANTIS_SS_00000621 - IVANTIS_SS_00000625 | 5/9/2017 | F, H, DAU |
| DTX0505 | Ivantis Implant, 8mm, Side Interlock C00151 Rev I | IVANTIS_SS_00000721 - IVANTIS_SS_00000725 | 10/11/2018 | F, H, DAU |
| DTX0506 | Ivantis Inc. Assembly, Delivery System S00012 Rev C | IVANTIS_SS_00016417 | 5/17/2013 | F, R, H |
| DTX0507 | Ivantis Inc. US Revenue & Units Sold For the Period August 1, 2018 to January 16, 2018 | IVANTIS_SS_00042565 | | F, A |
| DTX0508 | Ivantis Inc. US Revenue & Units Sold For the Period August 1, 2018 to October 31, 2018 | IVANTIS_SS_00041865 | | F, A |
| DTX0509 | Ivantis Integration & Hydrus Acceleration Plan ELT update | IVANTIS_SS_00224461 - IVANTIS_SS_00224483 | 7/21/2022 | R, H, 403 |
| DTX0510 | Zhou & Smedley - A Trabecular Bypass Flow Hypothesis | IVANTIS_SS_00026860 - IVANTIS_SS_00026869 | 2/00/2005 | R, H, 403, F |
| DTX0511 | Ivantis Minimally Invasive Glaucoma Stent - Chapter IV: Overview of Product Development Process & Results | IVANTIS_SS_00249445 - IVANTIS_SS_00249498 | 6/6/2007 | F, H, R |
| DTX0512 | Ivantis Model Discussion - Outline Slide Deck | IVANTIS_SS_00457776 - IVANTIS_SS_00457803 IVANTIS_SS_00209794 - IVANTIS_SS_00209821 | | F, H, R, 403 |
| DTX0513 | Ivantis Original Investigational Device Examption (IDE) Application, dated March 1, 2011 | IVANTIS_SS_00074761 - IVANTIS_SS_00074848 | | F, H |
| DTX0514 | Ivantis Overview Slide Deck | IVANTIS_SS_00081646 - IVANTIS_SS_00081772 IVANTIS_SS_00091343 - IVANTIS_SS_00091484 IVANTIS_SS_00087150 - IVANTIS_SS_00087183 | 7/18/2017 | F, H |
| DTX0515 | Ivantis Patent Assignment Agreement | IVANTIS_SS_00025036 - IVANTIS_SS_00025055 | 9/23/2018 | R, 403 |
| DTX0516 | Ivantis PMA Shell M160024/M003 Hydrus Microstent Volume II of VII | IVANTIS_SS_00094803 - IVANTIS_SS_00095080 | | F, H |
| DTX0517 | Ivantis PMA Shell M160024/M003 Hydrus Microstent Volume V of VII | IVANTIS_SS_00097709 - IVANTIS_SS_00097841 | | F, H |
| DTX0518 | Ivantis Presentation | IVANTIS_SS_00376012 - IVANTIS_SS_00376051 | | F, H |
| DTX0519 | Ivantis Presentation | IVANTIS_SS_00459424 - IVANTIS_SS_00459538 | | F, H |
| DTX0520 | Ivantis Pre-Submission for the Ivantis Hydrus Microstent - Q!160434 Briefing Document for June 9, 2016 Meeting | IVANTIS_SS_00186440 - IVANTIS_SS_00186594 | | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

Defendants' Trial Exhibit List

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0521 | Ivantis Reimbursement Update Slide Deck | IVANTIS_SS_00160640 - IVANTIS_SS_00160652 | | F, H, R |
| DTX0522 | Ivantis Rotating Rack Gear C00146 Rev E | IVANTIS_SS_00000653 - IVANTIS_SS_00000656 | 9/25/2017 | F, H, R |
| DTX0523 | Ivantis Sales and Gross Margin Spreadsheet | IVANTIS_SS_00446196 | 6/8/2023 | F, H |
| DTX0524 | Ivantis Sales by Customer Spreadsheet | IVANTIS_SS_00446195 | 6/13/2023 | F, H |
| DTX0525 | Ivantis Side Catch Interlock C00170 Rev A | IVANTIS_SS_00000176 - IVANTIS_SS_00000180 | 8/13/2012 | F, H, R |
| DTX0526 | Ivantis Side Catch Interlock C00170 Rev B | IVANTIS_SS_00000186 - IVANTIS_SS_00000190 | 11/19/2012 | F, H, R |
| DTX0527 | Ivantis Side Catch Interlock C00170 Rev C | IVANTIS_SS_00000191 - IVANTIS_SS_00000195 | 12/3/2012 | F, H, R |
| DTX0528 | Ivantis Side Catch Interlock C00170 Rev D | IVANTIS_SS_00000272 - IVANTIS_SS_00000276 | 11/10/2014 | F, H, R |
| DTX0529 | Ivantis Side Catch Interlock C00170 Rev E | IVANTIS_SS_00000277 - IVANTIS_SS_00000281 | 2/16/2015 | F, H, R |
| DTX0530 | Ivantis Side Catch Interlock C00170 Rev F | IVANTIS_SS_00000293 - IVANTIS_SS_00000297 | 10/15/2015 | F, H, R |
| DTX0531 | Ivantis Side Catch Interlock C00170 Rev G | IVANTIS_SS_00000659 - IVANTIS_SS_00000663 | 10/20/2017 | F, H, R |
| DTX0532 | Ivantis Side Catch Interlock C00170 Rev H | IVANTIS_SS_00000664 - IVANTIS_SS_00000668 | 1/17/2018 | F, H, R |
| DTX0533 | Ivantis Side Catch Interlock C00170 Rev X1 | IVANTIS_SS_00000148 - IVANTIS_SS_00000152 | 1/17/2012 | F, H, R |
| DTX0534 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev B | IVANTIS_SS_00000143 | 10/28/2011 | F, H |
| DTX0535 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev B | IVANTIS_SS_00000147 | 1/5/2012 | F, H |
| DTX0536 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev C | IVANTIS_SS_00000173 | 5/24/2012 | F, H |
| DTX0537 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev D | IVANTIS_SS_00000185 | 10/12/2012 | F, H |
| DTX0538 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev X1 | IVANTIS_SS_00000141 | 9/14/2011 | F, H |
| DTX0539 | Ivantis Side Interlock Cannula Hub Assembly S00009 Rev X2 | IVANTIS_SS_00000142 | 9/26/2011 | F, H |
| DTX0540 | Ivantis Side Interlock Cannula Hub Assembly S00025 Rev X1 | IVANTIS_SS_00000238 - IVANTIS_SS_00000240 | 1/14/2014 | F, H |
| DTX0541 | Ivantis Side Interlock Rack Assembly S00010 Rev A | IVANTIS_SS_00000144 - IVANTIS_SS_00000145 | 11/7/2011 | F, H |
| DTX0542 | Ivantis Side Interlock Rack Subassembly S00010 Rev C | IVANTIS_SS_00000327 - IVANTIS_SS_00000328 | 3/3/2016 | F, H |
| DTX0543 | Ivantis Side Interlock Rack Subassembly S00010 Rev D | IVANTIS_SS_00000714 - IVANTIS_SS_00000715 | 8/8/2018 | F, H |
| DTX0544 | Ivantis Side Interlock Rack Subassembly S00010 Rev E | IVANTIS_SS_00000726 - IVANTIS_SS_00000727 | 11/1/2018 | F, H |
| DTX0545 | Ivantis Subassembly, Cannula Hub S00004 Rev E | IVANTIS_SS_00000402 - IVANTIS_SS_00000404 | 8/4/2016 | F, H |

Sight Sciences, Inc. v. Ivantis, Inc., et al
C.A. No.: 21-1317-JLH-SRF

Defendants' Trial Exhibit List

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0546 | Ivantis Subassembly, Rotating Rack Gear C00005 Rev G | IVANTIS_SS_00000409 - IVANTIS_SS_00000412 | 8/4/2016 | F, H |
| DTX0547 | Ivantis Subassembly, Sterile, Hydrus Microstent S00007 Rev J | IVANTIS_SS_00000496 - IVANTIS_SS_00000499 | 7/26/2016 | F, H |
| DTX0548 | Ivantis Subassembly, Sterile, Hydrus Microstent S00013 Rev K | IVANTIS_SS_00000837 - IVANTIS_SS_00000840 | 7/12/2019 | F, H |
| DTX0549 | Ivantis Subassembly; Push Tube S00006 Rev B | IVANTIS_SS_00000405 - IVANTIS_SS_00000408 | 8/5/2016 | F, H |
| DTX0550 | Letter from Invantis to USFDA re Hydrus Microstent Premarket Approval Application PMA Shell Number M160024/M001 | IVANTIS_SS_00019129 - IVANTIS_SS_00019373 | 3/21/2017 | F, H |
| DTX0551 | U.S. Patent No. 8,540,761 (Rabkin) | IVANTIS_SS_00458072 - IVANTIS_SS_00458100 | 9/24/2013 | F, R, 403 |
| DTX0552 | Ivantis The Idea Slide Deck | IVANTIS_SS_0004973 - IVANTIS_SS_0005008 | 8/6/2018 | F, H |
| DTX0553 | Ivantis Tongue Cannula C00144 Rev A | IVANTIS_SS_00000146 | 10/27/2011 | F, H |
| DTX0554 | Ivantis Tongue Cannula C00144 Rev B | IVANTIS_SS_00000174 - IVANTIS_SS_00000175 | 8/7/2012 | F, H |
| DTX0555 | Ivantis Tongue Cannula C00144 Rev C | IVANTIS_SS_00000204 - IVANTIS_SS_00000205 | 4/16/2013 | F, H |
| DTX0556 | Ivantis Tongue Cannula C00144 Rev D | IVANTIS_SS_00000206 - IVANTIS_SS_00000207 | 5/3/2013 | F, H |
| DTX0557 | Ivantis Tongue Cannula C00144 Rev E | IVANTIS_SS_00000227 - IVANTIS_SS_00000228 | 8/29/2013 | F, H |
| DTX0558 | Ivantis Tongue Cannula C00144 Rev F | IVANTIS_SS_00000298 - IVANTIS_SS_00000300 | 10/15/2015 | F, H |
| DTX0559 | Ivantis Tongue Cannula C00144 Rev G | IVANTIS_SS_00000332 - IVANTIS_SS_00000334 | 4/18/2016 | F, H |
| DTX0560 | Ivantis Tongue Cannula C00144 Rev H | IVANTIS_SS_00000642 - IVANTIS_SS_00000644 | 6/27/2017 | F, H |
| DTX0561 | Ivantis Tongue Cannula C00144 Rev X1 | IVANTIS_SS_00000068 | 3/15/2011 | F, H |
| DTX0562 | Ivantis Tongue Cannula C00144 Rev X2 | IVANTIS_SS_00000130 | 7/21/2011 | F, H |
| DTX0563 | Ivantis Transport Tube with Locking Slot C00011 Rev E | IVANTIS_SS_00000391 - IVANTIS_SS_00000394 | 7/28/2016 | F, H, R |
| DTX0564 | Ivantis Device and Delivery System Presentation | IVANTIS_SS_00446894 - IVANTIS_SS_00446918 | 4/11/2008 | F, H |
| DTX0565 | Ivantis Truss 2 Clock C00072 Rev A | IVANTIS_SS_00017530 - IVANTIS_SS_00017533 | 4/14/2009 | F, H |
| DTX0566 | Memry Products and Services - Nitinol Product Information | IVANTIS_SS_00458101 - IVANTIS_SS_00458105 | | F, H, R, A |
| DTX0567 | Ivantis Truss 3 Clock C00009 Rev E | IVANTIS_SS_00017901 - IVANTIS_SS_00017904 | 4/2/2009 | F, H |

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0568 | Ivantis Truss 5 Clock C00002 Rev F | IVANTIS_SS_00016650 - IVANTIS_SS_00016653 | 4/23/2009 | F, H |
| DTX0569 | Ivantis Truss 8mm Low Profile C00151 Rev C | IVANTIS_SS_00000166 - IVANTIS_SS_00000170 | 5/21/2012 | F, H, DAU |
| DTX0570 | Allingham, R. et al, Schlemm's Canal and Primary Open Angle Glaucoma: Correlation Between Schlemm's Canal Dimensions and Outflow Facility | SGHT0171198 | 6/12/1995 | F, H, R, 403 |
| DTX0571 | Ivantis Truss 8mm LP One Heat Set Curve C00151 Rev A | IVANTIS_SS_00000069 - IVANTIS_SS_00000072 | 3/22/2011 | F, H, DAU |
| DTX0572 | Ivantis Truss, 3 Clock Low Profile C00109 Rev A | IVANTIS_SS_00000033 - IVANTIS_SS_00000036 | 12/17/2009 | F, H |
| DTX0573 | Khng & Osher - Evaluation of the Relationship between Corneal Diameter and Lens Diameter | IVANTIS_SS_00457951 - IVANTIS_SS_00457955 | 00/00/2008 | F, H, R, 403 |
| DTX0574 | Ivantis Truss, 3 Clock Low Profile C00109 Rev C | IVANTIS_SS_00000135 - IVANTIS_SS_00000138 | 8/15/2011 | F, H, DAU |
| DTX0575 | Ivantis Tubing, 2nd Gen Interlocking Push C00035 Rev F | IVANTIS_SS_00000383 - IVANTIS_SS_00000386 | 7/28/2016 | F, H |
| DTX0576 | Arvo2012 Abstract Search & Itinerary Builder | SGHT0131812 | 5/8/2012 | F, H, R, 403 |
| DTX0577 | Meyer Rebuttal Attachment 5.3 | | | H, 703 |
| DTX0578 | Ivantis, Hydrus Microstent & The Cleveland Clinic Cole Eye Institute Presentation | IVANTIS_SS_00469133 - IVANTIS_SS_00469165 | | F, H |
| DTX0579 | Ivantis, Marketing Asset Information, Hydrus Microstent Animation | IVANTIS_SS_00099489 - IVANTIS_SS_00099490 | 11/20/2020 | F, H, R |
| DTX0580 | Ivantis, Proposed 2022 Fee Schedule for New Category 1 Codes | IVANTIS_SS_00289520 - IVANTIS_SS_00289550 | | F, H |
| DTX0581 | Gulati, Vikas, Shan, Fan, et al., A Novel 8-mm Schlemm's Canal Scaffold Reduces Outflow Resistance in a Human Anterior Segment Perfusion Model | SGHT0006507 - SGHT0006513 | 3/00/2013 | F, H, 403 |
| DTX0582 | Ivantis, A Safety Study to Evaluate the Hydrus Aqueous Truss, An Implantable Medical Device to Lower Intraocular Pressure in Patients with Refactory, End-Stage, Open Angle Glaucoma (Protocol H-0509) | IVANTIS_SS_00363461 - IVANTIS_SS_00363498 | 11/19/2008 | F, H, 403 |
| DTX0583 | Jampel et al. - Effect of Technique on Intraocular Pressure after Combined Cataract and Glaucoma Surgery: An Evidence-based Review | IVANTIS_SS_00387547 - IVANTIS_SS_00387556 | 8/14/2002 | F, H, R, 403 |
| DTX0584 | Moved to Joint Exhibit List | | | |
| DTX0585 | Abu-Hassan et al. - The Trabecular Meshwork: A Basic Review of Form and Function | IVANTIS_SS_00457929 - IVANTIS_SS_00457950 | 5/00/2014 | F, H, R, 403 |
| DTX0586 | Weinreb & Khaw - Primary open-angle glaucoma | IVANTIS_SS_00458110 - IVANTIS_SS_00458119 | 5/22/2004 | F, H, R, 403 |
| DTX0587 | Johnson & Jampel - Intraocular Pressure following Prerandomization glaucoma medication wash out in the HORIZON and COMPASS trial | | 00/00/2020 | H, 703 |
| DTX0588 | Johnson & Kamm - The Role of Schlemm's Canal in Aqueous Outflow from the Human Eye | IVANTIS_SS_00387456 - IVANTIS_SS_00387461 | 11/23/1981 | F, H, R, 403 |
| DTX0589 | Brubaker - Goldmann's equation and clinical measures of aqueous dynamics | IVANTIS_SS_00458120 - IVANTIS_SS_00458124 | 7/22/2003 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
C.A. No.: 21-1317-JLH-SRF

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0590 | Ivantis, The Hydrus Implant European Randomized Controlled Trial: A Prospective, Multicenter, Randomized Controlled Trial to Evaluate the Safety and Effectiveness of the Hyrdrus Implant for Lowering Intraocular Pressure in Glaucoma Patients Undergoing Cataract Surgery (Protocol CP-10-001) | IVANTIS_SS_00366837 - IVANTIS_SS_00366889 | 7/13/2010 | F, H |
| DTX0591 | Patent Application for Intraocular Implants and Methods and Kits Therefor 12,695,053 | SGHT0000001 - SGHT0000181 | 1/27/2010 | |
| DTX0592 | Johnstone - Aqueous Outflow: The Case for a New Model | IVANTIS_SS_00387535 - IVANTIS_SS_00387540 | 9/1/2007 | F, H, R, 403, A, 703 |
| DTX0593 | Johnson - Trabecular Meshwork and Uveoscleral Outflow Models | IVANTIS_SS_00387494 - IVANTIS_SS_00387482 IVANTIS_SS_00387464 - IVANTIS_SS_00387482 | 3/289/2005 | F, H, R, 403, A, 703 |
| DTX0594 | Johnstone et al. - Effect of Schlemm's canal microstent on collector channel ostia in human anterior segments | IVANTIS_SS_00157529 - IVANTIS_SS_00157535 | 12/24/2013 | H |
| DTX0595 | Jones et al. - Results from the Unites States Cohort of the Horizon trial of a Schlemm canal microstent to reduce intraocular pressure in primary open-angle glaucoma | | 00/00/2019 | H, 703 |
| DTX0596 | K080067 510(k) Summary | IVANTIS_SS_00469560 - IVANTIS_SS_00469565 | 7/18/2008 | F, H, R, 403 |
| DTX0597 | Kahook Dual Blade (New World Medical) | | | F, H, R, U |
| DTX0598 | Institute for Basic Science - Schlemm's Canal Position Inside the Eye Image | IVANTIS_SS_00458108 - IVANTIS_SS_00458109 | | F, H, Q, A |
| DTX0599 | Laroche et al. - Clear Lensectomy with Hydrus Stent in Black and Afro-Latino Patients: A 1-Year Retrospective Study | | 00/00/2022 | H, 703 |
| DTX0600 | Laroche et al. - Clear lensectomy, goniosynechialysis and Hydrus microstent in a patient with mixed mechanism glaucoma | | 00/00/2020 | H, 703 |
| DTX0601 | Laroche et al. - Real world efficacy of the Hydrus microstent in Black and Afro-LatinX patients with glaucoma: a retrospective study | | 00/00/2020 | H, 703 |
| DTX0602 | Laspas et al. - Three-Year Results of Hydrus Microstent with Phacoemulsification | | 00/00/2019 | H, 703 |
| DTX0603 | SMST-2003: Proceedings of the International Conference on Shape Memory and Superelastic Technologies | | 5/8/2003 | F, H, 403 |
| DTX0604 | Lee et al. - Combined phacoemulsification and microinvasive glaucoma surgery in comparison to phacoemulsification alone for open angle glaucoma | | 00/00/2019 | H, 703 |
| DTX0605 | Letter from Dave Van Meter to Valued Customer re lawsuit Sight Sciences filed against Ivantis and Hydrus Microstent | IVANTIS_SS_00219395 | 9/22/2021 | H |
| DTX0606 | Letter from FDA to Sight Sciences re Section 510(k) Premarket Notification - K171905 | IVANTIS_SS_00469589 - IVANTIS_SS_00469595 | 7/27/2017 | F, R, 403 |
| DTX0607 | Letter from FDA to Sight Sciences re Section 510(k) Premarket Notification - K173332 | IVANTIS_SS_00469655 - IVANTIS_SS_00469665 | 12/21/2017 | F, R, 403 |
| DTX0608 | Letter from FDA to Sight Sciences re Section 510(k) Premarket Notification - K201953 | IVANTIS_SS_00469645 - IVANTIS_SS_00469654 | | F, R, 403 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0609 | Letter from FDA to Sight Sciences re Section 510(k) Premarket Notification - K202678 | IVANTIS_SS_00469517 - IVANTIS_SS_00469532 SGHT0167487 - SGHT0167501 | 3/1/2021 | F, R, 403 |
| DTX0610 | Letter from H. Spencer re Hydrus Microstent Premarket Approval Application PMA Shell Number: M160024/M003 | IVANTIS_SS_00094486 | 7/13/2017 | F, H, DAU |
| DTX0611 | Letter from H. Spencer re Q10085/A001 - Ivantis Hydrus Microstent | IVANTIS_SS_00101122 - IVANTIS_SS_00101148 | 3/21/2018 | F, H |
| DTX0612 | Plaintiff's First Supplemental Response to Defendants' First Set of Interrogatories (Nos. 1-7) | | 8/23/2022 | F, H, 403 |
| DTX0613 | Plaintiff's Objections and Responses to Defendants Second Set of Requests for Admission (3-50) | | 6/29/2023 | F, H, 403 |
| DTX0614 | Letter from P. Badawi to Sight Sciences Shareholders re update on developments | SGHT0026411 - SGHT0026414 | 4/27/2012 | F, 403 |
| DTX0615 | Letter from T. Wong re GN27 for Hydrus Implant, Ivantis | IVANTIS_SS_00079479 - IVANTIS_SS_00079480 | 2/10/2019 | F, A, H, 403 |
| DTX0616 | Letter from the FDA to Sight Sciences re PMA | IVANTIS_SS_00068211 - IVANTIS_SS_00068216 | 8/10/2018 | F, H |
| DTX0617 | Presentation for Sight Sciences, Inc | SGHT0030594 - SGHT0030643 | 8/00/2010 | F, H, 403 |
| DTX0618 | Letter re Hydrus Microstent Premarket Approval Application PMA Shell Number M160024/M001, dated March 21, 2017 | IVANTIS_SS_00188361 - IVANTIS_SS_00188605 | | F, H, Q |
| DTX0619 | Letter re P170034 Hudrus Microstent, dated August 10, 2018 | IVANTIS_SS_00238872 - IVANTIS_SS_00238877 | | F, H |
| DTX0620 | Letter to B. Trauthen re G110048/A2 Hydrus Agueous Implant, dated October 20, 2011 | IVANTIS_SS_00254601 - IVANTIS_SS_00254612 | | F, H, Q |
| DTX0621 | Letter to D. Fernquist from FDA re Glaukos iStent Trabecular Micro-Bypass Stent | SGHT0170452 - SGHT0170457 | 6/25/2012 | F, H, R, 403 |
| DTX0622 | Letter to Sight Sciences from the FDA re Section 510(k) Premarket Notification | | 12/21/2017 | F, R, 403 |
| DTX0623 | Shrestha et al. - Coronary Artery Stents: From the Beginning to the Present | IVANTIS_SS_00458037 - IVANTIS_SS_00458049 | 10/9/2019 | F, H, R, 403 |
| DTX0624 | Levin & Peeples - History of Neuroprotection and Rationale as a Therapy for Glaucoma | IVANTIS_SS_00387435 - IVANTIS_SS_00387438 | 2/00/2008 | F, H, R, 403 |
| DTX0625 | Lexology 2022 U.S. Patent Filings Statistics | IVANTIS_SS_00471012 - IVANTIS_SS_00471013 | 1/18/2023 | F, A, H, R, 403, Q |
| DTX0626 | Primary Open-Angle Glaucoma PPP, https://www.aao.org/Assets/918cbaf0-5c99-4ba7-b356-032dfa293655/637454462248530000/primary-open-angle-glaucoma-ppp-pdf | IVANTIS_SS_00471132 - IVANTIS_SS_00471211 | | F, H, R, 403, 703 |
| DTX0627 | Prielipp et al. - Stents, Stents, Everywhere - Now Even in the Brain! | IVANTIS_SS_00457966 - IVANTIS_SS_00457973 | 00/00/2007 | F, A, H, R, 403 |
| DTX0628 | Lowering Your Eye Pressure May Be Easier Than You Imagined | IVANTIS_SS_00323981 - IVANTIS_SS_00323984 | | F, H, Q |
| DTX0629 | Lynch 197.SLDASM | IZATT_0000006 | | SW, 703, DAU, DEM, NS |
| DTX0630 | Lynch 197.SLDPRT | IZATT_0000007 | | SW, 703, DAU, DEM, NS |
| DTX0631 | Lynch 334 mesh strips CCW.SLDPRT | IZATT_0000048 | | SW, 703, DAU, DEM, NS |
| DTX0632 | Lynch 334 mesh strips CW.SLDPRT | IZATT_0000047 | | SW, 703, DAU, DEM, NS |

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0633 | Lynch 334 rib.SLDPRT | IZATT_0000024 | | SW, 703, DAU, DEM, NS |
| DTX0634 | Lynch 334 tube.SLDPRT | IZATT_0000023 | | SW, 703, DAU, DEM, NS |
| DTX0635 | Lynch 334 with mesh.SLDASM | IZATT_0000049 | | SW, 703, DAU, DEM, NS |
| DTX0636 | Lynch 334 with ribs.SLDASM | IZATT_0000025 | | SW, 703, DAU, DEM, NS |
| DTX0637 | Lynch 984 mesh strips CCW.SLDPRT | IZATT_0000044 | | SW, 703, DAU, DEM, NS |
| DTX0638 | Lynch 984 mesh strips CW.SLDPRT | IZATT_0000045 | | SW, 703, DAU, DEM, NS |
| DTX0639 | Lynch 984 tube D=3mm r=3mm with fenestration.SLDPRT | IZATT_0000031 | | SW, 703, DAU, DEM, NS |
| DTX0640 | Lynch 984 tube r=3mm.SLDPRT | IZATT_0000029 | | SW, 703, DAU, DEM, NS |
| DTX0641 | Lynch 984 with fenestration different radii.SLDASM | IZATT_0000032 | | SW, 703, DAU, DEM, NS |
| DTX0642 | Lynch 984 with mesh different radii.SLDASM | IZATT_0000046 | | SW, 703, DAU, DEM, NS |
| DTX0643 | Lynch 984 with mesh matching radii.SLDASM | IZATT_0000043 | | SW, 703, DAU, DEM, NS |
| DTX0644 | Lynch 984 with ribs different radii.SLDASM | IZATT_0000026 | | SW, 703, DAU, DEM, NS |
| DTX0645 | Lynch 984 with ribs same radii.SLDASM | IZATT_0000030 | | SW, 703, DAU, DEM, NS |
| DTX0646 | MAC Payment Grid Spreadsheet | IVANTIS_SS_00112745 | 11/00/2018 | F, A, H, 403, 703 |
| DTX0647 | INTENTIONALLY LEFT BLANK | | | |
| DTX0648 | Mamalis - Combined surgical treatment of cataract and glaucoma | IVANTIS_SS_00387517 - IVANTIS_SS_00387518 | 7/00/2007 | F, H, R, 403, 703 |
| DTX0649 | Management Budget spreadsheet | SGHT0165774 | | F, R, 403, 703 |
| DTX0650 | Manual of Patent Examining Procedure Chapter 600  Parts, Form, and Content of Application | | | F, 403, 703, DAU |
| DTX0651 | Market Dynamics | IVANTIS_SS_00225864 - IVANTIS_SS_00225891 | | F, H, Q |
| DTX0652 | Market Opportunity and Landscape Assessment for MIGS Devices | IVANTIS_SS_00204037 | 4/16/2021 | F, H, 403, Q |
| DTX0653 | Market Scope 2010 Comprehensive Report on The Glaucoma Surgical Device Market | IVANTIS_SS_00306504 - IVANTIS_SS_00306631 | 8/00/2010 | F, H, 403 |
| DTX0654 | Market Scope 2011 Comprehensive Report on The Glaucoma Surgical Device Market | IVANTIS_SS_00306632 - IVANTIS_SS_00306809 | 11/00/2011 | F, H, 403 |
| DTX0655 | Market Scope 2012 Comprehensive Report on The Global Glaucoma Surgical Device Market | IVANTIS_SS_00306810 - IVANTIS_SS_00307012 | 9/00/2012 | F, H, 403 |
| DTX0656 | Market Scope 2013 Comprehensive Report on The Global Glaucoma Surgical Device Market | IVANTIS_SS_00307013 - IVANTIS_SS_00307251 | 8/00/2013 | F, H, 403 |
| DTX0657 | Market Scope 2014 Comprehensive Report on The Global Glaucoma Surgical Device Market | IVANTIS_SS_00307252 - IVANTIS_SS_00307535 | 8/00/2014 | F, H |
| DTX0658 | Market Scope 2015 Comprehensive Report on The Glaucoma Surgical Device Market | IVANTIS_SS_00304862 - IVANTIS_SS_00305151 | 8/00/2015 | F, H |
| DTX0659 | Market Scope 2016 Glaucoma Surgical Device Report: A Global Market Analysis for 2015 to 2021 | IVANTIS_SS_00305319 - IVANTIS_SS_00305614 | 8/00/2016 | F, H |
| DTX0660 | Market Scope 2017 Glaucoma Surgical Device Report: A Global Market Analysis for 2016 to 2022 | IVANTIS_SS_00281051 - IVANTIS_SS_00281344 | 10/23/2017 | F, H |
| DTX0661 | Market Scope 2017 Glaucoma Surgical Device Report: A Global Market Analysis for 2016 to 2022 | IVANTIS_SS_00283368 - IVANTIS_SS_00283661 | 6/11/2018 | F, H |
| DTX0662 | Market Scope 2017 Glaucoma Surgical Device Report: A Global Market Analysis for 2016 to 2022 | IVANTIS_SS_00305615 - IVANTIS_SS_00305908 | 8/00/2017 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0663 | Market Scope 2018 IOL Report: A Global Market Analysis for 2017 to 2023 | SGHT0130969 - SGHT0131359 SGHT0131360 - SGHT0131750 | 04/00/2018 | F, H |
| DTX0664 | Market Scope 2019 Glaucoma Surgical Device Market Report A Global Analysis for 2018 to 2024 | SGHT0153032 - SGHT0153423 | 8/00/2019 | F, H |
| DTX0665 | Market Scope 2019 Glaucoma Surgical Device Market Report: A Global Analysis for 2018 to 2024 | IVANTIS_SS_00013627 - IVANTIS_SS_00013929 IVANTIS_SS_00306201 - IVANTIS_SS_00306503 | 08/00/2019 | F, H |
| DTX0666 | Market Scope 2020 Glaucoma Surgical Device Market Report A Global Analysis for 2019 to 2025 | SGHT0153424 - SGHT0153783 | 8/00/2020 | F, H |
| DTX0667 | Market Scope 2020 Glaucoma Surgical Device Market Report: A Global Analysis for 2019 to 2025 | IVANTIS_SS_00015317 - IVANTIS_SS_00015628 | 08/00/2020 | F, H |
| DTX0668 | Market Scope 2021 Glaucoma Surgical Device Market Report Global Analysis for 2020 to 2026 | SGHT0153784 - SGHT0154103 | 7/00/2021 | F, H |
| DTX0669 | Market Scope 2021 Glaucoma Surgical Device Market Report: Global Analysis for 2020 to 2026 | IVANTIS_SS_00015772 - IVANTIS_SS_00016091 SGHT0145614 - SGHT0145933 | 07/00/2021 | F, H |
| DTX0670 | Market Scope 2021 Glaucoma Surgical Device Market Report: Global Analysis for 2020 to 2026 | SGHT0041068 - SGHT0041387 | 7/00/2021 | F, H |
| DTX0671 | Market Scope 2022 Glaucoma Surgical Device Market Report - Global Analysis for 2021 to 2027 | IVANTIS_SS_00321901 - IVANTIS_SS_00322201 | 9/13/2022 | F, H |
| DTX0672 | Market Scope 2022 Glaucoma Surgical Device Market Report - Global Analysis for 2021 to 2027 | SGHT0145935 - SGHT0146235 SGHT0145224 - SGHT0145524 SGHT0146237 - SGHT0146537 | 8/00/2022 | F, H |
| DTX0673 | Market Scope 2022 Glaucoma Surgical Device Market Report - Global Analysis for 2021 to 2027 | SGHT0154104 - SGHT0154404 | 8/00/2022 | F, H |
| DTX0674 | Market Scope Glaucoma Quarterly Update Q1 - 2015 | IVANTIS_SS_00304815 - IVANTIS_SS_00304837 | | F, H |
| DTX0675 | Market Scope Glaucoma Quarterly Update Q1 - 2016 | IVANTIS_SS_00304516 - IVANTIS_SS_00304538 | | F, H |
| DTX0676 | Market Scope Glaucoma Quarterly Update Q1 - 2017 | IVANTIS_SS_00304605 - IVANTIS_SS_00304627 | | F, H |
| DTX0677 | Market Scope Glaucoma Quarterly Update Q1 - 2018 | IVANTIS_SS_00304491 - IVANTIS_SS_00304515 | 4/00/2018 | F, H |
| DTX0678 | Market Scope Q3 2020 | IVANTIS_SS_00025462 | | F, H, A |
| DTX0679 | Market Scope US Cataract Quarterly Update: Q3 - 2019 Analysis of Historical Trends and Latest Developments | SGHT0044025 - SGHT0044061 | 11/00/2019 | F, H |
| DTX0680 | Market Scope US Glaucoma Q4 2020 Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0043645 - SGHT0043673 | 1/28/2021 | F, H |
| DTX0681 | Market Scope US Glaucoma Quarterly Update: Q1 - 2019 | IVANTIS_SS_00212945 - IVANTIS_SS_00212968 | 4/25/2019 | F, H |

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0682 | Market Scope US Glaucoma Quarterly Update: Q1 - 2019 | IVANTIS_SS_00268212 - IVANTIS_SS_00268235 | 8/25/2020 | F, H |
| DTX0683 | Market Scope US Glaucoma Quarterly Update: Q1 - 2019 | IVANTIS_SS_00349401 - IVANTIS_SS_00349424 | 4/00/2019 | F, H |
| DTX0684 | Market Scope US Glaucoma Quarterly Update: Q1 - 2019 | IVANTIS_SS_00349822 - IVANTIS_SS_00349845 | 4/00/2019 | F, H |
| DTX0685 | Market Scope US Glaucoma Quarterly Update: Q1 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00215326 - IVANTIS_SS_00215351 | 7/13/2020 | F, H |
| DTX0686 | Market Scope US Glaucoma Quarterly Update: Q1 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0016955 - SGHT0016980 | 4/00/2020 | F, H |
| DTX0687 | Meyer Rebuttal Attachment 14 | | | H, 703, BE |
| DTX0688 | Meyer Rebuttal Attachment 13.1 | | | H, 703 |
| DTX0689 | Market Scope US Glaucoma Quarterly Update: Q1 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00118311 - IVANTIS_SS_00118336 | 7/13/2020 | F, H |
| DTX0690 | Market Scope US Glaucoma Quarterly Update: Q1 - 2021 Analysis of Historical Trends and Latest Develeopments | IVANTIS_SS_00120606 - IVANTIS_SS_00120634, IVANTIS_SS_00291932 - IVANTIS_SS_00291960 | 04/00/2021 | F, H |
| DTX0691 | Ab Interno Delivery System Design History Summary | IVANTIS_SS_00387684 - IVANTIS_SS_00387685 | | F, H, 403 |
| DTX0692 | Meyer Rebuttal Attachment 13 | | | H, 703, BE |
| DTX0693 | Market Scope US Glaucoma Quarterly Update: Q1 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0016982 - SGHT0017010 | 4/00/2021 | F, H |
| DTX0694 | Market Scope US Glaucoma Quarterly Update: Q1 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0047679 - SGHT0047707 | 4/00/2021 | F, H |
| DTX0695 | Meyer Rebuttal Attachment 12 | | | H, 703 |
| DTX0696 | Market Scope US Glaucoma Quarterly Update: Q1 - 2022 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00230112 - IVANTIS_SS_00230140 | 5/13/2022 | F, H |
| DTX0697 | Market Scope US Glaucoma Quarterly Update: Q1 - 2022 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00230201 - IVANTIS_SS_00230229 | 5/13/2023 | F, H |
| DTX0698 | Meyer Rebuttal Attachment 11.2 | | | H, 703 |
| DTX0699 | Meyer Rebuttal Attachment 11.3 | | | H, 703 |
| DTX0700 | Market Scope US Glaucoma Quarterly Update: Q1 - 2022 Analysis of Historical Trends and Latest Developments | SGHT0020526 - SGHT0020554 | 5/14/2022 | F, H |
| DTX0701 | Truss Design Rationale | IVANTIS_SS_00362896 - IVANTIS_SS_00362900 | 8/6/2007 - 9/8/2007 | F, H, BE |
| DTX0702 | Market Scope US Glaucoma Quarterly Update: Q2 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00213772 - IVANTIS_SS_00213795 | 4/27/2020 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0703 | Market Scope US Glaucoma Quarterly Update: Q2 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00017130 - IVANTIS_SS_00017153, IVANTIS_SS_00115184 - IVANTIS_SS_00115207, IVANTIS_SS_00213772 - IVANTIS_SS_00213795 | 07/00/2019 | F, H |
| DTX0704 | Market Scope US Glaucoma Quarterly Update: Q2 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00118459 - IVANTIS_SS_00118486 | 7/31/2020 | F, H |
| DTX0705 | Market Scope US Glaucoma Quarterly Update: Q2 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0017011 - SGHT0017038 | 7/00/2020 | F, H |
| DTX0706 | Market Scope US Glaucoma Quarterly Update: Q2 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0117479 - SGHT0117507 | 7/00/2021 | F, H |
| DTX0707 | Meyer Rebuttal Attachment 11.1 | | | H, 703 |
| DTX0708 | Market Scope US Glaucoma Quarterly Update: Q2 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0037668 - SGHT0037696 | 7/00/2021 | F, H |
| DTX0709 | Market Scope US Glaucoma Quarterly Update: Q2 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0039748 - SGHT0039776 | 7/00/2021 | F, H |
| DTX0710 | Market Scope US Glaucoma Quarterly Update: Q2 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0033596 - SGHT0033624, SGHT0037668 - SGHT0037696, SGHT0039748 - SGHT0039776 | 07/00/2021 | F, H |
| DTX0711 | Meyer Rebuttal Attachment 10 | | | H, 703 |
| DTX0712 | Market Scope US Glaucoma Quarterly Update: Q2 - 2022 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00304370 - IVANTIS_SS_00304401 | 3/1/2023 | F, H |
| DTX0713 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00119157 - IVANTIS_SS_00119184 | 10/23/2020 | F, H |
| DTX0714 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00224719 - IVANTIS_SS_00224746 | 10/23/2020 | F, H |
| DTX0715 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00288163 - IVANTIS_SS_00288190 | 10/23/2020 | F, H |
| DTX0716 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00288193 - IVANTIS_SS_00288220 | 10/23/2020 | F, H |
| DTX0717 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0017040 - SGHT0017067 | 10/00/2020 | F, H |
| DTX0718 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0034393 - SGHT0034420 | 10/00/2020 | F, H |
| DTX0719 | Market Scope US Glaucoma Quarterly Update: Q3 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0052627 - SGHT0052654 | 10/00/2020 | F, H |
| DTX0720 | Meyer Rebuttal Attachment 8 | | | H, 703 |
| DTX0721 | Meyer Rebuttal Attachment 9 | | | H, 703 |
| DTX0722 | Market Scope US Glaucoma Quarterly Update: Q3 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0118337 - SGHT0118365 | 10/00/2021 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0723 | Market Scope US Glaucoma Quarterly Update: Q3 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0039785 - SGHT0039813 | 10/00/2021 | F, H |
| DTX0724 | Market Scope US Glaucoma Quarterly Update: Q3 - 2022 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00304402 - IVANTIS_SS_00304433 | 3/1/2023 | F, H |
| DTX0725 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00167412 - IVANTIS_SS_00167435 | 4/28/2020 | F, H |
| DTX0726 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00311567 - IVANTIS_SS_00311590 | 1/00/2020 | F, H |
| DTX0727 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00311628 - IVANTIS_SS_00311651 | 1/00/2020 | F, H |
| DTX0728 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00311698 - IVANTIS_SS_00311721 | 1/00/2020 | F, H |
| DTX0729 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | SGHT0009578 - SGHT0009601 | 1/00/2020 | F, H |
| DTX0730 | Market Scope US Glaucoma Quarterly Update: Q4 - 2019 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00014173 - IVANTIS_SS_00014196, IVANTIS_SS_00167412 - IVANTIS_SS_00167435, IVANTIS_SS_00238461 - IVANTIS_SS_00238484, IVANTIS_SS_00311567 - IVANTIS_SS_00311590, IVANTIS_SS_00311628 - IVANTIS_SS_00311651, IVANTIS_SS_00311698 - IVANTIS_SS_00311721, SGHT0009578 - SGHT0009601 | 01/00/2020 | F, H |
| DTX0731 | Meyer Rebuttal Attachment 7.1 | | | H, 703, DEM |
| DTX0732 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00224787 - IVANTIS_SS_00224815 | 1/11/2021 | F, H |
| DTX0733 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00289274 - IVANTIS_SS_00289302 | 1/11/2021 | F, H |
| DTX0734 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00291961 - IVANTIS_SS_00291989 | 6/18/2021 | F, H |
| DTX0735 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0017069 - SGHT0017097 | 1/00/2021 | F, H |
| DTX0736 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0033559 - SGHT0033587 | 1/00/2021 | F, H |
| DTX0737 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Historical Trends and Latest Developments | SGHT0063253 - SGHT0063281 | 1/00/2021 | F, H |
| DTX0738 | Market Scope US Glaucoma Quarterly Update: Q4 - 2020 Analysis of Histroical Trends and Latest Developments | IVANTIS_SS_00119826 - IVANTIS_SS_00119854 | 1/11/2021 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0739 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00227242 - IVANTIS_SS_00227269 | 3/1/2022 | F, H |
| DTX0740 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00227707 - IVANTIS_SS_00227734 | 3/2/2022 | F, H |
| DTX0741 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00228097 - IVANTIS_SS_00228124 | 3/2/2022 | F, H |
| DTX0742 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00229885 - IVANTIS_SS_00229912 | 5/10/2022 | F, H |
| DTX0743 | Meyer Rebuttal Attachment 7 | | | H, 703, DEM |
| DTX0744 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00362351 - IVANTIS_SS_00362378 | 1/00/2022 | F, H |
| DTX0745 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00362420 - IVANTIS_SS_00362447 | 1/00/2022 | F, H |
| DTX0746 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00415621 - IVANTIS_SS_00415648 | 1/00/2022 | F, H |
| DTX0747 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0128627 - SGHT0128654 | 1/00/2022 | F, H |
| DTX0748 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0039942 - SGHT0039969 | 1/00/2022 | F, H |
| DTX0749 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0054306 - SGHT0054333 | 1/00/2022 | F, H |
| DTX0750 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | SGHT0065199 - SGHT0065226 | 1/00/2021 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

Defendants' Trial Exhbit List

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0751 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00016296 - IVANTIS_SS_00016323, IVANTIS_SS_00227242 - IVANTIS_SS_00227269, IVANTIS_SS_00227707 - IVANTIS_SS_00227734, IVANTIS_SS_00228097 - IVANTIS_SS_00228124, IVANTIS_SS_00229885 - IVANTIS_SS_00229912, IVANTIS_SS_00361026 - IVANTIS_SS_00361053, IVANTIS_SS_00361055 - IVANTIS_SS_00361082, IVANTIS_SS_00361924 - IVANTIS_SS_00361951, IVANTIS_SS_00362012 - IVANTIS_SS_00362039, IVANTIS_SS_00362079 - IVANTIS_SS_00362106, IVANTIS_SS_00362148 - IVANTIS_SS_00362175, IVANTIS_SS_00362215 - IVANTIS_SS_00362242 | 01/00/2022 | F, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0752 | Market Scope US Glaucoma Quarterly Update: Q4 - 2021 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00016296 - IVANTIS_SS_00016323, IVANTIS_SS_00227242 - IVANTIS_SS_00227269, IVANTIS_SS_00227707 - IVANTIS_SS_00227734, IVANTIS_SS_00228097 - IVANTIS_SS_00228124, IVANTIS_SS_00229885 - IVANTIS_SS_00229912, IVANTIS_SS_00361026 - IVANTIS_SS_00361053, IVANTIS_SS_00361055 - IVANTIS_SS_00361082, IVANTIS_SS_00361924 - IVANTIS_SS_00361951, IVANTIS_SS_00362012 - IVANTIS_SS_00362039, IVANTIS_SS_00362079 - IVANTIS_SS_00362106, IVANTIS_SS_00362148 - IVANTIS_SS_00362175, IVANTIS_SS_00362215 - IVANTIS_SS_00362242 | 01/00/2022 | F, H |
| DTX0753 | Market Scope US Glaucoma Quarterly Update: Q4 - 2022 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00304434 - IVANTIS_SS_00304464 | 3/1/2023 | F, H |
| DTX0754 | Market Scope, 2018 Glaucoma Surgical Device Report A Global Market Analysis for 2017 to 2023 | IVANTIS_SS_00305909 - IVANTIS_SS_00306200 | 8/00/2018 | F, H |
| DTX0755 | Market Scope, US Glaucoma Quarterly Update Q1 - 2019 | IVANTIS_SS_00013107 - IVANTIS_SS_00013130 | | F, H |
| DTX0756 | Marketing Asset Specification IM-0016-2 Rev B | IVANTIS_SS_00001057 - IVANTIS_SS_00001068 | 1/18/2021 | F, H, R |
| DTX0757 | Marketing Asset Specification IM-0016-3 Rev B | IVANTIS_SS_00099493 - IVANTIS_SS_00099494 | 1/18/2021 | F, H, R |
| DTX0758 | Marketing Asset Specification IM-0016-4 Rev B | IVANTIS_SS_00001059 - IVANTIS_SS_00001060 | 1/18/2021 | F, H, R |
| DTX0759 | Marketing Asset Specification IM-0016-5 Rev B | IVANTIS_SS_00099495 - IVANTIS_SS_00099496 | 1/18/2021 | F, H, R |
| DTX0760 | Marketing Asset Specification IM-0016-6-1 Rev B | IVANTIS_SS_00099497 - IVANTIS_SS_00099498 | 1/18/2021 | F, H, R |
| DTX0761 | Marketing Requirements - Hydrus Microstent Side Interlock Delivery System | IVANTIS_SS_00000209 - IVANTIS_SS_00000211 | 5/21/2013 | F, H, 403 |
| DTX0762 | Marketing Update | IVANTIS_SS_00111149 - IVANTIS_SS_00111207 | 8/9/2018 | H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX0763 | Marketing Update by M. Chodzko Presentation | IVANTIS_SS_00289400 - IVANTIS_SS_00289419 | 3/00/2021 | F, H, R, 403 |
| DTX0764 | MARS Hydrus Microstent Coding and Billing Guide | | 00/00/2022 | R, H, U |
| DTX0765 | Master Consutling Agreement between Alcon Labs and Arsham Sheybani | IVANTIS_SS_00456310 - IVANTIS_SS_00456318 | 1/1/2018 | F, H, R, 403 |
| DTX0766 | Master Healthcare Professional Consulting Agreement between Alcon Vision and Arsham Sheybani | IVANTIS_SS_00456320 - IVANTIS_SS_00456326 | 1/1/2022 | F, H, R, 403 |
| DTX0767 | Math is Fun, Torus | | | H, R, F, 703 |
| DTX0768 | Matthias et al, Viscoanalostomy For Primary Open-Angle Glaucoma: The Gross Pankow Experience, J. Cataract Refract Surg, 26:1367-1373 (2000), DOI: https://doi.org/10.1016/S0886-3350(00)00449-1 | IVANTIS_SS_00001497 - IVANTIS_SS_00001503 | 09/00/2000 | F, H, R, 403 |
| DTX0769 | Medical Procedure Video | SHEYBANI_SS_VOL00000007 | 6/16/2023 | F, A |
| DTX0770 | Medical Procedure Video | SHEYBANI_SS_VOL00000008 | 6/16/2023 | F, A |
| DTX0771 | MeKo - The Stent Manufacturing Experts | | | H, R, F, Q, U |
| DTX0772 | MeKo Master Validation Report for Production of Ivantis C00151 Implant | IVANTIS_SS_00301001 - IVANTIS_SS_00301154 | 8/23/2017 | F, H, 403 |
| DTX0773 | Plaintiff's Responses to Defendants' Third Set of Interrogatories (Nos. 11-18) | | 5/1/2023 | F, H, 403 |
| DTX0774 | Gulati, Vikas, Shan, Fan, et al., A Novel 8-mm Schlemm's Canal Scaffold Reduces Outflow Resistance in a Human Anterior Segment Perfusion Model | IVANTIS_SS_00344684 - IVANTIS_SS_00344690 | | F, H, 403 |
| DTX0775 | MeKo Process Capability for the Manufacturing of the Hydrus Implant ER18-001 | IVANTIS_SS_00254124 - IVANTIS_SS_00254178 | 2/26/2018 | F, H, 403 |
| DTX0776 | Melamed, et al, Molteno Implant Surgery in Refractory Glaucoma | SGHT0170413 - SIGHT0170420 | 06/00/1990 | F, H, R, 403 |
| DTX0777 | Memo from Ivantis to USFDA re Completed Modular PMA | IVANTIS_SS_00123675 - IVANTIS_SS_00123795 | 10/26/2017 | F, H, DAU, BE |
| DTX0778 | Memo from K. Galt re Concept and Feasibility Clinical Evaluation | IVANTIS_SS_00388573 - IVANTIS_SS_00388578 | 9/25/2012 | F, H, R, 403 |
| DTX0779 | Robert Stegmann, MD: taking on challenges of ocular trauma and disease | IVANTIS_SS_00457924 - IVANTIS_SS_00457928 | 9/15/2002 | F, A, H, R, 403 |
| DTX0780 | Stoeckel et al. - A survey of stent designs | IVANTIS_SS_00458012 - IVANTIS_SS_00458022 | 00/00/2002 | F, H, R, 403 |
| DTX0781 | INTENTIONALLY LEFT BLANK | | | |
| DTX0782 | INTENTIONALLY LEFT BLANK | | | |
| DTX0783 | INTENTIONALLY LEFT BLANK | | | |
| DTX0784 | Camras, Lucinda, Yuan, Fan, et al., A Novel Schlemm's Canal Scaffold Increases Outflow Facility in a Human Anterior Segment Perfusion Model | IVANTIS_SS_00259621 - IVANTIS_SS_00259627 | | F, H, 403 |
| DTX0785 | MIGS Algorithm: Navigating A Myriad of Decisions | SGHT0042839 - SGHT0042840 | 6/00/2020 | F, H, 403 |
| DTX0786 | MIGS Unplugged video | SGHT0187910 | | F, H, R, 403 |
| DTX0787 | Minckler, et al, Aqueous Shunts for Glaucoma, Cochrane Database of Systematic Reviews, 2:1-56 (2006), DOI: 10.1002/14651858.CD004918.pub2 | IVANTIS_SS_00001338 - IVANTIS_SS_00001396 | 4/19/2006 | F, H, 703 |
| DTX0788 | Duerig et al. - An Overview of NiTiNol Medical Applications | IVANTIS_SS_00458023 - IVANTIS_SS_00458036 | 12/00/1999 | F, H, 703 |
| DTX0789 | Morgan Stanley Refining Eye Care Experience | SGHT0043394 - SGHT0043448 | 9/4/2020 | F, H, 403 |

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0790 | Nagaraja & Pelton - Corrosion resistance of a nitinol ocular microstent implications on biocompatibility | | 00/00/2020 | H, 703, 106 |
| DTX0791 | International Pub. No. 2006/066103 (Stegmann '103) | IVANTIS_SS_00001540 - IVANTIS_SS_00001569 | 6/22/2006 | R, 403, 703 |
| DTX0792 | New Hires and Terminations Report Spreadsheet | SGHT0168308 | 7/11/2023 | F, R, 403 |
| DTX0793 | Meyer Rebuttal Attachment 6.4 | | | H, 703 |
| DTX0794 | Non-GAAP Income Statement | SGHT0049229 | | |
| DTX0795 | Non-Gallon Envelope spreadsheet | SGHT0165775 | | |
| DTX0796 | Okeke, Constance, iTrack, When to Spare and Not Tear the Trabecular Meshwork | IVANTIS_SS_00277884 - IVANTIS_SS_00277885 | 9_10/00/2021 | F, H, R, 403, 703 |
| DTX0797 | OMNI Production Meeting Slide Deck | SGHT0167442 - SGHT0167449 | 11/10/2021 | F, R, 403, 703 |
| DTX0798 | OMNI Ramp-Up Financing Scenario Spreadsheet | SGHT0049072 | 8/13/2020 | F, R, 703 |
| DTX0799 | Ophthalmology Times - Canaloplasty: The next step in the glaucoma surgery evolution | IVANTIS_SS_00387439 - IVANTIS_SS_00387440 | 1/1/2006 | F, H, R, 403, 703 |
| DTX0800 | Original Hydrus arcuate single radius surface area contact calculation | IZATT_0000057 | | H, 703, DEM, DAU |
| DTX0801 | INTENTIONALLY LEFT BLANK | | | |
| DTX0802 | Otarola et al. - Ab interno trabecular bypass surgery with Schlemm's canal microstent (Hydrus) for open angle glaucoma | | 00/00/2020 | H, 703 |
| DTX0803 | P&L Data FY 18-23 | | | C/D, BATES |
| DTX0804 | P&L Data FY18-23 Spreadsheet | SGHT0167452 | | |
| DTX0805 | P&L Flex Spreadsheet | SGHT0153024 | 4/22/2022 | |
| DTX0806 | P&L Monthly Summary spreadsheet | SGHT0166267 | 12/31/2017 | |
| DTX0807 | P. Higgins, Mathematics for the Curious (Oxford University Press) | | 1998 | H, 703, 106 |
| DTX0808 | INTENTIONALLY LEFT BLANK | | | |
| DTX0809 | Canadian Patent No. 2,244,646 (Grieshaber '646) | IVANTIS_SS_00025093 - IVANTIS_SS_00025118 | 2/15/1999 | |
| DTX0810 | Samet, Saba, Ong, Jeb, Ahmed, Iqbal, Hydrus microstent implantaiton for surgical management of glaucome: a review of design, efficiency and safety | SGHT0006522 - SGHT0006534 | 00/00/2019 | H, 703 |
| DTX0811 | Patent Assignment Agreement between M. Berlin and Ivantis | IVANTIS_SS_00314061 - IVANTIS_SS_00314080 | 7/11/2018 | LC, R |
| DTX0812 | Pearls from a Lifelong Innovator - American Academy of Ophthalmology | | | H, R, 106, U, F |
| DTX0813 | Pelton et al. - Medical Uses of Nitinol | IVANTIS_SS_00387575 - IVANTIS_SS_00387583 | 00/00/2000 | H, 703, Q |
| DTX0814 | INTENTIONALLY LEFT BLANK | | | |
| DTX0815 | INTENTIONALLY LEFT BLANK | | | |
| DTX0816 | INTENTIONALLY LEFT BLANK | | | |
| DTX0817 | Ivantis, Board Meeting Presentation | IVANTIS_SS_00452658 - IVANTIS_SS_00452733 | | 403 |
| DTX0818 | Physician/Healthcare Professional (HCP) Consulting Agreement between Ivantis and Arsham Sheybani | IVANTIS_SS_00456327 - IVANTIS_SS_00456330 | 4/9/2021 | 403, LC |
| DTX0819 | Picture of Medicare Payments Continue to Support OMNI Access Slide | ARIVERO_SS_VOL00000001 | 6/29/2023 | R, 403, F |
| DTX0820 | Plaintiff's First Supplemental Objections and Responses to Defendants' Second Set of Requests for Admission | | 8/15/2023 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0821 | Email from C. Meyer to Paul re Ivanis Inc | SGHT0030823 SGHT0030824 - SGHT0030825 | 6/2/2011 | 403, MIL, M, MD |
| DTX0822 | Plaintiff's First Supplemental Response to Defendants' Second Set of Interrogatories (Nos. 8 and 10) | | 4/10/2023 | |
| DTX0823 | Plaintiff's First Supplemental Response to Defendants' Third Set of Interrogatories (Nos. 12,13, and 18) | | 6/1/2023 | |
| DTX0824 | Ivantis Management Team, https://www.ivantisinc.uk/team/?selected-country=uk | | | H, 703, R |
| DTX0825 | Presentation on Sight Sciences, Inc. Independent Appraisal Report Comon Stock 'Fair Market Value' as of April 20, 2013, Hemendra Aran | SGHT0135960 - SGHT0136026 | 6/20/2013 | H, 703 |
| DTX0826 | Plaintiff's Responses to Defendants' First Set of Interrogatories (Nos. 1-7) | | 5/23/2022 | |
| DTX0827 | Plaintiff's Responses to Defendants' Fourth Set of Interrogatories (Nos. 19-21) | | 6/5/2023 | |
| DTX0828 | Plaintiff's Responses to Defendants Second Set of Interrogatories (Nos. 8-10) | | 12/1/2022 | |
| DTX0829 | Schematic: Denali Medical Inc., S-Truss Rev 12 | IVANTIS_SS_00387667 | 4/30/2007 | R, F |
| DTX0830 | Ivantis Overview Presentation | IVANTIS_SS_00008352 - IVANTIS_SS_00008385 | 6/21/2021 | 403, Q |
| DTX0831 | EyePass Glaucoma Device Shows Promise (Condon) | IVANTIS_SS_00456103 - IVANTIS_SS_00456104 | 5/4/2004 | A, F |
| DTX0832 | Plaintiff's Third Supplemental Response to Defendants' First Set of Interrogatories (Nos. 1-2 & 4-7) | | 5/19/2023 | |
| DTX0833 | Plaintiff's Third Supplemental Response to Defendants' Third Set of Interrogatories (No. 13) | | 9/8/2023 | |
| DTX0834 | PMS Management Review Meeting Agenda | IVANTIS_SS_00014506 - IVANTIS_SS_00014518 | 10/29/2020 | R |
| DTX0835 | Posarelli et al. - Twenty-four hour contact lens sensor monitoring of aqueous humor dynamics in surgically or medically treated glaucoma patients | | 00/00/2019 | H, 703 |
| DTX0836 | Post-Close Kickoff Discussion by Cari Stone | IVANTIS_SS_00223125 - IVANTIS_SS_00223160 | 1/11/2022 | R |
| DTX0837 | Pre-IDE Submission I100710 Response to FDA's Comments 1-10-11 | IVANTIS_SS_00074707 - IVANTIS_SS_00074709 | 1/20/2011 | H, R |
| DTX0838 | Presentation for Westwood Vision, Inc $3MM Seris A financing | SGHT0029608 - SGHT0029636 | 8/00/2009 | 403 |
| DTX0839 | U.S. Pub. No. 2004/0193262 (Shadduck) | IVANTIS_SS_00002327 - IVANTIS_SS_00002354 | 9/30/2004 | NS |
| DTX0840 | U.S. Pub. No. 2006/0195187 (Stegmann '187) | IVANTIS_SS_00447129 - IVANTIS_SS_00447144 | 8/31/2006 | NS |
| DTX0841 | Presentation: ASCRS 2021 User Meeting | IVANTIS_SS_00087216 - IVANTIS_SS_00087216 | | H, R, Q |
| DTX0842 | Presentation: Dave Van Meter | IVANTIS_SS_00161187 - IVANTIS_SS_00161203 | | 403, H, R, Q |
| DTX0843 | Presentation: Discussion Outline | IVANTIS_SS_00011242 - IVANTIS_SS_00011309 | | H, R, Q |
| DTX0844 | Presentation: Hydrus Global Claims Matrix | IVANTIS_SS_00252913 - IVANTIS_SS_00252938 | 5/16/2022 | 403, H, R |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0845 | Presentation: Hydrus Global Price Exceptions Request | IVANTIS_SS_00445894 - IVANTIS_SS_00445901 | | 403, H, R, Q |
| DTX0846 | Presentation: Hydrus Microstent ASCRS 2021 Strategic User Meeting | IVANTIS_SS_00008531 - IVANTIS_SS_00008549 | 00/00/2021 | H, Q |
| DTX0847 | Presentation: Hydrus Microstent Overview | IVANTIS_SS_00007426 - IVANTIS_SS_00007463 | | |
| DTX0848 | U.S. Patent No. 5,360,399 (Stegmann '399) | IVANTIS_SS_00002321 - IVANTIS_SS_00002326 | 11/1/1994 | NS |
| DTX0849 | Presentation: Ivantis Overview for Alcon | IVANTIS_SS_00464842 - IVANTIS_SS_00464940 | 10/00/2017 | H |
| DTX0850 | Presentation: Market Scope Custom Survey of US Ophthalmologist on MIGS Devices | IVANTIS_SS_00173787 - IVANTIS_SS_00173793 | | 403, H, R |
| DTX0851 | Presentation: Morgan Stanley Strategic Landscape Update | SGHT0138698 - SGHT0138733 | 2/3/2022 | 403, H |
| DTX0852 | Presentation: OUS Market Strategy | IVANTIS_SS_00213165 - IVANTIS_SS_00213229 | 7/00/2019 | H, R |
| DTX0853 | Presentation: Project Ithaca | IVANTIS_SS_00303934 - IVANTIS_SS_00303943 | 11/00/2021 | LC, R, Q |
| DTX0854 | Presentation: Project Update | IVANTIS_SS_00224875 - IVANTIS_SS_00224875_028 | 4/5/2021 | |
| DTX0855 | Presentation: Sight Sciences Helix Glaucoma Stent | IVANTIS_SS_00458857 - IVANTIS_SS_00458861 | 00/00/2012 | 403, Q |
| DTX0856 | Sight Sciences, Inc. Form 10-Q | | 11/7/2023 | MIL, R, 403 |
| DTX0857 | Presentation: Sight Sciences Pipeline Discussion | SGHT0138735 - SGHT0138751 | | |
| DTX0858 | Presentation: Sight Sciences, Inc Clinical Trials Financing | SGHT0026914 - SGHT0026962 | 5/00/2010 | 106 |
| DTX0859 | INTENTIONALLY LEFT BLANK | | | |
| DTX0860 | INTENTIONALLY LEFT BLANK | | | |
| DTX0861 | MeKo Master Validation Report for Production of Ivantis C00151 Implant - TR-0178 | IVANTIS_SS_00136401 - IVANTIS_SS_00136554 | 10/13/2021 | Q |
| DTX0862 | Process Flow Chart Mydrus Microstent Glide Delivery System (F00023) | IVANTIS_SS_00000738 - IVANTIS_SS_00000740 | 2/14/2019 | R |
| DTX0863 | Product Development Update | SGHT0022879 - SGHT0022880 | 4/10/2013 | |
| DTX0864 | Product Sales Revenue Spreadsheet | SGHT0152605 | 3/24/2023 | |
| DTX0865 | Project A2 Employee Q7A v1 110521 | IVANTIS_SS_00289796 - IVANTIS_SS_00289804 | | F, R |
| DTX0866 | Project Ithaca - 20210603_Ed Chaing Assumptions Spreadsheet | IVANTIS_SS_00205972 | | S |
| DTX0867 | Project Ithaca Base Case Spreadsheet | IVANTIS_SS_00445902 | 11/2/2021 | |
| DTX0868 | MeKo Process Capability for the Manufacture of the Hydrus Implant (C00151) ER18-001 | IVANTIS_SS_00039039 - IVANTIS_SS_00039093 | 2/26/2018 | |
| DTX0869 | Engineering Report - ER22-002 Hydrus Microstent - Implant Lifetime | IVANTIS_SS_00293425 - IVANTIS_SS_00293473 | | |
| DTX0870 | Protocol --TP-0326: Systematic Literature Review for Hydrus Microstent, MIGS, and Other Canal-based Glaucoma Surgical Procedures | IVANTIS_SS_00057295 - IVANTIS_SS_00057295 | 1/19/2022 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0871 | PTAB Case List for Patent Owner Glaukos | | | A, H, R, U |
| DTX0872 | Q1 Beat, Guidance Maintained but Conservative: LT Tesis Intact, Reiterate OW | SGHT0105940 - SGHT0105946 | 5/10/2022 | H |
| DTX0873 | Q1'20 I.S Flux spreadsheet | SGHT0153022 | 11/16/2020 | |
| DTX0874 | Q2 2021 Glaucoma Quarterly Update Summary Spreadsheet | SGHT0033595 | 7/12/2021 | H |
| DTX0875 | Q2'20 I.S Flux spreadsheet | SGHT0153025 | 11/16/2020 | |
| DTX0876 | Q3'20 I.S flux spreadsheet | SGHT0153027 | 11/16/2020 | |
| DTX0877 | Q3'21 Balance Sheet | SGHT0153028 | 10/13/2021 | |
| DTX0878 | Quarterly Income Statement | SGHT0049227 | | |
| DTX0879 | Quarterly Income Statement Spreadsheet | SGHT0114140 | 6/3/2021 | |
| DTX0880 | Quickbooks - Profit & Loss by Class - 2008 | IVANTIS_SS_00387047 | | |
| DTX0881 | Quickbooks - Profit & Loss by Class - 2009 | IVANTIS_SS_00387043 | | |
| DTX0882 | Quickbooks - Profit & Loss by Class - 2010 | IVANTIS_SS_00386970 | | |
| DTX0883 | Quickbooks - Profit & Loss by Class - 2011 | IVANTIS_SS_00387039 | | |
| DTX0884 | Quickbooks - Profit & Loss by Class - 2012 | IVANTIS_SS_00387054 | | |
| DTX0885 | Quickbooks - Profit & Loss by Class - 2013 | IVANTIS_SS_00387050 | | |
| DTX0886 | Quickbooks - Profit & Loss by Class - 2014 | IVANTIS_SS_00387003 | | |
| DTX0887 | Quickbooks - Profit & Loss by Class - 2015 | IVANTIS_SS_00387007 | | |
| DTX0888 | Quickbooks - Profit & Loss by Class - 2016 | IVANTIS_SS_00386928 | | |
| DTX0889 | Quickbooks - Profit & Loss by Class - 2017 | IVANTIS_SS_00386932 | | |
| DTX0890 | R & D / Ops & Mfg / Qulaity | SGHT0167027 - SGHT0167035 | 12/00/2020 | R |
| DTX0891 | RE: Ivantis Market Scope Survey | IVANTIS_SS_00228950 | | H, 106 |
| DTX0892 | Reay Brown CV | SGHT0171263 - SGHT0171279 | | |
| DTX0893 | Reay H. Brown, M.D., Joins Sight Sciences as Chief Medical Officer | | 10/23/2018 | A, F |
| DTX0894 | Hydrus Microstent Surgical Procedure Training | IVANTIS_SS_00391135 - IVANTIS_SS_00391206 | 05/00/2014 | |
| DTX0895 | Rebuttal Expert Report of Mohan Rao, PH.D. | IVANTIS_SS_00172704 - IVANTIS_SS_00172873 | | H |
| DTX0896 | Refuse to Accept Policy for 510(k)s. Guidance for Industry and Food and Drug Administration Staff, issued April 21, 2022 | IVANTIS_SS_00469666 - IVANTIS_SS_00469767 | 4/21/2022 | R |
| DTX0897 | Reimbursement Assessment and Strategic Action Plan Preapred for Ivantis by medical Technology Partners | IVANTIS_SS_00337569 - IVANTIS_SS_00337732 | 9/21/2017 | H, R |
| DTX0898 | INTENTIONALLY LEFT BLANK | | | |
| DTX0899 | Report --TR-0229: Systematic Literature Review for Hydrus Microstent, MIGS, and Other Canal-based Glaucoma Surgical Procedures | IVANTIS_SS_00048650 - IVANTIS_SS_00048779 | 8/15/2019 | C/D |
| DTX0900 | INTENTIONALLY LEFT BLANK | | | |
| DTX0901 | Samuelson - The New Glaucoma Surgery (Samuelson 2004) | IVANTIS_SS_00001939 - IVANTIS_SS_00001942 | 10/00/2004 | H, 703, NS |
| DTX0902 | Rohen - Anatomy of the aqueous outflow channels | IVANTIS_SS_00387616 - IVANTIS_SS_00387637 | 00/00/1986 | H, 703, NS |
| DTX0903 | Rohen et al. - Ultrastructure of the Trabecular Meshwork in Untreated Cases of Primary Open-Angle Glaucoma | IVANTIS_SS_00387594 - IVANTIS_SS_00387603 | 11/23/1992 | H, 703, NS |
| DTX0904 | rom D. Badawi to I. Feix re (#490) Glaucoma Implant ‖ ^^ | SGHT0160505 - SGHT0160510 | 6/10/2010 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0905 | Sabet et al. - Hydrus microstent implantation for surgical management of glaucoma: a review of design, safety, and efficacy | | 00/00/2019 | H, 703 |
| DTX0906 | Sales Agent Agreement between Ivantis, Inc. and Bohica Ophthalmics | IVANTIS_SS_00455993 - IVANTIS_SS_00456004 | 8/1/2018 | |
| DTX0907 | Sales by Quarter Spreadsheet | IVANTIS_SS_00170285 | 1/27/2023 | |
| DTX0908 | Sales Representative Spreadsheet | SGHT0167451 | 5/26/2023 | |
| DTX0909 | Sales Representative Spreadsheet | | | |
| DTX0910 | Sales Representative Spreadsheet with Notes | | | |
| DTX0911 | Sales Spreadsheet | SGHT0144750 | 9/3/2022 | |
| DTX0912 | Sales spreadsheet | SGHT0111831 | | |
| DTX0913 | Sales spreadsheet | SGHT0112828 | | |
| DTX0914 | Sales Summary Spreadsheet | SGHT0166964 | 10/8/2019 | |
| DTX0915 | Salimi et al. - Three-year outcomes of a Schlemm canal microstent (Hydrus Microstent) with concomitant phacoemulsification in open-angle glaucoma | IVANTIS_SS_00288274 - IVANTIS_SS_00288315 | 00/00/2022 | H, 703 |
| DTX0916 | Ahmed et al. - Long term outcomes from the HORIZON randomized trial for a Schlemm's canal microstent in combination catract and glaucoma surgery | | 00/00/2022 | H, 703 |
| DTX0917 | Samples & Ahmed - Surgical Innovations in Glaucoma | | 00/00/2020 | H, 703 |
| DTX0918 | Bonsignore - A Decade of Evolution in Stent Design | IVANTIS_SS_00457906 - IVANTIS_SS_00457918 | 00/00/2003 | H, 703, NS |
| DTX0919 | Samet et al. - Hydrus microstent implantation for surgical management of glaucoma: a review of design | IVANTIS_SS_00060220 - IVANTIS_SS_00060232 | 00/00/2019 | H, 703 |
| DTX0920 | Schwartz et al. - Glaucoma drainage implants: a critical comparison of types | IVANTIS_SS_00001311 - IVANTIS_SS_00001319 | 00/00/2006 | H, 703, NS |
| DTX0921 | INTENTIONALLY LEFT BLANK | | | |
| DTX0922 | SC Inner Wall 3mm radius.SLDPRT | IZATT_0000028 | | SW, 703, DAU, DEM |
| DTX0923 | SC Inner Wall 6mm radius 2mm length.SLDPRT | IZATT_0000005 | | SW, 703, DAU, DEM |
| DTX0924 | SC Inner Wall 6mm radius.SLDPRT | IZATT_0000013 | | SW, 703, DAU, DEM |
| DTX0925 | SC Inner Wall 6mm radius.SLDPRT | IZATT_0000027 | | SW, 703, DAU, DEM |
| DTX0926 | SC inner wall.SLDPRT | IZATT_0000001 | | SW, 703, DAU, DEM |
| DTX0927 | SC inner wall.SLDPRT | IZATT_0000002 | | SW, 703, DAU, DEM |
| DTX0928 | SC inner wall.SLDPRT | IZATT_0000008 | | SW, 703, DAU, DEM |
| DTX0929 | SC inner wall.SLDPRT | IZATT_0000009 | | SW, 703, DAU, DEM |
| DTX0930 | SC inner wall.SLDPRT | IZATT_0000037 | | SW, 703, DAU, DEM |
| DTX0931 | SC inner wall.SLDPRT | IZATT_0000055 | | SW, 703, DAU, DEM |
| DTX0932 | Samuelson et al. - A Schlemm's canal microstent for intraocular pressure reduction in primary open angle glaucoma and cataract: the HORIZON trial | | 00/00/2019 | H, 703 |
| DTX0933 | Meyer Rebuttal Attachment 6.2 | | | H |
| DTX0934 | Schematic: Ivantis Inc., Assembly, Gen 4 Cannula Final Product | IVANTIS_SS_00000160 - IVANTIS_SS_00000163 | 1/30/2012 | |
| DTX0935 | Schematic: Ivantis Inc., Idler Gear | IVANTIS_SS_00001274 - IVANTIS_SS_00001275 | 2/21/2022 | |
| DTX0936 | Schematic: Ivantis Inc., Implant, 8mm | IVANTIS_SS_00060758 - IVANTIS_SS_00060762 | 6/12/2014 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0937 | Schlemms canal arcuate full length for original Hydrus | IZATT_0000062 | | X, Q, R, DAU, DEM |
| DTX0938 | Schlemms canal arcuate full length for two window Hydrus | IZATT_0000063 | | X, Q, R, DAU, DEM |
| DTX0939 | Schlemms canal arcuate full length minus 031in for original Hydrus | IZATT_0000064 | | X, Q, R, DAU, DEM |
| DTX0940 | Schlemms canal arcuate full length minus 031in for two window Hydrus | IZATT_0000065 | | X, Q, R, DAU, DEM |
| DTX0941 | Schlemms canal arcuate full length minus 1_5mm for two window Hydrus | IZATT_0000077 | | SW, 703, DAU, DEM |
| DTX0942 | Schlemms canal arcuate full length minus 1mm for original Hydrus | IZATT_0000066 | | X, Q, R, DAU, DEM |
| DTX0943 | Schlemms canal arcuate full length minus 1mm for two window Hydrus | IZATT_0000067 | | X, Q, R, DAU, DEM |
| DTX0944 | Schlemm's Canal Becomes Smaler After Successful Filtration Surgery | IVANTIS_SS_00387429 - IVANTIS_SS_00387434 | 4/15/2000 | H, 703, NS |
| DTX0945 | Schuman et al. - Excimer Laser Errects on Outflow Facility and Outflow Pathway Morphology | | | H, 703, NS |
| DTX0946 | U.S. Pub. No. 2004/00102729 (Haffner) | IVANTIS_SS_00002178 - IVANTIS_SS_00002248 | 5/27/2004 | H, 703, NS |
| DTX0947 | Settlement Agreement Communication between Glaukos and Transcend Medical | GK00000028 - GK00000045 | 5/1/2023 | H, 703, R, 403 |
| DTX0948 | Share Analysis Spreadsheet | SGHT0021536 | 6/14/2021 | |
| DTX0949 | Market Scope US Glaucoma Quarterly Update: Q1 - 2023 Analysis of Historical Trends and Latest Developments | IVANTIS_SS_00446197 - IVANTIS_SS_00446226 | 5/00/2023 | H, 703 |
| DTX0950 | U.S. Pub. No. 2004/0254520 (Porteous) | IVANTIS_SS_00002355 - IVANTIS_SS_00002625 | 12/16/2004 | H, 703, NS |
| DTX0951 | Side Catch Interlock | IVANTIS_SS_00000730 - IVANTIS_SS_00000734 | 2/1/2019 | |
| DTX0952 | Sidoti, Glaucoma Drainage Implants, Current Opinion in Ophthamology 5:11:85-98 (1994), DOI: 10.1097/00055735-199404000-00013 | IVANTIS_SS_00001483 - IVANTIS_SS_00001496 | 4/1/1994 | H, 703, NS |
| DTX0953 | Sight Announces 12-Month Results from First MIGS Comparative Analysis of Real-World Data | | 5/6/2023 | |
| DTX0954 | Ivantis Discussion Outline Slide Deck | IVANTIS_SS_00363049 - IVANTIS_SS_00363069 | | |
| DTX0955 | Sight Sciences' $5MM OUS Clinical Trial Financing Slide Deck | IVANTIS_SS_00458750 - IVANTIS_SS_00458799 | 3/18/2011 | |
| DTX0956 | Sight Sciences' 2017 Reimbursement Guide Ambulatory Surgical Centers | SGHT0096144 - SGHT0096147 | 4/6/2018 | |
| DTX0957 | Sight Sciences 2017 Reimbursement Guide: Ambulatory Surgical Centers Coding, Payment, and Coverage for Canal Procedures Using the OMNI Surgical System | SGHT0048253 - SGHT0048256 | | C/D |
| DTX0958 | Sight Sciences' 2020 Surgical Marketing Plan - MIGS Market Overview OMNI Surgical System Slide Deck | SGHT0116111 - SGHT0116145 SGHT0128512 - SGHT0128625 | 9/8/2020 | |
| DTX0959 | Sight Sciences' 2022 Final Rule Medicare Payment | SGHT0040626 - SGHT0040670 | 12/20/2021 | |
| DTX0960 | Sight Sciences 20MM Series D Growth Financing | SGHT0123092 - SGHT0123132 SGHT0123133 - SGHT0123175 SGHT0123176 - SGHT0123217 | 03/00/2018 | |
| DTX0961 | Sight Sciences Announces 12-month Results from the First Minimally Invasice Glaucoma Surgery (MIGS) Comparative Analysis of Real-World Data (RWD) from the American Academt of Ophthalmology IRIS Registry | | 5/6/2023 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0962 | Sight Sciences Announces Closing of Initial Public Offering, https://www.sightsciences.com/us/sight-sciences-announces-closing-of-initial-public-offering-and-full-exercise-of-the-underwriters-option-to-purchase-additional-shares/ | | 7/19/2021 | |
| DTX0963 | Sight Sciences Announces Publication of Historical Review of Canal Surgery in t | | | |
| DTX0964 | Sight Sciences Board of Directors Meeting | SGHT0149474 - SGHT0149521 | 2/23/2021 | |
| DTX0965 | Sight Sciences Board of Directors Meeting | SGHT0131937 - SGHT0131987 SGHT0132041 - SGHT0132090 SGHT0132125 - SGHT0132174 SGHT0131989 - SGHT0131039 SGHT0135732 - SGHT0135782 | 6/14/2012 | |
| DTX0966 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0043009 - SGHT0043068 | 8/11/2020 | |
| DTX0967 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0043124 - SGHT0043173 | 10/13/2021 | |
| DTX0968 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0094332 - SGHT0094399 | 2/28/2018 | |
| DTX0969 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0094403 - SGHT0094467 | 6/14/2018 | |
| DTX0970 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0023194 - SGHT0023263 | 8/28/2018 | |
| DTX0971 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0023437 - SGHT0023517 | 12/4/2018 | |
| DTX0972 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0023286 - SGHT0023345 | 8/11/2020 | C/D |
| DTX0973 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0022950 - SGHT0023012 | 4/13/2022 | |
| DTX0974 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0023828 - SGHT0023867 | 2/23/2021 | |
| DTX0975 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0024203 - SGHT0024264 | 1/19/2022 | |
| DTX0976 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0024710 - SGHT0024759 | 10/13/2021 | |
| DTX0977 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0031518 - SGHT0031531 | 10/16/2020 | |
| DTX0978 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0055447 - SGHT0055529 | 9/7/2022 | F, H, 403 |
| DTX0979 | Sight Sciences Board of Directors Meeting:  Closed Session | SGHT0023264 - SGHT0023285 | 8/11/2020 | |
| DTX0980 | Sight Sciences' Confidential Information Presentation Slide Deck | SGHT0044725 - SGHT0044808 | 10/11/2018 | |
| DTX0981 | Sight Sciences December 2020 Financial Reporting Review | SGHT0152829 - SGHT0152864 | 12/00/2020 | |
| DTX0982 | Sight Sciences December 2021 Financial Reporting Pack | SGHT0152865 - SGHT0152879 | 12/00/2021 | |
| DTX0983 | Sight Sciences December 2022 Financial Reporting Pack | SGHT0152880 - SGHT0152895 | 12/00/2022 | |
| DTX0984 | Sight Sciences Delivering the Power of Sight Investor Presentation | SGHT0132459 - SGHT0132493 | 5/00/2022 | |
| DTX0985 | Sight Sciences Delivering the Power of Sight Investor Presentation | SGHT0149880 - SGHT0149911 | 8/00/2022 | |
| DTX0986 | Sight Sciences Delivering the Power of Sight Reimbursement Update | SGHT0139710 - SGHT0139718 | 1/00/2023 | |
| DTX0987 | Sight Sciences' Detailed Captable | SGHT0049076 | 8/13/2022 | R |
| DTX0988 | Sight Sciences Discussion Materials - D1 Capital Partners Slide Deck | SGHT0149355 - SGHT0149398 | 2/00/2020 | |
| DTX0989 | Sight Sciences' Discussion Materials Slide Deck | SGHT0104953 - SGHT0104992 | 9/9/2020 | |
| DTX0990 | Sight Sciences' Earnings Model through Q1 2022 Spreadsheet | SGHT0054345 | 9/27/2023 | |
| DTX0991 | Sight Sciences' Executive Summary | IVANTIS_SS_00458712 - IVANTIS_SS_00458718 | 7/19/2010 | |
| DTX0992 | Sight Sciences Experimental Procedure Summary | IVANTIS_SS_00458827 - IVANTIS_SS_00458829 | 3/23/2011 | |
| DTX0993 | Sight Sciences Financial Review | SGHT0106342 - SGHT0106348 | | |
| DTX0994 | Sight Sciences' Form 10-K - FY 2021 | SGHT0165927 - SGHT0166112 SGHT0158152 - SGHT0158337 SGHT0154655 - SGHT0154840 | 3/24/2022 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX0995 | Sight Sciences' Form 10-K - FY2022 | SGHT0166113 - SGHT0166266 SGHT0159558 - SGHT0159711 | 3/16/2023 | |
| DTX0996 | Sight Sciences' Form 8-K 6-8-2023 | | 6/8/2023 | R, 403, MIL |
| DTX0997 | Sight Sciences' Form 8-K 6-2-2023 | | 6/2/2023 | R, 403, MIL |
| DTX0998 | Sight Sciences Hydrus Backgrounder: Jason Nadeau, Director of Training Surgical | SGHT0017339 - SGHT0017349 SGHT0027929 - SGHT0027939 SGHT0088328 - SGHT0088338 | 08/00/2018 | |
| DTX0999 | Sight Sciences Inc Market Summary | | | H, R, 403, A |
| DTX1000 | Sight Sciences Inc. Budget and Milestones | IVANTIS_SS_00458800 | | |
| DTX1001 | Sight Sciences Inc. Company Overview | IVANTIS_SS_00458278 - IVANTIS_SS_00458318 | | A, F |
| DTX1002 | Meyer Rebuttal Attachment 6.3 | | | H, 703 |
| DTX1003 | Sight Sciences Introduction | SGHT0032587 - SGHT0032588 | | F, H, 403 |
| DTX1004 | Sight Sciences June 2020 Financial Reporting Review | SGHT0152645 - SGHT0152681 | 6/12/2020 | |
| DTX1005 | Sight Sciences June 2021 Financial Reporting Review | SGHT0152682 - SGHT0152719 | 6/00/2021 | |
| DTX1006 | Sight Sciences June 2022 Financial Reporting Pack | SGHT0152720 - SGHT0152735 | 6/00/2022 | 403, MIL |
| DTX1007 | Sight Sciences Leadership Meeting, Field Intelligence Presentation | SGHT0027921 - SGHT0027925 | 3/31/2020 | F |
| DTX1008 | Sight Sciences' Letter re Pre-Submission for the Helix Surgical System | SGHT0166974 - SGHT0167013 | 11/30/2022 | |
| DTX1009 | Sight Sciences March 2021 Financial Reporting Review | SGHT0152606 - SGHT0152643 | 3/00/2121 | |
| DTX1010 | Sight Sciences' March 2022 Financial Reporting Pack | SGHT0152896 - SGHT0152911 | 3/00/2022 | |
| DTX1011 | Sight Sciences' Market Share Chart | | | H, R, 403 |
| DTX1012 | Sight Sciences OMNI AAO Policy Meeting Slide Deck | SGHT0046268 - SGHT0046287 | 10/1/2022 | F |
| DTX1013 | Sight Sciences OMNI Central / Southeast Region Breakout | SGHT0013816 - SGHT0013848 | | F, Q |
| DTX1014 | Sight Sciences' OMNI Central/Southeast Region Breakout Slide Deck | SGHT0088414 - SGHT0088446 | 4/15/2019 | |
| DTX1015 | Sight Sciences OMNI Revenue Growth | SGHT0126750 SGHT0127122 | | |
| DTX1016 | Sight Sciences' OMNI Surgical System Instructions for Use PVN 05854 Rev K | | 8/00/2021 | |
| DTX1017 | Sight Sciences' OMNI Surgical System Instructions for Use Rev H | | 4/00/2021 | |
| DTX1018 | Sight Sciences OMNI Surgical System: MIGS Beyond Cataract Surgery | SGHT0120390 - SGHT0120423 | 9/22/2021 | |
| DTX1019 | INTENTIONALLY LEFT BLANK | | | |
| DTX1020 | Sight Sciences Profit and Loss | SGHT0104304 | 7/31/2020 | |
| DTX1021 | Sight Sciences Profit and Loss | SGHT0104685 | 7/31/2020 | |
| DTX1022 | Sight Sciences Project Disco Slide Deck | SGHT0160951 - SGHT0160966 | | |
| DTX1023 | Sight Sciences Provides Revenue Guidance for the Third Quarter of 2023 and Updates Revenue Guidance for Full Year 2023 | | 9/11/2023 | 403, MIL, M |
| DTX1024 | Sight Sciences' Q1 2022 Earnings Call | SGHT0099957 - SGHT0099970 SGHT0132445 - SGHT0132458 IVANTIS_SS_00452999 - IVANTIS_SS_00453013 SGHT0105948 - SGHT0105961 | 5/10/2022 | F, A, H |
| DTX1025 | Sight Sciences' Q1 2023 Earnings Call | IVANTIS_SS_00453032 - IVANTIS_SS_00453043 | 5/4/2023 | F, A, H |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1026 | Sight Sciences' Q2 2021 Earnings Call | IVANTIS_SS_00453097 - IVANTIS_SS_00453117 | 8/12/2021 | F, A, H |
| DTX1027 | Sight Sciences' Q2 2022 Earnings Call | IVANTIS_SS_00453060 - IVANTIS_SS_00453078 | 8/11/2022 | F, A, H |
| DTX1028 | Sight Sciences' Q3 2021 Earnings Call | IVANTIS_SS_00453079 - IVANTIS_SS_00453096 | 11/10/2021 | H |
| DTX1029 | Sight Sciences' Q3 2022 Earnings Call | IVANTIS_SS_00453014 - IVANTIS_SS_00453031 | 11/10/2022 | F, A, H |
| DTX1030 | Sight Sciences' Q4 2021 Earnings Call | IVANTIS_SS_00452981 - IVANTIS_SS_00452998 SGHT0138988 - SGHT0139005 | 3/24/2022 | F, A, H |
| DTX1031 | Sight Sciences' Q4 2022 Earnings Call | IVANTIS_SS_00453044 - IVANTIS_SS_00453059 | 3/13/2023 | F, A, H |
| DTX1032 | Sight Sciences Quarterly Income Statement | SGHT0049230 | | |
| DTX1033 | Sight Sciences' Redacted Supplemental Objections and Responses to Ivantis's Third Set of Interrogatories (Nos. 12, 13, 18) | | 6/1/2023 | F, H, 403 |
| DTX1034 | Sight Sciences' Revolutionizing Eye Disease Treatment Slide Deck | SGHT0043356 - SGHT0043393 | 9/4/2020 | |
| DTX1035 | Sight Sciences' Schedule 14A | | 6/8/2023 | F, R, 403 |
| DTX1036 | Sight Sciences September 2020 Financial Reporting Review | SGHT0152737 - SGHT0152773 | 9/00/2020 | |
| DTX1037 | Sight Sciences September 2021 Financial Reporting Review | SGHT0152774 - SGHT0152811 | 9/00/2021 | |
| DTX1038 | Sight Sciences September 2022 Financial Reporting Pack | SGHT0152812 - SGHT0152827 | 9/00/2021 | |
| DTX1039 | Sight Sciences Summary of Results | SGHT0130293 - SGHT0130295 SGHT0161701 - SGHT0161703 | 11/22/2010 | H |
| DTX1040 | Sight Sciences Surgical Glaucoma Summary Monthly Performance - Key KPIs | SGHT0048810 | | |
| DTX1041 | Sight Sciences, Inc Deck | SGHT0025085 - SGHT0025132 | 12/00/2010 | |
| DTX1042 | Sight Sciences, Inc. 1MM Angel Financing | SGHT0030231 - SGHT0030280 | 03/00/2010 | |
| DTX1043 | Sight Sciences, Inc. Deck | SGHT0026984 - SGHT0027004 | 06/00/2010 | |
| DTX1044 | Sight Sciences, Inc. Executive Summary | SGHT0025181 - SGHT0025186 | 10/00/2010 | |
| DTX1045 | Sight Sciences, Inc. Executive Summary | SGHT0025537 - SGHT0025543 | 06/00/2010 | |
| DTX1046 | Sight Sciences, Inc. Executive Summary | SGHT0030421 - SGHT0030427 | 07/00/2010 | |
| DTX1047 | Sight Sciences, Inc. Executive Summary 4MM Series A Financing | SGHT0025349 - SGHT0025355 | 01/00/2011 | |
| DTX1048 | Sight Sciences, Inc. Financial Statements as of and for the Year Ended December 31, 2019 and 2018, and Independent Auditors' Report | SGHT0104626 - SGHT0104651 | 4/29/2020 | |
| DTX1049 | Sight Sciences, Inc. Form 10-Q | SGHT0155919 - SGHT0155970 | 5/31/2022 | 403 |
| DTX1050 | Sight Sciences, Inc. Form 10-Q | SGHT0156014 - SGHT0156156 | 9/30/2021 | 403 |
| DTX1051 | Sight Sciences, Inc. Form 10-Q | SGHT0156445 - SGHT0156560 | 6/30/2021 | 403 |
| DTX1052 | Sight Sciences, Inc. Form 10-Q | SGHT0159317 - SGHT0159367 | 6/30/2022 | 403 |
| DTX1053 | Sight Sciences, Inc. Form 10-Q | SGHT0159416 - SGHT0159461 | 9/30/2022 | 403 |
| DTX1054 | Sight Sciences, Inc. Form 8-K | SGHT0155180 - SGHT0155182 | 2/28/2022 | |
| DTX1055 | Sight Sciences, Inc. Form 8-K | SGHT0155798 - SGHT0155831 | 9/9/2021 | |
| DTX1056 | Sight Sciences, Inc. Form 8-K | SGHT0155837 - SGHT0155875 | 12/10/2021 | |
| DTX1057 | Sight Sciences, Inc. Form 8-K | SGHT0155888 - SGHT0155893 | 1/10/2022 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1058 | Sight Sciences, Inc. Form 8-K | SGHT0155913 - SGHT0155915 | 6/8/2022 | R, 403 |
| DTX1059 | Sight Sciences, Inc. Form 8-K | SGHT0155971 - SGHT0156013 | 5/10/2022 | |
| DTX1060 | Sight Sciences, Inc. Form 8-K | SGHT0156157 - SGHT0156164 | 11/10/2021 | |
| DTX1061 | Sight Sciences, Inc. Form 8-K | SGHT0156561 - SGHT0156569 | 8/12/2021 | |
| DTX1062 | Sight Sciences, Inc. Form 8-K | SGHT0156574 - SGHT0156576 | 11/10/2021 | |
| DTX1063 | Sight Sciences, Inc. Form 8-K | SGHT0157275 - SGHT0157277 | 3/15/2022 | R, 403 |
| DTX1064 | Sight Sciences, Inc. Form 8-K | SGHT0157282 - SGHT0157284 | 4/18/2022 | R, 403 |
| DTX1065 | Sight Sciences, Inc. Form 8-K | SGHT0157299 - SGHT0157344 | 7/19/2021 | R, 403 |
| DTX1066 | Sight Sciences, Inc. Form 8-K | SGHT0158338 - SGHT0158387 | 3/24/2022 | |
| DTX1067 | Sight Sciences, Inc. Form 8-K | SGHT0159305 - SGHT0159307 | 7/15/2022 | R, 403 |
| DTX1068 | Sight Sciences, Inc. Form 8-K | SGHT0159368 - SGHT0159376 | 8/11/2022 | |
| DTX1069 | Sight Sciences, Inc. Form 8-K | SGHT0159377 - SGHT0159414 | 8/23/2022 | |
| DTX1070 | Sight Sciences, Inc. Form 8-K | SGHT0159462 - SGHT0159470 | 11/10/2022 | |
| DTX1071 | Sight Sciences, Inc. Form 8-K | SGHT0159476 - SGHT0159515 | 1/5/2023 | |
| DTX1072 | Sight Sciences, Inc. Form 8-K | SGHT0159548 - SGHT0159557 | 3/13/2023 | |
| DTX1073 | Sight Sciences, Inc. Form 8-K | SGHT0159832 - SGHT0159870 | 4/3/2023 | |
| DTX1074 | Sight Sciences, Inc. Form D | SGHT0159121 - SGHT0159125 | 8/26/2019 | R, 403 |
| DTX1075 | Sight Sciences, Inc. Form S-1 | SGHT0155191 - SGHT0155797 | 7/8/2021 | 403 |
| DTX1076 | Sight Sciences, Inc. Form S-1 | SGHT0156182 - SGHT0156444 | 4/9/2021 | 403 |
| DTX1077 | Sight Sciences, Inc. Form S-1 | SGHT0156651 - SGHT0156958 | 7/14/2021 | 403 |
| DTX1078 | Sight Sciences, Inc. Form S-1 | SGHT0157368 - SGHT0158147 | 6/23/2021 | 403 |
| DTX1079 | Sight Sciences, Inc. Form S-1 | SGHT0158388 - SGHT0159115 | 5/24/2021 | 403 |
| DTX1080 | Sight Sciences, Inc. Form S-1 | SGHT0154841 - SGHT0155148 | 7/14/2021 | 403 |
| DTX1081 | Sight Sciences, Inc. Form S-8 | SGHT0157257 - SGHT0157274 | 7/15/2021 | R, 403 |
| DTX1082 | Sight Sciences, Inc. GL Ledger Detail Excel | SGHT0128963 | 11/25/2020 | |
| DTX1083 | Sight Sciences, Inc. Nominating and Corporate Governance Committee Charter | SGHT0155906 - SGHT0155909 | | R, 403 |
| DTX1084 | Sight Sciences, Inc. Q2 2023 Earnings Call Transcript | IVANTIS_SS_00469768 - IVANTIS_SS_00469780 | 8/3/2023 | F, A, H, R, 403, M, MIL |
| DTX1085 | Sight Sciences, Inc. Schedule 14A | SGHT0159126 - SGHT0159164 | 6/8/2022 | R, 403 |
| DTX1086 | Sight Sciences, Inc. Schedule 14A | SGHT0159165 - SGHT0159167 | 6/8/2022 | R, 403 |
| DTX1087 | Sight Sciences, Inc. Summary | SGHT0026380 - SGHT0026390 | | |
| DTX1088 | Sight Sciences, Inc. Summary 3 | SGHT0030218 - SGHT0030221 | | |
| DTX1089 | Sight Sciences, Inc. $1MM Angel Financing March 2010 | SGHT0160395 - SGHT0160443 | 3/00/2010 | |
| DTX1090 | Sight Sciences, Inc. $3MM Series A Financing Executive Summary | SGHT0160444 - SGHT0160449 | | Q |
| DTX1091 | Sight Sciences, Inc. Financial Statements as of and for the Years Ended December 31, 2019 and 2018, and Independent Auditors' Report | SGHT0155149 - SGHT0155174 | | |
| DTX1092 | Sight Sciences, Inc. Setting Our Sights on the Massive Standalone Glaucoma Procedure Opportunity | SGHT0128469 - SGHT0128509 | 2/00/2021 | F, H, R, 403, 106 |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1093 | Sight Sciences, Inc. Setting Our Sights on the Massive Stand-Alone Glaucoma Prodedure Opportunity; Initiating Coverage With an Outperform Rating | SGHT0054389 - SGHT0054432 | 2/3/2022 | F, H, R, 403 |
| DTX1094 | Sight Scineces Delivering the Power of Sight Investor Presentation | SGHT0159180 - SGHT0159211 | 4/00/2023 | |
| DTX1095 | Sight Siciences Inc (SGHT.O) Transforming Ophthalmology, One Eye at a Time; Initiating Coverage with a Buy Rating Citi's Take | SGHT0054736 - SGHT0054773 | 8/9/2021 | F, H, R, 403 |
| DTX1096 | Sight Siciences, Inc. Board of Directors Meeting Deck | SGHT0024769 - SGHT0024783 | 9/12/2011 | |
| DTX1097 | Meyer Rebuttal Attachment 6.1 | | | H, 703, DEM |
| DTX1098 | Sigth Sciences Form 8-K | | 12/7/2023 | R, 403, MIL |
| DTX1099 | Singh - Medical Therapy of Glaucoma | IVANTIS_SS_00387604 - IVANTIS_SS_00387615 | 00/00/2005 | R, 403, 703, NS |
| DTX1100 | Single Radius | IZATT_0000061 | | X, Q, R, DAU, DEM, 703 |
| DTX1101 | single radius Hydrus full length with Schlemms canal | IZATT_0000070 | | X, Q, R, DAU, DEM, 703 |
| DTX1102 | single radius Hydrus full length with Schlemms canal minus 031in | IZATT_0000068 | | X, Q, R, DAU, DEM, 703 |
| DTX1103 | single radius Hydrus full length with Schlemms canal minus 1mm | IZATT_0000069 | | X, Q, R, DAU, DEM, 703 |
| DTX1104 | single radius minus 031in proximal end | IZATT_0000059 | | X, Q, R, DAU, DEM, 703 |
| DTX1105 | single radius minus 1mm proximal end | IZATT_0000060 | | X, Q, R, DAU, DEM, 703 |
| DTX1106 | SLDDRW File | IVANTIS_SS_00323864 | | X, SW, DAU, DEM, 703 |
| DTX1107 | U.S. Patent No. 7,186,232 (Smedley) | IVANTIS_SS_00003154 - IVANTIS_SS_00003172 | 3/6/2007 | NS |
| DTX1108 | Sood et al. - Cost-effectiveness analysis of minimally invasive trabecular meshwork stents with phacoemulsification | IVANTIS_SS_00060330 - IVANTIS_SS_00060342 | 00/00/2021 | H, 703 |
| DTX1109 | Mishra et al. - Glaucoma Drainage Device: A Review | IVANTIS_SS_00001966 - IVANTIS_SS_00001980 IVANTIS_SS_00456105 - IVANTIS_SS_00456119 | 11/17/2014 | H, 703 |
| DTX1110 | Spiegel et al. - Schlemm's Canal Implant: A New Method to Lower Intraocular Pressure in Patients with POAG? | IVANTIS_SS_00025147 - IVANTIS_SS_00025149 | | H, 703, NS |
| DTX1111 | Hill - Sidebar: Inventor's Perspective | IVANTIS_SS_00456150 - IVANTIS_SS_00456154 | 12/00/2012 | H |
| DTX1112 | U.S. Pub. No. 2004/0147870 (Burns) | IVANTIS_SS_00002104 - IVANTIS_SS_00002177 | 7/29/2004 | NS |
| DTX1113 | Spreadsheet: MIGS Device Survey - Final | IVANTIS_SS_00228952 | | |
| DTX1114 | SSE SWOT Talking Point Notes | SGHT0168959 - SGHT0168965 | 3/26/2020 | 403, MIL |
| DTX1115 | Standalone P&L - Global Spreasheet | IVANTIS_SS_00302189 | | |
| DTX1116 | Standard Cost Spreadsheet | IVANTIS_SS_00067314 | 3/20/2018 | |
| DTX1117 | Standard Cost Spreadsheet | IVANTIS_SS_00067341 | | |
| DTX1118 | Stent Design Summary | SGHT0026658 - SGHT0026677 | | 106 |
| DTX1119 | Stent Design Summary 2 | SGHT0026684 - SGHT0026695 | | R, 403, C/D |
| DTX1120 | Stent Surface Area Contact Calculations Spreadsheet | IZATT_0000014 | | H, 703, DEM, DAU |
| DTX1121 | Stifel CY23 PFS Proposed Rule Implications for MIGS | SGHT0065351 - SGHT0065254 | 7/7/2022 | H, 703, R |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX1122 | Pantalon 2021 | IVANTIS_SS_00470604 - IVANTIS_SS_00470614 | | H, 703 |
| DTX1123 | Davila 2022 | IVANTIS_SS_00470615 - IVANTIS_SS_00470627 | | H, 703 |
| DTX1124 | Study of OMNI Surgical System and iStent for Eyes with OAG (Trident) | | 8/31/2022 | H, 703 |
| DTX1125 | Summary and Recommendation for the Formation of Glaucoma NewCo | IVANTIS_SS_00387335 - IVANTIS_SS_00387387 | 5/23/2007 | |
| DTX1126 | Ivantis Implant, 8mm, Side Interlock C00151 Rev G | IVANTIS_SS_00000429 - IVANTIS_SS_00000433 | 10/5/2016 | |
| DTX1127 | Summary of Results | SGHT0130297 - SGHT0130298 | 3/22/2010 | 403 |
| DTX1128 | Summary of Safety and Effectiveness Data (SSED) re Hydrus Microstent | IVANTIS_SS_00233897 - IVANTIS_SS_00233933 | | |
| DTX1129 | Summary OMNI ASP Spreadsheet | SGHT0168056 | | |
| DTX1130 | Summary spreadsheet | SGHT0090491 | | |
| DTX1131 | Summary spreadsheet | SGHT0111756 | 5/10/2022 | |
| DTX1132 | Supplier scorecard spreadsheet | SGHT0167133 | | R, H |
| DTX1133 | Surgeon Spreadsheet | SGHT0038821 | 4/27/2022 | H |
| DTX1134 | Surgical - Rev Summary | SGHT0129297 | | |
| DTX1135 | Surgical and Vision Care ITR - Meetin Minutes | IVANTIS_SS_00302316 - IVANTIS_SS_00302317 | 12/14/2017 | |
| DTX1136 | Surgical Glaucoma Revenue IS Flux Spreadsheet | SGHT0057230 | 11/13/2018 | F |
| DTX1137 | Surgical Glaucoma SOP Forecast Spreadsheet | SGHT0167450 | | |
| DTX1138 | Surgical Glaucoma US Metrics | SGHT0161950 | | |
| DTX1139 | Surgical SOP Forecast Tracker Spreadsheet | SGHT0167437 | 2/5/2020 | |
| DTX1140 | Surgical SSR Quotas spreadsheet | SGHT0165783 | | |
| DTX1141 | Presentation:  Alcon Marketing | IVANTIS_SS_00324043 - IVANTIS_SS_00324116 | | |
| DTX1142 | Test Protocol - TP-0152 Implaint (C00151) Validation - Norman Noble | IVANTIS_SS_00000789 - IVANTIS_SS_00000808 | | |
| DTX1143 | Test Protocol Assessment of the Delivery of Hydrus Single Radius | IVANTIS_SS_00390244 - IVANTIS_SS_00390247 | 7/13/2011 | |
| DTX1144 | Test Report - TR-0146 Biocompatibility Testing of Hydrus Microstent - Original Design (S00007) | IVANTIS_SS_00034164 - IVANTIS_SS_00034420 | 10/7/2016 | |
| DTX1145 | Tested Many Designs: Shapes and Materials Slide | | | 106, H, BATES |
| DTX1146 | INTENTIONALLY LEFT BLANK | | | |
| DTX1147 | INTENTIONALLY LEFT BLANK | | | |
| DTX1148 | The 510(k) Program: Evaluating Substantial Equivalence in Premarket Notifications. July 28, 2014 | IVANTIS_SS_00469603 - IVANTIS_SS_00469644 | 7/28/2014 | H, 703, R |
| DTX1149 | The Hydrus Microstent Difference | IVANTIS_SS_00323970 - IVANTIS_SS_00323971 | | |
| DTX1150 | Presentation: Ivantis Company Update | IVANTIS_SS_00362628 - IVANTIS_SS_00362716 | | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1151 | Tongue Cannula | IVANTIS_SS_00000674 - IVANTIS_SS_00000676 | 2/5/2018 | |
| DTX1152 | Topographical and Compositional Homogeneity of Electropolished NiTi Alloy Surfaces | IVANTIS_SS_00387462 - IVANTIS_SS_00387463 | 00/00/2002 | H, 703 |
| DTX1153 | Toris et al. - Aqueous Humor Dynamics in Ocular Hypertensive Patients | IVANTIS_SS_00387450 - IVANTIS_SS_00387455 | 2/12/2002 | H, 703 |
| DTX1154 | Toris et al. - Aqueous Humor Dynamics in the Aging Human Eye | IVANTIS_SS_00387541 - IVANTIS_SS_00387546 | 11/16/1998 | H, 703 |
| DTX1155 | Total Operating and Maintenance Expenses Overall YTD Average | SGHT0161951 | | |
| DTX1156 | TR-0040 Corrosion Testing | IVANTIS_SS_00368972 - IVANTIS_SS_00369163 | 1/31/2011 | |
| DTX1157 | INTENTIONALLY LEFT BLANK | | | |
| DTX1158 | Truss Design History Summary | IVANTIS_SS_00043614 - IVANTIS_SS_00043615 | 4/29/2019 | |
| DTX1159 | Truss Design Rationale | IVANTIS_SS_00387656 - IVANTIS_SS_00387661 | 8/6/2007 - 9/8/2007 | |
| DTX1160 | Twisted Chain Concept | SGHT0161643 - SGHT0161646 | | |
| DTX1161 | Two window Hydrus arcuate with original inlet | IZATT_0000073 | | SW, 703, DAU, DEM |
| DTX1162 | Two window Hydrus arcuate with original inlet minus 031in proximal end | IZATT_0000071 | | SW, 703, DAU, DEM |
| DTX1163 | Two window Hydrus arcuate with original inlet minus 1_5mm proximal end | IZATT_0000078 | | SW, 703, DAU, DEM |
| DTX1164 | Two window Hydrus arcuate with original inlet minus 1mm proximal end | IZATT_0000072 | | SW, 703, DAU, DEM |
| DTX1165 | Two window Hydrus arcuate with original inlet surface area contact calculation | IZATT_0000058 | | SW, 703, DAU, DEM |
| DTX1166 | Two window Hydrus with original inlet arcuate | IZATT_0000076 | | SW, 703, DAU, DEM |
| DTX1167 | Two window Hydrus with original inlet arcuate minus 031in | IZATT_0000074 | | SW, 703, DAU, DEM |
| DTX1168 | Two window Hydrus with original inlet arcuate minus 1_5mm | IZATT_0000079 | | SW, 703, DAU, DEM |
| DTX1169 | Two window Hydrus with original inlet arcuate minus 1mm | IZATT_0000075 | | SW, 703, DAU, DEM |
| DTX1170 | U.S Patent Application Publication 2004/0260228 | IVANTIS_SS_00026269 - IVANTIS_SS_00026276 | 12/23/2004 | NS |
| DTX1171 | U.S. Patent 6,494,857 Neuhann | IVANTIS_SS_00026588 - IVANTIS_SS_00026796 | 12/17/2002 | NS |
| DTX1172 | U.S. Patent Application 11475,523 File History | SGHT0007761 - SGHT0008227 | 6/6/2022 | |
| DTX1173 | U.S. Patent No. 10,299,958 | IVANTIS_SS_00002410 - IVANTIS_SS_00002485 | 5/28/2019 | |
| DTX1174 | 360 trabeculotomy Beck and Lynch | IVANTIS_SS_00471067 - IVANTIS_SS_00471069 | 00/00/1995 | H, 703, NS |
| DTX1175 | Dorairaj et al. - 12-Month Outcomes of Goniotomy Performed Using the Kahook Dual Blade Combined with Cataract Surgery in Eyes with Medically Treated Glaucom | IVANTIS_SS_00269221 - IVANTIS_SS_00269230 | 00/00/2018 | H, 703, R |
| DTX1176 | Meyer Rebuttal Attachment 6 | | | H, 703 |
| DTX1177 | Email from E. Veit to D. Badawi re Introduction | ADMEDES00653 | 3/8/2010 | R, H, A, F |
| DTX1178 | U.S. Patent No. 5,486,165 (Stegmann '165) | IVANTIS_SS_00002300 - IVANTIS_SS_00002305 | 1/23/1996 | NS |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1179 | Email from F. Budillon to D. Badawi re Alloy Experts | ADMEDES00942 - ADMEDES00945 | 7/23/2010 | |
| DTX1180 | U.S. Patent Pub. No. 2007/0298068 | IVANTIS_SS_00458683 - IVANTIS_SS_00458710 IVANTIS_SS_00447145 - IVANTIS_SS_00447172 IVANTIS_SS_00446679 - IVANTIS_SS_00446706 IVANTIS_SS_00337118 - IVANTIS_SS_00337145 SGHT0016350 - SGHT0016377 | 12/27/2007 | |
| DTX1181 | U.S. Patent No. 6,736,791 Tu et al. | IVANTIS_SS_00002249 - IVANTIS_SS_00002269 | 5/18/2004 | NS |
| DTX1182 | Glaukos - Our History | IVANTIS_SS_00471371 - IVANTIS_SS_00471373 | | H, A |
| DTX1183 | Grehn - The value of trabeculotomy in glaucoma surgery | IVANTIS_SS_00471353 - IVANTIS_SS_00471361 | 00/00/1995 | H, 703 |
| DTX1184 | Denali Medical Schlemm Intubation Bridge-truss Assembly | IVANTIS_SS_00043467 - IVANTIS_SS_00043474 | 2/13/2007 | |
| DTX1185 | U.S. Patent No. 7,909,789 | SGHT0160170 - SGHT0160195 IVANTIS_SS_00458801 - IVANTIS_SS_00458826 | 3/22/2011 | |
| DTX1186 | U.S. Patent No. 7,909,789 File History | SGHT0008160 - SGHT0008184 | 9/13/2022 | |
| DTX1187 | U.S. Patent No. 8,267,882 Euteneyer, et al | IVANTIS_SS_00451644 - IVANTIS_SS_00451672 | 9/18/2012 | NS |
| DTX1188 | Human Cadaver Globe Summary | IVANTIS_SS_00387682 - IVANTIS_SS_00387683 | | H, 703 |
| DTX1189 | Video: Reay H. Brown, MD | 2017 Charles D. Kelman Innovator's Lectures, *available at* https://www.youtube.com/watch?v=cfAx4BmYea8&t=1321s | | H, R, U, C/D |
| DTX1190 | Video: Reah H. Brown, MD | 2017 Charles D. Kelman Innovator's Lecture, *available at* https://youtu.be/cfAx4BmYea8?feature=shared&t=1361 | | H, R, U, C/D |
| DTX1191 | Ivantis Truss 8mm Low Profile Single Radius C00151 Rev B | IVANTIS_SS_00000153 - IVANTIS_SS_00000157 | 1/20/2012 | |
| DTX1192 | Needle Gauge Table | IVANTIS_SS_00471078 - IVANTIS_SS_00471079 | | H, 703 |
| DTX1193 | USPTO Foreword | IVANTIS_SS_00471077 | | R, H, 703 |
| DTX1194 | Ivantis Truss 2 Clock Crescent C00066 Rev A | IVANTIS_SS_00017406 - IVANTIS_SS_00017409 | 7/30/2009 | |
| DTX1195 | iStent clinicaltrials.gov | IVANTIS_SS_00471351 - IVANTIS_SS_00471352 | | H |
| DTX1196 | U.S. Patent No. 7,740,604 (Schieber) | IVANTIS_SS_00451497 - IVANTIS_SS_00451523 | 6/22/2010 | NS |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1197 | Merriam-Webster's Medical Desk Dictionary and Dorland | | | H |
| DTX1198 | U.S. Patent Publication No. 2010/0191329 | IVANTIS_SS_00458722 - IVANTIS_SS_00458749 | 7/29/2010 | |
| DTX1199 | Ammar DA, Seibold LK, Kahook MY | IVANTIS_SS_00471374 - IVANTIS_SS_00471380 | 00/00/2020 | H, 703 |
| DTX1200 | EXTERNAL: FW: Ivantis Press Release - Hydrus Microstent Receives Highest Designation of Any MIGS Device as Part of AAO Treatment Guidelines | IVANTIS_SS_00336348 - IVANTIS_SS_003366349 | 11/19/2020 | |
| DTX1201 | Robertson et al. - Mechanical fatique and fracture nitinol | SGHT0170249 - SGHT0170284 | | H, 703 |
| DTX1202 | FDA Approval of the iStent Trabecular Micro-Bypass | IVANTIS_SS_00471128 - IVANTIS_SS_00471131 | 6/25/2012 | H, 703 |
| DTX1203 | A Study of the Trabecular Micro-Bypass Stent in Combination With Cataract Surgery in Open Angle Glaucoma Subjects, *available at* https://clinicaltrials.gov/study/NCT00326014?cond=glaucoma&intr=istent&start=2006-06-26&rank=1) | | | R, H, U |
| DTX1204 | United Healthcare Glaucoma Surgical Treatments | SGHT0139455 - SGHT0139480 | 11/1/2022 | 403, R, H |
| DTX1205 | US Sales Plan | IVANTIS_SS_00198592 | | |
| DTX1206 | US Sales Plan | IVANTIS_SS_00204858 | | |
| DTX1207 | Ivantis Hydrus Microstent Global Training Slide Deck | IVANTIS_SS_00017827 - IVANTIS_SS_00017855 | | |
| DTX1208 | US2005/0090807 Lynch et al | IVANTIS_SS_00002306 - IVANTIS_SS_00002320 | 4/28/2005 | NS |
| DTX1209 | US2005/0266047 Tu et al. | IVANTIS_SS_00002002 - IVANTIS_SS_00002089 | 12/1/2005 | NS |
| DTX1210 | US2006/0116626 Smedley et al. | IVANTIS_SS_00002486 - IVANTIS_SS_00002500 | 6/1/2006 | NS |
| DTX1211 | US20080108934A1 Berlin | IVANTIS_SS_00001620 - IVANTIS_SS_00001652 | 5/8/2008 | NS |
| DTX1212 | US20090082860A1 Schieber et al | IVANTIS_SS_00001671 - IVANTIS_SS_00001689 | 3/26/2009 | NS |
| DTX1213 | US20090082862A1 Schieber et al | IVANTIS_SS_00001653 - IVANTIS_SS_00001670 | 3/26/2009 | NS |
| DTX1214 | US20090082863A1 Schieber et al | IVANTIS_SS_00001690 - IVANTIS_SS_00001715 | 3/26/2009 | NS |
| DTX1215 | US20090132040A1 Frion et al | IVANTIS_SS_00001797 - IVANTIS_SS_00001817 | 5/21/2009 | NS |
| DTX1216 | US20090227934A1 Euteneuer et al | IVANTIS_SS_00001858 - IVANTIS_SS_00001886 | 9/10/2009 | NS |
| DTX1217 | US8512404B2 Frion et al | IVANTIS_SS_00002639 - IVANTIS_SS_00002661 | 8/20/2013 | NS |
| DTX1218 | USPTO 904 How to Search [R-07.2022] | IVANTIS_SS_00471014 - IVANTIS_SS_00471019 | | R, H, 403, 703, DAU, F |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1219 | USPTO FY 2022 Agency Financial Report | IVANTIS_SS_00470890 - IVANTIS_SS_00471011 | | R, H, 403, 703, DAU, F |
| DTX1220 | USPTO Inter Partes Disputes | IVANTIS_SS_00471020 - IVANTIS_SS_00471022 | | R, H, 403, 703, DAU, F |
| DTX1221 | USPTO Patent Examination Policy | IVANTIS_SS_00470632 - IVANTIS_SS_00470633 | | R, H, 403, 703, DAU, F |
| DTX1222 | USPTO Performance and Accountability Report Fiscal Year 2021 | IVANTIS_SS_00470634 - IVANTIS_SS_00470889 | | R, H, 403, 703, DAU, F |
| DTX1223 | USPTO Proposals in Advance Notice of Proposed Rulemaking (ANPRM) | IVANTIS_SS_00471027 - IVANTIS_SS_00471066 | | R, H, 403, 703, DAU, F |
| DTX1224 | USPTO's Manual of Patent Examining Procedure (MPEP) | IVANTIS_SS_00470629 - IVANTIS_SS_00470631 | 2/00/2023 | R, H, 403, 703, DAU, F |
| DTX1225 | Johnson - How Does Nonpenetrating Glaucoma Surgery Work | IVANTIS_SS_00001298 - IVANTIS_SS_00001310 | | H, 703 |
| DTX1226 | Wallace & Alward - Medical Management of Glaucoma | IVANTIS_SS_00387584 - IVANTIS_SS_00387593 | 10/29/1998 | H, 703 |
| DTX1227 | Week Over Week Forecast Change to Actual Spreadsheet | SGHT0164987 | 1/22/2019 | |
| DTX1228 | The Recent Evolution of Glaucoma Surgery: From Maximally Effective to Minimally Invasive Lecture | ATANNA_00000001 - ATANNA_00000064 | 6/15/2023 | H, 703 |
| DTX1229 | INTENTIONALLY LEFT BLANK | | | |
| DTX1230 | Westwood Vision, Inc "The Minimum Surface Area Stent", 3MM Series A Financing Deck | SGHT0029798 - SGHT0029839 SGHT0029841 - SGHT0029882 | 01/00/2010 | |
| DTX1231 | Westwood Vision, Inc. "The Minimum Surface Area Stent", 2MM Angel Round Financing | SGHT0030067 - SGHT0030116 | 02/00/2010 | |
| DTX1232 | Westwood Vision, Inc. Implant Plans Executive Summary | IVANTIS_SS_00458711 | 7/13/2010 | |
| DTX1233 | Westwood Vision, Inc. Summary | SGHT0029793 | | |
| DTX1234 | Westwood Vision, Inc., The Minimum Surface Area Stent" | SGHT0029973 - SGHT0030015 | 02/00/2010 | |
| DTX1235 | What's a MAC - CMS.gov | | | H, R, MIL, U |
| DTX1236 | Wittman et al, Eyepass Glaucoma Implant in Open-Angle Glaucoma After Failed Conventional Medical Therapy: Clinical Results of a 5-Year-Follow-up,  Glaucoma _ Volume 26, Number 4, April 2017 | IVANTIS_SS_00456059 - IVANTIS_SS_00456065 | 04/00/2017 | H, 703 |
| DTX1237 | WO 02/36052 A1 Tu, et al | IVANTIS_SS_00001570 - IVANTIS_SS_00001596 | 5/10/2002 | NS |
| DTX1238 | WO00/64391 Lynch '391 | IVANTIS_SS_00001514 - IVANTIS_SS_00001539 | 11/00/2000 | NS |
| DTX1239 | WO2009042596A2 Schieber et al | IVANTIS_SS_00001716 - IVANTIS_SS_00001796 | 4/2/2009 | NS |
| DTX1240 | WO2009042596A3 Schieber et al | IVANTIS_SS_00001818 - IVANTIS_SS_00001822 | 5/28/2009 | NS |
| DTX1241 | WO2009067369A1 Frion et al | IVANTIS_SS_00001823 - IVANTIS_SS_00001857 | 5/28/2009 | NS |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1242 | WO2009111645A1 Euteneuer et al | IVANTIS_SS_00001887 - IVANTIS_SS_00001938 | 9/11/2009 | NS |
| DTX1243 | World Glaucoma Congress | IVANTIS_SS_00471304 - IVANTIS_SS_00471314 | 7/6/2005 | H, A |
| DTX1244 | Worldwide Advancement of Vision Research, ArvoNews | IVANTIS_SS_00471515 - IVANTIS_SS_00471539 | Summer 2005 | H, A |
| DTX1245 | INTENTIONALLY LEFT BLANK | | | |
| DTX1246 | Yablonski, Trabeculotomy with Internal Tube Shunt, J. Glaucoma, 14(2):91-97 | IVANTIS_SS_00001320 - IVANTIS_SS_00001326 | 04/00/2005 | H, 703, NS |
| DTX1247 | Ivantis Hydrus Microstent Instructions for Use C00256 Rev A.1 | IVANTIS_SS_00041120 - IVANTIS_SS_00041140 | 8/13/2018 | |
| DTX1248 | Hydrus Microstent Design History and Rationale Slide Deck | IVANTIS_SS_00016386 - IVANTIS_SS_00016416 | | |
| DTX1249 | Ivantis Truss, 12mm Low Profile Nitinol C00110 Rev A | IVANTIS_SS_00017233 - IVANTIS_SS_00017236 | 6/22/2010 | |
| DTX1250 | Ivantis Truss, 6mm Nitinol C00140 Rev X1 | IVANTIS_SS_00017735 - IVANTIS_SS_00017738 | 1/4/2011 | |
| DTX1251 | Human Globe Evaluations Slide Deck | IVANTIS_SS_00026762 - IVANTIS_SS_00026774 | 9/25/2009 | |
| DTX1252 | Denali Design Input Tracking | IVANTIS_SS_00043438 - IVANTIS_SS_00043442 | 10/18/2006 | |
| DTX1253 | Ed Matthees Delivery System Chart | IVANTIS_SS_00043448 | 3/10/2008 | |
| DTX1254 | To Do Who Do List | IVANTIS_SS_00043449 | 8/15/2007 | R |
| DTX1255 | Team Meeting Agenda | IVANTIS_SS_00043475 - IVANTIS_SS_00043476 | 9/5/2007 | R |
| DTX1256 | Projects List | IVANTIS_SS_00043477 - IVANTIS_SS_00043481 | on or before 2008 | R |
| DTX1257 | Outflow Facility Testing Truss Implantation Slide Deck | IVANTIS_SS_00043483 - IVANTIS_SS_00043492 | 12/11/2007 | |
| DTX1258 | David Kusz Outflow Test at Phillips Eye Institute, Minneapolis | IVANTIS_SS_00043503 | 8/21/2008 | |
| DTX1259 | Single Eye Perfusion Chart with Notes | IVANTIS_SS_00043504 | 8/21/2008 | 106 |
| DTX1260 | Dave Kusz In Vitro Outflow Facility Chart | IVANTIS_SS_00043505 | 8/21/2008 | |
| DTX1261 | Ab Interno Delivery System Design History Summary | IVANTIS_SS_00043617 - IVANTIS_SS_00043618 | on or before 2008 | |
| DTX1262 | Product Picture | IVANTIS_SS_00043619 - IVANTIS_SS_00043620 | on or before 2008 | |
| DTX1263 | Product in Eye Picture | IVANTIS_SS_00043622 | on or before 2008 | |
| DTX1264 | Product Picture | IVANTIS_SS_00043623 | on or before 2008 | |
| DTX1265 | Truss Rev 22B 10 01 07 PEI Picture | IVANTIS_SS_00043626 | 10/1/2007 | |
| DTX1266 | Product in Eye Picture | IVANTIS_SS_00043627 | 10/1/2007 | |
| DTX1267 | Product Graphic | IVANTIS_SS_00043633 | on or before 2008 | |
| DTX1268 | Product in Surgery Picture | IVANTIS_SS_00043635 | 7/9/2007 | |
| DTX1269 | Product Pictures | IVANTIS_SS_00043636 | 7/9/2007 | |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1270 | Product Pictures | IVANTIS_SS_00043637 | 7/9/2007 | |
| DTX1271 | Product in Surgery Pictures | IVANTIS_SS_00043638 | 7/9/2007 | |
| DTX1272 | Product System Picture Labelled | IVANTIS_SS_00043644 | on or before 2008 | |
| DTX1273 | Bridge Truss on Mirror Labelled | IVANTIS_SS_00043645 | on or before 2008 | |
| DTX1274 | Product Picture | IVANTIS_SS_00099259 | on or before 2008 | |
| DTX1275 | Truss Design Comparison Chart | IVANTIS_SS_00099279 | on or before 2008 | |
| DTX1276 | Denali Lab Images | IVANTIS_SS_00099280 | on or before 2008 | |
| DTX1277 | Product Picture | IVANTIS_SS_00099290 | on or before 2008 | |
| DTX1278 | Truss Models | IVANTIS_SS_00099340 | on or before 2008 | |
| DTX1279 | Screw Drive Delivery System Picture | IVANTIS_SS_00099341 | on or before 2008 | |
| DTX1280 | Product Picture | IVANTIS_SS_00160380 | on or before 2008 | |
| DTX1281 | Technical Status Update | IVANTIS_SS_00160403 | on or before 2008 | 106 |
| DTX1282 | Canal Truss Hand Drawing | IVANTIS_SS_00160405 | 4/25/2007 | |
| DTX1283 | Cannula with Truss Hand Drawing | IVANTIS_SS_00160406 | 4/20/2007 | |
| DTX1284 | Product #26 Picture | IVANTIS_SS_00160407 | on or before 2008 | 106 |
| DTX1285 | Products #39 and #40 Picture | IVANTIS_SS_00160408 | on or before 2008 | 106 |
| DTX1286 | Ab Interno Questions for Doctor Samuelson 4/24/2007 (continued) | IVANTIS_SS_00160410 | 4/24/2007 | H, A, F |
| DTX1287 | Ab Interno Questions for Doctor Samuelson 4/24/2007 | IVANTIS_SS_00160411 | 4/24/2007 | H, A, F |
| DTX1288 | Design Spec Chart | IVANTIS_SS_00160412 | on or before 2008 | |
| DTX1289 | System Picture | IVANTIS_SS_00160413 - IVANTIS_SS_00160414 | on or before 2008 | |
| DTX1290 | Denali Truss with Weld Ball Rev 1 | IVANTIS_SS_00160420 | 6/29/2007 | |
| DTX1291 | Product Picture with Measurements | IVANTIS_SS_00160421 | on or before 2008 | |
| DTX1292 | Product Picture and Information | IVANTIS_SS_00160423 | on or before 2008 | 106 |
| DTX1293 | Denali Statement of Operations Spreadsheets 2007-2009 | IVANTIS_SS_00216381 | 3/6/2008 | |
| DTX1294 | C12710 30-Day Primate Report | IVANTIS_SS_00362543 - IVANTIS_SS_00362550 | 9/22/2009 | |
| DTX1295 | Ivantis Board Document | IVANTIS_SS_00362901 - IVANTIS_SS_00362903 | 3/27/2008 | R |
| DTX1296 | R&D Product Overview Slide Deck with Metadata | IVANTIS_SS_00363049 - IVANTIS_SS_00363069 | 11/4/2008 | |
| DTX1297 | R&D Product Overview Slide Deck | IVANTIS_SS_00363049 - IVANTIS_SS_00363069 | 11/4/2008 | 106, C/D |
| DTX1298 | SOP0005 Document and Change Control | IVANTIS_SS_00054382 - IVANTIS_SS_00054392 | 8/19/2021 | R |
| DTX1299 | 8/6/2020 Email FW: Verical Chop, MIGS, & More | SGHT0046207 - SGHT0046212 | 8/6/2020 | R, H |
| DTX1300 | Confidential Information Presentation | SGHT0132340 - SGHT0132423 | 9/11/2018 | |
| DTX1301 | INTENTIONALLY LEFT BLANK | | | |
| DTX1302 | Surgery Notes Patient 115-705 | IVANTIS_SS_00109770 | 2/5/2018 | H, F, R |
| DTX1303 | R&D Surgery Notes Patient 027-NP | IVANTIS_SS_00106660 | 2/10/2016 | H, F, R |
| DTX1304 | R&D Surgery Notes Patient 041-412 | IVANTIS_SS_00106339 | 1/7/2015 | H, F, R |
| DTX1305 | R&D Surgery Notes Patient 115-411 | IVANTIS_SS_00105949 | 9/22/2014 | H, F, R |
| DTX1306 | R&D Surgery Notes Patient 019-503 | IVANTIS_SS_00105950 | 9/17/2014 | H, F, R |

*Sight Sciences, Inc. v. Ivantis, Inc., et al*
*C.A. No.: 21-1317-JLH-SRF*

**Defendants' Trial Exhbit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|---|
| DTX1307 | R&D Surgery Notes Patient 019-439 | IVANTIS_SS_00105951 | 9/17/2014 | H, F, R |
| DTX1308 | Sight Sciences Confidential Information Presentation Slide Deck | SGHT0132340 - SGHT0132423 SGHT0011446 - SGHT0011529 SGHT0123322 - SGHT0123411 SGHT0133113 - SGHT0133196 SGHT0133227 - SGHT0133310 SGHT0133312 - SGHT0133395 SGHT0133427 - SGHT0133510 SGHT0133545 - SGHT0133630 SGHT0133644 - SGHT0133727 SGHT0149026 - SGHT0149109 | 9/00/2018 | C/D |
| DTX1309 | EW Interview - Inventor Digs Deeper for Glaucoma Breakthrough | | | H, F, 106, R |
| DTX1310 | Denali Medical Schlemm Intubation Bridge-truss Assembly | IVANTIS_SS_00043467 - IVANTIS_SS_00043474 | 2/13/2007 | |
| DTX1311 | Hydrus Basic Insert Superficial First Video | SHEYBANI_SS_VOL00000001 | 6/16/2023 | H, F |
| DTX1312 | Hydrus Insertion and Incision Placement with Phaco Video | SHEYBANI_SS_VOL00000002 | 6/16/2023 | C/D, H, F |
| DTX1313 | Cataract Surgery in the Glaucoma Patient Slide Deck | SHEYBANI_SS_VOL00000006 | 6/16/2023 | H, F |
| DTX1314 | Sight Grant Application Package | SGHT0026782 - SGHT0026845 | 8/4/2010 | C/D |
| DTX1315 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0065422 - SGHT0065504 | 9/7/2022 | F, H, 403, C/D |
| DTX1316 | Sight Sciences' OMNI Messaging Strategy Meeting Slide Deck | SGHT0038206 - SGHT0038226 | 2/23/2022 | |
| DTX1317 | The Tom Buckman Guide to Better Living Through Better Marketing Habits | SGHT0054614 - SGHT0054619 | 3/15/2022 | |
| DTX1318 | Email from P. Badawi to T. Buckley re Buckman Brand Institute | SGHT0054613 | 3/15/2022 | 106 |
| DTX1319 | Email from P. Badawi to T. Buckley re Needham 2Q22 Ophthalmology Survey | SGHT0046690 - SGHT0046692 | 7/15/2022 | |
| DTX1320 | Sight Sciences' Board of Directors Meeting Slide Deck | SGHT0043009 - SGHT0043068 | 8/11/2020 | C/D |
| DTX1321 | Email from J. Shay to M. Mayer re Badawi patent application | IVANTIS_SS_00447185 | 12/18/2008 | |
| DTX1322 | Sight Sciences, Inc. NasdaqGS:SGHT FQ4 2023 Earnings Call Transcripts | | 3/7/2024 | H, F, A, 403 |
| DTX1323 | Sight Sciences, Inc. Form 8-K | | 3/7/2024 | |
| DTX1324 | Ivantis Recognized for Innovation, Excellence and Company Culture https://www.prnewswire.com/news-releases/ivantis-recognized-for-innovation-excellence-and-company-culture-301194216.html | | 12/16/2020 | H, F, R, 403 |
| DTX1325 | EY Announces Winners for the Entrepreneur of the Year 2020 Pacific Southwest - Orange Count Award https://www.ey.com/en_us/news/2020/10/ey-announces-winners-for-the-entrepreneur-of-the-year-2020-pacific-southwest-orange-county-award#:~:text=The%20winners%20for% | | 10/7/2020 | H, F, R, 403 |
| DTX1326 | Hydrus Microstent Receives Highest Designation of Any MIGS Device as Part of AAO Treatment Guidelines https://www.prnewswire.com/news-releases/hydrus-microstent-receives-highest-designation-of-any-migs-device-as-part-of-aao-treatment-guidelines-301175151.html | | 11/17/2020 | H, F, R, 403 |
| DTX1327 | 2020 Red Herring Top 100 North America Winners https://www.redherring.com/events/rhna/2020-red-herring-top-100-north-america-winners/ | | | H, F, R, A, 403 |

**Defendants' Trial Exhibit List**

| DEF NO. | DESCRIPTION OF EXHIBITS | BATES RANGE | DATE | PLAINTIFF'S OBJECTIONS |
|---------|------------------------|-------------|------|------------------------|
| DTX1328 | 2020 Winners - MedTech Breakthrough https://octaneoc.org/hta-finalists-winners/ | | | H, F, R, A, 403 |
| DTX1329 | Hydrus Microstent OD Advisory Meeting | IVANTIS_SS_00009325 - IVANTIS_SS_00009349 | 11/00/2021 | H, F, R, 403 |
| DTX1330 | Test Protocol Q-Pulse Performance Qualification for IT Equipment Relocation TP-0083 Rev A | IVANTIS_SS_00375121 - IVANTIS_SS_00375160 | 3/22/2012 | R, DAU, F, 403 |
| DTX1331 | Financial Spreadsheet | SGHT0187911 | | |
| DTX1332 | MarketScope 2023 Glaucoma Surgical Device Market Report | SGHT0187912 - SGHT0188213 | 07/00/2023 | H, 703 |
| DTX1333 | Financial Spreadsheet | SGHT0188214 | | |
| DTX1334 | MarketScope Ophthalmic Market Trends: Q4-2023 US Glaucoma Edition | SGHT0188215 - SGHT0188241 | 02/00/2024 | H, 703 |
| DTX1335 | Sight Sciences, Inc. Form 10-K | SGHT0188242 - SGHT0188373 | 12/31/2023 | MIL, R, 403 |
| DTX1336 | Sight Sciences, Inc. Form 10-Q | SGHT0188374 - SGHT0188415 | 6/30/2023 | MIL, R, 403 |
| DTX1337 | Sight Sciences, Inc. Form 10-Q | SGHT0188416 - SGHT0188493 | 9/30/2023 | MIL, R, 403 |
| DTX1338 | Financial Spreadsheet | SGHT0188494 | 3/20/2024 | |
| DTX1339 | Financial Spreadsheet | SGHT0188495 | 3/20/2024 | |
| DTX1340 | Financial Spreadsheet | SGHT0188496 | 3/20/2024 | |
| DTX1341 | Call with Sight Sciences Notes | IVANTIS_SS_00458847 | 5/29/2012 | H |
| DTX1342 | Sight Sciences, Inc. Code of Business Conduct and Ethics https://www.sightsciences.com/us/storage/sites/4/2023/03/Sight-Sciences-Code-of-Business-Conduct-and-Ethics-Final-3.17.23.pdf | | 3/17/2023 | R, A, F, 403 |
| DTX1343 | U.S. Patent No. 6,626,858 | IVANTIS_SS_00446975 - IVANTIS_SS_00446992 | 9/30/2003 | |
| DTX1344 | U.S. Patent No. 9,827,143 | IVANTIS_SS_00211877 - IVANTIS_SS_00211900 | 11/28/2017 | |
| DTX1345 | U.S. Patent No. 7,220,238 | IVANTIS_SS_00026707 - IVANTIS_SS_00026726 | 5/22/2007 | |
| DTX1346 | U.S. Patent No. 8,771,217 | | 7/8/2014 | |
| DTX1347 | U.S. Patent No. 9,492,320 | IVANTIS_SS_00447459 - IVANTIS_SS_00447480 | 11/15/2016 | |
| DTX1348 | U.S. Patent No. 10,492,950 | | 12/3/2019 | |
| DTX1349 | Ivantis Announces Settlement of Glaukos Patent Litigation | IVANTIS_SS_00009130 - IVANTIS_SS_00009132 | 9/15/2021 | H, R, 403 |
| DTX1350 | Meyer Rebuttal Attachment 3.U | | 4/3/2024 | H |
| DTX1351 | Meyer Rebuttal Attachment 5.1.U | | 4/3/2024 | H |
| DTX1352 | Meyer Rebuttal Attachment 5.2.U | | 4/3/2024 | H |
| DTX1353 | Meyer Rebuttal Attachment 6.U | | 4/3/2024 | H |
| DTX1354 | Meyer Rebuttal Attachment 6.1.U | | 4/3/2024 | H |
| DTX1355 | Meyer Rebuttal Attachment 7.U | | 4/3/2024 | H |
| DTX1356 | Meyer Rebuttal Attachment 8.U | | 4/3/2024 | H |
| DTX1357 | Meyer Rebuttal Attachment 13.U | | 4/3/2024 | H |
| DDX-0100 | Scale model of Hydrus Microstent (Photos DDX-0100-A through DDX-0100-E) | | | DEM |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

### SIGHT SCIENCES, INC.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

Plaintiff Sight Sciences, Inc. ("Sight") hereby provides its objections to Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc.'s (collectively "Defendants") trial exhibit list.  These objections are provided for notice purposes only.  Sight's objections are based on the parties' pleadings, documentary and testimony evidence, and on Sight's current understanding of Defendants' claims and defenses and the Court's rulings to date.  As such, Sight reserves the right to amend and/or supplement these objections prior to or during trial and/or after any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments, or as otherwise permitted by applicable rules.  Sight also reserves the right to withdraw or remove objections from this list.  Sight makes the following objections subject to any agreements or stipulations reached between the parties.  Sight's inclusion, or failure to include, any objection should not be deemed as a waiver of any objection, including any objection that Sight may assert at trial.  Nothing herein should be construed as an admission that any exhibit on Defendants' list is admissible.  Sight reserves the right to use any exhibit designated by Defendants, and Sight's objections to any of Defendants' exhibits are made without waiver of

Sight's ability to introduce any such exhibits.  For example, certain exhibits, while admissible if proffered by Sight, would not be admissible if offered by Defendants.  Sight objects to Defendants' exhibit list to the extent it contains duplicative, incomplete, illegible, inaccessible, and/or mislabeled documents.

Subject to and without waiver of the above objections and reservations, Sight's Exhibit Objections Key and Sight's objections to Defendants' trial exhibit list are attached.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated:  March 8, 2024

*Attorneys for Sight Sciences, Inc.*

3

**Sight's Exhibit Objections Key**

| ABBREV. | OBJECTION |
|---------|-----------|
| 106 | Completeness (Fed. R. Evid. 106) |
| 403 | Fed. R. Evid. 403 (Prejudice, confusion, waste of time, misleading the jury, undue delay, cumulative evidence) |
| 703 | Relied upon by expert, but otherwise inadmissible (Fed. R. Evid. 703) |
| A | Lacks authentication (Fed. R. Evid. 901) |
| BATES | Incorrect or Missing Bates Range |
| BE | Best Evidence Rule (Fed. R. Evid. 1002) |
| C/D | Cumulative or Duplicative |
| DAU | Subject to ruling on *Daubert* motions |
| DEM | Demonstrative / Should Not Be Admitted Into Evidence |
| F | Lacks Foundation (Fed. R. Evid. 602) |
| H | Hearsay (Fed. R. Evid. 802) |
| LC | Calls for legal conclusion |
| M | Misleading/Mischaracterizing |
| MD | More than one document or improper collection of documents |
| MIL | Subject to a motion *in limine* |
| NS | No longer at issue pursuant to parties' narrowing stipulation (D.I. 396) |
| O | Improper opinion (Fed. R. Evid. 701/702) |
| P | Privilege |
| Q | Poor Quality, Illegible, or Unclear |
| R | Relevance (Fed. R. Evid. 401 & 402) |
| S | Summaries (Fed. R. Evid. 1006) |
| SW | Solidworks file (inaccessible) |
| SJ | Subject to ruling on Summary Judgment Motions |
| U | Untimely (*e.g.*, not produced during discovery) |
| X | Exhibit Not Provided / Not Sufficiently or Improperly Described / Wrong Document |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 9: PLAINTIFF'S WITNESS LIST**
**(INCLUDING DEFENDANTS' OBJECTIONS)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C.A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF SIGHT SCIENCES, INC.'S [REVISED]**
**LIST OF FACT WITNESSES TO BE CALLED AT TRIAL**

Pursuant to Local Rule 16.3(c)(7), Plaintiff Sight Sciences, Inc. ("Sight Sciences"), by its attorneys, hereby submits the following list of witnesses whom it may call live or by deposition at trial.  Sight Sciences reserves the right to modify this list in accordance with Fed. R. Civ. P. 26(a)(3), D. Del. LR 16.3, or in view of other events or changed circumstances that may occur before or during trial.  Sight Sciences expressly reserves the right to call live or by deposition any witness on its witness list or any witness on Defendants' witness lists. This list is not a commitment that Sight Sciences will call any particular witness at trial, or a representation that any witness listed is available or will appear for trial.  If any Sight Sciences witness, Defense witness, or third party witness is unavailable or refuses to testify live, Sight Sciences reserves the right to introduce testimony through deposition.  With respect to Defendants' witnesses, Sight Sciences reserves the right to introduce testimony through deposition or live examination, as appropriate. Additionally, Sight Sciences reserves the right to call any witness, whether listed below or not, to establish authenticity and/or admissibility of any trial exhibit whose authenticity or admissibility is challenged by Defendants.  Sight Sciences reserves the right to call in its case-in-chief any witness identified by Defendants or, alternatively, to cross examine outside the scope of direct examination

witnesses identified and called by Defendants during Defendants' rebuttal case, and to call by deposition any witness identified by Defendants who does not testify at trial or who is unavailable. Sight Sciences reserves the right to call any witness on Defendants' list either in its case-in-chief, or as a rebuttal witness, or both.  Sight also reserves the right to object to the deposition or trial testimony of any individual identified in its disclosures.

## I.   Witnesses Sight Sciences Intends to Call to Testify (Live and/or by Deposition Designation)[1]

### Sight Affiliated

A.  David Y. Badawi (Live)

B.  Paul Badawi (Live)

C.  Chris Phelps (Live)

D.  John C. Galanis, MD (Live) (Fact and Expert)

E.  Crawford Downs, Ph.D. (Live) (Expert)

F.  Richard Parrish (Live) (Expert)

G.  John Jarosz (Live) (Expert)

H.  Dan Schultz (Live) (Expert)

### Defendant Affiliated

I.  Dave Van Meter (Live or by Deposition – On Defendants' Will Call list)[2]

J.  Mike Chodzko (Live or by Deposition)

K.  Ahmad Hadba (Live or by Deposition)

L.  David Kimball (Live or by Deposition)

M.  Steve McAuley (Live or by Deposition)

N.  James R. Shay (Live or by Deposition)

---

[1] Sight anticipates further reducing the number of asserted patents following the Court's rulings on summary judgment and Daubert motions, which may facilitate further narrowing of this disclosure.

[2] Sight notes that Defendants identified Mr. David Van Meter as a will-call live witness on their Witness List, and they confirmed on March 14, 2024 that they intend to bring him to trial, in which case Sight agreed to not play his deposition designations in its case-in-chief.  However, in the event Mr. Van Meter fails to appear live at trial, Sight reserves the right to play excerpts from Mr. Van Meter's deposition at trial.

O. Cari Stone (Live or by Deposition)

P. Jason Weems (Live or by Deposition)

II.     **Witnesses Sight Sciences May Call to Testify (Live and/or by Deposition Designation)**

**Sight Affiliated**

A.  Reay Brown (Live)

B.  Tim Buckley (Live)

C.  Dave Needleman (Live)

D.  Mark Papini (Live)

E.  Jim Rodberg (Live)

F.  Jesse Selnick (Live or by Deposition)

**Defendant Affiliated or Third-Party Witnesses**

G.  Todd Abraham (Live or by Deposition)

H.  Jasmine Ainetchian (Live or by Deposition)

I.   Charles Marshall (Live or by Deposition)

J.   Brandon Mojica (Live or by Deposition)

K.  Andres Rivero (Live or by Deposition)

L.  Ben Sather (Live or by Deposition)

M.  Doug Roeder (Live or by Deposition)

N.  Andy Schieber (Live or by Deposition)

O.  Brett Trauthen (Live or by Deposition)

P.  Catherine Truitt (Live or by Deposition)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-JLH-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH, LLC, ALCON VISION, LLC, and ALCON INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

Defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc. (collectively "Defendants") hereby provide Plaintiff Sight Sciences, Inc. ("Sight") their preliminary objections to Sight's trial witness list.

Defendants object to Sight's witness list in that it fails to give any meaningful disclosure or notice to Defendants as to the witnesses Sight intends to call at trial.

Defendants object to Sight's use of any deposition designation testimony for witnesses where Sight has not demonstrated unavailability pursuant to Fed. R. Evid. 804. Defendants further object to Sight's use of any deposition designation testimony for witnesses who testify live.

Moreover, Sight has failed to provide deposition designations for Jesse Selnick, in contravention of Local Rule 16.3(c)(7), which requires a list of deposition designations for all witness that will testify by designation. Sight also failed to timely provide deposition designations for David Van Meter, which under Local Rule 16.3.(d)(1) were required to be served on February 20, 2024, but which Sight did not serve until March 8, 2024, 17 days later. Nevertheless, in order

to obviate this dispute, Defendants have confirmed their intent to bring Mr. Van Meter to trial to testify live, in which case Sight has agreed that it will not play Mr. Van Meter's deposition designations at trial.

Defendants object to any attempt by Sight to call witnesses live in contravention of Fed. R. Civ. P. 45(c)(1).

Defendants object to any testimony of Sight's expert witnesses that is outside the scope of their respective expert reports or which is subject to any of Defendants' *Daubert* motions or motions *in limine*.

Defendants reserve the right to supplement, modify or withdraw any of the objections herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,      )
     )     C. A. No.:  21-1317-JLH-SRF
Plaintiff,      )
     )     **JURY TRIAL DEMANDED**
v.      )
     )
IVANTIS, INC., ALCON RESEARCH LLC,      )
ALCON VISION, LLC AND ALCON INC.,      )
     )
Defendants.      )

**<u>EXHIBIT 10: DEFENDANTS' WITNESS LIST</u>**
**(INCLUDING PLAINTIFF'S OBJECTIONS)**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-JLH-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH, | ) | |
| LLC, ALCON VISION, LLC, and ALCON | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REVISED LIST OF WITNESSES TO BE CALLED AT TRIAL

Pursuant to Local Rule 16.3(c)(7), Defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc. (collectively "Defendants") provide below the names of all witness they intend to call to testify, and whether the witness will testify in person or by deposition. The inclusion of a witness on this list does not require Defendants to call that witness to testify and does not imply or establish that Defendants have the power to compel the live testimony of that witness or make that witness available to the opposing party. Witnesses are listed alphabetically in each category and no representation is made as to the order in which fact or expert witnesses might be called at trial.

Defendants have identified these witnesses based on the current understanding of the case-in-chief of Plaintiff Sight Sciences, Inc. ("Sight"). Defendants reserve the right to revise or supplement this listing, including in response to the parties' pending summary judgment and *Daubert* motions. Defendants expressly reserve the right to call any witness identified by Sight at any point before or during trial, whether or not listed on Defendants' list below, live or by

deposition designations. Defendants also expressly reserve the right to call any witness live or by deposition designations (or to offer additional deposition designations from witnesses identified herein) for purposes of rebuttal, impeachment, to establish admissibility or authentication of a document or as required by any of the Court's pretrial or trial rulings. Defendants also reserve their right to change or modify this list as permitted by the Federal Rules of Civil Procedure, Local Rules, or Orders of the Court.

## I.    DEFENDANTS' EXPERT WITNESSES

Defendants expect to call the following expert witnesses live at trial:

Karen Becker, Ph.D.

Andrew Iwach, M.D.

Joseph Izatt, Ph.D.

Stephen Kunin

Paul Meyer

Angelo Tanna, M.D.

## II.    DEFENDANTS' WILL CALL FACT WITNESSES

Defendants expect to call the following witnesses live and/or by deposition at trial:

### A.    DEFENDANTS' OR THIRD-PARTY WITNESSES

Andrew Schieber (live)

Catherine Truitt (live)

David Van Meter (live)

### B.    SIGHT WITNESSES

David Badawi (live or by deposition)

Paul Badawi (live or by deposition)

Chris Phelps (live or by deposition)

John Galanis (live or by deposition)

III.   **DEFENDANTS' MAY CALL FACT WITNESSES**

Defendants may call the following witnesses at trial, live or by deposition:

A.     **DEFENDANTS' OR THIRD-PARTY WITNESSES**

Todd Abraham (live or by deposition)

Jasmine Ainetchian (live)

Michael Chodzko (live or by deposition)

Ahmad Hadba (live)

David Kimball (live)

Charles Marshall (live)

Steven McAuley (live or by deposition)

Brandon Mojica (live)

Andres Rivero (live or by deposition)

Douglas Roeder (live or by deposition)

Benjamin Sather (live)

James Shay (live or by deposition)

Arsham Sheybani (live or by deposition)

Cari Stone (live or by deposition)

Brett Trauthen (live or by deposition)

Jason Weems (live)

B.     **SIGHT WITNESSES**

Reay Brown (live or by deposition)

Timothy Buckley (live or by deposition)

Aaron Capsel (live or by deposition)

Mika Mayer (live or by deposition)

Daniel O'Keefe (live or by deposition)

Mark Papini (live or by deposition)

Richard Plank (live or by deposition)

Jim Rodberg (live or by deposition)

Jesse Selnick (live or by deposition)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SIGHT SCIENCES, INC.'S OBJECTIONS TO DEFENDANTS' WITNESS LIST**

Plaintiff Sight Sciences, Inc. ("Sight") hereby provides Defendants Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC and Alcon Inc. (collectively "Defendants") its preliminary objections to Defendants' trial witness list.

Sight objects to Defendants' witness list in that it fails to give any meaningful disclosure or notice to Sight as to the "May Call" fact witnesses Defendants intend to call at trial.

Sight objects to Defendants' use of any deposition designation testimony for witnesses where Defendants have not demonstrated unavailability pursuant to Fed. R. Evid. 804.

Sight objects to Defendants' use of any deposition designation testimony for witnesses who testify live.

Sight objects to any attempt by Defendants to call witnesses live in contravention of Fed. R. Civ. P. 45(c)(1).

Sight objects to any testimony of Defendants' expert witnesses that is outside the scope of their respective expert reports or which is subject to any of Sight's *Daubert* motions or motions *in limine*.[1]

---

[1] Sight notes that Defendants identified Mr. David Van Meter as a will-call live witness on their Witness List, and they confirmed on March 14, 2024 that they intend to bring him to trial, in which

Sight reserves the right to supplement, modify or withdraw any of the objections herein.

---

case Sight agreed to not play his deposition designations in its case-in-chief.  However, in the event Mr. Van Meter fails to appear live at trial, Sight reserves the right to play excerpts from Mr. Van Meter's deposition at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>EXHIBIT 11: PLAINTIFF'S DEPOSITION DESIGNATIONS</u>**
**(INCLUDING DEFENDANTS' OBJECTIONS AND COUNTER-DESIGNATIONS AND**
**PLAINTIFF'S OBJECTIONS TO COUNTER-DESIGNATIONS AND**
**COUNTER-COUNTER-DESIGNATIONS)**

*Sight Sciences, Inc. v. Ivantis, Inc., et al.*,
**C.A. No.: 21-1317-JLH-SRF**

**Plaintiff Sight Sciences, Inc.'s Deposition Designations**

**I.    Todd Abraham (June 20, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations[1] | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 10:13 - 10:19 | | 33:10-33:16; 33:21-35:3; 69:11-69:17; 70:6-70:8; 114:21-115:10; 116:8-116:13; 117:5-117:17; 117:20-118:5; 118:6-118:10; 118:11-118:15; 121:13-121:16; 134:2-134:9; 135:2-135:9; 135:14-135:18; 135:21-136:3; 154:4-154:8; 154:10-154:22 | | | |
| 13:4 - 13:13 | | | | | |
| 15:7 - 15:25 | | | | | |
| 16:7 - 17:10 | | | | | |
| 18:4 - 18:10 | | | | | |
| 32:15 - 32:23 | | | | | |
| 33:5 - 33:9 | | | | | |
| 68:24 - 69:2 | | | | | |
| 69:18 - 70:6 | 602, AF, M, NQ, NT | | | | |
| 70:10 - 70:16 | | | | | |
| 115:11 - 116:7 | | | | | |
| 118:16 - 118:19 | M, C | | | | |
| 121:17 - 121:25 | | | | | |
| 131:16 - 132:11 | 602, R, 403, Scope | | | | |

---

[1] Sight has formatted its counter-counter designations consistent with Defendants' counter designations, not to correspond specifically with a given affirmatives designation.  As this is not a typical practice, Sight suggests a meet and confer on the issue and reserves the right to lodge the counter-counter designations cited herein to any counter-designations made by Defendants during the deposition designation exchange process.

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations[1] | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 134:10 - 134:18 | 602, R, H, 403, Scope | | | | |
| 134:20 - 134:24 | 602, R, H, 403, Scope | | | | |
| 136:5 - 136:8 | 403, 602, Scope, C | | | | |
| 136:10 - 136:11 | 403, 602, Scope, C | | | | |
| 160:8 - 160:9 | 602, Scope | | | | |
| 160:11 – 160:13 | 602, Scope | | | | |
| 160:15 - 160:25 | 602, C, Scope | | | | |
| 161:2 - 161:13 | 602, Scope | | | | |

II.    **Jasmine Ainetchian (June 16, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 5:25 - 6:5 | | 24:14-24:18; 26:5-26:13; 27:17-28:3; 30:16-31:13; 31:22-32:20; 33:2-33:15; 33:16-33:21; 35:20-35:21; 35:23-36:4; 37:24-38:11; 44:14-44:18; 45:25-46:10; 46:22-47:8; 52:15-52:19; 56:13-56:25; 79:14-79:21; 80:15-81:3; 116:2-116:9; 123:9-123:13; 151:24-152:13; 154:6-154:13; 154:18-155:1; 187:2-187:5; 187:7-187:18; 199:13-199:18; 209:25-210:7; 210:10-210:18 | | 45:9-45:12; 46:11-46:14; 57:1-57:10; 155:2-155:7; 187:19-187:22 | 45:9-45:12 (Scope, 602) |
| 7:8 - 7:14 | LC | | | | |
| 7:18 - 7:25 | | | | | 57:1-57:10 (Scope) |
| 15:2 - 15:7 | | | | | |
| 24:19 - 25:7 | R, 403, Scope, LC, IE, 602, H | | | | 155:2-155:7 (Scope, 602, H) |
| 36:16 - 36:21 | Scope, R | | | | |
| 69:12 - 70:16 | Scope, R | | | | |
| 72:5 - 72:8 | Scope, H | | | | |
| 79:11 - 79:13 | Scope, H | | | | |
| 90:8 - 90:17 | LC | | | | |
| 91:15 - 91:18 | LC | | | | |
| 91:22 - 92:6 | LC | | | | |
| 93:13 - 93:15 | | | | | |
| 125:21 - 126:11 | R | | | | |
| 131:7 - 131:10 | Scope, H | | | | |
| 132:3 - 132:6 | R | | | | |
| 133:13 - 133:20 | | | | | |
| 133:24 - 134:9 | | | | | |
| 141:11 - 142:10 | R | | | | |
| 150:22 - 150:25 | R | | | | |
| 154:14 - 154:17 | | | | | |
| 163:16 - 164:2 | 602, H | | | | |
| 164:4 - 165:2 | 602, H | | | | |
| 165:11 - 165:16 | 602, H | | | | |
| 170:14 - 172:1 | 602, H | | | | |

3

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 172:4 - 173:7 | 602, H, AF | | | | |
| 173:10 - 173:13 | 602, H, AF | | | | |
| 173:16 - 173:21 | 602, H | | | | |
| 173:24 - 174:6 | 602, H | | | | |
| 174:9 - 174:14 | 602, H | | | | |
| 174:16 - 175:1 | 602, H | | | | |
| 175:3 - 175:15 | 602, H | | | | |
| 176:23 - 177:12 | | | | | |
| 181:16 - 183:6 | 602, H, IE | | | | |
| 197:17 - 197:23 | 602, H, IE, Scope | | | | |
| 200:19 - 201:2 | | | | | |

4

**III.    Reay Brown (January 20, 2024)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:23 - 8:25 | | | | | |
| 55:22 - 56:6 | LA | | | | |
| 245:23 – 247:11 | L, 602, AF, 403 | | | | |

5

**IV.   Mike Chodzko (July 13, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 10:3 - 10:7 | | 12:25-13:1; 14:1-14:3; 14:10-14:11; 14:13-14:14; 16:9-16:10; 16:12-16:12; 16:18-16:23; 17:7-17:13; 21:5-21:14; 21:20-22:4; 23:3-23:4; 23:7-23:16; 25:13-25:16; 25:17-25:19; 25:23-26:5; 43:20-43:25; 44:2-44:2; 44:12-44:20; 75:21-75:25; 97:7-97:13; 98:9-98:19; 100:24-100:25; 101:4-101:17; 101:20-101:23; 111:13-111:15; 111:17-111:22; 112:7-112:9; 112:12-112:14; 113:15-113:17; 113:20-113:22; 114:19- | | 23:18-23:19; 23:21-24:7; 45:6-45:9; 45:12-45:20; 55:3-55:4; 55:6-55:12 | 45:6-45:9 (R, 602, H, 403, Scope) |
| 11:12 - 11:20 | | | | | |
| 13:4 - 13:14 | | | | | 45:12-45:20 (R, 602, H, 403, Scope) |
| 13:19 - 13:25 | | | | | |
| 15:24 - 16:8 | | | | | |
| 20:19 - 21:4 | | | | | 53:3-55:4 (Scope, 602) |
| 25:7 - 25:12 | | | | | |
| 25:20 - 25:22 | | | | | |
| 43:8 - 43:19 | | | | | 55:6-55:12 (Scope, 602) |
| 44:3 - 44:4 | Scope | | | | |
| 44:6 - 44:6 | Scope | | | | |
| 46:24 - 47:3 | Scope, V, 602 | | | | |
| 47:21 - 47:24 | Scope, V | | | | |
| 48:1 - 48:14 | Scope, V | | | | |
| 74:23 - 75:1 | Scope, 403, R, V | | | | |
| 76:1 - 76:19 | Scope, 403, R, 602 | | | | |
| 77:5 - 77:11 | Scope, 403, R, DAU | | | | |
| 84:1 - 84:17 | Scope, 403, R, 602 | | | | |
| 84:19 - 85:11 | NT, I | | | | |
| 86:23 - 87:8 | LC | | | | |
| 87:10 - 87:12 | | | | | |
| 88:8 - 88:12 | | | | | |
| 97:1 - 97:2 | Scope, R, 602 | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 97:4 - 97:6 | Scope, R, 602 | 114:21; 125:3-125:20; 125:23-126:25; 127:4-128:3; 130:20-130:23; 130:24-131:5; 131:6-131:9; 132:5-132:6; 132:9-132:14; 132:20-133:10; 134:13-134:16; 143:15-144:2; 147:23-147:25; 148:2-148:5; 148:7-148:17; 149:13-149:16; 149:18-149:23; 149:24-150:2; 150:4-150:11; 196:13-196:23; 206:25-207:18; 214:22-215:6; 216:21-217:18; 222:21-223:6; 231:3-231:22; 232:10-232:16; 232:18-232:23; 232:25-233:7; 233:9-234:14; | | | |
| 101:1 - 101:3 | I | | | | |
| 109:18 - 109:21 | V | | | | |
| 109:23 - 110:5 | | | | | |
| 110:8 - 110:15 | | | | | |
| 115:2 - 115:9 | 602 | | | | |
| 123:13 - 123:16 | NT | | | | |
| 123:25 - 124:15 | 602 | | | | |
| 129:9 - 129:10 | Scope, M | | | | |
| 129:12 - 129:13 | Scope, M | | | | |
| 129:14 - 129:16 | Scope, 602 | | | | |
| 129:19 - 129:22 | Scope, 602 | | | | |
| 131:10 - 131:15 | Scope, 602 | | | | |
| 131:18 - 132:1 | Scope, 602 | | | | |
| 132:15 - 132:19 | | | | | |
| 133:11 - 133:13 | 602 | | | | |
| 138:13 - 138:19 | V, Scope, 602 | | | | |
| 138:21 - 138:23 | V, Scope, 602 | | | | |
| 138:25 - 139:5 | V, Scope, 602 | | | | |
| 141:17 - 141:21 | | | | | |
| 141:24 - 142:9 | | | | | |
| 146:5 - 146:16 | | | | | |
| 147:11 - 147:12 | L, 403 | | | | |
| 147:14 - 147:22 | L, 403 | | | | |
| 148:18 - 149:12 | L, 403 | | | | |
| 162:17 - 162:21 | NT | | | | |

7

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 163:7 - 163:8 | | 234:16-235:4; 235:6-235:6 | | | |
| 163:19 - 164:18 | | | | | |
| 192:2 - 192:9 | LC | | | | |
| 193:3 - 193:7 | | | | | |
| 193:10 - 193:15 | | | | | |
| 193:21 - 193:25 | 602 | | | | |
| 196:6 - 196:12 | | | | | |
| 196:24 - 197:15 | Scope | | | | |
| 197:18 - 198:2 | Scope, 602 | | | | |
| 198:5 - 198:8 | Scope, 602 | | | | |
| 205:9 - 205:12 | Scope, V | | | | |
| 205:14 - 205:18 | Scope, V | | | | |
| 207:20 - 208:6 | LC | | | | |
| 220:14 - 221:4 | Scope, 403 | | | | |
| 221:11 - 221:12 | Scope, 403, R, MIL, 602 | | | | |
| 221:15 - 221:21 | Scope, 403, R, MIL, 602 | | | | |
| 222:13 - 222:20 | Scope, 403, R, MIL, 602 | | | | |

8

V.    **Ahmad Hadba (May 31, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:3 - 6:6 | | 9:8-9:21; 10:16-11:4; 12:2-12:10; 13:15-14:10; 14:18-15:18; 16:14-16:18; 16:19-16:21; 18:7-18:19; 18:20-19:13; 20:9-21:5; 21:6-22:1; 28:15-28:17; 28:19-28:19; 33:13-33:17; 34:22-35:2; 37:5-37:10; 45:18-45:24; 45:25-46:8; 46:10-46:14; 52:7-52:10; 56:23-57:10; 62:1-62:5; 62:9-62:12; 66:23-68:12; 68:13-68:17; 74:6-74:7; 74:10-74:18; 74:24-75:1; 75:3-75:6; 75:13-75:15; 75:18-76:1; 79:10-79:12; 79:15-79:18; 82:1-82:9; 82:18-82:22; 87:15-87:18; 97:23-97:24; 98:1-98:4; | 74:24-75:1 (NR); 75:3-75:6 (NR); 100:9-100:10 (I); 183:8-183:16 (602; 403); 184:3-184:9 (403) | 79:21-79:24; 80:2-80:4; 119:6-119:7; 119:9-119:12; 158:19-158:24; 176:4-176:6 | 79:21-79:24 (I, ARG, H)<br><br>119:6-119:7 (M)<br><br>158:19-158:24 (NT, NR, H, 602) |
| 9:4 - 9:7 | | | | | |
| 14:11 - 14:13 | | | | | |
| 14:14 - 14:17 | | | | | |
| 16:10 - 16:13 | | | | | |
| 33:8 - 33:12 | | | | | |
| 34:18 - 34:21 | NT, NQ | | | | |
| 35:12 - 35:16 | V | | | | |
| 36:11 - 36:16 | | | | | |
| 36:21 - 36:23 | | | | | |
| 37:1 - 37:4 | I, NT, NQ | | | | |
| 37:11 - 38:5 | LC, NT, NQ | | | | |
| 38:11 - 38:13 | | | | | |
| 45:8 - 45:10 | I, NT, NQ | | | | |
| 48:15 - 48:21 | Scope, IE, 602 | | | | |
| 48:22 - 49:2 | Scope, IE, 602 | | | | |
| 52:13 - 52:16 | Scope | | | | |
| 53:12 - 53:15 | Scope, V, 602 | | | | |
| 53:17 - 53:24 | Scope, V, 602 | | | | |
| 54:16 - 54:21 | | | | | |
| 55:13 - 55:17 | M | | | | |
| 55:18 - 55:19 | M | | | | |
| 55:22 - 56:6 | M | | | | |
| 56:10 - 56:12 | | | | | |
| 56:16 - 56:20 | | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 57:17 - 57:18 | M | 99:13-99:23; 100:9-100:10; 100:12-100:13; 101:2-101:9; 107:10-107:25; 108:2-108:6; 108:8-108:11; 108:12-108:12; 108:15-108:23; 109:1-109:8; 110:6-110:7; 110:9-110:11; 110:13-110:19; 118:21-119:5; 119:13-119:22; 120:10-120:17; 126:17-126:20; 126:22-126:25; 127:4-127:10; 130:6-130:12; 130:17-130:22; 132:23-133:6; 133:8-133:11; 137:4-137:6; 137:8-137:11; 137:16-137:17; 137:19-137:22; 142:7-142:9; 142:11-142:13; 144:5-144:8; 145:23- | | | |
| 57:20 - 57:21 | M | | | | |
| 57:23 - 57:24 | | | | | |
| 57:25 - 58:9 | | | | | |
| 66:7 - 66:9 | M | | | | |
| 66:12 - 66:14 | M | | | | |
| 66:15 - 66:22 | | | | | |
| 68:18 - 68:21 | | | | | |
| 69:15 - 69:20 | V, LC, 602 | | | | |
| 69:22 - 70:2 | 602 | | | | |
| 70:3 - 70:5 | | | | | |
| 70:6 - 70:11 | NQ | | | | |
| 70:12 - 71:3 | | | | | |
| 71:17 - 71:21 | | | | | |
| 76:2 - 76:7 | V, ARG, R, 403 | | | | |
| 76:10 - 76:12 | V, ARG, R, 403 | | | | |
| 78:10 - 78:13 | 602, H, V, Scope | | | | |
| 78:14 - 78:18 | 602, H, V, Scope | | | | |
| 80:20 - 80:24 | 602, H, V, Scope | | | | |
| 81:1 - 81:2 | 602, H, V, Scope | | | | |
| 81:3 - 81:10 | 602, H, V, Scope, NQ | | | | |
| 81:16 - 81:17 | | | | | |
| 81:19 - 81:25 | | | | | |
| 82:23 - 82:25 | | | | | |
| 83:1 - 83:7 | | | | | |
| 87:19 - 88:1 | 602, H, V, Scope | | | | |

10

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 92:22 - 92:23 | | 146:1; 148:12-148:14; 148:20-148:23; 150:15-150:16; 150:18-150:20; 151:17-151:19; 153:14-154:2; 154:5-154:8; 158:14-158:18; 161:22-161:25; 174:19-175:10; 175:14-175:16; 175:18-176:3; 176:7-176:11; 183:8-183:16; 184:3-184:9; 199:18-199:20; 199:23-200:10 | | | |
| 92:25 - 93:7 | | | | | |
| 93:11 - 93:22 | | | | | |
| 94:1 - 94:12 | V, 602 | | | | |
| 94:18 - 95:2 | R | | | | |
| 95:5 - 95:8 | R | | | | |
| 98:19 - 99:12 | NQ | | | | |
| 103:7 - 103:15 | Scope | | | | |
| 103:21 - 104:2 | Scope | | | | |
| 104:3 - 104:10 | Scope | | | | |
| 105:2 - 105:11 | LC | | | | |
| 105:17 - 106:8 | LC | | | | |
| 106:9 - 106:16 | LC | | | | |
| 107:7 - 107:9 | | | | | |
| 109:9 - 109:11 | NQ, NT, V, ARG, R, 403, 602 | | | | |
| 109:14 - 109:21 | NQ, NT, AF | | | | |
| 110:20 - 110:23 | V, C, R, 403 | | | | |
| 110:25 - 111:7 | V, C, R, 403, H | | | | |
| 111:10 - 111:23 | IH, R, 403, H | | | | |
| 111:25 - 112:20 | H, R, 403 | | | | |
| 112:21 - 112:24 | V, H | | | | |
| 113:3 - 113:7 | M, H | | | | |
| 113:22 - 114:9 | | | | | |
| 116:22 - 116:25 | H, V | | | | |
| 117:5 - 117:18 | R, 403, M | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 117:19 - 117:22 | R, 403, M | | | | |
| 117:24 - 118:6 | | | | | |
| 120:18 - 120:21 | | | | | |
| 120:24 - 121:4 | LC, IE | | | | |
| 121:10 - 121:13 | LC, IE | | | | |
| 121:16 - 121:18 | | | | | |
| 122:25 - 123:17 | LC, Scope, IE | | | | |
| 125:18 - 126:10 | V, IH, 602, Scope, NQ, IE, LC | | | | |
| 127:11 - 127:19 | C, V, IH, 602, Scope, IE, LC | | | | |
| 128:7 - 128:9 | V, LC, IE, Scope | | | | |
| 128:18 - 128:21 | V, LC, IE, Scope | | | | |
| 129:18 - 130:5 | H, 602, IE, Scope, 602 | | | | |
| 130:13 - 130:16 | 602, IE, Scope | | | | |
| 132:17 - 132:22 | NQ, NT | | | | |
| 133:12 - 134:1 | V, Scope | | | | |
| 134:2 - 134:11 | V, Scope, R, 403 | | | | |
| 134:12 - 134:20 | | | | | |
| 134:21 - 135:8 | V, Scope | | | | |
| 136:21 - 137:3 | V, IE, Scope, 602 | | | | |
| 137:12 - 137:15 | V, IE, Scope, 602 | | | | |
| 140:7 - 140:11 | | | | | |
| 140:12 - 141:7 | V, IE, Scope | | | | |
| 141:18 - 142:1 | V, IE, M, Scope, 602 | | | | |

12

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 142:2 - 142:6 | | | | | |
| 142:20 - 142:22 | | | | | |
| 142:24 - 143:2 | | | | | |
| 143:13 - 143:15 | H, Scope | | | | |
| 143:16 - 143:21 | H, Scope | | | | |
| 144:9 - 144:10 | Scope, IE | | | | |
| 145:7 - 145:10 | Scope, IE | | | | |
| 145:12 - 145:22 | Scope, IE | | | | |
| 150:6 - 150:7 | Scope, R, 403, 602 | | | | |
| 150:9 - 150:11 | Scope, R, 403, 602 | | | | |
| 150:12 - 150:14 | Scope, R, 403, 602 | | | | |
| 151:11 - 151:16 | Scope, R, 403, 602 | | | | |
| 153:10 - 153:12 | NQ, NT, 602, Scope | | | | |
| 156:18 - 157:5 | 602, Scope | | | | |
| 157:22 - 157:24 | NQ, NT | | | | |
| 158:6 - 158:13 | | | | | |
| 159:3 - 159:8 | | | | | |
| 161:2 - 161:8 | V, C | | | | |
| 161:10 - 161:21 | | | | | |
| 162:8 - 162:10 | R, 403 | | | | |
| 181:18 - 181:23 | MIL, R, 403, 298 | | | | |
| 182:5 - 182:10 | MIL, R, 403, 298 | | | | |
| 188:9 - 188:18 | NQ, NT | | | | |
| 188:24 - 189:8 | | | | | |
| 189:9 - 189:19 | | | | | |
| 190:24 - 191:3 | Scope, R, 403 | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 191:8 - 191:9 | Scope, R, 403 | | | | |
| 191:11 - 191:14 | Scope, R, 403 | | | | |
| 191:15 - 191:21 | Scope, R, 403, PR | | | | |
| 192:1 - 192:2 | Scope, R, 403, PR | | | | |
| 192:25 - 193:3 | Scope, R, 403 | | | | |
| 193:8 - 193:9 | Scope, R, 403 | | | | |
| 193:16 - 193:20 | 403 | | | | |
| 193:24 - 194:1 | 403 | | | | |
| 194:2 - 194:5 | 403 | | | | |
| 194:9 - 194:11 | 403 | | | | |
| 194:12 - 194:15 | 403 | | | | |
| 194:19 - 194:21 | 403 | | | | |
| 194:22 - 194:25 | 403 | | | | |
| 195:4 - 195:6 | 403 | | | | |
| 195:7 - 195:11 | 403 | | | | |
| 195:15 - 195:17 | 403 | | | | |
| 195:24 - 196:2 | Scope, MIL, R, 403 | | | | |
| 196:5 - 196:5 | Scope, MIL R, 403 | | | | |
| 197:20 - 197:22 | Scope, MIL, 602, H, R, 403, AF, 298 | | | | |
| 198:3 - 198:4 | Scope, MIL, 602, H, R, 403, AF, 298 | | | | |
| 198:15 - 198:18 | Scope, MIL, 602, H, R, 403, AF, 298 | | | | |
| 198:23 - 198:24 | Scope, MIL, 602, H, R, 403, AF, 298 | | | | |
| 199:6 - 199:9 | | | | | |

14

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 199:10 - 199:12 | | | | | |
| 199:13 - 199:17 | | | | | |
| 200:16 - 200:19 | H, Scope | | | | |
| 200:22 - 201:3 | H, Scope | | | | |
| 201:6 - 201:15 | C, H, Scope | | | | |
| 201:16 - 201:21 | C, V, H, NQ, Scope | | | | |
| 201:24 - 201:25 | H | | | | |
| 203:25 - 204:3 | H, Scope | | | | |
| 204:7 - 204:10 | H, Scope | | | | |

15

**VI.   David Kimball (June 13, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 4:24 - 5:3 | | 7:18-7:20; 8:6-8:14; 8:19-8:21; 10:16-10:18; 18:11-19:18; 20:20-21:5; 21:9-21:14; 21:15-21:22; 37:8-37:12; 37:15-37:25; 42:1-42:6; 42:11-42:14; 42:25-43:4; 43:5-43:6; 47:8-47:15; 47:16-48:13; 58:13-58:18; 59:11-59:13; 60:12-60:18; 60:22-60:23; 63:20-64:12; 66:14-66:25; 67:14-67:25; 68:4-68:9; 79:7-79:16; 80:17-80:21; 80:23-81:5; 83:3-83:7; 83:9-83:12; 83:14-83:19; 83:23-83:24; 84:1-84:6; 84:18-84:21; 84:23-85:20; 85:21-86:2; 86:23-87:21; 87:23-87:24 | 68:4-68:9 (I) | | |
| 7:13 - 7:17 | | | | | |
| 8:3 - 8:5 | | | | | |
| 16:18 - 17:4 | | | | | |
| 17:10 - 18:8 | | | | | |
| 19:19 - 20:19 | 602, V, AT | | | | |
| 39:18 - 39:21 | I | | | | |
| 41:16 - 41:25 | I, M | | | | |
| 42:7 - 42:10 | I, M | | | | |
| 42:15 - 42:24 | I, M | | | | |
| 43:7 - 43:13 | I, M | | | | |
| 43:23 - 43:25 | I, M | | | | |
| 45:11 - 45:14 | I, M | | | | |
| 46:18 - 46:19 | I, M | | | | |
| 47:4 - 47:7 | | | | | |
| 48:14 - 48:21 | | | | | |
| 49:16 - 49:18 | I, M | | | | |
| 49:23 - 49:24 | I, M | | | | |
| 50:3 - 50:5 | I, M | | | | |
| 50:11 - 50:21 | I, M | | | | |
| 51:3 - 51:10 | I, M | | | | |
| 51:17 - 51:19 | | | | | |
| 57:8 - 57:14 | | | | | |
| 57:19 - 58:8 | AF, 602, NQ, NT | | | | |
| 58:19 - 59:5 | | | | | |

16

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 59:14 - 60:5 | | | | | |
| 60:19 - 60:21 | | | | | |
| 60:24 - 61:7 | V | | | | |
| 61:9 - 62:9 | V, M, Scope | | | | |
| 63:5 - 63:19 | | | | | |
| 64:13 - 64:15 | | | | | |
| 64:18 - 65:8 | V, M, C, LC, Scope, IE | | | | |
| 65:11 - 65:14 | V, M, Scope, IE | | | | |
| 65:17 - 65:19 | Scope, IE | | | | |
| 65:22 - 65:25 | Scope, IE | | | | |
| 66:6 - 66:10 | V, R, 403 | | | | |
| 66:12 - 66:13 | V, R, 403 | | | | |
| 68:1 - 68:3 | 602 | | | | |
| 68:14 - 68:17 | 602, H | | | | |
| 68:20 - 69:18 | 602, H, V, IE, Scope | | | | |
| 69:20 - 69:22 | | | | | |
| 78:2 - 78:10 | | | | | |
| 78:15 - 78:25 | V, M, Scope | | | | |
| 79:3 - 79:6 | V, M, Scope | | | | |
| 79:17 - 79:20 | | | | | |
| 80:8 - 80:10 | V, I | | | | |
| 80:12 - 80:16 | V, I | | | | |
| 81:6 - 81:9 | V | | | | |
| 81:11 - 81:23 | V | | | | |
| 81:25 - 82:1 | V | | | | |

17

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 83:20 - 83:22 | | | | | |
| 84:7 - 84:17 | | | | | |
| 87:25 - 88:4 | V, M, I | | | | |
| 88:7 - 88:13 | V, M, I | | | | |
| 88:16 - 88:18 | V, M | | | | |
| 88:22 - 88:23 | V, M | | | | |
| 88:25 - 89:8 | V, 602, Scope, H, IE | | | | |
| 89:11 - 89:23 | V, 602, Scope, H, IE | | | | |
| 90:1 - 90:9 | V, M, Scope, H, IE | | | | |
| 90:12 - 90:13 | V, M, Scope, IE | | | | |
| 90:16 - 90:21 | Scope, IE | | | | |
| 90:25 - 91:1 | | | | | |
| 91:11 - 91:14 | | | | | |
| 91:17 - 91:25 | V, R, 403 | | | | |
| 92:1 - 92:8 | R, 403 | | | | |
| 92:16 - 92:18 | | | | | |
| 93:9 - 93:16 | V, M | | | | |
| 93:18 - 94:12 | V, M, R, 403, NQ, Scope | | | | |
| 94:14 - 94:19 | V, Scope, IE | | | | |
| 94:21 - 95:8 | V, Scope, IE, LC | | | | |
| 95:10 - 96:22 | V, Scope, IE, R, 403, LC | | | | |
| 96:24 - 96:25 | V, Scope, IE | | | | |
| 97:10 - 97:14 | V, Scope, IE | | | | |
| 97:16 - 97:20 | V, Scope, IE | | | | |

18

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 97:23 - 98:3 | V, Scope, IE | | | | |
| 98:7 - 98:11 | V, Scope, IE, R, 403 | | | | |
| 98:14 - 98:21 | V, Scope, IE, R, 403 | | | | |
| 108:15 - 108:16 | H, IE, R, 602, Scope | | | | |
| 108:21 - 108:24 | H, IE, R, 602, Scope | | | | |
| 112:9 - 113:7 | H, IE, R, 602, Scope | | | | |
| 117:3 - 117:5 | H, R, 403, Scope | | | | |
| 117:12 - 117:20 | H, R, 403, Scope | | | | |
| 118:4 - 118:15 | H, Scope | | | | |
| 119:24 - 120:11 | H, R, 403, Scope, IE | | | | |
| 121:18 - 121:25 | H, R, 403, Scope | | | | |
| 122:6 - 122:7 | V, H, R, 403, Scope | | | | |
| 122:9 - 122:19 | V, H, R, 403, Scope | | | | |
| 122:21 - 123:7 | V, H, R, 403, Scope | | | | |
| 123:10 - 123:15 | V, H, R, 403, Scope | | | | |
| 123:22 - 124:6 | H, R, 403, Scope | | | | |
| 124:9 - 124:10 | H, R, 403, Scope, 602 | | | | |
| 171:9 - 171:12 | Scope, R, 403 | | | | |
| 171:14 - 172:11 | Scope, R, 403, IE | | | | |
| 173:12 - 173:18 | Scope, R, 403, IE | | | | |
| 178:14 - 178:16 | Scope, H, R, 403 | | | | |
| 178:20 - 178:25 | Scope, H, R, 403 | | | | |
| 179:8 - 179:10 | Scope, H, R, 403 | | | | |
| 180:16 - 180:17 | Scope, V, H, R, 403 | | | | |
| 180:19 - 180:20 | Scope, V, H, R, 403 | | | | |
| 183:3 - 183:8 | Scope, H, R, 403, IE | | | | |

19

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 183:12 - 183:14 | Scope, H, R, 403, IE, 602 | | | | |
| 183:17 - 184:2 | Scope, H, R, 403, IE, 602 | | | | |
| 184:5 - 184:5 | Scope, 602 | | | | |
| 185:16 - 185:17 | Scope, H, R, 403, 602 | | | | |
| 185:24 - 186:9 | Scope, H, R, 403, 602 | | | | |
| 186:22 - 187:6 | Scope, H, R, 403, 602 | | | | |
| 187:13 - 187:16 | Scope, H, R, 403, 602, M | | | | |
| 187:20 - 187:22 | Scope, H, R, 403, 602, V | | | | |
| 187:24 - 188:4 | Scope, H, R, 403, 602, V, IE | | | | |
| 188:6 - 188:6 | Scope, H, R, 403, 602, IE | | | | |
| 188:14 - 189:4 | Scope, H, R, 403, 602, IE, V | | | | |
| 189:7 - 189:23 | Scope, H, R, 403, 602, IE, V | | | | |
| 191:14 - 192:4 | | | | | |
| 192:8 - 192:12 | | | | | |
| 193:14 - 194:6 | H, R, 403, 602, IE | | | | |
| 195:10 - 195:15 | V, Scope | | | | |
| 195:18 - 196:22 | V, Scope, R, 403 | | | | |
| 197:1 - 197:5 | M, Scope, R, 403 | | | | |
| 197:8 - 197:20 | M, Scope, R, 403 | | | | |

20

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 198:1 - 198:4 | Scope, 602 | | | | |
| 198:7 - 198:7 | Scope, 602 | | | | |
| 198:21 - 198:25 | | | | | |
| 199:11 - 199:15 | | | | | |
| 200:11 - 201:2 | Scope, H | | | | |
| 202:16 - 203:10 | Scope, H, V, R, 403 | | | | |
| 203:18 - 204:1 | Scope, H, R, 403 | | | | |

21

**VII.    Charles Marshall (May 25, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:16 - 8:20 | | 44:16-44:17; 44:24-45:3; 91:25-93:13; 109:21-110:9; 112:3-112:10; 112:12-112:12; 112:14-112:24; 159:12-159:19; 159:23-159:25; 160:4-160:6; 160:8-160:9; 161:9-161:15 | 109:21-110:9 (NQ; NT) | | |
| 9:2 - 9:14 | LC | | | | |
| 15:3 - 15:14 | | | | | |
| 37:18 - 37:23 | LC | | | | |
| 41:6 - 41:16 | LC, NT | | | | |
| 41:19 - 42:1 | LC, NT | | | | |
| 45:5 - 45:9 | Scope | | | | |
| 107:1 - 107:25 | | | | | |
| 108:6 - 109:9 | Scope, R, 403, 602 | | | | |
| 109:12 - 109:20 | Scope, R, 403, 602 | | | | |
| 124:7 - 124:12 | Scope | | | | |
| 148:4 - 148:11 | Scope | | | | |
| 160:11 - 160:12 | Scope, LC, R, 403, 602, ARG, V, NR | | | | |
| 160:15 - 160:19 | Scope, LC, R, 403, 602, ARG, V, NR | | | | |
| 160:22 - 161:4 | Scope, LC, R, 403, 602, ARG, V, NR | | | | |
| 161:7 - 161:7 | Scope, LC, R, 403, 602, ARG, V, NR | | | | |

**VIII.    Steve McAuley (July 11, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:8 - 7:9 | | 10:18-10:21; 14:20-15:10; 32:19-32:24; 41:2-42:16; 46:3-46:5; 46:12-46:14; 57:2-57:10; 67:13-67:19; 67:25-68:3; 82:20-82:21; 83:3-83:14; 83:21-84:7; 84:21-84:22; 84:25-84:25; 85:10-85:17; 98:16-98:25; 104:13-104:16; 107:8-107:11; 109:23-110:1 | | | |
| 12:19 - 13:5 | LC | | | | |
| 13:11 - 14:5 | R, 403, 298, MIL | | | | |
| 14:14 - 14:19 | R, 403, 298, MIL | | | | |
| 16:22 - 16:23 | R, LC | | | | |
| 17:4 - 17:6 | R, LC | | | | |
| 17:11 - 17:18 | R, LC, 403, 298, MIL | | | | |
| 17:19 - 18:12 | R, LC, 403, 298, MIL | | | | |
| 27:5 - 27:7 | | | | | |
| 27:13 - 27:23 | | | | | |
| 31:2 - 31:3 | R | | | | |
| 32:4 - 32:7 | R | | | | |
| 32:16 - 32:18 | R | | | | |
| 33:6 - 33:9 | R | | | | |
| 33:12 - 33:16 | R | | | | |
| 33:22 - 34:7 | R | | | | |
| 34:19 - 34:24 | R, 403, 298, MIL | | | | |
| 35:18 - 35:21 | R, 403, 298, MIL | | | | |
| 35:25 - 35:25 | 602, R, 403, 298, MIL | | | | |
| 36:2 - 36:22 | 602, R, 403, 298, MIL | | | | |
| 38:11 - 39:8 | R, 403, SJ | | | | |
| 39:11 - 39:22 | R, 403, 298, MIL | | | | |
| 39:24 - 40:1 | R, 403, 298, MIL | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 40:4 - 40:4 | R, 403, 298, MIL | | | | |
| 44:10 - 44:12 | R, 403, 298, MIL | | | | |
| 44:15 - 44:15 | R, 403, 298, MIL | | | | |
| 45:19 - 46:5 | R, 403, 298, MIL | | | | |
| 46:15 - 46:17 | R, 403, 298, MIL | | | | |
| 47:19 - 48:9 | R, 403, 298, MIL | | | | |
| 48:15 - 48:24 | R | | | | |
| 51:5 - 51:6 | R, 403, 298, MIL | | | | |
| 51:10 - 51:10 | R, 403, 298, MIL | | | | |
| 51:24 - 52:3 | R | | | | |
| 54:1 - 54:4 | R, 403, 298, MIL | | | | |
| 54:8 - 54:8 | R, 403, 298, MIL | | | | |
| 54:10 - 54:17 | R, 403, 298, MIL | | | | |
| 54:24 - 55:2 | R, 403, 298, MIL | | | | |
| 56:21 - 56:25 | R, 403, 298, MIL | | | | |
| 58:21 - 58:25 | R, 403, 298, MIL | | | | |
| 81:9 - 81:23 | | | | | |
| 82:7 - 82:9 | R, 403, 298, MIL | | | | |
| 84:11 - 84:12 | R, 403, 298, MIL | | | | |
| 84:17 - 84:19 | R, 403, 298, MIL | | | | |
| 85:3 - 85:9 | R, 403, 298, MIL | | | | |
| 85:22 - 86:12 | R, 403, LC, 298, MIL | | | | |
| 87:4 - 87:22 | R, 403, LC, 298, MIL | | | | |
| 88:10 - 88:16 | R, 403, LC, 298, MIL | | | | |
| 88:23 - 89:11 | R, 403, LC, 298, MIL | | | | |
| 89:13 - 89:16 | R, 403, LC, 298, MIL | | | | |

24

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 90:22 - 91:10 | R, 403, LC, 298, MIL | | | | |
| 92:12 - 94:4 | R, 403, LC, 298, MIL | | | | |
| 94:10 - 95:5 | R, 403, LC, 298, MIL | | | | |
| 95:11 - 95:19 | R, 403, LC, 298, MIL | | | | |
| 97:8 - 97:14 | R, 403, 298, MIL | | | | |
| 98:5 - 98:8 | R, 403, 298, MIL | | | | |
| 98:10 - 98:14 | R, 403, 298, MIL | | | | |
| 99:9 - 100:2 | R, 403, 298, MIL | | | | |
| 100:4 - 100:7 | R, 403, 298, MIL | | | | |
| 101:7 - 101:12 | | | | | |
| 104:5 - 104:7 | R, 403, 298, MIL | | | | |
| 107:17 - 107:21 | | | | | |
| 108:25 - 109:2 | R, 403, 298, MIL | | | | |
| 112:6 - 112:8 | | | | | |
| 113:7 - 113:9 | R, 403, 298, MIL | | | | |
| 114:14 - 114:16 | | | | | |
| 116:5 - 116:8 | R, 403, 298, MIL | | | | |
| 117:13 - 117:15 | | | | | |
| 118:15 - 118:17 | R, 403, 298, MIL | | | | |
| 119:15 - 119:21 | | | | | |
| 120:6 - 120:11 | R | | | | |
| 121:22 - 122:6 | R | | | | |
| 124:3 - 124:5 | R | | | | |
| 124:12 - 124:15 | R | | | | |
| 135:11 - 135:13 | R, 403, 298, MIL | | | | |

25

IX.    **Brandon Mojica (June 15, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:6 - 6:11 | | 75:9-75:13 | | | |
| 6:19 - 6:25 | | | | | |
| 7:4 - 7:18 | LC | | | | |
| 8:13 - 8:20 | | | | | |
| 15:13 - 16:6 | R | | | | |
| 18:6 - 18:7 | R | | | | |
| 18:9 - 18:22 | R | | | | |
| 18:25 - 19:2 | R | | | | |
| 19:4 - 19:15 | R | | | | |
| 21:14 - 23:12 | R | | | | |
| 29:24 - 30:23 | R | | | | |
| 72:24 - 73:12 | R, V | | | | |
| 73:15 - 74:6 | R, V, Scope | | | | |
| 74:8 - 74:21 | R, V, Scope | | | | |
| 74:23 - 75:8 | R, V, Scope | | | | |
| 81:12 - 82:4 | M, NQ, NT | | | | |
| 82:14 - 83:4 | M, NQ, NT, LC | | | | |
| 83:6 - 83:10 | M, NQ, NT, LC | | | | |
| 89:3 - 89:4 | LC, M, LC | | | | |
| 89:7 - 89:10 | LC, M | | | | |
| 89:12 - 90:6 | R, V | | | | |
| 90:8 - 91:14 | R, V | | | | |
| 92:4 - 92:13 | R, V, M | | | | |
| 92:16 - 92:18 | R, V, M | | | | |
| 93:3 - 93:16 | R, V | | | | |

26

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 93:18 - 94:5 | R, V | | | | |
| 109:15 - 110:1 | | | | | |
| 111:13 - 111:22 | R, V | | | | |
| 111:25 - 113:22 | R, V | | | | |
| 115:1 - 116:2 | 602, LC, R, V | | | | |
| 117:20 - 121:10 | | | | | |
| 122:7 - 122:9 | 602, R, V | | | | |
| 122:11 - 122:23 | 602, R, V | | | | |
| 123:25 - 125:9 | 602, R, V | | | | |
| 126:4 - 126:21 | 602, R, V | | | | |
| 137:7 - 137:12 | | | | | |
| 138:11 - 139:2 | | | | | |
| 147:8 - 147:18 | | | | | |
| 147:21 - 148:16 | | | | | |
| 149:10 - 149:13 | AF, LC, V | | | | |
| 149:16 - 149:22 | AF, LC, V | | | | |

X.   Andres Rivero (June 30, 2023)

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 5:10 - 5:12 | | 12:7-12:11; 12:20-12:24; 15:25-16:4; 16:7-16:9; 16:11-16:21; 26:18-26:20; 27:13-27:17; 27:19-27:24; 29:6-29:11; 29:18-29:19; 30:24-31:2; 31:9-31:13; 31:15-31:16; 31:18-31:24; 40:10-40:12; 40:14-40:18; 58:14-59:14; 65:25-66:3; 66:23-67:22; 68:1-68:7; 68:11-68:13; 69:20-69:24; 70:2-70:3; 70:5-70:10; 70:11-70:14; 70:20-70:21; 72:8-72:12; 72:14-72:14; 73:5-73:12; 78:8-78:10; 78:12-78:21; 80:14-80:18; 81:17-81:18; 81:20-81:25; 88:1-88:7; 99:10-99:13; 99:16-99:19; 158:7- | | 31:25-32:8; 32:9-32:14; 32:23-33:11; 33:13-33:14; 33:16-33:18; 33:22-33:22; 34:6-34:7; 34:9-34:9; 70:23-71:8; 71:12-71:14; 73:13-73:14; 78:23-78:25 | 31:25-32:8 (602, IE)

32:9-32:14, 32:23-33:11, 33:13-33:14, 33:16-33:18, 33:22 (ICD, H, M)

34:6-34:7, 34:9 (ICD, IE, R, 403)

70:23-71:8, 71:12-71:14 (602, IE, M) |
| 7:12 - 7:18 | | | | | |
| 11:22 - 12:6 | R, 403 | | | | |
| 12:12 - 12:19 | R, 403 | | | | |
| 16:22 - 18:17 | R, 403, IE, V | | | | |
| 18:19 - 19:6 | R, 403, IE, V | | | | |
| 26:21 - 27:12 | 602, 403, V | | | | |
| 29:6 - 29:11 | R, 403 | | | | |
| 29:18 - 30:7 | R, 403 | | | | |
| 58:2 - 58:13 | R, 403 | | | | |
| 62:25 - 63:3 | R, 403, LC | | | | |
| 63:13 - 63:16 | R, 403 | | | | |
| 64:8 - 64:15 | R, 403 | | | | |
| 65:14 - 65:15 | R, 403 | | | | |
| 65:17 - 65:17 | R, 403 | | | | |
| 65:19 - 65:24 | R, 403 | | | | |
| 66:4 - 66:6 | R, 403, 602 | | | | |
| 66:13 - 66:15 | R, 403 | | | | |
| 66:19 - 66:20 | R, 403 | | | | |
| 69:2 - 69:6 | 602, R, 403 | | | | |
| 69:11 - 69:19 | 602, R, 403, V | | | | |
| 71:16 - 71:18 | R, 403, V | | | | |
| 71:20 - 71:20 | R, 403, V | | | | |
| 72:3 - 72:7 | R, 403 | | | | |
| 72:16 - 72:20 | R, 403, M, LC, IE | | | | |

28

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 72:23 - 72:23 | R, 403, M, LC, IE | 158:10; 158:16-158:18; 171:3-171:6; 171:9-171:14; 171:16-171:19; 171:22-171:25; 183:20-183:23; 183:25-184:1; 184:15-184:17 | | | |
| 73:15 - 73:20 | R, 403, M, LC, IE | | | | |
| 73:23 - 74:6 | R, 403, M, LC, IE | | | | |
| 77:16 - 78:5 | NQ, R, 403, IE | | | | |
| 82:1 - 82:3 | LA | | | | |
| 89:12 - 89:17 | LA | | | | |
| 89:20 - 90:8 | R, 403, LA | | | | |
| 90:19 - 92:21 | 602, R, 403, LA, LC | | | | |
| 94:1 - 94:21 | LA | | | | |
| 96:8 - 96:10 | LA, R, 403, M | | | | |
| 96:12 - 96:13 | LA, R, 403, M | | | | |
| 118:19 - 119:5 | R, 403 | | | | |
| 157:17 - 157:18 | R, 403, LA, 602 | | | | |
| 158:19 - 159:2 | R, 403, LA, 602 | | | | |
| 172:2 - 172:4 | R, 403, M, IE | | | | |
| 172:7 - 172:10 | R, 403, M, IE | | | | |
| 182:12 - 183:4 | R, 403, 602 | | | | |
| 183:7 - 183:7 | R, 403, 602 | | | | |
| 184:3 - 184:11 | R, 403, M, V, LC | | | | |
| 184:13 - 184:13 | R, 403, M, V, LC | | | | |

29

**XI.   Doug Roeder (June 21, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:15 - 8:17 | | 27:14-28:1; 30:22-31:2; 32:15-32:18; 33:22-34:1; 34:10-34:13; 34:17-34:23; 35:5-35:8; 36:17-36:21; 37:1-37:22; 40:13-41:19; 42:9-42:21; 44:20-44:21; 45:3-45:4; 51:23-52:10; 53:12-53:22; 55:12-55:14; 55:16-55:18; 56:3-56:11; 59:3-59:5; 59:8-59:8; 63:14-63:17; 63:19-63:22; 63:23-64:12; 64:25-65:2; 65:5-65:6; 66:19-66:20; 66:23-66:24; 70:3-70:7; 73:18-73:24; 98:9-98:19; 98:25-99:5; 99:21-99:25; 102:3-102:4; 109:17-109:20 | 98:9-98:19 (602, H, R, V, 403); 98:25-99:5 (602, H, R, V, 403) | | |
| 24:22 - 24:24 | | | | | |
| 25:2 - 25:10 | | | | | |
| 27:5 - 27:7 | | | | | |
| 27:8 - 27:13 | | | | | |
| 28:2 - 28:7 | | | | | |
| 30:5 - 30:7 | R, 403 | | | | |
| 31:3 - 31:9 | R, 403 | | | | |
| 31:12 - 31:15 | R, 403 | | | | |
| 32:5 - 32:6 | R, 403 | | | | |
| 32:8 - 32:10 | R, 403 | | | | |
| 32:12 - 32:14 | R, 403 | | | | |
| 33:19 - 33:21 | R, 403, 602 | | | | |
| 34:2 - 34:9 | R, 403, 602 | | | | |
| 34:24 - 35:2 | R, 403, 602 | | | | |
| 35:23 - 36:16 | R, 403, H | | | | |
| 35:23 - 35:24 | R, 403, H, 602 | | | | |
| 36:22 - 36:25 | R, 403, H | | | | |
| 37:23 - 37:25 | R, 403 | | | | |
| 38:5 - 38:13 | R, 403 | | | | |
| 38:16 - 38:18 | R, 403 | | | | |
| 39:1 - 39:3 | R, 403 | | | | |
| 39:10 - 39:12 | R, 403 | | | | |
| 39:13 - 39:15 | R, 403 | | | | |
| 39:18 - 39:18 | R, 403 | | | | |

30

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 39:20 - 40:1 | R, 403, 602 | | | | |
| 40:2 - 40:4 | R, 403, 602 | | | | |
| 40:5 - 40:7 | R, 403, 602 | | | | |
| 44:13 - 44:19 | R, 403 | | | | |
| 47:22 - 48:5 | R, 403 | | | | |
| 48:6 - 48:8 | R, 403 | | | | |
| 48:13 - 48:24 | R, 403, H | | | | |
| 48:25 - 49:4 | R, 403 | | | | |
| 49:8 - 49:19 | R, 403 | | | | |
| 49:20 - 50:22 | R, 403, 602 | | | | |
| 53:9 - 53:11 | LC | | | | |
| 54:19 - 54:22 | LC | | | | |
| 55:3 - 55:7 | R, 403 | | | | |
| 55:9 - 55:11 | R, 403, 602 | | | | |
| 57:23 - 58:9 | R, 403, H | | | | |
| 59:10 - 59:13 | R, 403, H, 602 | | | | |
| 63:3 - 63:13 | R, 403, 602 | | | | |
| 64:16 - 64:21 | R, 403, H, 602 | | | | |
| 65:8 - 65:12 | | | | | |
| 67:2 - 67:4 | | | | | |
| 67:9 - 67:19 | R, 403, H | | | | |
| 68:11 - 69:1 | R, 403, H | | | | |
| 71:18 - 72:2 | R, 403, H | | | | |
| 72:8 - 72:16 | R, 403, H | | | | |
| 73:1 - 73:17 | R, 403, H, 602 | | | | |
| 75:2 - 75:4 | R, 403, H | | | | |

31

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 75:25 - 76:19 | R, 403, H | | | | |
| 84:9 - 84:10 | R, 403, H | | | | |
| 95:3 - 95:17 | R, 403, H | | | | |
| 95:3 - 95:4 | R, 403, H | | | | |
| 95:22 - 95:24 | R, 403, 602 | | | | |
| 96:8 - 96:22 | R, 403, 602 | | | | |
| 96:23 - 96:25 | R, 403, 602 | | | | |
| 97:10 - 98:8 | R, 403, 602 | | | | |
| 101:21 - 101:25 | R, 403, 298, MIL | | | | |
| 102:2 - 102:3 | R, 403, 298, MIL | | | | |
| 102:6 - 102:13 | R, 403, 298, MIL | | | | |
| 102:15 - 102:17 | R, 403, 298, MIL | | | | |

**XII.    Ben Sather (June 14, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 9:18 - 9:23 | | 15:1-16:3; 16:17-17:5; 17:11-17:23; 18:2-18:13; 19:17-19:24; 19:25-20:1; 20:3-20:17; 21:5-21:13; 22:8-22:12; 22:16-22:20; 25:8-25:9; 25:11-25:21; 26:7-26:16; 26:25-27:13; 31:9-32:6; 32:24-33:12; 33:14-33:25; 34:1-34:4; 34:6-34:23; 38:8-38:24; 42:8-42:11; 42:16-42:20; 43:6-43:8; 43:10-43:17; 43:19-43:19; 43:21-43:25; 45:24-46:4; 46:6-46:9; 46:16-47:10; 47:12-47:18; 49:9-49:17; 50:20-50:23; 50:25-51:11; 53:15-53:17; 53:19-54:6; 55:10-55:12; 55:14-55:22; 55:24- | 56:8-56:10 (V); 56:12-56:16 (V); 56:21-57:19 (602); 57:21-58:3 (602); 58:6-58:9 (602); 68:4-68:11 (602; V); 68:14-68:15 (602; V); 99:19-100:11 (R); 103:23-104:1 (R); 104:3-104:4 (R); 104:6-104:12 (R); 104:15-104:20 (R) | 42:3-42:7 | |
| 17:6 - 17:10 | | | | | |
| 20:18 - 20:20 | | | | | |
| 21:1 - 21:4 | | | | | |
| 35:22 - 35:24 | NQ, NT | | | | |
| 42:3 - 42:7 | | | | | |
| 42:12 - 42:15 | | | | | |
| 42:21 - 42:24 | V, H, 403 | | | | |
| 43:1 - 43:4 | H, 403 | | | | |
| 47:24 - 48:1 | 602, V | | | | |
| 48:3 - 48:17 | 602, H | | | | |
| 48:19 - 48:21 | 602, H | | | | |
| 48:23 - 49:5 | 602, H | | | | |
| 49:7 - 49:7 | | | | | |
| 54:22 - 55:9 | H | | | | |
| 61:22 - 61:25 | NQ, NT | | | | |
| 65:1 - 65:9 | H, 602 | | | | |
| 65:16 - 65:22 | | | | | |
| 67:14 - 67:25 | H | | | | |
| 84:15 - 84:16 | NQ, NT | | | | |
| 85:9 - 86:12 | L, AF, 298, MIL, 403 | | | | |
| 89:15 - 90:16 | V, H, 602, R, 403 | | | | |
| 90:18 - 90:21 | H, R, 403 | | | | |
| 97:8 - 97:10 | NQ, NT | | | | |
| 98:3 - 98:7 | R, 403 | | | | |

33

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 98:19 - 98:25<br>102:18 - 102:24<br>103:1 - 103:3<br>103:5 - 103:12 | R, 403<br>602, R, 403<br>602, R, 403, H<br>602, R, 403, H | 56:7; 56:8-56:10; 56:12-56:16; 56:21-57:19; 57:21-58:3; 58:6-58:9; 62:22-63:6; 63:12-63:15; 63:17-63:18; 63:20-64:1; 65:10-65:11; 65:13-65:14; 65:23-65:24; 66:1-66:3; 66:5-66:12; 66:14-66:17; 66:18-66:25; 68:4-68:11; 68:14-68:15; 90:23-90:25; 91:2-91:6; 91:8-91:20; 99:19-100:11; 101:2-102:1; 103:13-103:19; 103:23-104:1; 104:3-104:4; 104:6-104:12; 104:15-104:20 | | | |

34

**XIII.    Jim Shay (June 20, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:9 - 7:13 | | 23:23-24:16; 31:2-31:4; 31:21-31:22; 63:3-63:6; 73:2-74:3; 83:17-85:2; 87:10-88:18; 93:23-94:16; 96:18-97:10; 97:16-98:8; 109:7-110:14; 155:19-159:12; 159:19-161:14 | 83:17-85:2    (403, IE, NR); 87:10-88:18  (403, IE, 602, R, H); 96:18-97:10 (403, 602, IE); 97:16-98:8 (403, 602, IE); 109:7-110:14 (403, 602, H, IE, R, V); 155:19-159:12 (403, H, IE, R, 602); 159:19-161:14 (403, R, MIL) | | |
| 21:12 - 21:15 | | | | | |
| 22:20 - 22:22 | | | | | |
| 23:3 - 23:4 | | | | | |
| 23:8 - 23:21 | | | | | |
| 25:17 - 25:20 | R, 403, 298, MIL | | | | |
| 26:12 - 26:14 | R, 403, 298, MIL | | | | |
| 26:20 - 27:1 | R, 403, 298, MIL | | | | |
| 30:23 - 31:1 | R | | | | |
| 31:13 - 31:20 | R | | | | |
| 34:2 - 34:3 | R, 403, 298, MIL | | | | |
| 34:6 - 34:6 | R, 403, 298, MIL | | | | |
| 34:8 - 34:9 | R, 403, 298, MIL | | | | |
| 34:12 - 34:12 | R, 403, 298, MIL | | | | |
| 34:23 - 34:24 | R, 403, 298, MIL | | | | |
| 35:2 - 35:2 | R, 403, 298, MIL | | | | |
| 40:9 - 40:21 | R, 403, 602 | | | | |
| 56:24 - 57:19 | R, 403, 602 | | | | |
| 58:3 - 58:5 | R, 403, 602 | | | | |
| 58:17 - 58:18 | R, 403, 602 | | | | |
| 58:22 - 58:22 | R, 403, 602 | | | | |
| 59:18 - 60:7 | R, 403, 602 | | | | |
| 60:12 - 60:17 | R, 403, 602 | | | | |
| 61:12 - 61:19 | R, 403, 602, H | | | | |
| 62:8 - 63:2 | R, 403, 298, MIL | | | | |

35

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 67:8 - 67:22 | R, 403, 298, MIL | | | | |
| 68:6 - 68:9 | R, 403, 602 | | | | |
| 68:15 - 69:9 | R, 403, 602 | | | | |
| 69:15 - 69:17 | R, 403, 602 | | | | |
| 74:17 - 74:21 | R, 403, 298, MIL | | | | |
| 74:24 - 75:5 | R, 403, 298, MIL | | | | |
| 77:7 - 77:15 | R, 403, 602 | | | | |
| 78:10 - 78:23 | R, 403, 602 | | | | |
| 80:24 - 81:7 | R, 403, 602 | | | | |
| 83:2 - 83:16 | R, 403, 602, H | | | | |
| 85:3 - 86:14 | R, 403, 602, H | | | | |
| 89:2 - 89:10 | R, 403 | | | | |
| 94:17 - 94:21 | R, 403 | | | | |
| 95:3 - 96:7 | R, 403 | | | | |
| 100:7 - 100:10 | R, 403, 602, H | | | | |
| 100:20 - 101:2 | R, 403 | | | | |
| 101:7 - 101:11 | R, 403, 602 | | | | |
| 102:1 - 102:9 | R, 403, 602, H | | | | |
| 102:16 - 102:20 | R, 403, 602, H | | | | |
| 102:25 - 103:9 | R, 403, 602 | | | | |
| 107:12 - 107:15 | R, 403, 298, MIL | | | | |
| 107:19 - 107:25 | R, 403, 298, MIL | | | | |
| 108:3 - 108:4 | R, 403, 298, MIL | | | | |
| 112:9 - 112:12 | R, 403, 602, H | | | | |
| 137:3 - 137:8 | R, 403, 602 | | | | |
| 137:12 - 138:2 | R, 403, 602, LC | | | | |

36

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 138:6 - 138:13 | R, 403, 602, LC | | | | |
| 138:15 - 138:21 | R, 403, 602, LC | | | | |

**XIV.    Cari Stone (June 1, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:10 - 8:23 | | 28:23-28:24; 29:2-29:7; 45:7-45:8; 45:11-45:12; 45:13-45:15; 45:18-45:19; 56:1-56:13 | | | |
| 13:6 - 13:23 | 602, H | | | | |
| 13:25 - 14:18 | 602, H | | | | |
| 15:19 - 15:23 | | | | | |
| 28:4 - 28:9 | | | | | |
| 31:21 - 31:22 | | | | | |
| 31:24 - 32:12 | 602, R, 403 | | | | |
| 41:11 - 42:8 | R, 403 | | | | |
| 42:11 - 42:11 | R, 403 | | | | |
| 46:3 - 46:5 | 602, H, LC, R, 403 | | | | |
| 46:8 - 46:9 | 602, H, LC, R, 403 | | | | |
| 46:11 - 46:12 | 602, H, LC, R, 403 | | | | |
| 46:18 - 46:18 | 602, H, LC, R, 403 | | | | |
| 48:5 - 48:8 | R, LC, 403 | | | | |
| 48:15 - 48:16 | R, LC, 403 | | | | |
| 56:14 - 56:21 | I | | | | |

**XV.   Brett Trauthen (June 20, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 5:15 - 5:18 | | 28:1-28:2; 28:4-28:11; 35:16-36:11; 36:13-36:15; 45:23-45:24; 46:4-46:9; 46:11-46:15; 46:18-46:18; 46:20-46:21; 46:24-46:25; 47:11-47:13; 47:20-47:24; 48:6-49:2; 91:18-91:23; 91:25-92:15; 98:23-98:24; 99:1-99:4; 125:2-125:7; 134:20-134:21; 134:23-134:23; 135:2-135:7; 136:13-137:2; 137:4-137:11; 137:13-137:14; 138:10-138:14; 139:9-139:17; 139:19-139:21; 139:23-139:24; 140:1-140:13; 141:3-141:3; 141:5-141:11; 141:15-141:17; 141:20-142:5; 142:7- | 125:2-125:7 (I); 173:24-173:25 (I); 179:6-179:9 (602); 179:11-179:17 (602) | | |
| 21:15 - 21:22 | | | | | |
| 24:11 - 24:19 | | | | | |
| 25:12 - 25:15 | | | | | |
| 27:10 - 27:16 | CUM, R, 403 | | | | |
| 27:18 - 27:18 | | | | | |
| 27:21 - 27:25 | V | | | | |
| 34:16 - 34:25 | | | | | |
| 37:2 - 37:4 | V | | | | |
| 37:6 - 37:7 | V | | | | |
| 37:25 - 38:5 | | | | | |
| 43:20 - 43:21 | NQ, NT | | | | |
| 45:3 - 45:5 | 602, Scope | | | | |
| 45:20 - 45:21 | 602, Scope | | | | |
| 47:2 - 47:3 | V, IE, Scope | | | | |
| 47:5 - 47:9 | V, IE, Scope, I | | | | |
| 47:14 - 47:15 | V, 602, Scope | | | | |
| 47:17 - 47:18 | V, 602, Scope | | | | |
| 48:1 - 48:5 | V | | | | |
| 49:3 - 49:4 | 602, V | | | | |
| 49:6 - 49:6 | 602, V | | | | |
| 53:5 - 53:9 | | | | | |
| 90:23 - 91:3 | NQ, NT | | | | |
| 91:11 - 91:17 | LA | | | | |
| 98:2 - 98:4 | Scope | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 98:6 - 98:10 | Scope | 142:13; 142:16-143:1; 143:9-143:11; 143:20-144:5; 169:16-169:16; 173:24-173:25; 179:6-179:9; 179:11-179:17; 180:2-180:4; 180:7-180:20; 182:21-184:1; 185:3-185:5; 185:7-185:7 | | | |
| 98:12 - 98:14 | Scope | | | | |
| 98:16 - 98:21 | Scope | | | | |
| 125:16 - 125:19 | NQ, NT | | | | |
| 133:17 - 134:1 | R, 403 | | | | |
| 135:8 - 135:9 | Scope, R, 403 | | | | |
| 135:11 - 135:11 | Scope, R, 403 | | | | |
| 135:13 - 135:14 | Scope, R, 403 | | | | |
| 135:16 - 135:17 | Scope, R, 403 | | | | |
| 137:16 - 137:21 | Scope, R, 403, IE | | | | |
| 137:24 - 138:2 | Scope, R, 403, IE | | | | |
| 138:4 - 138:5 | Scope, R, 403, 602, IE | | | | |
| 138:7 - 138:8 | Scope, R, 403, 602, IE | | | | |
| 138:15 - 138:23 | Scope, R, 403 | | | | |
| 138:25 - 139:1 | Scope, R, 403 | | | | |
| 139:3 - 139:8 | Scope, R, 403 | | | | |
| 140:15 - 140:21 | Scope, R, 403, IE | | | | |
| 140:23 - 141:1 | Scope, R, 403, IE | | | | |
| 169:7 - 169:14 | V | | | | |
| 169:24 - 170:1 | NQ, NT | | | | |
| 170:9 - 170:17 | | | | | |
| 170:22 - 171:9 | V, Scope | | | | |
| 171:11 - 171:13 | V, Scope | | | | |
| 171:15 - 171:17 | V, Scope, 602 | | | | |

40

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 171:19 - 171:19 | V, Scope, 602 | | | | |
| 171:21 - 171:22 | V, Scope, 602 | | | | |
| 171:24 - 171:24 | V, Scope, 602 | | | | |
| 172:15 - 172:16 | Scope, V | | | | |
| 172:18 - 172:20 | Scope, V | | | | |
| 172:22 - 172:24 | Scope, V | | | | |
| 173:2 - 173:4 | Scope, V | | | | |
| 173:6 - 173:11 | | | | | |
| 173:21 - 173:23 | Scope, V, 602 | | | | |
| 176:16 - 176:19 | Scope, 602, IE | | | | |
| 176:22 - 176:23 | Scope, 602, IE | | | | |
| 176:25 - 177:1 | Scope, 602, IE | | | | |
| 177:4 - 177:6 | Scope, 602, IE | | | | |
| 180:22 - 180:24 | Scope, 602, IE | | | | |
| 181:1 - 181:7 | Scope, 602, IE | | | | |
| 181:9 - 181:15 | Scope, 602, NQ, IE | | | | |
| 181:18 - 182:5 | Scope, 602, IE | | | | |

**XVI.    Jason Weems (June 6, 2023)**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:3 - 6:6 | | 15:25-16:2; 16:4-16:16; 16:24-17:11; 21:8-21:10; 21:21-21:24; 22:1-22:4; 25:3-25:17; 26:19-27:4; 32:16-32:21; 34:12-34:14; 35:15-35:20; 36:11-36:15; 77:16-77:19; 78:15-78:20; 82:11-82:13; 173:12-173:17; 174:3-174:9; 197:9-197:10; 210:16-210:22; 217:10-217:22 | | | |
| 7:16 - 8:8 | | | | | |
| 13:4 - 13:10 | | | | | |
| 88:24 - 89:6 | LC | | | | |
| 91:20 - 92:14 | LC | | | | |
| 112:7 - 112:21 | R, 403, MIL | | | | |
| 113:13 - 113:17 | R, 403, MIL | | | | |
| 113:20 - 113:21 | R, 403, MIL | | | | |
| 121:22 - 124:1 | R | | | | |
| 140:14 - 140:22 | LC, R, 403, MIL | | | | |
| 141:12 - 141:15 | R, 403, MIL | | | | |
| 142:12 - 143:22 | R, 403, MIL, LC | | | | |
| 144:15 - 144:17 | R, 403, MIL, AF | | | | |
| 144:20 - 144:21 | R, 403, MIL, AF | | | | |
| 146:8 - 149:12 | R, 403, MIL, SJ | | | | |
| 195:8 - 197:5 | 602 | | | | |
| 203:23 - 204:7 | R, 403, SJ, LC | | | | |
| 204:8 - 204:24 | R, 403, SJ, LC | | | | |
| 205:9 - 205:22 | R, 403, SJ, LC | | | | |
| 206:1 - 206:9 | R, 403, SJ, LC | | | | |
| 209:12 - 210:15 | R, 403, SJ, LC | | | | |
| 210:23 - 212:10 | R, 403, SJ, LC | | | | |
| 235:15 - 237:6 | R, 403, SJ, MIL | | | | |
| 237:9 - 240:8 | R, 403, SJ, MIL | | | | |

**XVII.    Dave Van Meter (June 27, 2023)[2,3]**

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 11:12-11:14 | | | | | |
| 30:10-30:13 | | | | | |
| 34:18-34:19 | | | | | |
| 34:22-35:2 | | | | | |
| 35:6-36:1 | | | | | |
| 46:11-46:17 | | | | | |
| 59:11-59:25 | | | | | |
| 60:11-60:17 | | | | | |
| 60:18-61:8 | | | | | |
| 61:13-62:3 | | | | | |

_____

[2] **Ivantis and Alcon's Position:** Under Local Rule 16.3(d)(1), Plaintiff's affirmative deposition designations were required to be served on Defendants on February 20, 2024. But Plaintiff did not serve affirmative deposition designations for Mr. Van Meter until March 8, 2024, 17 days after the due date. Plaintiff's proposed justification for its delay is that it was relying on Mr. Van Meter's inclusion as a will-call live witness on Defendants' witness list. However, Mr. Van Meter is a 30(b)(6) witness, and therefore it is irrelevant whether Mr. Van Meter is called live at trial. Defendants object to the entirety of Plaintiff's affirmative Van Meter designations as out of time. Should the Court allow Plaintiff's belated designations, Defendants reserve the right to serve counter-designations and further objections.

[3] **Sight's Position:** Sight did not serve affirmative deposition designations for Mr. Van Meter on February 20, 2024, in good faith reliance on Defendants' inclusion of Mr. Van Meter as a will-call live witness of their previously served witness list.  Upon receiving Defendants' affirmative deposition designations for Mr. Van Meter on March 4, 2024, Sight thereafter served affirmative designations for Mr. Van Meter on March 8, 2024, in the event he fails to appear live at trial.  Defendants identified no prejudice from Sight's March 8 disclosure of deposition designations, other than the burden of making counter-designations. On March 14, 2024, Defendants stated that they intend to bring Mr. Van Meter to trial, and the parties reached an agreement that Sight would not play Mr. Van Meter's deposition designations at trial if Defendants actually bring Mr. Van Meter to testify live at trial.

43

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 62:11-62:18 | | | | | |
| 62:19-62:23 | | | | | |
| 62:25-63:6 | | | | | |
| 63:14-63:16 | | | | | |
| 63:18-64:4 | | | | | |
| 64:6-65:4 | | | | | |
| 66:1-66:4 | | | | | |
| 67:19-68:24 | | | | | |
| 69:4-69:12 | | | | | |
| 70:8-70:13 | | | | | |
| 71:16-71:19 | | | | | |
| 72:16-72:24 | | | | | |
| 73:9-73:23 | | | | | |
| 74:2-74:6 | | | | | |
| 74:25-75:1 | | | | | |
| 75:3-75:5 | | | | | |
| 75:21-76:11 | | | | | |
| 76:20-76:23 | | | | | |
| 77:6-77:20 | | | | | |
| 77:22-78:9 | | | | | |
| 78:11-78:11 | | | | | |
| 78:16-78:25 | | | | | |
| 79:1-79:4 | | | | | |
| 79:11-79:19 | | | | | |
| 79:23-80:8 | | | | | |
| 80:14-80:17 | | | | | |

44

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 81:2-81:5 | | | | | |
| 83:1-83:4 | | | | | |
| 83:24-84:1 | | | | | |
| 84:8-84:12 | | | | | |
| 84:16-84:18 | | | | | |
| 85:11-85:18 | | | | | |
| 86:7-87:1 | | | | | |
| 87:6-87:12 | | | | | |
| 87:15-87:25 | | | | | |
| 88:23-89:1 | | | | | |
| 89:18-89:20 | | | | | |
| 90:12-90:24 | | | | | |
| 91:4-91:15 | | | | | |
| 95:12-95:18 | | | | | |
| 101:13-101:18 | | | | | |
| 104:9-104:19 | | | | | |
| 104:23-106:2 | | | | | |
| 106:4-106:21 | | | | | |
| 106:23-108:3 | | | | | |
| 108:5-109:4 | | | | | |
| 109:6-109:7 | | | | | |
| 109:9-109:16 | | | | | |
| 109:18-110:6 | | | | | |
| 110:17-111:8 | | | | | |
| 111:11-112:1 | | | | | |
| 112:4-112:15 | | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 112:17-112:25 | | | | | |
| 113:17-113:21 | | | | | |
| 156:11-156:16 | | | | | |
| 156:18-157:4 | | | | | |
| 157:6-157:7 | | | | | |
| 158:25-159:1 | | | | | |
| 159:11-159:24 | | | | | |
| 159:25-160:20 | | | | | |
| 160:21-161:14 | | | | | |
| 163:3-163:5 | | | | | |
| 163:6-163:10 | | | | | |
| 163:16-164:17 | | | | | |
| 165:17-166:2 | | | | | |
| 166:7-168:1 | | | | | |
| 168:2-169:2 | | | | | |
| 169:3-169:22 | | | | | |
| 169:23-170:16 | | | | | |
| 171:2-171:6 | | | | | |
| 171:8-171:15 | | | | | |
| 176:21-176:23 | | | | | |
| 177:7-177:11 | | | | | |
| 177:18-177:19 | | | | | |
| 177:22-178:4 | | | | | |
| 180:10-180:17 | | | | | |
| 182:19-182:25 | | | | | |
| 183:2-183:11 | | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 207:16-207:25 | | | | | |
| 208:4-208:6 | | | | | |
| 208:10-208:17 | | | | | |
| 208:19-208:19 | | | | | |
| 209:2-209:10 | | | | | |
| 210:11-210:22 | | | | | |
| 210:23-211:6 | | | | | |
| 211:8-211:13 | | | | | |
| 211:15-212:20 | | | | | |
| 213:2-213:4 | | | | | |
| 213:6-213:19 | | | | | |
| 216:6-216:9 | | | | | |
| 216:14-216:17 | | | | | |
| 217:15-217:18 | | | | | |
| 218:19-218:24 | | | | | |
| 220:22-221:5 | | | | | |
| 222:18-222:22 | | | | | |
| 222:24-222:25 | | | | | |
| 224:25-225:2 | | | | | |
| 225:8-225:11 | | | | | |
| 226:25-227:3 | | | | | |
| 227:18-228:2 | | | | | |
| 228:6-228:6 | | | | | |
| 228:10-228:16 | | | | | |
| 228:20-228:24 | | | | | |
| 228:25-229:6 | | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 229:9-229:14 | | | | | |
| 236:21-237:6 | | | | | |
| 237:8-237:14 | | | | | |
| 239:20-240:1 | | | | | |
| 240:9-240:15 | | | | | |
| 241:9-241:21 | | | | | |
| 241:23-242:1 | | | | | |
| 242:3-242:4 | | | | | |
| 242:11-242:13 | | | | | |
| 242:15-242:15 | | | | | |
| 244:3-244:6 | | | | | |
| 244:8-244:8 | | | | | |
| 244:11-244:12 | | | | | |
| 244:23-245:4 | | | | | |
| 246:1-246:7 | | | | | |
| 249:17-249:19 | | | | | |
| 249:21-250:14 | | | | | |
| 251:4-251:5 | | | | | |
| 251:8-251:9 | | | | | |
| 252:4-254:1 | | | | | |
| 254:2-254:3 | | | | | |
| 254:7-254:20 | | | | | |
| 262:24-263:4 | | | | | |
| 263:14-263:16 | | | | | |
| 263:17-263:19 | | | | | |
| 264:17-264:20 | | | | | |

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 266:14-266:14 | | | | | |
| 266:19-266:23 | | | | | |
| 267:7-267:13 | | | | | |
| 269:1-269:2 | | | | | |
| 269:5-269:11 | | | | | |
| 278:15-278:17 | | | | | |
| 280:10-280:16 | | | | | |
| 281:4-281:7 | | | | | |
| 281:9-281:12 | | | | | |
| 281:9-281:12 | | | | | |
| 283:3-283:5 | | | | | |
| 283:8-283:11 | | | | | |
| 283:15-284:4 | | | | | |
| 285:16-285:19 | | | | | |
| 285:21-286:1 | | | | | |
| 288:11-288:13 | | | | | |
| 289:20-289:24 | | | | | |
| 290:1-290:2 | | | | | |
| 290:12-290:16 | | | | | |
| 290:18-290:24 | | | | | |
| 291:1-291:3 | | | | | |
| 291:7-291:7 | | | | | |
| 291:15-291:18 | | | | | |
| 292:11-292:12 | | | | | |
| 292:14-292:15 | | | | | |
| 292:23-293:3 | | | | | |

49

| Sight Sciences' Designations | Defendants' Objections to Sight Sciences' Designations | Defendants' Counter-Designations | Sight Sciences' Objections to Defendants' Counter-Designations | Sight Sciences' Counter-Counter Designations | Defendants' Objections to Sight Sciences' Counter-Counter Designations |
|---|---|---|---|---|---|
| 293:4-293:6 | | | | | |
| 293:8-293:10 | | | | | |
| 295:5-295:9 | | | | | |
| 295:10-296:2 | | | | | |
| 296:17-296:17 | | | | | |
| 296:20-297:14 | | | | | |
| 297:15-297:15 | | | | | |
| 297:18-298:10 | | | | | |
| 299:7-299:7 | | | | | |
| 299:10-299:16 | | | | | |
| 299:19-300:8 | | | | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1317-GBW-SRF |
| | ) |
| IVANTIS, INC., ALCON RESEARCH | ) |
| LLC, ALCON VISION, LLC, and ALCON | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

# DEFENDANTS IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, AND ALCON INC.'S OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS

Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively, "Ivantis and Alcon") hereby provide their objections and counter-designations to Plaintiff Sight Sciences, Inc. ("Sight" or "Plaintiff")'s Deposition Designations. To the extent Sight has designated testimony regarding or referring to an exhibit, Ivantis and Alcon incorporate by reference their objections to said exhibit. Pursuant to Fed. R. Civ. P. 32 and Fed. R. Evid. 802, Ivantis and Alcon object to any of Sight's designations of testimony from witnesses that are available to be called to testify at trial, are not officers, directors, or managing agents of Ivantis or Alcon, and to the extent such testimony was not provided pursuant to Rule 30(b)(6) or 31(a)(4). Ivantis and Alcon reserve the right to withdraw any of its counter-designations. Ivantis and Alcon's counter-designation of testimony is not an acknowledgement that any such testimony may be introduced by Sight. Ivantis and Alcon reserve the right to use any testimony designated by Sight. Ivantis and Alcon's objections to any of Sight's designations are not an admission that Ivantis and Alcon cannot introduce said testimony itself. Ivantis and Alcon reserve the right to use their own designated testimony to rebut the testimony designated by Sight as well. Ivantis and Alcon reserve the right to remove designated testimony or designate additional deposition testimony as circumstances may warrant, including if a witness does/does not appear in person, in response to Sight's counter-designations, in rebuttal to Sight's case, or for impeachment or foundational purposes. Ivantis and Alcon further reserve the right to amend and/or supplement these designations after the Court rules on any motions *in limine* or other motions, as otherwise permitted by applicable rules. Ivantis and Alcon's counter-designations include all exhibits that are referenced in the specified pages and lines, whether or not such exhibits are separately identified, subject to any objections Ivantis and Alcon have to said exhibits and Sight's designated testimony. Ivantis and Alcon reserve the right to object to any testimony under Federal Rule of Evidence 402

and/or 403, whether stated in Ivantis and Alcon's objections or not, at trial depending on Sight's proposed use for said testimony.

Subject to and without waiver of the above objections and reservations, Ivantis and Alcon provide the following objections and counter-designations to Sight's deposition designations as well as the key for their objections.

## Defendants' Deposition Designations Objections Key

| ABBREV. | OBJECTION |
|---------|-----------|
| 298 | The testimony is inadmissible under 35 U.S.C. § 298 |
| 403 | Fed. R. Evid. 403 |
| 408 | Fed. R. Evid. 408 (Settlement offers) |
| 602 | The witness lacks personal knowledge, lacks foundation, and/or the question calls for speculation (Fed. R. Evid. 602) |
| A | Testimony concerns a document for which authentication is lacking (Fed. R. Evid. 901) |
| AF | Assumes Facts Not In Evidence |
| ARG | Argumentative |
| AT | Attorney Objections Not Removed |
| BE | Best Evidence Rule (Fed. R. Evid. 1002) |
| C | Compound Question |
| CUM | Cumulative |
| DAU | Subject to ruling on *Daubert* motions |
| ENI | Errata Not Included |
| H | Hearsay (Fed. R. Evid. 801 and 802) |
| HAR | Harassment or undue embarrassment to the witness |
| I | Incomplete (Fed. R. Evid. 106; Fed. R. Civ. Procedure 32(a)(6)) |
| IC | Improperly characterizing a person or conduct with unwarranted suggestive, argumentative, or impertinent language |
| ICD | Improper Counter Designation |
| IE | Improper opinion (FRE 701 (lay) or FRE 702/703 (expert)) |
| IH | Improper or Incomplete Hypothetical |
| L | Leading (Fed. R. Evid. 611) |
| LA | Limited Admissibility (Admissible for Some Purposes but Not Others) (Fed. R. |

| ABBREV. | OBJECTION |
|---------|-----------|
|         | Evid. 105) |
| LC      | Legal Conclusion |
| M       | Misleading / Mischaracterizes prior testimony |
| MIL     | Subject to a motion *in limine* |
| NQ      | Not a Question / Incomplete Question |
| NR      | Nonresponsive |
| NT      | Not Testimony |
| PR      | Attorney Client Privilege and/or Work Product Immunity |
| R       | Relevance (Fed. R. Evid. 401 & 402) |
| SJ      | Subject to ruling on Summary Judgment Motions |
| Scope   | Outside scope of Rule 30(b)(6) topic |
| V       | Vague |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,                    )
                                         )        C. A. No.:  21-1317-JLH-SRF
            Plaintiff,                    )
                                         )        **JURY TRIAL DEMANDED**
            v.                            )
                                         )
IVANTIS, INC., ALCON RESEARCH LLC,       )
ALCON VISION, LLC AND ALCON INC.,        )
                                         )
            Defendants.                   )

**EXHIBIT 12: DEFENDANTS' DEPOSITION DESIGNATIONS**
**(INCLUDING PLAINTIFF'S OBJECTIONS AND COUNTER-DESIGNATIONS AND**
**DEFENDANTS' OBJECTIONS TO COUNTER-DESIGNATIONS AND**
**COUNTER-COUNTER-DESIGNATIONS)**

*Sight Sciences, Inc. v. Ivantis, Inc., et al.*,
C.A. No.: 21-1317-JLH-SRF

**Defendant Ivantis, Inc., et al's Deposition Designations**

I.    **Todd Abraham (June 20, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations[1] | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 10:13-10:19 | | 49:22-50:2; | 50:9-50:21 (AF, I) | 50:3-50:8; | 63:12-63:14 |
| 13:15-14:5 | | 50:9-50:21; | | 50:22-51:3; | (602; NR; |
| 15:2-15:6 | | 61:19-61:21; | 61:19-61:21 (ICD, | 63:12-63:14; | 403; R) |
| 15:7-15:25 | | 62:1-62:7; | 298, MIL, R, 403, | 63:19-63:22; | |
| 16:7-17:10 | | 65:11-65:22; | 602, Scope) | 66:1-66:2; | |
| 18:4-18:10 | | 65:25; | | 169:1-169:1 | 63:19-63:22 |
| 32:15-32:23 | | 168:20; | 62:1-62:7 (ICD, | | (602; NR; |
| 33:5-33:16 | | 168:22-168:25 | 298, MIL, R, 403, | | 403; R) |
| 33:21-35:3 | | | 602, Scope) | | |
| 37:9-37:23 | | | | | 66:1-66:2 |
| 45:10-45:15 | | | 65:11-65:22 (ICD, | | (602; NR; |
| 46:15-47:1 | | | 298, MIL, R, 403, | | 403; R) |
| 48:6-48:20 | | | 602, Scope, IE, LC, | | |
| 51:4-52:5 | | | V, L) | | |
| 61:7-61:13 | | | | | |
| 62:15-62:18 | | | 65:25 (I, ICD, 298, | | |
| 62:24-63:10 | | | MIL, R, 403, 602, | | |
| 76:1-76:21 | | | Scope, IE, LC, V, | | |
| 117:5-117:17 | | | L) | | |
| 117:20-118:5 | | | | | |
| 118:6-118:10 | | | 168:20 (298, MIL, | | |
| 118:11-118:15 | | | R, 403, Scope, 602, | | |
| 140:24-141:6 | 403; MIL | | V) | | |
| 141:8-141:10 | | | | | |
| 145:11-145:18 | | | | | |
| 145:21-146:4 | | | | | |

---

[1] Sight has formatted its counter designations consistent with Defendants' counter designations, not to correspond specifically with a given affirmatives designation. As this is not a typical practice, Sight suggests a meet and confer on the issue and reserves the right to lodge the counter designations cited herein to any affirmative designations made by Defendants during the deposition designation exchange process.

1

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations[1] | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 146:5-147:1 | | | 168:22-168:25 (I, 298, MIL, R, 403, Scope, 602) | | |
| 148:9-148:22 | | | | | |
| 150:20-150:23 | | | | | |
| 150:24-150:24 | | | | | |
| 151:2-151:7 | | | | | |
| 151:9-151:24 | | | | | |
| 152:8-152:12 | | | | | |
| 152:16-153:20 | | | | | |
| 168:9-168:16 | | | | | |

2

## II.   David Badawi (June 5, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:14-8:11 | | 13:24-14:7; | 59:20-60:4 | 58:23-59:1; | |
| 9:3-9:25 | | 58:5-58:22; | (ICD) | 59:4-59:11; | |
| 10:4-10:6 | | 59:20-60:4; | | 59:12-59:19 | |
| 10:17-11:5 | | 60:6-60:7; | 60:6-60:7 | | |
| 13:1-13:12 | | 67:13-68:2; | (ICD) | | |
| 13:22-13:23 | | 80:23-81:1; | | | |
| 14:24-15:4 | | 239:18-239:25 | | | |
| 17:1-17:13 | | | | | |
| 17:24-18:7 | | | | | |
| 18:9-18:13 | | | | | |
| 18:19-21:23 | | | | | |
| 22:10-24:1 | | | | | |
| 24:13-25:10 | | | | | |
| 25:23-25:24 | | | | | |
| 26:1-26:6 | | | | | |
| 26:7-26:9 | | | | | |
| 26:12-27:5 | | | | | |
| 27:11-27:15 | | | | | |
| 27:23-29:4 | | | | | |
| 29:5-29:16 | | | | | |
| 29:17-31:11 | | | | | |
| 31:20-32:9 | | | | | |
| 32:25-33:6 | | | | | |
| 34:13-34:24 | | | | | |
| 36:24-39:22 | | | | | |
| 39:24-40:5 | | | | | |
| 40:7-40:24 | | | | | |
| 42:15-43:7 | | | | | |
| 44:5-44:21 | | | | | |
| 45:11-48:19 | | | | | |
| 49:3-49:10 | | | | | |
| 50:2-51:7 | | | | | |
| 51:8-52:7 | | | | | |
| 52:9-52:18 | | | | | |
| 57:9-57:12 | | | | | |
| 57:14-58:4 | | | | | |
| 60:8-61:16 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 62:13-62:14 | | | | | |
| 67:4-67:12 | | | | | |
| 69:18-69:20 | | | | | |
| 69:23-69:25 | | | | | |
| 74:25-75:2 | 602; IH | | | | |
| 75:4-75:14 | 602; IH | | | | |
| 76:11-76:22 | | | | | |
| 78:17-78:20 | | | | | |
| 79:20-80:22 | | | | | |
| 82:4-83:2 | | | | | |
| 83:9-83:10 | IH | | | | |
| 83:13-83:13 | IH | | | | |
| 88:13-88:18 | | | | | |
| 90:21-91:19 | | | | | |
| 91:20-96:25 | | | | | |
| 97:5-97:13 | | | | | |
| 98:6-99:4 | | | | | |
| 102:22-103:22 | | | | | |
| 103:24-105:15 | R; V | | | | |
| 105:18-106:2 | R; V | | | | |
| 106:3-106:22 | | | | | |
| 106:25-108:25 | | | | | |
| 116:4-117:24 | | | | | |
| 122:23-124:4 | | | | | |
| 124:24-125:9 | | | | | |
| 129:6-129:14 | | | | | |
| 131:2-131:8 | | | | | |
| 133:15-133:18 | IH | | | | |
| 133:22-133:23 | IH | | | | |
| 133:24-133:25 | IH | | | | |
| 134:2-134:22 | IH | | | | |
| 134:25-135:7 | IH | | | | |
| 139:1-142:19 | | | | | |
| 144:15-144:24 | | | | | |
| 146:21-148:21 | V | | | | |
| 148:23-149:18 | V | | | | |
| 150:2-150:5 | IH | | | | |
| 150:7-153:9 | IH | | | | |

4

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 153:12-154:24 | IH | | | | |
| 156:17-157:15 | | | | | |
| 159:4-159:19 | | | | | |
| 160:1-160:3 | V | | | | |
| 160:5-161:14 | V | | | | |
| 164:2-165:3 | | | | | |
| 166:9-167:9 | IH | | | | |
| 167:12-168:20 | IH | | | | |
| 168:22-169:17 | | | | | |
| 169:22-170:1 | | | | | |
| 170:6-172:5 | | | | | |
| 172:6-174:6 | | | | | |
| 174:18-178:11 | | | | | |
| 178:14-180:12 | | | | | |
| 180:16-181:16 | | | | | |
| 181:24-183:2 | | | | | |
| 183:23-184:1 | | | | | |
| 184:2-184:25 | | | | | |
| 185:1-185:5 | | | | | |
| 185:17-186:22 | | | | | |
| 187:5-189:13 | | | | | |
| 189:24-190:25 | | | | | |
| 191:1-194:5 | | | | | |
| 194:7-196:20 | | | | | |
| 196:21-196:23 | M | | | | |
| 197:1-198:24 | M | | | | |
| 198:25-199:18 | IH | | | | |
| 199:21-200:23 | IH; M | | | | |
| 201:1-202:13 | M | | | | |
| 204:13-204:17 | | | | | |
| 204:18-206:10 | | | | | |
| 207:10-208:17 | | | | | |
| 208:25-210:12 | | | | | |
| 210:15-211:4 | | | | | |
| 211:20-212:5 | LC | | | | |
| 212:8-212:18 | LC | | | | |
| 213:4-213:8 | | | | | |
| 213:17-214:3 | V | | | | |
| 214:5-214:21 | V | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 214:23-214:23 | V | | | | |
| 215:13-215:17 | | | | | |
| 216:11-216:24 | | | | | |
| 217:5-217:6 | | | | | |
| 217:10-218:10 | | | | | |
| 219:6-220:8 | LC | | | | |
| 220:11-220:11 | LC | | | | |
| 221:14-221:22 | | | | | |
| 221:23-222:10 | | | | | |
| 231:4-231:13 | | | | | |
| 231:23-232:5 | | | | | |
| 232:20-233:3 | | | | | |
| 238:12-239:11 | MIL | | | | |
| 239:12-239:17 | MIL | | | | |
| 241:16-243:2 | | | | | |
| 244:12-244:14 | | | | | |
| 245:8-248:2 | | | | | |
| 248:8-249:11 | | | | | |
| 255:21-256:18 | | | | | |
| 256:19-257:7 | | | | | |
| 257:15-257:18 | | | | | |
| 258:13-259:19 | | | | | |
| 259:20-259:24 | | | | | |
| 260:2-260:8 | | | | | |
| 260:10-260:15 | | | | | |
| 270:18-271:6 | | | | | |
| 271:22-272:10 | | | | | |
| 272:12-275:18 | | | | | |
| 275:21-276:19 | | | | | |
| 277:24-278:2 | 602 | | | | |
| 278:5-278:16 | 602 | | | | |
| 278:20-278:23 | 602 | | | | |
| 278:25-279:10 | 602 | | | | |
| 279:22-280:2 | 602 | | | | |
| 280:4-280:9 | 602 | | | | |
| 280:11-280:24 | 602 | | | | |
| 281:2-281:7 | | | | | |

6

III.     Paul Badawi (June 23, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:25-8:10 | | 121:7-121:11; | 127:20-128:3 | 125:21-125:22; | 132:24-133:1 (R; |
| 28:15-28:16 | | 122:4-122:11; | (NR) | 132:24-133:1; | V) |
| 28:19-28:20 | | 123:10-123:18; | 144:6-144:8; | 134:9-134:18; | |
| 29:17-30:20 | | 124:6-124:17; | (NR) | 135:19-136:9; | 137:2-137:4 (V; |
| 30:24-31:3 | | 125:15-125:20; | 144:10-145:3; | 137:2-137:4; | I) |
| 34:4-34:14 | | 125:23-126:10; | (NR) | 145:5-145:22; | |
| 34:15-35:16 | | 127:20-128:3; | 161:21- | 200:6-200:10 | |
| 35:21-36:1 | | 128:24-129:17; | 161:23; | | |
| 40:13-41:13 | | 132:15-132:16; | (NR) | | |
| 41:14-41:24 | | 132:18-132:20; | 161:25-162:3; | | |
| 57:8-57:15 | | 132:22-132:23; | (NR) | | |
| 57:17-58:4 | | 133:18-134:6; | 166:3-166:5; | | |
| 58:6-58:18 | | 134:25-135:18; | (NR) | | |
| 60:21-60:23 | | 141:8-141:12; | 166:21- | | |
| 61:1-61:6 | | 144:6-144:8; | 166:25; | | |
| 63:14-63:19 | | 144:10-145:3; | (NR) | | |
| 65:15-65:22 | | 161:21-161:23; | 199:20- | | |
| 67:15-68:8 | | 161:25-162:3; | 199:24; | | |
| 69:9-69:16 | | 166:3-166:5; | (R, NR) | | |
| 81:3-81:9 | | 166:21-166:25; | 214:4-214:21; | | |
| 81:10-81:21 | | 199:20-199:24; | (R, NR) | | |
| 83:10-84:1 | | 202:16-202:21; | 214:23-215:5; | | |
| 84:20-85:2 | | 206:20-206:23; | (R, NR) | | |
| 88:5-88:9 | | 214:4-214:21; | | | |
| 88:11-89:6 | | 214:23-215:5; | | | |
| 89:13-89:22 | | 236:1-236:23 | | | |
| 90:8-90:12 | | | | | |
| 90:15-90:17 | | | | | |
| 90:20-91:1 | | | | | |
| 99:9-99:16 | | | | | |
| 99:22-99:24 | | | | | |
| 100:7-100:11 | | | | | |
| 101:17-102:2 | | | | | |
| 103:24-104:1 | | | | | |
| 105:1-105:17 | | | | | |
| 105:18-106:16 | | | | | |
| 107:22-108:14 | | | | | |

7

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 108:15-108:20 | | | | | |
| 109:5-109:10 | | | | | |
| 119:13-120:3 | | | | | |
| 120:5-120:8 | | | | | |
| 120:18-120:25 | | | | | |
| 121:4-121:6 | | | | | |
| 121:20-122:3 | | | | | |
| 122:12-122:15 | | | | | |
| 123:3-123:9 | | | | | |
| 123:19-124:5 | | | | | |
| 124:18-125:6 | | | | | |
| 125:7-125:14 | | | | | |
| 126:23-127:19 | | | | | |
| 128:16-128:23 | | | | | |
| 132:5-132:7 | | | | | |
| 132:11-132:13 | | | | | |
| 134:7-134:8 | | | | | |
| 134:19-134:24 | | | | | |
| 138:1-138:2 | | | | | |
| 138:18-139:2 | | | | | |
| 139:18-139:20 | | | | | |
| 140:1-140:3 | | | | | |
| 141:2-141:7 | | | | | |
| 141:14-141:15 | | | | | |
| 142:12-143:6 | | | | | |
| 146:7-146:11 | | | | | |
| 152:1-152:15 | | | | | |
| 152:16-153:8 | | | | | |
| 155:6-155:8 | | | | | |
| 156:6-157:2 | | | | | |
| 158:22-158:23 | | | | | |
| 159:2-159:5 | | | | | |
| 160:12-160:19 | | | | | |
| 160:22-161:15 | | | | | |
| 162:5-162:18 | | | | | |
| 163:4-164:2 | | | | | |
| 164:3-164:8 | | | | | |
| 164:9-165:13 | | | | | |
| 165:18-166:2 | | | | | |

299002223 v3

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 166:10-166:20 | | | | | |
| 167:21-168:15 | | | | | |
| 169:19-170:9 | | | | | |
| 172:22-172:23 | | | | | |
| 173:8-173:17 | Scope | | | | |
| 173:22-174:8 | Scope | | | | |
| 174:9-174:13 | | | | | |
| 175:9-176:4 | Scope | | | | |
| 177:5-177:7 | Scope | | | | |
| 177:9-178:5 | Scope | | | | |
| 178:6-178:18 | Scope | | | | |
| 197:3-197:19 | 403 | | | | |
| 198:8-198:16 | 403; 602 | | | | |
| 200:11-200:18 | | | | | |
| 202:23-203:12 | | | | | |
| 203:13-204:1 | Scope | | | | |
| 204:2-204:15 | Scope | | | | |
| 205:8-205:11 | Scope | | | | |
| 205:17-205:18 | Scope | | | | |
| 206:9-206:19 | Scope | | | | |
| 206:24-207:10 | Scope | | | | |
| 208:1-208:2 | | | | | |
| 208:9-208:19 | | | | | |
| 209:2-209:5 | Scope | | | | |
| 210:8-210:16 | Scope | | | | |
| 213:8-213:11 | | | | | |
| 213:18-213:19 | | | | | |
| 213:21-213:24 | | | | | |
| 215:6-215:19 | | | | | |
| 216:18-216:22 | | | | | |
| 217:7-217:10 | | | | | |
| 217:24-218:13 | MIL; 403; R | | | | |
| 220:25-221:13 | 403; MIL; R | | | | |
| 222:6-222:13 | 403; MIL; R | | | | |
| 223:12-223:21 | 403; MIL; R | | | | |
| 226:16-226:19 | MIL; 403; R | | | | |
| 231:20-231:23 | | | | | |
| 232:12-232:15 | MIL; 403; R | | | | |
| 234:17-234:23 | | | | | |

9

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 237:8-237:13 | | | | | |

10

IV.     **Paul Badawi (June 26, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 286:3-286:6 | MIL; 403; R | 325:16-326:2; 359:7-359:13; 359:17-359:19 | 359:7-359:13; (NR) | 359:14-359:16 | |
| 286:17-286:21 | 403; MIL; R | | | | |
| 308:23-310:7 | | | | | |
| 323:18-323:20 | | | | | |
| 323:22-324:17 | | | | | |
| 324:19-324:23 | | | | | |
| 325:2-325:3 | | | | | |
| 325:9-325:14 | | | | | |
| 326:11-326:17 | | | | | |
| 330:18-331:9 | | | | | |
| 331:10-331:13 | | | | | |
| 331:17-331:23 | | | | | |
| 338:18-338:22 | 602; R; Scope; 403 | | | | |
| 339:2-339:20 | R; Scope; 403 | | | | |
| 339:23-339:24 | R; Scope; 403 | | | | |
| 340:2-340:8 | R; Scope; 403 | | | | |
| 340:9-340:19 | R; Scope; 403 | | | | |
| 342:25-343:6 | | | | | |
| 343:15-344:1 | 403; R | | | | |
| 344:7-344:18 | 403; R | | | | |
| 351:14-351:18 | | | | | |
| 354:10-354:11 | MIL; R; 403; L | | | | |
| 354:17-354:19 | MIL; R; 403; L | | | | |
| 355:19-356:10 | | | | | |
| 357:3-357:12 | | | | | |
| 357:13-358:23 | R; 403 | | | | |
| 359:1-359:5 | R; 403 | | | | |
| 364:6-364:16 | 403; ENI; R | | | | |
| 365:2-365:6 | | | | | |

11

## V.     Reay Brown (January 20, 2024)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:23-9:5 | | 57:4-57:6; 89:14-90:7; 199:16-199:21; 236:5-236:7; 239:1-239:9; 245:5-245:22 | 57:4-57:6 (403, IE, LC, ICD) | | |
| 9:10-9:16 | | | | | |
| 10:17-11:9 | | | | | |
| 14:2-16:16 | | | | | |
| 17:8-17:24 | ENI | | 89:14-90:7 (R, 403, H, ICD) | | |
| 18:11-20:19 | | | | | |
| 22:9-22:17 | | | | | |
| 24:1-24:15 | | | 199:16-199:21 (R, 403, 602) | | |
| 24:24-27:4 | ENI | | | | |
| 27:5-28:4 | | | 236:5-236:7 (R, 403, V, LC) | | |
| 28:8-32:23 | | | | | |
| 33:2-33:9 | | | | | |
| 33:16-33:24 | | | 239:1-239:9 (ICD, 602) | | |
| 34:7-34:12 | | | | | |
| 34:14-35:3 | | | | | |
| 36:18-37:9 | | | 245:5-245:22 (R, 403, V, L) | | |
| 37:12-38:7 | | | | | |
| 38:10-39:25 | | | | | |
| 40:16-40:24 | | | | | |
| 41:17-43:19 | | | | | |
| 45:6-45:18 | | | | | |
| 45:19-45:25 | | | | | |
| 47:19-48:10 | | | | | |
| 48:13-48:23 | | | | | |
| 48:24-49:8 | | | | | |
| 49:11-50:18 | | | | | |
| 51:9-52:3 | | | | | |
| 54:18-57:3 | | | | | |
| 57:7-57:14 | | | | | |
| 58:4-58:6 | | | | | |
| 58:9-58:11 | | | | | |
| 58:18-59:13 | | | | | |
| 63:10-63:21 | | | | | |
| 66:18-67:13 | | | | | |
| 67:17-68:3 | | | | | |
| 68:25-69:2 | | | | | |
| 69:4-70:10 | 602 | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 70:14-70:17 | | | | | |
| 74:10-74:22 | | | | | |
| 75:18-76:11 | | | | | |
| 76:15-78:2 | | | | | |
| 78:3-79:6 | 602 | | | | |
| 79:8-79:11 | 602 | | | | |
| 80:5-80:14 | | | | | |
| 82:10-83:4 | | | | | |
| 83:16-83:25 | 602 | | | | |
| 84:3-84:6 | 602 | | | | |
| 84:7-84:11 | 602 | | | | |
| 84:14-84:24 | 602 | | | | |
| 85:2-85:14 | 602 | | | | |
| 85:16-87:4 | 602 | | | | |
| 87:7-87:16 | 602 | | | | |
| 88:17-89:1 | | | | | |
| 89:5-89:11 | | | | | |
| 89:13-89:13 | | | | | |
| 90:8-91:14 | | | | | |
| 92:16-92:25 | | | | | |
| 94:13-95:5 | | | | | |
| 95:9-95:13 | | | | | |
| 96:19-96:22 | V | | | | |
| 96:24-97:4 | V; IH | | | | |
| 97:7-97:14 | IH | | | | |
| 97:17-97:21 | IH | | | | |
| 97:24-97:24 | IH | | | | |
| 97:25-98:2 | | | | | |
| 98:3-100:2 | IH | | | | |
| 100:5-100:20 | IH | | | | |
| 103:13-103:25 | | | | | |
| 104:11-104:24 | | | | | |
| 105:6-105:16 | | | | | |
| 105:17-106:4 | | | | | |
| 106:25-107:4 | | | | | |
| 107:18-108:9 | | | | | |
| 109:6-110:9 | | | | | |
| 110:10-111:15 | 602 | | | | |
| 111:18-111:25 | 602 | | | | |

13

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 112:1-112:2 | | | | | |
| 112:24-113:8 | IH | | | | |
| 113:11-114:21 | IH | | | | |
| 115:7-115:16 | | | | | |
| 116:25-118:1 | | | | | |
| 118:4-118:11 | | | | | |
| 118:14-119:1 | | | | | |
| 119:2-119:4 | | | | | |
| 119:7-119:16 | | | | | |
| 121:11-121:17 | | | | | |
| 122:9-124:10 | | | | | |
| 124:11-125:15 | | | | | |
| 126:12-126:20 | | | | | |
| 126:21-127:8 | | | | | |
| 128:10-128:12 | | | | | |
| 128:15-128:15 | | | | | |
| 128:17-128:20 | | | | | |
| 128:23-128:23 | | | | | |
| 131:16-132:11 | | | | | |
| 135:4-135:11 | 602 | | | | |
| 135:14-136:9 | 602 | | | | |
| 136:12-136:17 | 602 | | | | |
| 136:19-136:21 | IH | | | | |
| 136:24-137:10 | IH; 602 | | | | |
| 137:13-137:15 | IH; 602 | | | | |
| 139:8-139:12 | | | | | |
| 139:13-142:7 | | | | | |
| 142:11-142:20 | | | | | |
| 142:22-142:22 | | | | | |
| 145:8-145:11 | | | | | |
| 149:3-149:23 | | | | | |
| 150:17-151:3 | | | | | |
| 152:23-154:6 | | | | | |
| 157:7-157:13 | | | | | |
| 165:12-165:24 | | | | | |
| 166:24-167:12 | | | | | |
| 168:6-168:13 | | | | | |
| 168:15-169:9 | | | | | |
| 169:17-171:3 | | | | | |

14

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 176:25-177:7 | IH | | | | |
| 177:10-177:16 | IH | | | | |
| 178:2-178:6 | 602 | | | | |
| 178:10-178:10 | 602 | | | | |
| 179:13-179:16 | 602 | | | | |
| 179:19-180:1 | 602 | | | | |
| 180:4-180:9 | 602 | | | | |
| 180:12-180:18 | 602 | | | | |
| 183:6-183:14 | 602 | | | | |
| 183:17-183:22 | 602 | | | | |
| 183:23-184:3 | 602 | | | | |
| 184:6-184:6 | 602 | | | | |
| 186:19-187:11 | | | | | |
| 188:21-189:18 | | | | | |
| 189:21-189:25 | 602 | | | | |
| 190:3-190:12 | 602 | | | | |
| 190:16-191:13 | | | | | |
| 191:16-192:18 | | | | | |
| 192:19-193:7 | | | | | |
| 193:8-193:11 | | | | | |
| 194:4-194:5 | | | | | |
| 194:11-194:13 | | | | | |
| 194:19-196:3 | | | | | |
| 196:24-197:5 | | | | | |
| 197:12-197:15 | | | | | |
| 198:16-199:1 | | | | | |
| 199:3-199:4 | | | | | |
| 199:5-199:15 | | | | | |
| 199:24-201:7 | | | | | |
| 201:8-201:10 | | | | | |
| 201:13-201:25 | | | | | |
| 202:4-202:8 | | | | | |
| 207:19-208:1 | | | | | |
| 214:23-215:17 | | | | | |
| 215:20-215:23 | | | | | |
| 224:5-224:24 | | | | | |
| 225:21-226:14 | | | | | |
| 232:4-232:19 | | | | | |
| 232:22-235:9 | M | | | | |

15

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 235:12-235:13 | M | | | | |
| 235:15-236:2 | | | | | |
| 237:25-238:25 | | | | | |
| 239:10-240:20 | | | | | |
| 241:4-241:7 | | | | | |
| 241:10-241:17 | IH | | | | |
| 241:20-242:14 | IH | | | | |
| 242:17-242:25 | | | | | |

16

## VI.    Timothy Buckley (June 29, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:12-7:15 | | 37:25-38:9; | 37:25-38:9 | 118:22-119:2; | 118:22-119:2 (R; |
| 11:2-11:4 | | 40:13-41:8; | (602, H) | 139:24-140:5; | 602) |
| 11:7-11:19 | | 119:8-119:18; | | 141:6-141:22; | |
| 12:16-13:1 | | 137:12-137:20; | 143:17-143:23 | 142:4-142:19; | 141:6-141:22 (R; |
| 36:1-36:12 | | 143:17-143:23; | (IE, 602, H) | 143:24-144:2; | V; 403) |
| 37:10-37:17 | | 145:20-145:25; | | 147:3-147:5; | |
| 40:2-40:12 | | 146:24-147:2; | 145:20-145:25 | 147:8-147:25; | 142:4-142:19 (R; |
| 47:18-49:6 | | 148:1-148:9; | (IE, 602, H) | 172:9-172:12; | V; 403) |
| 52:3-52:23 | | 172:21-172:24 | | 172:25-173:1; | |
| 65:10-65:20 | | | 146:24-147:2 | 173:4-173:5 | 147:3-147:5 |
| 72:6-73:22 | AT | | (IE, H) | | (403; 602; M; R; |
| 91:10-91:12 | | | | | V) |
| 92:9-92:10 | | | 172:21-172:24 | | |
| 92:13-92:18 | 602 | | (602) | | 147:8-147:25 |
| 94:14-94:17 | | | | | (403; 602; M; R; |
| 102:9-103:12 | A; AF | | | | V) |
| 107:3-107:14 | | | | | |
| 111:9-111:12 | | | | | 172:25-173:1 |
| 111:15-111:17 | IH; AF; 602 | | | | (403; 602; V) |
| 112:4-112:10 | | | | | |
| 112:12-112:19 | | | | | 173:4-173:5 |
| 113:13-113:16 | | | | | (403; 602; V) |
| 113:21-114:1 | | | | | |
| 114:4-114:14 | | | | | |
| 114:16-115:3 | | | | | |
| 115:8-116:5 | | | | | |
| 117:17-118:3 | | | | | |
| 119:19-119:23 | | | | | |
| 132:24-133:7 | | | | | |
| 133:9-134:9 | | | | | |
| 135:16-137:10 | | | | | |
| 137:23-138:6 | | | | | |
| 139:3-139:8 | | | | | |
| 142:23-143:12 | | | | | |
| 169:9-170:24 | MIL; R; 403 | | | | |
| 171:1-171:10 | MIL; R; 403 | | | | |
| 171:13-171:14 | MIL; R; 403 | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 172:1-172:8 | | | | | |
| 177:10-177:16 | | | | | |
| 182:23-182:24 | | | | | |
| 183:1-183:6 | | | | | |
| 186:11-187:4 | | | | | |
| 188:23-190:13 | | | | | |
| 191:20-191:22 | | | | | |
| 191:24-192:4 | | | | | |
| 193:22-193:24 | | | | | |
| 195:11-195:20 | | | | | |
| 196:2-197:9 | | | | | |
| 210:6-210:22 | | | | | |
| 221:6-222:17 | | | | | |

18

## VII.   Aaron Capsel (May 26, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 15:17-16:2 | | | | | |
| 20:2-20:16 | | | | | |
| 21:15-21:17 | | | | | |
| 22:23-23:11 | | | | | |
| 25:19-25:24 | | | | | |
| 26:9-26:11 | | | | | |
| 37:25-38:5 | | | | | |
| 39:14-40:8 | | | | | |
| 40:18-40:22 | | | | | |
| 41:2-41:10 | | | | | |
| 42:16-42:23 | | | | | |
| 48:16-49:5 | | | | | |
| 49:13-50:12 | | | | | |
| 57:21-58:11 | | | | | |
| 58:20-59:6 | | | | | |
| 61:6-61:15 | | | | | |
| 61:22-62:11 | | | | | |
| 62:18-63:23 | | | | | |
| 67:23-67:25 | | | | | |
| 73:7-73:11 | | | | | |
| 73:18-74:11 | | | | | |
| 79:19-79:22 | | | | | |
| 79:23-80:18 | | | | | |
| 80:24-85:2 | | | | | |
| 89:4-90:14 | | | | | |
| 90:19-91:4 | | | | | |
| 100:23-101:17 | | | | | |
| 101:19-102:7 | | | | | |
| 103:4-103:21 | | | | | |
| 106:6-106:8 | | | | | |
| 106:14-106:23 | | | | | |
| 106:24-108:2 | | | | | |
| 112:10-112:21 | | | | | |
| 132:6-132:8 | 602 | | | | |
| 132:11-134:14 | 602 | | | | |
| 150:19-153:1 | | | | | |
| 153:8-153:21 | | | | | |

19

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 155:14-155:20 | | | | | |
| 160:18-163:2 | | | | | |
| 169:3-170:11 | | | | | |
| 171:13-172:5 | | | | | |
| 178:17-179:1 | | | | | |

## VIII.    Michael Chodzko (July 13, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 10:3-10:7 | | 23:18-23:19; | 35:5-35:13; | 35:14-35:18; | 190:17-191:2 |
| 11:12-11:20 | | 23:21-24:7; | (NR) | 35:21-35:21; | (403; 602; AF) |
| 12:25-13:1 | | 35:5-35:13; | | 102:22-102:25; | |
| 13:4-13:14 | | 101:25-102:2; | 101:25-102:2; | 103:2-103:5; | |
| 14:1-14:3 | | 102:4-102:7; | (R, 602, | 103:22-103:24; | |
| 14:10-14:11 | | 102:10-102:11; | SCOPE, 403, | 104:1-104:2; | |
| 14:13-14:14 | | 102:13-102:21; | ICD) | 190:17-191:2; | |
| 15:24-16:10 | | 103:14-103:16; | | 224:2-224:3; | |
| 16:12-16:12 | | 103:18-103:21; | 102:4-102:7; | 224:5-224:9 | |
| 16:18-16:23 | | 183:25-184:10; | (R, 602, | | |
| 17:7-17:13 | | 191:3-191:13; | SCOPE, 403, | | |
| 20:19-21:14 | | 223:12-223:21; | ICD) | | |
| 21:20-22:4 | | 223:24-224:1 | | | |
| 23:3-23:4 | | | 102:10- | | |
| 23:7-23:16 | | | 102:11; | | |
| 25:17-25:19 | | | (R, 602, | | |
| 25:23-26:5 | | | SCOPE, 403, | | |
| 30:6-30:7 | | | ICD) | | |
| 30:10-30:12 | 602 | | | | |
| 32:11-32:21 | | | 102:13- | | |
| 32:23-33:2 | | | 102:21; | | |
| 33:4-33:10 | | | (R, 602, | | |
| 33:13-33:15 | | | SCOPE, 403, | | |
| 33:17-33:18 | | | ICD) | | |
| 33:21-33:23 | | | | | |
| 34:1-34:4 | | | 103:14- | | |
| 34:6-34:17 | | | 103:16; | | |
| 34:19-34:23 | | | (R, 602, | | |
| 34:24-35:1 | | | SCOPE, 403, | | |
| 35:4-35:4 | | | ICD) | | |
| 36:14-36:17 | | | | | |
| 36:19-36:19 | | | 103:18- | | |
| 37:3-37:5 | | | 103:21; | | |
| 37:8-37:10 | | | (R, 602, | | |
| 49:9-49:10 | | | SCOPE, 403, | | |
| 49:12-49:14 | | | ICD) | | |
| 54:18-55:2 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 55:13-55:19 | | | 183:25-184:10; (V) | | |
| 56:13-56:16 | | | | | |
| 61:16-62:3 | | | | | |
| 73:10-73:19 | | | 191:3-191:13; (C, M) | | |
| 81:22-82:2 | | | | | |
| 98:9-98:19 | | | | | |
| 100:24-101:17 | | | 223:12-223:21; (602) | | |
| 101:20-101:23 | | | | | |
| 125:3-125:20 | | | 223:24-224:1 (602) | | |
| 125:23-126:25 | | | | | |
| 127:4-128:3 | | | | | |
| 143:15-144:2 | | | | | |
| 180:20-181:1 | | | | | |
| 181:12-181:16 | | | | | |
| 182:3-182:16 | MIL; R; 403 | | | | |
| 182:19-183:7 | MIL; R; 403 | | | | |
| 183:22-183:24 | | | | | |
| 184:11-184:19 | MIL; R; 403 | | | | |
| 190:2-190:10 | | | | | |
| 206:25-207:18 | | | | | |
| 211:21-212:10 | | | | | |
| 212:17-212:21 | | | | | |
| 214:22-215:6 | | | | | |
| 216:21-217:18 | | | | | |
| 222:21-223:6 | | | | | |
| 231:3-231:22 | | | | | |
| 232:10-232:16 | | | | | |
| 232:18-232:23 | | | | | |
| 232:25-233:7 | | | | | |
| 233:9-234:14 | | | | | |
| 234:16-235:4 | | | | | |
| 235:6-235:6 | | | | | |

IX.    John Galanis (July 6, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:17-8:2 | | 12:23-12:25; 13:2-13:4; 13:17-13:23; 20:5-20:14; 21:9-21:18; 26:10-26:14; 29:16-29:23; 45:17-45:20; 46:4-46:16; 55:22-56:6; 56:13-56:24; 115:6-115:11; 115:19-115:24 | 12:23-12:25, 13:2-13:4, 13:17-13:23 (R, 403, ICD)  26:10-14 (602, ICD, IE)  55:22-56:6, 56:13-56:24 (H, ICD, 602, R, 403)  115:6-115:11, 115:19-115:24 (H, R, 403, ICD) | 13:24-14:7; 29:24-30:3; 45:21-46:3; 46:17-46:18; 56:10-56:12; 115:25-116:2 | |
| 8:10-8:20 | | | | | |
| 9:24-10:10 | | | | | |
| 15:25-16:12 | | | | | |
| 19:18-19:25 | | | | | |
| 21:21-21:23 | | | | | |
| 26:3-26:6 | | | | | |
| 26:8-26:8 | | | | | |
| 29:8-29:15 | | | | | |
| 44:22-45:16 | | | | | |
| 46:19-46:22 | | | | | |
| 53:23-53:25 | | | | | |
| 54:7-54:10 | | | | | |
| 54:13-55:11 | | | | | |
| 56:25-57:13 | | | | | |
| 60:19-60:21 | | | | | |
| 64:19-65:4 | | | | | |
| 69:24-70:2 | | | | | |
| 70:5-70:15 | | | | | |
| 70:20-71:2 | | | | | |
| 71:5-71:8 | | | | | |
| 72:21-72:24 | | | | | |
| 73:2-73:14 | | | | | |
| 73:18-74:14 | | | | | |
| 74:17-74:24 | | | | | |
| 75:2-75:6 | | | | | |
| 75:8-75:8 | | | | | |
| 75:10-75:17 | | | | | |
| 75:21-75:22 | | | | | |
| 79:18-79:19 | | | | | |
| 79:22-80:9 | | | | | |
| 80:11-80:13 | | | | | |
| 82:18-82:20 | | | | | |
| 82:23-83:3 | | | | | |
| 86:15-86:16 | | | | | |
| 86:18-86:18 | | | | | |

23

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 88:23-89:1 | | | | | |
| 89:3-89:3 | | | | | |
| 89:5-89:7 | | | | | |
| 89:10-89:12 | | | | | |
| 90:11-90:13 | | | | | |
| 90:16-90:18 | | | | | |
| 90:20-90:22 | 602; IH; LC | | | | |
| 90:25-91:1 | IH; LC | | | | |
| 93:9-93:10 | | | | | |
| 93:13-93:14 | | | | | |
| 108:4-108:8 | | | | | |
| 115:12-115:18 | | | | | |
| 116:6-116:11 | | | | | |
| 116:13-116:15 | | | | | |
| 119:14-119:17 | | | | | |

24

X.    John Galanis (July 25, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 141:2-141:4 | | 157:1-157:18; 163:1-163:14; 165:21-166:8; 167:13-168:16; 169:3-169:10; 183:19-183:20; 184:2-184:12; 185:15-185:19; 186:16-186:17; 186:23-187:17; 192:6-192:13; 193:12-193:15; 194:8-194:11 | 163:1-163:14 (H) | 157:19-157:21; 166:9-166:17; 167:8-167:12; 184:13-184:18; 185:20-186:15 | |
| 141:14-141:24 | | | | | |
| 151:23-151:24 | | | 165:21-166:8 (ICD, H) | | |
| 152:1-152:14 | | | | | |
| 152:17-153:4 | | | | | |
| 153:7-153:24 | | | 167:13-168:16, 169:3-169:10 (H, ICD) | | |
| 154:9-154:22 | | | | | |
| 155:15-156:25 | | | | | |
| 157:22-159:4 | 602 | | 183:19-183:20, 184:2-184:12 (ICD, H, R, 403) | | |
| 159:9-159:17 | 602 | | | | |
| 160:2-160:4 | | | | | |
| 160:6-160:22 | | | 185:15-185:19, 186:16-186:17, 186:23-187:17 (ICD, H, 602) | | |
| 160:25-161:9 | | | | | |
| 162:10-162:11 | | | | | |
| 162:15-162:25 | | | 192:6-192:13 (H, ICD, 602) | | |
| 169:11-169:13 | | | | | |
| 171:10-171:11 | | | | | |
| 171:13-172:3 | | | 193:12-15 (H, ICD, 602) | | |
| 172:8-172:12 | | | | | |
| 172:14-172:18 | | | | | |
| 172:20-172:24 | | | 194:8-11 (H, ICD, 602) | | |
| 176:4-176:7 | | | | | |
| 181:19-183:14 | | | | | |
| 187:21-188:8 | | | | | |
| 188:9-188:25 | | | | | |

## XI.    Mika Mayer (May 18, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:4-8:5 | | 19:18-19:22 | 19:18-19:22 (602, H) | | |
| 14:24-15:12 | | | | | |
| 17:16-19:17 | | | | | |
| 19:23-21:14 | | | | | |
| 22:16-24:5 | | | | | |
| 24:11-24:16 | | | | | |
| 25:2-26:5 | | | | | |
| 30:9-30:18 | | | | | |
| 32:2-32:12 | | | | | |
| 33:18-35:3 | | | | | |
| 36:7-36:18 | | | | | |
| 37:7-37:8 | | | | | |
| 37:12-37:13 | | | | | |
| 37:15-37:19 | | | | | |
| 37:22-38:15 | | | | | |
| 53:3-53:6 | | | | | |
| 53:7-53:14 | | | | | |
| 55:8-56:3 | | | | | |

## XII.   Steven McAuley (July 12, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:8-7:9 | | | | | |
| 10:18-10:21 | | | | | |
| 13:11-14:5 | | | | | |
| 14:14-14:19 | | | | | |
| 14:20-15:10 | | | | | |
| 17:16-17:18 | | | | | |
| 27:5-27:7 | | | | | |
| 27:21-28:7 | | | | | |
| 28:11-28:23 | | | | | |
| 31:2-31:3 | | | | | |
| 32:4-32:7 | | | | | |
| 32:19-32:24 | | | | | |
| 33:6-33:9 | | | | | |
| 42:23-42:24 | | | | | |
| 43:1-43:4 | | | | | |
| 43:6-43:8 | | | | | |
| 43:10-43:13 | | | | | |
| 45:19-46:2 | | | | | |
| 46:12-46:17 | | | | | |
| 47:19-48:1 | | | | | |
| 54:1-54:4 | | | | | |
| 54:8-54:8 | | | | | |
| 56:21-56:25 | | | | | |
| 58:21-58:25 | | | | | |
| 67:13-67:19 | | | | | |
| 67:25-68:3 | | | | | |
| 81:9-81:23 | | | | | |
| 82:7-82:9 | | | | | |
| 82:20-82:21 | | | | | |
| 83:3-83:14 | | | | | |
| 83:21-84:7 | | | | | |
| 84:11-84:12 | | | | | |
| 84:17-84:19 | | | | | |
| 84:21-84:22 | | | | | |
| 84:25-84:25 | | | | | |
| 85:3-85:17 | | | | | |
| 97:8-97:14 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 98:16-98:25 | | | | | |
| 99:9-99:15 | | | | | |
| 104:13-104:16 | | | | | |
| 107:8-107:11 | | | | | |
| 108:25-109:2 | | | | | |
| 109:23-110:1 | | | | | |
| 113:7-113:9 | | | | | |
| 116:5-116:8 | | | | | |
| 117:13-117:15 | | | | | |
| 118:15-118:17 | | | | | |
| 120:6-120:11 | | | | | |
| 121:22-121:24 | | | | | |
| 124:9-124:11 | | | | | |
| 135:11-135:13 | | | | | |

### XIII.     Daniel O'Keeffe (June 8, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 9:12-9:14 | | 40:12-40:19; | 40:12-40:19 | | |
| 38:2-39:2 | | 63:22-64:14; | (R, 403) | | |
| 39:4-39:14 | | 64:21-65:1; | | | |
| 41:4-41:11 | | 65:4-65:6; | 64:21-65:1; | | |
| 44:24-45:14 | | 65:9-65:11; | 65:4-65:6; | | |
| 46:11-47:5 | | 84:3; | 65:9-65:11 | | |
| 54:6-54:15 | | 84:6-84:11; | (R, 403, H) | | |
| 56:13-56:21 | | 86:10-86:11; | | | |
| 60:7-60:14 | | 86:14-86:15; | 84:3; | | |
| 61:21-62:16 | | 91:2-91:4; | 84:6-84:11 | | |
| 62:17-62:19 | | 91:7-91:10; | (R, 602, IH) | | |
| 62:24-63:7 | | 91:20-91:23; | | | |
| 64:15-64:23 | | 105:7-105:14; | 86:10-86:11; | | |
| 65:12-65:18 | | 146:22-146:24; | 86:14-86:15 | | |
| 67:6-68:5 | | 161:5-161:9; | (R, NR) | | |
| 68:7-68:16 | | 161:11-161:18; | | | |
| 69:9-69:14 | | 200:2-200:4 | 146:22- | | |
| 70:8-70:10 | 602 | | 146:24 (R, | | |
| 70:13-70:14 | 602 | | 403, 602, IE, | | |
| 72:2-72:5 | 602 | | IH, LA, V) | | |
| 72:9-73:1 | 602 | | | | |
| 74:10-74:23 | | | 200:2-200:4 | | |
| 75:15-75:18 | | | (R, 403, NR) | | |
| 75:24-76:17 | I; IE | | | | |
| 77:7-77:15 | | | | | |
| 77:24-78:16 | | | | | |
| 78:18-78:22 | IE; 602 | | | | |
| 79:1-79:4 | IE; 602 | | | | |
| 79:6-79:8 | IE; 602 | | | | |
| 79:10-79:21 | | | | | |
| 81:11-81:14 | IE; 602 | | | | |
| 81:17-81:18 | IE; 602 | | | | |
| 83:14-83:19 | IE; 602; IH | | | | |
| 83:22-84:1 | IE; 602; IH | | | | |
| 84:16-84:20 | 602; IE; IH; V | | | | |
| 84:24-85:9 | 602; IE; IH; V | | | | |
| 85:12-85:16 | 602; IE | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 85:18-85:18 | 602; IE | | | | |
| 85:21-86:4 | 602; IE; IH | | | | |
| 86:6-86:6 | | | | | |
| 86:8-86:9 | | | | | |
| 88:3-88:5 | 602; IE | | | | |
| 88:8-88:14 | 602; IE; IH | | | | |
| 88:17-88:21 | 602; IE; IH | | | | |
| 90:9-90:12 | 602; IE; IH | | | | |
| 90:15-90:16 | 602; IE; IH | | | | |
| 91:12-91:14 | 602; IE | | | | |
| 91:17-91:19 | 602; IE; I | | | | |
| 91:20-91:23 | | | | | |
| 94:24-95:23 | | | | | |
| 100:7-100:10 | | | | | |
| 100:14-101:1 | | | | | |
| 101:4-102:5 | | | | | |
| 103:22-104:2 | | | | | |
| 104:8-104:16 | | | | | |
| 104:24-105:6 | | | | | |
| 105:15-105:21 | | | | | |
| 110:1-110:4 | | | | | |
| 117:17-117:18 | 602; IE; V | | | | |
| 117:20-117:20 | 602; IE; V | | | | |
| 117:22-117:23 | | | | | |
| 117:24-118:13 | 602; IE | | | | |
| 118:16-119:7 | 602; IE | | | | |
| 119:8-119:10 | | | | | |
| 121:8-121:11 | | | | | |
| 145:4-145:17 | | | | | |
| 145:19-146:21 | | | | | |
| 160:2-160:8 | | | | | |
| 160:10-160:11 | | | | | |
| 160:13-160:22 | | | | | |
| 160:25-161:3 | | | | | |
| 161:20-161:24 | | | | | |
| 162:8-162:12 | | | | | |
| 162:23-163:11 | | | | | |
| 166:7-166:18 | | | | | |
| 166:25-167:6 | | | | | |

30

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 167:7-167:10 | 602; V | | | | |
| 167:12-167:17 | 602; V | | | | |
| 171:7-172:6 | 602; IE | | | | |
| 172:10-172:13 | 602; IE | | | | |
| 185:21-186:4 | | | | | |
| 197:16-197:21 | | | | | |
| 199:18-199:21 | H | | | | |
| 199:23-200:1 | H; I | | | | |
| 200:10-200:13 | H; IC | | | | |
| 200:25-201:2 | H; IC | | | | |
| 201:10-201:12 | | | | | |
| 201:14-201:15 | 602 | | | | |
| 201:17-201:21 | | | | | |
| 201:23-202:5 | H; 602 | | | | |
| 202:8-202:14 | 602 | | | | |
| 202:24-203:1 | | | | | |
| 203:4-203:7 | | | | | |
| 209:24-210:1 | 602; IE; IH | | | | |
| 210:4-210:9 | 602; IE; IH | | | | |
| 210:11-210:13 | 602; IE; IH | | | | |
| 210:16-210:18 | 602; IE; IH | | | | |

31

XIV.    **Mark Papini (August 2, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 27:12-27:14 | | 132:9-135:17; 251:15-252:12; 255:17-255:20 | 132:9-135:17 (602, H, IE, R, 403) | 252:13-252:23; 255:21-256:2 | |
| 58:21-58:24 | | | | | |
| 59:23-60:7 | | | | | |
| 60:8-60:10 | | | | | |
| 61:12-61:20 | | | 251:15-252:12 (602, DAU) | | |
| 70:23-71:19 | | | | | |
| 71:20-72:16 | | | | | |
| 74:19-75:5 | | | 255:17-255:20 (DAU) | | |
| 79:10-81:15 | | | | | |
| 82:13-82:19 | | | | | |
| 83:21-84:5 | | | | | |
| 84:6-84:22 | | | | | |
| 85:12-86:6 | | | | | |
| 86:16-87:20 | | | | | |
| 89:3-89:6 | | | | | |
| 91:12-91:19 | | | | | |
| 92:20-93:2 | | | | | |
| 94:9-94:16 | | | | | |
| 95:5-95:10 | | | | | |
| 95:19-96:14 | | | | | |
| 96:15-96:17 | | | | | |
| 102:20-103:1 | | | | | |
| 103:2-103:5 | | | | | |
| 106:18-107:2 | | | | | |
| 109:7-109:11 | IH | | | | |
| 109:14-109:25 | IH | | | | |
| 113:15-114:8 | | | | | |
| 115:5-115:22 | | | | | |
| 115:24-116:8 | MIL | | | | |
| 116:9-116:16 | MIL | | | | |
| 117:7-118:22 | | | | | |
| 119:17-120:7 | | | | | |
| 121:10-122:6 | | | | | |
| 127:5-127:10 | | | | | |
| 131:22-132:4 | | | | | |
| 139:5-139:17 | | | | | |
| 140:2-140:15 | | | | | |

32

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 140:16-141:15 | | | | | |
| 141:24-143:2 | | | | | |
| 143:8-143:23 | | | | | |
| 144:10-144:23 | | | | | |
| 144:24-145:10 | | | | | |
| 145:11-145:15 | | | | | |
| 146:2-146:5 | | | | | |
| 146:8-146:24 | | | | | |
| 146:25-148:18 | | | | | |
| 148:19-149:16 | | | | | |
| 149:25-150:2 | | | | | |
| 150:8-150:15 | | | | | |
| 150:24-151:17 | | | | | |
| 151:18-151:22 | | | | | |
| 152:2-152:7 | | | | | |
| 154:7-154:23 | | | | | |
| 155:18-155:20 | | | | | |
| 156:4-156:10 | | | | | |
| 156:14-156:21 | | | | | |
| 160:13-161:13 | | | | | |
| 161:14-161:17 | | | | | |
| 165:9-165:11 | | | | | |
| 165:17-166:10 | | | | | |
| 167:23-167:25 | | | | | |
| 169:12-169:22 | | | | | |
| 177:1-177:15 | | | | | |
| 178:17-178:22 | | | | | |
| 180:7-180:13 | | | | | |
| 180:14-181:8 | | | | | |
| 184:10-184:14 | | | | | |
| 189:6-190:10 | | | | | |
| 191:14-191:23 | | | | | |
| 195:9-195:14 | | | | | |
| 196:12-196:21 | | | | | |
| 200:13-201:18 | | | | | |
| 223:7-223:12 | | | | | |
| 226:15-227:2 | | | | | |
| 227:9-227:17 | | | | | |
| 238:3-238:12 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 238:13-238:15 | | | | | |
| 241:3-241:21 | | | | | |
| 245:16-246:1 | | | | | |
| 246:24-247:23 | | | | | |
| 252:24-254:8 | | | | | |
| 254:9-254:12 | | | | | |
| 254:13-254:17 | | | | | |
| 255:4-255:16 | | | | | |
| 256:23-257:11 | | | | | |
| 257:12-257:17 | | | | | |
| 263:3-264:9 | | | | | |
| 264:10-264:17 | | | | | |
| 265:21-266:5 | | | | | |
| 266:13-266:20 | | | | | |
| 267:4-267:6 | Scope | | | | |
| 267:9-267:18 | Scope | | | | |
| 276:2-276:5 | Scope | | | | |
| 276:11-276:12 | Scope | | | | |
| 291:3-291:7 | | | | | |
| 293:2-293:4 | | | | | |
| 294:23-295:12 | | | | | |
| 295:13-295:15 | | | | | |
| 305:18-305:19 | | | | | |
| 305:21-307:10 | | | | | |
| 307:11-307:19 | | | | | |
| 308:2-308:4 | | | | | |

34

XV.   **Mark Papini (August 3, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 327:3-327:4 | | | | | |
| 327:9-327:19 | | | | | |
| 330:9-331:9 | H | | | | |
| 331:10-332:13 | H | | | | |
| 333:13-333:24 | | | | | |
| 334:13-335:1 | | | | | |
| 335:2-335:6 | | | | | |
| 339:11-342:16 | | | | | |
| 348:24-349:15 | | | | | |
| 361:3-362:6 | | | | | |
| 364:8-364:17 | | | | | |
| 364:24-366:2 | | | | | |
| 366:13-367:18 | H | | | | |
| 368:11-368:14 | | | | | |
| 369:3-369:11 | | | | | |
| 369:12-370:2 | H | | | | |
| 370:18-371:23 | | | | | |
| 371:24-372:10 | | | | | |
| 372:11-374:15 | | | | | |
| 375:2-375:11 | | | | | |
| 376:13-377:12 | | | | | |
| 378:24-380:25 | | | | | |
| 388:15-388:25 | | | | | |
| 389:5-389:18 | | | | | |
| 393:22-394:13 | | | | | |
| 398:18-398:22 | | | | | |
| 398:23-399:1 | | | | | |
| 403:7-403:16 | | | | | |
| 403:18-404:12 | | | | | |
| 405:14-405:17 | | | | | |
| 406:12-408:4 | | | | | |
| 408:5-409:21 | | | | | |
| 410:2-410:6 | Scope; H | | | | |
| 410:9-411:8 | Scope | | | | |
| 425:4-425:10 | | | | | |
| 429:5-429:19 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 440:10-440:25 | | | | | |
| 441:1-441:9 | | | | | |
| 442:19-442:25 | | | | | |
| 448:8-448:24 | | | | | |
| 449:1-449:13 | | | | | |
| 450:12-450:15 | | | | | |
| 450:17-450:17 | | | | | |
| 450:22-451:7 | | | | | |
| 451:9-451:9 | | | | | |
| 461:10-461:16 | MIL | | | | |
| 464:15-465:12 | | | | | |

36

XVI.    Chris Phelps (June 15, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:7-6:10 | | 90:24-91:24; 152:5-154:25 | 152:5-154:25 (602, H) | 91:25-92:8; 92:24-93:6; 93:16-94:5 | |
| 13:7-13:15 | | | | | |
| 16:16-16:21 | | | | | |
| 22:3-22:5 | | | | | |
| 24:14-25:18 | | | | | |
| 41:7-41:24 | | | | | |
| 50:10-51:3 | | | | | |
| 54:8-55:8 | | | | | |
| 59:19-60:17 | | | | | |
| 74:3-74:18 | | | | | |
| 80:16-81:6 | | | | | |
| 81:25-82:6 | | | | | |
| 82:25-83:11 | | | | | |
| 90:10-90:23 | | | | | |
| 97:15-99:14 | | | | | |
| 104:17-105:5 | | | | | |
| 114:18-114:22 | | | | | |
| 118:24-119:12 | MIL | | | | |
| 122:23-123:13 | | | | | |
| 129:2-129:16 | | | | | |
| 130:21-131:9 | | | | | |
| 133:16-133:19 | | | | | |
| 136:21-138:9 | | | | | |
| 142:24-143:4 | | | | | |
| 144:3-144:25 | | | | | |
| 146:21-149:7 | | | | | |
| 151:12-152:4 | | | | | |
| 155:2-156:4 | | | | | |
| 158:9-158:21 | | | | | |
| 163:10-164:10 | | | | | |
| 170:4-170:15 | | | | | |
| 173:7-173:23 | | | | | |

## XVII.    Richard Plank (May 23, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:7-7:13 | | 77:16-78:11; 113:13-114:19; 201:17-202:6; 211:21-213:14 | 113:13-114:19 (H)  201:17-202:6 (602, H)  211:21-213:14 (602, IE, H) | 78:12-78:14; 113:7-113:12; 202:16-203:3; 214:2-214:6; 215:2-215:15 | |
| 10:11-11:14 | | | | | |
| 13:16-14:1 | | | | | |
| 14:4-14:10 | | | | | |
| 21:17-21:20 | | | | | |
| 23:18-23:20 | | | | | |
| 27:4-29:14 | | | | | |
| 32:13-32:19 | | | | | |
| 35:20-37:20 | | | | | |
| 38:17-38:21 | | | | | |
| 41:9-41:21 | | | | | |
| 43:17-43:22 | | | | | |
| 55:15-57:25 | | | | | |
| 58:15-59:15 | | | | | |
| 63:18-64:6 | | | | | |
| 69:25-73:7 | | | | | |
| 77:10-77:14 | | | | | |
| 79:9-79:20 | | | | | |
| 94:2-94:8 | | | | | |
| 96:3-98:15 | | | | | |
| 105:21-107:25 | | | | | |
| 110:23-112:6 | | | | | |
| 112:19-113:6 | | | | | |
| 122:7-122:11 | | | | | |
| 132:21-133:23 | | | | | |
| 134:14-135:16 | | | | | |
| 139:23-140:17 | | | | | |
| 145:20-147:8 | | | | | |
| 147:19-148:3 | | | | | |
| 159:10-159:19 | | | | | |
| 162:11-162:19 | | | | | |
| 163:1-163:25 | | | | | |
| 166:22-167:24 | | | | | |
| 168:21-169:5 | | | | | |
| 174:19-176:17 | | | | | |
| 177:13-178:6 | | | | | |
| 178:8-178:12 | | | | | |

299002223 v3

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 179:24-180:19 | | | | | |
| 181:3-181:23 | | | | | |
| 183:5-183:9 | | | | | |
| 192:3-192:21 | | | | | |
| 200:10-201:15 | | | | | |
| 207:9-207:20 | | | | | |
| 210:14-211:19 | | | | | |
| 213:15-214:1 | | | | | |
| 215:16-217:4 | | | | | |

39

**XVIII.  Andres Rivero (June 30, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 5:10-5:17 | | 13:19-14:1; 24:22-25:3; 68:16-68:25; 70:23-71:8; 71:12-71:14 | 13:19-14:1 (R, 602) | | |
| 6:10-6:16 | | | | | |
| 6:25-7:1 | | | | | |
| 7:3-7:18 | | | 68:16-68:25 (R, 403) | | |
| 8:7-8:20 | | | | | |
| 9:23-12:2 | | | | | |
| 12:3-12:11 | | | 70:23-71:8, 71:12-71:14 (R, 403, 602, IE) | | |
| 13:9-13:18 | | | | | |
| 15:25-16:4 | | | | | |
| 16:7-16:9 | | | | | |
| 16:11-16:21 | | | | | |
| 19:7-19:23 | | | | | |
| 20:3-22:1 | | | | | |
| 22:13-22:16 | | | | | |
| 22:18-22:20 | | | | | |
| 22:22-23:2 | | | | | |
| 24:18-24:21 | | | | | |
| 25:10-26:14 | | | | | |
| 26:18-26:20 | | | | | |
| 29:9-29:11 | | | | | |
| 29:18-29:19 | | | | | |
| 33:24-34:1 | | | | | |
| 34:3-34:4 | | | | | |
| 50:6-50:23 | | | | | |
| 50:24-51:17 | | | | | |
| 51:19-52:6 | | | | | |
| 52:7-52:12 | | | | | |
| 52:21-52:21 | | | | | |
| 52:23-52:24 | | | | | |
| 54:7-54:11 | | | | | |
| 54:14-54:15 | | | | | |
| 55:1-55:5 | | | | | |
| 55:8-55:10 | | | | | |
| 58:2-58:24 | | | | | |
| 58:25-59:6 | | | | | |
| 59:7-59:14 | | | | | |
| 60:20-61:2 | 602 | | | | |

40

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 61:5-61:6 | | | | | |
| 61:8-61:13 | 602; V | | | | |
| 66:23-67:22 | | | | | |
| 68:1-68:7 | | | | | |
| 68:11-68:13 | | | | | |
| 80:14-80:18 | | | | | |
| 82:1-82:7 | | | | | |
| 83:9-83:15 | | | | | |
| 83:17-84:16 | | | | | |
| 84:25-85:7 | | | | | |
| 88:1-88:7 | | | | | |
| 89:12-89:17 | | | | | |
| 90:19-90:21 | | | | | |
| 91:2-91:6 | | | | | |
| 92:4-92:17 | | | | | |
| 92:24-93:7 | | | | | |
| 93:8-93:17 | | | | | |
| 94:1-94:21 | | | | | |
| 95:9-95:11 | | | | | |
| 95:13-95:20 | | | | | |
| 95:22-96:10 | | | | | |
| 96:12-96:13 | | | | | |
| 96:15-97:1 | | | | | |
| 99:10-99:13 | | | | | |
| 99:16-99:19 | | | | | |
| 102:3-102:11 | | | | | |
| 112:2-112:13 | | | | | |
| 140:3-140:5 | | | | | |
| 140:8-140:12 | | | | | |
| 140:16-140:21 | | | | | |
| 140:22-141:4 | | | | | |
| 141:6-141:14 | | | | | |
| 141:16-142:3 | | | | | |
| 185:6-185:12 | | | | | |
| 185:14-186:1 | | | | | |
| 194:19-194:25 | | | | | |
| 195:6-195:18 | | | | | |

41

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 204:23-205:2 | | | | | |
| 205:4-205:4 | | | | | |
| 205:16-205:20 | | | | | |
| 207:2-207:6 | | | | | |
| 207:8-207:17 | | | | | |
| 207:23-208:10 | | | | | |
| 208:15-208:17 | | | | | |
| 209:10-209:11 | | | | | |
| 209:15-210:5 | | | | | |
| 210:8-211:19 | | | | | |
| 211:21-212:1 | | | | | |
| 212:3-212:3 | | | | | |
| 212:19-212:24 | | | | | |
| 213:1-213:10 | | | | | |
| 213:12-213:15 | | | | | |
| 213:17-213:17 | | | | | |
| 213:19-214:1 | | | | | |
| 214:3-214:3 | | | | | |
| 214:17-214:19 | | | | | |
| 214:21-215:7 | | | | | |
| 215:9-215:14 | | | | | |
| 215:16-215:16 | | | | | |
| 216:12-216:21 | | | | | |
| 216:24-217:3 | | | | | |
| 217:7-217:13 | 602; V | | | | |
| 217:15-218:7 | 602; V | | | | |
| 218:9-219:2 | 403; 602; R | | | | |
| 219:4-219:8 | 602; R; 403 | | | | |

42

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 219:10-219:12 | 602; R; 403 | | | | |
| 219:14-220:3 | 602; R; 403; C | | | | |
| 220:5-220:11 | 403; C; L | | | | |
| 220:13-220:23 | 403; L; 602; C | | | | |
| 221:1-221:3 | 403; C; 602 | | | | |
| 221:7-221:13 | | | | | |
| 221:18-222:6 | | | | | |
| 222:10-222:16 | 403; 602; R; V | | | | |
| 222:18-223:6 | 403; 602; R; V | | | | |
| 223:9-223:11 | | | | | |
| 223:14-223:14 | | | | | |
| 224:1-224:1 | A | | | | |
| 224:3-224:10 | A | | | | |
| 224:14-224:20 | A | | | | |
| 225:4-225:4 | | | | | |
| 225:7-225:12 | 403; 602; R | | | | |
| 225:14-226:13 | 403; 602; R | | | | |
| 226:16-226:18 | 403; 602; A; AF; R | | | | |
| 226:21-227:3 | 403; 602; A; AF; R | | | | |
| 227:9-227:19 | 403; A; 602 | | | | |
| 227:25-228:7 | 403; A; 602; R | | | | |
| 228:9-229:6 | 403; A; 602; R | | | | |
| 229:9-229:21 | 403; A; 602; R | | | | |
| 230:3-230:8 | A; 602; 403 | | | | |

XIX.   Jim Rodberg (June 13, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 20:8-20:10 | | | | | |
| 20:11-20:19 | | | | | |
| 30:3-30:9 | | | | | |
| 42:23-44:23 | | | | | |

## XX.   Doug Roeder (June 21, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:15-8:17 | | | | | |
| 24:22-24:24 | | | | | |
| 25:2-25:10 | | | | | |
| 27:5-28:7 | | | | | |
| 28:17-28:23 | | | | | |
| 29:11-30:2 | | | | | |
| 30:22-31:2 | | | | | |
| 79:1-79:25 | | | | | |
| 81:25-82:24 | | | | | |
| 84:12-84:19 | | | | | |
| 88:4-88:20 | | | | | |
| 89:17-89:23 | | | | | |
| 91:23-92:16 | | | | | |
| 92:21-93:4 | | | | | |
| 93:16-93:23 | | | | | |
| 105:1-108:21 | L | | | | |
| 108:23-109:3 | L | | | | |

**XXI.    Andy Schieber (June 22, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 10:12-10:16 | | 51:13-51:18; | 52:14-52:22 (ICD) | 62:14-62:18 | 173:8-173:10 (602; R; NR; 403; V) |
| 19:1-20:6 | | 52:14-52:22; | | 62:24-63:3 | |
| 20:11-20:15 | | 53:1-53:4; | | 63:8-63:16 | |
| 21:11-21:15 | | 58:3-58:9; | 58:3-58:9 (ICD, V) | 156:20-156:24 | 173:13-174:9 (602; R; NR; 403; V) |
| 21:20-23:24 | | 62:3-62:5; | | 165:4-165:14 | |
| 25:1-26:3 | I | 85:2-85:14; | 62:3-62:5 (ICD, NT, NQ) | 173:8-173:10 | |
| 27:2-27:4 | | 150:2-150:18; | | 173:13-174:9 | 174:11-174:13 (403; NR; R) |
| 27:10-29:8 | | 150:20-150:23; | | 174:11-174:13 | |
| 29:11-29:13 | | 156:14-156:16; | 85:2-85:14 (H, ICD) | 174:16-174:19 | |
| 29:15-30:3 | | 158:20-159:8; | | 199:18-199:20 | 174:16-174:19 (403; NR; R) |
| 30:4-31:6 | | 164:18-164:20; | | 199:22-200:8 | |
| 41:23-42:8 | 403; MIL; R | 164:22; | 150:2-150:18 (V, ICD) | 202:14-202:16 | |
| 45:18-45:24 | | 164:24-165:2; | | 202:18-202:24 | 199:18-199:20 (602; 403; R) |
| 47:2-47:14 | | 165:15-165:18; | | | |
| 47:15-48:1 | | 166:15-167:11; | 150:20-150:23 (ICD) | | 199:22-200:8 (602; 403; R) |
| 50:20-51:1 | | 167:15-167:25; | | | |
| 51:2-51:12 | | 175:2-175:3; | | | |
| 57:9-57:20 | | 175:5-175:7; | 156:14-156:16 (ICD, NQ, NT) | | 202:14-202:16 (602; R; 403; NR) |
| 60:5-60:7 | | 199:2-199:5; | | | |
| 60:9-60:19 | | 199:6-199:12; | | | |
| 60:21-60:23 | | 199:14-199:16; | 158:20-159:8 (ICD, V) | | 202:18-202:24 (602; R; 403; NR) |
| 60:25-61:7 | | 200:10; | | | |
| 76:7-77:2 | | 200:12; | | | |
| 77:5-78:2 | I | 201:25-202:1; | 164:18-164:20 (ICD, Scope, V) | | |
| 79:8-79:10 | | 202:3; | | | |
| 79:12-79:14 | | 202:12; | | | |
| 79:16-79:19 | | 202:9-202:10; | 164:22 (ICD, Scope) | | |
| 79:21-79:22 | | 206:18-206:20; | | | |
| 80:7-80:9 | | 206:22; | | | |
| 80:11-81:1 | | 218:16-218:17; | 164:24-165:2 (ICD, Scope) | | |
| 84:4-84:8 | | 218:19; | | | |
| 84:10-84:14 | | 218:21-218:22; | | | |
| 85:15-85:18 | | 218:24; | 165:15-165:18 (I, ICD, Scope) | | |
| 86:3-87:2 | | 219:2-219:4; | | | |
| 87:19-89:25 | | 219:6; | | | |
| 90:5-91:3 | | 219:8; | | | |
| 102:20-103:17 | | 219:10; | | | |
| 103:18-104:4 | | 221:3-221:4 | | | |

46

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 104:5-104:7 | | | 166:15-167:11 (H) | | |
| 108:12-108:15 | | | | | |
| 108:18-108:22 | | | 167:15-167:25 (H) | | |
| 126:3-126:5 | | | | | |
| 126:7-126:13 | | | | | |
| 127:13-128:8 | | | 199:2-199:5 (LC, V) | | |
| 128:10-128:11 | | | | | |
| 128:13-128:17 | | | 199:6-199:12 (V, C, Scope, 602) | | |
| 128:20-129:4 | | | | | |
| 130:24-131:2 | | | | | |
| 131:5-131:9 | | | | | |
| 133:13-133:16 | | | 199:14-199:16 (Scope, 602) | | |
| 133:18-135:12 | | | | | |
| 135:14-135:16 | | | | | |
| 135:19-136:6 | | | | | |
| 145:7-145:24 | | | 200:10 (Scope, 602) | | |
| 147:4-147:5 | | | | | |
| 147:8-147:11 | | | | | |
| 147:16-147:18 | | | 200:12 (Scope, 602) | | |
| 147:21-149:2 | | | | | |
| 149:3-149:4 | | | | | |
| 149:6-149:25 | | | 201:25-202:1 (Scope, 602) | | |
| 159:9-159:19 | | | | | |
| 159:22-160:11 | | | | | |
| 160:13-161:24 | | | 202:3 (Scope, 602) | | |
| 161:25-162:9 | | | | | |
| 162:11-162:13 | | | | | |
| 162:17-162:18 | | | 202:9-202:10 (Scope, 602) | | |
| 162:20-164:17 | | | | | |
| 165:20-166:11 | | | | | |
| 168:21-168:23 | | | 202:12 (Scope, 602) | | |
| 168:25-170:3 | | | | | |
| 170:5-171:17 | | | | | |
| 171:19-171:20 | | | 206:18-206:20 (Scope, 602) | | |
| 171:22-173:4 | | | | | |
| 183:13-183:15 | | | | | |
| 183:18-184:5 | | | 206:22 (Scope, 602) | | |
| 192:10-192:22 | | | | | |
| 196:10-196:13 | | | | | |
| 196:23-197:16 | | | | | |

47

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 197:19-198:2 | | | | | |
| 198:5-198:18 | | | 218:16-218:17 (Scope, 602) | | |
| 198:21-198:24 | | | | | |
| 201:3-201:6 | | | | | |
| 201:9-201:9 | | | 218:19 (Scope, 602) | | |
| 201:10-201:24 | | | | | |
| 202:5-202:8 | | | | | |
| 203:2-203:6 | | | 218:21-218:22 (Scope, 602) | | |
| 203:9-203:9 | | | | | |
| 205:22-206:17 | | | | | |
| 206:24-207:12 | | | 218:24 (Scope, 602) | | |
| 207:15-207:17 | | | | | |
| 208:8-209:3 | | | | | |
| 209:19-209:23 | | | 219:2-219:4 (Scope, 602) | | |
| 209:25-211:9 | | | | | |
| 211:11-211:23 | | | 219:6 (Scope, 602) | | |
| 212:25-213:4 | | | | | |
| 213:6-213:10 | | | | | |
| 214:19-216:9 | | | 219:8 (Scope, 602) | | |
| 216:11-216:15 | | | | | |
| 218:12-218:15 | | | 219:10 (Scope, 602) | | |
| 219:19-219:21 | | | | | |
| 219:25-220:14 | | | | | |
| 220:17-220:17 | | | 221:3-221:4 (Scope, 602) | | |
| 222:2-223:10 | | | | | |
| 223:11-223:24 | | | | | |

48

## XXII.    Jesse Selnick (June 25, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 9:7-9:13 | | 11:8-11:20; 58:17-59:14; 62:23-63:23; 217:8-217:23; 280:20-281:14 | 58:17-59:14 (602, H) | 11:21-12:7; 59:15-59:18; 59:21-60:5; 60:7-60:18; 64:13-64:21 | 59:15-59:18 (602) |
| 9:14-9:23 | | | | | |
| 10:22-11:7 | | | 62:23-63:23 (602, H, 403) | | 59:21-60:5 (602; H) |
| 12:8-12:15 | | | | | |
| 12:16-13:1 | | | | | 60:7-60:18 (H) |
| 13:19-14:5 | | | | | |
| 24:23-24:25 | | | | | |
| 25:1-25:12 | | | | | |
| 25:13-26:2 | | | | | |
| 26:3-26:8 | | | | | |
| 27:17-28:6 | | | | | |
| 28:7-28:21 | | | | | |
| 29:11-30:4 | | | | | |
| 30:5-30:13 | | | | | |
| 30:22-31:5 | | | | | |
| 41:17-41:22 | | | | | |
| 46:19-47:22 | | | | | |
| 58:3-58:16 | | | | | |
| 61:15-61:20 | | | | | |
| 61:25-62:4 | | | | | |
| 62:14-62:22 | | | | | |
| 64:22-65:3 | | | | | |
| 71:19-73:4 | | | | | |
| 74:23-75:18 | | | | | |
| 75:19-76:3 | | | | | |
| 87:18-88:11 | | | | | |
| 106:9-107:5 | | | | | |
| 118:20-118:24 | | | | | |
| 123:10-123:20 | | | | | |
| 126:9-126:16 | | | | | |
| 128:14-128:24 | | | | | |
| 146:17-147:1 | | | | | |
| 202:5-202:14 | | | | | |
| 202:15-202:23 | | | | | |

49

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 203:3-203:20 | | | | | |
| 216:21-217:7 | | | | | |
| 263:8-263:24 | | | | | |
| 276:23-277:4 | | | | | |
| 279:18-280:9 | | | | | |
| 280:16-280:19 | | | | | |
| 281:22-282:9 | | | | | |
| 283:4-283:25 | | | | | |
| 284:7-284:8 | | | | | |
| 284:13-284:24 | | | | | |
| 284:25-285:14 | | | | | |
| 287:24-288:9 | | | | | |

50

## XXIII.    James Shay (June 20, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 7:9-7:11 | | | | | |
| 21:12-21:15 | | | | | |
| 23:3-23:4 | | | | | |
| 23:8-23:21 | | | | | |
| 23:23-24:16 | | | | | |
| 52:23-53:11 | | | | | |
| 54:1-54:9 | | | | | |
| 54:21-55:9 | | | | | |
| 63:3-63:6 | | | | | |
| 73:2-74:3 | | | | | |
| 77:7-77:15 | | | | | |
| 80:24-81:17 | | | | | |
| 83:2-83:16 | | | | | |
| 83:17-85:2 | 403, IE, NR | | | | |
| 85:21-86:14 | | | | | |
| 87:10-88:18 | 403; IE; 602; R; H | | | | |
| 93:23-94:21 | | | | | |
| 95:3-96:7 | 403, 602, IE | | | | |
| 96:18-97:10 | 403; 602; IE | | | | |
| 97:16-98:8 | 403, 602, IE | | | | |
| 143:3-159:12 | 403, IE, R | | | | |
| 159:19-161:14 | 403; R; MIL | | | | |
| 161:22-162:12 | 403, R, MIL | | | | |

**XXIV.    Arsham Sheybani (July 10, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:14-7:5 | | 26:22-26:25; 27:2-27:9 | 26:22-26:25 (V, ICD, IE, R, 403) | 28:21-28:24; 44:23-45:15 | |
| 16:2-16:23 | | | | | |
| 17:11-17:15 | | | | | |
| 26:4-26:21 | | | 27:2-27:9 (ICD, IE, R, 403) | | |
| 27:20-27:22 | | | | | |
| 27:24-28:3 | | | | | |
| 29:7-29:8 | | | | | |
| 29:14-30:6 | | | | | |
| 30:13-32:4 | | | | | |
| 32:19-33:9 | | | | | |
| 33:11-33:13 | | | | | |
| 33:15-33:20 | | | | | |
| 34:8-34:11 | | | | | |
| 34:13-34:15 | | | | | |
| 34:21-34:23 | | | | | |
| 35:6-35:23 | | | | | |
| 51:18-52:6 | | | | | |
| 52:15-54:11 | | | | | |
| 56:1-56:20 | | | | | |
| 56:23-57:11 | | | | | |

## XXV.    Cari Stone (June 1, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:10-8:17 | | 40:3-40:5; | 40:3-40:5 | | |
| 13:6-13:9 | | 40:7-40:14; | (602, V) | | |
| 13:14-13:23 | | 80:7-80:19; | 40:7-40:14 | | |
| 13:25-14:1 | | 80:20-81:6 | (602, V) | | |
| 14:4-14:18 | | | | | |
| 15:10-15:23 | | | | | |
| 20:17-21:1 | | | | | |
| 28:4-28:9 | | | | | |
| 28:23-28:24 | | | | | |
| 29:2-29:7 | | | | | |
| 31:21-31:22 | | | | | |
| 31:24-32:6 | | | | | |
| 39:14-39:22 | | | | | |
| 39:24-40:2 | | | | | |
| 51:1-51:13 | | | | | |
| 56:1-56:21 | | | | | |
| 74:6-74:10 | | | | | |
| 74:23-75:1 | | | | | |
| 80:3-80:5 | | | | | |
| 81:7-81:9 | | | | | |
| 81:11-82:4 | | | | | |
| 84:8-84:11 | | | | | |
| 84:13-85:7 | | | | | |
| 96:5-96:7 | | | | | |
| 96:9-97:8 | | | | | |
| 104:16-104:20 | | | | | |

**XXVI.    Brett Trauthen (June 20, 2023)**

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 5:15-5:18 | | 44:14; | Scope, 602 | | |
| 12:20-13:13 | | 44:19-44:21; | Scope, 602 | | |
| 14:1-15:3 | | 44:23-45:2 | Scope, 602 | | |
| 15:21-16:5 | | | | | |
| 16:22-17:4 | | | | | |
| 17:8-17:15 | | | | | |
| 21:15-21:22 | | | | | |
| 21:23-22:1 | | | | | |
| 22:3-22:18 | | | | | |
| 23:10-23:23 | | | | | |
| 24:11-24:25 | | | | | |
| 25:1-25:15 | | | | | |
| 31:4-31:10 | | | | | |
| 31:12-31:17 | | | | | |
| 51:15-51:22 | NR | | | | |
| 53:5-53:15 | | | | | |
| 53:22-54:3 | | | | | |
| 54:22-55:6 | | | | | |
| 56:5-56:18 | | | | | |
| 56:19-58:18 | | | | | |
| 58:19-59:5 | | | | | |
| 59:20-60:4 | | | | | |
| 73:23-73:25 | | | | | |
| 74:2-75:7 | | | | | |
| 78:12-79:8 | | | | | |
| 86:22-87:13 | | | | | |
| 87:15-87:24 | | | | | |
| 94:25-96:10 | | | | | |
| 101:1-101:7 | | | | | |
| 101:9-102:5 | | | | | |
| 102:7-102:16 | | | | | |
| 103:3-103:7 | | | | | |
| 104:3-104:6 | | | | | |
| 104:8-104:9 | | | | | |
| 104:11-104:16 | | | | | |
| 104:19-104:21 | | | | | |
| 105:17-105:23 | | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 105:25-106:11 | | | | | |
| 109:18-109:20 | | | | | |
| 109:22-109:24 | | | | | |
| 121:16-121:18 | | | | | |
| 121:21-122:9 | | | | | |
| 122:12-122:17 | | | | | |
| 122:19-122:20 | | | | | |
| 122:23-122:24 | | | | | |
| 154:21-155:1 | | | | | |
| 160:24-161:8 | | | | | |
| 162:15-163:5 | 403; 602; IC; IE; R | | | | |
| 163:6-163:22 | 403; 602; IC; IE; R | | | | |
| 168:2-168:5 | | | | | |
| 168:11-168:13 | | | | | |
| 168:15-168:17 | | | | | |
| 179:6-179:9 | 602 | | | | |
| 179:11-179:17 | 602 | | | | |
| 185:3-185:5 | | | | | |
| 185:7-185:7 | | | | | |
| 185:22-186:4 | 602; R; 403 | | | | |

55

### XXVII.   Dave VanMeter (June 27, 2023)

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 11:4-11:6 | | 30:10-30:13; | 60:18-60:25 (I, 403); | 74:7-74:10; | 178:10-179:11 (602; NR; 403) |
| 11:12-11:14 | | 34:18-34:19; | 61:7-61:8 (I, 403); | 84:18-84:18; | |
| 18:2-18:11 | | 34:21-35:2; | 61:13-61:17 (I, 403); | 84:19-85:10; | |
| 19:5-19:14 | | 35:6-36:1; | 62:1-62:3 (I, 403); | 106:23-106:23; | |
| 20:7-20:9 | | 60:18-60:25; | 62:19-62:23 (I, 403); | 165:15-165:17; | |
| 20:19-21:2 | | 61:7-61:8; | 62:25-63:6 (I, 403); | 178:5-179:11 | |
| 21:17-22:1 | | 61:13-61:17; | 64:13-65:4 (I, NQ, 403); | | |
| 23:9-23:11 | | 62:1-62:3; | 67:19-68:24 (IC, 403); | | |
| 24:1-24:13 | | 62:19-62:23; | 69:4-69:12 (H, 403); | | |
| 24:16-24:24 | | 62:25-63:6; | 71:16-71:19 (I, NQ, NR, NT, 403); | | |
| 25:13-25:23 | | 64:13-65:4; | 74:2-74:6 (I, 403); | | |
| 30:14-30:15 | | 67:19-68:24; | 79:23-80:8 (H, 403); | | |
| 31:24-32:20 | | 69:4-69:12; | 84:16-84:17 (I, NQ, NR, NT, 403); | | |
| 32:21-33:14 | | 70:12-70:13; | 87:15-87:25 (H); | | |
| 36:5-37:19 | | 71:16-71:19; | 88:23-89:1 (M, 403); | | |
| 39:24-39:25 | 403; 602 | 73:9-73:23; | 90:12-90:24 (H); | | |
| 40:2-40:7 | 403; 602 | 74:2-74:6; | 104:23-106:2 (H, LC, 403); | | |
| 41:24-41:25 | | 74:25-75:1; | 106:4-106:21 (H, I, NQ, NR, NT, 403); | | |
| 42:11-43:10 | | 75:3-75:5; | 106:25-108:3 (H, 403); | | |
| 53:3-54:5 | | 75:21-76:11; | 108:5-109:4 (H, 403); | | |
| 59:11-59:21 | | 78:6-78:9; | 109:9-109:16 (H, 403); | | |
| 60:11-60:17 | | 78:11; | 109:18-110:6 (H, 403); | | |
| 61:1-61:6 | | 79:1-79:4; | | | |
| 61:18-61:23 | | 79:11-79:19; | | | |
| 61:24-61:25 | | 79:23-80:8; | | | |
| 62:11-62:18 | | 80:14-80:17; | | | |
| 63:14-63:16 | | 81:2-81:5; | | | |
| 63:18-64:4 | | 83:1-83:4; | | | |
| 64:10-64:12 | | 83:24-84:1; | | | |
| 65:5-65:11 | | 84:16-84:17; | | | |
| 66:1-66:4 | | 85:11-85:18; | | | |
| 70:8-70:11 | | 86:7-87:1; | | | |
| 72:16-72:24 | | 87:6-87:12; | | | |
| 76:20-76:23 | | 87:15-87:25; | | | |
| 77:6-77:20 | | 88:23-89:1; | | | |
| 77:22-78:5 | | 89:18-89:20; | | | |
| 78:16-78:25 | | 90:12-90:24; | | | |
| | | 91:4-91:15; | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 84:8-84:14 | | 95:12-95:18; 102:14-103:9; 104:9-104:19; 104:23-106:2; 106:4-106:21; 106:25-108:3; 108:5-109:4; 109:6-109:7; 109:9-109:16; 109:18-110:6; 110:17-111:8; 111:11-112:1; 112:3-112:15; 112:17-112:25; 113:17-113:22; 156:11-156:13; 157:1-157:4; 157:6-157:7; 159:11-160:20; 163:6-163:7; 163:9-163:10; 163:16-164:17; 165:18-166:3; 166:7-168:1; 168:23-169:2; 171:2-171:6; 171:8-171:15; 176:21-176:22; 177:7-177:11; 177:18-177:19; 177:21-178:4; 179:12-179:17; | 110:17-111:8 (H, 403); 111:11-112:1 (H, 403); 112:3-112:15 (H, LC, M, 403); 112:17-112:25 (H, LC, M, 403); 113:17-113:22 (H, LC, M, 403); 156:11-156:13 (I, NQ, NT, NR); 157:1-157:4 (H, MIL); 165:18-166:3 (C, I, NQ, M, 403); 179:12-179:17 (I, M, 403); 180:10-180:17 (H); 207:16-207:25 (NR, 403); 208:4-208:6 (NR, 403); 208:15-208:17 (NR, 403); 208:19 (NR, 403); 209:2-209:10 (NR, 403); 216:6-216:9 (NR, 403); 222:18-222:22 (DAU, 403); 222:24-222:25 (DAU, 403); 224:25-225:2 (DAU, 403); 225:8-225:11 (DAU, 403); 236:21-237:6 (DAU, 403); | | |
| 84:18-85:10 | | | | | |
| 94:3-94:14 | | | | | |
| 95:9-95:11 | I; V | | | | |
| 101:13-101:18 | | | | | |
| 101:24-102:13 | 403; 602; H | | | | |
| 156:14-156:16 | | | | | |
| 156:18-156:25 | | | | | |
| 158:25-159:3 | | | | | |
| 160:21-161:14 | | | | | |
| 163:3-163:5 | | | | | |
| 168:2-168:22 | | | | | |
| 169:3-169:22 | | | | | |
| 169:23-170:16 | | | | | |
| 174:13-175:1 | 403; 602; R | | | | |
| 175:5-175:8 | | | | | |
| 175:12-176:2 | 403; NR; R | | | | |
| 178:5-179:11 | 403; 602; IE; NR; R | | | | |
| 208:10-208:14 | | | | | |
| 210:25-211:6 | | | | | |
| 211:8-211:13 | | | | | |
| 211:15-212:20 | | | | | |
| 213:2-213:4 | 602; 403 | | | | |
| 213:6-213:19 | 602; 403 | | | | |
| 216:14-216:17 | | | | | |
| 216:23-217:14 | | | | | |
| 217:15-218:18 | | | | | |
| 225:12-225:14 | | | | | |
| 225:15-226:11 | | | | | |
| 226:25-227:3 | | | | | |
| 227:10-227:23 | | | | | |
| 236:13-236:15 | | | | | |
| 236:17-236:20 | | | | | |
| 237:15-237:20 | | | | | |
| 237:22-238:22 | | | | | |
| 238:24-239:23 | | | | | |
| 241:9-241:13 | | | | | |
| 243:13-243:20 | 602; R; 403 | | | | |

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 243:22-244:2 | 602; R; 403 | 180:10-180:17; 182:19-182:25; 183:2-183:11; 207:16-207:25; 208:4-208:6; 208:15-208:17; 208:19; 209:2-209:10; 210:2-210:6; 210:11-210:22; 216:6-216:9; 218:19-218:24; 220:22-221:5; 222:18-222:22; 222:24-222:25; 224:25-225:2; 225:8-225:11; 226:12-226:15; 227:24-228:2; 228:6; 228:10-228:16; 228:20-229:6; 229:9-229:14; 236:21-237:6; 237:8-237:14; 239:20-240:1; 240:9-240:15; 241:14-241:21; 241:23-242:1; | 237:8-237:14 (DAU, 403); 239:20-240:1 (DAU, 403); 240:9-240:15 (DAU, 403); 241:14-241:21 (DAU, 403); 241:23-242:1 (DAU, 403); 242:3-242:4 (DAU, 403); 242:11-242:13 (DAU, 403); 242:15 (DAU, 403); 244:3-244:6 (DAU, 403); 244:8 (DAU, 403); 244:11-244:12 (DAU, 403); 244:23-245:4 (DAU, 403); 246:1-246:7 (DAU, NR, 403); 249:17-249:19 (DAU, 403); 249:21-250:14 (DAU, 403); 251:4-251:5 (DAU, 403); 251:8-251:9 (DAU, 403); 252:4-254:3 (DAU, 403); 254:7-254:20 (DAU, 403); 285:16-285:19 (H, DAU, 403); | | |
| 249:3-249:5 | 602; 403; R | | | | |
| 249:7-249:16 | 602; 403; R | | | | |
| 272:14-273:10 | | | | | |
| 276:9-276:15 | | | | | |
| 286:2-286:3 | | | | | |
| 286:5-286:13 | | | | | |
| 287:1-287:2 | | | | | |
| 287:4-287:9 | | | | | |
| 287:20-287:22 | | | | | |
| 287:24-288:10 | | | | | |
| 288:18-288:20 | | | | | |
| 288:22-289:9 | | | | | |
| 289:11-289:18 | | | | | |
| 300:15-301:15 | | | | | |
| 305:13-305:18 | | | | | |

58

| Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter Designations | Defendants' Objections to Plaintiff's Counter-Designations | Defendants' Counter-Counter Designations | Plaintiff's Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | 242:3-242:4; 242:11-242:13; 242:15; 244:3-244:6; 244:8; 244:11-244:12; 244:23-245:4; 246:1-246:7; 249:17-249:19; 249:21-250:14; 251:4-251:5; 251:8-251:9; 252:4-254:3; 254:7-254:20; 285:16-285:19; 285:21-286:1; 287:12-287:15; 287:17-287:19; 288:11-288:13; 288:15-288:17 | 285:21-286:1 (H, DAU, 403); 288:11-288:13 (602, 403); 288:15-288:17 (602, 403) | | |

59

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SIGHT SCIENCES, INC.'S OBJECTIONS, COUNTER-DESIGNATIONS TO
DEFENDANTS' DEPOSITION DESIGNATIONS, AND OBJECTIONS, COUNTER
COUNTER-DESIGNATIONS TO DEFENDANTS' COUNTER-DESIGNATIONS**

Pursuant to D. Del. L.R. 16.3, Plaintiff Sight Sciences, Inc. ("Sight") hereby provides its objections and counter-designations to the Deposition Designations of Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. (collectively "Defendants"), and its objections and counter counter-designations to Defendants' counter-designations. Sight's current designations include all exhibits that are referenced in the specified pages and lines, whether or not such exhibits are separately identified, subject to any objections Sight has to said exhibits and Defendants' designated testimony. To the extent Defendants have designated testimony including, regarding or referring to an exhibit, Sight incorporates by reference its objections to said exhibit. Pursuant to Fed. R. Civ. P. 32 and Fed. R. Evid. 802, Sight objects to any of Defendants' designations of testimony from witnesses that are available to be called to testify at trial, are not officers, directors, or managing agents of Sight, and to the extent such testimony was not provided pursuant to Rule 30(b)(6) or 31(a)(4). Sight further reserves the right to designate any portion of the deposition transcripts of Defendants' 30(b)(6) representatives, officers, or employees should they fail to be in attendance at trial in this matter. Sight's designation of testimony is not an acknowledgement that any such testimony may be introduced by Defendants. Sight's objections

to any of Defendants' designations are not an admission that Sight cannot introduce said testimony itself.  Sight reserves the right to use any testimony designated by Defendants.  Sight reserves the right to use its own designated testimony to rebut the testimony designated by Defendants as well. Sight reserves the right to withdraw designated testimony or designate additional deposition testimony as circumstances may warrant, including if a witness does/does not appear in person, in response to Defendants' counter-designations, in rebuttal to Defendants' case, or for impeachment or foundational purposes.  Sight further reserves the right to amend and/or supplement these designations based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments, as otherwise permitted by applicable rules.  Sight reserves the right to object at trial to any testimony under Federal Rule of Evidence 402 and/or 403, whether stated in Sight's objections or not, depending on Defendants' proposed use for said testimony.

Subject to and without waiver of the above objections and reservations, Sight provides the following objections and counter-designations to Defendants' deposition designations, counter counter-designations to Defendants' counter-designations, and the key for Sight's objections.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ James L. Higgins
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

COOLEY LLP
Michelle S. Rhyu
Jeffrey Karr
Lauren Strosnick
Alissa Wood
Juan Pablo González
Angela R. Madrigal
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Orion Armon
1144 15th Street, Suite 2300
Denver, CO  80202-2686
(720) 566-4000

Dustin M. Knight
Joseph Van Tassel
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
(703) 456-8000

Bonnie Fletcher Price
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Dated:  March 8, 2024

*Attorneys for Sight Sciences, Inc.*

**Sight's Deposition Designations Objections Key**

| ABBREV. | OBJECTION |
|---|---|
| 403 | Fed. R. Evid. 403 |
| 602 | The witness lacks personal knowledge, lacks foundation, and/or the question calls for speculation (Fed. R. Evid. 602) |
| A | Testimony concerns a document for which authentication is lacking (Fed. R. Evid. 901) |
| AF | Assumes Facts Not In Evidence |
| AT | Attorney Objections Not Removed |
| C | Compound Question |
| ENI | Errata Not Included |
| H | Hearsay (Fed. R. Evid. 801 and 802) |
| I | Incomplete (Fed. R. Evid. 106; Fed. R. Civ. Procedure 32(a)(6)) |
| IC | Improperly characterizing a person or conduct with unwarranted suggestive, argumentative, or impertinent language |
| IE | Improper opinion (FRE 701 (lay) or FRE 702/703 (expert)) |
| IH | Improper or Incomplete Hypothetical |
| L | Leading (Fed. R. Evid. 611) |
| LC | Legal Conclusion |
| M | Misleading / Mischaracterizes prior testimony |
| MIL | Subject to a motion *in limine* |
| NQ | Not a Question / Incomplete Question |
| NR | Nonresponsive |
| NT | Not Testimony |
| R | Relevance (Fed. R. Evid. 401 & 402) |
| Scope | Outside scope of Rule 30(b)(6) topic |
| V | Vague |

## <u>CERTIFICATE OF SERVICE</u>

I, James L. Higgins, Esquire, hereby certify that on April 8, 2024, I caused to be electronically filed a true and correct copy of Revised Proposed Joint Pretrial Order (Volume 1 of 4: Exhibits 1-12) with the Clerk of the Court using CM/ECF, which will send notification to the following counsel of record:

John W. Shaw
Karen E. Keller
Andrew E. Russell
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

I further certify that on April 8, 2024, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**<u>BY E-MAIL:</u>**

Gregg LoCascio
Sean M. McEldowney
W. Todd Baker
Steven Dirks
Socrates L. Boutsikaris
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
gregg.locascio@kirkland.com
sean.mceldowney@kirkland.com
justin.bova@kirkland.com
steven.dirks@kirkland.com
socrates.boutsikaris@kirkland.com

Jeanne M. Heffernan
Kat Li
Austin C. Teng
Ryan J. Melde
Lydia B. Cash
Julie Metkus
Kirkland & Ellis LLP
401 Congress Avenue
Austin, TX  78701
jheffernan@kirkland.com
kat.li@kirkland.com
austin.teng@kirkland.com
ryan.melde@kirkland.com
lydia.cash@kirkland.com
julie.metkus@kirkland.com

Ryan Kane
Nathaniel DeLucia
Emily C. Sheffield
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
ryan.kane@kirkland.com
nathaniel.delucia@kirkland.com
laura.zhu@kirkland.com
emily.sheffield@kirkland.com

Brian A. Verbus
Jacob Rambeau
300 N. LaSalle
Chicago, IL 60654
brian.verbus@kirkland.com
jake.rambeau@kirkland.com

Noah S. Frank
200 Clarendon Street
Boston, MA 02116
noah.frank@kirkland.com

*/s/ James L. Higgins* _____
James L. Higgins (No. 5021)

31526653.1