IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | C. A. No.:  21-1317-JLH-SRF |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, | ) | |
| ALCON VISION, LLC AND ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **PRELIMINARY JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION AND ROLE OF THE JURY ............................................................. 1

II.     OVERVIEW OF THE CASE ......................................................................................... 2

III.    NOTEBOOKS ................................................................................................................ 3

IV.     UNITED STATES PATENTS ....................................................................................... 5

      A.      PATENT LITIGATION AND THE CONTENTIONS OF THE PARTIES ........ 5

      B.      CLAIM CONSTRUCTION .................................................................................. 6

V.      EVIDENCE ..................................................................................................................... 7

VI.     BURDENS OF PROOF .................................................................................................. 9

VII.    SUMMARY OF THE PATENT ISSUES .................................................................... 11

VIII.   CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY ........ 12

IX.     EXPERT TESTIMONY ............................................................................................... 13

X.      DEPOSITION TESTIMONY ....................................................................................... 14

XI.     DEMONSTRATIVES ................................................................................................... 15

XII.    SIDEBARS .................................................................................................................... 16

XIII.   CONDUCT OF THE JURY .......................................................................................... 17

XIV.    COURSE OF THE TRIAL ............................................................................................ 19

XV.     TRIAL SCHEDULE ..................................................................................................... 20

## I.     <u>INTRODUCTION AND ROLE OF THE JURY</u>

Members of the jury: Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. Judge Hall will give you more detailed instructions on the law at the end of the trial. Also, because this case involves patents, I will give you some preliminary instructions regarding patents to assist you in discharging your duties as jurors.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that Judge Hall and I will give to you. You and only you will be the judges of the facts. The judge plays no part in judging the facts. Our role is to be the judge of the law. The judge makes whatever legal decisions have to be made during the course of the trial, and the judge will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Nothing the judge may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

At the end of the evidence, Judge Hall will give you instructions on the law to apply in deciding this case, and she'll give you a list of questions that you are then to answer.

This list of questions is called the verdict form. Your answers to these questions will need to be unanimous, and your answers will constitute the verdict in this case.

## II.     <u>OVERVIEW OF THE CASE</u>

During the jury selection process, I advised you that this is a civil action arising under the patent laws of the United States. The Plaintiff in this case is Sight Sciences, Inc. The attorneys and the judge may refer to Sight Sciences, Inc., as Sight Sciences, Plaintiff, or simply Sight for short. The Defendants in this case are, Ivantis, Inc., Alcon Research, LLC, Alcon Vision, LLC, and Alcon Inc. We will refer to the Defendants collectively as Ivantis and Alcon.

There are three patents at issue in this case: U.S. Patent No. 8,287,482; U.S. Patent No. 9,370,443; and U.S. Patent No. 11,389,328. Because patent numbers are so long, patents are usually referred to by their last three digits. We will often refer to the patents at issue in this case as the '482 patent, the '443 patent, and the '328 patent, respectively. We may also refer to these patents collectively as the "Asserted Patents," or the "Patents-in-Suit."

The Asserted Patents are titled "Intraocular Implants and Methods and Kits Therefor." During the trial, the parties will offer testimony and evidence to familiarize you with this technology.

Patents include numbered "claims" at their end that define the legal scope of the patented invention. Sight Sciences alleges that Ivantis and Alcon infringe multiple claims of the Asserted Patents. Ivantis and Alcon deny that they infringe the claims of the Asserted Patents, and they allege that the Asserted Patent claims are invalid. The claims may be referred to as the "Asserted Claims."

Generally, the product that Sight Sciences accuses of infringement is known as the Hydrus Microstent.

III.    **NOTEBOOKS**

The Courtroom Deputy will now distribute your juror notebooks. These notebooks contain the following:

- A copy of the Asserted Patents;

- A listing of the Court's claim constructions, which represent the Court's instructions as to the meaning you should give to certain words and phrases in the patents; and

- Notebook pages for each witness who will testify.

You will also be given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and my instructions to you on the law. But do not let note-taking distract you to the point that you miss hearing other testimony from the witness. Your notes are only to be used as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not your notes.

Don't be influenced by any notes that you take or that others take. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Notes are not to be used in place of the evidence.

Do not take your notes away from court. I repeat, during lunchtime breaks and at the end of each day, please leave your notes in the jury room. No one will read your notes but you. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them.

During the trial, documents or other physical items may be received into evidence. You will not be supplied with a list of exhibits that are received in evidence. Therefore, you may wish

to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating. You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

## IV.     <u>UNITED STATES PATENTS</u>

As I just mentioned, this case is about patents. To help you understand what patents are, the role of the Patent Office, and why disputes over patents arise, you now will be shown a video. This video was produced by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. The video references a sample patent. A copy of the sample patent has been provided along with your notebook for you to follow along. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played*]

### A.     **PATENT LITIGATION AND THE CONTENTIONS OF THE PARTIES**

Someone is said to be infringing a claim of a patent when they, without permission from the patent owner, import, make, use, offer to sell, or sell a product practicing the claimed invention, as defined by the claims, within the United States before the term of the patent expires. A patent owner who believes someone is infringing the exclusive rights conferred by a patent may bring a lawsuit, like this one, to attempt to stop the alleged infringing acts or to recover damages, to compensate the patent owner for the harm caused by the infringement. The patent owner must prove infringement of the claims of the patent. The patent owner must also prove the amount of damages the patent owner is entitled to receive from the infringer as compensation for the infringing acts.

A party accused of infringing a patent may deny infringement and/or prove that the asserted claims of the patent are invalid. A patent is presumed to be valid. In other words, it is presumed that the United States Patent Office properly granted the patent. That presumption of validity can be overcome if clear and convincing evidence proves the patent is invalid.

I will now briefly explain the parties' basic contentions.

Sight Sciences is accusing the Hydrus Microstent ("Hydrus") and accompanying Delivery System and Instructions for Use, as well as the method of implanting the Hydrus, of infringing the Asserted Patents. Sight Sciences also contends that Ivantis and Alcon's infringement is willful.

The judge, and the attorneys and witnesses, may refer to the Hydrus Microstent as either the Hydrus, for short, or as the Accused Product. We may also refer to the method of implanting the Hydrus as the Accused Method. An accused product or method simply refers to a product or method that Sight Sciences asserts infringes its patents. You, of course, will determine whether or not the Accused Product or Method actually infringe the Asserted Patents.

Persons or companies sued for allegedly infringing a patent can deny infringement. They can also defend a charge of infringement by proving the patent is invalid. In this case, Ivantis and Alcon deny that they infringe Sight Sciences' patents, and also assert that the Asserted Patents are invalid. Sight Sciences denies that the Asserted Patents are invalid. I will tell you more about infringement and the defense of invalidity in a few minutes.

### B.    CLAIM CONSTRUCTION

As I previously mentioned, your notebooks contain a copy of the Asserted Patents, and the meanings of certain terms in the patent claims that were already determined. For a claim term for which a definition is not provided, you should apply the ordinary meaning of that term in the field of the patent. You are bound by your oath to apply the definitions of the terms the judge gives you, even if you personally disagree with them. The judge's interpretation of the language of the claims, however, should not be taken as an indication that the judge has a view regarding issues such as infringement and invalidity. Those issues are yours to decide. Judge Hall will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

V.    **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received in evidence as exhibits;

3.      Any facts that are stipulated—that is, formally agreed to by the parties; and

4.      Facts that the Court takes judicial notice of and that I instruct you to take as true.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by the lawyers;

3.      Any testimony or other evidence that the judge tells you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in Court. Do not let rumors, suspicions, or anything else that you may see or hear outside of Court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that the judge make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.

Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. If you are instructed that evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## VI.    __BURDENS OF PROOF__

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence." Your verdict depends on whether you find certain facts have been proved under the burden of proof that applies to a particular issue.

Sight Sciences asserts that Ivantis and Alcon infringe the Asserted Patents. Sight Sciences also alleges that Ivantis and Alcon's infringement of the Asserted Patents was willful. A party asserting patent infringement has the burden of proving infringement, whether that infringement was willful, and the amount of monetary damages, by a preponderance of the evidence.

That means, for Sight Sciences to prevail on each of its claims, it must prove to you, in light of all the evidence, that what it claims is more likely true than not. To say it differently: if you were to put the favorable and unfavorable evidence on opposite sides of a scale, Sight Sciences has to make the scales tip, to any degree, to Sight Sciences' side in each instance. If the scale should remain equal or tip in favor of Ivantis and Alcon, you must find in favor of Ivantis and Alcon.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

In addition to denying Sight Sciences' claims that it infringes, Ivantis and Alcon assert that the asserted claims are invalid. A party challenging the validity of a patent—in this instance, Ivantis and Alcon—has the burden to prove that the asserted claims are invalid by clear and convincing evidence. Clear and convincing evidence means evidence that it is highly probable that a fact is true. Clear and convincing evidence involves a higher degree of persuasion than is

necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt.

      In determining whether either party has met its burden, you may, unless otherwise instructed, consider all the evidence, regardless of who may have produced it.

## VII.   <u>SUMMARY OF THE PATENT ISSUES</u>

In this case, you must decide several things according to the instructions that the judge will give out at the end of the trial. Those instructions will provide more detail.

In essence, you must decide:

**1.**     Whether Sight Sciences has proven that Ivantis and Alcon have directly or indirectly infringed any of the asserted claims of the Asserted Patents.

**2.**     Whether Ivantis and Alcon have proven that any of the asserted claims are invalid.

**3.**     If you find that any of the asserted claims are infringed, whether Sight Sciences has proven that Ivantis and Alcon have willfully infringed any such claims.

**4.**     If you find that any of the asserted claims are infringed and not invalid, what amount of damages Sight Sciences has proven.

## VIII.   <u>CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY</u>

You are the sole judges of each witness's credibility. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not depend on the number of witnesses who testify. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. This instruction applies to all witnesses, including expert witnesses.

## IX.    <u>**EXPERT TESTIMONY**</u>

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.  One of Ivantis and Alcon's expert witnesses, Dr. Joseph Izatt, passed away unexpectedly two weeks before trial.  You should not draw any inferences from the fact that he will not appear to testify at trial.

## X.  <u>DEPOSITION TESTIMONY</u>

I will now talk about the form of some of the evidence you will hear during trial. You may hear witnesses testify through deposition testimony.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

XI.     **<u>DEMONSTRATIVES</u>**

Certain models, reproductions, charts, summaries, or the like may be shown to you in order to help explain or illustrate the facts disclosed by the books, records, documents, testimony, or other evidence in the case. Those models, reproductions, charts, summaries, or the like, referred to as "demonstratives," are used by a party to describe something involved in the case. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard those models, reproductions, charts, summaries, or the like and determine the facts from the evidence.

Demonstratives are not themselves evidence or proof of any facts. However, a witness's testimony that references a demonstrative is evidence.

XII.   <u>**SIDEBARS**</u>

During the trial it may be necessary for me to talk with the lawyers outside your hearing. This may happen by the judge talking to the lawyers at the side of the courtroom, outside of the hearing of the jury, which is sometimes called a sidebar or a bench conference. Alternatively, the judge may call a recess and talk to the lawyers while you are out of the courtroom. If that happens, please be patient.

If there is a bench conference or recess, please understand that while you are waiting, the lawyers and the judge are working. They are not trying to keep important information from you. These conferences are necessary for the judge to fulfill her responsibility to be sure that evidence is presented to you correctly under the law. You should not speculate on what was said during these discussions.

The judge may not always grant a lawyer's request for conference. Do not consider the judge's granting or denying a request for a conference as any indication of the judge's opinion of the case or of what your verdict should be.

## XIII.   **CONDUCT OF THE JURY**

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it in your presence. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. This includes family and friends. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. Whenever you go to lunch or take a break, talk about anything you want to, but do not talk about the case. Each of you should hold yourself completely apart from any discussion about this case with anyone until we get to the end of the case and then only with your fellow jurors when you go back to the jury room to deliberate. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them—they are not being rude and will not interpret your silence as rudeness either. By avoiding communication, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that, I mean, if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, the technology involved in the case, or the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials (in print,

electronic, or other format) or search websites or blogs on the Internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use smartphones, tablets, the Internet, and other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on Twitter or X, Threads, through any blog or website, through any Internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, X, Threads, Instagram, TikTok, WeChat, WhatsApp, Snapchat, LinkedIn, and YouTube.

Finally, you should not form any conclusion as to the parties' allegations until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## XIV.   <u>COURSE OF THE TRIAL</u>

The trial will proceed as follows:

First, each side may make an opening statement outlining their case. Opening statements are not evidence but simply an outline to help you understand what each party expects the evidence to show.

Next, the parties will present their evidence. Sight Sciences will present its witnesses and evidence in support of its claims, and Alcon may cross-examine those witnesses. When Sight Sciences is finished, Alcon may present its witnesses and evidence, and Sight Sciences may cross-examine those witnesses. Both parties may also present rebuttal witnesses and evidence.

After all the evidence is presented, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you. Both before and after closing arguments, Judge Hall will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

## XV.    <u>TRIAL SCHEDULE</u>

Though you have heard this before, I want to again outline the schedule Judge Hall expects to maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to five (5) business days to try. Starting on Monday, you will begin each trial day at 9:00 A.M. You will go until around 12:30 P.M. and, after about a 1-hour break for lunch, continue no later than 5:00 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions as Judge Hall may have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate for as long as you wish.

Please keep in mind that this is a timed trial. That means each party has a maximum number of hours in which to present all portions of its case. This allows the Court to assure you that we expect to complete the evidence in this case by Friday.

Of course, you can help keep us on schedule by being here promptly each morning and being ready to proceed at the end of each break.

31559058.1