IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
|       Plaintiff, | ) C. A. No.: 21-1317-JLH |
|       v. | ) **JURY TRIAL DEMANDED** |
| IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC AND ALCON INC., | ) |
|       Defendants. | ) |

## POST-TRIAL STATUS REPORT

Pursuant to Paragraph 20 of the Second Amended Scheduling Order (D.I. 93) dated October 25, 2022, Plaintiff Sight Sciences, Inc. ("Sight") and Defendants Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc. ("Ivantis and Alcon") hereby submit this Post-Trial Status Report following the April 26, 2024 jury verdict related to U.S. Patent Nos. 8,287,482, 9,370,443, and 11,389,328 (D.I. 485), indicating how the case should proceed and identifying the post-trial motions each party intends to file.

**1.     Sight's Post-Trial Motions**

Sight presently intends to file the following post-trial motions:

    a.    Motion for entry of a permanent injunction or for alternative equitable relief in the form of ongoing royalties;

    b.    Motion for an award of enhanced damages based on the jury's finding of willful infringement;

    c.    Motion for an award of supplemental damages and pre-judgment and post-judgment interest; and

  d.  Motion for attorneys' fees and costs.[1]

**2.** **Ivantis and Alcon's Post-Trial Motions**

Ivantis and Alcon presently intend to file the following motions:

 a. Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b) on the following grounds:

  i. Non-infringement of claim 11 of U.S. Patent No. 8,287,482, claims 8, 24, and 58 of U.S. Patent No. 9,370,443, and claim 18 of U.S. Patent No. 11,389,328;

  ii. Invalidity of claim 11 of U.S. Patent No. 8,287,482, claims 8, 24, and 58 of U.S. Patent No. 9,370,443, and claim 18 of U.S. Patent No. 11,389,328;

  iii. No willful infringement; and

  iv. The award of lost profits and reasonable royalty damages.

 b. Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(b) on the same grounds as listed in 2(a).

 c. Motion for Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 concerning obviousness-type double patenting. The parties' dispute concerning this defense is outlined in D.I. 468 and in Section 3 below.

---

[1] Pursuant to the proposed Order of Judgment, Sight would not move for attorneys' fees and costs until fourteen (14) days after the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the appellate court. Such a motion for attorneys' fees and costs thus would be subject to this separate deadline and would not be subject to the deadlines and page limits for other post-trial motions that are proposed in Section 3 of this status report. Ivantis and Alcon's response would be due 28 days after Sight's opening brief; Sight's reply brief would be due 7 days thereafter. The opening brief shall be limited to twenty (20) pages, the answering brief shall be limited to twenty (20) pages, and the reply brief shall be limited to ten (10) pages.

3.  **Entry of Judgment**

    a.  **Sight Sciences' Position:** The Court should enter judgment immediately. Prompt entry of judgment is required by Federal Rule of Civil Procedure 54 ("the court must promptly approve the form of the judgment, which the clerk must promptly enter, when (A) the jury returns a special verdict or a general verdict with answers to written questions"). Fed. R. Civ. P. 54(b)(2). Defendants intentionally forfeited presenting their obviousness-type double patenting defense at trial (Sight Sciences' position on this issue is addressed in D.I. 468). Defendants should not be rewarded for that choice with additional pages of briefing, an expedited briefing schedule, or the delayed entry of a judgment (which would needlessly prolong post-trial briefing).

    b.  **Ivantis and Alcon's Position:** Ivantis and Alcon do not oppose entry of judgment now, provided the judgment confirms, as both parties agree, that it "is subject to modification following the Court's consideration of the parties' post-trial motions," which includes Ivantis and Alcon's motion for findings of fact and conclusions of law under Rule 52 concerning Ivantis and Alcon's obviousness-type double patenting defense that was not tried to the jury and remains pending. Ivantis and Alcon propose expedited briefing on their motion for findings of fact and conclusions of law on their defense of obviousness-type double patenting so that the issue may be promptly resolved. Specifically, Ivantis and Alcon propose their opening brief in support of their motion for findings of fact and conclusions of law pursuant to Rule 52 shall be filed by May 24, 2024, Sight's answering brief in opposition thereto shall be filed within fourteen (14) days after the filing of the

opening brief, and Ivantis and Alcon's reply brief shall be filed within seven (7) days after the filing of the answering brief in opposition, and further propose that the page limit for the opening, answering, and reply briefs be ten (10) pages, ten (10) pages, and five (5) pages, respectively.

Sight argues (1) Ivantis and Alcon forfeited their defense, (2) Ivantis and Alcon should not receive additional pages to brief the issue, (3) there should not be an expedited briefing schedule, and (4) Ivantis and Alcon's proposal will delay entry of judgment. As to (1), Sight previously admitted Ivantis and Alcon are permitted to raise this defense post-trial. D.I. 468 at 2 ("Sight does not dispute that Defendants may choose to argue in post-trial briefing that they are entitled to partial judgment as a matter of law on the issue obviousness-type double patenting ('OTDP')."); D.I. 468 Ex. 3 at ¶ 1 ("Defendants may raise their obviousness-type double patenting defense for the asserted claims of the '443 patent in post-trial briefing."). Regarding (2), the procedural mechanism for raising OTDP is a motion pursuant to Rule 52, which is a different motion than a Rule 50(b) motion and therefore a different brief is required. Ivantis and Alcon's 10-page-limit proposal is modest, and having a separate page limit for the Rule 52 briefing is consistent with Sight's proposal, to which Ivantis and Alcon agreed, that any motion for attorneys' fees "would not be subject to the … page limits for other post-trial motions that are proposed in Section 3…." Regarding (3), Ivantis and Alcon proposed an expedited schedule to have this defense that was not tried to the jury resolved promptly, but if the Court prefers that the Rule 52 motion track the schedule for the other post-trial briefing, Ivantis and Alcon are not opposed to

proceeding in that manner. Regarding (4), Ivantis and Alcon are not proposing delayed entry of judgment, provided the judgment is subject to modification based on post-trial motions, including the motion for findings of fact and conclusions of law on obviousness-type double patenting under Rule 52, which defense remains pending.

4. **Execution of Judgment**

   a. The parties have agreed as follows:

      i. Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc. will not be required to post bond or other security pending appeal so long as the requirements of Sections 4(a)(ii) and (iii) remain satisfied.

      ii. Sight agrees to accept the verification of Alcon Vision, LLC and Alcon Inc. (collectively, "Alcon") as sufficient evidence of Alcon's present ability to satisfy the Judgment when it is entered in this matter.

      iii. Alcon further agrees (a) to provide a sworn verification to Sight within seven (7) days of the filing of this Status Report, which it will update on a quarterly basis, confirming Alcon's ability to satisfy the Judgment (including any additional relief granted by the Court, such as supplemental or enhanced damages, pre- and post-trial interest, costs or fees) and (b) to report to Sight within seven (7) days of any determination by Alcon that its ability to satisfy the Judgment is compromised.

      iv. Alcon Vision, LLC and Alcon Inc. agree that they are jointly and severally liable for the Judgment (including any additional relief granted by the Court, such as supplemental or enhanced damages, pre- and post-trial interest,

costs or fees) and will pay the entirety of any payments then due under the Judgment within thirty (30) days of the Federal Circuit's mandate issuing from any appeal from the Judgment, or, if no appeal is taken, within thirty (30) days of the expiration of the time for initiating such appeal.

v. In reliance on the verification of Alcon and Alcon's obligations set forth in Sections 4(a)(ii) and (iii) above, Sight agrees it will not execute on the Judgment before thirty (30) days of the Federal Circuit's mandate issuing from any appeal from the Judgment, or, if no appeal is taken, within thirty (30) days of the expiration of the time for initiating such appeal.

**5.** **Deadlines and Page Limits**

Pursuant to the Federal Rules of Civil Procedure and Paragraph 21 of the Second Amended Scheduling Order (D.I. 93), and subject to the Court's approval, the parties propose the following related to scheduling and page limits for post-trial briefing.

Pursuant to Federal Rule of Civil Procedure 6(b)(2), all post-trial motions shall be filed within twenty-eight (28) days of the date of the Court's entry on the docket of a judgment. District of Delaware Local Rule 7.1.2(a) shall not apply to post-trial motions. With the exception of Sight's anticipated motion for attorneys' fees and costs, and subject to the parties' dispute regarding Ivantis and Alcon's motion for findings of fact and conclusions of law under Rule 52 regarding obviousness-type double patenting set forth in Section 3 (above), opening briefs in support thereof shall be filed within thirty-five (35) days of the date of the Court's entry on the docket of a judgment. All answering briefs in opposition to post-trial motions shall be filed within thirty-five (35) days after the filing of the opening briefs. All reply briefs in support of post-trial motions shall be filed within twenty-one (21) days after the filing of the answering briefs in opposition.

The parties jointly propose a modest expansion of the page limits for post-trial briefing set forth in the Second Amended Scheduling Order (D.I. 93) Paragraph 21, with each side limited to a total of twenty-five (25) pages for opening briefs, twenty-five (25) pages of answering briefs, and twelve (12) pages of reply briefs relating to any post-trial motions filed by either side, no matter how many such motions are filed, with the exception of Sight's anticipated motion for attorneys' fees and costs, and subject to the parties' dispute regarding Ivantis and Alcon's motion for findings of fact and conclusions of law under Rule 52 regarding obviousness-type double patenting set forth in Section 3 (above).

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | SHAW KELLER LLP |
|---|---|
| /s/ James L. Higgins | /s/ John W. Shaw |
| Melanie K. Sharp (No. 2501)<br>James L. Higgins (No. 5021)<br>Stephanie N. Vangellow (No. 7277)<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>msharp@ycst.com<br>jhiggins@ycst.com<br>svangellow@ycst.com<br><br>COOLEY LLP<br>Michelle S. Rhyu<br>Jeffrey Karr<br>Lauren Strosnick<br>Alissa Wood<br>Juan Pablo González<br>Angela R. Madrigal<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>(650) 843-5000<br><br>Orion Armon<br>Eamonn Gardner<br>1144 15th Street, Suite 2300<br>Denver, CO 80202-2686 | John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>KIRKLAND & ELLIS LLP<br>Gregg LoCascio<br>Sean M. McEldowney<br>W. Todd Baker<br>Steven Dirks<br>Socrates L. Boutsikaris<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000<br><br>Jeanne M. Heffernan<br>Kat Li |

| | |
|---|---|
| (720) 566-4000 | Ryan J. Melde<br>Lydia B. Cash |
| Dustin M. Knight<br>Joseph Van Tassel<br>Reston Town Center<br>11951 Freedom Drive, 14th Floor<br>Reston, VA  20190-5656<br>(703) 456-8000 | Julie Metkus<br>401 Congress Avenue<br>Austin, TX  78701<br>(512) 678-9100 |
| Bonnie Fletcher Price<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC  20004-2400<br>(202) 842-7800 | Ryan Kane<br>Nathaniel DeLucia<br>Emily C. Sheffield<br>601 Lexington Avenue<br>New York, NY  10022<br>(212) 446-4800 |
| *Attorneys for Sight Sciences, Inc.* | Brian A. Verbus<br>Jacob Rambeau<br>300 N. LaSalle<br>Chicago, IL 60654<br>(312) 862-2000 |
| | Noah S. Frank<br>200 Clarendon Street<br>Boston, MA 02116<br>(617) 385-7500 |
| Dated:  May 6, 2024 | *Attorneys for Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC and Alcon Inc.* |

31622274.1