IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGHT SCIENCES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1317-JLH-SRF ) |
| IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, and ALCON INC., | ) ) ) ) ) |
| Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THE JUDGMENT TO HOLD CLAIMS 8, 24, AND 58 OF THE '443 PATENT ARE INVALID FOR OBVIOUSNESS-TYPE DOUBLE PATENTING**

OF COUNSEL:
Gregg LoCascio
Sean McEldowney
Steven Dirks
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Ryan Kane
Nathaniel DeLucia
Emily Sheffield
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah Frank
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Dated: June 25, 2024

# TABLE OF CONTENTS

**Page**

I. **Nature and Stage of the Proceeding and Argument Summary** ................................... 1

II. **Undisputed Facts** ........................................................................................................ 2

III. **Argument** .................................................................................................................. 3

    A. Claims 8, 24, and 58 of the '443 Patent Are Invalid for OTDP ............................ 3

    B. Sight's Evidentiary and Waiver Arguments Fail ....................................... 5

IV. **Conclusion** ................................................................................................................ 5

## TABLE OF EXHIBITS

| Exhibit Number[1] | Exhibit Description |
|---|---|
| 1 | IPR2022-01529, Paper 6 (Patent Owner Preliminary Response) |
| 2 | JTX-0002, U.S. Patent No. 9,370,443 |
| 3 | U.S. Patent No. 10,314,742 |
| 4 | Certified File History of U.S. Patent No. 10,314,742, at 8/9/2018 Non-Final Rejection (excerpted) |
| 5 | Certified File History of U.S. Patent No. 10,314,742, at 12/10/2018 Response to Non-Final Office Action (excerpted) |
| 6 | JTX-0005, U.S. Patent No. 11,389,328 |
| 7 | JTX-0010, Certified File History of U.S. Patent No. 11,389,328, at 4/26/2022 Non-Final Rejection and 5/19/2022 Response to Non-Final Office Action (excerpted) |
| 8 | IPR2022-01529, Paper 2 (Petition for *Inter Partes* Review Under 37 C.F.R. § 42.101 of U.S. Patent No. 9,370,443) |

---

[1] Exhibits are attached to Appendix B to Opening Brief in Support of Defendants' Motion to Amend the Judgment to Hold Claims 8, 24, and 58 of the '443 Patent Are Invalid for Obviousness-Type Double Patenting (Exhibits 1-8).

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*,
   No. 20-985, 2023 WL 8803448 (D. Del. Dec. 13, 2023) ...........................................................3

*Allergan USA, Inc. v. MSN Labs. Private Ltd.*,
   No. CV 19-1727, 2023 WL 6295496 (D. Del. Sep. 27, 2023) .............................................3, 5

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)...................................................................................................4

*In re Cellect, LLC*,
   81 F.4th 1216 (Fed. Cir. 2023) ...................................................................................................3

*Gilead Scis., Inc. v. Nato Pharma Ltd.*,
   753 F.3d 1208 (Fed. Cir. 2014) ..............................................................................................1, 3

*In re Hubbell*,
   709 F.3d 1140 (Fed. Cir. 2013).........................................................................................1, 2, 3

*In re Lonardo*,
   119 F.3d 960 (Fed. Cir. 1997).....................................................................................................5

*Medisim Ltd. v. BestMed LLC*,
   959 F. Supp. 2d 396, 398, 409 n.62 (S.D.N.Y. 2013), *aff'd-in-part and
   vacated-in-part on other grounds*, 758 F.3d 1352 (Fed. Cir. 2014) .........................................5

*Mobility Workx, LLC v. Unified Patents, LLC*,
   15 F.4th 1146 (Fed. Cir. 2021) ...................................................................................................5

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
   518 F.3d 1353 (Fed. Cir. 2008)..............................................................................................4, 5

*Shoes by Firebug LLC v. Stride Rite Children's Group, LLC*,
   962 F.3d 1362 (Fed. Cir. 2020)...................................................................................................5

*SimpleAir, Inc. v. Google LLC*,
   884 F.3d 1160 (Fed. Cir. 2018)...................................................................................................4

**Statutes**

35 U.S.C. § 154(b) .........................................................................................................................1, 2

**Rules**

Federal Rule of Evidence 50(b) ................................................................................................1

Federal Rule of Evidence 52 ....................................................................................................1

Federal Rule of Evidence 59 ....................................................................................................1

Federal Rule of Evidence 60 ....................................................................................................1

Federal Rule of Evidence 201(b)(2) .........................................................................................5

Federal Rule of Evidence 201(d) ..............................................................................................5

I.      NATURE AND STAGE OF THE PROCEEDING AND ARGUMENT SUMMARY

This motion seeks amendment of the May 21, 2024 judgment (D.I. 509) under Rules 50(b), 52, 59, and 60, and pursuant to the Court's order on post-trial briefing (D.I. 511), based on a legal determination that claims 8, 24, and 58 of U.S. Patent No. 9,370,443 ("'443 Patent") are invalid for obviousness-type double patenting ("OTDP"), and entry of the attached Proposed Order.[2]

*First*, "it is a bedrock principle of our patent system that when a patent expires, the public is free to use … obvious or patentably indistinct modifications." *Gilead Scis., Inc. v. Nato Pharma Ltd.*, 753 F.3d 1208, 1214 (Fed. Cir. 2014). OTDP is "designed to 'prevent claims in separate applications or patents that … claim inventions so alike that granting both exclusive rights would effectively extend the life of patent protection.'" *In re Hubbell*, 709 F.3d 1140, 1145 (Fed. Cir. 2013). Sight improperly tries to do just that here. Sight's '443 Patent expires 18 months after related U.S. Patent No. 10,314,742 ("'742 Patent") due to patent term adjustment ("PTA") under 35 U.S.C. § 154(b). And '443 Patent claims 8, 24, and 58 are not patentably distinct from the '742 Patent claims. When the PTO rejected the '742 claims for OTDP over the '443 claims, Sight filed a terminal disclaimer. Then Sight told the Patent Trial and Appeal Board ("PTAB") that the '742 and '443 Patents share a "similar scope of [] claims" to argue against institution of *Inter Partes* Review ("IPR") of the '443 Patent. Ex. 1 at 19-20. Unsurprisingly, Sight did not dispute the facts Defendants submitted during summary judgment, D.I. 299, 334, and raised no substantive response

---

[2] Defendants moved for summary judgment of OTDP. D.I. 296, D.I. 297 at 20-24; D.I. 297-1. Following a Court order (D.I. 394), the parties stipulated to limit "the number of…grounds used by Defendants to support their invalidity defense **at trial**." D.I. 395 at 1; D.I. 396. Defendants disclosed their grounds "**without waiver of…the issues pending before the Court on summary judgment (including…[OTDP]**")." D.I. 468-2; D.I.501, 3/22/24 Tr. at 18:12-19:4; D.I. 403 at Ex. 5 p. 9; D.I. 468-3 ¶1. At the summary judgment stage, the Court recognized "the '443 is similar to other claims that are getting tried," but denied Defendants' OTDP summary judgment motion, noting "maybe we can sort out obviousness-type double patenting in the briefing if the parties don't want it to get tried to the jury." D.I. 501, 3/22/24 Tr. at 18:2-8; *id.* at 22:24-23:12.

to '443 claims 8 and 24. D.I. 327 at 23-25. For claim 58, Sight's only argument—that it is directed to a "kit" whereas the '742 claims are directed to a method (*id.* at 24)—fails as a matter of law.

*Second*, Sight urged the Court to ignore its IPR admissions and PTO filings because they were not admitted at trial. D.I. 468 at 2; D.I. 430 at 4 (granting IPR MIL); D.I. 511, 5/23/24 Tr. at 6:19-8:13. These documents are public PTO filings and are subject to judicial notice by the Court.

At bottom, the '443 Patent creates an unlawful "exten[sion] of the life of patent protection." *Hubbell*, 709 F.3d at 1145. Sight will no doubt seek an ongoing royalty for sales during the added period—a manifestly unjust result. Sight's damages expert applied the *Glaukos* 10% royalty rate and proposed $6.5 million of royalty damages in 2023 alone (*see* PTX-711); multiplying that by 1.5 to estimate the 18-month OTDP period would result in $9.75 million of unlawful damages.

## II.     UNDISPUTED FACTS

Sight admitted each of the following material facts are "[n]ot disputed." D.I. 299; D.I. 334.

Sight's '443 Patent issued from Application 13/025,112 filed 2/10/2011, is subject to patent term adjustments of 868 days under 35 U.S.C. § 154(b), and expires on **November 10, 2028**. Ex. 2, JTX-2, cover; D.I. 299 ¶2; D.I. 334 ¶2. Sight's '742 Patent issued from Application 15/182,165 filed 6/14/2016, is a continuation of the '443 Patent, is subject to a terminal disclaimer, and expires on **May 21, 2027**. Ex. 3, '742 Patent, cover; D.I. 299 ¶4; D.I. 334 ¶4. During prosecution of the '742 Patent, in response to an OTDP rejection, Sight filed a terminal disclaimer disclaiming the terminal part of the '742 Patent's term that would extend beyond the expiration dates of the '443 Patent and previously asserted U.S. Patent No. 9,486,361 ("'361 Patent"). Ex. 4, '742 File History Non-Final Rejection; Ex. 5, '742 File History Response at SGHT6419; D.I. 299 ¶5; D.I. 334 ¶5.

U.S. Patent No. 11,389,328 ("'328 Patent") is a continuation of the '742 Patent. Ex. 6, JTX-5, '328 Patent, cover. Sight likewise filed a terminal disclaimer for the '328 Patent to overcome an OTDP rejection so that its term that would not extend beyond, *inter alia*, the '443, '361, and '742

expiration dates. Ex. 7, JTX-10 at 592-98; *id.* at 631-37; D.I. 299 ¶¶6-7; D.I. 334 ¶¶6-7.

Defendants filed an IPR petition on the '443 Patent. Ex. 8, Paper 2 at 1; D.I. 299 ¶8; D.I. 334 ¶8. In response, Sight argued the IPR should not institute because the same or similar prior art was previously presented to the PTO. Ex. 1, IPR2022-01529, Paper 6 at 14–21; D.I. 299 ¶9; D.I. 334 ¶9. Sight represented to the PTAB that the claims of the '443 Patent were of "similar scope" to the '742 Patent, pointing to the Examiner's determination that the '742 claims were "not patentably distinct from" the '443 claims. Ex. 1 at 19–21; D.I. 299 ¶10; D.I. 334 ¶10.

### III. ARGUMENT

#### A. Claims 8, 24, and 58 of the '443 Patent Are Invalid for OTDP

OTDP "is a question of law," *Hubbell*, 709 F.3d at 1145, applying if claims "are not patentably distinct from … the inventor's earlier-expiring patent" claims. *Gilead*, 753 F.3d at 1210.

##### 1. The '742 Patent Qualifies as an OTDP Reference to the '443 Patent

"For a patent to qualify as an [OTDP] reference, its expiration date must fall before that of the challenged patent." *Allergan USA, Inc. v. MSN Labs. Private Ltd.*, No. CV 19-1727, 2023 WL 6295496, at *5 (D. Del. Sep. 27, 2023) (citing *Gilead*, 753 F.3d at 1208, 1215). "[T]he expiration date used for an O[T]DP analysis where a patent has received PTA is the expiration date after the PTA has been added." *In re Cellect, LLC*, 81 F.4th 1216, 1226 (Fed. Cir. 2023); *Allergan*, 2023 WL 6295496, at *22 (holding earlier-filed but later-expiring patent due to a PTA invalid for OTDP).[3] Sight's '742 Patent expires in May 2027 and is OTDP prior art to its '443 Patent that expires in November 2028 due to PTA. Exs. 2, 3; D.I. 299 ¶¶2, 4; D.I. 334 ¶¶2, 4; Dkt. 297-1 at 8.

---

[3] In *Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, No. 20-985, 2023 WL 8803448 (D. Del. Dec. 13, 2023), the court's "alternative" basis for finding no OTDP required that "a patent must be earlier-filed to be available as an OTDP reference." *Id.* at *8. The *Gilead* court, however, held that the *expiration* date "control[s]." 753 F.3d at 1215. *Acadia* also relied upon a lack of gamesmanship to reach that conclusion, but *Cellect* rejected that rationale, explaining that "not engag[ing] in gamesmanship in obtaining a grant of PTA is not sufficient to overcome" OTDP. 81 F.4th at 1230.

3

## 2. *Claims 8, 24, and 58 of the '443 Patent Are Invalid for OTDP*

There are "two steps in an [OTDP] analysis. First, a court construes the claim[s] in the earlier patent and the claim[s] in the later patent and determines the differences…. Second, [the Court] determines whether those differences render the claims patentably distinct." *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 518 F.3d 1353, 1363 (Fed. Cir. 2008). Here, the Court construed similar and identical limitations in the '443 and '742 claims to have identical meanings. D.I. 287. And the '443 and '742 claims are not patentably distinct. During prosecution, Sight acquiesced in OTDP rejections of the '742 and '328 claims because they were "not patentably distinct from" the '443 claims and filed terminal disclaimers. Exs. 4-5, 7; D.I. 299 ¶¶5, 7; D.I. 334 ¶¶5, 7. This "is a strong clue that a patent examiner and, by concession, the applicant, thought the claims in the continuation lacked a patentable distinction over the parent." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1168 (Fed. Cir. 2018) (noting courts "do not lightly presume" patentees "forfeit [] rights").

In response to Defendants' '443 Patent IPR, Sight argued the '742 claims have "similar scope" to the '443 claims. Ex. 1 at 19-21; D.I. 299 ¶10; D.I. 334 ¶10. Sight also adopted the Examiner's finding that the claims "***are not patentably distinct from each other***." Ex. 1 at 20. And Sight charted claims 1 and 13 of the '742 Patent against claim 1 of the '443 Patent to emphasize their similarity. *Id.* at 19-20. These admissions bind Sight: it cannot "argue[] one way in order to maintain [its] [claims'] patentability and in a different way against accused infringers." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017). This should end the analysis.

At summary judgment, Sight offered no substantive response on claims 8 and 24 of the '443 Patent. D.I. 327 at 23-25. And Sight's only argument for claim 58 was that it "recites a 'kit for reducing intraocular pressure[,]' whereas the claims of the '742 patent recite a distinct 'method for treating an eye condition[.]'" D.I. 327 at 24. Sight's argument fails as a matter of law because the "kit" of the '443 Patent comprises a support and introducer while the method of the '742 Patent

4

requires using a support and introducer. Appendix A; *Pfizer*, 518 F.3d at 1363 ("A 'claim to a method of using a composition is not patentably distinct from an earlier claim to the identical composition in a patent disclosing the identical use.'"); *In re Lonardo*, 119 F.3d 960, 968 (Fed. Cir. 1997). Further, the "kit" element is in the ***preamble***. Ex. 2,'443 Patent, cl. 58. Sight never sought to construe the preamble as limiting, D.I. 90, and preambles generally are not. *Shoes by Firebug LLC v. Stride Rite Children's Group, LLC*, 962 F.3d 1362, 1367 (Fed. Cir. 2020). Claim 58's "kit" is merely the "support" plus the "introducer" recited in the body. Ex. 2,'443 Patent at 15:3-15. Claim 58's body thus describes a structurally complete invention, and "for reducing intraocular pressure" is a statement of intended use, not a limitation. *Firebug*, 962 F.3d at 1367.

Sight's failure to identify patentable distinctions is unsurprising—there are none. As shown in Appendix A, the identical or essentially identical limitations are found in both patents' claims.

### B. Sight's Evidentiary and Waiver Arguments Fail

Sight urges the Court to ignore PTO documents not admitted at trial. D.I. 468 at 2; D.I. 511 at 6:19-7:10. But the Court should take judicial notice under Federal Rule of Evidence 201(b)(2) of the '742 Patent (Ex. 3), its file history (Exs. 4-5), and the IPR filings (Exs. 1, 8). These publicly available documents are in the summary judgment record (D.I. 297 at 20-24; D.I. 298 ¶¶5, 7-8, 62, 64) and their contents are not disputed. D.I. 511, 5/23/24 Tr. at 8:7-9; *Allergan*, 2023 WL 6295496, at *16 n.9 (taking post-trial judicial notice of patent); *Medisim Ltd. v. BestMed LLC*, 959 F. Supp. 2d 396, 398, 409 n.62 (S.D.N.Y. 2013), *aff'd-in-part and vacated-in-part on other grounds*, 758 F.3d 1352 (Fed. Cir. 2014) (taking judicial notice of provisional patent that was in the SJ record). And Rule 201(d) permits taking judicial notice "at any stage of a proceeding." *Mobility Workx, LLC v. Unified Patents, LLC*, 15 F.4th 1146, 1151-52 (Fed. Cir. 2021).

### IV. CONCLUSION

Claims 8, 24, and 58 of the '443 Patent are invalid for obviousness-type double patenting.

| | |
|---|---|
| OF COUNSEL:<br>Gregg LoCascio<br>Sean McEldowney<br>Steven Dirks<br>Socrates L. Boutsikaris<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000<br><br>Jeanne M. Heffernan<br>Kat Li<br>Ryan J. Melde<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>(512) 678-9100<br><br>Ryan Kane<br>Nathaniel DeLucia<br>Emily Sheffield<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800<br><br>Brian A. Verbus<br>Jacob Rambeau<br>KIRKLAND & ELLIS LLP<br>300 N. LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br><br>Noah Frank<br>KIRKLAND & ELLIS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>(617) 385-7500<br><br>Dated: June 25, 2024 | /s/ Andrew E. Russell<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants* |