IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1317-JLH-SRF |
| | ) | |
| IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, and ALCON INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT TO HOLD CLAIMS 8, 24, AND 58 OF THE '443 PATENT ARE <u>INVALID FOR OBVIOUSNESS-TYPE DOUBLE PATENTING</u>**

OF COUNSEL:
Gregg LoCascio
Sean M. McEldowney
Steven Dirks
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Ryan Kane
Nathaniel DeLucia
Emily Sheffield
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Dated: August 20, 2024

# TABLE OF CONTENTS

**Page**

**I. The Federal Circuit's August 13, 2024 Allergan Decision ............................................ 1**

**II. Sight's Arguments on the Merits Fail .................................................................... 1**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan USA, Inc. v. MSN Lab'ys Private Ltd.*,
— F.4th —, No. 2024-1061, 2024 WL 3763599 (Fed. Cir. Aug. 13, 2024) ............................1

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)........................................................................................1

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
No. 2022-2059, 2024 WL 3534113 (Fed. Cir. Jul. 25, 2024)...................................................1

## I. The Federal Circuit's August 13, 2024 *Allergan* Decision

After Sight filed its Opposition, the Federal Circuit issued a precedential opinion in *Allergan USA, Inc. v. MSN Lab'ys Private Ltd.*, — F.4th —, No. 2024-1061, 2024 WL 3763599 (Fed. Cir. Aug. 13, 2024). *Allergan* holds "a first-filed, first-issued, later expiring claim" cannot "be invalidated by a later-filed, later-issued, earlier-expiring reference claim having a common priority date." *Id.* at *4. The time for seeking rehearing or *certiorari* has not expired and Defendants maintain the decision is inconsistent with precedent and should be modified or reversed. *E.g.*, *id.* at *7 ("We acknowledge Sun's position that our holding in *Gilead* appears to apply here…."). But absent alteration, *Allergan* precludes this Court granting Defendants' motion.

## II. Sight's Arguments on the Merits Fail

Sight cannot tell the PTO its claims are patentably indistinct, then tell this Court they are not obvious variants. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017); *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 2022-2059, 2024 WL 3534113, at *7-9 (Fed. Cir. Jul. 25, 2024) (applying judicial estoppel). Sight argues it merely noted the Examiner's OTDP finding. D.I. 532 at 3. But Sight (1) pressed "***[t]he similar scope of the claims of the '742…compared to the '443 patent***," (2) charted similarities, ***and*** (3) cited that finding. D.I. 523-1, 19-20. Sight abandoned its lame "kit" argument, but its three new arguments fare no better. D.I. 532 at 4. Schlemm's canal is "circular," D.I. 523-2, 2:35-36, so a device with length along the canal will extend "circumferentially," per the construction of "30% of C" and as required by both patents. D.I. 521, 1; D.I. 287, 1. Sight defined "Maintain the patency" similarly to the construction of "substantial interference." *Cf. id. with* D.I. 523-2, 7:27-33; *id.*, 7:2-21, Figs. 4A-B (both require meshwork and channel fluid flow, so fluid must "traverse the canal"). And Schlemm's canal is "[l]ocated on the outer peripheral surface of [the] meshwork" (*id.*, 6:30-61, Fig. 3), so a support extending "out of Schlemm's canal" must go into or through the meshwork.

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

OF COUNSEL:
Gregg LoCascio
Sean M. McEldowney
Steven Dirks
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Jeanne M. Heffernan
Kat Li
Ryan J. Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Ryan Kane
Nathaniel DeLucia
Emily Sheffield
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Brian A. Verbus
Jacob Rambeau
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Noah S. Frank
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Dated: August 20, 2024