IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIGHT SCIENCES, INC.,                )
                                     )    C. A. No.:  21-1317-JLH-SRF
            Plaintiff,               )
                                     )
      v.                             )
                                     )
IVANTIS, INC., ALCON RESEARCH LLC,   )
ALCON VISION, LLC AND ALCON INC.,    )
                                     )
            Defendants.              )

## [PROPOSED] FINAL JUDGMENT

This Final Judgment amends the Judgment entered on May 21, 2024 (D.I. 509).

The Court having held a jury trial beginning on April 22, 2024, the jury having returned a verdict on April 26, 2024 (D.I. 485), and the Court having issued its Memorandum Opinion (D.I. 600) and Order (D.I. 601) resolving the parties' post-trial motions (D.I. 512; D.I. 515) on March 27, 2026, pursuant to Rule 58 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1.      Judgment is entered in favor of Plaintiff Sight Sciences, Inc. and against Defendants Ivantis, Inc.; Alcon Research LLC; Alcon Vision, LLC; and Alcon Inc. with respect to Plaintiff's claims of direct infringement of claim 11 of U.S. Patent No. 8,287,482 (the "'482 patent") and claims 8, 24, and 58 of U.S. Patent No. 9,370,443 (the "'443 patent") and with respect to Plaintiff's claims of induced infringement of claim 18 of U.S. Patent No. 11,389,328 (the "'328 patent") (collectively "the Asserted Claims" of the "Asserted Patents").

2.      Judgment is entered in favor of Plaintiff and against Defendants with respect to Defendants' claims for declaratory judgments that the Asserted Claims are invalid and not infringed.

1

3.    Judgment is entered in favor of Plaintiff and against Defendants that Defendants' infringement was willful.

4.    Judgment is entered in favor of Plaintiff that Defendants have not shown invalidity by anticipation for claim 8 of the '443 patent.

5.    Judgment is entered in favor of Plaintiff that Defendants have not shown invalidity based on obviousness for the Asserted Claims of the '482, '443, and '328 patents.

6.    Judgment is entered in favor of Plaintiff that Defendants have not shown invalidity for lack of written description or lack of enablement for claim 11 of the '482 patent and claims 8, 24, and 58 of the '443 patent.

7.    Judgment is entered in favor of Defendants and against Plaintiff on Plaintiff's request for a permanent injunction, which is denied.

8.    Judgment is entered in favor of Defendants and against Plaintiff on Plaintiff's request for enhanced damages under 35 U.S.C. § 284, which is denied.

9.    Judgment is entered in favor of Plaintiff and against Defendants for lost profits damages in the amount of $5.5 million and reasonable royalty damages in the amount of $28.5 million, for total damages in the amount of $34 million for Defendants' infringement of the Asserted Claims through April 26, 2024 ("Jury Award").

10.    Judgment is entered in favor of Plaintiff and against Defendants for supplemental damages in the form of reasonable royalty damages in the amount of $582,790, the equivalent of 10% of revenue[1] on all of Defendants' sales of the Hydrus Microstent from April 27, 2024 through May 20, 2024 ("Supplemental Damages").

---

[1] References to revenue herein refer to Hydrus Microstent revenue as reflected in Defendants' previous reporting, e.g., IVANTIS_SS_00471963, IVANTIS_SS_00471964 and IVANTIS_SS_00471965.

11.     Judgment is entered in favor of Plaintiff and against Defendants for pre-judgment interest in the amount of $3,368,311, as accrued on the Jury Award (through the judgment entered on May 21, 2024) and the Court's award of Supplemental Damages and Ongoing Royalties (through the date of this Final Judgment).

12.     Judgment is entered in favor of Plaintiff and against Defendants in the form of an ongoing royalty of 10% of revenue on all of Defendants' infringing sales of the Hydrus Microstent from May 21, 2024 through the expiration of the last-to-expire Asserted Claim of the Asserted Patents ("Ongoing Royalty"). Judgment is entered in favor of Plaintiff and against Defendants for ongoing royalties from May 21, 2024 through March 31, 2026 in the amount of $14,070,178. In order to calculate the ongoing royalty on sales of the Hydrus Microstent made after March 31, 2026 through the expiration of the last-to-expire Asserted Claim of the Asserted Patents, Defendants shall provide to Plaintiff, subject to the Protective Order (D.I. 69), the number of Hydrus Microstent units sold and the corresponding revenue within thirty (30) days following the end of each calendar quarter (March 31, June 30, September 30, and December 31) in which such sales occur. Plaintiff and Defendants agree that interest on the Ongoing Royalty shall accrue from the date of this Final Judgment at an interest rate equal to that actually earned by the Ivantis litigation escrow account (the "Escrow Account"). Defendants shall provide Plaintiff with a report and supporting documentation (e.g., redacted account statements), identifying the interest rate(s) applied to the Escrow Account on a quarterly basis within thirty (30) days following the end of each calendar quarter (March 31, June 30, September 30, and December 31).

13.     Judgment is entered in favor of Plaintiff and against Defendants for post-judgment interest at a daily rate of 0.0141%, accruing on the Jury Award, starting as of May 21, 2024. Judgment is entered in favor of Plaintiff and against Defendants for post-judgment interest

accruing on the Court's awarded Supplemental Damages and pre-judgment interest (pursuant to Paragraph 11), as of the date of this Final Judgment at a daily rate of 0.01012%. As of April 17, 2026, the post-judgment interest accrued on the amounts due under Paragraphs 9-11 amounts to $3,416,179. Post-judgment interest will continue to accrue on any portion of the amounts due under Paragraphs 9-11 that remains unpaid more than thirty (30) days after the entry of this Final Judgment.

14.     Pursuant to a stipulation between the Parties (*see* D.I. 498), Alcon Vision, LLC and Alcon Inc. are jointly and severally liable for the Final Judgment including all relief granted by the Court herein, and shall pay Plaintiff the total sum of $55,437,458 for damages and interest due under Paragraphs 9-11, plus Ongoing Royalties (pursuant to Paragraph 12) and post-judgment interest (pursuant to Paragraph 13) within thirty (30) days of the Court of Appeals for the Federal Circuit's mandate issuing from any appeal from the Final Judgment, or, if no appeal to the Federal Circuit is taken, within thirty (30) days of the expiration of the time for initiating such appeal, subject to any modification to the Final Judgment by the Court of Appeals for the Federal Circuit. In reliance on the verification of Alcon Vision, LLC and Alcon Inc.'s obligations set forth in D.I. 498 Sections 4(a)(ii) and (iii), Defendants are not required to post bond or other security pending appeal so long as the requirements of Sections 4(a)(ii) and (iii) remain satisfied. Execution on this Final Judgment by Plaintiff is stayed until thirty (30) days after the Federal Circuit's mandate issuing from any appeal from this Final Judgment, or, if no appeal to the Federal Circuit is taken, within thirty (30) days of the expiration of the time for initiating such appeal.

15.     It is still further ordered that the deadline for any party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended to within fourteen (14) days after

the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the Federal Circuit, and no party shall file any such motion before that time.

Dated: April 22 , 2026

_____
The Honorable Jennifer L. Hall
United States District Judge

5